# McKool Smith

Daniel W. Levy
Direct Dial: (212) 402-9412
E-mail: dlevy@mckoolsmith.com

One Manhattan West
395 Ninth Avenue, 50th Floor
New York, NY 10001

Telephone: (212) 402-9400
Facsimile: (212) 402-9444

March 29, 2023

**TO BE FILED UNDER SEAL**

<u>By Hand</u>
The Honorable Naomi R. Buchwald
United States District Judge
Southern District of New York
500 Pearl Street, Room 2270
New York, New York  10007

   Re: <u>Stein and Lhote v. Skatteforvaltningen</u>
      23 Civ. 2508 (NRB)

Dear Judge Buchwald:

  This firm represents Plaintiffs Matthew Stein and Jerome Lhote ("Plaintiffs") in the above-referenced matter (the "*Stein Contract Action*").  A copy of the Sealed Complaint in the *Stein Contract Action* is attached to this Letter.

  We write pursuant to Local Civil Rule 1.6(a) to bring to the Court's attention facts relevant to a determination, under Rule 13(a) of the Rules for the Division of Business Among District Judges of this Court, whether this case should be heard by the same District Judge before whom other cases are pending in order to avoid unnecessary duplication of judicial effort.

  We write in relation to *In re: Customs and Tax Administration of the Kingdom of Denmark (SKAT) Tax Refund Scheme Litigation*, SDNY Docket No. 18-md-2865, multidistrict litigation pending before Judge Kaplan (the "*SKAT MDL Litigation*").  Judge Kaplan is copied on this letter.

  **Summary.**  The *Stein Contract Action* is not related to the *SKAT MDL Litigation* under the standard set out in Rule 13(a).  No duplication of judicial effort will occur, and no inefficiency will result, if the *Stein Contract Action* remains assigned to your Honor.

  Skatteforvaltningen ("SKAT"), the Danish taxation authority, is the plaintiff in the *SKAT MDL Litigation*, which has been pending for about four and a half years.  None of the claims alleged in it have any significant factual or legal overlap with the causes of action in the *Stein Contract Action*.  Extensive fact and expert discovery has been taken in the *SKAT MDL Litigation* and extraordinarily extensive summary judgment motions have been fully briefed since approximately late August 2022 in bellwether cases selected as part of the multidistrict litigation.

  In contrast, SKAT is the defendant in the *Stein Contract Action* and the causes of action and facts relating to the causes of action in the *Stein Contract Action* are entirely distinct from those alleged in the *SKAT MDL Litigation*.  The *Stein Contract Action* was filed on March 24,

The Honorable Naomi R. Buchwald
March 29, 2023
Page 2

2023, and no discovery has been taken.  SKAT was just served last week with the complaint in the *Stein Contract Action*.  It has not yet appeared.

With no common questions of fact and law, entirely different procedural postures, significantly different parties, and no risk of conflicting orders, the matters are not related.

**The Stein Contract Action.**  The *Stein Contract Action* concerns whether SKAT breached a settlement agreement between Plaintiffs and SKAT.  The settlement agreement at issue in the *Stein Contract Action* conclusively released claims that SKAT might have had against Plaintiffs and the *Stein Contract Action* does not seek to upset the releases provided for by the settlement agreement.  The *Stein Contract Action* also concerns the validity of a confession of judgment provided pursuant to the settlement agreement.  *See generally* Sealed Complaint, dated Mar. 24, 2023, at ¶¶ 1-13.  SKAT is the defendant in the action.

**The SKAT MDL Litigation.**  The *SKAT MDL Litigation* involves more than 140 civil actions brought by SKAT, as the plaintiff, to recover damages that SKAT alleges arise out of tax refunds that it contends were obtained by fraud.  These actions were initiated by SKAT beginning in around 2018 in federal courts in Connecticut, Florida, Illinois, Kentucky, Massachusetts, New Jersey, New York, Ohio, Pennsylvania, and Utah.  In October 2018, these actions were transferred to Judge Kaplan for coordinated pretrial proceedings by order of the Judicial Panel on Multidistrict Litigation.  *See In re: Customs and Tax Administration of the Kingdom of Denmark (SKAT) Tax Refund Scheme Litig.*, 338 F. Supp. 3d 1347 (J.P.M.L. 2018).  Plaintiffs in the *Stein Contract Action* were not named as defendants in any of the cases making up the *SKAT MDL Litigation* because they, and other parties to the settlement agreement, had resolved any claims that SKAT might have had.

The claims predominantly alleged in the *SKAT MDL Litigation* are: (1) fraud; (2) aiding and abetting fraud; (3) unjust enrichment; (4) money had and received; and (5) negligent misrepresentation.  *See In re: SKAT Tax Refund Scheme Litig.*, 356 F. Supp. 3d 300, 309 (S.D.N.Y. 2019); *see also In re: SKAT Tax Refund Scheme Litig.*, 2020 WL 7059843, *1-2, *8-10 (S.D.N.Y. Dec. 2, 2020).

There has been extensive fact and expert discovery in the *SKAT MDL Litigation* and there are presently pending in the *SKAT MDL Litigation* a quite complicated series of summary judgment motions in bellwether cases.  *See* SDNY Docket No. 18-md-2865, ECF Nos. 798-863.

One of the issues on which there are pending summary judgment motions is the revenue rule, a doctrine that prohibits U.S. courts from hearing claims by foreign sovereigns, such as SKAT, that seek direct or indirect enforcement of their tax laws.  Judge Kaplan previously addressed some aspects of the revenue rule on various motions to dismiss.  *See, e.g.*, *In re Skat Tax Refund Scheme Litig.*, 356 F. Supp. 3d at 310-20.  Other issues raised in the pending summary judgment motions concern the legitimacy of complicated mechanisms by which shares of Danish companies were traded, which is not remotely at issue in the *Stein Contract Action*.

**No Common Questions of Law or Fact.**  There are no common questions of law or fact between the *Stein Contract Action* and the *SKAT MDL Litigation*.  The contract claim alleged in the *Stein Contract Action* relates to a settlement agreement entered into between Plaintiffs and

The Honorable Naomi R. Buchwald
March 29, 2023
Page 3

the *Stein Contract Action* relates to a settlement agreement entered into between Plaintiffs and SKAT and is nothing like the fraud, unjust enrichment, money had and received, and negligent misrepresentation claims alleged in the *SKAT MDL Litigation*.

The same is true of the declaratory judgment claim in the *Stein Contract Action*, which seeks a determination that an affidavit of confession of judgment provided as part of a settlement between Plaintiffs and SKAT is invalid and unenforceable. There is nothing remotely like this at issue in the *SKAT MDL Litigation*. There is no risk of duplication of effort or undue burden if the *Stein Contract Action* and the *SKAT MDL Litigation* remain assigned to different District Judges.

**Different Relief.** The relief sought in the two cases is entirely distinct. The *Stein Contract Action* principally seeks rescission, damages for breach of contract, and a declaration that an affidavit of confession of judgment is invalid and unenforceable. The *SKAT MDL Litigation* seeks primarily to recoup tax dividend refunds that SKAT contends were paid as a result of fraud on the basis of various non-contractual legal theories. There is no risk that any parties could be subjected to conflicting orders if the cases remain assigned to different District Judges.

**Different Parties.** The plaintiffs in the *Stein Contract Action* are Matthew Stein and Jerome Lhote. They were never named as defendants in any of the civil actions that comprise the *SKAT MDL Litigation*. SKAT is the defendant in the *Stein Contract Action* principally because it is alleged to have breached a settlement agreement. SKAT is the plaintiff in the *SKAT MDL Litigation* because it has asserted fraud, unjust enrichment, and related claims in those cases.

\*   \*   \*

Based on the foregoing, Plaintiffs submit that the *Stein Contract Action* and the *SKAT MDL Litigation* are not related within the meaning of Rule 13(a). Plaintiffs further submit that there will be no duplication of judicial effort and no unnecessary expenditure of judicial resources if the *Stein Contract Action* remains assigned to your Honor.

SKAT has been served in the *Stein Contract Action*, but has not yet appeared. The last day for SKAT to move, answer, or otherwise respond to the complaint is May 23, 2023, the 60th day after SKAT was served. SKAT's counsel in *SKAT MDL Litigation* is copied on this letter. Plaintiffs are unaware whether SKAT will retain the same counsel for the *Stein Contract Action*.

Respectfully submitted,

Daniel W. Levy

Attach. (Sealed Complaint)

cc:    The Honorable Lewis A. Kaplan (with attach; by overnight mail)

William R. Maguire, Esq. (with attach; by overnight mail)
Marc A. Weinstein, Esq. (with attach; by overnight mail)

4875-6273-0585