# McKool Smith

Daniel W. Levy
Direct Dial: (212) 402-9412
E-mail: dlevy@mckoolsmith.com

One Manhattan West
395 Ninth Avenue, 50th Floor
New York, NY 10001

Telephone: (212) 402-9400
Facsimile: (212) 402-9444

April 5, 2023

## TO BE FILED UNDER SEAL

<u>By E-mail</u>
The Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
500 Pearl Street, Room 2270
New York, New York  10007

   Re: <u>Stein and Lhote v. Skatteforvaltningen</u>
      23 Civ. 2508 (NRB)

Dear Judge Buchwald:

  This firm represents Plaintiffs Matthew Stein and Jerome Lhote ("Plaintiffs") in the above-referenced matter.

  We write pursuant to Section 2.B of your Honor's Individual Practices to request a pre-motion conference with respect to Plaintiffs' anticipated motion to maintain this case under seal.

  **Background.**  Plaintiffs obtained permission to file this action under seal from the Honorable Paul A. Crotty, sitting in Part I.  A copy of Judge Crotty's Order, dated March 20, 2023, is attached as Exhibit 1.  The Order provides that:

> The action may be filed under seal and the sealing shall expire within 14 days of service of process on defendants unless extended by order of the Judge to whom the case is assigned.

> Service of process shall be made within 7 days of filing.  A copy of this Order shall be served on all defendants.

  Plaintiff filed this action under seal on March 24, 2023, and served Defendant on the same day.  Plaintiffs filed earlier today a Declaration of Service indicating the manner in which it served Defendant.  A copy of the Declaration of Service is attached as Exhibit 2.

  By the terms of Judge Crotty's Order, the seal will expire on April 7, 2023, unless extended by this Court.

**McKool Smith**
**A Professional Corporation • Attorneys**
**Austin  |  Dallas  |  Houston  |  Los Angeles  |  Marshall  |  New York  |  Washington, DC**

4883-5526-4347

The Honorable Naomi Reice Buchwald
April 5, 2023
Page 2

**Plaintiffs' Anticipated Motion.** Plaintiffs intend to request that the Court maintain the seal for substantially the reasons articulated in the original sealing application. Plaintiffs submit that the standard for sealing set by *Lugosch v. Pyramid Co. v. Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006), has been satisfied and that, under the unique circumstances of this case, the presumption of public access has been overcome.

For the Court's convenience, a copy of the Memorandum of Law that Plaintiffs submitted in connection with the original sealing application is attached as Exhibit 3.

As alternative relief, Plaintiffs intend to ask that the Court permit the Settlement Agreement to be maintained under seal. Plaintiffs submitted the Settlement Agreement as an exhibit to their Letter, dated April 3, 2023. The Settlement Agreement contains the names of many third parties, whose conduct and identities are not at issue in this action. Nearly three years ago, these parties conclusively resolved their disputes with Defendant and entered into the Settlement Agreement with an expectation of strict confidentiality, as provided for by Section 8 of the agreement itself. The privacy interest of these third parties outweighs any presumption of public access.

**Temporary Extension Pending Resolution of Plaintiffs' Anticipated Motion.** So that the parties and the Court may resolve the issue of the continued sealing of this matter in an orderly fashion, Plaintiffs request that the Court extend the seal for additional 21 days, until April 28, 2023, pending the Court's resolution of Plaintiffs' anticipated motion.

**Availability of Counsel.** Plaintiffs' counsel is available for a pre-motion conference on any days in the coming weeks that is convenient for the Court other than April 11-12 and April 24-25.

Respectfully submitted,

*Daniel W. Levy*

Daniel W. Levy   /ov

Pending resolution of Plaintiffs' anticipated
motion, the sealing of this case is extended
through and including April 28, 2023

SO ORDERED:

_____
The Honorable Naomi Reice Buchwald
United States District Judge

April _____, 2023

4883-5526-4347

The Honorable Naomi Reice Buchwald
April 5, 2023
Page 3


Attach. (Exh. 1-3)

cc:     William R. Maguire, Esq. (with attach; by e-mail)
        Marc A. Weinstein, Esq. (with attach; by e-mail)
        Hughes Hubbard & Reed LLP

Letter to the Honorable
Naomi Reice Buchwald,
dated April 5, 2023

# Exhibit 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MATTHEW STEIN and JEROME LHOTE,

                        Plaintiffs,

           v.

SKATTEFORVALTNINGEN,

                       Defendant.

No.: 23-mc-71

**ORDER TO FILE CIVIL**
**<u>CASE UNDER SEAL</u>**

       Under the authority of *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119-20 (2d Cir. 2006), sealing may not be appropriate. Accordingly, out of an abundance of caution, the Court orders as follows:

I.  The action may be filed under seal and the sealing shall *expire* within 14 days of service of process on defendants unless extended by order of the Judge to whom the case is assigned;

2.  Service of process shall be made within 7 days of filing. A copy of this Order shall be served on all defendants.

       The parties are directed to proceed in accordance with the instructions for filing under seal found in the Court's ECF Rules & Instructions, Rule 6.14, and present the case initiating documents to the Clerk of Court in the traditional manner, in paper form.

       The Clerk is directed to restrict access to this order to the selected party viewing level and close this case.

Dated: New York, NY
       March 20, 2023

SO ORDERED.

_____
HONORABLE PAUL A. CROTTY

United States District Judge    PART I

Letter to the Honorable
Naomi Reice Buchwald,
dated April 5, 2023

# Exhibit 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MATTHEW STEIN and JEROME LHOTE,<br><br>                              Plaintiffs,<br><br>        v.<br><br>SKATTEFORVALTNINGEN,<br><br>                              Defendant. | 23 Civ. 2508 (NRB) |

## <u>DECLARATION OF SERVICE</u>

DANIEL W. LEVY, pursuant to Title 28, United States Code, Section 1746, declares under the penalty of perjury:

1.      I am an attorney licensed to practice law in the State of New York and admitted to practice in this Court.  I am a principal with the law firm of McKool Smith P.C., counsel to Plaintiffs Matthew Stein and Jerome Lhote (collectively, "Plaintiffs").

2.      I make this Declaration pursuant to Rule 4(*l*)(1) of the Federal Rules of Civil Procedure.

3.      The Sealed Complaint, dated March 24, 2023 (the "Sealed Complaint"), alleges, among other things, a breach of a settlement agreement entered into on or about May 28, 2019 (the "Settlement Agreement"), between, among others, Plaintiffs Matthew Stein and Jerome Lhote (collectively, "Plaintiffs") and Defendant Skatteforvaltningen ("Defendant").  *See* Sealed Compl. at ¶¶ 1-8.

4.      A copy of the Settlement Agreement is attached as Exhibit A to the Letter, dated April 3, 2023, filed by Plaintiffs.

5.     The Sealed Complaint further alleges that Defendant is the authority of the Kingdom of Denmark charged with the assessment and collection of Danish taxes and that it is an agency or instrumentality of the Kingdom of Denmark within the meaning of 28 U.S.C. § 1603(b).  *Id.* at ¶ 16.

6.     Accordingly, pursuant to Rule 4(j)(1) of the Federal Rules of Civil Procedure, service of a summons and complaint must be made in accordance with 28 U.S.C. § 1608 and, because Defendant is an agency or instrumentality of a foreign state, 28 U.S.C. § 1608(b).

7.     The Settlement Agreement provides, among other things, that:

(a)     It "shall be governed by, construed and interpreted in accordance with the internal laws of the State of New York, without giving effect to the conflict of laws principles thereof," as set out in paragraph 12.

(b)     Paragraph 12 further provides that the parties "agree that the exclusive forum for the resolution of any dispute arising out of, in connection with or relating to th[e Settlement] Agreement . . . shall be the federal and state courts of the State of New York (the 'New York Courts')."

(c)     Paragraph 12 further provides that each of the parties "hereby knowingly, voluntarily, irrevocably and unconditionally for itself and its respective property (i) submits to the exclusive jurisdiction of the New York Courts, (ii) waives any objection as to laying of venue in the New York Courts, and (iii) waives any right to a trial by jury in the New York Courts."

(d)     Paragraph 12 further provides the parties "further agree that any such dispute shall in the first instance be brought in the United States District Court for the Southern District of New York (the 'Selected Court')."

2

(e)     Paragraph 12 also provides that, "[t]o the extent there is a lack of federal subject matter jurisdiction in the Selected Court, the Parties shall bring any disputes arising out of, in connection with or relating to this Agreement in New York State Court, County of New York, and, to the extent consistent with the rules of New York State Court, the Commercial Division of the New York State Court."

(f)     Paragraph 20  provides that "[a]ll notices, consents, waivers and other communications under th[e Settlement] Agreement must be in writing and shall be deemed to have been duly given when (i) delivered by hand (with written confirmation of receipt), (ii) sent by email (with electronic acknowledgement of receipt), or (iii) sent by a nationally recognized overnight courier with receipt as follows:

> . . . .

> Notice to Skatteforvaltningen shall be sent to:

>> William R. Maguire
>> Marc A. Weinstein
>> Sarah L. Cave
>> Hughes Hubbard & Reed LLP
>> One Battery Park Plaza
>> New York, New York 10004
>> bill.maguire@hugheshubbard.com
>> marc.weinstein@hugheshubbard.com
>> sarah.cave@hugheshubbard.com

>> Boris Frederiksen
>> Kammeradvocaten/Poul Schmith
>> Vester Farimagsgade 23
>> 1606 Copenhagen V
>> Denmark
>> +45 72 30 72 22
>> bor@kammeradvokaten.dk

8.     Pursuant to the special arrangement for service set out in the Settlement Agreement and as described above, on or about March 24, 2023, at or about 5:53 pm Eastern

3

Standard Time, I sent by e-mail to Messrs. Maguire, Weinstein, and Frederiksen at the e-mail addresses listed above a copy of the Summons, dated March 24, 2023 (the "Summons"), the Sealed Complaint, and a copy of the Order, dated March 20, 2023, entered by the Honorable Paul A. Crotty in 23 Misc. 71 (the "Order"), permitting this case to be filed under seal and further ordering that "the sealing shall expire within 14 days of service of process on defendants unless extended by order of the Judge to whom the case is assigned."

9.      I did not send any materials by e-mail or otherwise to Ms. Cave, who is listed in the Settlement Agreement to receive notices, as she is no longer employed by the law firm that represents Defendant.

10.     When sending my e-mail, I caused Microsoft Outlook to automatically indicate to me in writing whether my e-mail had been read.

11.     At or about 6:14 p.m. Eastern Standard Time on March 24, 2023, I received via Microsoft Outlook a written notification that my e-mail was read by Mr. Maguire.

12.     At or about 6:58 p.m. Eastern Standard Time on March 24, 2023, I received via Microsoft Outlook a written notification that my e-mail was read by Mr. Frederiksen.

13.     At or about 9:23 p.m. Eastern Standard Time on March 24, 2023, I received an e-mail from Mr. Weinstein requesting, in substance and in part, that I provide him with a copy of the application by which Plaintiffs were permitted to file this action under seal.  This e-mail is in response to my e-mail providing Mr. Weinstein with a copy of the Summons, Sealed Complaint, and Order and, as a result, reflects in writing that Mr. Weinstein received a copy of the e-mail by which I sent him those materials.

14.     On or about March 24, 2023, I caused to be sent by FedEx, a nationally recognized overnight courier, a copy of the Summons, Sealed Complaint, and Order to Messrs. Maguire, Weinstein, and Frederiksen.

15.     I received from FedEx a written notification that the packages were delivered to Messrs. Maguire and Weinstein at the addresses listed above on March 27, 2023.

16.     On or about March 27, 2023, the office services staff of my firm provided to FedEx an updated office address for Mr. Frederiken that I obtained at this Internet location: https://poulschmith.com/people/boris-frederiksen.

17.     Subsequently, I received from FedEx a written notification that the package to Mr. Frederiksen was delivered on March 29, 2023.


I declare under penalty of perjury that the foregoing is true and correct.  Executed on April 4, 2023, at New York, New York.


_____
Daniel W. Levy

4875-4641-7492

Letter to the Honorable
Naomi Reice Buchwald,
dated April 5, 2023

# Exhibit 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MATTHEW STEIN and JEROME LHOTE,

                              Plaintiffs,

                    v.

SKATTEFORVALTNINGEN,

                              Defendant.

---

23 Misc. _____ (PAC)


**TO BE FILED UNDER SEAL**


## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT
## OF MOTION TO FILE A CIVIL ACTION UNDER SEAL

Daniel W. Levy
dlevy@mckoolsmith.com
McKool Smith P.C.
One Manhattan West
395 Ninth Avenue, 50th Floor
New York, New York  10001-8603
Telephone: (212) 402-9400

Plaintiffs Matthew Stein and Jerome Lhote, by and through their undersigned attorney, respectfully submit this Memorandum of Law in support of their application to file a civil action under seal.

## INTRODUCTION AND SUMMARY

Plaintiffs intend to bring an action for breach of a confidential settlement agreement between Plaintiffs, two financial professionals, and Defendant, the taxation authority of the Kingdom of Denmark.  The confidential settlement agreement resolved a dispute over the payment by the Danish taxation authority of certain tax refunds.

In the first phase of performance under the settlement, Plaintiffs made substantial payments to the Danish taxation authority and the Danish taxation authority released any and all claims that it might have against Plaintiffs, among others.

In the second phase of obligations under settlement, the Danish taxation authority was required to communicate *in writing* with Danish criminal prosecutors regarding how the settlement was the result of Plaintiffs' good faith negotiation with the Danish taxation authority, how substantial funds had been repaid to the Danish taxation authority, and how, because Plaintiffs were required to continue to cooperate with the Danish taxation authority in the second phase of the settlement, the Danish taxation authority might recoup even further funds.

The requirement of a writing from the Danish taxation authority to the Danish criminal prosecutors was material.  Among other reasons, one of the main motivations for Plaintiffs' settlement with the Danish taxation authority, and the reason it was so important that the Danish taxation authority communicate in writing its official positionto the Danish criminal prosecutors, was to maximize Plaintiffs' chances of avoiding criminal charges in Denmark.

The confidential settlement agreement contains a provision that requires that it remain "confidential to the fullest extent possible" and obligates the parties to not "in any way disclose

[the] Agreement or the contents thereof." It also contains several other confidentiality-related requirements.

As presently drafted, the Proposed Complaint seeks a remedy for Defendant's breach of the confidential settlement agreement and a declaration that a mechanism by which Defendant might enforce the payment obligations under the confidential Settlement Agreement is invalid. In doing so, the Proposed Complaint describes in detail the terms of the confidential settlement agreement. The Proposed Complaint also describes in detail the manner in which the parties have complied or, in the case of Defendant, failed to comply, with various provisions of the confidential settlement agreement.

To comply with their obligations under the confidential settlement agreement, Plaintiffs seek to have the case filed under seal, pending further order by the assigned District Judge who can determine, after Defendants have appeared, the extent to which any aspect of the case may be unsealed, either in whole or in part.

## FACTUAL BACKGROUND

### I.   The Confidential Settlement Agreement

In or about May 2019, Plaintiffs Matthew Stein and Jerome Lhote (collectively, "Plaintiffs"), together with others, entered into a Settlement Agreement (the "Confidential Settlement Agreement") with Defendant Skatteforvaltningen ("Defendant" or "SKAT"). *See* Declaration of Daniel W. Levy In Support of Plaintiffs' Motion to File Civil Action Under Seal, sworn to on March 17, 2023, ¶ 7 ("Levy Decl.") & Exh. 1 at ¶¶ 1-8 36 ("Proposed Compl."").

Defendant is an agency or instrumentality of the Kingdom of Denmark. Defendant is the taxation authority of the Kingdom of Denmark. Proposed Compl. at ¶ 16.

The Confidential Settlement Agreement was the result of proactive efforts by Plaintiffs to resolve matters with Defendant arising out of tax refund applications. *Id.* at ¶¶ 25-35.

2

In general, the Confidential Settlement Agreement divided performance of its obligations into two phases.  *Id.* at ¶ 42.

The first phase of obligations under the Confidential Settlement Agreement ("Phase I") required principally that there be a payment of 950 million Danish kroner ("DKK").  Upon the payment of DKK 950 million, Defendant released its claims against Plaintiffs and others.  At or about the time of the Confidential Settlement Agreement, DKK 950 million was the U.S. dollar equivalent of $142.6 million.  *Id.* at ¶¶ 43-49.

The second phase of obligations under the Confidential Settlement Agreement ("Phase II") required principally that there be a further payment of at least DKK 600 million, subject to certain adjustments, on or before three years from the effective date of the Confidential Settlement Agreement, which was extended by an additional year pursuant to a letter-agreement between Defendant and Plaintiffs, among others, dated May 28, 2019 (the "Letter Agreement"). *Id.* at ¶¶ 50-51, 56

Another crucial component of the obligations in Phase II of the Confidential Settlement Agreement was that:

> . . . . promptly upon the execution of this Agreement, [Defendant] [would], in writing, bring to the attention of the Danish Public Prosecutor for Serious Economic and International Crime ("SØIK") this Agreement and its terms, and represent, in writing, that this Agreement reflects good-faith negotiation by [Plaintiffs and others], that the [Plaintiffs and others]'s cooperation may result in the recovery by [Defendant] of additional funds from third parties and that this Agreement is in the best interests of [Defendant].

*Id.* at ¶ 61.

The purpose of this requirement was, in general, so that Plaintiffs could be assured that SØIK, the Danish prosecutors were informed by Defendant that Plaintiffs had cooperated with Defendant, had already paid substantial amounts to Defendant, had agreed to make further substantial payments to Defendant, and had agreed to cooperate with Defendant's investigation

of others, among other things.  The requirement that Defendant's communication to the Danish prosecutors be in writing was a material, and indeed, crucial, aspect of the bargain between Plaintiffs and Defendant.  Plaintiffs bargained for a writing to maximize their chances that SØIK, the Danish prosecutors, would not criminally charge them in relation to the matters that Plaintiffs had settled with SKAT.  *Id.* at ¶¶ 61-65.

It was important that the Danish prosecutor, SØIK, be aware that the understanding of the parties to the Confidential Settlement Agreement and "fundamental principle" on which it was based is that Plaintiffs and others are paying to Defendant the full amount of proceeds that Plaintiffs and others received directly or indirectly as a result of tax refund applications that were made to Defendant and that were the basis of Defendant's claims against Plaintiffs and others.  *Id*.  Beyond that, it was important that SØIK be aware that Plaintiffs, among others, had "expressed a willingness to use their best efforts and full cooperation to assist [Defendant] in various proceedings related to the subject matter" of the tax refund applications at issue.  *Id.*

## II.  <u>The Confidentiality Obligations</u>

The parties to the Confidential Settlement Agreement stressed its confidential nature.  For example, the cover page of the Confidential Settlement Agreement sets out in large, bold-faced, capitalized type:

**THIS SETTLEMENT AGREEMENT, AND
THE INFORMATION SET FORTH
HEREIN, IS <u>HIGHLY CONFIDENTIAL</u>.**

**PUBLIC DISCLOSURE OF THIS
SETTLEMENT AGREEMENT AND/OR
THE INFORMATION SET FORTH
HEREIN COULD BE HIGHLY
PREJUDICIAL TO THE PARTIES.**

Levy Decl. at ¶ 8.

4

Consistent with this general admonition, Section 8 of the Confidential Settlement Agreement contains a strict confidentiality clause and requires that it be maintained "as confidential to the fullest extent possible" under the laws of Denmark and New York, among other jurisdictions.  Section 8 of the Confidential Settlement Agreement provides, among other things, that:

(a) Plaintiffs are required to use their "best efforts to maintain" the confidentiality of the Confidential Settlement Agreement;

(b) Plaintiffs may not "directly or indirectly, make any generic or specific statement of any type with respect to this Agreement and the settlement contemplated herein";

(c) Plaintiffs may not "in any way disclose this Agreement or the contents thereof"; and

(d) Plaintiffs may disclose the Confidential Settlement Agreement or the contents of it to their tax advisors, legal advisors, accountants and financial advisors, but only upon the condition that "such recipients agree to keep confidential the terms of the Confidential Settlement Agreement.

*Id.* at ¶¶ 9-10.[1]

## III. Defendant's Breach of Its Obligations Under Phase II

As alleged in the Proposed Complaint, Defendant breached the Confidential Settlement Agreement by failing to bring to the attention of SØIK in writing the Confidential Settlement Agreement and its terms.  Defendant also breached the Confidential Settlement Agreement by failing to represent, in writing, to SØIK that the Confidential Settlement Agreement reflected the good faith negotiation by Plaintiffs, cooperation by Plaintiffs may result in recovery by

---

[1] The cover page of the Letter Agreement, entered into around the same time as the Settlement Agreement, also provides that "the existence and contents of, and any other information concerning, this Letter Agreement . . . are highly confidential and that the public disclosure of such information could have a detrimental impact on the [assets] described herein and on [certain parties'] ability to successfully fulfill their obligations set forth in the Settlement Agreement."  The parties to the Letter Agreement also "agreed that th[e] Letter Agreement is subject to the confidentiality provisions of Section 8 of the Settlement Agreement."  Levy Decl. at ¶ 11.

Defendant of additional funds, and the Confidential Settlement Agreement is in the best interests of Defendant.  Plaintiffs learned of this breach after April 2021, when SØIK criminally charged Plaintiffs under Danish law.  Proposed Compl. at ¶¶ 67-72, 77-80.

By this action, Plaintiffs seek a remedy principally in the form of: (a) restoration of Plaintiffs and Defendant to the position in which they were as of the completion of the parties' performance under the first phase of the settlement agreement; and (b) rescission of, and discharge from, the unperformed obligations of Confidential Settlement Agreement.  *See id.* at ¶ 8 & pp.23-24.  Plaintiffs also seek a declaration that a confession of judgment executed in connection with the Confidential Settlement Agreement is invalid.  *See id.* at ¶¶ 81-91, 102-06.

## **ARGUMENT**

### I.   **Plaintiffs Should Be Permitted to File Their Civil Action Under Seal**

#### A.   **Relevant Legal Standard**

Federal Rule of Civil Procedure 5(d) provides that the "court may order that a filing be made under seal without redaction."  Fed. R. Civ. P. 5(d).  A complaint "is a judicial document subject to presumption of public access."  *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 138 (2d Cir. 2016).  To rebut the presumption, "the proponent of sealing must 'demonstrate[e] that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'"  *Bernstein*, 814 F.3d at 144 (citing *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)).  The court must "'balance competing considerations against' the presumption of access to documents, and consider 'the privacy interests of those resisting disclosure.'"  *Broadhurst Investments, LP v. Bank of N.Y. Mellon*, 2010 WL 3154840, at *6 (S.D.N.Y. Aug. 2, 2010) (citing *Lugosch v. Pyramid Co. v. Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)).  In so moving, the proponent must provide a specific basis for sealing rather than "'[b]road and general findings" or "conclusory assertion[s]."  *Id.*

6

**B.**     **Filing the Civil Action Under Seal is Appropriate**

It is important for Plaintiffs to file their Proposed Complaint under seal to prevent

disclosure of the terms of the Confidential Settlement Agreement, which are directly at issue in

this action.  Section 8 of the Confidential Settlement Agreement contains a series of

confidentiality obligations and courts have permitted such terms to be maintained as confidential,

including by sealing filings referring to them.  *See Gambale v. Deutsche Bank AG*, 377 F.3d 133,

143 (2d Cir. 2004) (noting there may be valid reasons to maintain the confidentiality of a

settlement agreement, especially "when the settlement itself was conditioned on

confidentiality"); *Kent v. New York State Pub. Employees Fed'n, AFL-CIO*, 2019 WL 457544, at

*7 (N.D.N.Y. Feb. 5, 2019) (finding good cause to seal because the parties to the confidential

settlement agreement understood the terms would remain confidential and involved many

nonparties); *Tirnanich v. Select Portfolio Servicing, Inc.*, 2018 WL 1247399, at *2 (E.D. Wis.

Mar. 9, 2018) (granting motion to seal given the parties' bargained-for confidentiality, evidenced

by an "entire section of the agreement governing the confidentiality terms"); *Gamble v. Arpaio*,

2013 WL 142260, at *4 (D. Ariz. Jan. 11, 2013) ("When a dispute arises [ ] on a claim a party

breached a confidential settlement agreement, district courts have authorized the filing of the

complaint" under seal.); *Siemens Indus., Inc. v. SIPCO, LLC*, 2012 WL 5334186, at *8 (N.D. Ga.

Oct. 26, 2012) (finding good cause to seal filings because the filings included and restated

"material provisions of a confidential settlement agreement").

While it is theoretically possible to file the Proposed Complaint in redacted form, given

the nature of the action -- for breach of the Confidential Settlement Agreement -- the redactions

would be extraordinarily extensive.  Under these circumstances, "extensive redactions could

mislead the public and engender unfounded speculation about the document['s] contents." *In re*

7

*Terrorist Attacks on Sept. 11, 2001*, 2019 WL 3296959, at *6 (S.D.N.Y. July 22, 2019) (citing

*United States v. Amodeo*, 71 F.3d 1044, 1052 (2d Cir. 1995) (explaining heavy redaction is

"more likely to mislead than to inform the public")).  Accordingly, because redactions would be

substantial and consist of large swaths of the Confidential Settlement Agreement, sealing weighs

in favor of redaction.  *See id.* (explaining "wholesale redaction of many pages" is "cumbersome

and largely impractical" and "undermine[s] significantly the value of disclosure").

Additionally, because of the Confidential Settlement Agreement's stringent

confidentiality clause, redaction does not guarantee that confidential terms of the agreement will

not inadvertently be released.  *See In re Grand Jury Subpoenas Dated Mar. 2, 2015*, 2016 WL

6126392, at *5 (S.D.N.Y. Oct. 19, 2016) (noting "any benefit" from a highly redacted agreement

"would be symbolic because, by definition, it would not add any new information to the public

domain"); *In re Terrorist Attacks*, 2019 WL 3296959, at *6 ("Releasing heavily redacted

materials could [ ] produce undesirable results" because of the concern of "the inadvertent

disclosure of nonpublic information.").

Therefore, the confidentiality concerns in this action significantly "outweigh the public's

First Amendment right of access to" the judicial proceeding and filing this action under seal is

narrowly tailored to serve these concerns.  *Newsday LLC v. County of Nassau*, 730 F.3d 156, 166

(2d Cir. 2013).  Filing this action under seal is narrowly tailored to serve the interest of

protecting the confidential information contained within Plaintiffs' pleadings.  The confidential

provisions of the Confidential Settlement Agreement are not merely ancillary to this action, but

rather form the very basis of Plaintiffs' claim for breach of the agreement and are required to

remain confidential by the terms of the agreement.

4868-9109-9217

Granting this motion and allowing this action to be filed under seal would serve a higher interest under the unique circumstances of this case. Plaintiffs submit that the standard for sealing set by *Lugosch*, 435 F.3d at 119-20, has been satisfied and that, under the unique circumstances of this case, the presumption of public access has been overcome.

Plaintiffs recognize that sealing this action does not necessarily mean that the action, and filings made in connection with the action, will be sealed for all time. Plaintiffs recognize that there may come a time when documents associated with the action are unsealed, either in whole or in part. Accordingly, Plaintiffs ask that, all further filings in the above-referenced action be filed under seal pending further order of the Court and that, pending further order of the Court, only the parties be permitted to access documents filed in this action. Plaintiffs submit that the District Judge to whom this action is assigned can administer any unsealing, either in whole or in part, that may be appropriate at a later date.

## CONCLUSION

For the reasons set forth above, the Court should grant Plaintiffs' motion to file their civil action under seal, subject to further order of the Court.

Dated: New York, New York
March 17, 2023

MCKOOL SMITH P.C.

By: _____
Daniel W. Levy
dlevy@mckoolsmith.com
One Manhattan West
395 Ninth Avenue, 50th Floor
New York, New York 10001-8603
Telephone: (212) 402-9400

*Attorney for Plaintiffs Matthew Stein
and Jerome Lhote*

9