UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW STEIN and JEROME LHOTE,<br><br>                                Plaintiffs,<br><br>       v.<br><br>SKATTEFORVALTNINGEN,<br><br>                                Defendant. | 23 Civ. 2508 (NRB) |

## DECLARATION OF SERVICE

DANIEL W. LEVY, pursuant to Title 28, United States Code, Section 1746, declares under the penalty of perjury:

       1.       I am an attorney licensed to practice law in the State of New York and admitted to practice in this Court. I am a principal with the law firm of McKool Smith P.C., counsel to Plaintiffs Matthew Stein and Jerome Lhote (collectively, "Plaintiffs").

       2.       I make this Declaration pursuant to Rule 4(*l*)(1) of the Federal Rules of Civil Procedure.

       3.       The Sealed Complaint, dated March 24, 2023 (the "Sealed Complaint"), alleges, among other things, a breach of a settlement agreement entered into on or about May 28, 2019 (the "Settlement Agreement"), between, among others, Plaintiffs Matthew Stein and Jerome Lhote (collectively, "Plaintiffs") and Defendant Skatteforvaltningen ("Defendant"). *See* Sealed Compl. at ¶¶ 1-8.

       4.       A copy of the Settlement Agreement is attached as Exhibit A to the Letter, dated April 3, 2023, filed by Plaintiffs.

4875-4641-7492

5.      The Sealed Complaint further alleges that Defendant is the authority of the Kingdom of Denmark charged with the assessment and collection of Danish taxes and that it is an agency or instrumentality of the Kingdom of Denmark within the meaning of 28 U.S.C. § 1603(b).  *Id.* at ¶ 16.

6.      Accordingly, pursuant to Rule 4(j)(1) of the Federal Rules of Civil Procedure, service of a summons and complaint must be made in accordance with 28 U.S.C. § 1608 and, because Defendant is an agency or instrumentality of a foreign state, 28 U.S.C. § 1608(b).

7.      The Settlement Agreement provides, among other things, that:

(a)     It "shall be governed by, construed and interpreted in accordance with the internal laws of the State of New York, without giving effect to the conflict of laws principles thereof," as set out in paragraph 12.

(b)     Paragraph 12 further provides that the parties "agree that the exclusive forum for the resolution of any dispute arising out of, in connection with or relating to th[e Settlement] Agreement . . . shall be the federal and state courts of the State of New York (the 'New York Courts')."

(c)     Paragraph 12 further provides that each of the parties "hereby knowingly, voluntarily, irrevocably and unconditionally for itself and its respective property (i) submits to the exclusive jurisdiction of the New York Courts, (ii) waives any objection as to laying of venue in the New York Courts, and (iii) waives any right to a trial by jury in the New York Courts."

(d)     Paragraph 12 further provides the parties "further agree that any such dispute shall in the first instance be brought in the United States District Court for the Southern District of New York (the 'Selected Court')."

(e) Paragraph 12 also provides that, "[t]o the extent there is a lack of federal subject matter jurisdiction in the Selected Court, the Parties shall bring any disputes arising out of, in connection with or relating to this Agreement in New York State Court, County of New York, and, to the extent consistent with the rules of New York State Court, the Commercial Division of the New York State Court."

(f) Paragraph 20 provides that "[a]ll notices, consents, waivers and other communications under th[e Settlement] Agreement must be in writing and shall be deemed to have been duly given when (i) delivered by hand (with written confirmation of receipt), (ii) sent by email (with electronic acknowledgement of receipt), or (iii) sent by a nationally recognized overnight courier with receipt as follows:

. . . .

Notice to Skatteforvaltningen shall be sent to:

William R. Maguire
Marc A. Weinstein
Sarah L. Cave
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004
bill.maguire@hugheshubbard.com
marc.weinstein@hugheshubbard.com
sarah.cave@hugheshubbard.com

Boris Frederiksen
Kammeradvocaten/Poul Schmith
Vester Farimagsgade 23
1606 Copenhagen V
Denmark
+45 72 30 72 22
bor@kammeradvokaten.dk

8. Pursuant to the special arrangement for service set out in the Settlement Agreement and as described above, on or about March 24, 2023, at or about 5:53 pm Eastern

3

Standard Time, I sent by e-mail to Messrs. Maguire, Weinstein, and Frederiksen at the e-mail addresses listed above a copy of the Summons, dated March 24, 2023 (the "Summons"), the Sealed Complaint, and a copy of the Order, dated March 20, 2023, entered by the Honorable Paul A. Crotty in 23 Misc. 71 (the "Order"), permitting this case to be filed under seal and further ordering that "the sealing shall expire within 14 days of service of process on defendants unless extended by order of the Judge to whom the case is assigned."

9.  I did not send any materials by e-mail or otherwise to Ms. Cave, who is listed in the Settlement Agreement to receive notices, as she is no longer employed by the law firm that represents Defendant.

10. When sending my e-mail, I caused Microsoft Outlook to automatically indicate to me in writing whether my e-mail had been read.

11. At or about 6:14 p.m. Eastern Standard Time on March 24, 2023, I received via Microsoft Outlook a written notification that my e-mail was read by Mr. Maguire.

12. At or about 6:58 p.m. Eastern Standard Time on March 24, 2023, I received via Microsoft Outlook a written notification that my e-mail was read by Mr. Frederiksen.

13. At or about 9:23 p.m. Eastern Standard Time on March 24, 2023, I received an e-mail from Mr. Weinstein requesting, in substance and in part, that I provide him with a copy of the application by which Plaintiffs were permitted to file this action under seal. This e-mail is in response to my e-mail providing Mr. Weinstein with a copy of the Summons, Sealed Complaint, and Order and, as a result, reflects in writing that Mr. Weinstein received a copy of the e-mail by which I sent him those materials.

14. On or about March 24, 2023, I caused to be sent by FedEx, a nationally recognized overnight courier, a copy of the Summons, Sealed Complaint, and Order to Messrs. Maguire, Weinstein, and Frederiksen.

15. I received from FedEx a written notification that the packages were delivered to Messrs. Maguire and Weinstein at the addresses listed above on March 27, 2023.

16. On or about March 27, 2023, the office services staff of my firm provided to FedEx an updated office address for Mr. Frederiken that I obtained at this Internet location: https://poulschmith.com/people/boris-frederiksen.

17. Subsequently, I received from FedEx a written notification that the package to Mr. Frederiksen was delivered on March 29, 2023.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 4, 2023, at New York, New York.

_____
Daniel W. Levy

4875-4641-7492