UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATTHEW STEIN and JEROME LHOTE,

                Plaintiffs,

v.

SKATTEFORVALTNINGEN,

                Defendant.

23 Civ. 2508 (NRB)

**PLAINTIFFS' MEMORANDUM OF LAW IN RESPONSE TO ORDER
REGARDING CONTINUED SEALING OF SETTLEMENT AGREEMENT**

                Daniel W. Levy
                dlevy@mckoolsmith.com
                MCKOOL SMITH P.C.
                One Manhattan West
                395 Ninth Avenue, 50th Floor
                New York, New York  10001-8603
                Telephone: (212) 402-9400

4890-9297-2380

Plaintiffs Matthew Stein and Jerome Lhote ("Plaintiffs"), by and through their undersigned attorney, respectfully submit this Memorandum of Law in response to the Court's Order, dated April 6, 2023.

For the reasons set forth below, Plaintiffs request that the Court permit the Settlement Agreement and related materials to be redacted in the form proposed together with this Memorandum of Law.

## FACTUAL BACKGROUND

On March 20, 2023, Plaintiffs filed a motion to file this civil action under seal. The Honorable Paul A. Crotty, sitting in Part 1, granted the motion on March 20, 2023 (the "Sealing Order") (ECF No. 9). The Sealing Order noted that "sealing may not be appropriate" and, as a temporary measure, permitted the action to be filed under seal with the sealing to expire "within 14 days of service of process" on Defendant "unless extended by order of the Judge to whom the case is assigned." ECF No. 9 at ¶ 1. Plaintiffs filed the action on March 24, 2023, and served Defendant on same day. *See* ECF No. 18 at ¶¶ 8-13. As a result of the Sealing Order, the sealing of this action was set to expire on April 7, 2023.

On March 29, 2023, Plaintiffs submitted a letter to this Court, with a copy to the Honorable Lewis A. Kaplan, pursuant to Local Rule 1.6(a) and Rule 13(a) of the Rules for the Division of Business Among District Judges regarding whether this action should remain assigned to this Court or be deemed related to multidistrict litigation pending before Judge Kaplan. ECF No. 12. Defendant responded on March 31, 2023. *See* Letter from William R. Maguire, dated Mar. 31, 2023. Plaintiffs submitted a letter in reply on April 3, 2023. Attached as Exhibit A to Plaintiffs' April 3 letter was a copy of the Settlement Agreement, including a number of exhibits to it. In addition, as part of Exhibit A, Plaintiffs also submitted a Letter Agreement related to the Settlement Agreement and two affidavits of confession of judgment,

4890-9297-2380

one from 2019 and one from 2021. *See* ECF No. 5. These materials were submitted solely for the purpose of the Court's application of Local Rule 1.6(a) and Rule 13 of the Rules of the Division of Business Among District Judges. Plaintiffs' April 3 letter did not seek a ruling on a question of law or a determination of any party's rights. Defendant submitted a further letter in sur-reply on April 4, 2023. ECF No. 16.

In anticipation of the expiration of the Sealing Order, Plaintiffs submitted a pre-motion conference letter on April 5, 2023, regarding Plaintiffs' anticipated motion to maintain the case under seal, to which, pursuant to the Court's Individual Practices, Defendant would have had until April 10, 2023, to respond. ECF No. 17. On April 6, 2023, the Court ordered that the case be unsealed and that the parties submit arguments regarding redaction of Exhibit A to Plaintiffs' April 3, 2023, letter thereafter. ECF No. 8.

## ARGUMENT

### I. Relevant Legal Standard

The right of public access presumptively attaches to any judicial document. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). A judicial document is one that is relevant to the "performance of the judicial function and useful in the judicial process." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*"). "[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *Id.* Therefore, "the strong weight to be accorded the public right of access to judicial documents [is] largely derived from the role those documents play[ ] in determining litigants' substantive rights." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("*Amodeo II*"). "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts. Generally, the information will fall

somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.* Conduct at the heart of Article III is determining a litigant's substantive rights, which results in the strongest weight to the right of access. *Mirlis v. Greer*, 952 F.3d 51, 60 (2d Cir. 2020).

Under applicable Second Circuit precedent, the Court is to balance the weight of the presumption of access against "competing considerations." *Lugosch*, 435 F.3d at 120. The weight of the presumption of access may be overcome by demonstrating that "sealing will further other substantial interests such as a third party's personal privacy interests." *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 467 (S.D.N.Y. 2017) (collecting cases).

"[T]he Second Circuit strongly endorses the confidentiality of settlement agreements in virtually all cases." *Schoeps v. Museum of Modern Art*, 603 F. Supp. 2d 673, 676 (S.D.N.Y. 2009). At the same time, however, confidentiality clauses in settlement agreements do not guarantee that they may always be filed under seal, lest such provisions create "a loophole under which contracting parties could insert confidentiality clauses in their agreements in order to thwart '[t]he common law right of public access to judicial documents [that] is said to predate the Constitution.'" *Rapaport v. Barstool Sports, Inc.*, 2020 WL 1082608, at *2 (S.D.N.Y. Mar. 2, 2020) (quoting *Amodeo I*, 44 F.3d at 145).

Applying the balancing test, courts have held that agreements predicated on confidentiality and that contain information about third parties may properly be sealed. *See Kelly v. Evolution Mkts., Inc.*, 626 F.Supp.2d 364, 377 (S.D.N.Y. 2009) (finding good cause to keep employment and compensation agreements confidential as employment agreement was confidential by its express terms and plaintiff was prohibited from disclosing its content); *Kent v. New York State Pub. Employees Fed'n, AFL-CIO*, 2019 WL 457544, at *7 (N.D.N.Y. Feb. 5,

2019) (finding good cause to seal because parties to confidential settlement agreement understood that terms would remain confidential and the "Court must be cognizant of the privacy interests of those nonparties").

In addition, where details within a confidential settlement agreement, such as names of third parties, settlement amounts, or financial information, are not at issue in the action, courts have held that settlement agreements may properly be redacted.  *See, e.g.*, *De Kafati v. Kafati*, 2022 WL 17552457, at *2-3 (S.D.N.Y. Dec. 9, 2022) (holding exhibits, settlement amount, and payment schedules should be redacted); *Acun v. Merrill Lynch, Pierce, Fenner, & Smith*, 2020 WL 3002225, at *6 (S.D.N.Y. Jan. 15, 2020), *report and recommendation adopted*, 2020 WL 995887 (S.D.N.Y. Mar. 2, 2020) (concluding that "the dollar amount of the settlement shall remain under seal and redacted in public filings"); *Chigirinskiy v. Panchenkova*, 319 F. Supp. 3d 718, 740 (S.D.N.Y. 2018) (permitting "sealing of [certain] portions of the Settlement Agreement because th[ose] portions involve nonparties with a strong privacy interest"); *see also Louis Vuitton Malletier, S.A. v. Hyundai Motor Am.*, 2012 WL 1022258, at *3 (S.D.N.Y. Mar. 22, 2012) (permitting redaction of details of royalty payments in settlement agreement, which court deemed to be matters that had no effect on court's adjudication).

## II.     The Settlement Agreement Should Be Redacted

### A.     Plaintiffs' Proposed Redactions

Plaintiffs propose that the Settlement Agreement be redacted in the form attached to this Memorandum of Law.  Exhibit 1 has shaded in yellow all of the material that Plaintiffs propose to redact, so that the Court can review the nature of that material in its full context.  Exhibit 2 has redacted all of the material that Plaintiffs propose to redact.  If the Court accepts Plaintiffs'

proposed redactions, then it can order that Exhibit 1 be maintained under seal and that Exhibit 2 be unsealed.

The redactions proposed by Plaintiffs falls into three general categories.

First, Plaintiffs propose that, other than Plaintiffs themselves and Luke McGee, whom Defendant has named as a defendant in a third-party complaint filed yesterday, *see* ECF No. 21, the names and signatures of all individuals and pension plans that are parties to the Settlement Agreement or the Letter Agreement and the names and signatures of individuals who executed the affidavits of confession of judgment be redacted.  *See* Exh. 1, Settlement Agreement at §§ 3(a), 3(c), pp.20-29 & Exhs. 1, 1B, 1C, 2, 3A, 3B, 4, 5; Affidavit of Confession of Judgment, dated May 28, 2019; Affidavit of Confession of Judgment, dated June 9-10, 2021.

Second, Plaintiffs propose that information about assets, that, as part of their settlement with Defendant, Plaintiffs, McGee, and others were endeavoring to liquidate, be redacted.  *See, e.g.*, Letter Agreement §§ 6-9 & Annex A.

Third, Plaintiffs propose that information about Defendant's bank account, as set out in Section 1(hh) of the Settlement Agreement, be redacted.

Finally, Plaintiffs propose that the actual signatures of all parties to the Settlement Agreement and related materials, and others that signed these documents, be redacted, as public exposure of specimens of actual signatures serves no First Amendment interests.

As proposed, virtually every substantive term of the Settlement Agreement, Letter Agreement, and Affidavits of Confession of Judgment remains unredacted.

B. **Discussion**

The Settlement Agreement and related materials were submitted only in connection with the issue of how to allocate cases among judges, not with respect to a core Article III function,

such as the determination of a litigant's rights.  *See* ECF No. 5; *Mirlis*, 952 F.3d at 60; *see also* Rules for the Division of Business Among Judges at Preamble ("These rules are adopted for the internal management of the case load of the court and shall not be deemed to vest any rights in litigants or their attorneys.").  That said, Plaintiffs recognize that, sooner or later, the Court will need to determine questions of law and fact related to the Settlement Agreement and related materials.  Given the nature of the action, such questions will inevitably arise.  *See, e.g.*, ECF No. 11 at ¶¶ 1-13.  As such, even if the Settlement Agreement and related materials were not judicial documents when submitted for the limited purpose for which they filed, they will surely become judicial documents.

Plaintiffs submit that the proposed redactions set out in Exhibit 1 satisfy the test set by the Court of Appeals in *Lugosch* and that, as a result, the Court should Order that Exhibit 2 be unsealed.  The conduct of parties to the Settlement Agreement and related materials, other than Plaintiffs and McGee, as Defendant alleges in its third-party complaint, is not at issue in the litigation and is unlikely to become an issue in this litigation.  *See In re Gen'l Motors LLC Ignition Switch Litig.*, 2016 WL 1317975, at *1-2 (S.D.N.Y. Mar. 2, 2016) (explaining unrelated settlement processes are "by and large independent from the litigation proceeding under the purview of this Court").  The Complaint concerns *Plaintiffs* and *Defendant* and *their conduct*, *not* the conduct of other parties to the Settlement Agreement and related materials.  Even the third-party complaint relates only to the conduct of Plaintiffs and McGee, *not* the conduct of other parties to the Settlement Agreement and related materials.  The other parties to the Settlement Agreement and related materials contracted for a high level of confidentiality in the Settlement Agreement and Letter Agreement.  *See* Settlement Agreement at § 8; Letter Agreement at § 2.  Nor does the Complaint concern the illiquid assets that Plaintiffs were endeavoring to liquidate,

the estimated value, or the time that it might take for them to be liquidated, information the disclosure of which could prejudice their ability to liquidate these assets. Given the relatively modest redactions, the public can adequately monitor this litigation without knowing all the other parties to the Settlement Agreement and related materials and the details about the illiquid assets.

Under the circumstances of this case, details related to these third parties "'play only a negligible role[, if any,] in the performance of the court's Article III duties'" and, as such, "'the weight of the presumption [of access] is low.'" *Lugosch*, 435 F.3d at 121 (quoting *Amodeo II*, 71 F.3d at 1049). Considering the low weight of the presumption of access, the privacy interests of third parties outweigh the presumption in favor of maintaining of redacting the Settlement Agreement and maintaining Exhibit 1 under seal. *See SEC v. TheStreet.Com*, 273 F.3d 222, 232 (2d Cir. 2001) ("[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.").

Importantly, all parties to the Settlement Agreement executed it with the presumption that the terms and information within it would remain confidential. *See Kent*, 2019 WL 457544, at *7 (finding good cause to seal because the parties to the confidential settlement agreement understood the terms would remain confidential). Permitting the Settlement Agreement and related materials to be redacted honors the express wishes of the third parties for confidentiality and is in accordance with the court's duty to encourage settlements such as this one, which allowed large-scale claims that Defendant could have brought against the parties to settle without court intervention. *See Louis Vuitton*, 2012 WL 1022258, at *3.

The material proposed to be redacted contains names of individuals and information about third parties, privately held pension plans, partnerships, and the value of their illiquid assets, which all are irrelevant to this action. Courts have permitted such information to be

redacted.  *See De Kafiti*, 2022 WL 17552457, at *2 (holding names and information about privately held companies was "irrelevant" to the matter and subject to redaction); *Anderson v. New York City Health & Hosps. Corp.*, 2020 WL 1047054, at *3 (S.D.N.Y. Mar. 4, 2020) (sealing of personal, non-public information was proper so long as information is not relevant to litigation).

  There is also the potential for harm if details about the illiquid assets are made public, as such disclosure could detrimentally impact the ability of Plaintiffs and others to liquidate those assets.  The public can adequately monitor this litigation without knowing the estimated values of these assets and the estimated timeframe for liquidating these assets.  *See Amodeo II*, 71 F.3d at 1051 ("Financial records of a wholly owned business . . . will weigh more heavily against access than conduct affecting a substantial portion of the public.").

  If the Settlement Agreement and related materials are redacted in the manner proposed, "the public will [still] be able to read and fully understand each document." *Doe v. New York Univ.*, 2023 WL 2609315, at *1 (S.D.N.Y. Mar. 22, 2023); *see also United States v. UCB, Inc.*, 2017 WL 838198, at *5 (S.D.N.Y. 2017) (quoting *Lugosch*, 435 F.3d at 119) (noting "where only names are sought to be redacted, the presumption of public access is relatively low because 'the public can still glean from' the Court's use of those redacted documents 'the substance of [the] arguments and the manner in which the Court handled them'").

## **CONCLUSION**

For the reasons set forth above, the Court should grant Plaintiffs' request to redact the Settlement Agreement and related materials and order that Exhibit 2 be unsealed.

Dated: New York, New York
April 13, 2023

                                          MCKOOL SMITH P.C.

                                                 /s/
                                By: _____
                                          Daniel W. Levy
                                          dlevy@mckoolsmith.com
                                          One Manhattan West
                                          395 Ninth Avenue, 50th Floor
                                          New York, New York  10001-8603
                                          Telephone: (212) 402-9400

                                          *Attorney for Plaintiffs Matthew Stein and Jerome Lhote*

4890-9297-2380