UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW STEIN and JEROME LHOTE,<br><br>    Plaintiffs,<br><br>    v.<br><br>SKATTEFORVALTNINGEN,<br><br> Defendant / Third-Party Plaintiff,<br><br>    v.<br><br>LUKE MCGEE<br><br>    Third-Party Defendant. | No. 23 Civ. 2508 (NRB)<br><br>Honorable Naomi Reice Buchwald |

**SKATTEFORVALTNINGEN'S MEMORANDUM OF LAW IN RESPONSE TO
PLAINTIFFS' PROPOSED REDACTIONS**

                     HUGHES HUBBARD & REED LLP
                     William R. Maguire
                     Marc A. Weinstein
                     Neil J. Oxford
                     Dustin P. Smith
                     One Battery Park Plaza
                     New York, New York 10004
                     (212) 837-6000

                     *Counsel for Defendant/Counterclaim*
                     *Plaintiff/Third-Party Plaintiff*
                     *Skatteforvaltningen (Customs and Tax*
                     *Administration of the Kingdom of*
                     *Denmark)*

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

BACKGROUND .............................................................................................................................3

LEGAL STANDARD......................................................................................................................5

ARGUMENT...................................................................................................................................6

CONCLUSION................................................................................................................................9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016) ................................................................................................................... 6, 8

*Chigirinskiy v. Panchenkova*, 319 F. Supp. 3d 718 (S.D.N.Y. 2018) ............................................. 7

*Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) ..................................... 1, 3, 5

*Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156 (2d Cir. 2013) ...................................................... 5

*Under Seal v. Under Seal*, 273 F. Supp. 3d 460 (S.D.N.Y. 2017) ................................................... 6

*United States v. Amodeo*, 71 F.3d 1044 (2d Cir. 1995) .................................................................. 6

*United States v. HSBC Bank USA, N.A.*, 863 F.3d 125 (2d Cir. 2017) ........................................... 1

*United States v. Sours Edwards*, No. 1:19-cv-00064-GHW, 2022 WL 1158561 (S.D.N.Y. Apr. 18, 2022) .................................................................................................. 8

*Utica Mut. Ins. Co. v. Munich Reinsurance Am., Inc.*, No. 6:12-CV-00196, 2017 WL 1653608 (N.D.N.Y. Apr. 26, 2017) ............................................................................. 2

Pursuant to the Court's April 6, 2023 Memorandum and Order (ECF No. 8), defendant/counterclaim plaintiff/third-party plaintiff Skatteforvaltningen ("SKAT") respectfully submits this memorandum of law in response to plaintiffs Matthew Stein and Jerome Lhote's proposed redactions to the May 28, 2019 settlement agreement and contemporaneously executed letter agreement plaintiffs filed as exhibits to their April 3, 2023 letter to the Court.[1]

## PRELIMINARY STATEMENT

Plaintiffs' proposed redactions to the May 28, 2019 settlement agreement and contemporaneously executed letter agreement are overbroad under any applicable standard because they seek to conceal from public view information that is already in the public realm or likely relevant to the Court's adjudication of SKAT's claims against plaintiffs and third-party defendant Luke McGee.

Plaintiffs first argue in conclusory fashion that the settlement agreement and letter agreement are not judicial documents subject to any presumption of public access because they were filed in connection with their April 3, 2023 letter concerning whether this proceeding is related to the multidistrict litigation pending before Judge Kaplan.  Plaintiffs, nevertheless, assert that even if the agreements are not now judicial documents, "they will surely become judicial documents" at some point during this case and argue that their proposed redactions meet the standards for sealing judicial documents set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).[2]  But plaintiffs fail to address how the Court (or the parties) should assess whether both the First Amendment and federal common law presumptions of public access apply or the weight that should be given to the federal common law presumption in the

---

1. *See* Pls. Mem. Of Law in Response to Order Regarding Continued Sealing of Settlement Agreement, ECF Nos. 27-28.

2. *But see United States v. HSBC Bank USA, N.A.*, 863 F.3d 125, 139 (2d Cir. 2017) ("Even if we assume that the [filed document] might be relevant to the judicial function at a later point in this case, that would not be sufficient to render [it] a judicial document *now*.").

current posture. As such, if and when the settlement agreement or letter agreement unquestionably becomes a judicial document to which a strong presumption of public access attaches under the First Amendment and the federal common law, such as if the agreements are submitted to the Court on summary judgment, SKAT reserves the right to seek further unsealing at that time.[3]

Even assuming that the agreements are judicial documents subject to only the weakest presumption of public access under the federal common law, however, plaintiffs' proposed redactions are overbroad in two respects.

First, plaintiffs seek to redact from the letter agreement the name of a bank in which they own an interest (and used to perpetrate their fraud on SKAT) that they were, at least at the time, attempting to sell to satisfy their payment obligations to SKAT under the settlement agreement, along with their then-current valuation of their interests in the bank and the date, long since passed, by which they anticipated completing a sale. No privacy interests will be served by shielding the bank's name from public view because the bank publicly pleaded guilty in Danish court to charges of serious criminal fraud in connection with its role in the scheme, SKAT sued the bank in England, and the bank's conduct is at issue in two of SKAT's lawsuits consolidated in the multidistrict litigation. Nor do plaintiffs offer any cogent explanation as to how disclosure of their stale valuation of the bank, from before the bank pleaded guilty to fraud, or the obsolete timeframe for completing a sale, will hinder their or anyone's ability to sell their interests in the bank, particularly when the bank is now in public liquidation proceedings.

---

3. *See Utica Mut. Ins. Co. v. Munich Reinsurance Am., Inc.*, No. 6:12-CV-00196 (BKS/ATB), 2017 WL 1653608, at *3 n.4 (N.D.N.Y. Apr. 26, 2017) (previous "sealing order" that "stemmed from a discovery motion . . . subject to a lower standard" was not determinative of whether "judicial documents" submitted to the Court on summary judgment should be sealed).

Further, the bank's conduct is also directly at issue in SKAT's claims against plaintiffs and McGee in this action. Under the terms of the settlement agreement, plaintiffs and McGee are obligated to pay SKAT the full amount of the net proceeds they and the other settling parties received from the fraud, *i.e.*, the amount of SKAT's "refund" payments the settling parties retained after payment of certain fees and expenses. SKAT alleges that in calculating the net proceeds, plaintiffs and McGee failed to account for dividends they received on account of their ownership interest in the bank that derived from fees the bank collected for its participation in the fraud and improperly deducted other amounts the settling parties paid to the bank.

Second, plaintiffs provide no justification for redacting the names of the individuals and entities identified in Exhibit 3 to the settlement agreement as being excluded from SKAT's release of its claims, none of whom were parties to the agreement and almost all of whom are defendants in cases consolidated in the multidistrict litigation.[4]

## BACKGROUND

On March 20, 2023, the Honorable Paul A. Crotty, sitting in Part I, issued an order finding that sealing this action "may not be appropriate" under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), but "out of an abundance of caution," permitting plaintiffs to file this action under seal, with such sealing to expire within 14 days of service of process on SKAT unless extended by the Court. (ECF No. 9.)

---

4. SKAT agrees with plaintiffs' proposed redactions of the bank account information in section 1.hh of the settlement agreement, and, at this stage, does not oppose plaintiffs' proposed redactions of (i) the names of the settling parties, other than Stein, Lhote, and McGee, (ii) all ink signatures, and (iii) the vague information in Annex A to the letter agreement concerning "illiquid assets" other than the bank. SKAT notes, however, that the names of at least the pension plan settling parties likely will be relevant to the adjudication of SKAT's claims in this action for the true-up payment based on the amounts of SKAT's "refund" payments the plans ultimately received, and that at least with respect to the 19 pension plan settling parties that were only partially released under the settlement agreement, any privacy interest is especially minimal because SKAT named them as defendants in certain of its actions consolidated in the multidistrict litigation.

3

In accordance with Judge Crotty's order, on March 24, 2023, plaintiffs commenced this action and filed their complaint against SKAT under seal. Plaintiffs allege in their complaint that SKAT breached the May 28, 2019 settlement agreement that SKAT and plaintiffs, amongst others, entered to settle SKAT's claims arising from fraudulent dividend withholding tax refunds it paid, and seek, amongst other relief, partial rescission of the settlement agreement. (ECF No. 11 ¶¶ 1-8.) Plaintiffs also seek a declaratory judgment that a confession of judgment they signed is invalid under New York law. (*Id.* ¶¶ 9-13.)

While the action was still sealed temporarily pursuant to Judge Crotty's order, the parties submitted letters to the Court concerning whether this case is related to the cases consolidated in the multidistrict litigation pending before the Honorable Lewis A. Kaplan, in which SKAT, as plaintiff, has asserted claims arising from fraudulent dividend withholding tax refund applications.[5] Plaintiffs' April 3, 2023 reply letter filed with the Court included as exhibits (i) the May 28, 2019 settlement agreement; (ii) a contemporaneously executed letter agreement; and (iii) two affidavits they signed confessing judgment to amounts they owe SKAT under the settlement agreement.

On April 5, 2023, plaintiffs submitted a letter to the Court requesting a conference concerning their anticipated motion to extend Judge Crotty's order temporarily sealing this case, or, in the alternative, to seal the settlement agreement submitted as an exhibit to their April 3 letter. On April 6, 2023, the Court issued its Memorandum and Order in which it treated the plaintiffs' proposed motion to extend Judge Crotty's sealing order as one to reargue, denied it, and unsealed the case. (ECF No. 8.) The Court determined to "separately consider whether the Settlement Agreement should be redacted," temporarily sealed the settlement agreement, and

---

5. *See In re Customs & Tax Admin. of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litig.*, No. 18-md-2865-LAK (S.D.N.Y.).

4

directed plaintiffs to make an application for redactions to the agreement no later than April 13, with SKAT's response due by April 18. (*Id.*)

On April 12, 2023, with the case now unsealed, SKAT filed its answer to plaintiffs' complaint, in which it asserted breach of contract counterclaims and third-party claims against plaintiffs and Luke McGee. (ECF No. 21.) SKAT alleges that plaintiffs and McGee agreed in the settlement agreement to pay SKAT the full net proceeds they and the other settling parties received from the fraud, and that plaintiffs and McGee breached their obligations to SKAT by refusing to pay the remaining balance of the preliminary settlement amount, an estimate of the settling parties' net proceeds, and the true-up amount, representing the difference between the preliminary settlement amount and the settling parties' actual net proceeds. (*Id.* ¶¶ 117-25.)

## **LEGAL STANDARD**

"Federal courts employ two related but distinct presumptions in favor of public access to court proceedings and records: a strong form rooted in the First Amendment and a slightly weaker form based in federal common law." *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 163 (2d Cir. 2013).

The federal common law presumption of access attaches to all "judicial documents," *i.e.*, documents filed with the Court that are "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (internal quotation omitted). Sealing a judicial document is warranted under the federal common law only if the strength of the presumption of access determined based on "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts" is outweighed by "competing considerations" or "countervailing factors." *Id.* 119-20 (internal quotation omitted).

With respect to the First Amendment presumption of public access, the Second Circuit has "articulated two different approaches for determining" whether it attaches to a judicial document. *Id.* at 120. First, under the "so-called experience and logic approach," there is a presumption of public access to judicial documents that "have historically been open to the press and general public" and where "public access plays a significant positive role in the functioning of the particular process in question." *Id.* (internal quotation omitted). Second, the First Amendment presumption of access applies to judicial documents that "are derived from or a necessary corollary of the capacity to attend the relevant proceedings." *Id.* (internal quotation omitted). Judicial documents to which the First Amendment presumption of access attaches may be sealed only if "essential to preserve higher values" and the sealing is "narrowly tailored to serve that interest." *Id.* (internal quotation omitted).

The party seeking to seal a judicial document bears the "burden of overcoming" the presumptions of public access, *United States v. Amodeo*, 71 F.3d 1044, 1047 (2d Cir. 1995), and requests that the Court seal a judicial document "must be carefully and skeptically reviewed to insure that there really is an extraordinary circumstance or compelling need to seal the documents from public inspection." *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 466 (S.D.N.Y. 2017) (internal quotation and punctuation omitted). The Court must "make specific, rigorous findings before sealing" a judicial document "or otherwise denying public access." *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 141 (2d Cir. 2016).

## ARGUMENT

Plaintiffs' proposed redactions are overbroad in two respects, even assuming only the weakest presumption in favor of public access under the federal common law.

First, plaintiffs seek to redact from the May 28, 2019 letter agreement the name of a bank in which plaintiffs and others were attempting to sell their ownership interest to satisfy their

6

payment obligations to SKAT in the settlement agreement, along with the amount plaintiffs then expected to realize from such a sale and the date, over a year ago, by which they then anticipated completing a transaction.  Plaintiffs argue that the proposed redactions are justified because their complaint does not concern the bank and disclosure of such information "could prejudice their ability to liquidate" their interests.  (Pls. Br. 6-7.)

But no privacy interests will be served by sealing the bank's identity because its participation in the underlying fraudulent tax refund scheme is already public information.  On September 23, 2019, months after the letter agreement was executed, the bank publicly pleaded guilty in a Danish court to a charge of serious criminal fraud arising from its role in the refund scheme.  Further, SKAT has sued the bank in England and the bank's role in the fraud is at issue in certain of SKAT's actions consolidated in the multidistrict litigation.  Thus, defendants' conclusory assertions to the contrary notwithstanding, disclosure of the bank's name in connection with the settlement agreement is unlikely to have any impact on plaintiffs' ability to sell their interests.  *See Chigirinskiy v. Panchenkova*, 319 F. Supp. 3d 718, 739 (S.D.N.Y. 2018) (declining to seal "information concerning the parties' interpersonal dispute" because it "was long ago disclosed" and "the Court has no ability to make private that which has already become public").  Nor do plaintiffs offer any explanation as to how disclosure of their stale May 2019 valuation of the bank, from months before the bank pleaded guilty to criminal fraud and years before the bank entered insolvency proceedings, much less the now obsolete estimated timeframe for completing a sale, will hinder anyone's ability to sell their interest in the bank.

Further, sealing is also inappropriate because the activities of the bank feature prominently in SKAT's claims against plaintiffs and McGee.  SKAT alleges that in calculating the true-up amount they owe SKAT, plaintiffs and McGee failed to account for dividends they

received on their shares in the bank, derived from fees the bank collected out of SKAT's "refund" payments, and improperly deducted other amounts their pension plans paid the bank. (ECF No. 21 ¶¶ 151-55.)[6]

Second, plaintiffs provide no justification for their proposed redactions of the names of the individuals and entities who were not parties to the settlement agreement and who are specifically carved out from the releases provided therein in Exhibit 3 to the agreement. Almost all these individuals and entities already have been named as defendants in SKAT's actions consolidated in the multidistrict litigation. *See United States v. Sours Edwards*, No. 1:19-cv-00064-GHW, 2022 WL 1158561, at *2 (S.D.N.Y. Apr. 18, 2022) (it "would be a sham" to withhold "from the public" a "judicial document" that "was available on Westlaw before it was posted on the docket").

---

6. SKAT publicly alleged the information plaintiffs seek to redact concerning the bank, *i.e.*, its name and the plaintiffs' estimated value of it and anticipated timeframe for selling their interests in it, in pleading its claims against Stein, Lhote and McGee. (ECF No. 21 ¶¶ 153-54.) SKAT's pleading is a judicial document to which a "strong" presumption of public access attaches. *Bernstein*, 814 F.3d at 142. Plaintiffs do not argue that any of this information should be redacted from SKAT's pleading.

**CONCLUSION**

For the reasons set forth above, SKAT respectfully requests that the Court reject plaintiffs' proposed redactions of (i) the information concerning the bank in the letter agreement; and (ii) the names of the individuals and entities excluded from SKAT's release of its claims in the settlement agreement.

Dated: New York, New York
April 18, 2023

HUGHES HUBBARD & REED LLP

By:   /s/ Marc A. Weinstein
    William R. Maguire
    Marc A. Weinstein
    Neil J. Oxford
    Dustin P. Smith
One Battery Park Plaza
New York, New York 10004-1482
Telephone: (212) 837-6000
Fax:  (212) 422-4726
bill.maguire@hugheshubbard.com
marc.weinstein@hugheshubbard.com
neil.oxford@hugheshubbard.com
dustin.smith@hugheshubbard.com

*Counsel for Plaintiff Skatteforvaltningen (Customs and Tax Administration of the Kingdom of Denmark)*