# McKool Smith

Daniel W. Levy
Direct Dial: (212) 402-9412
E-mail: dlevy@mckoolsmith.com

One Manhattan West
395 Ninth Avenue, 50th Floor
New York, NY 10001

Telephone: (212) 402-9400
Facsimile: (212) 402-9444

May 2, 2023

By ECF
The Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
500 Pearl Street, Room 2270
New York, New York  10007

Re:   Stein and Lhote v. Skatteforvaltningen
      23 Civ. 2508 (NRB)

Dear Judge Buchwald:

We write pursuant to Section 2.B of your Honor's Individual Practices to request a pre-motion conference with respect to Plaintiffs' anticipated motion to dismiss the counterclaims filed by Defendant Skatteforvaltningen ("Defendant" or "SKAT").  ECF No. 21.

By virtue of those counterclaims, Defendant seeks to recover under an agreement that Plaintiffs and others entered into on or about May 28, 2019 (the "Settlement Agreement").  *Id.* at ¶¶ 117-25.  A copy of the Settlement Agreement and a related Letter Agreement has previously been provided to the Court.  *See* ECF No. 5 at Exh. A.

**Payments Under The Settlement Agreement.**  The Settlement Agreement provided, in general, for two sets of payments:

(1)   Plaintiffs and others would make an initial cash payment of 950 million Danish kroner (DKK) to Defendant.  Settlement Agreement at §§ 1(t) (defining Initial Cash Payment), 2(a) (providing for payment of DKK 950 million as Initial Cash Payment).

Once the Initial Cash Payment was made, Defendant "forever and finally generally release[d], waive[d] and discharge[d]" Plaintiffs and others from all claims broadly associated with the dividend tax refund applications at issue.  *Id.* at § 4(a); *see also id.* at § 1(i) (defining "Covered Parties"), § 1(bb) (defining "Settled Matters").

No party disputes payment and receipt of the Initial Cash Payment and, as a result, no party can dispute that Defendant irrevocably released Plaintiffs from claims related to dividend tax refund applications.  *See, e.g.,* ECF No. 11 at ¶¶ 3, 46; ECF No 21 at ¶¶ 3, 46, 120.

(2)   Plaintiffs and others would make a further payment of: (a) DKK 600 million; and (b) the difference between proceeds for certain tax refunds less expenses and DKK 1.55 billion; and (c) interest under certain circumstances.  Settlement Agreement at §§ 1(q), 2(b), 2(d), 2(e).

**McKool Smith**
**A Professional Corporation • Attorneys**
Austin  |  Dallas  |  Houston  |  Los Angeles  |  Marshall  |  New York  |  Washington, DC

4854-9996-8094

The Honorable Naomi Reice Buchwald
May 2, 2023
Page 2

The second set of payments is to be paid by May 28, 2023.  *See id.* at § 1(r) (defining Final Settlement Payment Date), § 2(d); Letter Agreement at § 6 (extending Final Settlement Payment Date from 36 months to 48 months after May 28, 2019).

By its breach of contract counterclaims, Defendant seeks payment of the unpaid amounts. ECF No. 21 at ¶¶ 120-22, 168, 175.

**Whatever Contract Claims SKAT Might Bring Have Not Accrued.**  Whatever breach of contract claims that Defendant may eventually have are premature because no payment is due until May 28, 2023.  *See* ECF No. 21 at ¶¶ 120, 122.  Because Plaintiffs' time to perform has not occurred, there has been no breach and Defendant's breach of contract claims have not accrued.

To avoid its inability to allege a breach, Defendant alleges that Plaintiffs and an additional person that they seek to make a party in this action, Luke McGee ("McGee"), have anticipatorily repudiated the Settlement Agreement.  *See id.* at ¶¶ 169, 176.

As to Plaintiffs, the sole factual basis for the allegation of anticipatory repudiation is that Plaintiffs filed this action and, in doing so, alleged that there is no debt justly due or to become due to Defendant.  *See id.* at ¶ 163.  Plaintiffs so alleged because Defendant breached the Settlement Agreement and, thereby, deprived Plaintiffs of the benefit of the bargain, such that rescission is an appropriate remedy.  *See, e.g.,* ECF No. 11 at ¶¶ 90 ("as a result of Defendant's breach of its obligations under Phase II of the Settlement Agreement, no debt by Plaintiffs to Defendant is justly due or to become due").

Defendant's allegation is insufficient as a matter of law to plead anticipatory repudiation. The Second Circuit and New York courts have held that the mere filing of a complaint seeking judicial determination of a party's obligation to perform does not amount to a statement of a "positive and unequivocal intent" not to perform.  *See St. Christopher's, Inc. v. JMF Acquisitions, LLC*, 2021 WL 6122674, at *2-3 (2d Cir. Dec. 28, 2021) (assertions about filing of lawsuit did not plausibly allege anticipatory repudiation and were therefore insufficient as a matter of law); *Princes Point LLC v. Muss Dev. L.L.C.*, 30 N.Y.3d 127, 130 (2017) (where party sought remedy of rescission, "mere act of asking for judicial approval to avoid a performance obligation is not the same as establishing that one will not perform that obligation absent such approval").

**SKAT's Sole Remedy Is To File the Affidavit of Confession of Judgment.**  Much more important than the fact that breach of contract claims have not accrued is that Defendant cannot, as a matter of law, state any breach of contract claim upon which relief can be granted.

In the Settlement Agreement, the parties agreed that SKAT would have one remedy -- and one remedy alone -- for a failure to pay the Final Settlement Amount.  And that remedy is *not* to seek damages for breach of contract.  Specifically, the parties agreed that:

> In the event that the Covered Parties timely complete the Initial Cash Payment pursuant to Sections 2(a)(i) and 2(a)(ii), then *[Defendant]'s sole remedy for the Covered Parties' failure to pay the remainder of the Final Settlement Amount shall be the filing of the Affidavit of Confessions of Judgment against [Stein, Lhote, and McGee]* as set forth in Section 5(c).

The Honorable Naomi Reice Buchwald
May 2, 2023
Page 3

Settlement Agreement at § 2(c) (emphasis added); *see id.* at § 1(j) (defining Covered Parties' Designees).  In most circumstances, a valid affidavit of confession of judgment benefits the party in whose favor it has been executed because it makes obtaining a judgment substantially more streamlined.  *See generally* CPLR 3218.

Defendant cannot enforce the Settlement Agreement and, at the same time, avoid the "sole remedy" provision that is part of the very same agreement.  The "sole remedy" provision means that Defendant *cannot* seek breach of contract remedies against Plaintiffs.  *See, e.g.*, *Nomura Home Equity Loan, Inc., Series 2006-FM2 v. Nomura Credit & Capital, Inc.*, 30 N.Y.3d 572, 582 (2017) (dismissing claims for contract damages because contract terms "providing for a 'sole remedy' are sufficiently clear to establish that no other remedy was contemplated by the parties"); *Town of N. Hempstead v. Corona Realty Holding, LLC*, 182 N.Y.S.3d 235, 237 (2d Dep't 2023) (affirming dismissal of complaint because sole remedy provision did not entitle plaintiff to seek specific performance or to sue for damages).

Even if Defendant had not itself breached the Settlement Agreement, *see, e.g.*, ECF No. 11 at ¶ 7, the *only* remedy available to Defendant in the event Plaintiffs fail to pay the remainder of the Final Settlement Amount by May 28, 2023, is to file of the Affidavit of Confession of Judgment.  As such, if Defendant chooses to file it, the Court will inevitably have to resolve whether it is valid and enforceable.

The enforceability of the Affidavit of Confession of Judgment is already before the Court as a result of Count Two of Plaintiffs' Complaint.  That cause of action seeks a declaration that the Affidavit of Confession of Judgment is unenforceable.  *See* ECF No. 11 at ¶¶ 9-13, 81-91, 102-06.  It is unenforceable as to Plaintiff Lhote because he did not reside in New York when it was executed.  And it is unenforceable as to both Plaintiffs Lhote and Stein because it does not state a sum certain for which a judgment may be entered and otherwise fails to meet the requirements for a proper affidavit of confession of judgment under the CPLR.  *See id.*

**Improper Denomination of McGee.**  Defendant improperly denominates McGee as a "third-party defendant" to its "third-party complaint."  *See* ECF No. 21 at pp. 1, 22 & ¶¶ 5, 124, 129-33.  Naming McGee as a third-party defendant is improper because he is not, and will never be, liable to Defendant for any of the claims asserted by Plaintiffs against Defendant.  *See Broadcast Music, Inc. v. Hearst/ABC Viacom Ent. Servs.*, 746 F. Supp. 320, 330 (S.D.N.Y. 1990) (defendant asserting a third-party claim under Rule 14(a) must be attempting to transfer to the third-party defendant liability that may be imposed upon it in main action).  Defendant's counterclaims against McGee must be dismissed.  *See id.* (dismissing improperly pled third-party complaint).  Whether McGee may properly be made a party to this action in some other fashion remains to be seen.

**Availability of Counsel.**  Plaintiffs' counsel is available for a pre-motion conference on any days in the coming weeks that is convenient for the Court other than May 11, 12, 25, and 26.

The Honorable Naomi Reice Buchwald
May 2, 2023
Page 4

                                      Respectfully submitted,

                                                    /s/

                                      Daniel W. Levy

cc:     All Counsel (by ECF)

4854-9996-8094