Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
Bank of America Tower
New York, NY 10036

T  +1 212.872.1000
F  +1 212.872.1002
akingump.com



**Robert H. Pees**
Partner & General Counsel
+1 212.872.1072/fax: +1 212.872.1002
rpees@akingump.com

May 3, 2023

**VIA ELECTRONIC COURT FILING**

Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

     Re:    *Stein and Lhote v. Skatteforvaltningen v. McGee*, 23-cv-02508

Dear Judge Buchwald:

     We represent Third-Party Defendant Luke McGee in the above-referenced action. Pursuant to Section 2.B of your Honor's Individual Practices, we join in Plaintiffs' request for a pre-motion conference, ECF No. 37 ("Plaintiffs' Pre-Motion Letter"), seeking leave to file a motion to dismiss Defendant Skatteforvaltningen's ("SKAT") Counterclaims and Third-Party Complaint, ECF No. 21 at ¶¶ 117-82 ("Third-Party Complaint"), under Rules 12(b)(6) and 14 of the Federal Rules of Civil Procedure ("FRCP").

     *First*, Defendant SKAT's claims seeking damages should be dismissed because, as Plaintiffs correctly highlighted in their Pre-Motion Letter, Defendant SKAT's "sole remedy" for breach under the agreement between Mr. McGee, Plaintiffs, Defendant and others executed on May 28, 2019, ECF No. 5 at Ex. A (the "Settlement Agreement") consists of filing the Affidavit of Confession of Judgment.[1]  Pls.' Pre-Motion Letter at pgs. 2-3.  Seeking damages at this stage, in contravention of the explicit remedy provision of the Settlement Agreement, is grounds for dismissal.  *See Nomura Home Equity Loan, Inc., Series 2006-FM2 v. Nomura Credit & Capital, Inc.*, 30 N.Y.3d 572, 582 (2017) (affirming the dismissal of claims seeking damages when the sole remedy provision in the parties' agreement provided for cure or repurchase).  Moreover, as with Plaintiff Lhote, Mr. McGee executed the Confession of Judgment in 2021, when he no longer resided in the State of New York.  Mr. McGee's Confession of Judgement is therefore defective as a matter of New York law and is unenforceable as to Mr. McGee, which is another basis upon which to dismiss the Third-Party Complaint against him.  *See* N.Y. C.P.L.R. 3218

---

[1] Capitalized terms used herein without definition have the meanings set forth in the Settlement Agreement.



Honorable Naomi Reice Buchwald
May 3, 2023
Page 2

(restricting the filing of a confession of judgment to the county of residence at the time of execution or filing).

*Second*, the Third-Party Complaint against Mr. McGee should be dismissed because Defendant SKAT failed to allege—nor can it—that it has complied with Sections 5 and 11 of the Settlement Agreement, which require notice of an Event of Default or suspected breach and opportunity to cure. *See* Settlement Agreement § 5 (requiring SKAT to provide written notice to the Covered Parties' Designees in the Event of Default) and § 11 (requiring written notice to suspected breaching party and a 10-day opportunity to cure "before pursuing any legal remedy specified under this Agreement."). "Under New York law, if a contract explicitly states that notice and opportunity to cure are conditions precedent to bringing or maintaining a claim, courts will enforce that agreement." *Rojas v. Don King Prods.*, No. 11 Civ. 8468, 2012 U.S. Dist. LEXIS 32192, *7 (S.D.N.Y. Mar. 6, 2012) (dismissing breach of contract claim that neglected to allege compliance with notice and cure provisions). It bears noting also that no payment default on Mr. McGee's part could even have occurred prior to the May 28, 2023 deadline set forth in the Settlement Agreement. Accordingly, Mr. McGee anticipates moving to dismiss Defendant SKAT's Third-Party Complaint in its entirety for failure to plead the conditions precedent of the Settlement Agreement.

*Third*, the Third-Party Complaint against Mr. McGee should be dismissed because he is not liable to SKAT for any portion of a successful claim by the Plaintiffs. *See Le Metier Beauty Inv. Partners LLC v. Metier Tribeca, LLC*, No. 13 Civ. 4650, 2015 U.S. Dist. LEXIS 153909, *8 (S.D.N.Y. Nov. 12, 2015) (dismissing the third-party complaint in its entirety for failing to satisfy the requirements for impleader under Rule 14 of the FRCP). Indeed, "the pleading requirement is clear— 'the third-party defendant's liability to the third-party plaintiff must be dependent upon the outcome of the main claim or the third-party defendant must be potentially secondarily liable as a contributor to the defendant.'" *Id.* at *6-7 (citing *Kenneth Leventhal & Co. v. Joyner Wholesale Co.*, 736 F.2d 29, 31 (2d Cir. 1984)). Defendant SKAT failed to plead that Mr. McGee's alleged liability is related to the claims against it—if anything, the allegations against Mr. McGee purport to align him with Plaintiffs Lhote and Stein, not Defendant SKAT. As such, SKAT improperly impleaded Mr. McGee as a third-party defendant, and the Third-Party Complaint against him should be dismissed.



Honorable Naomi Reice Buchwald
May 3, 2023
Page 3

    Counsel for Mr. McGee is available for a pre-motion conference any day in the coming weeks other than May 8, 2023.

                                    Respectfully,

                                    /s/ Robert H. Pees
                                  Robert H. Pees


cc:      All Counsel (via ECF)