

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: +1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Marc A. Weinstein
Partner
Direct Dial: +1 (212) 837-6460
Direct Fax: +1 (212) 299-6460
marc.weinstein@hugheshubbard.com

<u>BY ECF</u>

Honorable Naomi Reice Buchwald           May 5, 2023
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:     <u>*Stein et al. v. Skatteforvaltningen*, No. 23-cv-02508 (NRB)</u>

Dear Judge Buchwald:

    We write on behalf of defendant Skatteforvaltningen ("SKAT") in response to the May 2 and 3, 2023 letter motions requesting a pre-motion conference filed, respectively, by plaintiffs Matthew Stein and Jerome Lhote and third-party defendant Luke McGee. The Court should not permit Stein and Lhote or McGee to file their proposed motions because the arguments they intend to raise are meritless or will be mooted by SKAT's amendment of its pleading.

    <u>First</u>, Stein and Lhote's argument that their commencement of this action—a little over two months before their May 28, 2023 deadline to make a substantial payment to SKAT under the parties' settlement agreement, and in which they seek rescission of the agreement and allege they owe SKAT nothing—cannot, as a matter of law, be a repudiation rests on inapposite case law. (May 2 Ltr at 2.) For instance, in *St. Christopher's, Inc. v. JMF Acquisitions, LLC*, the Second Circuit held that the commencement of the declaratory judgment action did not repudiate the parties' agreement in part because the plaintiff, in contrast to Stein and Lhote, "emphasized" in its pleading "that it was not asking for rescission" and "expressed a willingness to do whatever, if anything, the Court determines it must do because it [did] not want to invite a counterclaim for anticipatory repudiation." No. 20-3808-cv, 2021 WL 6122674, at *1 (2d Cir. Dec. 28, 2021) (internal quotation omitted). And in *Princes Point LLC v. Muss Development L.L.C.*, the New York Court of Appeals expressly limited its holding that the commencement of the action was not an anticipatory breach to "the circumstances of th[at] case," where the plaintiff sought "reformation of the amendments to the contract and specific performance of the original agreement," 30 N.Y.3d 127, 130, 134 (2017), two forms of relief plaintiffs do not seek here.

    In any event, as Stein and Lhote acknowledge, assuming *arguendo* that they have not yet repudiated the settlement agreement, they (and McGee) will soon be in breach anyway when they fail to pay SKAT the amounts due under the settlement agreement by the fast-approaching May 28, 2023 payment deadline. (May 2 Ltr. at 2.) Following that, SKAT intends to amend its pleading to allege, in the alternative, breach of contract claims against Stein, Lhote and McGee based on their failure to pay what they owe under the agreement. In the unlikely event that Stein,

Lhote and McGee pay the amounts owed before the May 28, 2023 payment deadline, that too would moot their claims. There is thus little point in Stein and Lhote moving to dismiss SKAT's anticipatory repudiation counterclaims, when such a motion will become moot before it is fully briefed.

Second, Stein and Lhote's "[m]uch more important" argument, in which McGee joins, that SKAT's claims are subject to dismissal because its sole remedy under the agreement is to file the confession of judgment ignores the terms of the settlement agreement and fails on its own terms. (May 2 Ltr. at 2-3; May 3 Ltr. at 1-2.) As an initial matter, section 10.a of the agreement expressly authorizes SKAT to pursue "available remedies" in this Court for "any claim, controversy or dispute arising out of or relating to the True-Up process" that exceeds 20 million Danish Kroner ("DKK"), such as the counterclaims SKAT asserts against Stein, Lhote and McGee for the true-up amount.[1] And section 5.d requires Stein, Lhote and McGee to pay SKAT any unpaid amounts due under the settlement agreement, plus applicable interest, in the event of a default, including if they fail to pay any amount when due.

Further, even were the confession of judgment SKAT's sole remedy for a breach, the settlement agreement expressly authorizes SKAT to file it in this Court, which SKAT intends to do once the Court resolves the parties' dispute concerning the true-up amount.[2] Federal courts have "the power to enter a confession of judgment where subject matter jurisdiction exists and the confession of judgment was made knowingly and voluntarily." *Maritime Grp. Co. v. Entrac, Inc.*, No. 18-CV-4924 (KHP), 2019 WL 2482376, at *2 (S.D.N.Y. June 13, 2019). But unlike in New York state courts, where a confession of judgment may be entered "without an action," "federal courts generally require the party seeking entry of a confessed judgment to . . . file[] a new lawsuit," if one is not already pending. *Rodrigues v. Corona Advances, Inc.*, No. 15-CV-6815 (BCM), 2018 WL 4043149, at *2 (S.D.N.Y. Aug. 24, 2018) (internal quotation omitted). Thus, even assuming for the sake of argument that filing the confession of judgment were SKAT's sole remedy, that would not preclude SKAT from alleging its breach of contract claims against Stein, Lhote and McGee that are a prerequisite to seeking this Court's entry of the confessed judgment.

Nor is there anything to Stein, Lhote and McGee's arguments that the confession of judgment they executed is invalid or otherwise unenforceable. (May 2 Ltr. at 2; May 3 Ltr. at 1-2.) "Under well-established authority," Stein, Lhote and McGee "lack standing" to even make any such arguments "unless entry of judgment" would be "so unfair as to violate" their "due process rights." *GTR Source, LLC v. FutureNet Grp., Inc.*, No. EF001776-2018, 62 Misc.3d 794, 802 (Sup. Ct. Orange Cty. Nov. 26 2018).[3] Further, "[t]he 2019 amendment to CPLR

---

1. Settlement Agreement § 12 (defining the "Selected Court" in which the parties may seek relief with respect to true-up disputes as "the United States District Court for the Southern District of New York").

2. Settlement Agreement § 4.c (SKAT "may file or otherwise execute upon a Confession of Judgment in any of the New York Courts"); § 12 (defining "New York Courts" as "the federal and state courts of the State of New York").

3. *See also Regency Club at Wallkill v. Bienish*, 95 A.D.3d 879 (2d Dep't 2012) ("statutory requirement that an affidavit of confession of judgment state concisely the facts out of which the debt arose and show that the sum confessed is justly due is designed for the protection of third persons who might be prejudiced in the event that a collusively confessed judgment is entered, and not for the protection of the defendant") (internal quotation and citation omitted).

3218(a)" on which Lhote and McGee rely to argue the confession of judgment cannot be entered against them because they are not New York residents "is inapplicable" here, where SKAT has commenced an action against Stein, Lhote and McGee. *Express Trade Capital v. Horowitz*, 198 A.D.3d 529, 530 (1st Dep't 2021) (2019 amendment to CPLR 3218(a) only "concerns entry of a judgment against a nonresident without an action"). And, contrary to Stein and Lhote's arguments, the confession of judgment otherwise complies with CPLR 3218 by stating the sum for which judgment may be entered, *i.e.*, the DKK 600 million subsequent cash payment and the true-up amount, less any payment of such amounts, plus interest due under the agreement, and concisely stating the facts out of which the debt arose, *i.e.*, the settlement agreement. *See Xerox Corp. v. West Coast Litho, Inc.*, 251 F. Supp. 3d 534, 537, 539 (W.D.N.Y. 2017) (entering confession of judgment for settlement amount "or that amount less than [the settlement amount] that remains due and owing . . . on the date the confession of judgment is presented . . . whichever is less, plus costs and attorneys' fees").

Third, McGee's argument that SKAT failed to comply with the notice and cure provisions of the settlement agreement similarly fails. (May 3 Ltr. at 2.) Under New York law, "[a] party's failure to afford contractually-required notice is excusable . . . where," as SKAT alleges here, "the other party [] expressly repudiate[d] the parties' contract." *Vision Entm't Worldwide, LLC v. Mary Jane Prods., Inc.*, No. 13 Civ. 4215(AT), 2014 WL 5369776, at *10 (S.D.N.Y. Oct. 17, 2014) (internal quotation omitted).

Finally, Stein, Lhote and McGee's argument that SKAT improperly named McGee as a third-party defendant, as opposed to joining him as a defendant to its counterclaims, is well-taken. (May 2 Ltr. at 3; May 3 Ltr. at 2.) Stein and Lhote's rescission claims themselves, however, are subject to dismissal if McGee is not joined as a party. *See, e.g.*, *Am. Int'l Specialty Lines Ins. Co. v. Towers Fin. Corp.*, 198 B.R. 55, 62 (S.D.N.Y. 1996) ("[u]nder New York law, in an action for rescission, all parties to the agreement must be joined as necessary parties" (internal quotation omitted)). As such, unless the parties stipulate to McGee's joinder, SKAT intends to file an amended pleading joining McGee as a counterclaim defendant in accordance with Federal Rule of Civil Procedure 13(h). *See Kraus USA, Inc. v. Magarik*, No. 17 Civ. 6541 (ER), 2018 WL 4682016, at *9 (S.D.N.Y. Sep. 28, 2018) (granting leave to counterclaim plaintiff "to replead his claims against Third-Party Defendants" pursuant to Federal Rule of Civil Procedure 13(h)).

SKAT's counsel is available for a pre-motion conference in the coming weeks, except on May 10-12 and 19, 2023.

            Respectfully submitted,

            /s/ Marc A. Weinstein
            Marc A. Weinstein

cc: all counsel of record (via ECF)