*Stein et al. v. Skatteforvaltningen*,
23 Civ. 2508 (NRB)

Declaration of Daniel W. Levy,
sworn to on July 13, 2023

# Exhibit E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

HADI DARWICHE, and REAL ESTATE
DEVELOPMENT GROUP, LLC

                          Plaintiffs,             Case No.: 17-cv-9154

          v.

CEDAR CAPITAL MANAGEMENT GROUP, INC.
and WAEL CHEHAB a/k/a WA'EL CHEHAB,

                          Defendants.
-------------------------------------------------------------------X

## SECOND AMENDED COMPLAINT

Plaintiffs Hadi Darwiche ("Darwiche") and Real Estate Development Group, LLC

("REDG") (collectively "Plaintiffs"), for their Second Amended Complaint against Cedar

Capital Management Group, Inc. and Wael Chehab a/k/a Wa'el Chehab (collectively

"Defendants"), state and allege as follows:

## NATURE OF THE ACTION

1.     This action ("Action"), comes from the failure of Cedar Capital Management

Group, Inc. ("Cedar") to pay One Million, Two Hundred Thousand Dollars ($1,200,000) that it

owes to Plaintiffs. This obligation is secured by an Affidavit of Confession of Judgment,

attached hereto and made a part hereof as Exhibit "A". Wael Chehab a/k/a Wa'el Chehab

("Chehab") guaranteed payment of the $1,200,000 based on his Affidavit of Confession of

Judgment, attached hereto and made a part hereof as Exhibit "B". Defendants have defaulted on

paying any portion of the $1,200,000 owed. As of November 22, 2017, Plaintiffs are entitled to

enter judgement based on these Affidavits of Confession of Judgment against both Cedar and

Chehab.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 in that there is complete diversity of citizenship between Plaintiffs Darwiche and REDG and Defendants Cedar and Chehab; and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 as the Defendants reside in this District and a substantial part of the events and omissions given rise to the claim, occurred in this District.

4.      The parties to the Settlement Agreement defined below, agreed that this Court retained exclusive jurisdiction to enforce the terms of the Settlement Agreement.

## THE PARTIES

5.      Plaintiff Hadi Darwiche is a citizen of the country of Lebanon.

6.      Plaintiff REDG is a New Jersey limited liability company, all of whose members are citizens of the State of New Jersey.

7.      Upon information and belief, Defendant Cedar is a Delaware corporation with its principal place of business located at 747 Third Avenue, New York, New York 10017.

8.      Upon information and belief, Defendant Chehab is a citizen of the State of New York, residing at 100 United Nations Plaza, New York, New York 10017.

## BACKGROUND FACTS

9.      By Summons and Complaint filed July 6, 2016, Plaintiffs brought suit against Defendants for the return of $1,500,000 paid to Cedar.  Real Estate Development Group, Inc. v. Cedar Capital Management Group, Inc., Case No. 1:16-cv-05308-LTS.  The parties settled the dispute in a Confidential Settlement Agreement, which together with three Addenda, is attached

hereto and made a part hereof as Exhibit "C" (together, the Confidential Settlement Agreement and the three Addenda shall be referred to as the "Settlement Agreement").

10. Under the Settlement Agreement both Cedar and Chehab provided Affidavits of Confession of Judgment which are attached as Exhibits A and Exhibit B.

11. Defendants defaulted upon the Settlement Agreement by failing to respectively make any payment to Plaintiffs. A copy of the Notice of Default is attached hereto and made a part hereof as Exhibit "D". Under ¶20 of the Third Addenda to the Settlement Agreement, the parties thereto agreed that Plaintiffs could immediately enforce the Confession of Judgment on November 22, 2017 if Defendants had not cured their defaults.

12. Defendants remain in default on November 22, 2017, entitling Plaintiffs to enforce the Confession of Judgment.

## COUNT ONE

13. Plaintiffs repeat and reallege paragraph 1-12 above as if fully set forth herein.

14. Plaintiffs are entitled to file the Affidavits of Confession of Judgment in this Court and obtain immediate entry of judgment of $1,200,000 against Defendants.

15. By reason thereof, Plaintiffs are entitled to an immediate entry of judgment by this Court against Cedar and Chehab, jointly and severally, in the principal amount of $1,200,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Darwiche and REDG respectfully pray the Court order and adjudge the following relief in favor of Plaintiffs and against Defendants Cedar and Chehab:

A. On the First Claim for Relief, Plaintiffs Darwiche and REDG be entitled to enter judgment immediately against each of Cedar Capital Management Group Inc. and Wael Chehab a/k/a Wa'el Chehab, in the principal amount of $1,200,000;

B.  Plaintiffs be awarded interest;

C.  Plaintiffs be awarded their costs and disbursements; and,

D.  The Court order such further and additional relief as it deems just, proper and

equitable.

Dated:  New York, New York
        January 11, 2018

                                        GOETZ FITZPATRICK LLP
                                        Attorneys for Plaintiffs

                                        By:_____
                                            Douglas Gross
                                            Maxwell Rubin
                                            One Pennsylvania Plaza
                                            New York, NY  10119
                                            dgross@goetzfitz.com
                                            mrubin@goetzfitz.com

To:  Cedar Capital Management Group, Inc.
     c/o Gary M. Fellner
     Porzio Bromberg & Newman, PC
     156 West 56th Street
     New York, NY  10019
     gmfellner@pbnlaw.com

     Mr. Wael Chehab a/k/a Wa'el Chehab
     c/o Gary M. Fellner
     Porzio Bromberg & Newman, PC
     156 West 56th Street
     New York, NY  10019
     gmfellner@pbnlaw.com

T:\DGross\Real Estate Development\v. Cedar Capital\Complaint - 11-20-17.docx

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

REAL ESTATE DEVELOPMENT GROUP, LLC
and HADI DARWICHE,

                                        Plaintiffs,          Case No.: 16-cv-5308 (LTS) (SN)

                    v.                                       CONFESSION OF JUDGMENT
                                                             (Wa'el Chehab)
CEDAR CAPITAL MANAGEMENT GROUP, INC.
and WAEL CHEHAB a/k/a WA'EL CHEHAB,

                                        Defendants.
-----------------------------------------------------------------X

STATE OF NEW YORK       )
                        )ss.:
COUNTY OF NEW YORK      )

        Wa'el Chehab, being duly sworn, deposes and says:

        1.      I am duly authorized to make this Affidavit and confess judgment.

        2.      I hereby consent to the jurisdiction of the United States District Court for

purposes of the entry and enforcement of this confession of judgment.

        3.      This confession of judgment is for a debt justly due by Cedar Capital

Management Group Inc. ("Cedar Capital") to the Plaintiffs Hadi Darwiche and Real Estate

Management Group, LLC ("REDG") arising from the Settlement Agreement dated March 21,

2017 (the "Agreement") made and executed by Plaintiffs Hadi Darwiche and REDG and

Defendants Cedar Capital and me.  A true copy of the Agreement is annexed hereto and made a

part hereof as Exhibit "1".  Under the Agreement, Cedar Capital has agreed to pay Plaintiffs the

total sum of $1.2 million in installments in full settlement of the underlying litigation.  Although

it is a corporate obligation, I agreed as part of the Agreement to sign this personal confession of

judgment so that if there is a payment default, judgment may be entered against Cedar Capital

3596077

and me. I am the owner and CEO of Cedar Capital. The underlying action among the parties will soon be dismissed.

4. I hereby authorize Goetz Fitzpatrick LLP, or such other firm that appears as counsel of record for Plaintiffs to enter this confession of judgment in accordance with the terms under the Agreement, i.e. only in the event that an uncured event of default occurs as provided in the Agreement, in the total sum of $1.2 million, less any and all amounts paid pursuant to the Agreement.

5. I hereby authorize Goetz Fitzpatrick LLP or such other law firm that appears as counsel of record for Plaintiffs to enter judgment by confession by submitting an affidavit stating the sum certain due after giving credit for all amounts paid on account to Plaintiffs pursuant to the Agreement.

By: _____

WA'EL CHEHAB

Sworn to before me this
19th day of March, 2017
April

_____
Notary Public

T:\DGross\Real Estate Development v. Cedar Capital\Confession of Judgment - (Chehab) - v4.docx

KAREN VAZQUEZ
NOTARY PUBLIC STATE OF NEW YORK
NASSAU COUNTY LIC. #01VA6209309
COMM. EXP. 5/15/2017

2

3596077

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

REAL ESTATE DEVELOPMENT GROUP, LLC
and HADI DARWICHE,

                        Plaintiffs,            Case No.: 16-cv-5308 (LTS) (SN)

             v.                        <u>CONFESSION OF JUDGMENT</u>
                                                     (Cedar Capital)
CEDAR CAPITAL MANAGEMENT GROUP, INC.
and WAEL CHEHAB a/k/a WA'EL CHEHAB,

                        Defendants.
-------------------------------------------------------------X

STATE OF NEW YORK    )
                          )ss.:
COUNTY OF NEW YORK  )

      Wa'el Chehab, being duly sworn, deposes and says:

      1.     I am duly authorized to make this Affidavit and confess judgment on behalf of

Cedar Capital Management Group, Inc. ("Cedar Capital"). I am the owner and CEO of Cedar

Capital.

      2.     Cedar Capital hereby consents to the jurisdiction of the United States District

Court for purposes of the entry and enforcement of this confession of judgment.

      3.     This confession of judgment is for a debt justly due by Cedar Capital to the

Plaintiffs Hadi Darwiche and Real Estate Management Group, LLC ("REDG") arising from the

Settlement Agreement dated March 21, 2017 (the "Agreement") made and executed by Plaintiffs

Hadi Darwiche and REDG and Defendants Cedar Capital and me. A true copy of the Agreement

is annexed hereto and made a part hereof as Exhibit "1". Under the Agreement, Cedar Capital

has agreed to pay Plaintiffs the total sum of $1.2 million in installments in full settlement of the

underlying litigation. The underlying action among the parties will soon be dismissed.

3596077

4.      I hereby authorize Goetz Fitzpatrick LLP, or such other firm that appears as counsel of record for Plaintiffs to enter this confession of judgment in accordance with the terms under the Agreement, i.e. only in the event that an uncured event of default occurs as provided in the Agreement, in the total sum of $1.2 million, less any and all amounts paid pursuant to the Agreement.

5.      I hereby authorize Goetz Fitzpatrick LLP or such other law firm that appears as counsel of record for Plaintiffs to enter judgment by confession by submitting an affidavit stating the sum certain due after giving credit for all amounts paid on account to Plaintiffs pursuant to the Agreement.

CEDAR CAPITAL MANAGEMENT CORPORATION

By: _____

        WA'EL CHEHAB

Sworn to before me this
19th day of ~~March,~~ 2017
April

_____
        Notary Public

T:\DGross\Real Estate Development\v. Cedar Capital\Confession of Judgment - (Cedar Capital) - v4.docs

KAREN VAZQUEZ
NOTARY PUBLIC STATE OF NEW YORK
NASSAU COUNTY LIC. #01VA6806300
COMM. EXP. 5/18/2017

2

3596077

# EXHIBIT C

## CONFIDENTIAL SETTLEMENT AGREEMENT

THIS CONFIDENTIAL SETTLEMENT AGREEMENT ("Agreement") is made and voluntarily and freely entered into by and between REAL ESTATE DEVELOPMENT GROUP, LLC ("REDG") and HADI DARWICHE (collectively "Plaintiffs") and CEDAR CAPITAL MANAGEMENT GROUP, INC. ("Cedar Capital") and WA'EL CHEHAB (collectively "Defendants") (collectively Plaintiffs and Defendants will be referred to as the "parties").

## RECITALS

A.      Hadi Darwiche, on behalf of REDG, deposited One Million Five Hundred Thousand Dollars ($1,500,000) with Cedar Capital pursuant to the terms of the Funding Agreement dated February 4, 2015 ("Funding Agreement").

B.      Cedar Capital repaid $300,000 of the funds deposited by Hadi Darwiche but has not repaid the additional $1,200,000.

C.      By Complaint filed against Defendants on July 6, 2016, Plaintiffs demanded recovery of $1,500,000. _Real Estate Development Group, LLC v. Cedar Capital Management Group, Inc._, Index No. 1:16-cv-05308-LTS-SN (S.D.N.Y.) (the "Action").

D.      Defendants answered and denied the allegations in the Action on September 19, 2016.

E.      The parties have agreed that they would prefer to resolve all claims without resort to further litigation.

THEREFORE, in consideration of the mutual terms, conditions, promises and covenants set forth below by this Agreement the parties agree as follows:

1.      Payment.  In consideration of the releases and other covenants and commitments required by the Agreement, Cedar Capital agrees to pay One Million Two Hundred Thousand Dollars ($1,200,000) to Plaintiffs, made payable to Hadi Darwiche, on the following schedule:

(a)      Two Hundred Thousand Dollars ($200,000) on or before April 14, 2017;

(b)      Three Hundred Thousand Dollars ($300,000) on or before June 30, 2017;

(c)      Three Hundred Thousand Dollars ($300,000) on or before September 30, 2017; and

(d)      Four Hundred Thousand Dollars ($400,000) on or before December 31, 2017,

These payments shall be guaranteed by Wa'el Chehab, the sole owner and CEO of Cedar Capital, solely to the extent provided in Paragraph 3 of this Agreement.

3624667

T:\DGross\Real Estate Developments\ Cedar Capital\Confidential Settlement Agreement - (v13 to v12).docx

2. <u>Cure Period and Acceleration.</u> Cedar Capital shall not be in default under Paragraph 1 of this Agreement until ten (10) business days after written notice of non-payment by the due date is provided to Cedar Capital by Plaintiffs' attorney. If the non-payment by the stated due date is not cured during said ten business day period, then in such event Cedar Capital shall be in default ("Default") and all remaining amounts owed by Cedar Capital as stated above are automatically accelerated and immediately due and owing, with interest at the rate of 5.0% from the date of Default.

3. <u>Confessions of Judgment.</u> Simultaneous with execution of this Agreement, both Cedar Capital and Wa'el Chehab will provide Confessions of Judgment in escrow to the attorneys for Plaintiffs in the full amount of $1.2 million owed upon execution of this Agreement, and released from escrow only in the event of a Default and in no event before the Filing Date defined below. Upon Default, confessions of judgment may only be entered after the Filing Date for the $1.2 million, less reduction for any payments made to Plaintiffs by Cedar Capital and/or any sums paid to Plaintiffs and released from the Fund in escrow as stated in paragraph 4 below. Plaintiffs will enter Confessions of Judgment only in the amount then owed by Defendants and after Default. Attorneys for Plaintiffs shall release the Confessions of Judgment from escrow and file them no earlier than (a) six months after the date of Default or (b) June 30, 2018, whichever date is earlier ("Filing Date"). The Confessions of Judgment shall be returned to Defendants or destroyed by Plaintiffs' attorneys once the payment obligations hereunder are fully satisfied.

4. <u>Security for Payment.</u> (a) Cedar Capital, through its counsel, has provided evidence on January 23, 2017 of the existence of a confidential receivable ("Fund") expected to be paid to Cedar Capital in the coming months to serve as security for Cedar Capital's payments due under this Agreement. Upon Cedar Capital coming into legal possession of the Fund (as stated in in confidential information provided by Cedar Capital's attorneys to Plaintiffs' attorneys on January 23 to Plaintiffs' attorneys), said Fund shall be immediately conveyed to Cedar Capital's attorneys, Porzio, Bromberg & Newman, P.C. ("Porzio firm") as escrow agent for the benefit of all parties to this Agreement. The Fund shall be held in escrow as security for the payments due Plaintiffs under this Agreement. It is the intent and understanding of the parties that Plaintiffs have priority in the Fund over any other creditors of Cedar Capital, and Cedar Capital will therefore not do anything to give priority to any other creditor so long as the Fund remains in escrow and that Plaintiffs have perfected security interest in the Fund. However, no UCC-1 will be filed. Cedar Capital may at any time unilaterally direct the Porzio firm to remit any sum due to Plaintiffs from the escrow Fund, and Plaintiffs unconditionally consent thereto, as the Fund is to be used to pay Plaintiffs hereunder if payment is not otherwise made. Payment shall be made to the order of Plaintiff's counsel, Goetz Fitzpatrick, and wired to its trust account or sent via attorneys check payable to such firm's trust account.

(b) If the amount held by the Porzio firm exceeds the total obligations, the excess shall be released to Defendants pursuant to paragraph 7 below. However, the parties may, but are not obligated to, agree to release the amount of the Fund in escrow to Plaintiffs before the due dates above to fully resolve the obligation. The intent of this subparagraph is to accelerate release of the Fund to Plaintiff in exchange for a discount off of the obligation

2

I:\DGross\Real Estate Development\v. Cedar Capital\Confidential Settlement Agreement - (v11 to v12).docxT>D:\roni\Real Estate Development\v. Cedar Capital\Confidential Settlement Agreement - (v13 to v12).docx

otherwise due hereunder if the parties so agree. Nothing herein shall require either Plaintiffs to agree to any discount in such circumstance.

(c) Cedar Capital hereby assigns all rights it may have in the benefits of the chose of action that seeks recovery of the Fund to Plaintiff as security for the obligations herein. The Porzio firm will hold the Fund in escrow, if and when received in New York, in accordance with the terms of this Agreement.

5.    Status Reports. If the Fund has not been received by May 31, 2017, Cedar Capital shall provide monthly status reports by the end of each calendar month as to any new information it has learned regarding the Fund's receipt. At such time as said Fund comes into legal possession of Cedar Capital, before or after May 31, 2017, as the case may be, it shall provide notice to Plaintiffs' attorney within one (1) business day and that it has come into legal possession of Cedar Capital and that it has been remitted to the Porzio firm as escrow agent. An email from the Porzio firm will be provided to Plaintiffs' attorney to confirm the remittance to it as escrow agent.

6.    Escrow Obligations.

(a)    The Porzio firm shall act as a depository only and pursuant to this Agreement and shall not be responsible or liable in any manner whatsoever for the Fund deposited with it, or any part thereof. The Porzio firm shall have no implied duties or obligations, and shall not be charged with knowledge or notice of any fact except as specifically provided herein.

(b)    The Porzio firm shall be protected in acting upon any written certificate, notice, request, waiver, consent, receipt or other paper or document furnished to it, not only as to its due execution and the validity and effectiveness of its provisions, but also as to the truth and acceptability of any information therein contained which the Porzio firm reasonably believes to be genuine and what it purports to be.

(c)    The Porzio firm shall not be liable for any error of judgment, or for any act done or steps taken or made by it in good faith, or for any mistake of fact or law, or for any things which it may do or refrain from doing in connection herewith, except due to the Porzio firm's own gross negligence or intentional misconduct. In no event shall the Porzio firm be liable for incidental, indirect, special, consequential or punitive damages.

(d)    The Porzio firm shall have no duties except those expressly set forth herein, and shall not be bound by any notice of a claim or demand with respect thereto, or any waiver, modification, amendment, termination or rescission of this Agreement, unless in a writing received by it.

(e)    From and at all times after the date of this Agreement, the parties, jointly and severally, shall, to the fullest extent permitted by law, indemnify and hold harmless the Porzio firm against any and all actions, claims (whether or not valid), losses, damages, liabilities, costs and expenses of any kind or nature whatsoever (including without limitation reasonable

3

3624667

Cedars Real Estate Development v. Cedar Capital confidential Settlement Agreement (v23 to v26 clean)   Cedars Real Estate Development v. Cedar Capital confidential Settlement Agreement (v33 to v52 clean)

attorneys' fees, costs and expenses) incurred by or asserted against any of the parties relating to the Fund. Such obligation of indemnification may be paid from the Fund in escrow and will paid before any other portion of the Fund is released to either party.

      (f)     The Porzio firm may at any time resign by giving notice in writing to the parties. In the event of any such resignation, a successor Escrow Agent shall be appointed by the parties.

      (g)     If there is a valid dispute regarding or in any way relating to the escrow Fund, Porzio agrees to not remit the Fund to any party unless they jointly consent and the parties authorize the Porzio firm to continue to hold the Fund until such time as they work out their dispute or until they get a court order resolving the dispute. Porzio is also free to file an interpleader action if the parties are not able to resolve the dispute. In either event, all time incurred by the Porzio firm regarding such dispute to the escrow Fund shall be paid by the parties and shall be paid from the escrow Fund on a priority basis before any remittance to any party.

      7.    <u>Reduction of Escrow</u>. Except as stated herein, or otherwise required by law, the Fund will only be used as collateral for any portion of Cedar Capital's obligation to Plaintiffs then outstanding. For example, if $700,000 is owed Plaintiffs, the Fund in escrow will not exceed $700,000. As such, the Fund held in escrow by the Porzio firm shall be released to Cedar Capital, free and clear of any claim or interest Plaintiffs have therein, upon three (3) business days' written notice to Plaintiffs' attorneys to the extent the amounts held in escrow exceed the amounts owed hereunder to Plaintiffs. Absent Cedar Capital's failure to satisfy its payment obligations hereunder, the parties hereby unconditionally authorize the Porzio firm to release such excess amount in escrow to Cedar Capital. In the event of a Default, Plaintiffs by their counsel shall be entitled to make written demand upon the Porzio firm as escrow agent to pay to Plaintiffs' counsel all amounts remaining in escrow in an amount up to and including the remaining amounts owed under this Agreement. The Porzio firm, as escrow agent, shall pay such amounts to Plaintiffs' counsel within one (1) business day after such written demand to give Cedar Capital the ability to give a reasonable objection, which objection may only be made for bona fide good faith reasons if the amount demanded by Plaintiffs exceeds the amount owed by Cedar Capital and only to the extent of the alleged excess. Absent objection, the Porzio firm will remit payment to Plaintiffs' attorneys in the manner stated in paragraph 4 above. In the event Cedar Capital objects, and its objection is rejected by the Court, Defendants shall be jointly and severally liable for Plaintiffs' attorney's fees and all interest owed to the Porzio firm as escrow agent.

      8.    <u>Notices</u>. All notices shall be in writing and deemed delivered when sent if sent by email or facsimile, the next day if sent by overnight delivery and three days if sent by U.S. mail. Notices to Plaintiffs shall be given via email to:

      Douglas Gross
      Goetz Fitzpatrick, LLP
      1 Penn Plaza

4

New York, New York  10119
dgross@goetzfitz.com

Notices to Defendants shall be given to:

VIA OVERNIGHT MAIL AND EMAIL

Wa'el Chehab
Cedar Capital Management Group
747 Third Avenue, 2nd Floor
New York, NY 10017
wchehab@cedar-capital.com

And via email to

Gary M. Fellner
Porzio Bromberg & Newman, P.C.
156 West 56th Street
New York, New York  10019
gmfellner@pbnlaw.com

9.    Full and Independent Knowledge.  The parties represent and agree that they have thoroughly discussed all aspects of this Agreement with their attorneys, that they have carefully read and fully understand all the provisions of this Agreement, and that they are freely and voluntarily entering in this Agreement.

10.    Warranty of Authority to Settle.  Each of the individuals signing this Agreement on behalf of a party warrants that he or she has the authority to sign the Agreement and thereby to bind the parties on whose behalf he or she signs.

11.    Continuing Jurisdiction.  The United States District Court for the Southern District of New York shall retain exclusive jurisdiction to enforce the terms of this Agreement and for filing of the Confessions of Judgment.

12.    Release of Claims By Plaintiffs.  In consideration of the promises, and commitments set forth hereunder, Plaintiffs, on behalf of themselves, their past, present and future stockholders, officers, directors, agents, members, employees and all attorneys and other persons acting under them do hereby release, acquit and forever discharge Defendants and their assigns, members, owners, agents and employees, attorneys and other persons acting under them from any and all causes of action, obligations, costs, damages, losses, claims, demands, and benefits of whatever kind or nature, existing as of the date of this Agreement. Nothing herein shall be deemed to release Defendants' obligations under this Agreement. In other words, in the event of Defendants' Default under this Agreement, nothing herein shall be deemed to release any and all rights and remedies Plaintiffs possess to enforce this agreement by reason of such Default or any rights or remedies to enforce any judgments entered pursuant to the terms of this Agreement, including the Confessions of Judgment. Nothing herein shall be deemed to release any cause of action, obligation, cost, damage, loss, demand and benefit of any claim held by

5

T:\Gross Real Estate Developments\Cedar Capital confidential Settlement Agreement 10.2 10 s22 18A57 \Chinos\Real Estate Developments\Cedar Capital Confidential Settlement Agreement - (v.13 ber 12).docs

Michael Ghaida for funds loaned to Wa'el Chehab or any of his affiliates. Plaintiffs preserve any and all rights they may have to payment due under this Agreement and retention of payment paid pursuant to the terms of this Agreement in the event of any bankruptcy filing of either Defendant or a creditor's rights claim brought against Plaintiffs by reason of payments made to Plaintiffs pursuant to the terms of this Agreement.

13. <u>Release of Claims By Defendants</u>. In consideration of the promises and commitments set forth herein, Defendants on behalf of themselves, their past, present and future stockholders, officers, directors, agents, employees and all attorneys and other persons acting under them do hereby release, acquit and forever discharge Plaintiffs and their assigns, members, owners, agents and employees, attorneys and other persons acting under them from any and all causes of actions, obligations, costs, damages, losses, claims, demands and benefits of whatever kind or nature, existing as of the date of this Agreement.

14. <u>Stipulation of Discontinuance</u>. Upon payment in full, Defendants shall be entitled to a Stipulation of Discontinuance with prejudice from Plaintiffs and Plaintiffs will file same with the court.

15. <u>Confidentiality</u>. The parties agree on behalf of themselves, their employees, and their members and agents that they will keep the terms and contents of this Agreement completely confidential, and will not directly or through third parties publicize or disclose the conditions, terms or contents of this Agreement in any manner, whether orally or in writing, to any person not employed by or affiliated with a party. In response to any question from any non-party to this Agreement regarding the status of the claims released in this Agreement, the parties shall only state that the claims have been resolved to the mutual satisfaction of the parties. Notwithstanding the foregoing, a party's attorneys may discuss the terms and conditions of this Agreement with employees and members and agents and the employees or members may disclose the terms or conditions of this Agreement with their immediate family, attorneys, insurers and tax professionals and to a court if required by court order. Nothing herein shall be deemed to limit any party from making court filings to enforce this Agreement.

16. <u>Miscellaneous</u>.

A. This Agreement shall in all respects be interpreted, enforced and governed under the laws of the State of New York. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either party.

B. Should any provision of this Agreement be declared or determined to be illegal or invalid, the validity of the remaining terms or provisions shall not be affected thereby, and the illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement.

C. This Agreement set forth the entire understanding between the parties and fully supersedes any and all prior agreements and/or understandings, oral or written, between the parties pertaining to the subject matter of this Agreement. The parties acknowledge that, in executing this Agreement, they did not rely on any oral representations not contained in or contrary to any term or condition contained in this Agreement. Any modification of this Agreement shall be in writing, executed by the party to be charged.

6

3624667

T:\DGross\Real Estate Development v. Cedar Capital\Confidential Settlement Agreement - (v13 to v12o.docx7 T:\DGross\Real Estate Development v. Cedar Capital\Confidential Settlement Agreement - (v13 to v12).docx

D.    This Agreement may be executed in counterparts, each of which shall constitute an original, and all of which together will be deemed a single document.  Signatures exchanged by facsimile or by email shall be deemed originals for purposes of enforceability of this Agreement.

E.    The individuals signing below acknowledge and represent that they have full authority to sign this agreement on behalf of the entity stated below and that all other members any such entity consent thereto.

[signature pages to follow]

7

 

T:\DUrnos\Real Estate Development s. Cedar Capital Confidential Settlement Agreement - (v15 to v12) docx T:\DUrnos\Real Estate Development s. Cedar Capital Confidential Settlement Agreement - (v15 to v12).docx

DATED this _____ day of February, 2017

Plaintiffs:

REAL ESTATE DEVELOPMENT GROUP, LLC

By:_____
   Michael Ghaida
Its: Managing Member

_____
Hadi Darwiche

Defendants:

CEDAR CAPITAL MANAGEMENT GROUP, INC.

By:_____
   Wa'el Chehab
Its: Chief Executive Officer

_____
Wa'el Chehab, as to Paragraphs 1 (last sentence), 3, 8, 9,
10, 11, 13, 15 and 16 only

8

GOETZ FITZPATRICK, LLP,
as Escrow Agent as to Paragraph 3 only

By: _____  3/21/17
Douglas Gross

PORZIO BROMBERG & NEWMAN, P.C.,
as Escrow Agent

By: _____  3/21/17
Gary M. Fellner

T:\D\Gross\Real Estate Developments, Cedar Capital\Confidential Settlement Agreement - v11.docx

9

T:\D\Gross\Real Estate Developments, Cedar Capital\Confidential Settlement Agreement - v11.docx";"T:\D\Gross\Real Estate Developments, Cedar Capital\Confidential Settlement Agreement - v12.docx

**ADDENDA TO SETTLEMENT AGREEMENT AMONG REAL ESTATE DEVELOPMENT GROUP LLC, HADI DARWICHE, CEDAR CAPITAL MANAGEMENT GROUP, INC. AND WA'EL CHEHAB, DATED MARCH 21, 2017**

17.   Non-disparagement.  The respective parties, being Plaintiffs and Defendants, and their officers, directors, partners, members, managers, employees, and agents, expressly acknowledge, agree, and covenant that none of them will make any statements, comments, or communications, written or oral, to anyone that constitutes disparagement of ~~either Defendant~~the other parties or that may be reasonably considered derogatory, negative, or detrimental to the good name, standing, capability, acumen, and/or business reputation of ~~either Defendant.  Plaintiffs further recognize that this is a material term of the Agreement~~the other parties.  A breach of this nondisparagement clause shall entitle the disparaged party to pursue all legal remedies at law or equity.

Plaintiffs:

**REAL ESTATE DEVELOPMENT GROUP, LLC**

By: _____
     Michael Ghaida, Managing Member

**HADI DARWICHE**

Defendants:

CEDAR CAPITAL MANAGEMENT GROUP, INC.

By: _____
     Wa'el Chehab
     Chief Executive Officer

_____
Wa'el Chehab

3661090

T:\D\Group\Real Estate Development\v. Cedar Capital\Addendum to Settlement Agreement - (v2 to v3).docx

**ADDENDA TO SETTLEMENT AGREEMENT AMONG REAL ESTATE DEVELOPMENT GROUP LLC, HADI DARWICHE, CEDAR CAPITAL MANAGEMENT GROUP, INC. AND WA'EL CHEHAB, DATED MARCH 21, 2017**

17. <u>Non-disparagement</u>. The respective parties, being Plaintiffs and Defendants, and their officers, directors, partners, members, managers, employees, and agents, expressly acknowledge, agree, and covenant that none of them will make any statements, comments, or communications, written or oral, to anyone that constitutes disparagement of the other parties or that may be reasonably considered derogatory, negative, or detrimental to the good name, standing, capability, acumen, and/or business reputation of the other parties. A breach of this non-disparagement clause shall entitle the disparaged party to pursue all legal remedies at law or equity.

**Plaintiffs:**

**REAL ESTATE DEVELOPMENT GROUP, LLC**

By: _____
     **Michael Ghaida, Managing Member**

_____

**HADI DARWICHE**

**Defendants:**

**CEDAR CAPITAL MANAGEMENT GROUP, INC.**

By: _____
     Wa'el Chehab
     **Chief Executive Officer**

_____
Wa'el Chehab

**THIRD ADDENDA TO SETTLEMENT AGREEMENT AMONG REAL ESTATE
DEVELOPMENT GROUP LLC, HADI DARWICHE, CEDAR CAPITAL MANAGEMENT
GROUP, INC. AND WA'EL CHEHAB, DATED MARCH 21, 2017**

19.   Payment.  In consideration of the provisions of this Third Addenda, the parties hereto modify the schedule and terms and conditions of payment set forth in paragraph 1 of the original Settlement Agreement as shown below.  Cedar Capital agrees to pay the principal amount One Million Two Hundred Thousand Dollars ($1,200,000) to Plaintiffs, together with the interest indicated, made payable to Hadi Darwiche, on the following schedule:

(a)   The first payment of Two Hundred Thousand Dollars ($200,000) which was due on or before April 14, 2017 will instead be due June 30, 2017.  Interest of Twelve Percent (12%) per annum will accrue upon this Two Hundred Thousand Dollars ($200,000) from April 14, 2017 until date of payment of this amount;

(b)   The second payment of Three Hundred Thousand Dollars ($300,000) which is currently due June 30, 2017 will instead be due August 1, 2017.  Interest of Twelve Percent (12%) per annum will accrue upon this Three Hundred Thousand Dollars ($300,000) from June 30, 2017 until date of payment of this amount;

(c)   Three Hundred Thousand Dollars ($300,000) on or before September 30, 2017; and

(d)   Four Hundred Thousand Dollars ($400,000) on or before December 31, 2017.

These payments shall be guaranteed by Wa'el Chehab, the sole owner and CEO of Cedar Capital, solely to the extent provided in Paragraph 3 of the original Settlement Agreement and in this Second Addenda.  The interest due under subparagraphs (a) and (b) above shall control over paragraph 2 of the Settlement Agreement.

20.   Confessions of Judgment.  Modifying the original Settlement Agreement, the date of Default for purposes of Paragraph 3 of the Settlement Agreement shall continue to be May 22, 2017.  Cedar Capital and Wa'el Chehab acknowledge receipt of Notice of Default from Plaintiffs on May 8, 2017.  For purposes of filing Confessions of Judgment, the parties agree that, if Cedar Capital is in default under this Settlement Agreement, as amended, on November 22, 2017, then on or after that date Plaintiffs are entitled to immediately enforce the Confessions of Judgment.  If Cedar Capital timely pays all amounts due under Paragraph 19 of this Third Addenda prior to November 22, 2017, then Paragraph 3 of the original Settlement Agreement shall govern and this Paragraph 20 shall be deemed null and void.  Notwithstanding the foregoing, for purposes of determining the right to accelerate the debt, the new payment due dates shall govern.

Plaintiffs:                                              Defendants:

REAL ESTATE DEVELOPMENT                   CEDAR CAPITAL MANAGEMENT
GROUP, LLC                                           GROUP, INC.

By: _____                             By: _____
Michael Ghaida, Managing Member                   Wa'el Chehab
                                                     Chief Executive Officer

_____                                  _____
HADI DARWICHE                                      Wa'el Chehab

**SECOND ADDENDA TO SETTLEMENT AGREEMENT AMONG REAL ESTATE DEVELOPMENT GROUP LLC, HADI DARWICHE, CEDAR CAPITAL MANAGEMENT GROUP, INC. AND WA'EL CHEHAB, DATED MARCH 21, 2017**

18.    Additional Provisions Regarding Discontinuance and Breach.  The respective parties, being Plaintiffs and Defendants, hereby agree as follows:

(a)    Plaintiffs and Defendants, by their counsel, shall execute a Stipulation of Discontinuance, which will be without prejudice.  This Stipulation of Discontinuance without prejudice can be filed immediately in the existing action.

(b)    In the event Defendant Cedar Capital Management Group, Inc. defaults under this Settlement Agreement, and the amount that it owes to Hadi Darwiche is $75,000 or more then:

(i)    Defendants consent and agree that the United States District Court for the Southern District of New York has diversity jurisdiction to enforce the terms of the Settlement Agreement, including the Confessions of Judgment, and Defendants consent to the jurisdiction of this Court which shall have exclusive jurisdiction to resolve disputes arising under this Settlement Agreement, so long as the amount in controversy is $75,000 or more;

(ii)    Service of a Complaint enforcing the terms of this Settlement Agreement, including the Confessions of Judgment, can be served pursuant to overnight mail and email pursuant to paragraph 8 of the Settlement Agreement, which shall be deemed good and sufficient service;

(iii)    Defendants will be liable for and  pay on demand the filing fee, currently $400, incurred by Plaintiffs in filing a new federal action; and

(iv)    Defendants agree to take all reasonable and necessary acts to cooperate with, and to authorize, Plaintiffs in effecting necessary changes caused by Plaintiffs' need to file a new suit to enforce the terms of the Settlement Agreement, including, but not limited to, authorizing Plaintiffs to place the new index number on the Confessions of Judgment.

Plaintiffs:                                              Defendants:

REAL ESTATE DEVELOPMENT              CEDAR CAPITAL MANAGEMENT
GROUP, LLC                                          GROUP, INC.

By: _____          By: _____
Michael Ghaida, Managing Member              Wa'el Chehab
                                                          Chief Executive Officer

_____                  _____
HADI DARWICHE                                  Wa'el Chehab

T:\Darwiche\Real Estate Developments - Cedar Capital\Second Addendum to Settlement Agreement.docx

# EXHIBIT D

## NOTICE OF DEFAULT

July 20, 2017

VIA EMAIL AND OVERNIGHT MAIL

To:    Wa'el Chehab
        Cedar Capital Management Group, LLC
        747 Third Avenue, 2nd Floor
        New York, NY 10017
        wchehab@cedar-capital.com

        Gary M. Fellner, Esq.
        Porzio Bromberg & Newman, P.C.
        156 West 56th Street, Suite 803
        New York, NY 10019
        gmfellner@pbnlaw.com

        Pursuant to paragraph 19(a) of the Third Addendum to the Confidential Settlement Agreement ("Original Agreement") made between Real Estate Development Group, LLC ("REDG") and Hadi Darwiche (collectively "Plaintiffs") and Cedar Capital Management Group, Inc. ("Cedar Capital") and Wa'el Chehab (collectively "Defendants"), Plaintiffs, by their attorneys Goetz Fitzpatrick LLP, hereby give written Notice of non-payment by the due date of June 30, 2017 of $200,000 due to Hadi Darwiche under paragraph 1(a) of the Agreement.

        Defendants shall take further Notice that if the non-payment is not cured on or before July 31, 2017, Cedar Capital shall be in Default and all remaining amounts owed by Cedar Capital under paragraph 1 of the Original Agreement (as amended) are automatically accelerated and immediately due and owing, with interest at the rates provided.

                      Douglas Gross

cc:    Mr. Hadi Darwiche (by email)
       REDG (by email)

T:\DGross\Real Estate Development\v. Cedar Capital\Notice of Default.docx

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

HADI DARWICHE, and REAL ESTATE
DEVELOPMENT GROUP, LLC

                                 Plaintiffs,                   Case No.:

             v.

CEDAR CAPITAL MANAGEMENT GROUP, INC.
and WAEL CHEHAB a/k/a WA'EL CHEHAB,

                                Defendants.
-------------------------------------------------------------------X

State of New York   )
                   )
County of New York )

### AFFIDAVIT OF DOUGLAS GROSS IN SUPPORT OF PLANTIFF'S APPLICATION FOR ENTRY OF JUDGMENT PURSUANT TO AFFIDAVITS OF CONFESSSION OF JUDGMENT

      Douglas Gross, being duly sworn, deposes and says:

      1.     I am an attorney of Goetz Fitzpatrick LLP, counsel for Plaintiffs Hadi Darwiche

("Darwiche") and Real Estate Development Group, LLC ("REDG") (collectively "Plaintiffs") in

the above-referenced action.  I make this Affidavit in support of Plaintiffs' Application to Entry

of Judgment Pursuant to Affidavits of Confession of Judgment against defendants Cedar Capital

Management Group, Inc. ("Cedar") and Wael Chehab a/k/a Wa'el Chehab ("Chehab")

(collectively Cedar and Chehab will be referred to as "Defendants").

      2.     The Affidavits of Confession of Judgment of each Defendant are attached as

Exhibits A and B to the Complaint. Pursuant to these Affidavit of Confession of Judgment, upon

submission of an affidavit from the law firm representing Plaintiffs that an uncured default has

occurred, counsel for Plaintiffs is entitled to enter judgment by confession by stating the sum

contain due after give credit for all payments made on account to Plaintiffs.

3.  Defendants have made no payments on account, so Plaintiffs are entitled to enter judgment against Defendants in the sum of $1,200,000.

4.  Plaintiffs respectfully request to be relieved of any obligation to submit a Memorandum of Law. A United States District Court setting in New York is authorized to enter judgment pursuant to confessions of judgment Xerox Corp. v. West Coast Litho Inc., 251 F. Supp. 3d 534 (W.D.N.Y 2017). In Xerox, the District Court explicitly held that even though the Federal Rules of Civil Procedure have no provisions that govern entry of judgments by confession, a federal court has the authority to enter judgment by confession so long as there is subject matter jurisdiction, which there is here, and the confessions of judgment was "voluntarily, knowingly and intelligently made." Id. at 538. Here the confessions of judgment were extensively negotiated by counsel after the parties reached a mediated settlement before Magistrate Judge Sarah Netburn in Real Estate Development Group, LLC v. Cedar Capital Management Group, Inc., 1:16-cv-05308-LTS-SN. The confessions of judgment were voluntarily, knowingly and intelligently made. See also Delta Leasing Servs. Corp. v. Grand Prix Auto Wholesaling, Inc., 90 Civ. 7183 (RPP), 1994 WL 256769 (S.D.N.Y. June 2, 1994) (granting motion directing entry of the confessions of judgment).

5.  By reason of the foregoing, as attorneys for Plaintiffs, we respectfully request entry of confessions of judgment against Cedar Capital Management Group Inc. and Wael Chehab a/k/a Wa'el Chehab in the amount of One Million Two Hundred Thousand Dollars ($1,200,000). A proposed judgments is attached hereto as Exhibit 1.

Dated: New York, New York
        November 22, 2017

_____
Douglas Gross

T:\DGross\Real Estate Development\v. Cedar Capital\Affidavit - Gross 11-20-17.docx

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

HADI DARWICHE, and REAL ESTATE
DEVELOPMENT GROUP, LLC

                          Plaintiffs,               Case No.:

v.                         **JUDGMENT**

CEDAR CAPITAL MANAGEMENT GROUP, INC.
and WAEL CHEHAB a/k/a WA'EL CHEHAB,

                          Defendants.
------------------------------------------------------------------X

       WHEREAS this matter having come before the Honorable _____, United

States District Court Judge, and the Defendants having each executed confessions of judgment in

the principal sum of $1,200,000, and the Court thereafter on _____ ___, 2017 having

rendered an Order directing the Clerk of the Court to enter final judgment as against Defendants

in the amount of $1,200,000.

       ORDERED, ADJUDGED AND DECREED:  That judgment is entered against

Defendants in the amount of $1,200,000.


Dated: New York, New York           CLERK OF COURT

       _____ ___, 2018            _____

T:\DGross\Real Estate Development\v. Cedar Capital\Judgment - 11-20-17.docx

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

Case No.: 17-cv-9154

HADI DARWICHE, and REAL ESTATE
DEVELOPMENT GROUP, LLC

Plaintiffs,

v.

CEDAR CAPITAL MANAGEMENT GROUP, INC.
and WAEL CHEHAB a/k/a WA'EL CHEHAB,

Defendants.
-------------------------------------------------------------------X

## <u>NOTICE OF MOTION FOR ENTRY OF JUDGMENT BY CONFESSION</u>

**PLEASE TAKE NOTICE** that upon the Affidavit of Douglas Gross in Support of

Plaintiffs' Application for Entry of Judgment Pursuant to Affidavits of Confession of Judgment,

and all prior pleadings, motions, declarations, and exhibits filed in this action, Plaintiffs Hadi

Darwiche and Real Estate Development Group, LLC, shall move this Court, before the

Honorable Laura T. Swain at the Daniel Patrick Moynihan United States Courthouse, Courtroom

17C, 500 Pearl Street, New York, New York 10007, on February 26, 2018, for an order entering

a judgment in the amount of $1,200,000.00, together with interest from November 22, 2017,

against Defendants Cedar Capital Management Group, Inc., and Wael Chehab a/k/a We'el

Chehab, jointly and severally, pursuant to executed confessions of judgment.

[REMAINING PORTION OF PAGE INTENTIONALLY LEFT BLANK]

Dated: New York, New York
      January 24, 2018

Respectfully submitted,

GOETZ FITZPATRICK LLP

By:_____
     Douglas Gross
     One Penn Plaza, Suite 3100
     New York, New York 10119
     (212) 695-8100

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing, the Affidavit of Douglas Gross in Support of Plaintiffs' Application for Entry of Judgment Pursuant to Affidavits of Confession of Judgment were served via ECF on all counsel of record on this 24th day of January, 2018.

By: _____
             Douglas Gross

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

Case No.: 17-cv-9154

HADI DARWICHE, and REAL ESTATE
DEVELOPMENT GROUP, LLC

                                   Plaintiffs,

            v.

CEDAR CAPITAL MANAGEMENT GROUP, INC.
and WAEL CHEHAB a/k/a WA'EL CHEHAB,

                                   Defendants.
------------------------------------------------------------------X

State of New York    )
                     )
County of New York   )

### AFFIDAVIT OF DOUGLAS GROSS IN SUPPORT OF PLANTIFFS' APPLICATION FOR ENTRY OF JUDGMENT PURSUANT TO AFFIDAVITS OF CONFESSION OF JUDGMENT

Douglas Gross, being duly sworn, deposes and says:

1.      I am an attorney of Goetz Fitzpatrick LLP, counsel for Plaintiffs Hadi Darwiche ("Darwiche") and Real Estate Development Group, LLC ("REDG") (collectively "Plaintiffs") in the above-referenced action.  I make this Affidavit in support of Plaintiffs' Application to Entry of Judgment Pursuant to Affidavits of Confession of Judgment against defendants Cedar Capital Management Group, Inc. ("Cedar") and Wael Chehab a/k/a Wa'el Chehab ("Chehab") (collectively Cedar and Chehab will be referred to as "Defendants").

2.      The Affidavits of Confession of Judgment of each Defendant are attached as Exhibits A and B to the Second Amended Complaint. Pursuant to these Affidavit of Confession of Judgment, upon submission of an affidavit from the law firm representing Plaintiffs that an uncured default has occurred, counsel for Plaintiffs is entitled to enter judgment by confession by stating the sum contain due after give credit for all payments made on account to Plaintiffs.

3.    Defendants have made no payments on account, so Plaintiffs are entitled to enter judgment against Defendants in the sum of $1,200,000.

4.    Plaintiffs respectfully request to be relieved of any obligation to submit a Memorandum of Law.  A United States District Court setting in New York is authorized to enter judgment pursuant to confessions of judgment <u>Xerox Corp. v. West Coast Litho Inc.</u>, 251 F. Supp. 3d 534 (W.D.N.Y 2017).  In <u>Xerox</u>, the District Court explicitly held that even though the Federal Rules of Civil Procedure have no provisions that govern entry of judgments by confession, a federal court has the authority to enter judgment by confession so long as there is subject matter jurisdiction, which there is here, and the confessions of judgment was "voluntarily, knowingly and intelligently made." <u>Id</u>. at 538.  Here the confessions of judgment were extensively negotiated by counsel after the parties reached a mediated settlement before Magistrate Judge Sarah Netburn in <u>Real Estate Development Group, LLC v. Cedar Capital Management Group, Inc.</u>, 1:16-cv-05308-LTS-SN.  The confessions of judgment were voluntarily, knowingly and intelligently made.  <u>See also</u> <u>Delta Leasing Servs. Corp. v. Grand Prix Auto Wholesaling, Inc.</u>, 90 Civ. 7183 (RPP), 1994 WL 256769 (S.D.N.Y. June 2, 1994) (granting motion directing entry of the confessions of judgment).

5.    By reason of the foregoing, as attorneys for Plaintiffs, we respectfully request entry of confessions of judgment against Cedar Capital Management Group Inc. and Wael Chehab a/k/a Wa'el Chehab in the amount of One Million Two Hundred Thousand Dollars ($1,200,000).  A proposed judgment is attached hereto as Exhibit 1.

Dated:  New York, New York
        January 24, 2018

                                                    _____
                                                    Douglas Gross

T:\DGross\Real Estate Development\v. Cedar Capital\Affidavit - Gross 11-20-17.docx

2

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

HADI DARWICHE, and REAL ESTATE
DEVELOPMENT GROUP, LLC

                            Plaintiffs,                Case No.: 17-cv-9154

             v.                       **JUDGMENT**

CEDAR CAPITAL MANAGEMENT GROUP, INC.
and WAEL CHEHAB a/k/a WA'EL CHEHAB,

                            Defendants.
-------------------------------------------------------------------X

      WHEREAS this matter having come before the Honorable Laura T. Swain, United States

District Court Judge, and the Defendants having each executed confessions of judgment in the

principal sum of $1,200,000, and the Court thereafter on _____, 2018 having rendered an

Order directing the Clerk of the Court to enter final judgment as against Defendants in the

amount of $1,200,000 plus interest from November 22, 2017.

      ORDERED, ADJUDGED AND DECREED:  That judgment is entered against

Defendants in the amount of $1,200,000 plus interest from November 22, 2017

Dated:  New York, New York            CLERK OF COURT

      _____, 2018            _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

HADI DARWICHE and REAL ESTATE
DEVELOPMENT GROUP, LLC,

          Plaintiffs,

     -v-                                    No.  17-CV-9154-LTS

CEDAR CAPITAL MANAGEMENT
GROUP, INC. and WAEL CHEHAB, a/k/a
WA'EL CHEHAB,

          Defendants.

-------------------------------------------------------x

<u>ORDER</u>

On November 22, 2017, Plaintiffs Hadi Darwiche ("Darwiche") and Real Estate

Development Group, LLC ("REDG," and together with Darwiche, "Plaintiffs") commenced this

action to enter judgment upon two Affidavits of Confessions of Judgment (the "Confessions of

Judgment") tendered by Defendants Cedar Capital Management Group, Inc. ("Cedar Capital")

and Wael Chehab a/k/a Wa'el Chehab ("Chehab", and together with Cedar Capital,

"Defendants") in connection with the settlement of an earlier action between the parties.

(Docket Entry No. 1.)  Counsel for Defendants appeared in the above-captioned action on

December 12, 2017.  (Docket Entry No. 7.)  On January 24, 2018, Plaintiffs filed a Second

Amended Complaint ("SAC").  (Docket Entry No. 11.)  That same day, Plaintiffs moved for an

order entering judgment in the amount of $1,200,000.00, together with interest from November

22, 2017, against Defendants, jointly and severally, pursuant to the Confessions of Judgment.

(Docket Entry No. 12.)  Defendants have not filed any opposition to that motion nor any

submission regarding the above-captioned action.

The Court has reviewed carefully the Plaintiffs' submissions, and grants

Plaintiffs' motion.  The Clerk of Court is directed to enter judgment in the amount of

$1,200,000.00, plus interest calculated pursuant to the 5% interest rate agreed upon by the parties

in the settlement agreement appended to the SAC (<u>see</u> Exhibit C, SAC, Docket Entry No. 11-3,

at 3), from November 22, 2017, through the date of this order, totaling $15,945.21, for a total

judgment of $1,215,945.21, against each defendant, jointly and severally, and thereupon to close

the case.

This Order resolves Docket Entry No. 12.


SO ORDERED.


Dated: New York, New York
       February 27, 2018


                                        ___/s/ Laura Taylor Swain_____
                                        LAURA TAYLOR SWAIN
                                        United States District Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
HADI DARWICHE and REAL ESTATE
DEVELOPMENT GROUP, LLC,

                 Plaintiff,

      -against-

CEDAR CAPITAL MANAGEMENT GROUP,
INC., and WAEL CHEHAB, a/k/a WA'EL
CHEHAB,

                 Defendant.
-----------------------------------------------------------X

17 **CIVIL** 9154 (LTS)

**JUDGMENT**

       It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons

stated in the Court's Order dated February 27, 2018, Plaintiffs' motion is granted, and judgment

is hereby entered in the amount of $1,200,000, plus interest calculated pursuant to the 5%

interest rate agreed upon by the parties in the settlement agreement appended to the SAC (see

Exhibit C, SAC, Docket Entry No. 11-3, at 3), from November 22, 2017, through February 26,

2018, the date of the order, totaling $15,945.21, for a total judgment of $1,215,945.21 against

each defendant, jointly and severally; accordingly, this case is closed.

**Dated:** New York, New York
       February 28, 2018


               **RUBY J. KRAJICK**
               **Clerk of Court**

  **BY:**

               **Deputy Clerk**

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON 2/28/2018