# McKool Smith

Daniel W. Levy
Direct Dial: (212) 402-9412
E-mail: dlevy@mckoolsmith.com

One Manhattan West
395 Ninth Avenue, 50th Floor
New York, NY 10001

Telephone: (212) 402-9400
Facsimile: (212) 402-9444

July 13, 2023

By ECF
The Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
500 Pearl Street, Room 2270
New York, New York  10007

> Re: Stein and Lhote v. Skatteforvaltningen
> 23 Civ. 2508 (NRB)

Dear Judge Buchwald:

We write pursuant to Section 2.E of your Honor's Individual Practices to outline the substantive arguments advanced by Plaintiffs-Counterclaim Defendants Matthew Stein ("Stein") and Jerome Lhote ("Lhote") in their motion to dismiss the amended counterclaims filed by Defendant Skatteforvaltningen ("SKAT").  ECF No. 48 ("SKAT Countercl.").

Stein and Lhote respectfully request that the Court conduct oral argument on the motion.

**The Settlement Agreement (pp. 3-5).**  SKAT's counterclaims arise out of a settlement agreement that SKAT entered into with Stein, Lhote, Counterclaim Defendant Luke McGee ("McGee") and others in 2019 (the "Settlement Agreement").  The Settlement Agreement resolved potential claims by SKAT against Stein, Lhote, McGee, and others in relation to applications for refunds on taxes withheld in Denmark.

**Payments Under The Settlement Agreement (pp. 5-9).**  The Settlement Agreement provided, in general, for two sets of payments:

**(1)    Payments Made Shortly After Execution of the Settlement Agreement (p. 6).**  The parties to the Settlement Agreement would make an initial cash payment of 950 million Danish kroner (DKK) to SKAT.

Once this payment was completed, SKAT "forever and finally generally release[d], waive[d] and discharge[d]" the settling parties from all claims broadly associated with the dividend tax refund applications at issue.  No party disputes receipt of the initial cash payment under the Settlement Agreement and, as a result, no party disputes that SKAT irrevocably released the settling parties relating to tax refund applications.

The Honorable Naomi Reice Buchwald
July 13, 2023
Page 2

**(2)   Payments To Be Made Later On (pp. 7-8).**  The settling parties would make further payments of various amounts by May 28, 2023.  These subsequent payments are the remainder of the Final Settlement Amount, as defined in the Settlement Agreement.

**SKAT's Counterclaims (pp. 14-15).**  SKAT alleges that Stein, Lhote, and McGee breached their contractual obligations to complete the second set of payments under the Settlement Agreement.

**The Sole Remedy Provision of the Settlement Agreement (pp. 12-14).**  In the Settlement Agreement, the parties agreed that SKAT would have one remedy -- and one remedy alone -- for a failure by Stein, Lhote, McGee, and the other settling parties to complete the second set of payments.  Specifically, the parties agreed (emphasis added) that:

> In the event that the Covered Parties [Stein, Lhote, McGee, and the other settling parties] timely complete the Initial Cash Payment . . . , then [SKAT]'s *sole remedy* for the Covered Parties' failure to pay the remainder of the Final Settlement Amount shall be the filing of the Affidavit of Confessions of Judgment against [Stein, Lhote, and McGee only] as set forth in Section 5(c).

**Affidavits of Confession of Judgment Under New York Law (pp. 9-12; 22-25).**  An affidavit of confession of judgment is a creature of New York law, specifically, CPLR 3218.  An affidavit of confession of judgment that satisfies the strict requirements of CPLR 3218 permits a plaintiff to obtain "a judgment by confession" "without an action, either for money due or to become due, or to secure the plaintiff against a contingent liability in behalf of the defendant."  CPLR 3218(a).

The purpose of an affidavit of confession of judgment is simple and, indeed, this is why SKAT, Stein, Lhote, and McGee bargained for it and agreed to it as the sole remedy under the Settlement Agreement.

A judgment debtor confesses that it owes the creditor a sum certain specified in the affidavit of confession of judgment and provides the creditor the right to enforce the affidavit without the cost, time, delay, and uncertainty of litigation.  The sum to which the debtor confesses, which must appear on the face of the affidavit, CPLR 3218(a)(1), is one reason why an affidavit of confession of judgment is efficient.  There is never a need to take discovery as to what amount is owed because the debtor has already confessed to the sum certain.

**The Sole Remedy Provision Is Enforceable (pp. 17-19).**  The sole remedy provision of the Settlement Agreement is clear and unambiguous and, as a result, enforceable.  Such provisions are routinely enforced under New York law.

**The Sole Remedy Provision Is Unambiguous (pp. 19-21).**  The sole remedy provision means what it says.  SKAT is bound to the one remedy provided in the Settlement Agreement and may not, consistent with the Settlement Agreement, either bring breach of contract claims or receive contract damages in the event of an alleged failure of Stein, Lhote, or McGee to pay the remainder of the Final Settlement Payment.

4879-2378-0718

The Honorable Naomi Reice Buchwald
July 13, 2023
Page 3

SKAT bargained away its right to bring breach of contract claims and seek breach of contract damages to compel payment of the remainder of the Final Settlement Amount and it cannot now attempt to circumvent its bargained-for remedy of filing the affidavit of confession of judgment.  Nor can it invent procedures that do not exist under New York law.

**Bringing Breach of Contract Claims Is Not The Manner To Enforce An Affidavit of Confession of Judgment (pp. 22-25).**  It is entirely inconsistent with the purpose of an affidavit of confession of judgment to file breach of contract claims.  An affidavit of confession of judgment provides a simple means to an end: a judgment debtor confesses it owes the creditor a sum and provides the creditor the right to enforce a judgment for that sum *without litigation*.

Counsel has found no case in which a party holding an affidavit of confession of judgment *first* brought an action for breach of contract and *then* filed the affidavit of confession of judgment that it already had *after* the breach of contract action was resolved.  The whole point of an affidavit of confession of judgment is to obviate the need for a separate contract action.

Nor has counsel found any case in which a party with an affidavit of confession of judgment *first* filed a breach of contract action, *then* took discovery as part of it, *then* resolved the contract action, including the amount of damages, and *then* filed an affidavit of confession of judgment that it already had, but with the newly determined amount of damages filled in.  That too is to mix-and-match provisions of the CPLR that are inconsistent with each other.

As a result, the Court should dismiss SKAT's breach of contract claims.

**Scheduling.**  Pursuant to the Court's Order, dated May 23, 2023, SKAT's opposition to the motion is due on or before August 3, 2023, and Stein and Lhote's reply is due 11 days thereafter.

Respectfully submitted,

/s/

Daniel W. Levy

cc:     All Counsel (by ECF)

4879-2378-0718