*Stein et al. v. Skatteforvaltningen*,
23 Civ. 2508 (NRB)

Supplemental Declaration of Daniel W. Levy,
sworn to on August 14, 2023

# Exhibit F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ANTHONY C. VARBERO

                                             Case No.:

        Plaintiff,

     -against-

                                   **COMPLAINT**

ANASTASIOS P. BELESIS, TOMTAB LLC, (a
Delaware limited liability company 2008)
ANASTASIOS BELESIS IRR TRUST UA DATED
SEPT. 2008, CROWN ENTERPRISES (a Delaware
limited liability company), LUGANO VENTURES,
LLC (a Nevada limited liability company), and
TABITHA BELESIS.

        Defendant.
---------------------------------------------------------------X
**COMES NOW,** Plaintiff Anthony C. Varbero ("Mr. Varbero" or the "Plaintiff") by and through

his undersigned counsel, J. Iandolo Law, PC with offices located at 7621 13th Avenue, Brooklyn,

New York 11228, for his Complaint alleges upon information and belief:

## I.     PRELIMINARY STATEMENT

1.     Defendant Anastasis P. Belesis ("Belesis") is the former President and Chief

Executive Officer of now defunct broker dealer, John Thomas Financial ("JTF"). During 2012

and 2013, Belesis and JTF faced regulatory investigations resulting in Belesis' lifetime ban from

the securities industry, JTF's expulsion as a broker-dealer, and heavy fines.

2.     Dozens of JTF's former clients sued Belesis, claiming they were victims of

various multi-million-dollar securities fraud schemes.  In 2015, Belesis retained Plaintiff as

counsel to defend against the millions of dollars in lawsuits commenced by former JTF clients.

3.      For approximately half a decade, Plaintiff successfully represented Belesis in defending against, and advising in claims asserted by JTF's former clients, against Belesis in over $30,000,000.00 in state, federal, and FINRA arbitrations. Over this time, Belesis made written and oral representations that he would satisfy his outstanding legal fees associated with his defense, including executing two promissory notes. Plaintiff brings this claim against Belesis to obtain judgment on promissory notes he executed.

4.      Plaintiff asserts claims against the remaining defendants for their role in aiding and abetting Belesis defraud and avoid paying creditors. To this end, Defendants use a series of sham corporations to transfer assets and property without consideration, as well as shuttle money in and out of their bank accounts to pay for the individual defendants extravagant lifestyle that includes their Tribeca home, membership to an upscale cigar club, and extended trips to Dubai, St. Kitts, Miami, and California.

5.      This scheme and the tactics used by Belesis to hinder and delay payment to his creditors is well documented in this court. Since 2014, judgements against Belesis with similar claims have been made and eventually satisfied after protracted litigation in this venue, including the following cases:

- *Kerr v. John Thomas Financial, et al*; 14-cv-09168

- *Boonie v. Belesis et al;* 1:17-cv-05134

- *Securities and Exchange Commission v. Belesis*; 1:17-mc-00508

- *Belesis et al v. Lowery*; 1:15-cv-02633

6.      Thus, despite Belesis's sworn testimony in 2015 to be penniless, unemployed, and without any assets, he has managed to satisfy approximately $3 million in judgements when ordered by this court.

'

## II.    JURISDICTION AND VENUE

7.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that the action involves a dispute between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8.    Venue is proper pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to Plaintiffs claims occurred in this District, and a substantial part of property that is the subject of the action is situated in this District.

## III.    PARTIES

9.    Plaintiff, Anthony C. Varbero, is a Florida resident. Belesis retained Plaintiff as his attorney to defend against the dozens of lawsuits commenced against Belesis by former JTF clients. Belesis signed two promissory notes totaling $835,000 to repay Plaintiff for legal services provided by Plaintiff.

10.    Defendant Anastosis P. Belesis ("Belesis" or "Anastosis") is a resident of the State of New York, and at all times relevant hereto was the President and Chief Executive Officer of John Thomas Financial. On October 17, 2014, the United States Securities & Exchange Commission filed a Cease and Desist Action against John Thomas Financial and Anastasios P. Belesis, alleging of Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act and Rule l0b-5 thereunder, and Sections 206(1), 206(2) and 206(4) of the Advisers Act and Rule 206(4)-8 thereunder, and among other things involving John Thomas Bridge & Opportunity Fund, II. (In the Matter of John Thomas Financial, Inc., et al. SEC Administrative

Proceeding File No. 3-15255 (Oct. 17, 2014), and on January 9, 2015, the Financial Industry Regulatory Authority ("FINRA") found that John Thomas Financial and Anastasios P. Belesis, in addition to providing false information to FINRA, were found to have engaged in "fraud, intimidation, and the falsification of book and records. (*Department of Enforcement v. John Thomas Financial, Inc*., Disciplinary Proceeding No. 20120334673-0 l (Jan. 9, 2015)). Belesis and JTF have been barred by FINRA.

11.     Defendant TOMTAB LLC ("TOMTAB") is a Delaware limited liability company with its principal place of business at 60 Beach Street, Apt. 1-A, New York, New York 10013. TOMTAB is solely owned and controlled by Tabitha Belesis.

12.     Defendant 2008 Anastasios Belesis Irrevocable Trust UA Dated Sept. 2008 (the "Trust") is a trust created under the laws of the State of New York. Belesis' brother George Belesis, serves as Trustee of the Trust.

13.     Defendant Crown Enterprises, LLC ("Crown Enterprises") is a Delaware limited liability company with its primary place of business located at 60 Beach Street, Apt. 1-A, New York, New York 10013 in New York County. Tabitha Belesis solely owns and controls Crown Enterprises.

14.     Defendant Lugano Ventures, LLC ("Lugano Ventures") is a Nevada limited liability company with its primary place of business 60 Beach Street, Apt. 1-A, New York, New York 10013.

15.     Defendant Tabitha Belesis ("Tabitha" or "Mrs. Belesis") resides at 60 Beach Street, Apt. 1-A, New York, New York 10013. As stated above, she is the purported manager and sole owner of TomtTab, Crown Enterprises, Lugano Ventures.

**COUNT ONE**

**Breach of Contract- Promissory Note**
(*against Anastasios Belesis*)

16.    On April 17, 2019, Belesis executed a Promissory Note and Confession of

Judgment unconditionally promising to pay Plaintiff the sum of $550,000 payable on or before

September 1, 2019 (Exhibit "A").

17.    The Promissory Note and Confession of Judgment also provides that:

> Security. This Note is secured by a Confession of Judgement by
> Maker and against all assets and accounts receivable of Maker. In
> addition to the remedies set forth in this Promissory Note, Holder
> may, without notice, enter Judgement pursuant to the Confession of
> Judgement, against Maker upon any event of default set forth in
> Paragraph 4. The security interest created may be foreclosed by
> Holder, without notice, upon any event of default set forth in
> Paragraph 4 hereof.

April 17, 2019 Promissory Note at 6) (Exhibit "A").

18.    On May 3rd, 2019, Belesis executed a Promissory Note and Confession of

Judgment unconditionally promising to pay Plaintiff the sum of $325,000 payable on or before

September 1, 2019 (Exhibit "B").

19.    The Promissory Note and Confession of Judgment also provides that:

> Security. This Note is secured by a Confession of Judgement by
> Maker and against all assets and accounts receivable of Maker. In
> addition to the remedies set forth in this Promissory Note, Holder
> may, without notice, enter Judgement pursuant to the Confession of
> Judgement, against Maker upon any event of default set forth in
> Paragraph 4. The security interest created may be foreclosed by
> Holder, without notice, upon any event of default set forth in
> Paragraph 4 hereof.

May 3, 2019 Promissory Note at 6) (Exhibit "B").

20.    Plaintiff provided written notice to Belesis of his default of both notes.

21.    As of even date, no payments have been made under the Notes.

**WHEREFORE,** Plaintiff requests that Judgment be entered against Belesis for:

a)      $875,000;

b)      interest at the legal rate;

c)      reasonable attorney's fees and cost of suit; and

d)      any other relief that is just, fair and equitable.

## COUNT TWO
### Breach of Contract -Alter Ego & Piercing the Corporate Veil
### (against all Defendants)

22.      Plaintiff incorporates and realleges the allegations set forth above in paragraphs 1 through 21, inclusive, by refence.

23.      For the better part of the last decade, Belesis has used various corporate entitles and the Trust to shield his assets from known creditors or protentional creditors.

24.      Defendants TomTab, Crown Enterprises, and Lugano Ventures are commonly owned by Tabitha and maintain a principle place of business located at 60 Beach Street, the address where the Belesis family resides.

25.      During a deposition in December 2015, Belesis testified under oath that he was "penniless" and had transferred all of his assets to his wife at some point between 2012 and 2013. Belesis further testified that the assets included all of his checking accounts, bank accounts, stocks, securities, and property.

26.      In March 2012, on or about the same time the regulatory investigations began against Belesis and JTF, Anastasois and Tabitha transferred their interest in their condominium located at 60 Beach Street to TomTab for no consideration.

27.      In April 2013, approximately two months prior to JTF closing its doors as a result of regulatory investigations, Belesis transferred his ownership interest in two

condominiums located at 200 Rector Place to the Centurion Trust, a family trust for the

Belesis' son, for no consideration.

28.    In August 2014, the Rector properties were sold for a combined $1.3 million.

29.    In October 2014, Belesis transferred his interest in Lugano Ventures to his

wife, Tabitha, for no consideration. During this time, Belesis was in the midst of defending

multiple customer arbitrations stemming from their account at JTF, including the underlying

*Kerr* and *Lowery* claims.

30.    In May 2016, Belesis, by and through TomTab, secured a $4.1 million

mortgage on the 60 Beach Street condominium.

31.    In support of this mortgage, Belesis filed a Personal Guaranty and Personal

Financial Statement in April 2016 representing his finances as follows:

- Securities:          $485,500.00
- Cash on hand:     $150,00.00
- Art & Furniture:  $150,000.00
- Real Estate:        $11,081,400.00
- Assets:              $144,148,400.00

32.    Upon information and belief, the figures Belesis represented on his Personal

Guaranty and Personal Financial Statement in April 2016 encompass the assets and

funds that belong to the other named defendants to this action.

33.    Belesis, through TomTab, retained CKR Law, LLP ("CKR Law") to represent

TomTab on the refinance of the condominium which netted the Defendants mortgage

proceeds in the amount of $4.1 million.

34.    In connection with the 60 Beach Street transaction, TomTab and Tabitha

Belesis were required to execute a Loan Proceeds Disbursement Authorization. The

Loan Proceeds Disbursement Authorization identified the following disbursements to

CKR Law:

| CKR Law (Borrower's Counsel-Legal Fees-This Matter | $50,000.00 |
|---|---|
| CKR Law (Borrower's Counsel-Legal Fees- Lords International HK Ltd.) | $320,000.00 |
| CKR Law (Net Proceeds To Be Held for the Borrower) | $ 477,258.80 |

35.    Subsequent filings in this court indicate CKR Law transferred the
$477,258.80 to the Lugano Ventures' account, which is operated and controlled by
Tabitha Belesis. Court filings further indicate that funds from the Lugano Ventures
account were shuttled into Mrs. Belesis personal account, the Crown Enterprises'
accounts, the Trust account, and used to sustain the couples' personal monthly
expenses.

36.    For example, debit card and ATM transactions for the Crown Enterprises
account indicate purchases at nail salons, juice bars, cigar stores, and ATM
withdrawals at the Grand Havana Room, a private cigar club that Belesis belongs to
as a member. Further, Belesis used the Crown Enterprises account while he was in
Dubai.

37.    In a sworn declaration, dated October 16, 2016, CKR Law represented to this
court the $320 thousand identified as "Borrower's Counsel-Legal Fees- Lords
International HK Ltd." were transferred to CKR Law as payment for legal services
rendered on behalf of Lords, not Mr. Belesis.  The CKR Law declaration further
states that the firm is not aware of any ownership interest that Belesis has in Lords,
nor aware of any funds held on behalf of Lords for the benefit of Belesis.

38.    On or about the date as the CKR Law declaration, Belesis verbally and through email represented that he was the Executive Chairman of Lords International HK.

39.    In January 2017, CKR Law emailed Plaintiff "[a]t the request of Anastasios Belesis, by this email I confirm I will be traveling to Dubai this week in connection with the pending [Lords International] transaction from which Mr. Belesis is to be paid a facilitation fee.

40.    Upon information and belief, the "facilitation fee" referenced in the CKR Law email has been paid to a foreign business entity owned directly or indirectly by the Defendants.

**COUNT THREE**
**Setting Aside Fraudulent Conveyances pursuant to DCL § 273, § 275, § 276**
**(*against all Defendants*)**

41. Plaintiff incorporates and realleges the allegations set forth above in paragraphs 1 through 40, inclusive, by refence.

42.    Defendant Belesis has sworn under oath that between 2012 and 2013 he conveyed all of his assets to his wife and the Trust without any consideration.

43.    As result of the conveyances without consideration, Defendant Belesis is "penniless" and insolvent.

44.    At or prior to the time of the conveyances for no consideration, Belesis believed the regulatory investigation he faced at JTF as well as the numerous customer arbitrations against him from former JTF customers would render him insolvent.

45.    For nearly a decade, the Defendants have acted in concert by shuffling assets between each other for no consideration in a concentrated effort to hinder and delay payment to creditors.

46.     The Defendants efforts, as outlined in this Complaint, are also well documented in past and current actions before this court. *See generally Kerr v. John Thomas Financial, et al.*, 14-cv-09168; *Boonie v. Belesis et al.,* 17-cv-05134; *Securities and Exchange Commission v. Belesis*, 1:17-mc-00508; *Belesis et al v. Lowery*,1:15-cv-02633.

**COUNT FOUR**
**REASONABLE ATTONRY FEES**
(***against all Defendants***)

47.     Plaintiff incorporates and realleges the allegations set forth above in paragraphs 1 through 46, inclusive, by refence.

48.     The notes which are the crux of the complaint herein, expressly state that in paragraph 10, that "[m]aker promises to pay reasonable attorney's fees, legal disbursements and any other costs expended in collection of any balance due under this Note…" "[H]older is empowered to add the amount of attorney's fees, legal disbursements and any other costs expended in collection of any balance due, too the amount of any balance outstanding hereinunder…" April 17, 2019 and May 3, 2019 Promissory Note at 10) (Exhibit "A" and "B").

49.     That Plaintiff herein attempted to avoid the costs of litigation, by amicably demanding payment from Defendant on multiple occasions which at all times, Defendant assured payment would be forthcoming; however, Defendant has not made any good faith efforts to repay Plaintiff's now outstanding promissory notes.

**WHEREFORE,** Plaintiff prays for the following relief:

i.     Judgement for damages in excess of $875,000 thousand against all Defendants, jointly and severally;

ii.     Statutory damages, as applicable, punitive damages, and attorneys' fees as an element of damages and as permitted by law pursuant to the express terms of the two annexed

promissory notes;

iii.     Prejudgment interest, reasonable attorneys' and expert fees, cost, and disbursements in connection with this action, as permitted by law; and

iv.     Such other and further relief as the Court deems just.

Dated: March 23, 2020

Respectfully Submitted,

**J. Iandolo Law. PC**

_____/s/_____
Jeremy M. Ianodo, Esq.
7621 13th Avenue
Brooklyn, New York 11228
(718)303.0802

# PROMISSORY NOTE

$550,000.00

New York, New York
Dated: April 17, 2019

FOR VALUE RECEIVED, the undersigned ANASTASIOS BELESIS residing at 60 Beach Street, Apt. 1, New York, New York 10013 ("Maker"), promise to pay to ANTHONY C. VARBERO, ESQ., an Attorney in New York and Florida, with offices in New York at 26 Court Street, Suite 2601, Brooklyn, New York, 11242 and Florida, One Financial Plaza, 110 S.E. Third Avenue, Suite 1700, Fort Lauderdale, FL 33301 or any other payee which may designate (sometimes collectively referred to as "Holder"), the sum of FIVE HUNDRED AND FIFTY THOUSAND DOLLARS ($550,000.00) due immediately, which does not include interest until September 1, 2019. The final payment of the entire outstanding principal balance shall be fully due and payable to Holder immediately. In the event a due date is a Saturday, Sunday or Legal Holiday, the due date shall be extended to the next following business day.

1    The amount of the principal of the loan remaining unpaid shall be payable immediately upon the sale by Maker of any or all real estate owned by Maker.

2    <u>Use of Proceeds.</u>  Maker agrees that the loan principal is the amount due and payable to Holder for legal fees rendered by Holder for the benefit of Maker.

3    <u>Prepayment.</u>  The Maker may prepay all or any part of the indebtedness secured hereby at any time, with interest to date of prepayment, but any prepayment shall be applied against the installments then outstanding in inverse order of maturity.

4    <u>Default and Acceleration:</u>  The whole sum of principal remaining unpaid and accrued interest on this Note shall become due and payable immediately upon five (5) days prior written notice in the event of the following ("Events of Default"):

4.1    Failure of the Maker to pay any installment of interest or principal or any late charge (as set forth in paragraph 11 hereof) or any Costs of Collection (as set forth in paragraph 8 hereof) when due in this Note, or failure of the Maker to perform when due any of the material terms, covenants, conditions or obligations hereunder.

4.2    The appointment of a receiver or liquidator for Maker, or for any of their property;

4.3    The filing of a petition by or against the Maker under the provisions of any State insolvency law or under the provisions of the Bankruptcy Act as amended;

4.4    The making by the Maker of an assignment for the benefit of creditors;

4.5    The reorganization or merger or consolidation or the making of an agreement therefor of the Maker;

4.6    A judgment against the Maker which has not been satisfied within thirty (30) days of its entry;

4.7    The sale, transfer, mortgaging, pledging or otherwise encumbrancing of any property owned by Maker.



5   Interest Rate in Event of Default and Acceleration.  In the event that the Holder of the Note chooses to accelerate this Note pursuant to Article 2 hereof, interest shall be due on the principal accelerated at the rate of nine (9%) percent per annum.

6   Security.  This Note is secured by a Confession of Judgment by Maker and against all assets and accounts receivable of Maker.  In addition to the remedies set forth in this Promissory Note, Holder may, without notice, enter Judgment pursuant to the Confession of Judgment, against Maker upon any event of default set forth in Paragraph 4.  The security interests created may be foreclosed by Holder, without notice, upon any event of default set forth in Paragraph 4 hereof.

7   No Waiver.  No delay or omission on the part of the Holder hereof in exercising any right hereunder or under the Security Documents shall operate as a waiver of such right, or any other right under this Note or under each or any of such security Documents.

8   Remedies Cumulative.  The remedies of the Holder with respect to this Note and any or all of the Security Documents are cumulative, and the pursuit of one remedy shall not prevent or foreclose the pursuit of any other rights or remedies, nor be deemed an election of remedies.

9   Mode Of Payment.  Principal and interest shall be payable in cash or by bank check or by wire transfer in immediately available funds drawn on a New York Clearing House Bank, payable to "ANTHONY C. VARBERO, Esq." and delivered to Anthony C. Varbero at the above addresses, 26 Court Street, Suite 2601, Brooklyn, New York, 11242 and Florida, One Financial Plaza, 110 S.E. Third Avenue, Suite 1700, Fort Lauderdale, FL 33301.

10  Costs Of Collection.  Maker promises to pay reasonable attorney's fees, legal disbursements and any other costs expended in collection of any balance due under this Note or any portion of the indebtedness evidenced hereby whether suit is brought or not, an amount equal to the actual attorneys fees, legal disbursements and costs expended.  Holder is empowered to add the amount of attorney's fees, legal disbursements and any other costs expended in collection of any balance due, to the amount of any balance outstanding hereunder, and charge interest thereon at the rates specified herein with respect to the principal of this Note.

11  Waiver of Protest Etc.  Unless otherwise expressly set forth above, the Maker and all others who may become liable for all or any part of this obligation, severally waive presentment, protest and demand, notice of protest, demand and of dishonor and non-payment of this Note.

4.      The undersigned agrees, acknowledges and stipulates that this Confession of Judgment arises in connection with my prior representation, outstanding balance, settlement of a claims alleging violations of the federal securities laws, and defense of claims alleging violation of the federal securities laws, which shall not be dischargeable in bankruptcy in accordance with the United States Bankruptcy Code, Sarbanes Oxley Act of 2002. 11 U.S.C. § 523 (a)(19)(B)(i)(July 2002). The rights of any holder hereof shall be cumulative and not necessarily successive.

5.      I agree: (i) that judgment may be entered against me for the aggregate sums set forth in paragraph 3 and (ii) that no proceeding will be taken by me to interfere in any manner with the operation of the judgment.

6.      I retained Anthony C. Varbero for over 15 FINRA Arbitrations, US Securities Exchange and Commission settlements, State and Federal cases, include the pending matters FINRA Case No.: 17-00820 and No.: 18-00525.

7.      The Judgment Amount has been calculated based on the non-payment of legal fees justly due pursuant to the representations from January 1, 2015, between ANASTASIOS BELESIS and ANTHONY C. VARBERO in which ANASTASIOS BELESIS was to render payment to ANTHONY VARBERO in exchange for legal services in connection with the above-referenced matters, and the Promissory Note dated April 17, 2019.

8.      I authorize entry of judgment for the Judgment Amount in the Supreme Court of the State of New York for New York County, or the United States District Court, Southern District of New York, and consent to the jurisdiction of such Court over ANASTASIOS BELESIS.

DATED:        April 17, 2019

ANASTASIOS P. BELESIS

STATE OF NEW YORK            )
                                              ss.
COUNTY OF NEW YORK        )

ACKNOWLEDGEMENT

        On the 17th day of April, in the year 2019, before me, the undersigned, personally appeared Anastasios Belesis, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

Notary Public

BRUNO F. CODISPOTI
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02CO4863829
Qualified in Rockland County
Commission Expires July 31, 2021

-2-



## ACKNOWLEDGMENT OF DEBT

I, ANASTASIOS BELESIS, residing at 60 Beach Street, Apt. 1, New York, New York 10013 (ADebtor@) hereby confirms and acknowledges to ANTHONY C. VARBERO, ESQ., (ACreditor@) that I am liable and indebted to said Creditor in the amount of FIVE HUNDRED AND FIFTY THOUSAND DOLLARS ($550,000.00) dollars as of April 17, 2019. The indebted amount is in connection with the Retainer Agreements and services that began in January 2015 through the present.

Debtor further acknowledges that such debts were incurred by me and for my benefit for which I am responsible and that I have no claims for any set-off or reduction of that amount. Debtor further acknowledges that there are no defenses to any action, lawsuit or other proceeding in connection with such debt. I consent that Creditor may use this legally binding acknowledgment of debt in a court of law as a confession to judgment.

Signed on this 17th day of April 2019.

Anastasios Belesis, Debtor

Witness

12   New York Law.  This Note shall be governed by and construed according to the laws of the State of New York.

13   Charge for Late Payments.  If any installment is received and accepted by Holder after its due date, Maker shall, within two (2) days after receipt by the Holder of the installment, pay a late charge amounting to ~~five (9%)~~ nine percent of the late installment.  (AB)

14   Successors and Assigns.  The obligations of Maker, under this Note will inure to the benefit of any successor of or assignee of Holder, including the Estate of any Holder.

15   Miscellaneous.
     15.1   Upon receipt of evidence reasonably satisfactory to Maker of the loss, theft, destruction or mutilation of this Note, the Maker will make and deliver a new Note of like tenor in lieu of such lost, stolen, destroyed or mutilated Note.
     15.2   Upon payment in full of all outstanding principal, and interest and any late charges and attorneys fees and disbursements, if any, due under this Note, the Maker's obligations in respect of payment of this Note shall terminate, and the Holder shall return this Note to the Maker.
     15.3   No modification of the terms of this Note shall be effective unless reduced in writing and executed by Holder and Maker.

IN WITNESS WHEREOF the Maker has executed this Promissory Note.

4/17/19
DATE                          ANASTASIOS BELESIS


STATE OF NEW YORK      )

COUNTY OF NEW YORK    )

On the 17TH day of April in the year 2019, before me, the undersigned, personally appeared ANASTASIOS BELESIS, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

Notary Public

BRUNO F. CODISPOTI
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02CO4953822
Qualified in Rockland County
Commission Expires July 31, 2021



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YOK

_____    Index No.:

ANTHONY C. VARBERO

                    Plaintiff,

          v.

ANASTASIOS BELESIS
                    Defendant.

_____


STATE OF NEW YORK          )
                               ss.
COUNTY OF NEW YORK         )


## AFFIDAVIT OF CONFESSION OF JUDGMENT

Anatasios Belesis, being duly sworn, deposes and says:

I am one of the defendants herein. I hereby waive service of process and submit to the jurisdiction of the court on behalf of myself.

1.      I reside at 60 Beach Street Apt 1, New York, New York, 10013. I authorize entry of judgment in the United States Court, Southern District of New York, or in any other state or federal district in or for the State of New York having jurisdiction, against me.

2.      **FOR VALUE RECEIVED**, in connection with the Release of certain legal matters, the undersigned, **ANASTASIOS P. BELESIS**, ("Mr. Belesis" or the "Payor") hereby confesses judgment to **ANTHONY C. VARBERO** by check or wire made payable to Anthony C. Varbero, Esq. in the sum of FIVE HUNDRED AND FIFTY THOUSAND DOLLARS ($550,000.00), said sum shall due immediately by paying $550,000.00.

3.      I hereby confess judgment herein in favor of Plaintiff and authorize entry thereof against me, Anastasios Belesis, in the principal sum of $550,000.00, plus interest at the rate of 9% after September 1, 2019, plus statutory costs and disbursements, and attorneys' fees. I hereby authorize said Plaintiff or its heirs, executors, administrators, successors or assigns to enter judgment for said sum against me.



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YOK

|  | Index No.: |
|---|---|

ANTHONY C. VARBERO

                Plaintiff,

        v.

ANASTASIOS BELESIS

                Defendant.

STATE OF NEW YORK    )
                          ss.
COUNTY OF NEW YORK  )

## AFFIDAVIT OF CONFESSION OF JUDGMENT

Anatasios Belesis, being duly sworn, deposes and says:

I am one of the defendants herein. I hereby waive service of process and submit to the jurisdiction of the court on behalf of myself.

1.    I reside at 60 Beach Street Apt 1, New York, New York, 10013. I authorize entry of judgment in the United States District Court, Southern District of New York, or in any other state or federal district in or for the State of New York having jurisdiction, against me.

2.    **FOR VALUE RECEIVED**, in connection with the Release of certain legal matters, the undersigned, **ANASTASIOS P. BELESIS**, ("Mr. Belesis" or the "Payor") hereby confesses judgment to **ANTHONY C. VARBERO** by check or wire made payable to Anthony C. Varbero, Esq. in the sum of THREE HUNDRED AND TWENTY-FIVE THOUSAND DOLLARS ($325,000.00), said sum shall due immediately by paying $325,000.00.

3.    I hereby confess judgment herein in favor of Plaintiff and authorize entry thereof against me, Anastasios Belesis, in the principal sum of $325,000.00, plus interest at the rate of 9% after September 1, 2019, plus statutory costs and disbursements, and attorneys' fees. I hereby authorize said Plaintiff or its heirs, executors, administrators, successors or assigns to enter judgment for said sum against me.

4.      The undersigned agrees, acknowledges and stipulates that this Confession of Judgment arises in connection with my prior representation, outstanding balance, settlement of a claims alleging violations of the federal securities laws, and defense of claims alleging violation of the federal securities laws, which shall not be dischargeable in bankruptcy in accordance with the United States Bankruptcy Code, Sarbanes Oxley Act of 2002. 11 U.S.C. § 523 (a)(19)(B)(i)(July 2002). The rights of any holder hereof shall be cumulative and not necessarily successive.

5.      I agree: (i) that judgment may be entered against me for the aggregate sums set forth in paragraph 3 and (ii) that no proceeding will be taken by me to interfere in any manner with the operation of the judgment.

6.      I retained Anthony C. Varbero for the pending FINRA Case No.: 18-005251.

7.      The Judgment Amount has been calculated based on the non-payment of legal fees justly due pursuant to the representations from January 1, 2015, between ANASTASIOS BELESIS and ANTHONY C. VARBERO in which ANASTASIOS BELESIS was to render payment to ANTHONY VARBERO in exchange for legal services in connection with the above-referenced matter, and the Promissory Note dated May 3, 2019.

8.      I authorize entry of judgment for the Judgment Amount in the Supreme Court of the State of New York for New York County, or the United States District Court, Southern District of New York, and consent to the jurisdiction of such Court over ANASTASIOS BELESIS.

DATED:        May 3, 2019

_____
ANASTASIOS P. BELESIS

STATE OF NEW YORK        )
                                                  )    ss.
COUNTY OF NEW YORK    )

## ACKNOWLEDGEMENT

        On the 3rd day of May, in the year 2019, before me, the undersigned, personally appeared Anastasios Belesis, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

---

1 The work related to this confession of judgment, promissory note and acknowledge is separate and apart from any reference to any other confession of judgment, promissory note and acknowledge previously entered into.

## PROMISSORY NOTE

$325,000.00
New York, New York
Dated: May 3, 2019

FOR VALUE RECEIVED, the undersigned ANASTASIOS BELESIS residing at 60 Beach Street, Apt. 1, New York, New York 10013 ("Maker"), promise to pay to ANTHONY C. VARBERO, ESQ., an Attorney in New York and Florida, with offices in New York at 26 Court Street, Suite 2601, Brooklyn, New York, 11242 and Florida, One Financial Plaza, 110 S.E. Third Avenue, Suite 1700, Fort Lauderdale, FL 33301 or any other payee which may designate (sometimes collectively referred to as "Holder"), the sum of THREE HUNDRED AND TWENTY-FIVE THOUSAND DOLLARS ($325,000.00) due September 1, which does not include interest until September 1, 2019. The final payment of the entire outstanding principal balance shall be fully due and payable to Holder immediately. In the event a due date is a Saturday, Sunday or Legal Holiday, the due date shall be extended to the next following business day.

1       The amount of the principal of the loan remaining unpaid shall be payable immediately upon the sale by Maker of any or all real estate owned by Maker.

2       Use of Proceeds. Maker agrees that the loan principal is the amount due and payable to Holder for legal fees rendered by Holder for the benefit of Maker.

3       Prepayment. The Maker may prepay all or any part of the indebtedness secured hereby at any time, with interest to date of prepayment, but any prepayment shall be applied against the installments then outstanding in inverse order of maturity.

4       Default and Acceleration: The whole sum of principal remaining unpaid and accrued interest on this Note shall become due and payable immediately upon five (5) days prior written notice in the event of the following ("Events of Default"):

4.1     Failure of the Maker to pay any installment of interest or principal or any late charge (as set forth in paragraph 11 hereof) or any Costs of Collection (as set forth in paragraph 8 hereof) when due in this Note, or failure of the Maker to perform when due any of the material terms, covenants, conditions or obligations hereunder.

4.2     The appointment of a receiver or liquidator for Maker, or for any of their property;

4.3     The filing of a petition by or against the Maker under the provisions of any State insolvency law or under the provisions of the Bankruptcy Act as amended;

4.4     The making by the Maker of an assignment for the benefit of creditors;

4.5     The reorganization or merger or consolidation or the making of an agreement therefor of the Maker;

4.6     A judgment against the Maker which has not been satisfied within thirty (30) days of its entry;

4.7     The sale, transfer, mortgaging, pledging or otherwise encumbrancing of any property owned by Maker.

5      Interest Rate in Event of Default and Acceleration. In the event that the Holder of the Note chooses to accelerate this Note pursuant to Article 2 hereof, interest shall be due on the principal accelerated at the rate of nine (9%) percent per annum.

6      Security. This Note is secured by a Confession of Judgment by Maker and against all assets and accounts receivable of Maker. In addition to the remedies set forth in this Promissory Note, Holder may, without notice, enter Judgment pursuant to the Confession of Judgment, against Maker upon any event of default set forth in Paragraph 4. The security interests created may be foreclosed by Holder, without notice, upon any event of default set forth in Paragraph 4 hereof.

7      No Waiver. No delay or omission on the part of the Holder hereof in exercising any right hereunder or under the Security Documents shall operate as a waiver of such right, or any other right under this Note or under each or any of such security Documents.

8      Remedies Cumulative. The remedies of the Holder with respect to this Note and any or all of the Security Documents are cumulative, and the pursuit of one remedy shall not prevent or foreclose the pursuit of any other rights or remedies, nor be deemed an election of remedies.

9      Mode Of Payment. Principal and interest shall be payable in cash or by bank check or by wire transfer in immediately available funds drawn on a New York Clearing House Bank, payable to "ANTHONY C. VARBERO, Esq." and delivered to Anthony C. Varbero at the above addresses, 26 Court Street, Suite 2601, Brooklyn, New York, 11242 and Florida, One Financial Plaza, 110 S.E. Third Avenue, Suite 1700, Fort Lauderdale, FL 33301.

10     Costs Of Collection. Maker promises to pay reasonable attorney's fees, legal disbursements and any other costs expended in collection of any balance due under this Note or any portion of the indebtedness evidenced hereby whether suit is brought or not, an amount equal to the actual attorneys fees, legal disbursements and costs expended. Holder is empowered to add the amount of attorney's fees, legal disbursements and any other costs expended in collection of any balance due, to the amount of any balance outstanding hereunder, and charge interest thereon at the rates specified herein with respect to the principal of this Note.

11     Waiver of Protest Etc. Unless otherwise expressly set forth above, the Maker and all others who may become liable for all or any part of this obligation, severally waive presentment, protest and demand, notice of protest, demand and of dishonor and non-payment of this Note.

12    New York Law.  This Note shall be governed by and construed according to the laws of the State of New York.

13    Charge for Late Payments.  If any installment is received and accepted by Holder after its due date, Maker shall, within two (2) days after receipt by the Holder of the installment, pay a late charge amounting to nine (9%) percent of the late installment.

14    Successors and Assigns.  The obligations of Maker, under this Note will inure to the benefit of any successor of or assignee of Holder, including the Estate of any Holder.

15    Miscellaneous.
      15.1    Upon receipt of evidence reasonably satisfactory to Maker of the loss, theft, destruction or mutilation of this Note, the Maker will make and deliver a new Note of like tenor in lieu of such lost, stolen, destroyed or mutilated Note.
      15.2    Upon payment in full of all outstanding principal, and interest and any late charges and attorneys fees and disbursements, if any, due under this Note, the Maker's obligations in respect of payment of this Note shall terminate, and the Holder shall return this Note to the Maker.
      15.3    No modification of the terms of this Note shall be effective unless reduced in writing and executed by Holder and Maker.

IN WITNESS WHEREOF the Maker has executed this Promissory Note.

5/3/19
DATE

ANASTASIOS BELESIS

STATE OF NEW YORK        )

COUNTY OF NEW YORK    )

On the 3rd day of May in the year 2019, before me, the undersigned, personally appeared ANASTASIOS BELESIS, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

Notary Public

GIANNI A. TRIBUZIO
NOTARY
NO. 02TR6366835
QUALIFIED IN
KINGS COUNTY
COMM. EXP.
11-06-2021
PUBLIC
STATE OF NEW YORK



## ACKNOWLEDGMENT OF DEBT

I, ANASTASIOS BELESIS, residing at 60 Beach Street, Apt. 1, New York, New York 10013 (ADebtor@) hereby confirms and acknowledges to ANTHONY C. VARBERO, ESQ., (ACreditor@) that I am liable and indebted to said Creditor in the amount of THREE HUNDRED AND TWENTY-FIVE THOUSAND DOLLARS ($325,000.00) dollars as of May 3, 2019. The indebted amount is in connection with the Retainer Agreements and services that began in January 2015 through the present.

Debtor further acknowledges that such debts were incurred by me and for my benefit for which I am responsible and that I have no claims for any set-off or reduction of that amount. Debtor further acknowledges that there are no defenses to any action, lawsuit or other proceeding in connection with such debt. I consent that Creditor may use this legally binding acknowledgment of debt in a court of law as a confession to judgment.

Signed on this 3rd day of May 2019.


Anastasios Belesis, Debtor


Witness

