*Stein et al. v. Skatteforvaltningen*,
23 Civ. 2508 (NRB)

Supplemental Declaration of Daniel W. Levy,
sworn to on August 14, 2023

# Exhibit G

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED ASSOCIATION OF PLUMBERS
AND STEAMFITTERS LOCAL NO. 22;

JOHN NUTTLE, MICHAEL McNALLY,
GEORGE SCHALK, DAVID MUSKOPF,
DAN BRITZZALARO, VAN MOLLENBERG,
PATRICK REILLY and RICHARD EVANS,
as Trustees of the United Association Plumbers
and Steamfitters Local No. 22 Annuity Fund,
the United Association Plumbers and Steamfitters
Local No. 22 Pension Fund, the United Association
of Plumbers and Steamfitters Local No. 22 Health Fund;

JOHN NUTTLE, MICHAEL BEMENT,
, MICHAEL LIAKOS,
MICHAEL McNALLY, MICHAEL FOLARON,
TIMOTHY FRANGER,
ADAM MOLLENBERG and MICHAEL JALOVICK,
as Trustees of the United Association of Plumbers
and Steamfitters Local Union No. 22 Joint
Apprentice Training Fund,

**THIRD
AMENDED COMPLAINT**

Civ. No.: 14-CV-70-S

                                    Plaintiffs,

        -against-

H&M PLUMBING AND MECHANICAL
CONTRACTING INC.; and

DAVID J. MORRISON; and

D. JUSTIN MORRISON; and

D.V. BROWN & ASSOCIATES, INC.; and

DONALD V. BROWN, JR.,

                                    Defendants.

_____

Plaintiffs, UNITED ASSOCIATION OF PLUMBERS AND STEAMFITTERS LOCAL NO. 22 ("Union"); and JOHN NUTTLE, MICHAEL McNALLY, GEORGE SCHALK, DAVID MUSKOPF, DAN BRITZZALARO, VAN MOLLENBERG, PATRICK REILLY and RICHARD EVANS, as Trustees of the United Association Plumbers and Steamfitters Local No. 22 Annuity Fund, the United Association Plumbers and Steamfitters Local No. 22 Pension Fund, the United Association of Plumbers and Steamfitters Local No. 22 Health Fund; and JOHN NUTTLE, MICHAEL BEMENT, MICHAEL LIAKOS, MICHAEL McNALLY, MICHAEL FOLARON, TIMOTHY FRANGER, ADAM MOLLENBERG and MICHAEL JALOVICK, as Trustees of the United Association of Plumbers and Steamfitters Local Union No. 22 Joint Apprentice Training Fund (collectively the "Funds" and "Trustees of the Funds"), by and through their attorneys, Lipsitz Green Scime Cambria, LLP, as and for their Complaint against H&M PLUMBING AND MECHANICAL CONTRACTING INC. ("H&M"), DAVID J. MORRISON, D. JUSTIN MORRISON, D.V. BROWN & ASSOCIATES, INC. ("D.V. BROWN") and DONALD V. BROWN, JR. ("DON BROWN") herein allege as follows:

## NATURE OF THE ACTION AND JURISDICTION

1.      This is a civil action brought, *inter alia*, pursuant to section 502(a)(3) and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") as amended [29 U.S.C. §§1132(a)(3), and 1145], and Section 301 of the Labor-Management Relations Act of 1947 (29 U. S. C. §185) (hereinafter referred to as the "LMRA") by the Union and the Trustees of the Funds for breach of contract, injunctive and other equitable relief.

2.      This Complaint alleges that by failing, refusing or neglecting to comply with specific statutory and contractual obligations, Defendant H&M violated its collective bargaining agreement (hereinafter the "CBA") with Plaintiff United Association of Plumbers and Steamfitters Local No. 22, the respective trust agreements of the Funds (hereinafter the "Trusts"), ERISA and/or

LMRA.

3.     This Complaint also alleges that Defendant D.V. BROWN is liable for the delinquent contributions of Defendant H&M by virtue of its status as a successor company to Defendant H&M.

4.     Jurisdiction of this Court is invoked under the following statutes:

    (a)    Section 502 (e) (1) and (f) of ERISA [29 U.S.C. §1132(e)(1) and (f)]:

    (b)    Section 301 of the LMRA (29 U.S.C. §185):

    (c)    28 U. S. C. §1331 (federal question); and

    (d)    28 U. S. C. §1337 (civil actions arising under the Act of Congress regulating commerce).

5.     Venue properly lies in this district under Section 502 (e)(2) of ERISA [(29 U. S. C. §1132 (e)(2)] and Section 301 of LMRA (29 U. S. C. § 185).

**PARTIES**

**A. Plaintiff Labor Union**

6.     Plaintiff UNITED ASSOCIATION OF PLUMBERS AND STEAMFITTERS LOCAL NO. 22 ("Union") is a labor organization within the meaning of 29 U.S.C. §§ 152(5) and 185, which represents employees in an industry affecting commerce, as defined in 29 U.S.C. § 142 and 29 U.S.C § 1002(4). The Union maintains its office at 3651 California Road, Orchard Park, New York 14127.

**B. Plaintiffs Trustees of the Funds**

7.     Plaintiffs JOHN NUTTLE, MICHAEL McNALLY, GEORGE SCHALK, DAVID MUSKOPF, DAN BRITZZALARO, VAN MOLLENBERG, PATRICK REILLY and RICHARD EVANS, are the individual Trustees of jointly administered, multi-employer, labor-management trust funds established and maintained pursuant to various collective bargaining agreements in

accordance with 29 U.S.C §§ 185(c)(5) and 185(c)(6), namely, the United Association Plumbers and Steamfitters Local No. 22 Annuity Fund, the United Association Plumbers and Steamfitters Local No. 22 Pension Fund, and the United Association of Plumbers and Steamfitters Local No. 22 Health Fund.

8.      Plaintiffs JOHN NUTTLE, MICHAEL BEMENT, MICHAEL LIAKOS, MICHAEL McNALLY, MICHAEL FOLARON, TIMOTHY FRANGER, ADAM MOLLENBERG and MICHAEL JALOVICK are the individual Trustees of a jointly administered, multi-employer, labor-management trust fund established and maintained pursuant to various collective bargaining agreements in accordance with 29 U.S.C §§ 185(c)(5) and 185(c)(6), namely, the United Association of Plumbers and Steamfitters Local Union No. 22 Joint Apprentice Training Fund.

9.      All of the above-referenced funds are hereinafter referred to collectively as the "Funds."

10.      All of the above-referenced Plaintiffs are hereinafter referred to collectively as the "Trustees" or the "Trustees of the Funds."

11.      The Funds are employee benefit plans within the meaning of 29 U.S.C. § 1002(1), (2), (3), and are multi-employer plans within the meaning of 29 U.S.C. §§ 1002(37) and 1145.

12.      The purpose of the Funds is to provide various fringe benefits to eligible union employees on whose behalf employers contribute to the Funds pursuant to collective bargaining agreements between employers and the Union.

13.      Plaintiffs Trustees of the Funds are fiduciaries within the meaning of 29 U.S.C. §§ 1002(21) and 1132, and bring this action in their fiduciary capacities.

14.      The Funds maintain their offices and are administered at 3651 California Road, Orchard Park, New York 14127.

## C. Defendants

15.     Upon information and belief, at all times material hereto, Defendant H&M PLUMBING AND MECHANICAL CONTRACTING INC. ("H&M") was (and is) a New York corporation and employer in an industry effecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6), and (7); and 1002(5), (11), and (12) with a business office at 1425 Military Road, Kenmore, New York 14217.

16.      Upon information and belief, at all times material hereto, Defendant DAVID J. MORRISON is an individual and owner, officer, agent or managing agent of Defendant H&M.

17.     Upon information and belief, at all times material hereto, Defendant D. JUSTIN MORRISON is an individual and owner, officer, agent or managing agent of Defendant H&M.

18.     Upon information and belief, at all times material hereto, Defendant D.V. BROWN & ASSOCIATES ("D.V. BROWN") was (and is) a New York corporation and employer in an industry effecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6), and (7); and 1002(5), (11), and (12) with a business office at 567 Vickers Street, Tonawanda, New York 14150.

19.     Upon information and belief, at all times material hereto, Defendant D.V. BROWN has solicited, engaged in and performed construction work substantially similar to the work performed by Defendant H&M.

20.     Upon information and belief, at all times material hereto, Defendant DONALD V. BROWN, JR. ("DON BROWN") is an individual and owner, officer, agent or managing agent of Defendant D.V. BROWN.

## THE AGREEMENTS

21.     Upon information and belief, Defendant H&M is a member of one or more multiemployer bargaining associations and is bound to the terms and conditions of a collective bargaining agreement (hereinafter, "CBA") with the Union.

22.     Pursuant to a CBA between various multiemployer bargaining associations, the Employers are required to make prompt payments of the contributions owed to the Funds and are bound by the Restated Agreements and Declarations of Trust of the Benefit Funds.  A copy of the relevant CBA is attached as **Exhibit A**.  The Funds' Trust Agreements empower the Trustees to demand, collect and receive Employer payments and all other money and property to which the Trustees may be entitled, and to take such steps as may be necessary or desirable, in their sole discretion, to effectuate the collection of such Employer contributions, including the institution and prosecution of, or the intervention in any proceeding at law, equity, or in bankruptcy.  ERISA § 515 (29 U.S.C. § 1145) requires every Employer who is obligated to make contributions to the Benefit Funds to make such contributions in accordance with the terms and conditions of the Funds.

23.     On May 1, 2001 the Trustees of the Funds formulated and adopted a written policy to be applied uniformly to the collection of Employer contributions (hereinafter referred to as the "Collection Policy").  A copy of the Collection Policy is attached hereto as **Exhibit B**.

24.     Pursuant to the terms of the CBA and/or the Collection Policy of the Funds, Defendant H&M is required, inter alia, to:

a.      File Employer Statements of Payments describing the hours worked by covered employees and Fund Contributions due (sometimes referred to hereinafter as "Remittance Reports") by the fifteenth (15th) day of the month following the month during which the work covered by the CBA was performed.  *See* **Exhibit A** at Sections 7.5 and 7.6(a) and **Exhibit B** at Section 1(a);

b.      Pay monetary contributions to the Funds (hereinafter the "employee fringe benefit contributions"), at the rates set forth in **Exhibit A** at Section 7.2, for all work performed by Defendant H&M's employees covered by the CBA by the fifteenth (15th) day of the month

6

following the month during which the work covered by the CBA was performed. *See* **Exhibit B** at Section 7.6(a);

        c.    Retain and pay to the Union the membership contributions (working dues) deducted from each union employee's wages. *See* **Exhibit A** at Section 7.4; and

        d.    Permit and cooperate with the Funds and/or their authorized agents in the conduct of payroll inspections and audits of books and records of defendant including, without limitation, all payroll books and records. *See* **Exhibit A** at Section 7.6(e) and **Exhibit B** at 2.

25. Employers are required to record any covered work by submitting Remittance Reports. Copies of the Remittance Reports for June 2013, July 2013, October 2013, November 2013, and December 2013 are attached as **Exhibit C**.

26. On July 3, 2008, Defendant H&M, by and through its president David J. Morrison, consented to be bound by the CBA and executed a Benefits Trust Agreement. A copy of the July 3, 2008 Benefits Trust Agreement is attached as **Exhibit D**.

27. As party to the CBA, Defendant H&M agreed to be bound by the Agreements and Declarations of Trust and amendments thereto, of the Funds (hereinafter referred to as the "Trust Agreements").

28. The Trust Agreement for United Association Plumbers and Steamfitters Local No. 22 Annuity Fund is attached as **Exhibit E**.

29. The Trust Agreement for the United Association Plumbers and Steamfitters Local No. 22 Pension Fund is attached as **Exhibit F**.

30. The Trust Agreement for the United Association of Plumbers and Steamfitters Local No. 22 Health Fund is attached as **Exhibit G**.

31. The Trust Agreement for the United Association of Plumbers and Steamfitters Local Union No. 22 Joint Apprentice Training Fund is attached as **Exhibit H**.

32. Employer contributions due and owing to the United Association Plumbers and Steamfitters Local No. 22 Annuity Fund constitute assets of the Fund. *See* **Exhibit E** at Article II, Section 2.

33. Employer contributions due and owing to the United Association Plumbers and Steamfitters Local No. 22 Pension Fund constitute assets of the Fund. *See* **Exhibit F** at Article II, Section 2.

34. Employer contributions due and owing to the United Association of Plumbers and Steamfitters Local No. 22 Health Fund constitute assets of the Fund. *See* **Exhibit G** at Article II, Section 2.

35. Employer contributions due and owing to the United Association of Plumbers and Steamfitters Local Union No. 22 Joint Apprentice Training Fund constitute assets of the Fund. *See* **Exhibit H** at Article II, Section 2.

36. Upon information and belief, Defendant H&M has never withdrawn from or repudiated the CBA, nor has H&M ever given written notice to the Union evidencing Defendant H&M's desire to withdraw from the CBA or the Trust Agreements.

37. Defendant H&M entered into a certain Forbearance Agreement, a true copy of which is attached as **Exhibit I**, whereby defendant, in exchange for Plaintiff's agreement to temporarily (but for no definite time period) forbear collecting delinquent contributions due and owing, agreed to pay the Plaintiffs the amount of $206,615.56 by executing a payment schedule of $68,871.85 due on October 1, 2013, $68,871.85 on November 1, 2013, and $68,871.85 plus interest at the rate of one (1%) per month on December 1, 2013 plus accrued interest, all as more fully set forth and described in the Forbearance Agreement. *See* **Exhibit I** at 3.

38. On September 5, 2013, Defendant H&M executed an Affidavit of Confession of Judgment ("Confession of Judgment"), a copy of which is attached as **Exhibit J**.

8

39.     The Confession of Judgment executed by Defendant confesses judgment in the amount of $206,615.56 plus interest in favor of Plaintiffs, and authorizes Plaintiffs to enter judgment, without any further notice to Defendant H&M, for that amount against Defendant H&M in the event of a default by Defendant H&M under the terms of the Forbearance Agreement. *See* **Exhibit J**.

40.     The Confession of Judgment further states that Defendant H&M will receive credit against the $206,615.56 judgment for payments made to Plaintiffs after execution of the Confession of Judgment.  See **Exhibit J** at 5.

41.     An excel spreadsheet detailing the work dates, paid dates, amounts due, amounts paid, days overdue, interest, and liquidated damages for the period of April 2013 through December 2013 is attached in **Exhibit K**.

42.     On May 23, 2007, Defendant D.V. BROWN, by and through its president Defendant DON BROWN, consented to be bound by the CBA and executed a Benefits Trust Agreement.  A copy of the May 23, 2007 Benefits Trust Agreement is attached as **Exhibit L**.

43.     As a party to the CBA, Defendant D.V. BROWN agreed to be bound by the Trust Agreements.

### DEFENDANT D.V. BROWN IS A SUCCESSOR TO DEFENDANT H&M

44.     Defendant D.V. BROWN is a contractor performing plumbing and HVAC work in the construction industry throughout Western New York.

45.     Upon information and belief, on or about July 16, 2014, Defendant D.V. BROWN caused a flyer to be electronically mailed to its past, present and potential clients, and the past, present and potential clients of Defendant H&M.  A copy of the July 16, 2014 Flyer (hereinafter "Flyer") is attached as **Exhibit M**.

46.     The Flyer announces the "merger" of Defendant D.V. BROWN and Defendant

H&M and encourages customers to contact the merged firm "regarding any HVAC and Plumbing needs." *Id.*

47.    The Flyer was electronically mailed by Renee Flitt.  Upon information and belief, Ms. Flitt, whose contact information is listed on Defendant H&M's website, is the former Secretary and Payroll Manager for Defendant H&M.  A printed copy of H&M's website is attached as **Exhibit N**.

48.    The Flyer lists, *inter alia*, Defendant DAVID J. MORRISON, an owner, officer, agent or managing agent of Defendant H&M, as a contact for the newly merged firm of Defendant D.V. BROWN and Defendant H&M.

49.    In or about mid- to late-July 2014, Plaintiffs Trustees of the Funds became aware of the Flyer.

50.    When questioned by Plaintiffs Trustees of the Fund, Defendant DON BROWN denied the merger between Defendant D.V. BROWN and Defendant H&M, but admitted that Defendant D.V. BROWN did take over several construction projects for Defendant H&M.

51.    Upon information and belief, Defendant D.V. BROWN currently employs several key managers and managerial employees of Defendant H&M, including, *inter alia*, Defendant DAVID J. MORRISON, Renee Flitt and Christopher Shadden.

52.    Upon information and belief, Defendant D.V. BROWN currently employs members of Plaintiff Union who are former employees of Defendant H&M.

53.    Upon information and belief, Defendant D.V. BROWN has acquired and is utilizing equipment presently and/or formerly owned by Defendant H&M.

54.    Upon information and belief, Defendant D.V. BROWN has assumed contracts and/or contractual obligations for work secured by Defendant H&M.

55.    Upon information and belief, Defendant D.V. Brown has performed and is presently

performing work on construction projects secured by Defendant H&M.

### REMEDIES FOR BREACH OF OBLIGATIONS TO THE FUNDS AND UNION

56.     Pursuant to the terms of the CBA and Section 515 of ERISA (29 U.S.C. §1145), employers such as Defendant H&M are required to pay employee fringe benefit contributions ("contributions") to Plaintiffs Funds in accordance with the terms and conditions of the CBA.

57.     Failure to make such payments, or to timely effect payment of the contributions, constitutes a violation of the CBA (*see* **Exhibit A**, Section 7.6) and of Section 515 of ERISA (29 U.S.C. §1145).

58.     The failure of an employer to retain and remit the withheld Union dues and Fund contributions constitutes a breach of contract between an employer and a labor organization within the meaning of section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

58.     The CBA (**Exhibit A**, Section 7.6), the Collection Policy (**Exhibit B**, Section 1), and Section 502 of ERISA (29 U.S.C. §1132) provide that, upon finding of an employer violation as set forth above, the plaintiffs shall be awarded the unpaid contributions, plus interest and liquidated damages on the unpaid and/or untimely paid contributions (both computed at the rate provided under a fund's plan or, if none, at the rate prescribed under Section 6621 of Title 26 of the United States Code [26 U. S. C. §6621]), together with reasonable attorneys' fees and costs of the action, and such other legal or equitable relief as the court deems appropriate.

59.     Pursuant to the applicable federal case law, a successor business will be held liable for the employee benefit fund contributions of a delinquent employer where (a) the business has notice of the delinquent employer's contribution obligations, and (b) there is substantial continuity between the business and the delinquent employer.

60.     Pursuant to ERISA Sections 403(a) and 404, the applicable regulations, and by operation of applicable law, fiduciaries of an employee benefit fund are personally liable for

Fund assets that were not properly payable to them and which were retained and/or diverted for their own use or benefit.

61.     Section 502(g) of ERISA [29 U.S.C. § 1132(g)] provides for an award of reasonable attorneys' fees and costs of the action, and such other legal or equitable relief as the court deems appropriate.

**AS AND FOR A FIRST CLAIM FOR RELIEF**
**(Against Defendant H&M)**

62.     Plaintiffs repeat and reallege each and every allegation contained in paragraph 1 through 61 of this Complaint, as if fully set forth herein.

63.     As explained above, Defendant H&M is party to a Forbearance Agreement, wherein Defendant H&M, in exchange for Plaintiff's agreement to temporarily (but for no definite time period) forbear collecting delinquent contributions due and owing, agreed to pay Plaintiffs the amount of $206,615.56 by executing a payment schedule of $68,871.85 due on October 1, 2013, $68,871.85 on November 1, 2013, and 68,871.85 plus interest at the rate of one (1%) per month on December 1, 2013 plus accrued interest all as more fully set forth and described in the Forbearance Agreement.  *See* **Exhibit I**.

64.     Defendant H&M breached the Forbearance Agreement and defaulted on the same by failing to make timely payments in October 2013, November 2013, and December 2013.

65.     As explained above, Defendant H&M entered into a Confession of Judgment, wherein Defendant H&M confesses judgment in the amount of $206,615.56 plus interest, less credits of $68,871.85, for defaulting on payments due and owing to the Plaintiffs. *See* **Exhibit K**.

66.     Defendant H&M is, and continues to be, in default under the terms of the Forbearance Agreement.

67.     The judgment, less Defendant H&M's credited payments, amounts to

12

$137,743.74.

68.     Accordingly, pursuant to the terms of the Forbearance Agreement and Confession of Judgment, the Court must grant judgment for Plaintiffs in the amount of $137,743.74, plus attorney fees and costs.

**AS AND FOR A SECOND CLAIM FOR RELIEF**
**(Against Defendant H&M)**

69.     Plaintiffs repeat and reallege each and every allegation contained in paragraph 1 through 68 of this Complaint, as if fully set forth herein.

69.     Upon information and belief, Union members were employed by Defendant during the months of March, April, October, November, and December 2013 and performed work during said period for Defendant which was covered by the CBA (hereinafter "covered work"). Any covered work performed by Defendant's employees requires, pursuant to the CBA, that Defendant remit contributions to the Funds, and Union dues according to the hours of covered work performed by Defendant's employees.  *See* **Exhibit C.**

70.     Defendant failed to timely pay contributions due and owing for the month of March 2013.  Payment was received fifty-six days late on June 10, 2013. The amount of interest and liquidated damages for this period is calculated at $4,226.64.  *See* **Exhibit K**.

71.     Defendant failed to timely pay contributions due and owing for the month of April 2013. Payment was received one hundred and forty days late on October 2, 2013.  The amount of interest and liquidated damages for this period is calculated at $6,058.19.  *See* **Exhibit K**.

72.     Defendant failed to timely pay contributions due and owing for the month of September 2013. Payment was received twenty one days late on November 5, 2013.  The amount of interest and liquidated damages for this period is calculated at $4,087.94.  *See* **Exhibit K**.

73. Defendant failed to timely pay contributions due and owing for the month of October 2013 in the amount of $67,309.87 as evidenced by **Exhibit C at 8-10**. The amount of interest and liquidated damages for this period is calculated at $4,038.59. *See* **Exhibit K**.

74. Defendant failed to timely pay contributions due and owing for the month of November 2013 in the amount of $50,666.30 as evidenced by **Exhibit C at 11-13**. The amount of interest and liquidated damages for this period is calculated at $3,039.98. *See* **Exhibit K**.

75. Defendant failed to timely pay contributions due and owing for the month of December 2013 in the amount of $53,385.05 as evidenced by **Exhibit C at 14-16**. The amount of interest and liquidated damages for this period is calculated to be $3,203.10. *See* **Exhibit K**.

76. Defendant failed to timely pay a total of $196,015.66 in contributions due and owing to the plaintiffs, as required by the CBA. *See* **Exhibit C** and **Exhibit K**.

77. Defendant's failure to timely pay the contributions constitute violations of the CBA and/or §505 of ERISA (29 U.S.C. §1145).

78. Pursuant to the terms of the CBA and the Collections Policy, Plaintiffs Funds and Trustees of the Funds are entitled to recover all delinquent employee fringe benefit contributions and Union membership contributions, interest, liquidated damages and Plaintiffs' costs and attorneys' fees found due and owing for the period of October 2013 through December 2013 in the amount of $181,642.89.

79. During the period January 2014 through April 2014, Defendant H&M continued to be to delinquent in its contributions to the Funds and continues to accrue interest and liquidated damages penalties.

80. Pursuant to ERISA 502(g), Plaintiffs are entitled to reasonable attorneys' fees and other equitable relief.

14

## AS AND FOR A THIRD CLAIM FOR RELIEF
### (Against Defendants DAVID J. MORRISON and D. JUSTIN MORRISON)

81.    Plaintiffs repeat and reallege each and every allegation stated and contained in the paragraphs of the Complaint marked and numbered 1 through 80 as if the same were set forth fully and in their entirety herein.

82.    At such time as the aforesaid contributions became due and payable to the Funds, such monies became assets of the Funds under and pursuant to the terms of the governing documents and applicable law.

83.    At all times relevant hereto, Defendants DAVID J. MORRISON and D. JUSTIN MORRISON were (and/or are) fiduciaries with respect to the Funds pursuant to 29 U.S.C. § 1002(21), with respect to amounts not paid to the Funds by reason of their possession, authority and control respecting the management or disposition of assets of the Funds in their possession.

84.    As custodians and fiduciaries in possession of assets of Plaintiffs Funds, Defendants DAVID J. MORRISON and D. JUSTIN MORRISON each had a duty to prudently safeguard the Fund assets, to place them in trust apart from the assets of Defendant H&M as soon as practicable, and to deliver the Fund assets to the Funds, on demand or earlier, and to account for assets received, and earnings or profits therein under 29 U.S.C. §§ 1104, 1103(a) and the applicable regulations.

85.    Upon information and belief, Defendants DAVID J. MORRISON and D. JUSTIN MORRISON violated U.S.C. §§ 1104, 1103(a) and adversely affected or damaged the Funds and/or their participants or beneficiaries by retaining Fund assets that were not properly payable to them and/or diverting Fund assets for their own respective use or benefit.

86.    The Funds have been adversely affected by Defendants DAVID J. MORRISON's and D. JUSTIN MORRISON's acts or omissions in violation of U.S.C. §§ 1104 and 1103(a).

87.      By reason of the foregoing, Plaintiffs are entitled to a judgment: (i) requiring Defendants DAVID J. MORRISON and D. JUSTIN MORRISON to render an accounting of assets of the Funds received and held by them, and the earnings, profits or proceeds due therefrom, or in the alternative directing an audit of said individual Defendants to allow the Funds to prepare such an accounting; (ii) enjoining Defendants DAVID J. MORRISON and D. JUSTIN MORRISON, together with their respective agents, servants, employees, attorneys, fiduciaries and persons in active concert or participation with them, to comply with governing law, the CBA and other documents incorporated into the CBA, including the applicable Trust Agreements and/or plan documents of the Funds concerning the care and custody of assets of the Funds and accounting for the custody and earnings on such Fund assets; (iii) requiring Defendants DAVID J. MORRISON and D. JUSTIN MORRISON to reimburse the Funds for any losses resulting from his breach of fiduciary duties and to restore to the Funds any profits which have been made through use of Fund assets, and (iv) granting any such other and further relief that this Court deems just and proper.

### AS AND FOR A FOURTH CLAIM FOR RELIEF
**(Against Defendant D.V. BROWN)**

89.      Plaintiffs repeat and reallege each and every allegation stated and contained in the paragraphs of the Complaint marked and numbered 1 through 88 as if the same were set forth fully and in their entirety herein.

90.      Defendant D.V BROWN had actual and/or constructive notice of Defendant H&M's obligation to make employee benefit fund contributions to the Funds.

91.      Defendant D.V. BROWN had actual and/or constructive notice of the instant litigation against Defendant H&M.

92.      Defendant D.V. BROWN's hired Defendant H&M's managerial employees and

union employees.

93.     Defendant D.V. BROWN assumed certain contracts, contractual obligations and/or construction projects secured by Defendant H&M.

94.     Defendant D.V. BROWN has solicited, engaged in and performed construction work substantially similar to the work performed by Defendant H&M.

95.     By reason of the foregoing, Defendant D.V. BROWN is a successor to Defendant H&M and is therefore jointly and severally liable for all delinquent employee fringe benefit contributions and Union membership contributions, interest, liquidated damages as well as Plaintiffs' costs and attorneys' fees assessed against Defendant H&M.

<u>AS AND FOR A FIFTH CLAIM FOR RELIEF</u>
**(Against Defendant DON BROWN)**

96.     Plaintiffs repeat and reallege each and every allegation stated and contained in the paragraphs of the Complaint marked and numbered 1 through 95 as if the same were set forth fully and in their entirety herein.

97.     At such time as the aforesaid contributions became due and payable to the Funds, such monies became assets of the Funds under and pursuant to the terms of the governing documents and applicable law.

98.     At all times relevant hereto, Defendant DON BROWN was (and/or is) a fiduciary with respect to the Funds pursuant to 29 U.S.C. § 1002(21), with respect to amounts not paid to the Funds by reason of his possession, authority and control respecting the management or disposition of assets of the Funds in his possession.

99.     As a custodian and fiduciary in possession of assets of Plaintiffs Funds, Defendant DON BROWN had a duty to prudently safeguard the Fund assets, to place them in trust apart from the assets of Defendant D.V. BROWN as soon as practicable, and to deliver the

Fund assets to the Funds, on demand or earlier, and to account for assets received, and earnings or profits therein under 29 U.S.C. §§ 1104, 1103(a) and the applicable regulations.

100.    Upon information and belief, Defendant DON BROWN violated U.S.C. §§ 1104, 1103(a) and adversely affected or damaged the Funds and/or their participants or beneficiaries by retaining Fund assets that were not properly payable to him and/or diverting Fund assets for his own use or benefit.

101.    The Funds have been adversely affected by Defendant DON BROWN's acts or omissions in violation of U.S.C. §§ 1104 and 1103(a).

102.    By reason of the foregoing, Plaintiffs are entitled to a judgment: (i) requiring Defendant DON BROWN to render an accounting of assets of the Funds received and held by him, and the earnings, profits or proceeds due therefrom, or in the alternative directing an audit of said individual Defendant to allow the Funds to prepare such an accounting; (ii) enjoining Defendant DON BROWN, together with his respective agents, servants, employees, attorneys, fiduciaries and persons in active concert or participation with them, to comply with governing law, the CBA and other documents incorporated into the CBA, including the applicable Trust Agreements and/or plan documents of the Funds concerning the care and custody of assets of the Funds and accounting for the custody and earnings on such Fund assets; (iii) requiring Defendant DON BROWN to reimburse the Funds for any losses resulting from his breach of fiduciary duties and to restore to the Funds any profits which have been made through use of Fund assets, and (iv) granting any such other and further relief that this Court deems just and proper.

**WHEREFORE**, Plaintiffs demand judgment:

a.    on Plaintiffs' First Claim for Relief, against Defendant H&M for a sum not less than $137,743.74, plus interest, and attorneys' fees and costs;

b.    on Plaintiffs' Second Claim for Relief, against Defendant H&M for a sum

not less than $196,015.66 plus attorneys' fees and costs;

c.   on Plaintiffs' Third Claim for Relief, against Defendants DAVID J. MORRISON and D. JUSTIN MORRISON:

    i.   requiring Defendants DAVID J. MORRISON and D. JUSTIN MORRISON to render an accounting of assets of the Funds received and held by them, and the earnings, profits or proceeds due therefrom, or in the alternative directing an audit of said individual Defendants to allow the Funds to prepare such an accounting;

    ii.   enjoining Defendants DAVID J. MORRISON and D. JUSTIN MORRISON together with their respective agents, servants, employees, attorneys, fiduciaries and persons in active concert or participation with them, to comply with governing law, the CBA and other documents incorporated into the CBA, including the applicable Trust Agreements and/or plan documents of the Funds concerning the care and custody of assets of the Funds and accounting for the custody and earnings on such Fund assets;

    iii.   requiring Defendants DAVID J. MORRISON and D. JUSTIN MORRISON to reimburse the Funds for any losses resulting from the breach of their respective fiduciary duties and to restore to the Funds any profits which have been made through use of Fund assets.

d.   On Plaintiffs' Fourth Claim for Relief, against Defendant D.V. BROWN holding Defendant D.V. BROWN jointly and severally liable for all of

Defendant H&M's delinquent contributions, delinquent dues, interest, liquidated damages, attorneys' fees and costs.

e.      On Plaintiffs' Fifth Claim for Relief, against Defendant DON BROWN:

i.      requiring Defendant DON BROWN to render an accounting of assets of the Funds received and held by them, and the earnings, profits or proceeds due therefrom, or in the alternative directing an audit of said individual Defendants to allow the Funds to prepare such an accounting;

ii.      enjoining Defendant DON BROWN together with their respective agents, servants, employees, attorneys, fiduciaries and persons in active concert or participation with them, to comply with governing law, the CBA and other documents incorporated into the CBA, including the applicable Trust Agreements and/or plan documents of the Funds concerning the care and custody of assets of the Funds and accounting for the custody and earnings on such Fund assets;

iii.      requiring Defendants DON BROWN to reimburse the Funds for any losses resulting from the breach of their respective fiduciary duties and to restore to the Funds any profits which have been made through use of Fund assets.

f.      for such other and further relief as the Court may deem just and proper.

Dated:      October 21, 2014
Buffalo, New York

s/ Joseph L. Guza

Joseph L. Guza, Esq.
LIPSITZ GREEN SCIME CAMBRIA LLP
Attorneys for Plaintiffs
42 Delaware Avenue, Suite 120
Buffalo, NY 14202
(716) 849-1333 ext. 483
jguza@lglaw.com

# EXHIBIT J

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**U.A. PLUMBERS AND STEAMFITTERS LOCAL 22,**
and

**JOHN NUTTLE, MICHAEL McNALLY, GEORGE
SCHALK, DAVID MUSKOPF, DAN BRITZZALARO,
VAN MOLLENBERG, PATRICK REILLY** and
**RICHARD EVANS,** as Trustees of

**U.A. PLUMBERS AND STEAMFITTERS LOCAL NO.
22 PENSION FUND; U.A. PLUMBERS AND
STEAMFITTERS LOCAL NO. 22 ANNUITY FUND;
U.A. PLUMBERS AND STEAMFITTERS LOCAL NO.
22 HEALTH FUND,** and

**JOHN NUTTLE, MICHAEL BEMENT, OMAR
ABDALLAH, MICHAEL LIAKOS, JOSEPH
MARCHITTE, DONALD BROWN, JR., KARL
BYKOWSKI, DAVID MORRISON, MICHAEL
McNALLY, MICHAEL FOLARON, TIMOTHY
FRANGER, GEORGE SCHALK II, PETER SINCLAIR**
and **M. DOUG JALOVIC,** as Trustees of

**PLUMBERS AND STEAMFITTERS LOCAL UNION
NO. 22 JOINT APPRENTICE TRAINING FUND**

with all of the above having addresses of:
3651 California Road
Orchard Park, New York 14127

                                             Plaintiffs,

vs.

**H&M PLUMBING AND MECHANICAL
CONTRACTING INC.**
1425 Military Road
Buffalo, New York 14217

                                     Defendant.

**AFFIDAVIT OF
CONFESSION OF
JUDGMENT**

---

STATE OF NEW YORK      )
                         : ss.:

COUNTY OF ERIE          )

     **H&M PLUMBING AND MECHANICAL CONTRACTING, INC.,** being duly

sworn, deposes and says:

1. **H&M Plumbing and Mechanical Contracting, Inc.** ("H&M") is a New York corporation with a principal place of business in Erie County, at 1425 Military Road, Buffalo, New York 14217, and the defendant named above.

2. David J. Morrison, as ~~President~~ *owner*, is duly authorized to make and sign this affidavit and confession of judgment on behalf of H&M and to bind the company to the statements herein.

3. On behalf of H&M, I hereby confess judgment in this court in favor of plaintiffs, and against H&M for the sum of $206,615.56, plus interest at the rate of one (1%) percent per month, attorney fees and costs (less any payments made prior to a default), upon a default (as defined in paragraph 5) and hereby authorize plaintiffs, its administrators, successors or assigns and this Court to enter judgment in the U.S. District Court, Western District of New York, without further notice for that principal sum, plus interest, liquidated damages, costs and attorney fees, against H&M.

4. This confession of judgment is for a debt justly due to plaintiffs pursuant to the terms of a collective bargaining agreement ("CBA") and ERISA, and represents fringe benefit contributions, dues, interest and liquidated damages arising from H&M's unpaid contributions, dues and late payments of contributions and dues to plaintiffs under the terms of that CBA through the date of this Affidavit of Confession of Judgment.

5. If H&M fails to make the payments set forth in accordance with the attached Forbearance Agreement (Exhibit A hereto) ("default"), or fails to comply with any of its terms and conditions, plaintiffs may enter judgment for $206,615.56, plus interest at the rate of one (1%) percent per month, costs and attorneys fees, crediting H&M with any payments made by H&M toward the $206,615.56, without further notice to H&M.

6.    H&M waives all rights it may have to date or hereafter concerning the right to contest this affidavit or any of the facts recited in this affidavit and further waives any right to trial or hearing of the claim recited in this affidavit.

7.    This Affidavit of Confession of Judgment was not made in connection with an agreement for the purchase of $1,500.00 or less of any commodities as the same are described in CPLR §3201.

8.    This confession of judgment is not for the purpose of securing plaintiffs against a contingent liability.

H&M PLUMBING AND MECHANICAL
CONTRACTING INC.

By: _____
            David J. Morrison

Its:    ~~President~~
           owner

Sworn to before me this 5th
day of Sept _____, 2013.

_____
        Notary Public        ROBERTA J. GNOJEK
                             NOTARY PUBLIC, STATE OF NEW YORK
                             REGISTRATION NO. 01GN4993095
                             QUALIFIED IN ERIE COUNTY
                             My Commission Expires March 9, 20 14