*Stein et al. v. Skatteforvaltningen*,
23 Civ. 2508 (NRB)


Supplemental Declaration of Daniel W. Levy,
sworn to on August 14, 2023


# Exhibit H

4878-2262-2327

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
TRUSTEES OF THE UNITED PLANT AND     Case No.: 2:18-cv-02706 (JMA)(AYS)
PRODUCTION WORKERS LOCAL 175
BENEFITS FUNDS,

                           Plaintiff,

    -against-

HUDSON HILLS CONTRACTING, LLC,
ROBIN MIKET, and JOHN DOE COMPANY,

                          Defendants.
-------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR JUDGMENT BY DEFAULT AND/OR CONFESSION AGAINST DEFAULTED DEFENDANTS HUDSON HILLS CONTRACTING, LLC AND ROBIN MIKET**

                                       Palmieri Law P.C.
                                       Attorneys for Plaintiff
                                       250 Mineola Boulevard
                                       Mineola, New York 11501

# TABLE OF CONTENTS

**TABLE OF CONTENTS**……………………………………………………………….. i

**PRELIMINARY STATEMENT**……………………………………………………….. 1

**STATEMENT OF FACTS**……………………………………………………………… 2

**ARGUMENT**……………………………………………………………………………. 5

    **I. The Court Should Enter the Judgment by Default and/or Confession Against the Defendants**……………………………………………………….. 5

**CONCLUSION**…………………………………………………………………………. 7

This memorandum of law is respectfully submitted, along with the accompanying declaration of Vito A. Palmieri, Esq. ("**Palmieri Decl.**"), and exhibits annexed thereto, on behalf Plaintiff, Trustees Of The United Plant And Production Workers Local 175 Benefits Fund (hereinafter referred to as "Plaintiff" or "TRUSTEES"), in support of its motion, pursuant to Federal Rule of Civil Procedure 55, for entry of judgment by default and/or confession against Defendants, Hudson Hills Contracting, LLC ("Defendant Hudson Hills") and Robint Miket ("Defendant Miket")(collectively referred to as the "Defendants").

## PRELIMINARY STATEMENT

As outlined herein, and in the accompanying **Palmieri Decl.**, Plaintiff seeks to enter a judgment by confession against the Defendants, jointly and severally, in the amount of $300,000.00, plus attorneys' fees and costs in the amount of $4,157.50, in addition to liquidated damages thereon at a rate of 10%, and interest accruing from the date of the judgment at a rate of 10%, as a result of Defendants' breach of the settlement agreement entered to resolve this action.

The instant action was commenced to collect untimely and/or unpaid contributions from the Defendants, in addition to liquidated damages, interest, audit fees, attorneys' fees, and costs, pursuant to the collective bargaining agreements between Defendant Mana and the United Plant and Production Workers Local Union 175's paving and landscaping divisions, as well as pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act ("ERISA"), and the Labor Management Relations Act of 1947 (the "Taft-Hartley Act").

After defaulting in this action by failing to appear or answer the complaint, the parties entered into a settlement agreement (the "Settlement Agreement"), secured by an affidavit of confession of judgment, which Plaintiff now seeks to enter as a result of Defendants' breach of the Settlement Agreement.

1

## STATEMENT OF FACTS

### *Background Facts*

The Trustees are, at all relevant times herein, fiduciaries of jointly administered multi-employer labor management trust funds as defined by §3(21)(a) and §502(a)(3) of ERISA (29 U.S.C. §§1002[21][a] and 1132[a][3]). The trust funds administered by the Trustees are from contributions by employers, such as Defendants, for their employees' benefits, and are comprised of the Local Union 175 Welfare Fund, Local Union 175 Pension Fund, Local 175 Union Annuity Fund, and Local 175 Apprenticeship, Skill Improvement, and Training Fund (collectively, the "Funds"). The Funds are established and maintained pursuant to the terms of the applicable Collective Bargaining Agreements executed by the Union and employers (attached as **Exhibit D**), and Trust Indentures in accordance with §302(c)(5)(1) of the Taft-Hartley Act (29 U.S.C. §186[c][5]). The Funds are employee benefit plans within the meaning of §§3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. § 1002 3[1], 3[2], 3[3] and 1132[d][1]), and multi-employer plans within the meaning of §§3(37) and 515 of ERISA (29 U.S.C. §1002[37] and 1145]). Plaintiff is the Trustees of the Funds and the "plan sponsor" within the meaning of §(3)(16)(b)(iii) of ERISA (29 U.S.C. § 1002[16][b][iii]).

The Funds provide fringe benefits to eligible employees, retirees and their dependents through contributions made by their employer pursuant to the Collective Bargaining Agreements (hereinafter referred to as "CBAs"), which were assumed and adopted by Defendants on April 19, 2016, as acknowledged in the Settlement Agreement. **Exhibit C**.

Pursuant to the CBAs, the Funds are authorized to collect contributions which include payments for life insurance, hospitalization, medical care, vacation, annuity and pension benefits

on behalf of the employees from the Defendants. The Trustees, as fiduciaries of the Funds, are authorized to maintain suit as independent legal entities under §502(d)(1) of ERISA (29 U.S.C. §1132[d][1]) and are obligated to bring actions to enforce provisions of the CBAs and Trust Indentures that concern the protection of employee benefit rights.

In accordance with the terms of the CBAs, Plaintiff is entitled to audit Defendants' books and records to determine if there are any deficiencies in their contributions to the Funds. **Exhibit D**, Article XIV, Auditing. If the employer, in this case, Defendants, are untimely in their contribution payments, or fail to make said contribution payments, then, pursuant to the CBAs, they will also be liable for liquidated damages at a rate or ten (10%) percent, annual interest at a rate of ten (10%) percent, audit fees, attorneys' fees, and all costs, penalties, and disbursements provided by statute or regulation. **Exhibit D** at Article XI, Section 5.

As alleged in the Complaint in this action, Defendants failed to timely remit contributions to the Plaintiff, resulting in interest for said late payments, failed to make certain contributions owed under the CBAs, and failed to comply with their obligation to allow the Plaintiff to conduct an audit of their books and records. **Exhibit A**.

On or about May 7, 2018, Plaintiff commenced the instant action, in their fiduciary capacity as trustees of the United Plant and Production Workers Local 175 benefits funds seeking injunctive relief, monetary damages, and other equitable relief under ERISA, to secure Defendants' performance of their obligations under the CBAs. Defendant Hudson Hills was served with the summons and Complaint in this action on May 31, 2018, and Defendant Miket was served on May 21, 2018. **Exhibit B**.

Neither defendant has answered the Complaint or otherwise appeared in this action, and are in default. The Court granted Plaintiff an extension of time to file a default judgment against

the Defendants. Instead, the Defendants agreed to enter into the Settlement Agreement to resolve this action on or about April 23, 2019.

### The Settlement Agreement

In the Settlement Agreement, the Defendants expressly acknowledge and represent, among other things, that:

(i) They executed the paving division and landscaping division assumption agreements, agreeing to be bound by the CBAs;

(ii) Pursuant to the CBAs, if they fail to timely pay contributions, submit payroll records, or participate in an audit, then they would be subject to penalties including contractual interest at a rate of 10%, liquidated damages at a rate of 10%, audit fees, accountant fees, and attorneys' fees;

(iii) The Defendants failed to timely pay contributions from September 2017 to present; and

(iv) The Defendants have failed to answer or otherwise appear in this action.

**Exhibit C**, at pp. 1-2.

To resolve this action, and the untimely and/or unpaid contributions owed by Defendants, the parties agreed that:

(i) Despite Defendants' default in the instant action, the parties will agree to stay entering judgment pending a final audit and payment dur from Defendants (**Exhibit C**, at ¶ 1);

(ii) Defendants will submit to an audit within five days of the date of the Agreement, and pay the amounts due therein on or before May 1, 2019 (**Exhibit C**, at ¶¶ 2,3);

(iii) To secure the audit and payments required under the Settlement Agreement, Defendants agreed to assign all payments due and owed to them from the New York City Parks Department and execute a confession of judgment in the amount of $300,000.00 (**Exhibit C**, at ¶ 4); and

(iv) If the Defendants default under the Settlement Agreement, prior to an audit, the Defendants consent to the filing of the confession of judgment, in the full amount therein, less any payments, plus attorneys' fees, interest, and audit fees. (**Exhibit C**, at ¶ 6)

4

The Defendants defaulted under the terms of the Settlement Agreement by failing to allow an audit of their books and records (**Palmieri Decl.**, at ¶ 13; **Exhibit F**), failing to pay any amounts due and owed thereunder, and stopping payment on eight (8) checks tendered to the Plaintiff (**Palmieri Decl.**, at ¶ 12; **Exhibit E**).

On or about November 13, 2019, Plaintiff sent Defendants a notice of default via certified mail in accordance with the terms of the Settlement Agreement (**Exhibit H**). To date, the Defendants have failed to respond to the notice of default and/or cure their defaults of the Settlement Agreement.

Accordingly, Plaintiff seeks to enter the confession of judgment attached to the Settlement Agreement (**Exhibit G**) in the amount of $300,000.00, plus interest, costs, and attorneys' fees. As of the date of this motion, Plaintiff has incurred $3,445.00 in attorneys' fees (**Palmieri Decl.**, at ¶ 19; **Exhibit I**), and $712.50 in costs and disbursements for this action (**Palmieri Decl.**, at ¶ 22; **Exhibit J**).

## ARGUMENT

### I. The Court Should Enter The Judgment By Default and/or Confession Against The Defendants

The Court should enter judgment against the Defendants, jointly and severally, for the amount listed in the affidavit of judgment by confession, plus interest, attorneys' fees, and costs, as a result of the Defendants' breach of the Settlement Agreement, failure to cure the same, and default in this action.

While there are no specific provisions of the Federal Rules of Civil Procedure that would otherwise govern entry of judgment by confession, Federal Courts routinely enter judgment in accordance with state law, where Federal jurisdiction exists. "Judgment by confession is a product of state law, having no analog in the federal rules." *FDIC v. Deglau*, 207 F.3d 153, 159 (3d Cir.

2000).

"A federal court has the power and authority to enter a judgment pursuant to a confession of judgment as long as subject-matter jurisdiction exists an the confession of judgment was voluntarily, knowingly and intelligently made." *LOL Fin. Co. v. Carrigan*, No. 0:16-CV-000651(SRN/TNL), 2016 WL 4154339, at *2 (D. Minn. Aug. 5, 2016); *Orlando Residence, Ltd. v. Nelson*, 565 Fed.Appx. 212, 222 (4th Cir. 2014) ("Federal courts have the power to enter confession judgments, as has been recognized by courts time and again."); Nat'l Leasing Corp. v. Williams, 80 F.R.D. 416, 418 (W.D. Pa. 1978) ("There is no legal prohibition against entering judgment by confession in a court of the United States, if federal jurisdiction exists."); *see also D.H. Overmyer Co., Inc. v. Frick Co.*, 405 U.S. 174, 185, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972) (holding that a confession of judgment provision is not *per se* unconstitutional and may be valid where the confession was "voluntary, knowing, and intelligently made").

In *Alland v. Consumers Credit Corp.*, the Second Circuit held that, "although the district court correctly ruled that the entry of a confessed judgment is a matter of procedure where the federal rules govern for purposes of Erie, questions regarding the interpretation to be given language in the confession of judgment are governed, as are other written agreements, by substantive state law." 476 F.2d 951, 958 (2d Cir. 1973).

In the instant matter, the affidavit of judgment by confession, executed by the Defendants, acknowledges their default in this action. **Exhibit G**, at ¶ 4(f). Further, it specifically authorizes entry of judgment in the United States District Court, Eastern District of New York. **Exhibit G**, at ¶ 3. The Settlement Agreement, which the confession of judgment is attached to, states that the

6

parties are authorized to enter the same and have executed the same after conferring with counsel of their own choosing. **Exhibit C**, at ¶¶ 17,18.

Additionally, the Defendants, despite being properly served with the summons and complaint for this action (**Exhibit B**), have failed to appear or otherwise answer the same, and their time to do so has since expired.

Accordingly, this Court has authority to enter judgment by default and/or affidavit of confession against the Defendants, jointly and severally, as they have defaulted in this action, breached the Settlement Agreement, and have failed to appear and/or cure their defaults.

## CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests this Honorable Court grant its motion for a monetary judgment by confession against the Defendants, jointly and severally, in the amount of $300,000.00 for untimely and/or unpaid contributions, as acknowledged in Defendants' affidavit of judgment by confession, plus attorneys' fees in the amount of $3,445.00, the costs and disbursements of this action in the amount of $712.50, plus post-judgment interest thereon at a rate of 10%, and such other, further, and different relief as the Court may deem just, proper, and/or equitable.

Dated: July 6, 2020

                                            Respectfully Submitted,
                                            Palmieri Law P.C.

                                            */s/ Vito A. Palmieri*
                                            Vito A. Palmieri, Esq.
                                            Counsel for Plaintiff
                                            250 Mineola Boulevard
                                            Mineola, New York 11501
                                            (516) 248-9595