UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW STEIN and JEROME LHOTE, | 23 Civ. 2508 (NRB) |
| Plaintiffs, | |
| v. | |
| SKATTEFORVALTNINGEN, | |
| Defendant. | |

SKATTEFORVALTNINGEN,

                Counterclaim Plaintiff,

     v.

MATTHEW STEIN, JEROME LHOTE, and
LUKE MCGEE,

              Counterclaim Defendants.

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS

Oral Argument Requested

Daniel W. Levy
MCKOOL SMITH P.C.
One Manhattan West
395 Ninth Avenue, 50th Floor
New York, New York  10001-8603
Telephone: (212) 402-9400

*Attorneys for Plaintiffs-Counterclaim*
*Defendants Matthew Stein and*
*Jerome Lhote*

4877-0164-5173

## <u>TABLE OF CONTENTS</u>

I.      Plaintiffs Seek to Enforce, Not Avoid, The Settlement Agreement ................................... 1

II.     SKAT's Interpretation of Federal Procedure and New York Law is Wrong .................... 2

III.    The Settlement Agreement Confirms That SKAT's Remedy Is Not To Bring
        Breach of Contract Claims ............................................................................................... 4

        A       The Settlement Agreement Limits SKAT To A Sole Remedy ............................. 4

        B.      SKAT's Argument Would Vitiate Other Limits In The Settlement
                Agreement ........................................................................................................... 5

IV.     The Court Should Not Wait to Decide This Motion ......................................................... 6

V.      SKAT Has No Standalone Breach of Contract Claims For Default Interest .................... 9

CONCLUSION ...................................................................................................................... 10

4877-0164-5173

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*ACE Secs. Corp. Home Equity Loan Trust, Ser. 2007-HE3 v. DB Structured Prods, Inc.*,
    5 Supp. 3d 543 (S.D.N.Y. 2014) .........................................................................5, 8

*AKF, Inc. v. AvantGarde Senior Living*,
    2021 WL 2662070 (N.D.N.Y. Apr. 29, 2021) ..........................................................8

*Alland v. Consumers Credit Corp.*,
    54 F.R.D. 252 (S.D.N.Y. 1971) .........................................................................4 n.2

*Bank of N.Y. Mellon v. WMC Mortg. LLC*,
    2015 WL 2449313 (S.D.N.Y. May 22, 2015) ...........................................................7

*Cooper v. Cooper*,
    2022 WL 2716333 (E.D.N.Y. July 12, 2022) ...........................................................9

*Deutsche Alt-A Sec. Mortg. Loan Trust, Ser. 2006-OA1 v. DB Structured Prod., Inc.*,
    958 F. Supp. 2d 488 (S.D.N.Y. 2013) ......................................................................9

*Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*,
    375 F.3d 168 (2d Cir. 2004) .....................................................................................4

*Gimbel Bros., Inc. v. Brook Shopping Ctrs., Inc.*,
    118 A.D.2d 532 (2d Dep't 1986) ..............................................................................9

*Katzman v. Helen of Troy Texas Corp.*,
    2013 WL 1496952 (S.D.N.Y. Apr. 11, 2013) ...........................................................6

*Kinek v. Paramount Commc'ns, Inc.*,
    22 F.3d 503 (2d Cir. 1994) .......................................................................................4

*Landmark Ventures, Inc. v. Wave Sys. Corp.*,
    2012 WL 3822624 (S.D.N.Y. Sept. 4, 2012) ............................................................5

*Nomura Home Equity Loan, Inc., Ser. 2006-FM2 v. Nomura Credit & Cap., Inc.*,
    133 A.D.3d 96 (1st Dep't 2005) ...........................................................................8, 9

*Ream v. Berry-Hill Galleries, Inc.*,
    2020 WL 5836437 (S.D.N.Y. Oct. 1, 2020) .............................................................3

*Rodrigues v. Corona Advances, Inc.*,
    2018 WL 4043149 (S.D.N.Y. Aug. 24, 2018) ..........................................................3

*Tr. of United Plant & Prod. Workers Local 175 Benefits Fund v. Hudson Hills Contr., LLC*,
    No. 18 Civ. 2706 (E.D.N.Y.) ....................................................................................4

4877-0164-5173

## <u>TABLE OF AUTHORITIES</u> (cont'd)

**Page(s)**

*United Ass'n of Plumbers & Steamfitters Local No. 22 v. H & M Plumbing,*
No. 14 Civ. 70 (W.D.N.Y.) .......................................................................................................4

*Varbero v. Belesis,*
No. 20 Civ. 2538 (S.D.N.Y.) ..................................................................................................4

*Xerox Corp. v. West Coast Litho, Inc.,*
251 F. Supp. 3d 534 (W.D.N.Y. 2017) ...................................................................................3

**STATUTES AND OTHER AUTHORITIES**

CPLR 3218.................................................................................................................................2, 3, 9

Fed. R. Civ. P. 58 ...........................................................................................................................2

Dillon, McKinney's Practice Commentary, CPLR 3218 (2021) ....................................................2

4877-0164-5173

Plaintiffs respectfully submit this Reply Memorandum of Law in further support of their motion to dismiss the counterclaims alleged by SKAT.[1]

## I.      Plaintiffs Seek to Enforce, Not Avoid, The Settlement Agreement

By the recounting in SKAT's Memorandum of Law, dated Aug. 3, 2023 (ECF No. 58) ("Def. Br."), the Settlement Agreement provides for nothing more than the payment of money by the Stein, Lhote, and McGee such that SKAT should be able to enforce that payment obligation by any mechanism of its choosing.  In fact, the Settlement Agreement contains equally important provisions that significantly limit the means available to SKAT for enforcing its payment obligations and even goes so far as to specify how the parties must proceed if any part of the Settlement Agreement, including the Affidavit of Confession of Judgment, were rendered unenforceable.  What is *not* available to SKAT, and what the Court should preclude, is SKAT's ignoring the plain language of the agreement and circumventing of it by bringing breach of contract claims.

The Settlement Agreement contains an obligation to pay on the part of a large group of parties (the Covered Parties), but limits SKAT's ability to enforce the payment obligation to just Stein, Lhote, and McGee (the Covered Parties' Designees).  And to proceed against this narrow class, SKAT is limited to the "sole remedy" of filing the Affidavit of Confession of Judgment against just those three.  SKAT cannot waive, ignore, or pretend that this limitation does not exist.  The Settlement Agreement also limits SKAT to a specific procedure to resolve disputes about the True-Up Amount, which does not permit bringing a breach of contract action and, at most, would allow for a declaratory judgment action, something SKAT has chosen not to bring. Finally, the agreement specifically contemplates what must happen if any part of it were held

---

[1] Capitalized terms used in this brief have the meanings set out in Plaintiffs' Memorandum of Law in Support of Motion to Dismiss Counterclaims (ECF No. 54) ("Pl. Br.").

invalid, void, or unenforceable.  As such, even if the Affidavit of Confession of Judgment were declared unenforceable at some later stage of these proceedings, SKAT would *still* have available to it the remedy already in the agreement.

SKAT should not be permitted to rewrite the Settlement Agreement.  And it certainly is not entitled to wholesale reformation of the agreement to remedy its mistakes of law.  Almost as bad, SKAT seeks to invent procedures for the remedies that it invents that are contrary to federal practice and procedure and New York law.  SKAT's contract claims should be dismissed.

## II.    SKAT's Interpretation of Federal Procedure and New York Law Is Wrong

SKAT's opposition to the motion to dismiss is predicated, in part, on the outlandish assertions that there "is no meaningful difference between" a judgment for breach of contract damages and an affidavit of confession of judgment and that these two means of obtaining a judgment are effectively the same.  Def. Br. at 21; *see also id.* at 23.

This is preposterous.  The two are procedurally and substantively distinct.  A breach of contract action requires litigating a breach, including taking discovery, having a finder of fact determine the amount of damages, and having judgment entered for that amount.  *See* Fed. R. Civ. P. 58.  By contrast, an affidavit of confession of judgment is "a wormhole" that obviates the need to litigate, including the need to take discovery on the amount of damages, and instead allows a federal court or a clerk in state court to enter a judgment for an amount confessed on the face of the document.  *See* CPLR 3218; Dillon, McKinney's Practice Commentary, CPLR 3218 (2021).  What SKAT seeks is to mix and match procedures for a plain vanilla contract claim with procedures for an affidavit of confession of judgment.

SKAT cannot litigate, via breach of contract claims, the "precise amount" amount due and owing under the Settlement Agreement and insert that "precise amount" into the 2021 Affidavit of Confession of Judgment that it already has.  Def. Br. at 20.  There is no case -- none

-- that involves a holder of an executed affidavit of confession of judgment filing a breach of contract claim, taking discovery as to the amount due and owing, obtaining a judgment for the amount established, and inserting that amount into the affidavit of confession of judgment that it already has.  What SKAT seeks to do is all manner of inconsistent at every stage with the manner in which New York law and federal cases apply CPLR 3218.

Federal procedure provides that the party can "make a motion" to enforce an affidavit of confession of judgment or, if no action is already pending, "file a new lawsuit." *Rodrigues v. Corona Advances, Inc.*, 2018 WL 4043149, at *2 (S.D.N.Y. Aug. 24, 2018) (cleaned-up).  The federal court then applies CPLR 3218 to determine whether the affidavit of confession of judgment is valid, for example, whether it is in proper form and for a sum certain.  *See, e.g.*, *Ream v. Berry-Hill Galleries, Inc.*, 2020 WL 5836437, at *4-5 (S.D.N.Y. Oct. 1, 2020) (declining to enforce unnotarized confession of judgment); Levy Decl., Exh. E, Order (entering judgment for sum confessed).  There is no in-between whereby SKAT can invoke the Court's jurisdiction by filing breach of contract claims, take discovery as to the amount due under the Affidavit of Confession of Judgment that it already has, obtain a judgment, *and then*, at some point, move to have a court enter the Affidavit of Confession of Judgment.  Def. Br. at 17.

And there is no case that requires a party to bring a breach of contract action to enforce an affidavit of confession of judgment in federal court.  *See* Def. Br. at 13; *Xerox Corp. v. West Coast Litho, Inc.*, 251 F. Supp. 3d 534, 537 n.2 (W.D.N.Y. 2017).  Just as SKAT could have done here, the party seeking entry of an affidavit of confession of judgment moves to enforce it. *Rodrigues*, 2018 WL 4043149, at *2.  And, when cases regarding how to proceed with an affidavit of confession of judgment in federal court refer to filing a new lawsuit, they do not mean that the holder alleges a breach of contract; they mean invoking the court's jurisdiction to

3

enforce the affidavit of confession of judgment.  *See, e.g.*, Levy Decl., Exh. E.[2]

    None of the cases cited by SKAT, *see* Def. Br. at 14 n.10, remotely resemble the

procedure that SKAT has invented for this case.  *See Varbero v. Belesis*, No. 20 Civ. 2538,

Complaint, (S.D.N.Y. Mar. 23, 2020) (Levy Supp. Decl., Exh. F) (requesting judgment be

entered for amounts confessed); *United Ass'n of Plumbers & Steamfitters Local No. 22 v. H & M

Plumbing*, No. 14 Civ. 70, Third Amended Complaint, (W.D.N.Y. Oct. 21, 2014) (Levy Supp.

Decl., Exh. G) (same); Levy Decl., Exh. E (same); *Tr. of United Plant & Prod. Workers Local

175 Benefits Fund v. Hudson Hills Contr., LLC*, No. 18 Civ. 2706, Motion for Judgment

(E.D.N.Y. July 6, 2020) (Levy Supp. Decl., Exh. H) (same).

## III.    The Settlement Agreement Confirms That SKAT's
## Remedy Is *Not* To Bring Breach of Contract Claims

### A.    The Settlement Agreement Limits SKAT To A Sole Remedy

    Under the guise of reading Sections 5(c) and 10(e) "harmoniously," SKAT wants to

avoid the plain reading of one section -- the provision limiting it to a "sole remedy" -- in favor of

an erroneous reading of the other that permits the resolution of factual disputes about the True-

Up Amount.  Def. Br. at 16.

    But reading "harmoniously" does not mean ignoring the plain language of inconvenient

terms.  *See Kinek v. Paramount Commc'ns, Inc.*, 22 F.3d 503, 509 (2d Cir. 1994) (all provisions

of contract should "be read together as a harmonious whole").  "[T]he best evidence of intent is

the contract itself; if an agreement is complete, clear, and unambiguous on its face, it must be

enforced according to the plain meaning of its terms."  *Eternity Global Master Fund Ltd. v.*

---

    [2] SKAT tries to wriggle out of this by analogizing an affidavit of confession of judgment
to a default judgment.  Def. Br. at 14-15.  They are nothing alike.  A default judgment gives a
court authority to make a determination of, among other things, the amount of the judgment
demanded."  *Alland v. Consumers Credit Corp.*, 54 F.R.D. 252, 255-56 (S.D.N.Y. 1971).  An
affidavit of confession of judgment avoids entirely a court's determination of the amount due.

4877-0164-5173

*Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004) (cleaned-up).

SKAT ignores that Sections 2(c), 5(c), and 10(e) all contemplate the same, sole remedy. *See* Levy Decl., Exh. A at § 2(c) (providing SKAT's sole remedy is filing affidavit of confession of judgment), § 5(c) (providing remedy in Event of Default is filing affidavit of confession of judgment), § 10(e) (referring to "remedies available to [SKAT] upon the occurrence of an Event of Default *pursuant to Section 5*" with respect to True-Up Amount) (emphasis added).

Section 10 contemplates the possibility of an arbitration or judicial determination of a dispute about the True-Up Amount. *See id.*, Exh. A at §§ 10(a), (e), 12. But it does not create a "predicate" for filing a breach of contract action. *See* Def. Br. at 15. Even if SKAT sought to have the Court determine the True-Up Amount, that would not permit SKAT to bring breach of contract claims and to avoid the "sole remedy" provision for a failure to pay it. At most, it might permit SKAT to bring a declaratory judgment action. But SKAT's sole remedy for a failure to pay the True-Up Amount would *still* be the same: filing the 2021 Affidavit of Confession of Judgment. *See* Levy Decl., Exh. A at §§ 5(c), 10(e).

### B.      SKAT's Argument Would Vitiate Other Limits in the Settlement Agreement

In interpreting a contract, a court's "role is limited to ensuring that the parties receive the benefit of their bargain, and does not extend to granting relief that the [Settlement Agreement] explicitly do[es] not contemplate." *ACE Secs. Corp. Home Equity Loan Trust, Ser. 2007-HE3 v. DB Structured Prods, Inc.*, 5 Supp. 3d 543, 555 (S.D.N.Y. 2014). Therefore, a court "must avoid interpreting a contract in a manner that would be absurd, commercially unreasonable, or contrary to the reasonable expectations of the parties." *Landmark Ventures, Inc. v. Wave Sys. Corp.*, 2012 WL 3822624, at *3 (S.D.N.Y. Sept. 4, 2012). Allowing SKAT to bring breach of contract claims and seek breach of contract remedies deprives the Covered Parties and the Covered Parties' Designees of the benefit of their bargain.

There are two components of the provision limiting SKAT to a sole remedy once the

Initial Cash Payment was made, which no party contests:

> In the event that the Covered Parties timely complete the Initial Cash Payment pursuant to Sections 2(a)(i) and 2(a)(ii), then [SKAT's] **sole remedy** for the Covered Parties' failure to pay the remainder of the Final Settlement Amount **shall be [1] the filing of the Affidavit of Confessions of Judgment [2] against the Covered Parties' Designees as set forth in Section 5(c).**

Levy Decl., Exh. A at § 2(c) (alteration and emphasis added).  The first limits SKAT to the sole

remedy of filing the Affidavit of Confession of Judgment.  The second limits against whom that

sole remedy may be had to Stein, Lhote, and McGee.  *See id.*, Exh. A at p.1 & §§ 1(i) (defining

"Covered Parties"), 1(j) (defining "Covered Parties' Designees"); Pl. Br. at 5-7.

If, as SKAT seeks, the Court allows SKAT to bypass the sole remedy provision via

breach of contract claims, then SKAT may seek to avoid being bound by the limitations on

whom SKAT can sue, the other component of the sentence containing the "sole remedy"

provision.  SKAT could, under such an interpretation, bring breach of contract actions against

the Covered Parties to recover the Final Settlement Amount, even though SKAT bargained away

its right to do so.  *See* Levy Decl., Exh. A at § 2(c).  That result contradicts the Covered Parties'

bargain that, after the Initial Cash Payment, SKAT could *only* recover by filing the Affidavits of

Confession of Judgment and could seek relief *only* against the Covered Parties' Designees.  *Id.*

And it highlights how wrong it is that SKAT seeks to avoid the sole remedy it bargained for.  *See*

*Katzman v. Helen of Troy Tex. Corp.*, 2013 WL 1496952, at *6 (S.D.N.Y. Apr. 11, 2013) (party

cannot avoid "exclusive remedy" for breach that it "expressly anticipated").

## IV.   <u>The Court Should Not Wait to Decide This Motion</u>

In an attempt to avoid dismissal of its contract claims because of the sole remedy

provision, SKAT suggests that the Court wait to decide Stein and Lhote's motion.  The reason

that SKAT claims that dismissing their breach of contract claims "would be premature" is that

4877-0164-5173

the Court might declare the 2021 Affidavit of Confession of Judgment unenforceable and, if that were to happen, SKAT would be left "with no remedy at all."  Def. Br. at 22.

Not so.  The parties have already agreed in the Settlement Agreement what should happen upon a determination that "any term, provision, covenant or restriction of [the Settlement] Agreement is held by a court of competent jurisdiction or other authority to be invalid, void or enforceable."  Levy Decl., Exh. A at § 17.  The parties specifically provided that, "[u]pon such a determination," they "shall negotiate in good faith to modify this [Settlement] Agreement in accordance with the original intent of the Parties as closely as possible in a mutually acceptable manner in order that the transactions contemplated hereby be consummated as originally contemplated to the fullest extent possible."  *Id.*

The parties did not provide, and there is no precedent, for a court's rewriting a contract to provide a remedy that a party bargained away.  *See Bank of N.Y. Mellon v. WMC Mortg. LLC*, 2015 WL 2449313, at *2 (S.D.N.Y. May 22, 2015) (court may not redraft clear and unambiguous contractual term to bring it in accord with the court's view of equity) (cleaned-up).

There is even less of a reason to rewrite a contract when the parties have already contracted for specific consequences in the event of a determination that something for which they contracted is, for some reason, unavailable.  SKAT bargained for a sole remedy for a failure by the Covered Parties' Designees to make payments under the Settlement Agreement.  The sole remedy for which SKAT bargained was the filing of the Affidavit of Confession of Judgment.  Levy Decl., Exh. A at § 2(c).  And they also bargained for a remedy if the sole remedy provision, or any other provision of the Settlement Agreement, were held to be invalid, void, or unenforceable.  *Id.*, Exh. A at § 17.  There is simply no gap in remedies for the Court to fill.

Beyond the lawlessness of what SKAT seeks to have the Court do, the Court need not speculate about how it might have to decide a question that, as SKAT readily concedes, is not

4877-0164-5173

presently before it.[3]  Indeed, if Plaintiffs prevail on Count I of their Complaint, which seeks, among other things, rescission of, and discharge from, the unperformed payment obligations of the second phase of the Settlement Agreement by reason of SKAT's breach of the Settlement Agreement, the Court may *never* be faced with this question.  *See* Pl. Compl. ¶¶ 1-8 & p.23.

Finally, SKAT cites a series of cases that they contend justify the Court's: (1) providing them with a remedy that they bargained away in Section 2(c); and (2) ignoring the backstop remedial provision in Section 17.  Def. Br. at 22-23.  It is true that there are circumstances where parties to a contract have provided for a form of equitable relief as a "sole remedy," but a court, exercising its equitable authority, awards monetary damages in lieu of the equitable remedy because the equitable remedy is "impossible or impracticable" to grant.  *Nomura Home Equity Loan, Inc., Ser. 2006-FM2 v. Nomura Credit & Cap., Inc.*, 133 A.D.3d 96, 105-06 (1st Dep't 2005), *modified*, 30 N.Y. 3d 572 (2017).

This doctrine cannot apply in this case.  First, the parties have *not* provided for a form of *equitable* relief as a sole remedy that now cannot be fulfilled.  Rather, the parties provided for the payment of *money damages* for any failure to pay.  *See* Levy Decl., Exh. C at § 2; *id.*, Exh. D at § 2.  Money damages are "the classic form of legal, not equitable, relief."  *AKF, Inc. v. AvantGarde Senior Living*, 2021 WL 2662070, at *5 (N.D.N.Y. Apr. 29, 2021).

As such, the cases cited by SKAT do not support rewriting the Settlement Agreement and the Court's exercising its equitable authority to provide SKAT with a new mechanism to obtain money damages (a breach of contract action) when they have already bargained for a specific mechanism to obtain money damages (filing of the Affidavit of Confession of Judgment).  *ACE Secs.*, 5 F. Supp. 3d at 555 (court's role in contract interpretation is to ensure that "parties receive

---

[3] For this reason, Plaintiffs need not respond to SKAT's (incorrect) assertions about the enforceability of the 2021 Affidavit of Confession of Judgment.  *See* Def. Br. at 20 n.13.

the benefit of their bargain," not to granting relief that parties "explicitly d[id] not contemplate").

Second, if the 2021 Affidavit of Confession of Judgment is deemed unenforceable, it will be because, when drafted in 2021, it was not legally enforceable as a result of a mistake of law on SKAT's part.  *See* Pl. Br. at 11-12 & n.2 (explaining how, about 20 months before execution of 2021 Affidavit of Confession of Judgment, CPLR 3218 was amended to eliminate ability of non-New York resident to execute same); *see also* Pl. Compl. ¶¶ 81-91.  But federal courts do not reform contracts as a result of mistakes of law, particularly mistakes of law made by the party seeking reformation.  *See Cooper v. Cooper*, 2022 WL 2716333, at *5 (E.D.N.Y. July 12, 2022) ("well settled" that "equity will not grant reformation for a mistake of law"); *Gimbel Bros., Inc. v. Brook Shopping Ctrs., Inc.*, 118 A.D.2d 532, 536 (2d Dep't 1986) (party showing "marked lack of due diligence" in determining contractual rights not entitled to equitable relief).

Finally, no case cited by SKAT suggests that a court may exercise its equitable authority to provide a remedy where the conduct of the party seeking the extra-contractual remedy *is* itself the reason that the sole remedy provided for is unavailable.  *See, e.g.*, *Nomura*, 133 A.D.3d at 106 (permitting recovery of money damages, despite sole remedy provision, because it was *defendant's* conduct that made sole remedy unavailable); *Deutsche Alt-A Sec. Mortg. Loan Trust, Ser. 2006-OA1 v. DB Structured Prod., Inc.*, 958 F. Supp. 2d 488, 503 (S.D.N.Y. 2013) (same).

**V.    <u>SKAT Has No Standalone Breach of Contract Claims For Default Interest</u>**

As a throwaway argument on the end of their brief, SKAT argues that, despite the sole remedy provision, SKAT has a stand-alone breach of contract claim for interest in the event of a default.  This is alleged as a subset of the damages sought under Counts I and II.  *See* SKAT Countercl. ¶¶ 130, 170, 179, 186.  The argument here is that, even if the breach of contract claims for payment of the Final Settlement Amount fail because of the sole remedy clause, Section 5(d)(iii) of the Settlement Agreement creates an obligation to pay interest that was not

intended to be enforced via the Affidavit of Confession of Judgment and the sole remedy provision.  Def. Br. at 24; *see* Levy Decl., Exh. A at § 5(d)(iii).  SKAT says nothing about the extreme oddity that it seeks breach of contract damages for payment of interest on an amount that it concedes may only be obtained via filing the Affidavit of Confession of Judgment.

There is little to this argument.  It is obvious that the parties intended that any obligation to pay interest under Section 5(d)(iii) would be enforced by filing the Affidavit of Confession of Judgment.  After all, the parties *included* in the very Affidavit of Confession of Judgment as one of the confessed amounts: "Applicable Interest, *calculated pursuant to Section 5(d)(iii) of the Settlement Agreement*."  *See* Levy Decl., Exh. C at 2(d) (emphasis added); *id.*, Exh. D at § 2(d) (same); *id.*, Exh. A at § 1(c).  And the categories confessed in the Affidavits of Confession of Judgment map onto the several categories payable upon an Event of Default.  *Compare id.*, Exh. A at § 5(d), *with id.*, Exh. C at § 2(d).

The parties could not have intended that the sole remedy to pay the remainder of Final Settlement Amount be to file of the Affidavit of Confession of Judgment, but also have intended that SKAT have multiple remedies for a failure to pay interest under Section 5(d)(iii) where: (a) there is a single form of Affidavit of Confession of Judgment; (b) Section 2(d) of the Affidavit of Confession of Judgment refers to interest under Section 5(d)(iii) as one of the categories of amounts confessed; (c) Section 5 of the Affidavit of Confession of Judgment refers back to Section 5(c) of the Settlement Agreement; (d) Section 5(c) of the Settlement Agreement creates the obligation to pay interest under 5(d)(iii); and (e) the sole remedy provision refers explicitly to Section 5(c).  These various provisions all tie together and confirm the parties' intent.

## CONCLUSION

For the reasons set forth above and in Plaintiffs' Memorandum of Law, the Court should dismiss SKAT's counterclaims without leave to replead.

10

Dated: New York, New York
August 14, 2023

Respectfully submitted,

McKool Smith P.C.

/s/

By: _____

Daniel W. Levy
dlevy@mckoolsmith.com
One Manhattan West
395 Ninth Avenue, 50th Floor
New York, New York  10001-8603
Telephone: (212) 402-9400

*Attorneys for Plaintiffs-Counterclaim
Defendants Matthew Stein and
Jerome Lhote*

11

## CERTIFICATE OF SERVICE

DANIEL W. LEVY, pursuant to Title 28, United States Code, Section 1746, declares

under the penalty of perjury:

1.      I am an attorney licensed to practice law in the State of New York and admitted to

practice before this Court.  I am principal in the law firm of McKool Smith P.C. and counsel of

record for Matthew Stein and Jerome Lhote.

2.      On August 14, 2023, I caused a true and correct copy of the foregoing REPLY

MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS

COUNTERCLAIMS and the accompanying SUPPLEMENTAL DECLARATION OF DANIEL

W. LEVY, together with the Exhibits thereto, to be served via ECF, upon the following

attorneys, who are filing users in connection with the above-referenced case:

> William R. Maguire
> Marc Alan Weinstein
> Neil John Oxford
> John Thomas McGoey
> Dustin Philip Smith
> Hughes Hubbard & Reed LLP
>
> *Attorneys for Defendant-Counterclaim*
> *Plaintiff Skatteforvaltningen*
>
> Robert H. Pees
> Anne M. Evans
> Ilana R. Roberts
> Akin Gump Strauss Hauer & Feld LLP
>
> Daniel S. Newman
> Nelson Mullins Riley & Scarborough
>
> *Attorneys for Counterclaim Defendant*
> *Luke McGee*

4877-0164-5173

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on August 14, 2023, at New York, New York.

/s/
_____
Daniel W. Levy