**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MATTHEW STEIN and JEROME LHOTE,

             Plaintiffs/Counterclaim-Defendants,

             *v.*

SKATTEFORVALTNINGEN,

             Defendant/Counterclaim-Plaintiff,

             *v.*

LUKE MCGEE,

             Counterclaim-Defendant.

Case No. 23-cv-02508 (NRB)

---

## FED. R. CIV. P. 26(F) JOINT REPORT AND PROPOSED DISCOVERY PLAN

In accordance with Federal Rule of Civil Procedure 26(f), McKool Smith P.C., counsel for Plaintiffs/Counterclaim-Defendants Matthew Stein ("Stein") and Jerome Lhote ("Lhote") (collectively, "Plaintiffs"), Hughes Hubbard & Reed LLP, counsel for Defendant/Counterclaim-Plaintiff Skatteforvaltningen, the Customs and Tax Administration of the Kingdom of Denmark ("SKAT" or "Defendant"), and Nelson Mullins Riley & Scarborough, counsel for Counterclaim-Defendant Luke McGee ("McGee" or "Counterclaim-Defendant") (collectively with "Plaintiffs" and "Defendant," the "Parties"), conferred by telephone on June 30 and July 6, 2023, and by email correspondence on multiple dates concluding on August 4, 2023, and agreed to the following Proposed Discovery Plan, which they hereby submit for this Court's consideration.  To the extent the Parties were unable to agree upon a particular issue, the Parties' competing proposals are also set forth below for the Court's consideration.

## I.    STATEMENT OF UNDISPUTED FACTS

Counsel have made a good faith attempt to determine whether there are any material facts that are not in dispute. The Parties are continuing to work on determining which, if any, facts are not in dispute.

## II.    CASE MANAGEMENT PLAN

### A.    Plaintiffs' and Counterclaim-Defendant's Motion to Dismiss

Plaintiffs moved to dismiss Defendant's counterclaims on July 13, 2023. (ECF Nos. 50-55.) That same day, Counterclaim-Defendant filed a notice of joinder to Plaintiffs' motion. (ECF 56.) Defendant filed its opposition papers on August 3, 2023. (ECF. No. 57-58.) Plaintiffs filed their reply on August 14, 2023. (ECF Nos. 59-60.) Counterclaim-Defendant filed a notice of joinder to Plaintiffs' reply papers. (ECF No. 61.)

### B.    Scheduling Conference with the Court

The Parties request a pretrial scheduling conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). The Parties prefer a conference in person at the Court's earliest convenience. The Parties are amenable to a conference by video to the extent it will expedite the date upon which the Court can schedule such conference.

The Parties propose that any such pretrial scheduling conference with the Court should occur prior to the adjudication of the pending motion so that the Court can manage discovery and further proceedings appropriately and otherwise facilitate efficient and speedy resolution of this action.

The Parties request that, during the conference, the Court provide direction to the Parties regarding the manner in which it expects to resolve matters to be tried to the Court, specifically, whether it prefers that the Parties file summary judgment motions or that the Court conduct a bench trial.

3

### C.    Early Settlement Conference

The Parties have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.

The Parties do not currently believe that mediation or a judicial settlement conference may facilitate the resolution of the lawsuit.

The Parties do not request a referral for alternative dispute resolution pursuant to S.D.N.Y. L. Civ. R. 83.9.

### D.    Joinder of Parties and Amendment of Pleadings

1.    <u>Plaintiffs' and Counterclaim-Defendant's Position</u>:  Plaintiffs and Counterclaim-Defendant propose that the deadline for joining additional parties and amending pleadings be 30 days after the Court decides the pending motion to dismiss.

2.    <u>Defendant's Position</u>:  Defendant proposes that:

a.    No additional parties may be joined without good cause after September 1, 2023.

b.    No amendments to the pleadings shall be permitted without good cause after October 9, 2023.

c.    Any motion to amend or join after these dates must meet the good cause requirement of Fed. R. Civ. P. 16.

## III.    DISCOVERY PLAN

### A.    Rule 26(a) Initial Disclosures

The Parties exchanged initial disclosures required under Fed. R. Civ. P. 26(a)(1)(a) on August 18, 2023.

**B.      Anticipated Discovery**

The Parties set forth separately below the topics on which they believe discovery is necessary.  The Parties do not express any view at this time as to the appropriateness of the other's position.

1.      Plaintiffs' and Counterclaim-Defendant's Statement

On Count I, Plaintiffs anticipate that discovery will be necessary on Defendant's compliance with its obligation under the settlement agreement to bring certain matters to the attention of, and make certain representations to, SØIK.  Based on averments in Defendant's Answer, Plaintiffs anticipate that discovery will be necessary regarding Defendant's communications with the press.

On Count II, Plaintiffs anticipate that discovery will be necessary on the affidavits of confession, principally the residence of Plaintiff Lhote and Counterclaim-Defendant McGee at the time of execution of the affidavits of confession of judgment in 2021.

On Defendant's Counterclaims, should they not be dismissed, Plaintiffs and Counterclaim-Defendant anticipate the need for fact and expert discovery on various aspects of the adjustments alleged by Defendant, including the methodology used by Defendant to calculate such amounts and whether such methodology is consistent with the settlement agreement.

The Parties are in discussions about stipulating to various facts concerning the elements of the adjustments alleged by Defendant, which may narrow the need for discovery.

2.      Defendant's Statement

Defendant anticipates that discovery will be needed on:  (1) information regarding the Plaintiffs' compliance with the notice and cure provision in section 11 of the Parties' May 28, 2019 settlement agreement (the "Settlement Agreement"); (2) information regarding the

Plaintiffs' and Counterclaim-Defendant's submission of information to SØIK concerning the Settlement Agreement; (3) information necessary to determine the True-Up Amount under section 2(e) of the Settlement Agreement; (4) information regarding Plaintiffs' and Counterclaim-Defendant's efforts to sell the Illiquid Assets under paragraph 3 of the Parties' May 28, 2019 letter agreement executed in accordance with section 18 of the Settlement Agreement (the "Letter Agreement"), and the decisions not to provide periodic status reports of those efforts under paragraph 4 of the Letter Agreement; (5) information regarding the fees North Channel Bank received from its participation in the dividend withholding tax reclaim scheme, and the subsequent distribution of those profits in the form of dividends to shareholders; (6) information regarding the Plaintiffs' and Counterclaim-Defendant's failure to make payments under the Settlement Agreement; (7) information regarding the confessions of judgment; and (8) information regarding Plaintiffs' and Counterclaim-Defendant's transfer of assets shortly before and subsequent to the execution of the Settlement Agreement.

Defendant intends to call one expert/summary witness at trial concerning the calculation of the True-Up Amount unless the Parties reach a stipulation as to all relevant facts.

### C. Whether Discovery Should Be Conducted in Phases or Be Limited To or Focused Upon Particular Issues

In light of the pending motion to dismiss, Plaintiffs and Counterclaim-Defendant submit that the Court may wish to manage discovery such that the Parties conduct discovery on Count I and Count II of Plaintiffs' claims and permit Plaintiffs to make an early motion for summary judgment on Count I and Count II or conduct an early bench trial on Count I and Count II before permitting discovery on Defendant's counterclaims.  Plaintiffs and Counterclaim-Defendant will be prepared to address the reasons that the Court should do so and the import of phased discovery on schedules to be set by the Court at an initial pretrial conference.

Defendant's position is that conducting discovery, and potentially motion practice and/or a trial, in phases is unwarranted because it will not lead to an efficient resolution of this case. It is Defendant's position that the Covered Parties' obligation to pay the Final Settlement Amount under the Settlement Agreement is absolute and unconditional, and thus, the Court will need to resolve Defendant's counterclaims seeking entry of judgment by confession or otherwise, regardless of how the Court resolves Plaintiffs' claims. With respect to Plaintiffs' pending motion to dismiss, there is no automatic stay of discovery while the motion is pending, nor is there a basis to justify a stay. It is further Defendant's position that delaying discovery on Defendant's counterclaims would be inappropriate because Defendant anticipates that if the Court does not enter judgment based on the confessions of judgment that Plaintiffs and Counterclaim-Defendant executed within three years of their execution, that is by June 9, 2024, then Plaintiffs and Counterclaim-Defendant will argue that under CPLR § 3218 their confessions of judgment will become unenforceable by reason of passage of time. Defendant disputes as much, but to avoid the need for the Court to resolve such a further dispute over the validity of the confessions of judgment, Defendant has proposed a discovery plan that will permit the Court to enter judgment by confession by June 9, 2024.

**D.    Discovery Limits**

Unless altered by subsequent agreement of the Parties or Court order, the Parties agree that each party shall be limited to:

1.    Depositions

a.    *Plaintiffs' and Counterclaim-Defendant McGee's Position*: Plaintiffs and Counterclaim-Defendant propose that they be limited to seven depositions among them and that SKAT be limited to seven depositions.

      b.    *Defendant's Position*:  SKAT disputes whether Plaintiffs and Counterclaim-Defendant require any deposition, and otherwise proposes that, in any event, Plaintiffs and Counterclaim-Defendant be limited to three depositions among them.  SKAT proposes that SKAT be limited to five depositions.

Other than with respect to depositions, the Parties agree that there is no need to limit or restrict discovery beyond the normal limits already imposed by the Federal Rules of Civil Procedures or this Court's local rules.

**E.**    **Discovery Schedule[1]**

    1.    <u>Requests for Production</u>

The Parties served initial requests for production under Fed. R. Civ. P. 34 on August 25, 2023. Responses shall be due on September 25, 2023.  Any subsequent requests for production must be served no later than thirty (30) days before the deadline to complete the exchange of document productions. Objections and responses to such requests for production are due thirty (30) days after the requests are served.

    2.    <u>Privilege Logs</u>

The Parties agree that privilege logs be provided no later than fifteen (15) days from the document production.

---

[1] The Parties reserve the right to propose different discovery deadlines should the Court order that discovery proceed in phases.

3.     <u>Exchange of Document Productions</u>

    a.    *Plaintiffs' and Counterclaim-Defendant's Position*:  Plaintiffs and Counterclaim-Defendant propose that the exchange of document productions be completed no later than November 22, 2023.

    b.    *Defendant's Position*:  Defendant proposes that the exchange of document productions shall be completed no later than September 29, 2023 on all issues and for all claims asserted by any party.

4.     <u>Interrogatories</u>

    a.    *Plaintiffs' and Counterclaim-Defendant's Position*:  Plaintiffs and Counterclaim-Defendant propose that interrogatories under Fed. R. Civ. P. 33 be served no later than January 23, 2024.

    b.    *Defendant's Position:*  Defendant proposes that interrogatories under Fed. R. Civ. P. 33 shall be served no later than December 12, 2023.

    c.    The Parties propose that objections and responses to any interrogatories shall be served no later than thirty (30) days after the interrogatories are served.

5.     <u>Requests for Admission</u>

    a.    *Plaintiffs' and Counterclaim-Defendant's Position*:  Plaintiffs and Counterclaim-Defendant propose that requests for admission under Fed. R. Civ. P. 36 shall be served no later than January 23, 2024.

    b.    *Defendant's Position:*  Defendant proposes that requests for admission under Fed. R. Civ. P. 36 shall be served no later than December 12, 2023.

c.     The Parties propose that objections and responses to any requests for admissions shall be served no later than thirty (30) days after the requests are served.

6.     Depositions

a.     *Plaintiffs' and Counterclaim-Defendant's Position*:  Plaintiffs and Counterclaim-Defendant propose that fact depositions other than any pending requests for testimony under the Hague Convention or bilateral treaty, under Fed. R. Civ. P. 30 shall be completed no later than January 12, 2024.

b.     *Defendant's Position:*  Defendant proposes that fact depositions, other than any pending requests for testimony under the Hague Convention or any bilateral treaty, under Fed. R. Civ. P. 30 shall be completed no later than November 17, 2023 on all issues and for all claims asserted by any party.

7.     Foreign Discovery

a.     *Plaintiffs' and Counterclaim-Defendant's Position*:  Plaintiffs and Counterclaim-Defendant anticipate the need to seek testimony of witnesses and obtain evidence located overseas and, as a result, propose that any Party seeking foreign testimony or evidence submit any requests under the Hague Convention for the Court's approval by November 22, 2023.

b.      *Defendant's Position:*  Defendant proposes that the Parties shall seek judicial intervention, if necessary, for the completion of any foreign discovery no later than September 29, 2023.

c.      The Parties further propose that, where a Party receives evidence in response to a timely request for foreign discovery, the Party shall not be precluded from presenting that evidence based solely on its receipt after the expiration of discovery.

8.      Supplementation

Supplementations under Fed. R. Civ. P. 26(e) must be made within a reasonable period of time after discovery of such information.

9.      Expert Disclosures:

a.      *Plaintiffs' and Counterclaim-Defendant's Position*:  Plaintiffs propose that Defendant's expert disclosures under Fed. R. Civ. P. 26(a)(2) be made no later than January 8, 2024, and no later than February 5, 2024 for Plaintiffs' rebuttal expert witnesses, and that expert discovery shall be completed no later than February 22, 2024.

b.      *Defendant's Position:*  Defendant proposes that expert disclosures under Fed. R. Civ. P. 26(a)(2) shall be no later than November 29, 2023 for expert witnesses, and no later than December 21, 2023 for rebuttal expert witnesses, and that expert discovery shall be completed no later than January 12, 2024.

10.     Completion of Fact and Expert Discovery

a.      *Plaintiffs' and Counterclaim-Defendant's Position*:  Plaintiffs and Counterclaim-Defendant propose that all fact discovery, including any deposition of experts, be completed on or before February 22, 2024. Plaintiffs and Counterclaim-Defendant reserve the right to seek a modification of any discovery-related deadlines set by the Court.

b.    *Defendant's Position:*  Defendant proposes that all fact discovery, including any deposition of experts, be completed on or before January 12, 2024.  Defendant further proposes that the parties should be able to seek modifications to discovery deadlines set by the Court only for good cause shown.

11.    <u>Bench Trial / Summary Judgment / Joint Pretrial Order</u>

The Parties seek the Court's guidance regarding the manner in which it expects to resolve matters to be tried to the Court, specifically, whether it prefers that the Parties file summary judgment motions or that the Court conduct a bench trial.  If the latter, the Parties seek further guidance about whether: (1) the Court prefers opening and closing statements; and (2) whether direct testimony should be offered by way of witness affidavit.

a.    *Plaintiffs' position*:  Plaintiffs request that the Court defer scheduling summary judgment or trial, as the case may be, until after the Parties have completed discovery.

b.    *Defendant's Position:*  Defendant requests that the Court provide a briefing and/or trial schedule as part of its Order.  Defendant proposes that a joint pretrial order shall be filed on or before February 15, 2024.  No motion for summary judgment shall be served after the deadline fixed for submission of the joint pretrial order.  The filing of a motion for summary judgment does not relieve the Parties of the obligation to file the pretrial order on time.

### F.    Preservation and Production of Electronically Stored Information

The Parties anticipate finalizing a protocol for preservation and production of electronically stored information documents in due course.

### G.    Confidentiality and Protective Order

Undersigned counsel have discussed discovery procedures to minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production.

The Parties will submit to the Court a proposed protective order, including an order under Fed. R. Civ. P. 502(d) to protect against waiver of the attorney-client privilege and the work product doctrine.

### H.    Other Orders Under Rules 26(c), 16(b) and 16(c)

The Parties do not presently anticipate any need for the Court to issue additional orders pursuant Fed. R. Civ. P. 26(c), 16(b) and 16(c) not already referenced herein.

## IV.    PRETRIAL SCHEDULE

The Parties set forth separately below proposed pretrial schedules.  The Parties do not express any opinion at this time as to the appropriateness of the other's schedule.

| Event | Plaintiffs' and Counterclaim-Defendant's Proposed Date[2] | Defendant's Proposed Date |
|---|---|---|
| Deadline to exchange initial FRCP 26(a)(1) disclosures | August 18, 2023 | August 18, 2023 |
| Deadline to serve initial document requests | August 25, 2023 | August 25, 2023 |
| Completion of document productions | November 22, 2023 | September 29, 2023 |

---

[2] The Parties reserve the right to propose different discovery deadlines should the Court order that discovery proceed in phases.

| Deadline to seek judicial intervention related to foreign discovery | November 22, 2023 | September 29, 2023 |
|---|---|---|
| Deadline for joinder of additional parties | 30 days after the Court decides the pending motion to dismiss | September 1, 2023 |
| Deadline for amending pleadings | 30 days after the Court decides the pending motion to dismiss | October 9, 2023 |
| Completion of fact depositions | January 12, 2024 | November 17, 2023 |
| Deadline to make FRCP 26(a)(2) disclosures with respect to expert witnesses | January 8, 2024 | November 29, 2023 |
| Deadline to make FRCP 26(a)(2) disclosures with respect to rebuttal expert witnesses | February 5, 2024 | December 21, 2023 |
| Deadline to serve requests to admit and interrogatories | January 23, 2024 | December 12, 2023 |
| Completion of all discovery, including expert discovery | February 22, 2024 | January 12, 2024 |
| Deadline to file joint pretrial order | | February 15, 2024 |

## V.    TRIAL READINESS

The case will be ready for trial by thirty (30) days after the filing of the joint trial memorandum.

The Parties anticipate that this matter will require not more than three days of trial.

The Parties do not consent to a trial before a Magistrate Judge at this time.

The Parties agree that, to the extent any claim of any party proceeds to trial, such claims are to be tried to the Court.

Date:  August 29, 2023                          Date:  August 29, 2023

MCKOOL SMITH P.C.                               HUGHES HUBBARD & REED LLP


By:  /s/                                        By:  /s/
Daniel W. Levy                                   William R. Maguire
One Manhattan West                               Marc A. Weinstein
395 Ninth Avenue, 50th Floor                     Neil J. Oxford
New York, New York 10001-8603                    Dustin P. Smith
Telephone: (212) 402-9400                       John T. McGoey
dlevy@mckoolsmith.com

*Counsel for Plaintiffs / Counterclaim-*        One Battery Park Plaza
*Defendants Matthew Stein and Jerome Lhote*     New York, New York 10004-1482
                                                Telephone: (212) 837-6000
                                                Fax:  (212) 422-4726
                                                bill.maguire@hugheshubbard.com
NELSON MULLINS RILEY &                          marc.weinstein@hugheshubbard.com
SCARBOROUGH                                     neil.oxford@hugheshubbard.com
                                                dustin.smith@hugheshubbard.com
By:  /s/                                        john.mcgoey@hugheshubbard.com
Daniel S. Newman
One Biscayne Tower, 21st Floor                  *Counsel for Defendant Skatteforvaltningen*
2 South Biscayne Boulevard
Miami, Florida 33131
Tel.: (305) 373-9400
Fax: (305) 373-9443

*Counsel for Counterclaim-Defendant Luke*
*McGee*