LETTER TO THE HONORABLE
NAOMI REICE BUCHWALD,
dated January 11, 2024

# Exhibit 1B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW STEIN and JEROME LHOTE,<br><br>Plaintiffs,<br><br>v.<br><br>SKATTEFORVALTNINGEN,<br><br>Defendant. | 23 Civ. 2508 (NRB) |
| SKATTEFORVALTNINGEN,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>MATTHEW STEIN, JEROME LHOTE, and<br>LUKE MCGEE,<br><br>Counterclaim Defendants. | |

## DEFENDANT/COUNTERCLAIM-PLAINTIFF SKATTEFORVALTNINGEN'S RESPONSES AND OBJECTIONS TO PLAINTIFFS/COUNTERCLAIM-DEFENDANTS STEIN AND LHOTE'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York (the "Local Rules"), Plaintiff Skatteforvaltningen ("SKAT"), by and through its attorneys, Hughes Hubbard & Reed LLP, hereby responds and objects (individually, a "Response," collectively, the "Responses") to Plaintiffs/Counterclaim-Defendants Matthew Stein ("Stein") and Jerome Lhote ("Lhote") First Requests for Production of Documents, dated August 25, 2023 (each individually, a "Request," collectively, the "Requests").

The Response to any particular Request is not an admission of the relevance or the admissibility into evidence of such Response. No statement contained in these Responses shall be deemed to constitute an admission that any statement or characterization in the Requests is complete or accurate. SKAT reserves the right to supplement or correct these Responses and to raise any additional objections deemed necessary and appropriate in light of the results of any further review.

These Responses are made solely for purposes of discovery in this proceeding. SKAT, in responding to the Requests, does not waive any objection based on relevance, materiality, competence, privilege, admissibility, authenticity, vagueness, ambiguity, undue burden, or other grounds, all of which objections and grounds are reserved and may be interposed at the time of any hearing or at trial. SKAT further does not waive the right to object on any ground at any time to a request for further responses to the Requests. Nor does SKAT waive the attorney-client privilege, work product privilege, or any other privileges or protections with respect to the information called for in the Requests.

SKAT responds to the Requests to the extent that the Requests' instructions do not impose obligations that are beyond the scope of the Federal Rules of Civil Procedure and the Local Rules applicable to discovery in this matter.

No Response made herein, or lack thereof, shall be deemed a statement by SKAT as to the existence or non-existence of any information.

## GENERAL STATEMENTS & OBJECTIONS TO THE INSTRUCTIONS AND DEFINITIONS

In the interests of brevity and clarity, SKAT describes and summarizes certain limitations to its Responses and common bases for objections to the Requests.

1.      SKAT objects to the Requests to the extent that they are not proportional to the needs of the case in light of the limited disputed factual issues to which the Requests relate. Undertaking a comprehensive search and review of all SKAT's records for responsive documents would impose on SKAT a burden and expense that far outweighs the likely benefit of the discovery.  SKAT will respond to the Requests by identifying known documents that are responsive to the Requests and will otherwise conduct reasonable searches for and produce discovery in compliance with Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules.  These Responses do not represent that any documents exist that are responsive to any particular Request.  A Response to a Request indicating that SKAT will produce certain documents is not a representation that such documents do now or have ever existed, but only a representation that, to the extent that such documents do exist, are within SKAT's possession, custody, or control, and are not privileged or subject to confidentiality and/or non-disclosure requirements, SKAT will conduct a reasonably diligent search for and produce any such documents in accordance with the terms of the Response.  (Throughout these Responses, SKAT refers collectively to the objections contained in this paragraph as "Objection 1.")

2.      SKAT objects to the Requests to the extent they seek or require the production of confidential, personal, business or financial information of third parties.  SKAT further objects to the Requests to the extent they call for the production of documents or information that are subject to any confidentiality or non-disclosure requirement under (i) any applicable treaty, law, rule or regulation, including, but not limited to, any treaty, law, rule or regulation of the United States, Denmark, England, Dubai, Malaysia, or the European Union, (ii) an order of a foreign court, or (iii) any applicable agreement pursuant to which the documents or information were provided to SKAT.  SKAT further objects to the Requests to the extent they call

3

for the production of documents that SKAT is prohibited from disclosing under Danish law, including, but not limited to: the Danish Tax Administration Act, the Danish Public Administration Act, the Danish Data Protection Act, the European General Data Protection Regulation, the Danish Securities Trading Act, and the Danish Capital Markets Act.  (Throughout these Responses, SKAT refers collectively to the objections contained in this paragraph as "Objection 2.")

   3. SKAT objects to the Requests to the extent they seek information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the common interest privilege, confidentiality orders, or that are otherwise immune to or protected from disclosure.  The inadvertent production of any document that is confidential, privileged, or protected shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such document, the subject matter thereof or the information contained therein; nor shall such inadvertent production constitute a waiver of SKAT's right to demand that such documents be returned or object to the use of the document or the information contained therein during this or any other proceeding.  (Throughout these Responses, SKAT refers collectively to the objections contained in this paragraph as "Objection 3.")

   4. SKAT objects that the Requests are overly broad and unduly burdensome to the extent they call for the production of "all" documents when the relevant facts can be obtained from fewer than "all" documents, and to the extent they purport to require additional searches that would likely only lead to duplicative, cumulative, non-responsive, or other objectionable material. SKAT will make reasonable efforts to search for and produce documents sufficient to respond to the Requests where appropriate, rather than search for and produce "all" responsive documents. (Throughout these Responses, SKAT refers collectively to the objections contained in this paragraph as "Objection 4.")

5.      SKAT objects to the Requests to the extent they call for information or documents that are outside SKAT's possession, custody, or control, seek information and/or materials already within the Plaintiffs/Counterclaim-Defendants' knowledge, possession and/or control (either collectively or individually), or information that is publicly available or obtainable from some other source that is more convenient, less burdensome, or less expensive.  SKAT has no obligation or duty (and will undertake no such obligation or duty) to search for, collect or produce information or documents that are under the possession, custody or control of any other agency or instrumentality of the government of the Kingdom of Denmark. (Throughout these Responses, SKAT refers collectively to the objections contained in this paragraph as "Objection 5.")

6.      SKAT objects to the Requests to the extent they are vague, ambiguous, argumentative, cumulative or duplicative, overly broad, unduly burdensome or oppressive, or to the extent they seek information or documents that are not relevant to the claims or defenses in this action.  (Throughout these Responses, SKAT refers collectively to the objections contained in this paragraph as "Objection 6.")

7.      SKAT objects to the Requests to the extent they presume factual premises not in evidence or likely to be admitted into evidence, or false or misleading legal premises. (Throughout these Responses, SKAT refers collectively to the objections contained in this paragraph as "Objection 7.")

8.      SKAT responds to the Requests without waiving or intending to waive, but on the contrary, preserving:  (a) the right to object, on the grounds of competency, privilege, relevance, or materiality, or any other proper grounds, to the use of such documents or information for any purpose, in whole or in part, in any subsequent proceedings, in this or in any other action;

and (b) the right to object on all grounds, at any time, to document requests or other discovery procedures involving or relating to the subject of the Requests to which SKAT has responded herein.

9.    To the extent SKAT agrees to produce documents or information, such documents and information will be produced as kept in the usual course of business in accordance with Federal Rule of Civil Procedure 34(b)(2)(E), and any applicable Order of the Court, unless otherwise agreed between SKAT and the Plaintiffs/Counterclaim-Defendants.

10.    Where a document is only partially responsive to a Request, SKAT reserves the right to redact any non-responsive or irrelevant portions.

11.    SKAT objects to the definition of "Press" as vague, ambiguous, overbroad, unduly burdensome, not reasonably likely to lead to the discovery of admissible evidence, insofar as this definition assumes SKAT knows the identity of all members of the media in all mediums or the identity of individuals employed by specific identified organizations. SKAT has responded to the Request by interpreting this term to be limited to the specific individuals identified by the Plaintiffs.

12.    SKAT objects to the definition of "SØIK" as vague, ambiguous, overbroad, unduly burdensome, not reasonably likely to lead to the discovery of admissible evidence, and seeking information outside of SKAT's possession or control. As set forth in Objection 5, SKAT has no obligation or duty (and will undertake no such obligation or duty) to search for, collect, or produce information or documents that are under the possession, custody, or control of any other agency or instrumentality of the government of the Kingdom of Denmark or from any other third party.

13.    SKAT objects to the definitions of "You," and "Your," as vague, ambiguous, overbroad, unduly burdensome, not reasonably likely to lead to the discovery of admissible evidence, and seeking information privileged or exempt from discovery.  SKAT objects to these definitions to the extent they include its representatives, attorneys, agents, investigators, consultants and counsel working on its behalf in connection with this or any other litigation, or persons or entities acting or purporting to act on behalf of any of the individuals or entities covered by the definitions.  SKAT further objects to the extent that the definition of "You" and "Your" purports to include:  (i) Boris Frederiksen with the law firm Poul Schmith/ Kammeradvokaten; and (ii) Karsten Lauritzen, Denmark's *former* Tax Minister, as neither is part of SKAT during a relevant time period.  *See* ECF No. 11 at ¶ 71(c) ("A *former* Danish Minister of Taxation publicly stated . . .") (emphasis added).

14.    To the extent that SKAT provides any documents in response to a Request, SKAT will interpret the terms "you," "your," "yourself" and "SKAT" to include SKAT, and its current or former employees in their capacity as such who were involved in any of the matters at issue in this action.  As set forth in Objection 5, SKAT has no obligation or duty (and will undertake no such obligation or duty) to search for, collect or produce information or documents that are under the possession, custody or control of any other agency or instrumentality of the government of the Kingdom of Denmark.

15.    SKAT objects to the extent that any Request may be construed to call for the production of correspondence from SKAT's counsel to counsel for Plaintiffs/Counterclaim-Defendants.  Such correspondence is, on its face, equally available to Plaintiffs/Counterclaim Defendants and SKAT will not produce such correspondence.  *See* Objection 5.

16.    SKAT objects to the extent that the Requests call for it to identify, on a Request-by-Request basis, the documents produced in response to each Request. Identification of the documents to be produced by Request would impose undue burden and expense on SKAT and is not proportional to the needs of the case. *See* Objection 1.

17.    SKAT objects to Instruction 4, 5, and 7 on the grounds that the instructions are vague, ambiguous, overly broad, unduly burdensome, purport to impose obligations on SKAT in excess of those imposed by the Federal Rules of Civil Procedure. SKAT will make its production based on a reasonable ESI and Hard Copy format agreed to by the parties in a reasonable amount of time prior to its production of documents as set forth herein.

18.    SKAT objects to Instruction 9 as overbroad, unduly burdensome, and seeking to expand its obligations beyond those required for a privilege log. In creating any such privilege log, SKAT will not log internal communications between or among any of its inside or outside counsel. To the extent SKAT withholds any other documents based on a claim of privilege, exemption, or immunity from discovery, it will set forth such information in its privilege log and will provide similar information in accordance with its obligation under Federal Rule of Civil Procedure 26(b)(5) and Local Rule 26.2.

19.    SKAT objects to Instruction 10 to the extent it calls for the production of information and documents that were created, generated, dated, issued, executed or received for a time period that is overly broad, unduly burdensome and/or oppressive, and that is not relevant to the claims and defenses in this action. *See* Objection 4. SKAT will only produce documents or information created, generated, dated, issued, executed or received during the period from March 2019 through April 2021 (the "Relevant Time Period").

20.    SKAT objects to Instruction 2, 3, 6, 8, 11 and 12 on the grounds that the instructions are vague, ambiguous, overly broad, and unduly burdensome, not reasonably likely to lead to the discovery of admissible evidence, seeking information privileged or exempt from discovery, and that they purport to impose obligations on SKAT in excess of those imposed by the Federal Rules of Civil Procedure.

## **RESPONSES TO DOCUMENT REQUESTS**

The responses below to each Request shall be deemed to incorporate the General Statements and Objections to the Instructions and Definitions as if each were fully set forth therein.

**Request for Production No. 1:**

All Communications between You and SØIK concerning the Settlement Agreement prior to, upon, and after execution of the Settlement Agreement

**Response to Request for Production No. 1:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6.  SKAT objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks information not relevant to any party's claims or defenses in this action.  SKAT further objects to the extent that Request 1 is not temporally limited and requests "[a]ll Communications," including those outside the Relevant Time Period, that is, from prior to March 2019 and after April 2021, which time periods are irrelevant to any party's claims or defenses in this action.

Subject to and without waiving any objections, SKAT will produce copies of documents within its possession, custody or control that it identifies after a reasonably diligent search, limited to the Relevant Time Period, as responsive to this Request to the extent it relates to Section 8(f) of the Settlement Agreement and not otherwise subject to or protected by any confidentiality requirement, non-disclosure requirement, privilege, protection, or immunity.

**Request for Production No. 2:**

All Communications between You and SØIK concerning any of the Covered Parties prior to, upon, and after execution of the Settlement Agreement.

**Response to Request for Production No. 2:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6, as well as its Response to Request 1. SKAT objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks information not relevant to any party's claims or defenses in this action. SKAT further objects to the extent that Request 2 is not temporally limited and requests "[a]ll Communications," including those outside the Relevant Time Period, that is, from prior to March 2019 and after April 2021, which time periods are irrelevant to any party's claims or defenses in this action.

Subject to and without waiving any objections, SKAT will produce copies of documents within its possession, custody or control that it identifies after a reasonably diligent search, limited to the Relevant Time Period, as responsive to this Request to the extent it relates to Section 8(f) of the Settlement Agreement and not otherwise subject to or protected by any confidentiality requirement, non-disclosure requirement, privilege, protection, or immunity.

**Request for Production No. 3:**

All Communications between You and SØIK concerning any of the Covered Parties' Designees prior to, upon, and after execution of the Settlement Agreement.

**Response to Request for Production No. 3:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6, as well as its Response to Request 1. SKAT objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks information not relevant to any party's claims or defenses in this action. SKAT further objects to the extent that Request 3 is not temporally limited and requests

"[a]ll Communications," including those outside the Relevant Time Period, that is, from prior to March 2019 and after April 2021, which time periods are irrelevant to any party's claims or defenses in this action.

Subject to and without waiving any objections, SKAT will produce copies of documents within its possession, custody or control that it identifies after a reasonably diligent search, limited to the Relevant Time Period, as responsive to this Request to the extent it relates to Section 8(f) of the Settlement Agreement and not otherwise subject to or protected by any confidentiality requirement, non-disclosure requirement, privilege, protection, or immunity.

**Request for Production No. 4:**

All Communications between You and SØIK concerning Your obligations under the Settlement Agreement.

**Response to Request for Production No. 4:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6, as well as its Response to Request 1. SKAT objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks information not relevant to any party's claims or defenses in this action. SKAT further objects to the extent that Request 4 is not temporally limited and requests "[a]ll Communications," including those outside the Relevant Time Period, that is, from prior to March 2019 and after April 2021, which time periods are irrelevant to any party's claims or defenses in this action.

Subject to and without waiving any objections, SKAT will produce copies of documents within its possession, custody or control that it identifies after a reasonably diligent search, limited to the Relevant Time Period, as responsive to this Request to the extent it relates to Section 8(f) of the Settlement Agreement and not otherwise subject to or protected by any confidentiality requirement, non-disclosure requirement, privilege, protection, or immunity.

11

**Request for Production No. 5:**

All Communications between You and SØIK concerning obligations of the Covered Parties or Covered Parties' Designees under the Settlement Agreement, including, but not limited to, the alleged performance or non-performance of such obligations.

**Response to Request for Production No. 5:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6, as well as its Response to Request 1. SKAT objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks information not relevant to any party's claims or defenses in this action. SKAT further objects to the extent that Request 5 is not temporally limited and requests "[a]ll Communications," including those outside the Relevant Time Period, that is, from prior to March 2019 and after April 2021, which time periods are irrelevant to any party's claims or defenses in this action.

Subject to and without waiving any objections, SKAT will produce copies of documents within its possession, custody or control that it identifies after a reasonably diligent search, limited to the Relevant Time Period, as responsive to this Request to the extent it relates to Section 8(f) of the Settlement Agreement and not otherwise subject to or protected by any confidentiality requirement, non-disclosure requirement, privilege, protection, or immunity.

**Request for Production No. 6:**

All Communications between You and SØIK concerning any part of, text of, or draft part or text of the Settlement Agreement prior to, upon, and after execution of the Settlement Agreement.

**Response to Request for Production No. 6:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6, as well as its Response to Request 1. SKAT objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks information not relevant to any party's claims or defenses in this

action.  SKAT further objects to the extent that Request 6 is not temporally limited and requests "[a]ll Communications," including those outside the Relevant Time Period, that is, from prior to March 2019 and after April 2021, which time periods are irrelevant to any party's claims or defenses in this action.

Subject to and without waiving any objections, SKAT will produce copies of documents within its possession, custody or control that it identifies after a reasonably diligent search, limited to the Relevant Time Period, as responsive to this Request and not otherwise subject to or protected by any confidentiality requirement, non-disclosure requirement, privilege, protection, or immunity.

**Request for Production No. 7:**

All Communications between You and SØIK concerning the negotiation of the Settlement Agreement prior to, upon, and after execution of the Settlement Agreement.

**Response to Request for Production No. 7:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6, as well as its Response to Request 1.  SKAT objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks information not relevant to any party's claims or defenses in this action.  SKAT further objects to the extent that Request 7 is not temporally limited and requests "[a]ll Communications," including those outside the Relevant Time Period, that is, from prior to March 2019 and after April 2021, which time periods are irrelevant to any party's claims or defenses in this action.

Subject to and without waiving any objections, SKAT will produce copies of documents within its possession, custody or control that it identifies after a reasonably diligent search, limited to the Relevant Time Period, as responsive to this Request to the extent it relates to

Section 8(f) of the Settlement Agreement and not otherwise subject to or protected by any confidentiality requirement, non-disclosure requirement, privilege, protection, or immunity.

**Request for Production No. 8:**

All Communications between You and SØIK concerning the obligations of the Covered Parties pursuant to Section 7 of the Settlement Agreement, including whether and the extent to which cooperation by the Covered Parties may result in the recovery of funds by You.

**Response to Request for Production No. 8:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6, as well as its Response to Request 1. SKAT objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks information not relevant to any party's claims or defenses in this action. SKAT further objects to the extent that Request 8 is not temporally limited and requests "[a]ll Communications," including those outside the Relevant Time Period, that is, from prior to March 2019 and after April 2021, which time periods are irrelevant to any party's claims or defenses in this action.

Subject to and without waiving any objections, SKAT will produce copies of documents within its possession, custody or control that it identifies after a reasonably diligent search, limited to the Relevant Time Period, as responsive to this Request to the extent it relates to Section 8(f) of the Settlement Agreement and not otherwise subject to or protected by any confidentiality requirement, non-disclosure requirement, privilege, protection, or immunity.

**Request for Production No. 9:**

All Communications between You and SØIK concerning whether, and to what extent, the Settlement Agreement was in Your best interest prior to, upon, and after execution of the Settlement Agreement.

**Response to Request for Production No. 9:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6, as well as its Response to Request 1. SKAT objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks information not relevant to any party's claims or defenses in this action. SKAT further objects to the extent that Request 9 is not temporally limited and requests "[a]ll Communications," including those outside the Relevant Time Period, that is, from prior to March 2019 and after April 2021, which time periods are irrelevant to any party's claims or defenses in this action.

Subject to and without waiving any objections, SKAT will produce copies of documents within its possession, custody or control that it identifies after a reasonably diligent search, limited to the Relevant Time Period, as responsive to this Request to the extent it relates to Section 8(f) of the Settlement Agreement and not otherwise subject to or protected by any confidentiality requirement, non-disclosure requirement, privilege, protection, or immunity.

**Request for Production No. 10:**

All Communications between You and SØIK concerning any comments on, questions about, or suggested revisions to the Settlement Agreement prior to, upon, and after the execution of the Settlement Agreement.

**Response to Request for Production No. 10:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6, as well as its Response to Request 1. SKAT objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks information not relevant to any party's claims or defenses in this action. SKAT further objects to the extent that Request 10 is not temporally limited and requests "[a]ll Communications," including those outside the Relevant Time Period, that is, from prior to March 2019 and after April 2021, which time periods are irrelevant to any party's claims or defenses in this action.

Subject to and without waiving any objections, SKAT will produce copies of documents within its possession, custody or control that it identifies after a reasonably diligent search, limited to the Relevant Time Period, as responsive to this Request to the extent it relates to Section 8(f) of the Settlement Agreement and not otherwise subject to or protected by any confidentiality requirement, non-disclosure requirement, privilege, protection, or immunity.

**Request for Production No. 11:**

All Communications between You and SØIK concerning any proceedings initiated, or to be initiated, against the Covered Parties' Designees or with respect to assets of the Covered Parties, including, but not limited to, the 2021 indictment of Plaintiffs and any proceedings to restrain, seize, or freeze any assets of the Covered Parties.

**Response to Request for Production No. 11:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6.   SKAT objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks information not relevant to any party's claims or defenses in this action.  SKAT further objects to the extent that Request 11 is not temporally limited and requests "[a]ll Communications," including those outside the Relevant Time Period, that is, from prior to March 2019 and after April 2021, which time periods are irrelevant to any party's claims or defenses in this action.

SKAT will not produce documents in response to this Request, except to the extent that they have been produced in response to other Requests.

**Request for Production No. 12:**

Documents sufficient to identify all oral communications between You and SØIK concerning the Settlement Agreement, negotiation of the Settlement Agreement, any obligations under the Settlement Agreement, the alleged performance or non-performance of such obligations, the Covered Parties, or the Covered Parties' Designees, including, but not limited to, the date and time of such communication, the location or means or such communication, parties to such communication, and summaries, notes, or recordings of such communications.

16

**Response to Request for Production No. 12:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6.  SKAT objects to this Request as vague and ambiguous because it would require SKAT to speculate as to the nature or scope of the responses sought thereby. SKAT further objects to the extent that Request 12 is not temporally limited and requests Documents outside the Relevant Time Period, that is, from prior to March 2019 and after April 2021, which time periods are irrelevant to any party's claims or defenses in this action.

Subject to and without waiving any objections, SKAT will produce copies of documents within its possession, custody or control that it identifies after a reasonably diligent search, limited to the Relevant Time Period, as responsive to this Request to the extent it relates to Section 8(f) of the Settlement Agreement and not otherwise subject to or protected by any confidentiality requirement, non-disclosure requirement, privilege, protection, or immunity.

**Request for Production No. 13:**

All Communications pursuant to Section 8(a) of the Settlement Agreement.

**Response to Request for Production No. 13:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6.  SKAT objects as any Communications by SKAT to the Ministry of Taxation and other government entities authorized by Section 8(a) of the Settlement Agreement were, by definition, not in breach of the Settlement Agreement, and are therefore inherently not relevant to any party's claims or defenses in this action.

SKAT will not produce documents in response to this Request, except to the extent that they have been produced in response to other Requests.

**Request for Production No. 14:**

All Communications pursuant to Section 8(b) of the Settlement Agreement.

**Response to Request for Production No. 14:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6. SKAT objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks information not relevant to any party's claims or defenses in this action. SKAT further objects that "All Communications" under Section 8(b) of the Settlement Agreement are irrelevant because this provision (i) permits the disclosure of certain terms of the Settlement Agreement, and (ii) sets a procedure for the issuance of a press release, but Plaintiffs/Counterclaim-Defendants do not allege that SKAT has violated any of the terms of this provision. SKAT further objects on the grounds that this Request seeks "All" Communications, without temporal limitation, and including those outside the Relevant Time Period, that is, from prior to March 2019 and after April 2021, which time periods are irrelevant to any party's claims or defenses in this action. SKAT further objects to the extent that Request 14 seeks communications between counsel to this action, as these communications are equally available to Plaintiffs/Counterclaim-Defendants; accordingly, SKAT will not produce such communications.

SKAT will not produce documents in response to this Request, except to the extent that they have already been produced in response to other Requests.

**Request for Production No. 15:**

All Communications pursuant to Section 8(c) of the Settlement Agreement and any notices provided pursuant to Section 8(c) of the Settlement Agreement.

**Response to Request for Production No. 15:**

SKAT incorporates by reference its Response to Request 14 as well as Objections 1, 2, 3, 4, 5, and 6. SKAT further objects that "All Communications" and notices pursuant to

Section 8(c) of the Settlement Agreement are irrelevant because Plaintiffs/Counterclaim-Defendants do not allege that SKAT has failed to provide such notices and Communications prescribed by the Settlement Agreement.  SKAT further objects as, under the terms of the Settlement Agreement, to the extent that SKAT issued any notices or Communications, they would be in the possession of Plaintiffs/Counterclaim-Defendants.  *See* Section 8(c); Objection 5.

SKAT will not produce documents in response to this Request, except to the extent that they have already been produced in response to other Requests.

**Request for Production No. 16:**

All Communications pursuant to Section 8(f) of the Settlement Agreement.

**Response to Request for Production No. 16:**

SKAT will produce copies of documents within its possession, custody or control that it identifies after a reasonably diligent search as responsive to this Request and not otherwise subject to or protected by any confidentiality requirement, non-disclosure requirement, privilege, protection, or immunity.

**Request for Production No. 17:**

All Communications between You and the Ministry of Taxation and any other Danish governmental committees, commissions, officials, departments, agencies, or other components of the government of the Kingdom of Denmark concerning the Settlement Agreement, negotiation of the Settlement Agreement, any obligations under the Settlement Agreement, the alleged performance or non-performance of such obligations, the Covered Parties, or the Covered Parties' Designees, including, but not limited to the Undersøgelses-Kommissionen om Skat.

**Response to Request for Production No. 17:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6.  SKAT objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks information not relevant to any party's claims or defenses in this action.  SKAT further objects as

Plaintiffs/Counterclaim-Defendants do not bring any claims based upon purported communications between SKAT and "the Ministry of Taxation and any other Danish governmental committees, commissions, officials, departments, agencies, or other components of the government of the Kingdom of Denmarkallege," and accordingly, Request 17 is not relevant to the claims or defenses in this action. *See* ECF 11 ¶¶ 70-72; *see generally id.* ¶¶ 57, 58, 66 (setting forth obligations). SKAT further objects on the grounds that this Request seeks "All" Communications, without temporal limitation, and including those outside the Relevant Time Period, that is, from prior to March 2019 and after April 2021, which time periods are irrelevant to any party's claims or defenses in this action.

SKAT will not produce documents in response to this Request, except to the extent that they have been produced in response to other Requests.

**Request for Production No. 18:**

All Communications between You and Folketinget Rigsrevisionen concerning the Settlement Agreement, negotiation of the Settlement Agreement, any obligations under the Settlement Agreement, the alleged performance or non-performance of such obligations, the Covered Parties, or the Covered Parties' Designees.

**Response to Request for Production No. 18:**

SKAT incorporates by reference its Response to Request 17 and Objections 1, 2, 3, 4, 5, and 6. SKAT objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks information not relevant to any party's claims or defenses in this action. SKAT further objects as Plaintiffs/Counterclaim-Defendants do not bring any claims based upon purported communications between SKAT and "Folketinget Rigsrevisionen" and accordingly, Request 18 is not relevant to the claims or defenses in this action. *See* ECF 11 ¶¶ 70-72; *see generally id.* ¶¶ 57, 58, 66 (setting forth obligations). SKAT further objects on the grounds that this Request seeks "All" Communications, without temporal limitation, and including those

outside the Relevant Time Period, that is, from prior to March 2019 and after April 2021, which time periods are irrelevant to any party's claims or defenses in this action.

SKAT will not produce documents in response to this Request, except to the extent that they have been produced in response to other Requests.

## Request for Production No. 19:

Documents sufficient to identify all oral communications between You and any component of the government of the Kingdom of Denmark, concerning the Settlement Agreement, negotiation of the Settlement Agreement, any obligations under the Settlement Agreement, the alleged performance or non-performance of such obligations, the Covered Parties, or the Covered Parties' Designees, including, but not limited to, the date and time of such communication, the location or means or such communication, parties to such communication, and summaries, notes, or recordings of such communications.

## Response to Request for Production No. 19:

SKAT incorporates by reference its Response to Request 17 and Objections 1, 2, 3, 4, 5, 6, and 7.  SKAT objects to this Request as vague and ambiguous because it would require SKAT to speculate as to the nature or scope of the Responses sought thereby. SKAT objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks information not relevant to any party's claims or defenses in this action.  SKAT further objects as Plaintiffs/Counterclaim-Defendants do not bring any claims based upon purported communications between SKAT and "any component of the government of the Kingdom of Denmark" (with the exception of communication with SØIK, which are addressed in prior Request) and accordingly, Request 19 is not relevant to the claims or defenses in this action.  *See* ECF 11 ¶¶ 70-72; *see generally id.* ¶¶ 57, 58, 66 (setting forth obligations).  SKAT further objects to the extent that Request 19 is not temporally limited and requests information pertaining to "all oral communications," including those outside the Relevant Time Period, that is, from prior to

March 2019 and after April 2021, which time periods are irrelevant to any party's claims or defenses in this action.

SKAT will not produce documents in response to this Request, except to the extent that they have been produced in response to other Requests.

**Request for Production No. 20:**

All Communications between You and the Press concerning the Settlement Agreement, negotiation of the Settlement Agreement, any obligations under the Settlement Agreement, the alleged performance or non-performance of such obligations, the Covered Parties, or the Covered Parties' Designees, including, but not limited to, press releases, press conferences and recordings thereof, e-mails, text messages, and letters, whether on the record, off the record, on background, or otherwise.

**Response to Request for Production No. 20:**

SKAT incorporates by reference its Response to Request 17 and Objections 1, 2, 3, 4, 5, 6, and 7. SKAT objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks information not relevant to any party's claims or defenses in this action. SKAT further objects as Plaintiffs/Counterclaim-Defendants do not bring any claims based upon purported communications between SKAT and "the Press" and accordingly, Request 20 is not relevant to the claims or defenses in this action. *See* ECF 11 ¶¶ 70-72; *see generally id.* ¶¶ 57, 58, 66 (setting forth obligations). SKAT further objects on the grounds that this Request seeks "All" Communications, without temporal limitation, and including those outside the Relevant Time Period, that is, from prior to March 2019 and after April 2021, which time periods are irrelevant to any party's claims or defenses in this action.

SKAT will not produce documents in response to this Request, except to the extent that they have been produced in response to other Requests.

**Request for Production No. 21:**

Documents sufficient to identify all oral communications between You and the Press concerning the Settlement Agreement, negotiation of the Settlement Agreement, any obligations under the Settlement Agreement, the alleged performance or non-performance of such obligations, the Covered Parties, or the Covered Parties' Designees, including, but not limited to, the date and time of such communication, the location or means or such communication, parties to such communication, and summaries, notes, or recordings of such communications.

**Response to Request for Production No. 21:**

SKAT incorporates by reference its Response to Request 17 and Objections 1, 2, 3, 5, 6, and 7.  SKAT objects to this Request as vague and ambiguous because it would require SKAT to speculate as to the nature or scope of the Responses sought thereby.  SKAT objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks information not relevant to any party's claims or defenses in this action.  SKAT further objects as Plaintiffs/Counterclaim-Defendants do not bring any claims based upon purported communications between SKAT and "the Press" and accordingly, Request 21 is not relevant to the claims or defenses in this action.  *See* ECF 11 ¶¶ 70-72; *see generally id.* ¶¶ 57, 58, 66 (setting forth obligations).  SKAT further objects to the extent that Request 21 is not temporally limited and requests information pertaining to "all oral communications," including those outside the Relevant Time Period, that is, from prior to March 2019 and after April 2021, which time periods are irrelevant to any party's claims or defenses in this action.

SKAT will not produce documents in response to this Request, except to the extent that they have been produced in response to other Requests.

**Request for Production No. 22:**

All Communications between You and any Person concerning the Settlement Agreement, negotiation of the Settlement Agreement, any obligations under the Settlement Agreement, the alleged performance or non-performance of such obligations, the Covered Parties, or the Covered Parties' Designees, including, but not limited to, the United States Department of

Justice, the Internal Revenue Service, the Kingdom of Belgium, the Federal Public Service Finance of the Kingdom of Belgium, the Federal Republic of Germany, counsel to Plaintiffs, counsel to Luke McGee, and counsel to any of the other Covered Parties.

**Response to Request for Production No. 22:**

SKAT incorporates by reference its Response to Request 17 and Objections 1, 2, 3, 4, 5, 6, and 7.  SKAT objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks information not relevant to any party's claims or defenses in this action.  SKAT further objects as Plaintiffs/Counterclaim-Defendants do not bring any claims based upon purported communications between SKAT and "any Person" and accordingly, Request 22 is not relevant to the claims or defenses in this action.  SKAT further objects as Request 22 is overbroad and unduly burdensome to the extent it seeks communications with "any Person," without limitation. SKAT further objects to the extent that Request 22 is not temporally limited and requests "[a]ll Communications," including those outside the Relevant Time Period, that is, from prior to March 2019 and after April 2021, which time periods are irrelevant to any party's claims or defenses in this action.

SKAT will not produce documents in response to this Request, except to the extent that they have been produced in response to other Requests.

**Request for Production No. 23:**

Documents sufficient to identify all oral communications between You and any Person concerning the Settlement Agreement, negotiation of the Settlement Agreement, any obligations under the Settlement Agreement, the alleged performance or non-performance of such obligations, the Covered Parties, or the Covered Parties' Designees, including, but not limited to, the date and time of such communication, the location or means or such communication, parties to such communication, and summaries, notes, or recordings of such communications.

**Response to Request for Production No. 23:**

SKAT incorporates by reference its Response to Request 17 and Objections 1, 2, 3, 5, 6, and 7. SKAT objects to this Request as vague and ambiguous because it would require SKAT to speculate as to the nature or scope of the Responses sought thereby. SKAT objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks information not relevant to any party's claims or defenses in this action. SKAT objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks information concerning "all oral communications," which is not relevant to any party's claims or defenses in this action. SKAT further objects to the extent that Request 23 is not temporally limited and requests information pertaining to "all oral communications," including those outside the Relevant Time Period, that is, from prior to March 2019 and after April 2021, which time periods are irrelevant to any party's claims or defenses in this action. SKAT further objects as Plaintiffs/Counterclaim-Defendants do not bring any claims based upon purported communications between SKAT and "any Person" and accordingly, Request 23 is not relevant to the claims or defenses in this action. *See* ECF 11 ¶¶ 70-72; *see generally id.* ¶¶ 57, 58, 66 (setting forth obligations).

SKAT will not produce documents in response to this Request, except to the extent that they have been produced in response to other Requests.

**Request for Production No. 24:**

Documents sufficient to identify under Danish law Your relationship to Skattestyrelsen.

**Response to Request for Production No. 24:**

SKAT incorporates by reference Objections 1, 2, 3, 5, 6, and 7. SKAT objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks

information not relevant to any party's claims or defenses in this action.  SKAT will not produce documents in response to this Request, except to the extent that they have been produced in response to other Requests.

**Request for Production No. 25:**

Organizational charts for You and Skattestyrelsen from 2019 through the present.

**Response to Request for Production No. 25:**

SKAT incorporates by reference its Response to Request No. 24 as well as Objections 1, 2, 3, 5, 6, and 7.  SKAT objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks information not relevant to any party's claims or defenses in this action.  SKAT will not produce documents in response to this Request, except to the extent that they have been produced in response to other Requests.

**Request for Production No. 26:**

All Documents and Communications that You contend concern, support, refute, or otherwise relate to Your allegations in, paragraphs 67 and 79 of Your Answer to the Complaint, that:

(a) SKAT brought the Settlement Agreement and its terms to SØIK's attention;

(b) SKAT provided a full copy of Section 8(f) to SØIK;

(c) SKAT stated to SØIK that the Settlement Agreement reflected good faith negotiations by the Covered Parties;

(d) SKAT stated to SØIK that the Covered Parties' cooperation may result in the recovery by SKAT of additional funds from third parties;

(e) SKAT stated to SØIK that the Settlement Agreement was in SKAT's best interest;

(f) SKAT issued two press releases containing information substantially similar to that described in Section 8(f);

(g) SKAT shared drafts of these press releases with the Covered Parties' Designees; and

(h) SKAT provided the Covered Parties' Designees the opportunity to comment on the press releases before they were issued.

**Response to Request for Production No. 26:**

SKAT incorporates by reference Objections 1, 3, 4, 5, and 6.  SKAT further objects on the grounds that this Request seeks "All Documents and Communications," without temporal limitation, and including those outside the Relevant Time Period, that is, from prior to March 2019 and after April 2021, which time periods are irrelevant to any party's claims or defenses in this action.

Subject to and without waiving any objections, SKAT will produce copies of documents within its possession, custody or control that it identifies after a reasonably diligent search, limited to the Relevant Time Period, as responsive to this Request and not otherwise subject to or protected by any confidentiality requirement, non-disclosure requirement, privilege, protection, or immunity.

**Request for Production No. 27:**

Documents sufficient to show all payments received from the Covered Parties, including the date that such payments were made, the amounts of such payments in Danish kroner and U.S. dollars, the Covered Party from which the payments were received, and the dates such payments were received.

**Response to Request for Production No. 27:**

SKAT incorporates by reference Objections 1, 2, 3, 5, and 6.  While SKAT does not understand why Plaintiffs/Counterclaim-Defendants are requesting that SKAT provide documentation of payments made by Plaintiffs/Counterclaim-Defendants and the other Covered Parties for which they serve as Covered Parties' Designees, subject to and without waiving any objections, SKAT will produce copies of documents within its possession, custody or control

sufficient to identify the payments SKAT has received from the Covered Parties pursuant to the Settlement Agreement and the dates upon which such payments were received..

**Request for Production No. 28:**

All Documents and Communications concerning the Affidavit of Confession of Judgment executed by the Covered Parties' Designees on or about May 28, 2019.

**Response to Request for Production No. 28:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5 and 6. SKAT objects as Request 28 seeks information and documents that are in the possession of Plaintiffs/Counterclaim-Defendants. *See* Objection 5. SKAT further objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks information not relevant to any party's claims or defenses in this action. SKAT further objects to this Request to the extent it seeks information outside of SKAT's knowledge and/or in the possession, custody, or control of third parties outside of SKAT's control.

Subject to and without waiving any objections, SKAT will produce copies of documents within its possession, custody or control that it identifies after a reasonably diligent search, limited to the Relevant Time Period, as responsive to this Request and not otherwise subject to or protected by any confidentiality requirement, non-disclosure requirement, privilege, protection, or immunity or otherwise in the possession of Plaintiffs/Counterclaim-Defendants.

**Request for Production No. 29:**

All Documents and Communications concerning the Affidavit of Confession of Judgment executed by the Covered Parties' Designees or about June 9, 2021.

**Response to Request for Production No. 29:**

SKAT incorporates by reference its Response to Request 28 as well as Objections 1, 2, 3, 4, 5 and 6. SKAT objects as Request 29 seeks information and documents that are in the

possession of Plaintiffs/Counterclaim-Defendants.  *See* Objection 5.  SKAT further objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks information not relevant to any party's claims or defenses in this action.  SKAT further objects to this Request to the extent it seeks information outside of SKAT's knowledge and/or in the possession, custody, or control of third parties outside of SKAT's control.

Subject to and without waiving any objections, SKAT will produce copies of documents within its possession, custody or control that it identifies after a reasonably diligent search, limited to the Relevant Time Period, as responsive to this Request and not otherwise subject to or protected by any confidentiality requirement, non-disclosure requirement, privilege, protection, or immunity or otherwise in the possession of Plaintiffs/Counterclaim-Defendants.

**Request for Production No. 30:**

All Documents and Communications between You and the Covered Parties concerning the negotiation of the Settlement Agreement prior to, upon, and after execution of the Settlement Agreement.

**Response to Request for Production No. 30:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6.  SKAT objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks information not relevant to any party's claims or defenses in this action.  SKAT further objects as Request 30 seeks information that is equally available to Plaintiffs/Counterclaim-Defendants.  *See* Objection 5.

SKAT further objects to the extent that Request 30 is not temporally limited and requests "[a]ll Documents and Communications," including those outside the Relevant Time Period, that is, from prior to March 2019 and after April 2021, which time periods are irrelevant to any party's claims or defenses in this action.

SKAT will not produce documents in response to this Request, except to the extent that they have been produced in response to other Requests.

**Request for Production No. 31:**

All Documents and Communications between You and the Covered Parties concerning the alleged performance or non-performance of any obligations of the Covered Parties or Covered Parties' Designees under the Settlement Agreement.

**Response to Request for Production No. 31:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6. SKAT objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks information not relevant to any party's claims or defenses in this action. SKAT further objects as Request 31 seeks information that is equally available to Plaintiffs/Counterclaim-Defendants. *See* Objection 5.

SKAT further objects to the extent that Request 31 is not temporally limited and requests "[a]ll Documents and Communications," including those outside the Relevant Time Period, that is, from prior to March 2019 and after April 2021, which time periods are irrelevant to any party's claims or defenses in this action.

Subject to and without waiving any objections, SKAT will produce copies of documents within its possession, custody or control that it identifies after a reasonably diligent search, limited to the Relevant Time Period, as responsive to this Request despite the fact that the requested documents and communications are equally available to Plaintiffs/Counterclaim-Defendants.

**Request for Production No. 32:**

Documents sufficient to identify any Person who had any role in negotiating, drafting, commenting upon, revising, approving, or executing the Settlement Agreement or the Letter Agreement.

**Response to Request for Production No. 32:**

SKAT incorporates by reference Objections 1, 2, 3, 5, and 6.  SKAT objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks information not relevant to any party's claims or defenses in this action.

SKAT will not produce documents in response to this Request, except to the extent that they have been produced in response to other Requests.

**Request for Production No. 33:**

Documents sufficient to identify any Person who had any role in performing or complying with any obligation under the Settlement Agreement or the Letter Agreement.

**Response to Request for Production No. 33:**

SKAT incorporates by reference Objections 1, 2, 3, 5, and 6.  SKAT objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks information not relevant to any party's claims or defenses in this action. SKAT refers Plaintiffs/Counterclaim-Defendants to the documents produced in response to Request No. 16.

**Request for Production No. 34:**

Transcripts of any depositions of any Person employed, or formerly employed by You, taken in connection with In re: Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litigation, 18-MD-2865 (LAK), or any case consolidated as part of such multidistrict litigation, containing testimony concerning the Covered Persons, the Settlement Agreement, or Your communications or interactions with SØIK.

**Response to Request for Production No. 34:**

SKAT incorporates by reference Objections 1, 2, 3 and 6.  SKAT further objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks information not relevant to any party's claims or defenses in this action.  Subject to and without waiving any objections, SKAT will produce copies of documents within its possession, custody or

control that it identifies after a reasonably diligent search as responsive to this Request and concerning SKAT's communications with SØIK about Covered Persons or the Settlement Agreement and not otherwise subject to or protected by any confidentiality requirement, non-disclosure requirement, privilege, protection, or immunity.

**Request for Production No. 35:**

All Documents filed, served, or interposed in any litigation initiated by You, or in which You are a party, in any forum, wherever located, where such Document concerns, in whole or in part, the Covered Persons, the Settlement Agreement, or Your communications or interactions with SØIK, including briefs, legal arguments, court submissions, skeletal arguments, pleadings, sworn or unsworn statements, declarations, or affirmations.

**Response to Request for Production No. 35:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6.  SKAT objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it seeks information not relevant to any party's claims or defenses in this action. SKAT will not produce documents in response to this Request, except to the extent that they have been produced in response to other Requests.

Dated: New York, New York
      September 25, 2023

/s/ Neil J. Oxford
William R. Maguire
Marc A. Weinstein
Neil J. Oxford
Dustin P. Smith
John T. McGoey

HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

bill.maguire@hugheshubbard.com
marc.weinstein@hugheshubbard.com
neil.oxford@hugheshubbard.com
dustin.smith@hugheshubbard.com
john.mcgoey@hugheshubbard.com

*Attorneys for Defendant / Counterclaim-Plaintiff Skatteforvaltningen*