LETTER TO THE HONORABLE
NAOMI REICE BUCHWALD,
dated January 11, 2024

# Exhibit 3B

4864-7080-4380

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW STEIN and JEROME LHOTE,<br><br>        Plaintiffs,<br><br>   v.<br><br>SKATTEFORVALTNINGEN,<br><br>        Defendant. | 23 Civ. 2508 (NRB) |
| SKATTEFORVALTNINGEN,<br><br>        Counterclaim Plaintiff,<br><br>   v.<br><br>MATTHEW STEIN, JEROME LHOTE, and LUKE MCGEE,<br><br>        Counterclaim Defendants. | |

**DEFENDANT/COUNTERCLAIM-PLAINTIFF SKATTEFORVALTNINGEN'S RESPONSES AND OBJECTIONS TO PLAINTIFFS/COUNTERCLAIM-DEFENDANTS STEIN AND LHOTE'S FIRST SET OF INTERROGATORIES TO <u>SKATTEFORVALTNINGEN</u>**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York (the "Local Rules"), Defendant/Counterclaim-Plaintiff Skatteforvaltningen ("SKAT") hereby responds and objects to Plaintiffs/Counterclaim-Defendants Matthew Stein and Jerome Lhote's First Set of Interrogatories dated November 3, 2023 (the "Interrogatories").

The response to any particular Interrogatory is not an admission of the relevance or the admissibility into evidence of such response. No statement contained in these responses shall be deemed to constitute an admission that any statement or characterization in the Interrogatories is

complete or accurate. SKAT reserves the right to supplement or correct these responses and to raise any additional objections deemed necessary and appropriate in light of the results of any further review.

SKAT makes the responses and objections herein without in any way implying that it considers the Interrogatory, or responses to the Interrogatory, to be relevant or material to the subject matter of these actions. SKAT further does not waive the right to object on any ground at any time to a request for further responses to these Interrogatories.

No objection made herein, or lack thereof, shall be deemed a statement by SKAT as to the existence or non-existence of any information. SKAT's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice and are not a waiver of SKAT's right to rely on other facts or documents at trial.

## GENERAL STATEMENTS & OBJECTIONS TO THE INSTRUCTIONS AND DEFINITIONS

In the interests of brevity and clarity, SKAT describes and summarizes certain limitations to its responses and common bases for objections to the Interrogatories.

1.  SKAT objects to the Definitions, Instructions, and Interrogatories to the extent they seek information that is protected from discovery by the attorney-client privilege, the work product doctrine, the common interest privilege, confidentiality orders or agreements, or that are otherwise immune to or protected from disclosure. The inadvertent production of any information which is confidential, privileged, or protected shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such information, the subject matter thereof, or the information contained therein; nor shall such inadvertent production constitute a waiver of SKAT's right to object to the use of the information during this

or any other proceeding. (Throughout these Responses, SKAT refers collectively to the objections contained in this paragraph as "Objection 1.")

2. SKAT has no obligation or duty (and will undertake no such obligation or duty) to search for or produce information that is in the possession, custody, or control of any third party. SKAT objects to the Definitions of "SKAT" and "SØIK" as these Definitions include "past . . . officers, directors, affiliates, brokers, agents, representatives, employees, servants, and all persons acting directly or indirectly under their control on its behalf[.]" (emphasis added). (Throughout these Responses, SKAT refers collectively to the objections contained in this paragraph as "Objection 2.")

3. SKAT objects to the Definitions, Instructions, and Interrogatories to the extent they are vague, ambiguous, cumulative, or duplicative, overly broad, unduly burdensome, or oppressive, or to the extent they seek information that is not relevant to the claims or defenses in this action. SKAT objects as the Definitions, Instructions, and Interrogatories are overbroad and unduly burdensome as they contain no temporal limitations and are not limited to the period from March 2019 through April 2021, which is the only relevant time period in this action. SKAT objects to the Definitions and Instructions to the extent they purport to impose obligations or definitions beyond those set out in Local Civil Rule 26.3 and Local Civil Rule 33.3. (Throughout these Responses, SKAT refers collectively to the objections contained in this paragraph as "Objection 3.")

4. SKAT responds to the Definitions, Instructions, and Interrogatories without waiving or intending to waive, but on the contrary, preserving: (a) the right to object, on the grounds of competency, privilege, relevance, or materiality, or any other proper grounds, to the use of such information for any purpose, in whole or in part, in any subsequent proceedings, in

this action or in any other action; and (b) the right to object on all grounds, at any time, to document requests or other discovery procedures involving or relating to the subject of the Interrogatories to which SKAT has responded herein.

      5.      SKAT objects to Instruction No. 1 as vague, ambiguous, overbroad, unduly burdensome, seeking information that is not relevant to the claims or defenses in this action, and seeking to expand SKAT's obligations beyond those required by the Federal Rules of Civil Procedure or the Local Rules.

      6.      SKAT objects to Instruction No. 5 on the grounds that the instructions are overly broad, unduly burdensome, and purport to impose obligations on SKAT in excess of those imposed by the Federal Rules of Civil Procedure. SKAT will supplement or correct its response in a timely manner if it learns that the response is incomplete or incorrect in some material respect, if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or as ordered by the Court.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

> Identify those Persons currently or formerly employed by SKAT with knowledge of SKAT's Communications with SØIK concerning the Settlement Agreement, including in relation to Section 8(f) of the Settlement Agreement, or concerning the Covered Parties' Designees.

**Response to Interrogatory No. 1**

SKAT incorporates by reference Objections 1, 2 and 3. SKAT objects as Interrogatory No. 1 calls for information not relevant to any claim or defense of any party or to the subject matter involved in this action, and not proportional to the needs of the case. SKAT further objects to Interrogatory No. 1 to the extent it seeks the identification of individuals "with knowledge of SKAT's Communications with SØIK . . . concerning the Covered Parties'

Designees" as the requested information, to the extent it is not concerning the Settlement Agreement, is not relevant to any claim or defense of any party, is unduly burdensome and not proportional to the needs of the case.

Subject to and without waiving any objections, SKAT responds that Gry Ahlefeld-Engel has the most knowledge about SKAT's Communications with SØIK concerning the Settlement Agreement, including in relation to Section 8(f). Steen Bechmann Jacobsen also has knowledge about Communications with SØIK concerning the Settlement Agreement, including in relation to Section 8(f). There are other individuals who were on certain such Communications in addition to or on behalf of Gry Ahlefeld-Engel and/or Steen Bechmann Jacobsen. SKAT will produce documents sufficient to identify such additional individuals.

**INTERROGATORY NO. 2:**

> Identify those Persons currently or formerly employed by SKAT with knowledge of the negotiation, drafting, commenting upon, revision, approval, execution, and performance of the Settlement Agreement.

**Response to Interrogatory No. 2**

SKAT incorporates by reference Objections 1, 2 and 3. SKAT objects as Interrogatory No. 2 calls for information concerning the "negotiation, drafting, commenting upon, revision, approval, [and] execution" of the Settlement Agreement, as well as information concerning SKAT's performance of the Settlement Agreement other than Section 8(f), which information is not relevant to any claim or defense of any party or to the subject matter involved in this action, and not proportional to the needs of the case.

Subject to and without waiving any objections, and limiting its response to individuals with knowledge of the performance of Section 8(f) of the Settlement Agreement, SKAT refers Plaintiffs/Counterclaim Defendants to its response to Interrogatory No. 1.

**INTERROGATORY NO. 3:**

Identify those Persons currently or formerly employed by SKAT with knowledge of SKAT's Communications with Specified Members of the Press concerning the Settlement Agreement or the Covered Parties' Designees.

**Response to Interrogatory No. 3**

SKAT incorporates by reference Objections 1, 2 and 3.  SKAT objects as Interrogatory No. 3 calls for information that might be outside SKAT's knowledge to the extent it seeks the identification of individuals who are no longer employed by SKAT.  SKAT further objects as "Communications with Specified Members of the Press concerning the Settlement Agreement or the Covered Parties' Designees" are not relevant to any claim or defense of any party or to the subject matter involved in this action, and not proportional to the needs of the case.  In light of these objections, SKAT will not respond to Interrogatory No. 3.

Dated: New York, New York
       December 4, 2023

HUGHES HUBBARD & REED LLP

By: /s/ Marc A. Weinstein
    Marc A. Weinstein
    Neil J. Oxford
    John T. McGoey
One Battery Park Plaza
New York, New York 10004-1482
Telephone: (212) 837-6000
Fax: (212) 422-4726
marc.weinstein@hugheshubbard.com
neil.oxford@hugheshubbard.com
john.mcgoey@hugheshubbard.com

*Counsel for Defendant/Counterclaim-Plaintiff Skatteforvaltningen*

**Verification of Gry Ahlefeld-Engel**

I, Gry Ahlefeld-Engel, am a Director of Skattestyrelsen, which is a division of Defendant/Counterclaim-Plaintiff Skatteforvaltningen ("SKAT"). I am the agent of SKAT for the purpose of SKAT's Responses and Objections to Plaintiffs/Counterclaim-Defendants Matthew Stein and Jerome Lhote's First Set of Interrogatories dated November 3, 2023 ("SKAT's First Interrogatory Responses"). I have read SKAT's First Interrogatory Responses, which are true according to the best of my knowledge, information, and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed: 19 December, 2023

_____
Gry Ahlefeld-Engel