Ncl2SteC

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   MATTHEW STEIN, et al.,

 4                    Plaintiffs,           New York, N.Y.

 5            v.                            23 Civ. 2508 (NRB)

 6   SKATTEFORVALTNINGEN,

 7                    Defendant.

 8   ------------------------------x        Oral Argument

 9                                          December 21, 2023
                                            2:10 p.m.
10   Before:

11                    HON. NAOMI REICE BUCHWALD,

12                                          District Judge

13

14                         APPEARANCES

15

16   McKOOL SMITH, P.C.
          Attorneys for Plaintiffs Stein and Lhote
17   BY:  DANIEL W. LEVY

18

19   AKIN GUMP STRAUSS HAUER & FELD, LLP
          Attorneys for Counterclaim Defendant McGee
     BY:  ROBERT H. PEES
20

21   NELSON MULLINS RILEY & SCARBOROUGH
          Attorneys for Counterclaim Defendant McGee
22   BY:  DANIEL S. NEWMAN

23

     HUGHES HUBBARD & REED LLP
24        Attorneys for Defendant
     BY:  MARC A. WEINSTEIN
25        WILLIAM R. MAGUIRE
          GREGORY FARRELL
```

Ncl2SteC

```
 1            (Case called)
 2            THE DEPUTY CLERK:  Are plaintiffs' counsel present
 3    and ready to proceed?
 4            MR. LEVY:  Good afternoon, your Honor.  Daniel Levy,
 5    from McKool Smith, for Mr. Stein and Mr. Lhote.  Good
 6    afternoon.
 7            THE COURT:  Good afternoon.
 8            THE DEPUTY CLERK:  And is counterclaim defendant Luke
 9    McGee's counsel here, as well?
10            MR. NEWMAN:  Yes.  Dan Newman, from Nelson Mullins,
11    on behalf of counterclaim defendant Luke McGee.
12            MR. PEES:  And Robert Pees, from Akin Gump, also on
13    behalf of counterclaim defendant Luke McGee.
14            THE DEPUTY CLERK:  Is defendant present and ready to
15    proceed?
16            MR. WEINSTEIN:  Yes.  Good afternoon, your Honor.  On
17    behalf of SKAT, you have Marc Weinstein, Bill Maguire, and
18    Greg Farrell from Hughes Hubbard & Reed.
19            THE COURT:  Okay.  As anybody, I think, who has
20    appeared before me before knows, I generally come with
21    questions.  Let me go through those and if, at the end, there
22    is something we haven't covered, you will certainly have a
23    full opportunity to speak.
24            So for our discussion today, I think it would be
25    useful to proceed on the assumption that SKAT did not breach.
```

Ncl2SteC

1    So Mr. Levy, would I be correct if SKAT was found not to

2    breach the settlement agreements, that plaintiffs have

3    breached by failing to pay at least the 600 million krone  that

4    was owed?

5              MR. LEVY:  They have not paid them the money.

6              THE COURT:  Right.  So if SKAT has not breached,

7    plaintiff has breached, just intellectually speaking.

8              MR. LEVY:  Intellectually speaking, yes.

9              THE COURT:  Just intellectually speaking.

10             I want to be absolutely sure that, before we address

11   the specific arguments about validity of the confession of

12   judgment, that I understand the plaintiffs' position.  So it

13   is twofold, I think—first, that the 2021 confession of

14   judgment was invalid and unenforceable from the outset; and,

15   second, that SKAT's sole remedy is to file the 2021 confession

16   of judgment.  Is that right?

17             MR. LEVY:  Not quite, your Honor.

18             THE COURT:  Okay.

19             MR. LEVY:  So let me just back up.

20             At the outset, when the confession of judgment was

21   originally provided, it was not unenforceable because of the

22   limitations provided by CPLR 3218 that came into force later

23   on.  Those came into force a few months after the settlement

24   agreement was executed.

25             Fast-forward about two years, under the contract,

Ncl2SteC

| | |
|---|---|
| 1 | Mr. Stein, Mr. Lhote, and Mr. McGee are required to provide a |
| 2 | renewed affidavit of confession of judgment.  At that point |
| 3 | Mr. Lhote and Mr. McGee both do not reside in New York and, as |
| 4 | a result, they cannot have an effective affidavit of |
| 5 | confession of judgment.  That is as to the 3218 issue.  There |
| 6 | are some other problems with the affidavit of confession of |
| 7 | judgment from the outset, that is starting from 2018, but |
| 8 | there are different problems that arise at different times for |
| 9 | different reasons.  So I just want today clarify that for the |
| 10 | Court. |
| 11 | THE COURT:  Okay.  I, in fact, really meant to ask |
| 12 | about the 2021 confession of judgment because it's the |
| 13 | operative document, and insofar as that confession of judgment |
| 14 | goes, it is accurate to say that your position is that it was |
| 15 | invalid from the outset because of the residency issue. |
| 16 | MR. LEVY:  It's invalid at the outset of when it was |
| 17 | provided, if that's what you mean by "at the outset." |
| 18 | THE COURT:  Yes, that's what I mean. |
| 19 | MR. LEVY:  So if you mean in 2021, it's certainly |
| 20 | invalid as to Mr. Lhote and Mr. McGee.  And we don't know |
| 21 | why——maybe Mr. Weinstein can enlighten us——we don't know why |
| 22 | this was not raised at the time, that is, if a mistake of law |
| 23 | was made on the part of SKAT and they didn't realize that the |
| 24 | affidavit of confession of judgment would not be valid at |
| 25 | least as to Mr. Lhote and Mr. McGee, whether they simply |

Ncl2SteC

1    didn't know or they chose not to raise that issue at the time.

2    But there is a mechanism under the contract at section 17 to

3    deal with these kinds of issues as they might come up.  That

4    is, the parties allocated the risks that some fundamental part

5    of the contract might be deemed to be unenforceable, and there

6    is a remedy provided under the contract for exactly that

7    circumstance, which is go back and negotiate.  We don't know

8    the reason why it was not raised at the time.

9              THE COURT:  Okay.  So we will talk a little bit more

10   about the validity of the confession of judgment and your

11   arguments about that, but the second argument that you are

12   making is that SKAT's remedy and your emphasis on the word

13   "sole remedy," is essentially to file the 2021 confession of

14   judgment assuming it is valid.

15             MR. LEVY:  It's not my emphasis on the word "sole

16   remedy."  This is what the parties, represented by rather

17   sophisticated counsel, provided.  They said it would be the

18   sole remedy, and there is a whole string of contractual

19   provisions that say exactly that.

20             THE COURT:  Okay.  We will talk about that, too.

21             So as you just said, insofar as Mr. McGee and

22   Mr. Lhote are concerned, the confession of judgment which they

23   signed, in your view, is ineffective and -- but it says that

24   they each reside someplace else, but they authorize the entry

25   of this confession of judgment in New York County, which to me

Ncl2SteC

1    could be read as a waiver of the New York CPLR requirement.

2    And I wonder why or would ask why can't a sophisticated party,

3    represented by counsel, waive a right that is for their

4    benefit or statutory provision for their benefit and didn't

5    they do precisely that?

6        MR. LEVY:  If it were a knowing and intelligent

7    waiver, maybe.  But there is certainly not any information

8    that it was a knowing and intelligent waiver.

9        THE COURT:  Excuse me.  Weren't the notices to be

10    provided here to the law firm of Kaplan Hecker?  Right?  So

11    they had counsel.  I assume that was the counsel.  Is that

12    right?

13        MR. LEVY:  In the June 2021 period?

14        THE COURT:  In the date -- that's the notice --

15    that's the provision in the updated affidavit of confession of

16    judgment.  It says it at paragraph 8 that "we consent to and

17    agree to accept service of process related to this matter"

18    blah, blah "at where we reside, at our respective places of

19    business, including, without limitation, to Marshall L.

20    Miller, Kaplan Hecker & Fink, at 350 Fifth Avenue."

21        MR. LEVY:  I think the new language of 3218 does not

22    permit there to be a waiver.

23        THE COURT:  Okay.  Then let's talk --

24        MR. LEVY:  So it may be that that's what the piece of

25    paper says, but --

Ncl2SteC

1          THE COURT:  Well, I don't think a statute has to give

2     explicit permission to people who want to waive a provision

3     that is in there for their benefit.  I'm not aware of that as

4     a matter of law.

5          But secondly, and it's also clear if you read the

6     McKinney's commentary, that the concern of the legislature was

7     that all sorts of confessions of judgment were being filed in

8     New York against entities that had no idea that it was

9     happening.  Here, these three individuals all were well aware

10    that they were agreeing to the filing of a confession of

11    judgment in New York County.

12         But beyond that, is it not the law that the

13    requirement that you be a New Yorker does not apply when an

14    actual action has been commenced to in effect enforce the

15    confession of judgment.  Here we have the counterclaims which

16    are in effect an action.  I just cite to you—because I know

17    you know, but for the record—the *Express Trade Capital v.*

18    *Horowitz* case in the First Department, the cite being 152

19    N.Y.S.3d 821, but I will double check.  Yes, 821.  And beyond

20    the fact that all sorts of different parts of the settlement

21    agreement authorize the filing of an action.

22         MR. LEVY:  There is no part of the settlement

23    agreement that provides that there will be an action.  There

24    is language in there that says the sole remedy is the filing

25    of an affidavit of confession of judgment.  *Express Trade*

Ncl2SteC

1    concerns the use of a summary judgment in lieu of complaint,

2    which is a procedure that doesn't exist in federal court.  So

3    it's really not applicable here, and it doesn't -- it

4    certainly doesn't suggest that there was the equivalent of an

5    action that was filed prior to -- in 2021.

6         THE COURT:  Of course not.  Because the confession of

7    judgment is never really at the outset of a litigation.  It's

8    at the point of a settlement, generally when there are other

9    conditions that need to be fulfilled; and if they are not, then

10   the protection of the prevailing party is the confession of

11   judgment.  And beyond that, I still don't know why is it that

12   these two individuals, represented by counsel——they are

13   sophisticated people, involved in a multimillion-dollar fraud

14   scheme——are somehow disabled from waiving, as they said in the

15   document they were, waiving a protection under the law that

16   existed because they were out-of-staters, but they waived it.

17   Why can't they waive it?

18        MR. LEVY:  Because under the statute it's not

19   waivable.

20        THE COURT:  Where does it say it's not waivable?

21        MR. LEVY:  It doesn't say.

22        THE COURT:  Okay.

23        MR. LEVY:  It just simply says that you cannot file

24   an affidavit of confession of judgment unless the person

25   signing the affidavit of confession --

Ncl2SteC

```
1          THE COURT:  And so since presumably these two guys --
2    well, we know they are represented by counsel, so they just
3    wanted to trick SKAT; that they knew when they signed it
4    that -- and put the specific language in, which in fact was in
5    the first confession of judgment, as well, that they knew it
6    was no good and this piece of paper was worth nothing?
7          Is that what you are saying that they did?
8          MR. LEVY:  Absolutely not.
9          THE COURT:  Then what did they do if they didn't
10   waive it and your position is that they can't and the fact is
11   that they said that they did.
12         MR. LEVY:  I simply have no information that they
13   knew that this provision, 3218, had changed in between the
14   original signing of the settlement agreement and later on.
15         THE COURT:  But they knew enough --
16         MR. LEVY:  And so --
17         THE COURT:  -- to change the information, right?
18         MR. LEVY:  I don't know who drafted the affidavit of
19   confession of judgment.
20         THE COURT:  Okay, I'm sorry.  I managed -- no, I have
21   it.  So the first confession of judgment recites that
22   Mr. Lhote lived in New York.  Mr. McGee has apparently always
23   lived in Pennsylvania.
24         MR. PEES:  Your Honor, Mr. McGee had moved.  I
25   apologize, but he originally was in New York at the time of
```

Ncl2SteC

1   the first affidavit of confession of judgment.  He relocated

2   to Pennsylvania because of job requirements after --

3           THE COURT:  Well, I'm just looking at the first

4   confession of judgment.  It says, "Luke McGee resides in

5   Philadelphia County and authorizes initiation of his confession

6   of judgment in New York County."

7           MR. PEES:  I believe that's the second --

8           THE COURT:  No.

9           MR. LEVY:  I will hand to Mr. Pees a copy of the --

10           THE COURT:  No, I don't think that's --

11           MR. LEVY:  -- confession of judgment.

12           THE COURT:  -- correct, unless for some reason the

13   words "updated" don't indicate --

14           MR. PEES:  You are correct, your Honor.  I apologize.

15   You are correct.

16           THE COURT:  We spent a lot of time on this.  You are

17   getting an idea.

18           So then the fact is that Mr. Lhote originally in 2019

19   lived in New York, but when it was 2021, the information

20   changed, which indicates a pretty -- some awareness of the

21   significance of where people live in relationship to

22   confession of judgment.

23           MR. LEVY:  I submit that that's -- that that would

24   require development of facts about what Mr. Lhote and

25   Mr. McGee knew.

Ncl2SteC

1          But I just want to make sure it's clear about the

2     sequence of confessions of judgment.  There is a signed one

3     that's executed around the time of the settlement agreement,

4     and in the settlement agreement --

5          THE COURT:  It provides for the second one, I know.

6          MR. LEVY:  Okay.  I just wanted -- because they both

7     say "updated affidavit of confession of judgment," and I just

8     wanted to make sure that the Court has the --

9          THE COURT:  It actually does say "updated."

10          MR. LEVY:  They both do.  There is one that's

11     attached to the settlement agreement that's unsigned.  That was

12     the form that it would be for later on.  Then about two years

13     later, there was a further, for lack of a better term, updated

14     one.

15          THE COURT:  Okay.  Let's make it simple.  The one

16     that says "updated" is signed in 2021.  The one that doesn't

17     say "updated" is signed in 2019.  I don't think we have to

18     discuss that further.

19          MR. PEES:  Correct, your Honor.

20          THE COURT:  Okay.  But we will have to leave it that.

21     I don't see that there is any law that would prevent either of

22     these gentlemen from waiving any right that only arguably they

23     have under the statute, because I'm not sure I read the

24     statute that way in terms of whether the confession of

25     judgment is being filed or executed upon as part of an action

Ncl2SteC

1    versus it just being filed with the clerk of the court in

2    state court, because we all, I think, agreed the last time

3    that there is no such procedure in federal court to simply

4    speak to the clerk of the court and give them the confession

5    of judgment.

6            MR. LEVY:  If your Honor is interested in this

7    question about waiver and the enforceability of the affidavits

8    of confession of judgment, we are happy to provide some

9    further briefing.  It's just not at issue on --

10            THE COURT:  Well, it's not going to be --

11            MR. LEVY:  -- our motion to dismiss.

12            THE COURT:  -- for a number of reasons, so I don't

13    think it's going to be necessary.

14            So, but, in any event, just sort of as a footnote,

15    you really aren't arguing, I think, that the 2021 confession

16    of judgment is totally void, because I think you agreed with

17    me the last time we were together that it is good against

18    Mr. Stein because he is a New Yorker, and I think I noted the

19    last time that it is a joint and several liability.  So at a

20    minimum, without further ado, if the SKAT wanted to, it could

21    file the 2021 confession of judgment with the clerk of the

22    court in Supreme Court, New York County, and a judgment could

23    be entered against Mr. Stein, which he could then try to

24    collect against the other two, yes?

25            MR. LEVY:  No.  We respectfully disagree.  It has a

Ncl2SteC

1    host of other problems as to Mr. Stein.

2                THE COURT:  What are those?

3                MR. LEVY:  In particular, the lack of a sum certain.

4                THE COURT:  Okay.  We are going to get to the sum

5    certain.

6                MR. LEVY:  Fair enough.  Again, it wasn't an issue

7    that was at issue in our motion, but I'm happy to discuss it.

8                THE COURT:  Yes, so would I be happy to.  I don't

9    think I actually follow that argument, but what is the source

10   of your argument that a confession of judgment must state a

11   sum certain?

12               MR. LEVY:  The statute says that it must be for a sum

13   certain --

14               THE COURT:  But --

15               MR. LEVY:  -- and --

16               THE COURT:  But is not this confession of judgment as

17   written contemplating, consistent with the settlement

18   agreement, calculations which would then be embodied in an

19   affidavit that would be submitted in -- with the confession of

20   judgment, and those calculations would then be added up to

21   create a sum certain, correct?

22               MR. LEVY:  No, your Honor, respectfully.  Because let

23   me give you one example.

24               So paragraph 2 of any version, but I happen to be

25   looking at the latest one --

Ncl2SteC

1          THE COURT:  Yes, me, too.

2          MR. LEVY:  -- the one that is Exhibit -- I believe it

3    is Exhibit D to my declaration, right, it says, "The subsequent

4    cash payment," which is the sum of 600 million Danish krone,

5    "and the true-up amount."

6          So the settlement agreement contemplates that there

7    might be disputes about the true-up amount in June of 20 --

8    well, as of today there are disputes about the true-up amount,

9    and as a result there is not a sum certain that --

10         THE COURT:  No, not at this moment.  No.  Look.  I

11   said it the last time.  If by any chance SKAT wanted to waive

12   everything that they say that the plaintiffs owe them above

13   the 600 million krone, you would object to them seeking less

14   money than they arguably could under this provision?  In other

15   words, if they limited their confession, because I don't think

16   that's happening, but just to discuss it, right, but if they

17   limit their request, the 600 million krone, and filed the

18   confession, you would object to that?

19         MR. LEVY:  We would for a variety of reasons, but in

20   particular because of the 3218 problem that we have discussed

21   about whether there --

22         THE COURT:  But, excuse me, not good against

23   Mr. Stein, a New Yorker.

24         MR. LEVY:  No, that argument doesn't apply to

25   Mr. Stein.

Ncl2SteC

1      THE COURT:  So just to be clear, only talking about

2  Mr. Stein, with SKAT waiving any amount above the 600 million

3  krone, SKAT could file a confession of judgment today with  the

4  clerk of the Supreme Court, New York County.  Yes?  Right?

5      MR. LEVY:  I'm not going to say whether they could or

6  couldn't.  There are significant disputes that are at issue in

7  this case.

8      THE COURT:  Leaving aside the merits of who breached,

9  leave that aside.

10      MR. LEVY:  They would not be able to, in an

11  affidavit, say that the amount is uncontested because we

12  contest whether the money is owed at all.

13      THE COURT:  Play with me for a minute.  Assume --

14      MR. LEVY:  There was no --

15      THE COURT:  -- SKAT has not breached, which we

16  established at the beginning means that the plaintiffs have

17  breached.  On that assumption, do you disagree that they could

18  proceed in the limited fashion that I have outlined against

19  Mr. Stein in state court to date?

20      MR. LEVY:  I think that's probably right.

21      THE COURT:  Yeah, I think so, too.

22      MR. LEVY:  Yes.

23      THE COURT:  So do you disagree that the confession of

24  judgment, as written, contemplates the application of

25  provisions of the settlement agreement which provides a

Ncl2SteC

procedure to determine the true-up amount and to then

calculate interest so that this confession of judgment never

was -- at the outset had a full sum certain?  It contemplated

a procedure to ascertain whatever amount was owed, which would

then be in the affidavit that, contemplated by paragraph 3, to

be attached to the affidavit of confession of judgment.  So,

right?

        MR. LEVY:  The settlement agreement provides that if

there is a dispute about the true-up amount, which would go

into the calculation of the amount under paragraph 2(a), the

parties could resolve it either by availing themselves of

arbitration or what SKAT could have done here, which is bring

a declaratory judgment action instead of a breach of contract

action.  Right?  They have waived the right to have a breach

of contract action.  They said their sole remedy was the

filing of the affidavit of their confession of judgment.

        THE COURT:  First of all, I'm not sure I read the

settlement agreement that way --

        MR. LEVY:  I'm happy to address that.

        THE COURT:  -- but the point is that there are

multiple provisions in the settlement agreement that give SKAT

the right to file a case in this court.  This is a proper

forum.  And that paragraph—I think it's 10(c)—says that if

the arbitration/mediation approach had failed, that any party

may resort to any other available remedies, including through

Ncl2SteC

1    other available remedies in a selected court.  And we are, I

2    think, a selected court.

3            The same with paragraph 10(a).  If you don't reach

4    mutual agreement, any party may pursue the resolution of such

5    matter through other available remedies in a selected court.

6    I don't see where you find in this agreement some limited

7    procedure that only certain procedures SKAT could use.  And

8    besides, isn't this all really form over substance?

9            MR. LEVY:  It is --

10           THE COURT:  Just a second.  You filed and sought, you

11   know, relief.  If SKAT had filed a separate case in this

12   courthouse under any -- you know, either styling it as a

13   breach of contract, declaratory judgment, what would have

14   happened?  It would have been referred to me as a related

15   case.  So whether it is two cases with two docket numbers or

16   it's one case with a single docket number, it's going to be

17   before me, as it would regardless.

18           MR. LEVY:  Right.  But, your Honor, I think where

19   your Honor started is, respectfully, in error --

20           THE COURT:  Okay.

21           MR. LEVY:  -- because where I start is paragraph 2(c)

22   of the settlement agreement.

23           THE COURT:  All right, and --

24           MR. LEVY:  But what it --

25           THE COURT:  Go ahead.  I'm sorry.

Ncl2SteC

1    MR. LEVY:  No.  I'm here to answer your questions, and

2    I want to -- I suggested that you were in error, and I wanted

3    to make sure that I could explain why I believed that.

4    THE COURT:  Please.

5    MR. LEVY:  Okay.  So paragraph 2(c), in particular

6    the last sentence, "In the event that the covered parties

7    timely complete the initial cash payment"—that's the first

8    950 million Danish krone—"then SKAT's sole remedy for the

9    covered parties' failure to pay the remainder"—Mr. Stein,

10   Mr. Lhote, and  Mr. McGee are among the covered

11   parties—"their sole remedy is" -- "shall be the filing of the

12   affidavit of confession of judgment against the covered

13   parties' designees as set forth in section 5."

14   If it means something, it means that their remedy is

15   limited.

16   Section 5(c), "In the event of a default, on the

17   default date, SKAT shall be authorized to file the confession

18   of judgment and to seek and enforce the judgment that the

19   Court enters."

20   There is nothing else that suggests that SKAT has

21   another remedy.  And if we are to read the words with any

22   semblance of common sense, it means that that's it, that's

23   their sole remedy.

24   Section 10 doesn't provide for a breach of contract

25   for the payment of the entire amount that's due and owing.

Ncl2SteC

1    What it says is that SKAT is permitted to either have an

2    arbitration if the amount is less than 20 million Danish krone

3    or—or—they can seek a remedy for solely these  disputes

4    related to the true-up amount.  That is all that paragraph

5    10(e) means.

6          Paragraph 10(e) says, among other things, "The

7    parties acknowledge that the means of dispute resolution set

8    forth in this section 10 shall not limit the remedies

9    available to SKAT upon the occurrence of an event of default

10   pursuant to section 5."

11         It doesn't sweep away the sole remedy provision.  It

12   underscores the sole remedy provision.

13         And all that language is intended to mean, if there

14   is a dispute relating to the true-up amount, it doesn't mean

15   that SKAT is deprived of the remedies under section 5, which

16   are solely the filing of the affidavit of confession of

17   judgment.

18         So section 10 -- is there something you would like me

19   to walk through?  You looked at my quizzically.

20         THE COURT:  I'm just not following.

21         MR. LEVY:  Let me start again.  Section 2(c) says

22   "full remedy."

23         THE COURT:  First of all, there is another way to

24   read 2(c), which the defendants have suggested.  It is that

25   the sole remedy means that it is against the three

Ncl2SteC

1    individuals, rather than that there are any remaining remedies

2    against the remainder of the covered parties.  That's the

3    first thing.  So I don't think --

4            MR. LEVY:  Can I respond to that?

5            THE COURT:  Sure.

6            MR. LEVY:  It's preposterous, because it doesn't say

7    the sole remedy shall be against the covered parties'

8    designees.  If it did, full stop, I would agree with your

9    Honor completely.  But it doesn't.  It said, "The sole remedy

10   shall be the filing of the affidavit of confession of

11   judgment."

12           THE COURT:  It says, "The sole remedy for the covered

13   party's failure to pay the remainder of the final settlement

14   amount shall be the filing against" -- "the filing of

15   confessions of judgment against the covered parties'

16   designees."

17           MR. LEVY:  Correct.  So if it said "the sole remedy

18   shall be as against the covered parties' designees," I would

19   agree with you, but it doesn't say that.  It provides a set of

20   people, the covered parties' designees, the three people who

21   are parties to this case, and the mechanism, and it limits the

22   mechanism to the affidavit of confession of judgment.  And if

23   your Honor looks at paragraph 5(c), it says exactly that.

24           THE COURT:  But --

25           MR. LEVY:  Look at the last --

Ncl2SteC

1          THE COURT:  -- confession of judgment in paragraph 2

2     is much broader than some preexisting number.  It contemplates

3     a procedure to determine the true-up amount and provides

4     additionally for interest payments for failures to pay.

5          MR. LEVY:  But I can't -- the number of times that

6     this settlement agreement points to the sole remedy --

7          THE COURT:  No, actually it's only one place.  The

8     word "sole" is only in one, right?

9          MR. LEVY:  But the concept of affidavit of confession

10    of judgment and that being the limit on what can happen upon

11    an event of default, that's in multiple places.  Look at

12    section 5(c).

13         THE COURT:  But why, if you are looking at the

14    confession of judgment, would that preclude SKAT availing

15    itself of other remedies to determine the true-up amount?  So

16    I don't understand why it is so -- what is it that you think

17    you get by talking about the sole remedy?  Does that reduce

18    the amount that SKAT can recover?

19         MR. LEVY:  It doesn't reduce the amount, but --

20         THE COURT:  It does not reduce the amount.

21         MR. LEVY:  It does not reduce the amount.

22         THE COURT:  And --

23         MR. LEVY:  So what it does is it means that SKAT's

24    rights stand in full on the affidavit of confession of

25    judgment.  It also means that SKAT can't decide that it wants

Ncl2SteC

1    to sue the covered parties, the larger group, as opposed to

2    the covered --

3          THE COURT:  They are not trying to, so we don't have

4    to worry about that.

5          MR. LEVY:  Fair enough.

6          And it also limits the amount of time that SKAT would

7    have to bring an enforcement action, because CPLR 3218, under

8    all circumstances, limits the filing of an affidavit of

9    confession of judgment --

10         THE COURT:  But didn't you just waive that?

11         MR. LEVY:  We --

12         THE COURT:  Didn't you?

13         MR. LEVY:  We certainly didn't waive the three-year

14    time frame.  We agreed to push it off for six months, which is

15    a perfectly -- is perfectly valid, we are not going to waive

16    it.  SKAT asked us for a new one.  We wouldn't give that.

17         THE COURT:  Fair enough.

18         MR. LEVY:  So, no, it --

19         THE COURT:  So they still have -- if I would find

20    that the confession of judgment is not defective, as you

21    suggest, they still would have three years from June, until

22    June of 2024, and they could, in that time period, get a court

23    to resolve the true-up amount if you didn't choose to agree

24    with them as to what it is.

25         MR. LEVY:  Correct.  And that's what they should have

Ncl2SteC

1    done in the first place.

2              THE COURT:  Why is that different than their

3    counterclaim which seeks essentially that?

4              MR. LEVY:  It doesn't seek essentially that.  It

5    seeks to enforce the -- to have the covered parties' designees

6    pay the amount under the affidavit of confession of judgment

7    or, in the alternative, breach of contract damages.  That --

8              THE COURT:  But bottom line, is SKAT seeking any more

9    in their counterclaim than the amount that could be

10   established, because it hasn't been yet, under the confession

11   of judgment to be owed?  They didn't add stuff.  They didn't,

12   like, throw in an attorney's fee provision or something like

13   that.

14             MR. LEVY:  They did not.

15             THE COURT:  Or cumulative damages or whatever.

16             MR. LEVY:  They did not.  And if the Court's ruling

17   is to deny the motion to dismiss as to the amount sought by

18   the affidavit of confession of judgment and simply dismiss the

19   alternative remedy that SKAT seeks, which is breach of

20   contract damages, we would be fine were that.

21             THE COURT:  Well, that only works -- that works for

22   you because you challenge the validity of the confession of

23   judgment, and that would be the advantage to you --

24             MR. LEVY:  But --

25             THE COURT:  -- because the -- but there is law, which

Ncl2SteC

1   I'm not fully conversant with, that says that when a

2   confession of judgment is found to be defective in some way or

3   unenforceable, that that doesn't eliminate the underlying

4   claim.  Then I recognize that you would say, but here you

5   have -- that word "sole" would come into play.  But what -- in

6   the end, what difference does it make?  In other words, there

7   is one calculation --

8           MR. LEVY:  Correct.

9           THE COURT:  -- that has to be made.  It's the true-up

10  amount.  You haven't agreed to go to arbitration on that,

11  despite the fact that your potential arbiter, it is two

12  friends of mine, and I wouldn't have minded if they did well

13  by you, both really good.  You didn't choose to do that

14  because you say they breached, okay, but you clearly don't

15  have an agreement between you as to the true-up amount.  What

16  prevents SKAT from proceeding in court to ascertain what the

17  true-up amount is?

18          MR. LEVY:  There is nothing.  Section 10 provides

19  that if the matter is not arbitrated, it contemplates that

20  there is an action.

21          THE COURT:  Right.

22          MR. LEVY:  So SKAT should have simply brought a

23  declaratory judgment seeking the Court to make a determination

24  as to what the true-up amount is.  They didn't.

25          THE COURT:  What is the magic of the words

Ncl2SteC

1    "declaratory judgment" versus trying to enforce a confession

2    of judgment which contemplates additional proceedings?  I

3    mean, in other words --

4           MR. LEVY:  It may and, again, if the Court denies the

5    motion as to the amount sought by affidavit of confession of

6    judgment and grants it as to the alternative remedies of

7    breach of contract, we would be fine.  And it's not because it

8    gives us an advantage but, rather, because it's consistent

9    with the contract.

10          The contract says the sole remedy for the failure to

11   make the final payment is the filing of the affidavit of

12   confession of judgment.  That is section 2(c).  And then

13   section 5(c) says that the remedy for -- excuse me, on the

14   default date, in the event of a default, SKAT shall be

15   authorized to file it the affidavit of confession of judgment.

16   That's the end.

17          THE COURT:  But --

18          MR. LEVY:  So their right to a remedy depends on the

19   validity of the affidavit of confession of judgment.  And the

20   law that you mentioned about -- sorry.

21          THE COURT:  I just need a bottle of water.

22          MR. LEVY:  I have one, if you like.

23          THE COURT:  No.  I couldn't accept it.

24          MR. LEVY:  Fair enough.  I just happen to have two.

25          THE COURT:  That's okay.  I try to live on my own

Ncl2SteC

1    salary.

2            MR. LEVY:  Fair enough.

3            THE COURT:  But the point is that the confession of

4    judgment contemplates more, it's not just taking the piece of

5    paper and dropping it on the clerk's desk and saying, hi, give

6    me a judgment.

7            MR. LEVY:  If the Court denies the motion as to the

8    amount sought by the filing of the affidavit of confession of

9    judgment and grants it such that the alternative remedy for

10   breach of contract, which is not contemplated by the contract,

11   and it's inconsistent with the contract, not just the sole

12   remedy provision, but everything else in the contract, then we

13   would be fine.

14           But that's not what SKAT decided to do.  They should

15   have filed a declaratory judgment seeking to have the Court

16   make a determination of the amount of true-up amount because

17   that's what's contemplated by section 10, and section 10 does

18   not contemplate bringing an action for breach of the

19   obligation to pay the true-up amount.  They chose to bring a

20   breach of contract claim that they have walked away from.

21   They bargained away the right to bring a breach of contract

22   action and they opted for the simplicity of an affidavit of

23   confession of judgment.

24           THE COURT:  I'm not sure that's true.

25           MR. LEVY:  It's, it's --

Ncl2SteC

1          THE COURT:  No, if you go to section 10 or you go to

2     section 12, it seems to me that SKAT can exercise other

3     remedies or it can be in pieces.  In other words --

4          MR. LEVY:  I submit, your Honor, that the notion that

5     section 10 contemplates a breach of contract action for the

6     failure -- for any failure relating to the true-up amount, I

7     submit is in error.  Look at paragraph 10(a), right at the

8     very beginning.  This is what sets out what disputes could be

9     referred to the arbitrator. "Arising out of or relating to the

10    true-up process," not determination of what the true-up amount

11    is, but the true-up process, and that includes the

12    determination of the amount, except that it just says "arising

13    out of or relating to," but it is simply a determination of an

14    amount.  And you couldn't even have a failure to pay it until

15    the amount has been determined.

16          THE COURT:  Okay --

17          MR. LEVY:  So section 10 --

18          THE COURT:  -- but --

19          MR. LEVY:  -- doesn't --

20          THE COURT:  But it's clear under the confession of

21    judgment that there has to be a determination of the true-up

22    amount somehow which then gets reflected in the supporting

23    affidavit that would have to be filed along with the

24    confession.  And the interest rates, I assume, are

25    mathematical and not -- don't need a full proceeding to

Ncl2SteC

1  resolve.  So that's the bottom line.

2          MR. LEVY:  I --

3          THE COURT:  And I don't -- and your clients don't

4  want to, I assume, waive any right they think they have and

5  participate in some arbitration or mediation about this, but it

6  just seems that you are standing on form over substance.

7          MR. LEVY:  We are not.

8          THE COURT:  It very much seems that way.

9          MR. LEVY:  I understand, and I am happy to continue

10  to try to explain.

11          The contract provides that SKAT's sole remedy for a

12  failure to pay is the filing of the affidavit of confession of

13  judgment.  Its enforcement rights stand and fall with the

14  affidavit of confession of judgment.  They thought it was for

15  their benefit.  I accept that they may have thought that that

16  was the case.  So be it.  They simply just can't say, no, well

17  we also want as an alternative breach of contract claims in

18  case the affidavit of confession of judgment, for example, has

19  failed.  That they don't get.

20          THE COURT:  But --

21          MR. LEVY:  And so --

22          THE COURT:  -- you may not get to give them a

23  confession of judgment, which you now argue was void from the

24  beginning, so you want to have your cake and eat it, too.

25  Right?

Ncl2SteC

1          MR. LEVY:  No.  We want to enforce this contract and

2    all the parts that benefit us.  We accept there are some that

3    don't.  But the fact of the matter is SKAT walked away from

4    enforcing the -- its rights under any mechanism other than the

5    affidavit of confession of judgment.  That's what -- if it's

6    to mean anything, the sole remedy provision means that, and

7    there is no other part of this contract that gives SKAT rights

8    to do -- to bring a contract action for the failure to pay

9    anything under this contract.  It simply doesn't.  2(c) is --

10   that sentence of 2(c) is as clear as it can be.  It must mean

11   something.  And if it's to promote --

12          THE COURT:  I offered an alternative reading to you.

13          MR. LEVY:  And I submit that that is not consistent

14   with other parts of the contract that point to the affidavit

15   of confession of judgment, in particular, the subsection of

16   section 5(c) which says, when there is a default -- it doesn't

17   say "and SKAT may avail itself of all remedies."  This is

18   section C and the sentence beginning "in the case of an event

19   of default," and then in the next sentence "on the default

20   date, SKAT shall be authorized to file the confession of

21   judgment and to seek to enforce the judgment that the Court

22   enters."  It does not say SKAT may avail itself of any

23   available remedies.  That concept is not present in this

24   contract.

25          THE COURT:  Except that the confession of judgment

Ncl2SteC

1    itself contemplates additional proceedings to determine the

2    true-up amount and that this is not the type of confession of

3    judgment which is a party agrees to make 60 payments in

4    support of the settlement amount and they stop at 40 and you

5    can just kind of do the math on its face.

6            MR. LEVY:  I accept that this is more complicated.

7    What it doesn't contemplate is bringing a breach of contract

8    action and getting contractual remedies.  What it contemplates

9    is the filing of the affidavit of confession of judgment.  That

10   was supposed to benefit SKAT because it puts them on the one

11   yard line.  Why would they bring a breach of contract action

12   and start back in their own end zone?

13           THE COURT:  Your position is they are not even on the

14   one yard line, they are at the zero line because this

15   confession of judgment was void from the outset.

16           MR. LEVY:  If it's void and there's been a failure of

17   consideration for the second part of the contract and needs to

18   be rescinded, so be it.  I accept that that may be the result

19   of what we have sought by Count One of the complaint.  Right?

20   That's what we have sought, which is, they have breached and

21   we are entitled to a rescission of the unperformed obligations

22   of the contract.

23           THE COURT:  But assume they haven't breached.  You

24   want them to have not much of a confession of judgment, right,

25   because that's separate.  It doesn't turn on who breached.

Ncl2SteC

1    The validity of the confession of judgment doesn't turn on who

2    breached.

3            MR. LEVY:  We want to hold them to this contract, and

4    the contract doesn't provide as a remedy the bringing of a

5    breach of contract action.  What it provides is --

6            THE COURT:  Why does that really matter if the SKAT

7    is not seeking any amount of money greater than provided for

8    in the confession of judgment?  So if we assume that you would

9    lose on the argument that the confession of judgment is

10   defective in some way, if they -- if it's good, it's operative,

11   and they do not seek a penny more than is provided for in the

12   confession of judgment, why should we even be spending time

13   on --

14           MR. LEVY:  Because --

15           THE COURT:  -- the format of the claim, just like if

16   they filed a declaratory judgment action separate from your

17   case and they filed it in this court, which is a selected

18   court under this, both claims come here to be decided.

19           MR. LEVY:  They could have done that and they chose

20   not to do that and here's why it matters, because the

21   assumption is not one that we are willing to make.  You have

22   asked us to assume that the affidavit of confession of

23   judgment is not void, and I'm not going to concede that.

24           THE COURT:  No, I'm not asking you to.  You know

25   that.

Ncl2SteC

1          MR. LEVY:  So it may be void and if it is void and

2     nonetheless SKAT is allowed to bring a breach of contract

3     action, then they are getting something that they bargained

4     away.  They bargained away the right to bring a breach of

5     contract action.  They confined themselves to solely the

6     filing of an affidavit of confession of judgment, and we are

7     not going -- we are going to hold them to that bargain.  And

8     the notion that they could have this last for -- they could

9     bring that declaratory judgment in four years, right, because

10     a breach of contract action under New York law would typically

11     be allowed in six years, right, so they have years more to

12     bring it, they could theoretically sue the covered parties,

13     they can say they don't want to do it.  But I'm not going to

14     sit here today and I don't think the Court should sit here and

15     give them something that they bargained away.  It may be that

16     they cited some cases that talk about if there is a remedy

17     that fails they should be given a different remedy, but we

18     explain in our papers why that state law doesn't apply.  We

19     explain --

20          THE COURT:  But if you trick them, in a sense, by

21     putting this -- these provisions in the confession of judgment

22     in which it would have amounted to all three of the people who

23     were confessing judgment agreed to filing the confession of

24     judgment in New York but in fact you didn't really believe

25     that and counsel was well aware of the change in the law, and

Ncl2SteC

1   so you gave them a confession of judgment that was really not,

2   in a sense, worth the paper it was written on, that would

3   somehow mean that they couldn't sue you for breach of contract

4   or had no remedy whatsoever?

5           MR. LEVY:  Apart --

6           THE COURT:  Assume your clients really did bad, you

7   know.

8           MR. LEVY:  I'm not going to assume that for a single

9   solitary second.

10          THE COURT:  It was a conscious decision to sign to

11  provide what at least two of the three of them believed was a

12  totally ineffective confession of judgment.  I don't think I

13  agree with that proposition, but let's say that was the fact.

14          MR. LEVY:  Right.

15          THE COURT:  And they gave them a piece of paper that

16  was worth nothing.  You are saying at that point that SKAT

17  would not have a remedy?

18          MR. LEVY:  If it was the result of SKAT's own mistake

19  of law, if SKAT didn't know, then --

20          THE COURT:  SKAT's supposed to know when you say on

21  the face of the document we consent to filing in New York?

22          MR. LEVY:  If SKAT knew that the law had changed,

23  there is zero chance that they would have provided for that

24  affidavit of confession of judgment.  There is piles of

25  lawyers representing SKAT, piles of them.  If they knew that

Ncl2SteC

1    the law had changed, there is zero chance that that affidavit

2    of confession of judgment would have been signed.

3            THE COURT:  What should they have put in other than

4    "you may file this New York County"?

5            MR. LEVY:  They would have -- they would have -- at

6    the time they had a tremendous amount of leverage and they

7    would have done exactly what section 12 says to do, which

8    is -- excuse me, section 17 says to do, which is renegotiate.

9    There is zero chance, knowing that.  But --

10            THE COURT:  Well --

11            MR. LEVY:  And if they did know, then they bore the

12    risks.  And a court sitting in equity is not going to give

13    them a remedy that they effectively gambled away.  And if they

14    didn't know, they made a mistake of law and, as a result,

15    courts sitting in equity don't give parties that make mistakes

16    of law equitable remedies.  We cite --

17            THE COURT:  What is the equitable remedy --

18            MR. LEVY:  The equitable remedy would be a remedy

19    that they have --

20            THE COURT:  Breach of contract is not an equitable

21    remedy.

22            MR. LEVY:  Correct.  Exactly.  And that's the other

23    part of the reason why this law -- this doctrine where a

24    remedy fails, a court sitting in equity can give an equitable

25    remedy.  The Court would have to fashion something that has

Ncl2SteC

```
1   never been done before.  We explained in our brief that --
2              THE COURT:  Okay.
3              MR. LEVY:  -- this little fail safe does not apply.
4              THE COURT:  Okay.  Well, I don't think we will have
5   to get there.
6              One second.
7              (Pause)
8              THE COURT:  Just one thing.  I thought we maybe
9   clarified it the last time, but we have a court reporter, so
10  it's probably better to do it now.
11             There is no longer, if I'm correct, any argument --
12  let me state that another way.
13             Plaintiff is not pursuing, if I understand correctly,
14  an argument that SKAT cannot proceed in federal court and that
15  if they filed the confession of judgment in federal court,
16  federal procedural rules would apply.
17             MR. LEVY:  Yes, and there are some cases—we cite
18  some of them—about when a party wants to file an affidavit of
19  confession of judgment in federal court, what are they to do.
20  They are not to file a breach of contract action, they are to
21  do what we attached.  I think it is Exhibit E of my
22  declaration.  You initiate an action and you -- to invoke the
23  Court's jurisdiction and to have the Court enter the affidavit
24  of confession of judgment.  So proceeding in federal court is
25  not --
```

Ncl2SteC

1          THE COURT:  Not --

2          MR. LEVY:  -- not impossible.  It just has to be done

3    a certain way.  And the way you do it is not by bringing a

4    breach of contract action.  The way you do it is file a motion

5    to have the Court enforce the confession of judgment.

6          THE COURT:  And in that -- now that we agree that

7    SKAT can be in federal court, what is the barrier to if they

8    proceeded that way to have a part of the proceeding in federal

9    court be a determination of the true-up amount?

10          MR. LEVY:  That's -- we accept that that may happen.

11          THE COURT:  Okay.

12          MR. LEVY:  We fully accept that that may happen

13    because we recognize there is a dispute about the true-up

14    amount.  You just don't get to bring a breach of contract

15    action under this agreement because it says the sole remedy is

16    the filing of the confession of judgment.

17          And so this is what SKAT should have done in the

18    first place is file a declaratory judgment action seeking to

19    have the Court make a determination about what the true-up

20    amount is.  They just don't get breach of contract, a breach of

21    contract action.  Their right to recover stands and falls with

22    the affidavit of confession of judgment.

23          And the cases we cite, that are mostly on page 8 of

24    our reply brief, about why this safety valve about what

25    happens if your remedy fails, you don't get a legal remedy if

Ncl2SteC

1    your equitable remedy fails, you get an equitable remedy.  And

2    here they don't want an equitable remedy.  They want a breach

3    of contract action.  That's money damages.  That's a legal

4    remedy.  So we cite it on pages -- mostly on page 8, right,

5    their action for money damages via the affidavit of confession

6    of judgment seeks a legal remedy—money.

7         And in the instances where an equitable remedy is

8    impossible, courts have granted something in lieu of that.

9    But here they just want money for money.  It's just the path

10   they want to take that's different.  And the fact of the

11   matter is there is no case suggesting that if the affidavit of

12   confession of judgment is unenforceable, they get something

13   else in a case where it's their sole remedy.  Their right to

14   recover stands and falls with the affidavit of confession of

15   judgment.

16        And, as I said, if you want to deny the motion as to

17   the -- as to the enforcement of the affidavit of confession of

18   judgment, because the validity of the confession of judgment

19   is really not before the Court on this motion, and grant the

20   motion as to the alternative remedy of breach of contract, we

21   are fine with that because they bargained away the right to

22   bring a breach of contract action, and I'm not going to let

23   them do it in two -- within the six-year statute of

24   limitations.  Now is their time.  And if the affidavit of

25   confession of judgment is determined to be invalid, so be it.

Ncl2SteC

1    These are the risks that they undertook.

2          And if they are going to say they didn't know of the

3    change in law in 2021 when the new affidavit of confession of

4    judgment was provided, that is a mistake of law, and they are

5    not entitled to a remedy—it's extra-contractual—for having

6    made a mistake of law.

7          And if they did know –– and I submit that they may

8    have known, and here is why.  In April of 2021, Mr. Stein and

9    Mr. Lhote and Mr. McGee were charged by the Danish

10   authorities.  This is mostly set out in paragraph 77, 78, 79

11   of our complaint.  They were indicted.

12         Immediately thereafter, their counsel began pressing

13   SKAT for evidence that SKAT had complied with section 8(f).

14   That's the provision that our Count One is based on, right?

15   Did they write this, for lack of a better term, good-guy

16   letter, saying these people settled, they are cooperating,

17   they paid back some money, they are going to help get some

18   more money?

19         They immediately began pressing and they got—I will

20   be slightly glib here—some mealy-mouthed responses from SKAT.

21   And then eventually in June of 2021, so this is around the

22   same time that the second affidavit of confession of judgment

23   needs to be provided, around the same time, SKAT -- you could

24   see might not want to answer the question about whether they

25   have provided the writing to the Danish prosecutors that they

Ncl2SteC

1   were required to provide.  And you could imagine that SKAT may

2   have said to itself, you know what, we are not going to answer

3   this question and we will take the affidavit of confession of

4   judgment that we can get because we don't want these people to

5   know that we have breached section 8(f).

6          So I understand the Court has questions about the

7   good faith of the covered parties' designees, and that could

8   be resolved through discovery.  They have questions about the

9   good faith of SKAT, and those are just as legitimate and just

10  as much need to be resolved by means of discovery as the

11  questions of good faith of the plaintiffs and Mr. McGee.

12  So --

13         THE COURT:  If I disagree with you and find that

14  Mr. Lhote and Mr. McGee waived their arguments under the

15  revised statute, we don't have to get into that.

16         MR. LEVY:  I don't -- first of all, that question is

17  not before the Court on this motion about whether there has

18  been a waiver.

19         THE COURT:  I think each time I've been a little

20  ahead of maybe where we were.

21         MR. LEVY:  But we didn't brief that question, SKAT

22  didn't brief that question, and I submit it shouldn't --

23         THE COURT:  It may be something that we should be

24  briefing.

25         MR. LEVY:  If you think that we should provide some

Ncl2SteC

1    more briefing now because you are contemplating -- I don't

2    know what relief you would -- that would require a finding

3    that the -- there has been a waiver of 3218 that's relevant to

4    our Count Two, our declaratory judgment action, and that's not

5    before the Court.  SKAT hasn't moved to dismiss it.  And so if

6    the Court is contemplating taking action with respect to it, I

7    submit that it's not properly before the Court at this time.

8    So if you want there to be briefing about whether there has

9    been a waiver or not, I submit that it would also require some

10   factual development about what the individuals knew and,

11   frankly, what SKAT knew because you may think the individuals

12   knew.  What if the individuals knew and SKAT also knew?  Well,

13   then everyone is undertaking the risk going forward, and I

14   submit that that's not necessarily an appropriate instance in

15   which to find waiver.  What if the individual defendants

16   didn't know and SKAT did know?  So imputing knowledge on a

17   motion to dismiss that -- on a claim that's not before the

18   Court, I submit, would be really beyond what the Court should

19   be doing at this stage of the proceeding.

20           THE COURT:  I'm not going to argue with you about

21   that.  There is no -- I recognize that there are things that

22   we have given a lot of thought to that are not necessarily

23   front and center before us, but at the same time I don't think

24   it is -- I think it may be helpful for the parties to have

25   some sense of the Court's thinking.

Ncl2SteC

1          MR. LEVY:  Fair enough.  And I think it would be

2     important to have there be some factual development about what

3     was in the heads of the parties.  Like I said, if the

4     individuals did not know that this piece of paper that they

5     were providing was questionable, let's call it that, in its

6     full enforceability and SKAT did know, you could see a Court

7     being pushed one direction or another on -- in deciding Count

8     Two.  If no one knew, you could see it going a different way.

9     If the defendant did know and SKAT didn't know, I don't know,

10    we are going to have to find out in discovery.

11         THE COURT:  There is also kind of a broader question

12    about whether the whole residency issue applies when there is

13    an action brought to enforce a confession of judgment, and

14    that's another sort of subject.

15         MR. LEVY:  Correct, I think that's --

16         THE COURT:  And makes, frankly -- there is a lot of

17    logic to saying there is one set of rules for *ex parte* filing

18    of a confession of judgment versus another set of rules that

19    apply when it's part of an action and which the action itself

20    takes care of notice that doesn't otherwise exist necessarily

21    when it's an *ex parte* filing.

22         MR. LEVY:  That may be, and there may come a time

23    where we need to brief the applicability of that *Express Trade*

24    case that I know the Court has read.  It's just not --

25         THE COURT:  Beyond that, it makes a lot of sense.

Ncl2SteC

1      MR. LEVY:  I submit it doesn't, and it's not

2  consistent with the language of 3218 and that the work around

3  that's allowed under New York State law which is -- which

4  allows for filing of a summary judgment in lieu of complaint

5  might work for state court, but it sure doesn't work in

6  federal court where there is no such thing.  So --

7      THE COURT:  And no one is proposing that.  Okay.

8  Look.  I think I probably said enough.  Maybe counsel for SKAT

9  should chime in.

10      MR. WEINSTEIN:  Thank you, your Honor.

11      I don't think we need to chime in much.  I think your

12  Honor has hit almost every issue right on the head.

13      It's ironic because in their papers they continue to

14  say that the parties bargained for a very simple procedure

15  here if they breached, which they did, yet at every possible

16  opportunity Mr. Levy wants to make this as complicated as he

17  can, to have additional briefing, to have discovery on

18  people's mindsets, on every possible provision in the

19  agreement, which will just lengthen the time in which they

20  refuse to pay.  That is their obligation.

21      Let's go back to the beginning.  The fundamental

22  principle of this settlement agreement was that these parties

23  pay back the money they took.  It's not my position.  It's in

24  the whereas clause right on page 1 of the settlement

25  agreement.

Ncl2SteC

1          Their obligation to pay is absolute and

2   unconditional.  That's in Mr. Levy's favorite section, 2(c).

3   So with respect -- I know we are not here on this, but with

4   respect to their argument that we breached and therefore they

5   don't have to pay, that couldn't be more clear in the

6   agreement that that's not the case.  Their obligation to pay

7   is unconditional, and any breach that they think they can come

8   up with on SKAT's part is not an event of default in the

9   contract.  There are only two, one of which happened.  They

10  refused to pay.  It's time for them to pay, and it's time for

11  us to get the judgment.

12          For our counterclaims we only seek two things——a

13  determination of the true-up amount they refuse to deal with

14  and the entry of the judgment.  It is, frankly, hard to

15  understand why we are even here for so long on this motion.

16  Your Honor said it, I think, twice exactly right: this is

17  entirely form over substance.  We are seeking exactly what

18  they agree we can seek in this court.  The dispute on the

19  true-up, they contracted to us being able to bring that issue

20  in this Court if the controversy was over 20 million krone,

21  which it is, and that with respect to the entry of a judgment,

22  we could do so in this Court.  We are here doing those two

23  things.  We are not seeking anything more than that.  Not a

24  penny more or less, frankly, but certainly not a penny more

25  than exactly what they contracted to having to pay us if and

Ncl2SteC

1  when they breached, which they did.  Everything else is

2  entirely form over substance.

3          The format of the claim, I mean, the argument is, with

4  respect to the true-up, we should have titled it a declaratory

5  judgment.  If we went to Court before they ever decided they

6  weren't going to pay, it might have been that form because

7  there would not yet have been an issue with respect to them

8  clearly saying they are not going to pay.  But now they have.

9  They brought the action, not us.  They brought it before the

10  date by which they were supposed to pay us.  So at the time we

11  didn't have the right to go into Court to say they breached

12  for lack of payment because that date hadn't come yet.  They

13  filed suit saying we are not paying.  The time came.

14          The reason and only reason -- in our contract claims,

15  we styled them breach of contract, but we say very clearly up

16  front our claim is for the entry of the confession of judgment

17  they signed and only in the alternative did we say it's breach

18  of contract, and it's exactly for the reason your Honor

19  pointed to at the beginning.  They are trying to set this up

20  to say SKAT has no remedy to get paid by saying you can only

21  do it if you put the name on the top of the piece of paper as

22  a filing of the entry of confession of judgment and then,

23  second, you argue well that confession of judgment is not

24  enforceable.  So the only reason we are even saying in the

25  alternative it's -- you can call it breach of contract claims

Ncl2SteC

1    is because of how they styled this action.

2            With respect to the confessions of judgment

3    themselves, just to be clear, their argument is those

4    confessions were invalid from the outset, so they, according

5    to them, they entered into this settlement agreement with a

6    confession of judgment that they say was unenforceable at the

7    time they entered into it because it somehow -- it didn't

8    specifically say the sum certain.  I think your Honor's

9    indicated——and it's certainly our position——that argument has

10   no merit.  Almost every case cited on a confession of judgment

11   leaves open the actual number because there are things that

12   will have to be calculated and they are calculated in an

13   attorney affidavit at the time you are going to file in court

14   for whenever you are going to seek the entry of judgment.  We

15   cited a few extra cases on that, but virtually every case,

16   whether it's you have to deduct amounts already paid since the

17   confession of judgment was signed or interest or attorney's

18   fees or costs, whatever it is it might be, there are things

19   you cannot know the number at the time the confession of

20   judgment or the affidavit is executed.  It's only going to be

21   filled in later.  So that argument has no merit.

22           And then their second argument is this resident

23   argument.  As your Honor has indicated, Mr. Stein does not

24   have that argument, so it doesn't apply to him at all.

25   Mr. McGee did not bring claims in this court saying that it

Ncl2SteC

 1    was invalid as to him.  Only Mr. Stein and Mr. Lhote brought

 2    those claims.

 3            First of all, as your Honor indicated, there is no

 4    reason that they could not have waived any requirement as they

 5    did in the confession of judgment itself; but, secondly, the

 6    law is, from the First Department in *Express Trade*, very clear

 7    that that does not apply in this circumstance where you have

 8    brought an action.

 9            So unless the Court has any questions, I don't think

10    we need to belabor the points that have been made.  We are

11    seeking exactly what the parties bargained for, which is to

12    get paid the specific amount that the parties put in the

13    calculations in the settlement agreement.

14            THE COURT:  Mr. Levy, did you want to say anything?

15            MR. LEVY:  Sure, just very, very briefly.

16            I did want to address this point that Mr. Weinstein's

17    made a number of times about sort of absolute and

18    unconditional.  That language appears in section 2(c) of the

19    settlement agreement.  It's the same paragraph that actually

20    says that SKAT's remedies are limited to the sole remedy of

21    the filing of the affidavit of confession of judgment.

22            But let me just back up for one second.  The language

23    that says absolutely unconditional says that the cover parties

24    have the absolute and unconditional obligation to pay the

25    final settlement amount.  I'm just going to get the settlement

Ncl2SteC

1    agreement in front of me so I can use the exact language.

2                THE COURT:  Are you talking about --

3                MR. LEVY:  2(c).

4                THE COURT:  It's also the whereas clause, right?

5                MR. LEVY:  Well, the whereas clause is not

6    informative in the same way that the rest of it is.

7                It is 2(c).  "The covered parties' obligation to pay

8    the final settlement amount is absolute and unconditional."

9    There are -- and the covered parties is a very large group of

10   people who signed the settlement agreement.

11               And then if you skip down to the last sentence which

12   contains the sole remedy it says, "In the event that the

13   covered parties timely complete the initial cash payment"—and

14   that's undisputed, that's the first 950 million krone—"then

15   SKAT's sole remedy for the covered parties' failure"—the

16   covered parties', the large group's failure—"is to proceed

17   only against the covered parties' designees."

18               So 150 people and entities have an obligation to pay,

19   and if they don't, they don't make that absolute -- fulfill

20   that absolute and unconditional obligation, SKAT's remedy is

21   limited as against to only three people.  I can't understand

22   why -- how that could mean that the large group's obligation

23   to pay is absolute and unconditional.  If I say, Judge, you

24   must pay me this money, but I have no remedy against you, then

25   it can't be absolute and unconditional.  It's preposterous.

Ncl2SteC

1    But at the very least it's ambiguous.

2              And then the supposed absolute and unconditional

3    obligation is further limited because there is only one remedy

4    that SKAT has provided for, which is the filing of the

5    affidavit of confession of judgment as against the covered

6    parties' designees.  So the notion that this absolute and

7    unconditional obligation is truly absolute and unconditional,

8    it can't be because it is not.  Because if there are no

9    consequences to not paying, then I submit it is not absolute

10   and unconditional.  And if there are consequences to the

11   covered parties' designees but the remedy is limited, it is

12   still not absolute and unconditional.  It is quite unclear.

13             THE COURT:  What is this getting to?  This is another

14   part of the agreement that you think isn't worth it's paper

15   it's written on.

16             MR. LEVY:  No, it's not a question of it's not worth

17   the paper its written on, the question is Mr. Weinstein

18   suggests that that means that SKAT cannot breach this

19   agreement, and there is no provision of the law of contracts

20   that gives one party no obligation to perform and the other

21   party has the entire -- the absolute and unconditional

22   obligation to perform.

23             So I just wanted to address that at the outset.  The

24   notion that this language and a recital sweeps away the rest

25   of the provisions that limit SKAT's remedy to the filing of

Ncl2SteC

1    the affidavit of confession of judgment, which is in 2(c),

2    it's in section 5, and it's elsewhere, that that just can't

3    be.  The notion that SKAT can't breach this agreement, it

4    simply can't be, and that they have the ability to do whatever

5    they want, including not perform, but the covered parties'

6    designees do have to perform, that can't be.  There are no

7    cases -- again, this was not raised.  SKAT didn't brief the

8    issue of how far this absolute and unconditional language

9    goes.  But this will surely come up when we have to resolve

10    the issue of whether they breached the obligation under 8(f).

11         So you have been ahead of where we are and we are,

12    too.

13         MR. WEINSTEIN:  Just to be clear -- I'm sorry.  Are

14    you still going?

15         MR. LEVY:  Yes.

16         MR. WEINSTEIN:  Okay.

17         MR. LEVY:  We seek to enforce this contract and, in

18    particular, in this instance, the obligation that SKAT

19    undertook to limit itself to the sole remedy of filing the

20    affidavit of confession of judgment.  We are not trying to do

21    anything other than read the words on the page and hold SKAT

22    to its bargain.  I didn't write the contract.  Sophisticated

23    parties with lots of lawyers did, and they used these words

24    "sole remedy."  And the question is are they to be given some

25    effect or are they to be given no effect?  And we submit that

Ncl2SteC

1    the Court should give some effect to them and simply dismiss

2    that portion of SKAT's counterclaims that seeks the

3    alternative remedy of contractual damages.

4          We will have some litigation over what the true-up

5    amount is.  We will litigate our Count One, whether they

6    breached the obligation under section 8(f).  We will have some

7    litigation over the true-up amount.  Hopefully we can

8    stipulate to some of the factual issues and narrow them

9    substantially.  But they are not entitled to, because they

10   bargained away the right to, bring a breach of contract

11   action.  It's a simple matter of section 2(c).  It's not some

12   scheme.  It's not some sham.  It's not some effort to get

13   around the language of the contract.  It's an effort to hold

14   everyone to the language of the contract.  And if that's the

15   Court's ruling, to deny the motion to dismiss as to the amount

16   sought by way of affidavit of confession of judgment and grant

17   the motion as to the alternative remedy of a breach of

18   contract, the alternative procedure that SKAT has availed

19   itself of, we are fine with that.

20         MR. WEINSTEIN:  Two things, your Honor.

21         One is, with respect to the language I pointed to in

22   2(c) the absolute and unconditional, I didn't say SKAT couldn't

23   breach the agreement, but that is clear that a breach by SKAT

24   cannot undo their absolute and unconditional requirement to

25   pay.  That is not a remedy they have, that if there is some

Ncl2SteC

1    breach they come up with that they don't have to pay.  Because

2    that payment obligation is absolute and unconditional.  The

3    fact that the -- it starts with the covered parties broadly,

4    but most of the covered parties are then absolved of that if

5    they make an initial payment.  It only gets to the fact that

6    it's that absolute and unconditional once that first payment

7    is made, then lies with the three gentlemen who are here

8    today.  It's their obligation, which is absolute and

9    unconditional, to pay.  Zero condition on that.

10          One other thing I just wanted to point out——I forgot

11    to before, your Honor——with respect to -- again, Mr. Levy does

12    not dispute that in order to get an entry of judgment on this

13    confession of judgment in federal court, we would either have

14    to bring an action, we have to sue them.  He says he didn't

15    like the fact that we sued them.  He agrees we have to sue

16    them to do that.  We have to bring an action against them.  Or

17    if there is a pending case, as there was, we bring the

18    action -- we bring the claim in that case.

19          He has determined that there is a single way to do

20    that.  That's him saying that there is only one way in the

21    world to do that, to get an entry of judgment on a confession

22    of judgment in federal court.  He is simply wrong.  It's

23    not -- he doesn't get to make the rules or tell us how the

24    format has to be.

25          We cited to, among others, the *Varbero* case in

Ncl2SteC

1    federal court, and then they attached it, where we said, look,

2    that's a case where it was a confession of judgment.  They

3    filed in federal court to enforce it, and they did it by

4    bringing a breach of contract claim on the underlying contract

5    that was breached, and the damages they wanted were the

6    damages that were allowed in the confession of judgment.

7          But that case and others, they simply in the reply

8    brief said no, no that's nothing like what SKAT is saying they

9    want to do, and then they actually attach the complaint to his

10   declaration.  It's Exhibit F -- no, sorry, it's Exhibit E to

11   Mr. Levy's declaration in his reply brief.  That is the -- I'm

12   sorry.  That was the *Darwiche* case.  No, it is Exhibit F.  My

13   apologies, your Honor.

14         The *Varbero* case, this is the complaint, in Count One,

15   which is the one where they seek the amount that's in the

16   confession of judgment that had been signed, is a breach of

17   contract claim on the promissory note that underlaid the

18   confession of judgment.  That was the mechanism they used in

19   that case.  It's the same exact one we have here.

20         So his saying in his reply brief that it's nothing

21   like it and just citing the case, maybe he didn't look at it,

22   but it is right there.  And the other ones he attaches also

23   talk about a breach of the underlying contract.  I actually

24   don't think they put a name on the count, but there is no

25   difference.  It's, again, we are talking about completely form

Ncl2SteC

1    over substance, but at least in this case the form is exactly

2    the same.

3            MR. LEVY:  May I just address that very, very briefly,

4    your Honor?  Those three cases we put them in an Exhibits F,

5    G, and H to my supplemental declaration, they are entirely

6    unlike what SKAT wants to do here because none of those cases

7    was a sole remedy case.  In none of those cases had the

8    nonbreaching party limited itself to filing -- to one remedy

9    and one remedy alone, and there is absolutely no case, there is

10   zero case, no case can be found.  SKAT has cited no case where

11   a party seeking to enforce an affidavit of confession of

12   judgment brought a contract action to determine the amount,

13   obtained a judgment on the amount, filled the judgment amount

14   into the affidavit of confession of judgment, and then filed

15   or moved to file the affidavit of confession of judgment.

16   There is zero case, none, none.  None of those cases, F, G, H,

17   D, all of those exhibits, none of them involved a sole remedy.

18           So if SKAT had not limited itself to the sole remedy

19   of filing the affidavit of confession of judgment, we would not

20   have had any grounds to move to dismiss.  We moved to dismiss

21   and the part of their contract action that seeks -- excuse me,

22   the part of their Count One and Two that seeks contractual

23   damages that they have bargained away is completely

24   unprecedented.  There is zero case like this, none, zero.  No

25   precedent whatsoever.  And we scoured to the ends of the earth

Ncl2SteC

1    to find them.

2            Thank you.

3            THE COURT:  All right.  There are a couple of other

4    parties in the room.  This is your moment to shine.

5            MR. NEWMAN:  Your Honor, Dan Newman on behalf of

6    counterclaim defendant.

7            I believe that Mr. Levy has hit the issue.  The

8    issues are the same for both of them.

9            I would say in response to what Mr. Weinstein said at

10    this point in time, a motion to dismiss, which Mr. McGee

11    joined in, has not been decided, so as it pertains to any

12    response to the counterclaim in which he was brought into

13    this, it's not the point in time for him to respond and assert

14    any claims as to that.

15            But as to the other issues, I think Mr. Levy has

16    outlined the issues.  They equally apply to Mr. McGee as much

17    as they apply to Mr. Lhote and Mr. Stein.  I don't think there

18    is anything that -- individually that changes that.

19            THE COURT:  Okay.  Do you want to address at all the

20    first paragraph of the affidavit of confession of judgment?

21            MR. NEWMAN:  I'm going to have Mr. Pees address that.

22    He was involved in the process.

23            MR. PEES:  Your Honor, I think I could shed some

24    light on the big picture here with respect to affidavits of

25    confession of judgment and this particular new requirement

Ncl2SteC

1    that they can only be entered in the county where a party

2    resides at the time of execution or where they reside at the

3    time of enforcement.  As I understand the amendments, they

4    were designed to present -- to prevent abuses against

5    out-of-state debtors, if you will.

6              THE COURT:  Absolutely.

7              MR. PEES:  And to the extent your Honor is

8    contemplating a ruling suggesting that a party can knowingly

9    waive the requirement that the clerk in a New York Court can

10   only enter an affidavit of a confession of judgment in the

11   county where the signer of the affidavit resided at the time

12   of execution or at the time later of enforcement, I fear that

13   that may create a rule of law that will be exploited

14   mercilessly by lenders.  Because the one missing ingredient in

15   the *Express Trade* case that your Honor referred to is a

16   reference to that requirement in the newly amended statute

17   that says the clerk may only enter in the county where the

18   signer resided at the time of execution or resides at the time

19   of enforcement.

20              And I think that the reason that the *Express Trade*

21   court didn't address that language is because it was

22   essentially irrelevant, because in that particular case, what

23   was really happening was that, in lieu of using the expedited

24   let's just file the affidavit of confession of judgment, they

25   were using another expedited procedure, 3213, summary judgment

Ncl2SteC

1    in lieu of complaint, and that's what Mr. Levy was referring

2    to.

3            And so I'm raising this really to avoid a scenario

4    where, perhaps as *dicta* in an opinion or a ruling, there is

5    inadvertently, if you will, a defect in the reasoning that

6    will be exploited mercilessly by lenders.  Because otherwise,

7    your Honor, you could have -- it will be a new form affidavit

8    of confession of judgment in the State of New York.  There

9    will be lenders writing in "I knowingly acknowledge and waive

10   the requirement that the clerk can only enter judgment in this

11   particular county," and it's going to, in effect, gut the

12   legislative purpose of the statute if one were to argue that a

13   party can knowingly waive that requirement, assume just for the

14   sake of argument.

15           THE COURT:  Well --

16           MR. PEES:  I think you get my point.

17           THE COURT:  I get your point.

18           MR. PEES:  Thank you.

19           MR. NEWMAN:  Your Honor, there is one other point

20   that I did want to raise as it pertains to the arguments

21   Mr. Levy made as to the sole remedy.

22           I think what is important also, the parties sliced

23   this up.  Now, they brought a breach of contract claim, and

24   Mr. Levy has argued that they cannot bring that -- their sole

25   remedy is the entry of the confession of judgment.  If you

Ncl2SteC

1    look at that same paragraph, in paragraph -- if you look at

2    section 2, the parties understood there could have been

3    potentially a breach of contract action here if the initial

4    payment wasn't made.  Right?  If the initial payment wasn't

5    made, there could have been a breach of contract action.  But

6    what the parties specifically said in paragraph (c), to put a

7    finer point on it, "In the event that the covered parties'

8    time is complete, the initial cash payment"——that's the one

9    that was completed——"then the sole remedy for the covered

10   parties' failure to pay the remainder of the final settlement

11   amount shall be the filing of the affidavit of confessions of

12   judgment against the covered parties designees as set forth in

13   section 5(c)."

14        That language further underscores the argument that

15   Mr. Levy made that the parties contemplated that and that they

16   waived the right to bring the breach of contract action once

17   that initial payment was made.  They contracted for that, the

18   parties considered that, the language is specifically set

19   forth in the agreement, respectfully.

20        THE COURT:  I think that, just to respond, that what

21   you are both leaving out is that there are many other

22   provisions, at least several other agreements in the

23   settlement agreement that contemplate other types of lawsuits

24   and remedies and that may indicate that there is an argument

25   that the sole remedy language doesn't quite mean what it says

Ncl2SteC

1   and that the sole remedy refers more to whom the confession of

2   judgment is applicable and that all these other hundred or

3   hundred and fifty folks who benefited from this scheme are no

4   longer on the hook and only three people remain on the hook.

5       So I just think there is a lot of language in the

6   agreement which indicates that there are other remedies and

7   clearly other courts.  You know, this is a pretty -- there are

8   a number of options.

9       MR. NEWMAN:  Respectfully, what I would just say to

10  that is, with regard to the other remedies and it being

11  broadly as to who you can bring it against, I don't believe

12  that the language that I just talked about would be consistent

13  with that.  The parties sliced up this payment obligation to

14  say if there is no payment, you get to bring a breach of

15  contract.  If not, your remedy is limited.  And the other

16  provisions I believe is what your Honor may be referring to

17  are with regard to the true-up process, but that doesn't

18  contemplate necessarily a breach of contract action.  That's

19  an expedited procedure to decide whether that true-up has been

20  met or not.

21      THE COURT:  Not quite true.  If the parties can't

22  agree, it's open season for remedies for either side.

23      MR. NEWMAN:  That was the only point I wanted to make

24  to your Honor.

25      MR. LEVY:  I just want to raise -- respond just very

Ncl2SteC

 1    briefly to what your Honor just said, which is that it is open

 2    season as to other remedies.  I submit that that's an

 3    erroneous interpretation of that provision of section 10.  It

 4    doesn't, because it refers back to other remedies under

 5    section 5, and the section 5 remedies are limited to -- in two

 6    ways: against whom and what means.

 7            THE COURT:  "Any party may resort to any other

 8    available remedies, including through other available remedies

 9    in a selected court" is one part of the language that I have

10    referred to.  Similarly, that's --

11            MR. LEVY:  But your Honor has to look at the initial

12    part of that sentence which is "if the matter remains

13    unresolved."

14            THE COURT:  Right, and it is.

15            MR. LEVY:  We are looking at the end of paragraph

16    10(c), correct?

17            THE COURT:  Right.

18            MR. LEVY:  Yeah.  If the matter remains unresolved,

19    and the matter is what is the amount of the true-up.

20            THE COURT:  I totally understand that.

21            MR. LEVY:  Yeah.

22            THE COURT:  I appreciate that.

23            MR. LEVY:  But it -- it's -- go ahead.  I'm sorry.

24            THE COURT:  Except that the resolution of the true-up

25    amount is integral to the confession of judgment, and it is --

Ncl2SteC

1    I don't think there really is a dispute that there are other

2    proceedings or procedures that have to be undertaken to figure

3    out what the true-up amount is before the confession of

4    judgment can be filed.

5            MR. LEVY:  That may be, but it's not the bringing of

6    a breach of contract action.  And if your Honor looks at

7    the --

8            THE COURT:  It doesn't say "except for."

9            MR. LEVY:  It certainly suggests that.  And if your

10   Honor looks at paragraph 10(e), "The parties acknowledge that

11   the means of dispute resolution set forth in this section 10,"

12   which includes the paragraph that your Honor just read, "shall

13   not limit the remedies available to SKAT upon the occurrence

14   of an event of default pursuant to section 5 of this

15   agreement."  And section 5 refers back to the filing of the

16   confession of judgment.  It's all of a piece.  And the notion

17   that this language that bears on one part of SKAT's claim

18   permits them to bring a breach of contract action for

19   everything, that I submit is doing violence to the language of

20   the agreement.

21           THE COURT:  It is actually the only thing that, apart

22   from the merits, is still meaningfully in dispute because the

23   600 million krone is set and the two interest payments are

24   mathematical.  This is the sole substantive dispute that needs

25   to be resolved before you can know the actual amount of the

Ncl2SteC

1   confession of judgment.

2          MR. LEVY:  That may be, and it then refers back to

3   section 5 and section 2, which gives SKAT one remedy to force

4   the payment of it.

5          Thank you, your Honor.

6          THE COURT:  Okay.  Very good.  Thanks.  Everybody

7   goes in peace?  Goes in peace.

8          MR. LEVY:  Thank you, your Honor.

9          MR. WEINSTEIN:  Thank you, your Honor.

10          MR. NEWMAN:  Thank you, your Honor.

11                              oOo

12

13

14

15

16

17

18

19

20

21

22

23

24

25