
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: +1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Marc A. Weinstein
Partner
Direct Dial: +1 (212) 837-6460
Direct Fax: +1 (212) 299-6460
marc.weinstein@hugheshubbard.com

BY ECF

Honorable Naomi Reice Buchwald  January 17, 2024
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Stein et al. v. Skatteforvaltningen*, No. 23-cv-02508 (NRB)

Dear Judge Buchwald:

We write on behalf of defendant/counterclaim plaintiff Skatteforvaltningen ("SKAT") to respond herein and in two contemporaneously filed letters to the three letter motions (ECF Nos. 73-75) filed by plaintiffs/counterclaim defendants Matthew Stein and Jerome Lhote and counterclaim defendant Luke McGee ("Movants") requesting a pre-motion conference on discovery disputes arising from Movants' discovery requests to SKAT.  This letter responds to Movants' letter concerning the parties' disputes over (i) the relevant timeframe for discovery on plaintiffs' claim that SKAT breached the settlement agreement; (ii) SKAT's communications, if any, with the U.S., Belgian and German governments; and (iii) materials from other litigations concerning SKAT's communications with SØIK on topics other than the settlement agreement or Movants.  (ECF No. 73.)

**The relevant timeframe for discovery on plaintiffs' claims.**

Plaintiffs' sole claim is that SKAT breached the parties' settlement agreement by allegedly failing to notify SØIK, promptly after the execution of the settlement agreement in May 2019 and in writing, of the items enumerated in section 8(f), and that the alleged failure to do so resulted in harm to plaintiffs in the form of an indictment filed against them in April 2021.  Despite the limited nature of the claim, Movants seek a seven-year discovery period from 2017 to the present, starting more than two years before the alleged requirement was triggered, and ending more than two years after the alleged harm manifested itself.  Movants' insistence on a seven-year discovery period is an effort to fish for a breach other than the limited one they alleged and for information about foreign law enforcement investigations and will unnecessarily prolong and complicate these proceedings.

In response to Movants' requests seeking its communications with SØIK, SKAT agreed to produce responsive communications about the settlement agreement for the period from March 2019 (which SKAT picked as a conservative starting point in light of the pleadings) to April 2021 (the point at which Movants claim SKAT had caused irreparable damage).  Indeed,

according to Movants, "the proverbial train had" already "left the station" by "early 2021." (ECF No. 74 at 3.)

Movants' arguments for why "all of SKAT's communications with SØIK" are relevant "to fully assess whether SKAT breached Section 8(f) and the materiality of SKAT's breach" fail on at least three independent grounds. (ECF No. 73 at 2 (emphasis removed).) First, none of SKAT's communications with SØIK, which is not a party to the agreement, have any bearing on "the intent of the parties in drafting and executing the Settlement Agreement." (*Id.*) Second, there is nothing ambiguous in section 8(f) of the settlement agreement that would require discovery on the parties' intent, nor do Movants even assert an ambiguity. *See Alexander & Alexander Servs., Inc. v. These Certain Underwriters at Lloyd's, London*, 136 F.3d 82, 86 (2d Cir. 1998) ("If the court finds that the contract is not ambiguous it should assign the plain and ordinary meaning to each term and interpret the contract without the aid of extrinsic evidence."); *Alexsam, Inc. v. Mastercard Int'l Inc.*, No. 15-CV-2799 (ILG)(SMG), 2019 WL 4696277, at *3 (E.D.N.Y. Sep. 26, 2019) (denying "motion to conduct discovery" because contract was "clear and unambiguous, and consequently there [was] no basis to look to extrinsic evidence to discern the parties' intent").[1] Third, while Movants may have been "interested in a resolution that resolved any criminal liability under Danish law," the agreement does not include any such resolution. (ECF No. 73 at 2.) Nor does section 8(f) require that SKAT take steps "to positively influence SØIK in the course of its investigation" or "to forestall a criminal investigation entirely." (*Id.*) Rather, section 8(f) required SKAT to make certain limited representations to SØIK, not to advocate on Movants' behalf, and the settlement agreement is clear that "[n]othing" therein "shall prohibit" SKAT "from responding truthfully to a governmental inquiry or investigation," such as SØIK's investigation of Movants. (Settlement Agreement § 9(c).)

Movants' other arguments for the relevance of SKAT's post-April 2021 communications with SØIK likewise fail. For instance, SKAT could not have "encouraged SØIK" to indict Movants after SØIK had already issued the indictments. (ECF No. 73 at 2.) And SKAT has already agreed to produce all its communications with SØIK related to section 8(f) through the time the indictment was issued. Movants argued during the parties' meet and confers that SKAT's communications with SØIK following their indictment in April 2021 may include an admission of breach. (*Id.*) In response, SKAT offered as a compromise to produce its communications with SØIK through June 2021, even though such communications are irrelevant, if doing so would resolve the parties' dispute over the timeframe for SKAT's production. But Movants rejected SKAT's offer.[2]

---

1. *See also Huntington Nat'l Bank v. Bristow U.S. LLC*, No. 17 Civ. 8595 (ER), 2019 WL 1004218, at *6 (S.D.N.Y. Mar. 1, 2019) ("where a contract is clear and unambiguous on its face, discovery regarding the parties' intent is rendered unnecessary, as any parol evidence would be inadmissible").

2. Movants also purport to dispute SKAT's limiting to the March 2019 to April 2021 period the documents it will produce in response to their requests for documents concerning their May 2019 and June 2021 affidavits of confession of judgment (Request Nos. 28, 29) and the parties' communications concerning Movants' performance of their settlement agreement obligations (Request No. 31). (ECF Nos. 73 at 1, 73-1 at 3.) But Movants fail to provide any explanation in their letter why documents concerning those topics from outside that period are relevant, let alone why any discovery at all is needed on the inoperative May 2019 confession of judgment or the June 2021 confession of judgment plaintiffs allege is invalid on its face.

**SKAT's communications with foreign governments.**

Movants' request for SKAT's communications about them, if any, with the U.S. Department of Justice, the Internal Revenue Service, the Kingdom of Belgium, the Federal Public Service of the Kingdom of Belgium, and the Federal Republic of Germany is a transparent attempt to use discovery in this action to seek information on any investigations of them in other jurisdictions.  (ECF No. 73 at 3.)  Any such communications are plainly irrelevant to plaintiffs' claim that SKAT breached section 8(f).  And Movants fail to offer any explanation for the relevance of some unspecified "assistance" SKAT sought from those governments and entities at some unspecified time.  (*Id.*)  Further, plaintiffs have not even alleged that SKAT breached the "confidentiality and non-disparagement" provisions in the settlement agreement.  (*Id.*)  Their argument that any such communications may show such a breach is pure speculation, and their attempt to obtain discovery on this issue is a pure fishing expedition.

**Documents from other litigations.**

In response to plaintiffs' request number 34, SKAT agreed to produce the transcripts of any depositions of SKAT's current or former employees taken in the pending multi-district litigation that include testimony on SKAT's communications with SØIK concerning the settlement agreement or Movants.  (ECF No. 73 at 3.)  "SKAT's other communications with SØIK," such as "SKAT's communications and relationship with SØIK in investigating the tax reclaims" at issue in the multi-district litigation, are irrelevant to plaintiffs' claim that SKAT breached section 8(f) and consistent with Movants' attempt to use this litigation to obtain information about law enforcement investigations.  (*Id.*)  With respect to plaintiffs' request number 35, there is likewise no relevance to any documents SKAT "filed, served," or "interposed" in any other litigation.  (ECF No. 73-1 at 9 (Request No. 35).)  The settlement agreement explicitly provides that SKAT "shall not be restricted in any way, shape or form from making factual statements it believes are reasonably necessary to support claims or to rebut any defenses to such claims it is pursuing in other legal proceedings."  (Settlement Agreement § 9(b).)  Moreover, SKAT has agreed to produce the relevant communications with SØIK to Movants.  There is simply no need for Movants to obtain irrelevant references to communications with SØIK in other proceedings, and the request itself would impose burdensome time and costs on SKAT to review thousands of court filings in other jurisdictions for this purpose.

SKAT's counsel is available for a pre-motion conference at the Court's convenience.

Respectfully submitted,

/s/ Marc A. Weinstein
Marc A. Weinstein

cc: all counsel of record (via ECF)