

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: +1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Marc A. Weinstein
Partner
Direct Dial: +1 (212) 837-6460
Direct Fax: +1 (212) 299-6460
marc.weinstein@hugheshubbard.com

BY ECF

Honorable Naomi Reice Buchwald                    January 17, 2024
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Stein et al. v. Skatteforvaltningen*, No. 23-cv-02508 (NRB)

Dear Judge Buchwald:

      We write on behalf of defendant/counterclaim plaintiff Skatteforvaltningen ("SKAT") to respond herein and in two contemporaneously filed letters to three letter motions filed by Matthew Stein, Jerome Lhote and Luke McGee ("Movants") on January 11, 2024 (ECF Nos. 73-75) requesting a pre-motion conference on discovery disputes arising from Movants' discovery requests to SKAT. This letter responds to Movants' letter concerning the parties' disputes over (i) SKAT's responses to Movants' discovery requests concerning individuals with knowledge of SKAT's communications with SØIK; and (ii) SKAT's communications with "the press." (ECF No. 75.)

**Individuals with knowledge of SKAT's communications with SØIK.**

      In response to Movants' request for documents sufficient to identify individuals who had a role in SKAT's performance of its obligations under the settlement agreement, SKAT agreed to produce all its communications pursuant to section 8(f) of the agreement, *i.e.*, the only provision of the agreement that plaintiffs allege SKAT breached, as such documents identify the individuals involved in SKAT making the requisite representations to SØIK.[1] And in response to Movants' interrogatory covering the same topic, SKAT identified the individual with the most knowledge concerning SKAT's communications with SØIK concerning the settlement agreement, including in relation to section 8(f), another individual who has knowledge of such communications, and explained that others were party to such communications and would be identified by the documents SKAT is producing.[2] Thus, SKAT did not, as Movants argue,

---

1. Movants feign confusion over what "pursuant to Section 8(f)" means, (ECF No. 75 at 1 ("'pursuant to Section 8(f),' whatever that might mean"), but that is the phrase Movants themselves used to request SKAT's communications with SØIK complying with its section 8(f) obligations. (ECF No. 73-2 at 9 (Request No. 16 ("All Communications pursuant to Section 8(f) of the Settlement Agreement.")).)

2. Movants seem to complain that SKAT has not yet produced the documents identifying additional individuals with knowledge of SKAT's communications with SØIK. (ECF No. 75 at 2.) No parties have yet produced any documents in discovery. The only holdup in SKAT's production is that SKAT has been waiting (and waiting)

"limit" its answer to the individuals who it asserts "have the most knowledge." (ECF No. 75 at 2 (emphasis removed).)

Any other communications SKAT had with SØIK about Movants, unrelated to the settlement agreement or SKAT's performance of its obligations under section 8(f), are irrelevant. For instance, the identification of SKAT personnel who did not communicate with SØIK pursuant to section 8(f) but who otherwise may have provided information to SØIK about Movants for the purpose of SØIK's investigation of their fraud is a pointless exercise because such information is not relevant to plaintiffs' claim that SKAT breached section 8(f). Section 8(f) just obligated SKAT to make certain limited representations to SØIK, not to only "communicate with SØIK in a way that positively influenced SØIK's investigation." (*Id.*) And section 9(c) of the agreement makes clear that nothing therein prohibits SKAT from "responding truthfully" to SØIK's inquiries concerning Movants.

Likewise, SKAT has already identified the two individuals with knowledge of SKAT's performance of its obligations under section 8(f), and should not be required also to catalogue all those other individuals who were involved in "negotiating, drafting, commenting upon, revising, approving," or "executing" the settlement agreement, where those other individuals have no knowledge relevant to plaintiffs' claim that SKAT breached section 8(f). (*Id.*) Movants have not even argued that section 8(f) is ambiguous, much less identified any plausible ambiguity that could warrant resort to extrinsic evidence to determine the parties' intent. *See Alexander & Alexander Servs., Inc. v. These Certain Underwriters at Lloyd's, London*, 136 F.3d 82, 86 (2d Cir. 1998) ("If the court finds that the contract is not ambiguous it should assign the plain and ordinary meaning to each term and interpret the contract without the aid of extrinsic evidence."); *Alexsam, Inc. v. Mastercard Int'l Inc.*, No. 15-CV-2799 (ILG)(SMG), 2019 WL 4696277, at *3 (E.D.N.Y. Sep. 26, 2019) (denying "motion to conduct discovery" because contract was "clear and unambiguous, and consequently there [was] no basis to look to extrinsic evidence to discern the parties' intent").[3]

## **SKAT's communications with "the press."**

In SKAT's amended answer to plaintiffs' complaint, SKAT refers to two public statements (issued as "press releases") concerning the settlement agreement. SKAT did so to support its defense that, regardless of whether there was a technical breach of section 8(f)'s notification provision, SØIK was amply notified about the provisions in section 8(f) of the agreement, through SKAT's direct communications with SØIK as well as through SKAT's two public statements (given the reasonable inference that the investigating authority in Denmark would have read the public statements issued by the victim of the very crimes SØIK was investigating). Movants' discovery request is quite different and vastly broader in scope, seeking any communications SKAT had with the press. (ECF No. 75 at 2-3.) But non-public communications with the press itself do not shed light on whether SØIK was notified of the information in section 8(f) of the settlement agreement and are therefore irrelevant.

---

for Movants to agree upon a proposed protective order that will govern the production of documents in this case.

3.  *See also Huntington Nat'l Bank v. Bristow U.S. LLC*, No. 17 Civ. 8595 (ER), 2019 WL 1004218, at *6 (S.D.N.Y. Mar. 1, 2019) ("where a contract is clear and unambiguous on its face, discovery regarding the parties' intent is rendered unnecessary, as any parol evidence would be inadmissible").

3

Further, plaintiffs have not pleaded that SKAT breached its confidentiality obligations under the settlement agreement, thus discovery on whether any supposed "leaks" came from SKAT is not relevant and should be denied as a burdensome fishing expedition.  (*Id.* at 3.)

SKAT's counsel is available for a pre-motion conference at the Court's convenience.

Respectfully submitted,


/s/ Marc A. Weinstein
Marc A. Weinstein

cc: all counsel of record (via ECF)