# McKool Smith

Daniel W. Levy
Direct Dial: (212) 402-9412
E-mail: dlevy@mckoolsmith.com

One Manhattan West
395 Ninth Avenue, 50th Floor
New York, NY 10001

Telephone: (212) 402-9400
Facsimile: (212) 402-9444

January 22, 2024

By ECF
The Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
500 Pearl Street, Room 2270
New York, New York  10007

      Re:    Stein and Lhote v. Skatteforvaltningen
                 23 Civ. 2508 (NRB)

Dear Judge Buchwald:

    Plaintiffs and McGee respectfully submit this short letter in reply to SKAT's letter, ECF No. 78, and in further support of the arguments set out in their prior letter, ECF No. 73.

## I.    SKAT Is Gravely Confused about Discovery and Contract Interpretation

    To level-set the Court's resolution of the parties' discovery disputes, it bears noting that the scope of discovery under Federal Rule of Civil Procedure 26 is "necessarily broad."  *MacCartney v. O'Dell*, 2018 WL 5023947, at *2 (S.D.N.Y. Oct. 17, 2018).  Rule 26 does not limit discovery only "to issues raised by the pleadings" because "discovery itself is designed to help define and clarify the issues" alleged.  *Id.* (cleaned up).  In this Circuit, the forgivingly low bar of relevance under Rule 26 is "satisfied if there is any possibility that the information sought to be obtained may be relevant to the subject matter of the action."  *Id.* (cleaned up).

    It is equally important to note that it is the Court's obligation -- not SKAT's prerogative -- to determine whether a contract is ambiguous.  SKAT cannot announce that a contract provision is unambiguous and, based on its say-so alone, refuse to produce discovery about the parties' intent.  Indeed, the cases that SKAT cites demonstrate as much.  *See, e.g.*, *Alexander & Alexander Servs., Inc. v. These Certain Underwriters at Lloyd's, London*, 136 F.3d 82, 86 (2d Cir. 1998) (court decides whether contract is ambiguous).

    With these principles in mind, the Court should direct SKAT to produce the discovery sought by Plaintiffs and McGee.  What they seek falls safely within the scope of Rule 26(b)(1).

**McKool Smith**
**A Professional Corporation • Attorneys**
**Austin  |  Dallas  |  Houston  |  Los Angeles  |  Marshall  |  New York  |  Washington, DC**

4861-4164-3678

The Honorable Naomi Reice Buchwald
January 22, 2024
Page 2

II. **The Court Should Compel Production of the Requested Materials**

**A. SKAT Should Be Required To Produce Documents from 2017 to the Present.** It is clearly within the scope of Rule 26 for Plaintiffs and McGee to seek discovery from 2017 to the present. Documents from 2017 and forward concerning the negotiations and execution of the Settlement Agreement are relevant to the subject matter of this action because they provide insight into the intent behind various sections of the Settlement Agreement and tend to show the materiality of any breach of Section 8(f), a key question in this matter. Likewise, documents after April 2021 are also relevant because they tend to show what SKAT has and has not communicated to SØIK after the indictment, including any communications about whether or not SKAT complied with Section 8(f). This is not a "fishing expedition," the stock phrase that virtually every party resisting discovery uses to describe its adversary's requests. This is a focused time period that encompasses the beginning of the dispute up to the present. SKAT has no basis to argue, nor has it provided any support for the notion, that this period is somehow irrelevant (other than by reference to its own pre-determined bounds of relevance).

**B. SKAT's Communications With Investigative Bodies Are Relevant and Should Be Produced.** SKAT's argument that it is improper to seek discovery into SKAT's communications with investigative bodies concerning the Plaintiffs, McGee, and the Settlement Agreement just raises more factual questions as to which discovery should be had. SKAT argues the Settlement Agreement does not prohibit it from responding truthfully to a government inquiry. *See* EFC No. 78 at 2. True enough. But Section 9 of the Settlement Agreement does not absolve SKAT of its obligations under Section 8(f) or the confidentiality obligations under Section 10(a). Nor does it predetermine the materiality of any breach of Section 8(f). If there were, in fact, communications about the Settlement Agreement, the negotiation of it, obligations under it, the performance or non-performance of such obligations, or Plaintiffs and McGee's cooperation, from SKAT or otherwise, Plaintiffs and McGee are entitled to know about them.

**C. Documents From Other Litigations Are Relevant and Should Be Produced.** SKAT provides no basis for its claim that documents from other litigations concerning its communications with SØIK are irrelevant. Plaintiffs are entitled to understand the full scope of information that was made available and testified to in other litigations on the narrow range of subjects as to which they hare interposed requests. For example, SKAT had to be compelled to produce witnesses to testify in the multidistrict litigation before Judge Kaplan, Case No. 18-md-2865 (LAK), ECF No. 601, 602, 604, so surely they can identify who those individuals were and what the basis of their testimony was. A boilerplate and unsupported claim of burden is insufficient to avoid SKAT's discovery obligations as to these requests.

Respectfully submitted,

/s/

Daniel W. Levy

cc:   All Counsel (by ECF)

4861-4164-3678