# McKool Smith

Daniel W. Levy
Direct Dial: (212) 402-9412
E-mail: dlevy@mckoolsmith.com

One Manhattan West
395 Ninth Avenue, 50th Floor
New York, NY 10001

Telephone: (212) 402-9400
Facsimile: (212) 402-9444

January 22, 2024

By ECF
The Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
500 Pearl Street, Room 2270
New York, New York  10007

   Re:  <u>Stein and Lhote v. Skatteforvaltningen</u>
      23 Civ. 2508 (NRB)

Dear Judge Buchwald:

  Plaintiffs and McGee respectfully submit this short letter in reply to SKAT's letter, ECF No. 79, and in further support of the arguments set out in their prior letter, ECF No. 74.

  **A. "Related to 8(f)" Is An Improper Limitation on SKAT's Discovery Obligations.** As it did during the parties' meet and confers, SKAT is unable to articulate in some principled way which communications with SØIK "relate to Section 8(f)" and which do not.  On such a crucial issue -- indeed, probably the *most* crucial factual issue bearing on Count I of Plaintiff's Complaint -- SKAT should not be permitted to play the edges with a standardless distinction.  All of SKAT's communications with SØIK embraced by these requests should be produced.

  In order to understand the full scope of SKAT's communications with SØIK and that bear directly on whether SKAT complied with Section 8(f), Plaintiffs and McGee interposed a series of requests that generally mapped onto the subjects on which SKAT was required to communicate with SØIK.  *Id.*  The requests sought to discover, for example, what SKAT said to SØIK at any time about the Settlement Agreement and its terms, Plaintiffs and McGee's cooperation with SKAT, and their efforts to negotiate a settlement with SKAT.  *Compare* Exh. 2A at § (A) *with* ECF No. 11 at ¶ 61.  These are plainly relevant to compliance with Section 8(f).

  The only specific thing that SKAT says in trying to define what is, and is not, related to Section 8(f) is that SØIK's "factual inquiries about the scheme or its participants" are intended to be excluded.  ECF No. 79 at 2.  But SKAT never remotely explains why these communications should not be produced.  If SKAT, for example, *contradicted* a statement required by Section 8(f), it should be required to produce such communication as one that may defeat the purpose of Section 8(f) and, therefore, show a material breach.  If SKAT was communicating with SØIK around the time of the Settlement Agreement and chose to *omit* a discussion of the items required by Section 8(f), such communications would go to, among other things, the willfulness of SKAT's breach of Section 8(f) and, ultimately, whether one remedy that Plaintiffs seek,

**McKool Smith**
**A Professional Corporation • Attorneys**
**Austin  |  Dallas  |  Houston  |  Los Angeles  |  Marshall  |  New York  |  Washington, DC**

4860-0801-9870

The Honorable Naomi Reice Buchwald
January 22, 2024
Page 2

rescission, is available. *See, e.g., Goodale v. Cent. Suffolk Hosp.*, 179 N.Y.S.3d 272, 274 (2d Dep't 2022) (rescission available for, among other things, material and willful breaches). And, more generally, whether SKAT's behavior "comports with standards of good faith and fair dealing" is an important factor in determining the materiality of any breach. *See Wechsler v. Hunt Health Sys., Ltd.*, 330 F. Supp. 2d 383, 414 (S.D.N.Y. 2004) (setting out factors for determining materiality of breach under Section 241 of Restatement (Second) of Contracts).

In short, Plaintiffs and McGee should have broad discovery into SKAT's communications with SØIK. This includes not just communications that SKAT may select to show its compliance with Section 8(f), but ones that, for example, might *undermine* SKAT's compliance, demonstrate willfulness, or tend to show bad faith.

In seeking to have the Court endorse its meaningless line as to what it will and will not produce, SKAT gravely misunderstands Plaintiffs and McGee's argument about their intent in agreeing to Section 8(f). The statements that SKAT was required to make to SØIK, such as the statement about the good faith efforts to settle, would have the natural effect of positively influencing SØIK in its investigation of Plaintiffs and McGee. SKAT is correct that Section 9(c) provides that SKAT is not prohibited from complying with subpoenas, court orders, and official inquiries. But the notion that this provision should limit which of SKAT's communications with SØIK -- a crucial subject of inquiry -- should be required to produce has no logical support. To the contrary, it just underscores the importance of Plaintiffs and McGee's discovery into all of SKAT's communications with SØIK.

**B. Communications With SØIK Concerning Proceedings Against Plaintiffs and McGee Are Relevant and Should Be Produced.** SKAT's communications with SØIK concerning proceedings against Plaintiffs and McGee are highly relevant and bear on the key issue in this matter: the materiality of SKAT's breach. If SKAT failed to communicate as required by Section 8(f) and, later on, encouraged SØIK to indict Plaintiffs and McGee or to seize their assets, those communications would make any breach on SKAT's part all the more material. Such communications are plainly relevant to Plaintiffs' claims.

**C. Communications Concerning Section 2(c) of The Settlement Agreement Are Relevant and Should be Produced.** SKAT cannot, by fiat alone, declare that a contract term is unambiguous and, thereby, deny Plaintiffs and McGee discovery about the parties' intent in agreeing to it. The meaning of Section 2(c) and all other provisions of the Settlement Agreement is firmly committed to the Court's determination and the Court has not yet any occasion to interpret Section 2(c)'s "absolute and unconditional" language. Unlike the cases cited by SKAT, whether the obligation of the Covered Parties to pay the Final Settlement Amount is absolute or unconditional is debatable. In the very same paragraph, SKAT bargained away the right to enforce the payment obligation against all but three of the Covered Parties. And SKAT bargained away the right to enforce the payment obligation by any means other than one. *See* ECF No. 52-1 at § 2(c). Having limited and otherwise conditioned its rights, whether they are "absolute and unconditional" is, at least, an open question.

To determine the parties' intent behind these provisions, Plaintiffs and McGee asked for the communications between SKAT and the Covered Parties regarding Section 2(c), which would reveal the parties' intent. SKAT should be required to produce them.

4860-0801-9870

The Honorable Naomi Reice Buchwald
January 22, 2024
Page 3

                                                Respectfully submitted,

                                                /s/

                                              Daniel W. Levy

cc:      All Counsel (by ECF)

4860-0801-9870