# McKool Smith

| | | |
|---|---|---|
| Daniel W. Levy<br>Direct Dial: (212) 402-9412<br>E-mail: dlevy@mckoolsmith.com | One Manhattan West<br>395 Ninth Avenue, 50th Floor<br>New York, NY 10001 | Telephone: (212) 402-9400<br>Facsimile: (212) 402-9444 |

January 22, 2024

By ECF
The Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
500 Pearl Street, Room 2270
New York, New York  10007

      Re:      Stein and Lhote v. Skatteforvaltningen
                      23 Civ. 2508 (NRB)

Dear Judge Buchwald:

      Plaintiffs and McGee respectfully submit this short letter in reply to SKAT's letter, ECF No. 80, and in further support of the arguments set out in their prior letter, ECF No. 75.

      **A. Individuals With Knowledge of the Settlement Agreement Are Relevant.**  Having unilaterally announced that its interpretation of Section 8(f) and all other provisions of the Settlement Agreement must be correct, SKAT contends that Plaintiffs and McGee should not learn the SKAT employees who had a role in negotiating and approving the terms of the Settlement Agreement, the SKAT employees who had a role in complying with it, or the SKAT employees who communicated with SØIK.  It goes so far as to term part of Plaintiff and McGee's non-burdensome requests a "pointless exercise."  ECF No. 80 at 2.

      The Court should direct SKAT to respond to the relevant interrogatories and document requests.  Exh. 3A at § (A).  It is far from pointless and not remotely burdensome for SKAT to simply identify witnesses.  It is impossible that only two individuals in all of SKAT have knowledge of the Settlement Agreement or SKAT's performance under it.  The settlement was one of the most important things to have occurred with respect to SKAT in some time.  SKAT cannot, by fiat, simply decide not to identify witnesses and to ignore Local Rule 33.3.

      **B. SKAT's Communications with the Press Are Highly Relevant and Should Be Produced.**  SKAT barely addresses why discovery should not be had into all of its communications with the press.  And what it says is all manner of confused.

      SKAT concedes, as Plaintiffs and McGee explained, that it intends to rely on what it claims is the "the reasonable inference that the investigating authority in Denmark would have read the public statements issued by the victim of the very crimes SØIK was investigating." ECF No. 80 at 2.  But it never explains why there should not be discovery into other statements SKAT made and other information that it injected into the press beyond the two press releases on which it has said it intends to rely.  And, having indicated an intention to forgo discovery about

The Honorable Naomi Reice Buchwald
January 22, 2024
Page 2

what SØIK actually knew, SKAT cannot possible assert that SØIK would not have read those additional statements or absorbed that additional information. And SKAT certainly never addresses the considerable disconnect between what SKAT was saying to the press about the Settlement Agreement and public reporting about the Settlement Agreement, which would have, under SKAT's "reasonable inference" theory, impacted what SØIK knew about the Settlement Agreement, including by possibly engendering confusion on SØIK's part. If SKAT intends to rely on *some* public statements, *everything* SKAT injected into the press is relevant and discoverable.

SKAT next refers to something it calls "non-public communications with the press." *Id.* Whatever this might mean, all of SKAT's communications with the press are part of the total mix of information that was available to SØIK in the press and that, according to SKAT, SØIK would reasonably have read. If SKAT intends to rest its argument on the notion that SØIK must have been aware of what was in the press, Plaintiffs and McGee are entitled to know the full scope of what SKAT injected into the press, whether that be what SKAT terms its "non-public communications" and whether it be two cherry-picked press releases or some other information.

Having demonstrated that the full scope of what SKAT said to the press is relevant and proportional, it is SKAT's burden to "to show that the information sought is privileged or unduly burdensome." *Lelchook v. Lebanese Canadian Bank, SAL*, 2023 WL 3033694, at *2 (S.D.N.Y. Apr. 21, 2023). Other than a stray comment vaguely contending that this discovery would be burdensome, SKAT says nothing. There is a reason why. SKAT has a dedicated press function and a reasonable search for communications by those who would be expected to communicate with the press is not remotely unreasonable.

Respectfully submitted,

/s/

Daniel W. Levy

cc:     All Counsel (by ECF)