```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
MATTHEW STEIN AND JEROME LHOTE,

     Plaintiffs/Counterclaim-
     Defendants,

          - against –

SKATTEFORVALTNINGEN,                    MEMORANDUM AND ORDER
                                        23 Civ. 2508 (NRB)
     Defendant/Counterclaim-
     Plaintiff,

          - against –

LUKE MCGEE

     Counterclaim-Defendant.

-------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

On January 11, 2024, Matthew Stein, Jerome Lhote, and Luke McGee (collectively, "movants") filed three separate pre-motion letters raising numerous discovery disputes.[1] To place these motions in context, some background is necessary. In May 2019, the movants entered into a settlement agreement (the "Agreement" or "Settlement Agreement") with SKAT. Section 8(f) of the Settlement Agreement requires SKAT to: promptly upon the execution

---

[1] Defendant Skatteforvaltningen ("SKAT") responded in opposition to those letters on January 17, 2024, and movants filed replies on January 22, 2024. Because the pre-motion letters concerning non-dispositive issues "were sufficiently lengthy to address all relevant arguments" and there was a "clear lack of merit" supporting the movants' arguments, the Court will construe the pre-motion letters as the motions themselves. Int'l Code Council, Inc. v. UpCodes Inc., 43 F.4th 46, 54 (2d Cir. 2022).

of the Agreement, (1) bring, in writing, the Agreement and its terms to the attention of the Danish prosecutor ("SØIK"); and (2) represent, in writing, (a) that the Agreement reflects the Covered Parties' good-faith negotiation, (b) their cooperation may result in SKAT's recovery of additional funds, and (c) the Agreement is in SKAT's best interests.  In April 2021, SØIK instituted criminal proceedings against the movants that presently remain pending.

In March 2023, Stein and Lhote (but not McGee) filed the instant action against SKAT,[2] which alleges only one claim of breach of the Settlement Agreement: that SKAT failed to comply with the specific requirements of Section 8(f) of the Settlement Agreement.[3]  See ECF No. 11 ("Compl.") at ¶¶ 61-65.  Despite the limited nature of this claim, movants have made more than thirty document requests.[4]  Broadly speaking, these discovery requests far exceed, in scope and substance, temporally and otherwise, plaintiffs' pled claim.  Indeed, the breadth of their requests calls to mind case law that states that "[d]iscovery is not a fishing expedition for Plaintiffs to obtain information to try and

---

[2] Thus, any reference to "plaintiffs" only includes Stein and Lhote because McGee is only a third-party defendant to the counterclaims asserted by SKAT.
[3] Plaintiffs also seek a declaratory judgment stating that the affidavit of confessions of judgment are invalid and unenforceable, but that claim is not the subject of any discovery requests or disputes and is thus irrelevant here.
[4] Document production had not begun at the time that movants filed the instant motions because the parties had not yet agreed on a protective order.

create claims that do not already exist." Toussaint v. Interfaith Med. Ctr., 21 Civ. 1100 (ARR)(JRC), 2022 WL 118722, at *8 n.10 (E.D.N.Y. Jan. 12, 2022).

Moreover, movants' expansive discovery requests are premised on a fundamental misunderstanding of what Section 8(f) of the Settlement Agreement requires of SKAT.  Specifically, movants claim that the "main purpose of Section 8(f) was to positively influence SØIK in its investigation of [movants] and to possibly forestall any criminal investigation." ECF No. 74 at 2.  The Court squarely rejects this contention.  In no way does Section 8(f) require SKAT to advocate for the non-prosecution of movants.  In fact, movants chose to continue negotiating the Settlement Agreement even after SKAT expressly refused to include any non-prosecution guarantee in the Agreement.  See Compl. at ¶ 34. Moreover, the Agreement makes clear that SKAT may respond truthfully to any inquiries made as part of an investigation by SØIK or any other governmental body.  See Settlement Agreement § 9(c).  Indeed, taking movants' position to its logical conclusion, movants are suggesting that SKAT, in exchange for a hoped-for payment of a sum of money, agreed to forfeit its fundamental loyalty to the citizens of Denmark and become the advocate for movants who had defrauded Denmark (and SKAT specifically) out of billions of Danish Kroner.  Therefore,

whatever subjective expectations movants may have about SKAT's obligations under Section 8(f) of the Settlement Agreement, the plain language of Section 8(f) is clear: SKAT has two precise obligations and neither entails any sort of advocacy on the movants' behalf. With this context in mind, the Court addresses each of movants' requests in turn in the chart below.

| Issue | Ruling |
|---|---|
| Time Period of SKAT's Document Production (Letter 1, Issue A) | SKAT's offer to produce all relevant documents from between March 2019 to June 2021 is reasonable given that this time period meaningfully encompasses the sole claim of breach alleged in plaintiffs' complaint. |
| Communications Concerning the Settlement Agreement (Letter 1, Issue B) | Movants' request for communications with certain governmental entities in addition to SØIK concerning the Settlement Agreement is denied because such communications, should they exist, have no bearing on the sole claim raised in plaintiffs' complaint. Furthermore, movants' reliance on the confidentiality and non-disparagement provisions of the Settlement Agreement is plainly misplaced. |

| | |
|---|---|
| Documents from Other Litigations (Letter 1, Issue C) | Plaintiffs' requests for documents from other cases brought by SKAT or from other cases in which SKAT is a party are denied because such documents have no relevance to the sole claim raised in plaintiffs' complaint. Moreover, these requests appear to be an improper backdoor effort to obtain discovery that movants could not independently obtain in those other proceedings. |
| SKAT's Communications with SØIK Concerning the Settlement Agreement (Letter 2, Issue A) | SKAT's offer to produce documents related to Section 8(f) is entirely reasonable in light of the sole claim in plaintiffs' complaint. To the extent there remains confusion around the meaning of the phrase "related to," the Court directs the parties to Rule 26.3(c)(7) of the District's Local Rules, which supplies a definition of the nearly identical term of "concerning." To be clear, the Court does not intend to foreclose disclosure of any communications initiated by SKAT which would reasonably be understood to undermine its obligations under Section 8(f). |
| Communications with SØIK Concerning Proceedings Against Movants (Letter 2, Issue B) | This request far exceeds the scope of the claimed breach and is denied on that basis alone. Moreover, the Settlement Agreement expressly permits SKAT to respond truthfully to inquiries from SØIK relating to its criminal investigation of movants. Settlement Agreement § 9(c). In addition, since movants are criminal defendants in proceedings commenced by SØIK, movants may not use this case to obtain discovery for use in the criminal case which may not be available to them in that proceeding. |

| | |
|---|---|
| Communications Concerning Section 2(c) of the Settlement Agreement (Letter 2, Issue C) | Plaintiffs' request for communications between SKAT and the Covered Parties concerning Section 2(c) of the Settlement Agreement is denied.  Setting aside that any such communications should already be in plaintiffs' custody and control, these communications are plainly outside the pleadings and thus irrelevant to the sole claim raised in their complaint.  In addition to their irrelevance, there has been no showing that the provision is ambiguous such as to justify an exploration of the intent of the parties. |
| Communications and Information Regarding Individuals with Knowledge of the Settlement Agreement (Letter 3, Issue A) | SKAT has already identified the names of two individuals with knowledge of the Settlement Agreement and has represented that it will produce documents with additional names.  This would appear to be sufficient.  However, if this information plus the additional information that will be revealed by the document production is ultimately insufficient, this issue can be raised again if the parties are unable to resolve their disagreement. |
| SKAT's Communications with the Press (Letter 3, Issue B) | Plaintiffs' requests for documents and information concerning SKAT's communications with the press are denied because any such communications are irrelevant to the sole claim before us. |

For the foregoing reasons, and except as noted, movants' discovery motions are denied.  The Clerk of Court is respectfully directed to terminate the motions pending at ECF Nos. 73, 74, and 75.

**SO ORDERED.**

Dated:    New York, New York
          February 1, 2024

_____
        NAOMI REICE BUCHWALD
        UNITED STATES DISTRICT JUDGE