UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO. 1:23-CV-02508-NRB

MATTHEW STEIN and JEROME LHOTE,

                Plaintiffs,

v.

SKATTEFORVALTNINGEN,

                Defendant.

---

SKATTEFORVALTNINGEN,

                Counterclaim Plaintiff,

v.

MATTHEW STEIN, JEROME LHOTE, and LUKE MCGEE,

                Counterclaim/Third-Party Defendants.

## THIRD PARTY DEFENDANT, LUKE MCGEE'S ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES

Counterclaim Defendant, Luke McGee ("McGee"), through undersigned counsel and pursuant to Fed. R. Civ. P. 12, hereby files his Answer and Affirmative Defenses to the Third Party Claims alleged in the Counterclaim it filed in this action ("Counterclaim") by Counterclaim/Third Party Plaintiff, Skatteforvaltningen ("SKAT")  [ECF 48], and alleges:

123. McGee is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 123 of the Counterclaim.

124. To the extent Paragraph 124 characterizes or summarizes the Settlement Agreement or its terms, McGee respectfully refers the Court to the Settlement Agreement, which speaks for

itself. McGee admits that he entered into the Settlement Agreement but denies the remaining allegations in Paragraph 124 of the Counterclaim.

125. To the extent Paragraph 125 characterizes or summarizes the Settlement Agreement or its terms, McGee respectfully refers the Court to the Settlement Agreement, which speaks for itself and otherwise denies the allegations in Paragraph 125 of the Counterclaim.

126. To the extent Paragraph 126 characterizes or summarizes the Settlement Agreement or its terms, McGee respectfully refers the Court to the Settlement Agreement, which speaks for itself and otherwise denies the allegations in Paragraph 126 of the Counterclaim.

127. McGee admits that certain materials were provided to SKAT in connection with determining the True-Up Amount but denies the remaining allegations in Paragraph 127 of the Counterclaim.

128. To the extent Paragraph 128 characterizes or summarizes the Settlement Agreement or its terms, McGee respectfully refers the Court to the Settlement Agreement, which speaks for itself and otherwise denies the allegations in Paragraph 128 of the Counterclaim.

129. McGee denies the allegations in Paragraph 129 of the Counterclaim.

130. McGee admits that SKAT provided him with written notice of the alleged breach and a ten-business day opportunity to cure but denies the remaining allegations in Paragraph 130 of the Counterclaim.

131. To the extent Paragraph 131 characterizes or summarizes the Settlement Agreement or its terms, McGee respectfully refers the Court to the Settlement Agreement, which speaks for itself.  McGee denies the remaining allegations in Paragraph 131 of the Counterclaim.

132. McGee is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 132 of the Counterclaim.

## PARTIES

133. McGee admits only that SKAT is the agency of the government of Denmark charged with the assessment and collection of Danish taxes but is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 133 of the Counterclaim.

134. Admitted.

135. Admitted.

136. Admitted.

## JURISDICTION AND VENUE

137. Admitted.

138. Admitted.

139. Admitted.

140. McGee denies that venue is proper in this District with regards to all of the claims alleged.

## FACTUAL ALLEGATIONS

141. McGee is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 141 of the Counterclaim.

142. Denied.

143. Denied.

144. McGee is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 144 of the Counterclaim.

145. McGee is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 145 of the Counterclaim.

146. Denied.

147. McGee is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 147 of the Counterclaim.

148. McGee is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 148 of the Counterclaim.

149. McGee admits only that on or about may 28, 2019, Stein, Lhote, McGee and certain others defined as Covered Parties entered into a settlement agreement with SKAT and otherwise denies the allegations contained in Paragraph 149 of the Counterclaim..

150. To the extent Paragraph 150 characterizes or summarizes the Settlement Agreement or its terms, McGee respectfully refers the Court to the Settlement Agreement, which speaks for itself and otherwise denies the allegations in Paragraph 150 of the Counterclaim.

151. To the extent Paragraph 151 characterizes or summarizes the Settlement Agreement or its terms, McGee respectfully refers the Court to the Settlement Agreement, which speaks for itself and otherwise denies the allegations in Paragraph 151 of the Counterclaim.

152. To the extent Paragraph 152 characterizes or summarizes the Settlement Agreement or its terms, McGee respectfully refers the Court to the Settlement Agreement, which speaks for itself and otherwise denies the allegations in Paragraph 152 of the Counterclaim.

153. To the extent Paragraph 153 characterizes or summarizes the Settlement Agreement or its terms, McGee respectfully refers the Court to the Settlement Agreement, which speaks for itself and otherwise denies the allegations in Paragraph 153 of the Counterclaim.

154. To the extent Paragraph 154 characterizes or summarizes the Settlement Agreement or its terms, McGee respectfully refers the Court to the Settlement Agreement, which speaks for itself and otherwise denies the allegations in Paragraph 154 of the Counterclaim.

155. To the extent Paragraph 155 characterizes or summarizes the Settlement Agreement or its terms, McGee respectfully refers the Court to the Settlement Agreement, which speaks for itself and otherwise denies the allegations in Paragraph 155 of the Counterclaim.

156. To the extent Paragraph 156 characterizes or summarizes the Settlement Agreement or its terms, McGee respectfully refers the Court to the Settlement Agreement, which speaks for itself and otherwise denies the allegations s in Paragraph 156 of the Counterclaim except that he admits that SKAT was provided with spreadsheets calculating the Net Proceeds for each plan.

157. Denied.

158. Denied.

159. To the extent Paragraph 159 characterizes or summarizes the Settlement Agreement, a side letter agreement, or their terms, McGee respectfully refers the Court to those documents, which speak for themselves. McGee denies the remaining allegations in Paragraph 159 of the Counterclaim.

160. McGee admits that North Channel Bank has not been sold and that it entered into insolvent administration in Germany; but he denies the remaining allegations in Paragraph 160 of the Counterclaim.

161. To the extent Paragraph 161 characterizes or summarizes the Settlement Agreement or its terms, McGee respectfully refers the Court to the Settlement Agreement, which speaks for itself. McGee denies the remaining allegations in Paragraph 161 of the Counterclaim.

162. To the extent Paragraph 162 characterizes or summarizes the Settlement Agreement, the relevant agreements, or their terms, McGee respectfully refers the Court to those documents, which speak for themselves. McGee denies the remaining allegations in Paragraph 162 of the Counterclaim.

163. To the extent Paragraph 163 characterizes or summarizes the Settlement Agreement or its terms, McGee respectfully refers the Court to the Settlement Agreement, which speaks for itself.  McGee denies the remaining allegations in Paragraph 163 of the Counterclaim.

164. Denied.

165. Denied.

166. Denied.

167. To the extent Paragraph 167 characterizes or summarizes the Settlement Agreement or its terms, McGee respectfully refers the Court to the Settlement Agreement, which speaks for itself.  McGee denies the remaining allegations in Paragraph 167 of the Counterclaim.

168. Denied.

169. To the extent Paragraph 169 characterizes or summarizes the Settlement Agreement or its terms, McGee respectfully refers the Court to the Settlement Agreement, which speaks for itself.  McGee denies the remaining allegations in Paragraph 169 of the Counterclaim.

170. To the extent Paragraph 170 characterizes or summarizes the Settlement Agreement or its terms, McGee respectfully refers the Court to the Settlement Agreement, which speaks for itself.  McGee denies the remaining allegations in Paragraph 170 of the Counterclaim.

171. To the extent Paragraph 171 characterizes or summarizes the Settlement Agreement or its terms, McGee respectfully refers the Court to the Settlement Agreement, which speaks for itself.  McGee denies the remaining allegations in Paragraph 171 of the Counterclaim.

172. To the extent Paragraph 172 characterizes or summarizes the Settlement Agreement, the referenced confession of judgment, or their terms, McGee respectfully refers the Court to the Settlement Agreement, which speaks for itself.  McGee denies the remaining allegations in Paragraph 173 of the Counterclaim.

173. Denied.

## COUNT I

**(Breach of Contract)**
**(Against all counterclaim-defendants)**
**(True-Up Amount and accrued interest)**

174. McGee reasserts and incorporates his responses to all previous Paragraphs as if fully set forth herein. McGee denies all remaining allegations in Paragraph 174.

175. Denied.

176. Denied.

177. Denied.

178. Denied.

179. Denied.

180. Denied.

## COUNT II

**(Breach of Contract)**
**(Against all counterclaim-defendants)**
**(DKK 600 million payment and accrued interest)**

181. McGee reasserts and incorporates his responses to all previous Paragraphs as if fully set forth herein. McGee denies all remaining allegations in Paragraph 181.

182. Denied.

183. Denied.

184. Denied.

185. Denied.

186. Denied.

187. Denied.

## REQUEST FOR RELIEF

188. Denied.

189. Denied.

190. Denied.

191. Denied.

## DEFENSES AND AFFIRMATIVE DEFENSES

### First Affirmative Defense

SKAT's Counterclaims fail to state a claim for which relief can be granted.

### Second Affirmative Defense

SKAT's claims are barred in whole or in part by the doctrines of waiver, laches, acquiescence, or estoppel because, among other things, SKAT breached its material obligations under paragraph 8(f) of the Settlement Agreement, and SKAT waived any right to assert breach of contract claims pursuant to the terms of the Settlement Agreement.

### Third Affirmative Defense

SKAT's claims are barred in whole or in part by the doctrine of unclean hands because, among other things, SKAT breached its material obligations under the Settlement Agreement by failing to provide the writing required in paragraph 8(f) of the Settlement Agreement or otherwise advise SKAT of McGee's agreement to cooperate, voluntarily provide documents, and that he had or agreed to repay amounts allegedly improperly obtained.

### Fourth Affirmative Defense

SKAT's claims to recover damages are barred in whole or in part under the terms of the Settlement Agreement, which provides that SKAT's sole remedy shall be filing the Affidavit of Confession of Judgment.

**Fifth Affirmative Defense**

SKAT's claims are barred due to its prior breach of the Settlement Agreement as well as the implied covenant of good faith and fair dealing, which breaches were material, willful, or otherwise so substantial and fundamental as to defeat the object of the parties in entering the Settlement Agreement, including SKAT's breach of its material obligation to provide the writing required in paragraph 8(f) of the Settlement Agreement "promptly upon the execution of the Settlement Agreement."

**Sixth Affirmative Defense**

SKAT is not entitled to entry of confession of judgment as to McGee because the Affidavit of Confession of Judgment is not valid and enforceable under C.P.L.R. 3218.

**Seventh Affirmative Defense**

SKAT would be unjustly enriched if the relief it seeks were to be granted.

**Eights Affirmative Defense**

SKAT has failed to mitigate or attempt to mitigate damages, if in fact any damages have been or will be sustained, and any recovery by SKAT therefore must be diminished or barred.

**Ninth Affirmative Defense**

To the extent SKAT has suffered any damages for which the law would provide a remedy, which McGee denies, SKAT is not entitled to recover those damages, in whole or in part, under the Settlement Agreement because SKAT breached its obligations thereunder.

**Tenth Affirmative Defense**

SKAT will be unjustly enriched if the relief is seeks were to be granted.

**Eleventh Affirmative Defense**

To the extent SKAT has suffered any damages for which the law would provide a

remedy, which McGee denies, McGee is entitled to a set off.

Dated: New York, New York
      March 4, 2024

                                    Respectfully submitted,

                                    **NELSON MULLINS RILEY & SCARBOROUGH LLP**

                                    */s/ Daniel S. Newman*
                                    DANIEL S. NEWMAN
                                    SDNY Bar Code: DN0959
                                    One Biscayne Tower, 21st Floor
                                    2 South Biscayne Boulevard
                                    Miami, Florida 33131
                                    Tel. 305.373.9400 | Fax 305.373.9443

                                    *Counsel for Counterclaim Defendant Luke McGee*