

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
ATTORNEYS AND COUNSELORS AT LAW

Daniel Newman
Partner
Direct Line: 305-373-9467
Direct Facsimile: 305-995-6437
Daniel.Newman@nelsonmullins.com

One Biscayne Tower
2 South Biscayne Blvd. | 21st Floor
Miami, FL 33131
T: 305.373.9400  F: 305.373.9443
nelsonmullins.com

March 18, 2024

**VIA ECF**

The Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
500 Pearl Street, Room 2270
New York, New York 10007

      RE:   *Stein et al. v. Skatteforvaltningen*, No. 1:23-CV-2508-NRB (S.D.N.Y.)

Dear Judge Buchwald:

      We write on behalf of Counterclaim Defendant Luke McGee ("McGee") to request that the Court issue the Letter of Request (attached as Exh. A) pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"), 23 U.S.T. 2555, T.I.A.S. 7444, 28 U.S.C. § 1781, and Federal Rule of Civil Procedure ("Rule") 28(b). Through counsel, Plaintiffs-Counterclaim Defendants Matthew Stein and Jerome Lhote consent to the form and content of the proposed Letter of Request.

      Under the Hague Convention, this Court may issue a letter of request directed to a member state (here, Denmark) seeking foreign judicial assistance in civil matters "to obtain evidence, or to perform some other judicial act." Hague Convention, Ch. I, Art. 1; *see also* 28 U.S.C. § 1781. The letter of request is sent to the Central Authority of the member state that has been designated to receive such requests, which then sends the request to the appropriate court or officer to execute the request. Hague Convention, Art. 2. Application for a letter of request pursuant to the Hague Convention is an appropriate means for obtaining discovery from a non-party in a foreign country. *Elliott Assocs. v. Republic of Peru*, No. 96 CIV. 7916 (RWS), 1997 WL 436493, at *2 (S.D.N.Y. Aug. 1, 1997). Here, as explained below, McGee is seeking discovery from a foreign non-party

The Honorable Naomi Reice Buchwald
March 18, 2024
Page 2

located in Denmark, specifically, the Danish Public Prosecutor for Serious Economic and International Crime ("SØIK").[1]

The decision of whether to issue a letter of request is within the discretion of the court. *See Lovati v. Petroleos De Venezuela, S.A.*, No. 19CV4799ALCJLC, 2022 WL 1416646, at *1 (S.D.N.Y. May 5, 2022) (citing *Pearlstein v. Blackberry Ltd.*, 332 F.R.D. 117, 120 (S.D.N.Y. 2019)). "Courts routinely issue such letters where the movant makes a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence." *Id.* When the movant makes that showing, the burden shifts to the party opposing issuance of the letter of request to show that the discovery is improper. *Id.*

The evidence McGee seeks through the proposed Letter of Request is directly related to the issues of this case. This is contract action regarding a settlement agreement dated May 28, 2019 (the "Settlement Agreement") between, on the one hand, McGee, Stein and Lhote, and, on the other, Defendant Skatteforvaltningen ("SKAT"), which is the taxation authority of the Kingdom of Denmark.

A critical issue to be resolved in this case is whether SKAT breached its obligations under the Settlement Agreement by failing to provide written notification regarding the Settlement Agreement to the Danish criminal authorities, SØIK "promptly upon the execution" of the agreement. *See* ECF No. 52-1 at § 8(f).

More particularly, SKAT was required to provide a written notification to SØIK about the Settlement Agreement, its terms, and to represent to SØIK "in writing, that [the Settlement] Agreement reflects good-faith negotiation by the Covered Parties [including McGee and Plaintiffs], that the Covered Parties' cooperation may result in the recovery by [SKAT] of additional funds from third parties and that [the Settlement] Agreement is in the best interests of [SKAT]." *Id.*

The evidence McGee seeks from SØIK via the proposed Letter of Request goes directly to whether SKAT properly fulfilled its contractual obligations (McGee and Plaintiffs contend it did not) and, further, to demonstrate that SKAT's alleged failure to do so constitutes a material breach in direct conflict with the spirit and intent of the parties' Settlement Agreement. The evidence sought via the proposed Letter of Request is sufficiently tailored to obtain evidence on these issues that are central to the parties' dispute.

The documents sought via the Letter of Request consist, in general, of: (a) approximately 58 specific documents identified on Schedule A to the Letter of Request and that have been made available for use in the criminal case in Denmark; and (b) those identified in Document Request Nos. 1 to 3 in the Letter of Request.

---

[1] Since the May 2019 settlement agreement at issue in this case, SØIK has been renamed and is now known as National enhed for Særlig Kriminalitet ("NSK"). For purposes of simplicity, McGee refers to that entity as SØIK.

The Honorable Naomi Reice Buchwald
March 18, 2024
Page 3

**Documents Identified in Schedule A.** With respect to the specific documents identified on Schedule A, a considerable number of them consist of communications between SØIK and the United States Department of Justice and the Internal Revenue Service. Some of the best evidence of whether SKAT complied with Section 8(f) will be derived from what SØIK itself said (or did not say) about the Settlement Agreement, which will reflect SØIK's knowledge (or lack of knowledge) of the Settlement Agreement. For example, in November 2020—nearly eighteen months after the Settlement Agreement was executed—a SØIK wrote to the Department of Justice to seek assistance in freezing assets based on seizure orders that SØIK obtained in Denmark. In doing so, the official of SØIK wrote that SØIK "is aware that SKAT has reached a settlement with an unknown number of parties regarding the amount of DKK 2.900.000.000 (~ USD 462,000,000) related to 61 US pension plans," but that SØIK was "not in possession of the settlement and has no knowledge of any details in it, including who is involved, besides the amount and the number of pension plans." *See* STEIN_LHOTE 0001966 at 0001970 (attached as Exh. B).[2] If necessary, McGee is available to explain the bases for seeking the remainder of the 58 documents listed in Schedule A.

**Documents Sought by Request Nos. 1-3.** In addition to seeking specific communications of which McGee is aware, the Letter of Request seeks, in general, SKAT's communications with SØIK concerning the obligations of SKAT under the Settlement Agreement, the obligations of McGee, Stein, and Lhote's under the Settlement Agreement, and the negotiation of the Settlement Agreement, as well as SØIK documents (such as notes and summaries) regarding those topics.[3]

**McGee Seeks A Certification to Authenticate and Admit The Records.** The Letter of Request also seeks to have a representative of SØIK sufficiently knowledgeable certify the nature

---

[2] Later in the same string of e-mails and in early January 2021, SØIK confirms that it had sent a request to SKAT for various information about the Settlement Agreement. Had SKAT complied with Section 8(f), SØIK would have had that information already. *See* Exh. B at STEIN_LHOTE 0001966. SØIK's requests to SKAT beginning in January 2021 consist of extraordinarily basic questions about the Settlement Agreement, including asking SKAT to identify the parties to the Settlement Agreement and the nature of the payments made under it, all matters that SKAT was, under Section 8(f), required to have communicated with SØIK "*promptly* upon the execution of the [May 28, 2019, Settlement Agreement]." ECF No. 52-1 at § 8(f) (emphasis added).

[3] The proposed Letter of Request has attached to it a copy of the Settlement Agreement. The version of the Settlement Agreement attached to what is being filed on ECF and what would be publicly available were filed as part of ECF No. 47, the redacted versions of the Settlement Agreement and related letter agreement that were previously filed. We have provided to the Court in paper form what would be sent to the Central Authority of Denmark unredacted versions of the Settlement Agreement and the related letter agreement, which have been filed under seal as ECF No. 52-1 and 52-2. Similarly, Exhibit B to this Letter Motion, which has been designated "Confidential" under the protective order (ECF No. 86), is also being filed under seal and a paper copy is being provided to the Court as well.

The Honorable Naomi Reice Buchwald
March 18, 2024
Page 4

and authenticity of the records and materials: (1) produced by SØIK in response to the document requests in the Letter of Request; and (2) previously made available by SØIK to Plaintiffs Stein and Lhote from Case No. SØK-76141-00005-17 for use in this litigation. *See* Fed. R. Evid. 902(12), 902(11), 803(6).

In the event that SØIK is not willing to provide the requested Certification, the Letter of Request seeks oral testimony from a representative of SØIK to testify on the nature and authenticity of those materials for the same purposes that the Certification is sought. This aspect of the Letter of Request is solely for evidentiary purposes to ensure the authenticity and admissibility of that evidence at trial.

McGee, Stein, and Lhote are willing to forego this aspect of the Letter of Request to the extent: (1) SKAT stipulates that the records and materials satisfy Rules 902(12) and 803(6) or 803(8); and (2) the Court so orders any such stipulation.

\*   \*   \*

Based on the foregoing, McGee respectfully requests that the Court issue the proposed Letter of Request.

Counsel for McGee is available to discuss this request at the Court's convenience.

Very truly yours,

*/s/ Daniel S. Newman*
Daniel S. Newman

cc: Counsel of Record
Attachments (Exh. A-B).