

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: +1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Marc A. Weinstein
Partner
Direct Dial: +1 (212) 837-6460
Direct Fax: +1 (212) 299-6460
marc.weinstein@hugheshubbard.com

BY ECF

Honorable Naomi Reice Buchwald                    March 19, 2024
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Stein et al. v. Skatteforvaltningen*, No. 23-cv-02508 (NRB)

Dear Judge Buchwald:

      We write on behalf of defendant/counterclaim plaintiff Skatteforvaltningen ("SKAT") in opposition to counterclaim defendant Luke McGee's letter motion for issuance of a letter of request to the Danish judicial authorities seeking documents and testimony from the Danish prosecutor's office NSK, formerly known as SØIK, pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention").[1]

      The Court should deny McGee's motion because it (i) asks the Court to authorize a fishing expedition in Danish waters contrary to the Court's February 2024 decision limiting discovery of SKAT's communications with SØIK to those concerning section 8(f) of the settlement agreement; (ii) seeks information already in the possession of McGee (and Stein and Lhote) and either available for use in this proceeding (in which case there is no need to burden this Court or the Danish courts in an effort to obtain the same documents a second time) or unavailable for use in this proceeding (in which case there is no reason to believe a Danish court would order a criminal law enforcement authority to make it available); and (iii) comes far too late, more than six months after McGee first raised with the Court that he intended to seek foreign discovery in Denmark pursuant to the Hague Convention.

      <u>First</u>, this Court already held that much of the information McGee requests from SØIK is irrelevant when it denied McGee's (and Stein and Lhote's) motion to compel SKAT to produce, among other things, its communications with SØIK unrelated to the performance of its obligations under section 8(f) of the settlement agreement.  *See* ECF No. 88 at 5 ("SKAT's offer to produce documents related to Section 8(f) is entirely reasonable in light of the sole claim in plaintiffs' complaint.").  In determining whether to exercise its discretion to issue a letter rogatory, the Court "applies the" same "relevance standards of Rule 26 of the Federal Rules of

---

1.  *See* Ltr. Mot. for Discovery addressed to Judge Naomi Reice Buchwald from Daniel S. Newman, ECF No. 100.  For the sake of clarity, SKAT refers to NSK as SØIK in the remainder of its opposition.

Civil Procedure" that the Court previously applied in denying McGee's motion to compel SKAT. *Blagman v. Apple, Inc.*, No. 12 Civ. 5453 (ALC)(JCF), 2014 WL 1285496, at *4 (S.D.N.Y. Mar. 31, 2014). Thus, the Court "should not authorize the service of letters rogatory," where, as here, "it would not approve of the discovery requests in a purely domestic context." *Bisnews AFE (Thailand) Ltd. v. Aspen Rsch. Grp. Ltd.*, No. 11 Civ. 3108 (NRB), 2012 WL 4784632, at *3 (S.D.N.Y. Oct. 4, 2012).

McGee's proposed letter rogatory ignores the limitations on discovery imposed by the Court's February 2024 decision. For instance, McGee's first request in the proposed letter rogatory for all of SKAT's written communications with SØIK "concerning the Settlement Agreement," (ECF No. 100-1 at 12), seeks the same communications unrelated to section 8(f) that the Court already held were irrelevant. And the same is true with respect to request 1(a) for communications concerning "SKAT's obligations related to confidentiality under the Settlement Agreement." (*Id.*) Neither McGee, Stein, nor Lhote allege that SKAT violated its confidentiality obligations, and such communications have nothing to do with SKAT's compliance with its obligations under section 8(f), the only provision in the agreement McGee, Stein, and Lhote assert SKAT breached. *See* ECF No. 88 at 4 ("movants' reliance on the confidentiality . . . provisions of the Settlement Agreement is plainly misplaced").

McGee's second and third requests likewise seek discovery from SØIK of documents the Court has already held SKAT is not required to produce to the extent they are unrelated to the performance of its section 8(f) obligations. McGee's second request for documents "concerning the obligations of Matthew Stein, Jerome Lhote, or Luke McGee under the Settlement Agreement, including, but not limited to, the alleged performance or non-performance of such obligations," (ECF No. 100-1 at 13), seeks the same documents from SØIK that were the subject of McGee's motion to compel SKAT to respond to plaintiffs' document request number five. (ECF No. 73-2 (Request No. 5 to SKAT) ("All Communications between SKAT and SØIK concerning obligations of the . . . Covered Parties' Designees under the Settlement Agreement, including, but not limited to, the alleged performance or non-performance of such obligations.").) The Court denied that motion, so McGee attempts to end-run the Court's order denying this discovery as irrelevant by seeking the same documents from the Danish prosecutor's office. *See* ECF No. 88 at 5. The same is true for McGee's third request for communications "between SKAT and SØIK concerning the negotiation of the Settlement Agreement," (ECF No. 100-1 at 13), which seeks the same documents as to which the Court denied McGee's motion to compel production of documents responsive to plaintiffs' document request number seven. ECF No. 88 at 5 (denying motion to compel); ECF No. 73-2 (Request No. 7 to SKAT) ("All Communications between [SKAT] and SØIK concerning the negotiation of the Settlement Agreement . . . .").

Nor has McGee offered any explanation for what any of the 59 documents he seeks from SØIK in his fourth request or the approximately 900 that are listed in schedule 1 to the "business records" certification have to do with SKAT's compliance with its section 8(f) obligations.[2]

---

2. Additionally, the vast majority of the documents in these schedules have an "attachment date" post-dating June 2021, which suggests that the proposed letter of request is seeking documents that are dated after June 2021, the date that the Court has ruled was the end date for SKAT's production obligations. ECF No. 88 at 4 ("SKAT's offer to produce all relevant

That this is a fishing expedition is evidenced by the number of documents sought, as there is no reason to believe (and certainly none offered) that SØIK has close to 1,000 documents relevant to SKAT's communications (or alleged lack thereof) concerning section 8(f).  To the contrary, McGee identifies only one email as actually relevant—a communication from a SØIK prosecutor to the US Department of Justice seeking assistance freezing assets.  But whether that particular SØIK official was unaware of SKAT's section 8(f) communications to the SØIK prosecutor who signed McGee's (and Stein and Lhote's) indictment has no bearing on whether SKAT performed its section 8(f) obligation.  Further, McGee already has that communication and, in fact, produced it in this litigation.  There is thus no need to issue a letter of request to the Danish judicial authorities seeking a document that McGee already has.

Second, to the extent the letter of request seeks relevant information concerning SKAT's compliance with its section 8(f) obligations, McGee has failed to meet his "burden of demonstrating that proceeding" under the Hague Convention "is necessary and appropriate." *Skyline Steel, L.L.C. v. PilePro, L.L.C.*, No. 13-DV-8171, 2015 WL 13832108, at *1 (S.D.N.Y. Jan. 28, 2015) (internal quotation omitted).  In issuing letters of request, "courts should be mindful of the possible burden placed on [the] foreign judiciary." *Pearlstein v. BlackBerry Ltd.*, 332 F.R.D. 117, 120 (S.D.N.Y. 2019).  The Court should thus "carefully scrutinize applications of this type to attempt to minimize the burden placed on the foreign judiciary by virtue of such an application." *Metso Minerals Inc. v. Powerscreen Int'l Distrib. Ltd.*, No. CV 06-1446(ADS)(ETB), 2007 WL 1875560, at *1 (E.D.N.Y. June 25, 2007).  In "determining whether the procedures of the Hague Evidence Convention should be applied," courts consider, among other factors, "the ease and efficiency of alternative formats of discovery." *Id.* at *2 (internal quotation omitted).

McGee's proposed letter of request seeks information that he already possesses (either from SKAT's production of documents or through the criminal proceedings in Denmark) and is able to use in these proceedings, *see Skyline*, 2015 WL 13832108, at *2 (denying motion for issuance of letter of request where movant had "not made a showing that the information it seeks . . . could not be obtained through other, more efficient means"), or already possesses but is not able to use in these proceedings.  For the latter group, the Danish prosecutor must have put limitations on McGee's use of the documents when providing them in the criminal proceeding.  McGee offers no reason to believe that a Danish court will require SØIK to produce those same documents for use in a civil proceeding in the United States.  While we recognize that U.S. courts typically let the foreign court determine whether to order such production, there is no reason to delay these proceedings by months to learn the inevitable.

Third, the Court should deny McGee's motion because he waited more than six months to file it after first notifying the Court that he (and Stein and Lhote) intended to seek foreign discovery pursuant to the Hague Convention in the parties' August 29, 2023 joint discovery plan and until less than two months before the May 1, 2024 close of fact discovery.  (ECF Nos. 62, 98.)  While McGee filed his motion by the parties' stipulated deadline for moving for issuance of letters rogatory, as extended by the Court, McGee "offer[s] no reason for why [he] waited until" the last minute "to seek discovery under a procedure that the Supreme Court has noted is often

---

documents from between March 2019 to June 2021 is reasonable given that this time period meaningfully encompasses the sole claim of breach alleged in plaintiffs' complaint.").

unduly time consuming and expensive." *Skyline*, 2015 WL 13832108, at *2 (internal quotation omitted).  While McGee is likely to claim that he waited until SKAT's production of documents in this case before filing this motion, it is obvious that McGee has had the documents he now seeks, again, from SØIK for quite some time, and that many of them are documents SKAT could not have produced because, as he knew, SKAT was not on them.

The only reasonable inference is that McGee's choice to delay submission of this motion beyond the last minute was intended to derail the Court's timetable for resolution of this case. The Court should not delay these proceedings while the parties wait to confirm that the Danish courts are unlikely to require SØIK to open its criminal file for use by a criminal defendant in a foreign civil proceeding.  *See Pearlstein v. BlackBerry Ltd.*, 332 F.R.D. 117, 120 (S.D.N.Y. 2017) ("Foreign courts receiving letters rogatory may have different rules and standards that govern if and how letters rogatory are executed.").

McGee states that part or all of his request might not be necessary if SKAT would simply agree that the more than 900 documents identified in his request number 4 and schedule 1 to his proposed business records certification are authentic and admissible under various rules of evidence.  This request was made for the first time through this motion.  And much like McGee has provided no information about these documents to the Court, he also has not produced them to SKAT in this litigation.  Unless and until McGee produces these documents, SKAT is in no position to determine whether an agreement can be reached.

Finally, should the Court, in its discretion, issue McGee's proposed letter of request, SKAT requests that the Court require McGee to include a more even-handed description of the case.  *See Pearlstein*, 332 F.R.D. at 122 (editing proposed letter of request to address "Defendant's concerns and the Court's interest in ensuring the request is neutral as to the merits of the case").  SKAT's proposed edits to the relevant section of the letter of request are enclosed herewith as Exhibit 1.

* * *

For the reasons set forth above, SKAT respectfully requests that the Court deny McGee's motion for issuance of a letter of request seeking evidence from SØIK in Denmark.  Should the Court, in its discretion, issue McGee's proposed letter of request, SKAT respectfully requests that the Court adopt SKAT's proposed edits to the description of the action in the letter of request.

Respectfully submitted,


/s/ Marc A. Weinstein
Marc A. Weinstein


Enclosure

cc: all counsel of record (via ECF)