# Exhibit 1

7.
    a. **Nature of the proceedings**

Because the Court has not engaged in any independent fact-finding, the summaries set forth below are derived from the submissions of the parties:

This is a breach of contract action regarding a May 2019 settlement agreement (the "Settlement Agreement") between, on the one hand, Plaintiff Matthew Stein, Plaintiff Jerome Lhote, and Nominal Defendant/ Counterclaim Defendant Luke McGee, and, on the other, Defendant / Counterclaim Plaintiff Skatteforvaltningen ("SKAT"), the taxation authority of Denmark. Plaintiffs~~The action~~ seek~~s~~, among other relief, rescission of the Settlement Agreement to which Stein, Lhote, and McGee are parties and that SKAT is alleged to have breached. SKAT has ~~also~~ asserted counterclaims for breach of the Settlement Agreement against Stein, Lhote, and McGee, in which it seeks as a primary remedy entry of an affidavit of confession of judgment that Stein, Lhote, and McGee executed pursuant to the terms of the Settlement Agreement.

    b. **Summary of the First Amended Complaint**

Plaintiffs Stein and Lhote filed this action asserting claims for breach of contract and declaratory relief related to the Settlement Agreement. The Settlement Agreement resolved a dispute over the payment of certain tax refunds by the Danish taxation authority. Plaintiffs allege that ~~T~~the obligations of the agreement consisted of two phases.

Plaintiffs alleged that as part of~~In~~ the first phase of obligations, Stein, Lhote, and McGee paid SKAT more than $140 million and, as a result, SKAT recouped a substantial portion of the tax refunds that it had paid out to various pension plans in the United States. In exchange for these payments, SKAT released any and all claims that it might have against Stein, Lhote, and McGee

and various other persons and entities. The parties' performance of their obligations under the first phase of the Settlement Agreement is not disputed.

Plaintiffs allege that Aas part of the second phase of obligations, and promptly upon execution of the Settlement Agreement, SKAT was required to communicate in writing to SØIK regarding: (a) how the settlement agreement was the result of Stein, Lhote, and McGee's good faith negotiation with the Danish taxation authority; (b) how substantial funds had been repaid to the Danish taxation authority; and (c) how, because Stein, Lhote, and McGee were required to continue to cooperate with SKAT in the second phase of the Settlement Agreement, SKAT might recoup even further funds.

Plaintiffs also allege that as part of the second phase of obligations, SKAT was also required to use its best efforts to maintain the confidentiality of the Settlement Agreement consistent with its terms. These obligations -- a prompt, written communication to the Danish criminal prosecutors and of confidentiality -- were virtually the only forms of consideration provided by SKAT in what Plaintiffs allege is the second phase of the settlement agreement. During the alleged second phase, Stein, Lhote, and McGee paid SKAT more than approximately DKK 57.7 million, or the approximate U.S. dollar equivalent of $8.66 million, and produced more than 90,000 documents to assist SKAT in its efforts to recoup dividend tax refunds that SKAT had paid out.

Plaintiffs allege that tThe requirement for SKAT to promptly provide a writing to SØIK was a material and, indeed, crucial element of Settlement Agreement. Obtaining such a communication, an official express of SKAT's position about the Settlement Agreement, was allegedly one of the principal purposes and motivations of Stein, Lhote, and McGee's entering into the settlement with SKAT.

In the First Amended Complaint, Plaintiffs Stein and Lhote assert that SKAT breached the Settlement Agreement by, among other things, failing to meet its obligations to communicate with SØIK regarding the Settlement Agreement and pursuant to its terms.

Among other remedies, the Complaint seeks: (a) to have Stein, Lhote, McGee, and SKAT restored to the position in which they were as of the completion of the parties' performance under the first phase of the Settlement Agreement; and (b) rescission of, and discharge from, the unperformed obligations of the second phase of the Settlement Agreement. Additionally, the Complaint seeks a declaration that the 2021 affidavit of confession of judgment related to the Settlement Agreement is invalid as to Stein, Lhote, and McGee.

   c. **Summary of the Defense and Counterclaim**

SKAT ~~had~~ denie~~s~~d the claims asserted in the Complaint, including that it breached the Settlement Agreement and that the parties' obligations under the Settlement Agreement were divided into two phases. ~~and also asserts that even it failed its contractual obligations to promptly provide the required writing and information to SØIK per the terms of the Settlement Agreement, such breach was immaterial to the parties' agreement or otherwise did not tend to defeat the object of the parties in entering the Settlement Agreement.~~

SKAT ~~also~~ asserts breach of contract counterclaims against Stein, Lhote, and McGee, in which it alleges that Stein, Lhote, and McGee breached the Settlement Agreement by failing to pay approximately DKK 647 million of the agreed settlement amount and approximately DKK 104 million in interest due on the unpaid settlement amount by the Settlement Agreement's May 28, 2023 final payment deadline. SKAT also alleges that as a result of their breach, Stein, Lhote, and McGee owe SKAT approximately DKK 386 million in additional default interest under the Settlement Agreement.~~SKAT admits that Stein, Lhote, and McGee paid the preliminary settlement amount due under the Settlement Agreement. However, SKAT asserts that Stein, Lhote, and~~

~~McGee failed to pay by May 28, 2023, certain alleged remaining amounts SKAT claims are still owed under the Settlement Agreement.~~ B<ins>y its counterclaims</ins>~~ased on these allegations~~, SKAT seeks either (a) entry ~~of a confession~~ of judgment <ins>based</ins>~~utilizing~~ on ~~the~~ affidavits <ins>of confession of judgment that Stein, Lhote, and McGee executed pursuant to</ins> ~~signed by Stein, Lhote, and McGee in 2021 related~~ to the Settlement Agreement; or, in the alternative, (b) breach of contract damages for the ~~alleged~~ amounts SKAT claims are owed.

### d. Other necessary information and documents

While McGee has not brought an affirmative claim against SKAT, he does assert defenses to SKAT's claims that are similar to Plaintiffs Stein and Lhote's affirmative claims against SKAT. His defenses include that, because SKAT breached its obligations under the Settlement Agreement to promptly provide a writing to SØIK regarding the Settlement Agreement as required, SKAT cannot recover amounts that SKAT alleges were not paid under the Settlement Agreement.