

**Daniel Newman**
Partner
Direct Line: 305-373-9467
Direct Facsimile: 305-995-6437
Daniel.Newman@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AND COUNSELORS AT LAW

One Biscayne Tower
2 South Biscayne Blvd.  |  21st Floor
Miami, FL 33131
T: 305.373.9400  F: 305.373.9443
nelsonmullins.com

March 20, 2024

**VIA ECF**

Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

RE:    *Stein et al. v. Skatteforvaltningen*, No. 23-cv-02508 (NRB)

Dear Judge Buchwald:

We write on behalf of Luke McGee ("McGee") in further support of his letter-motion for issuance of a Letter of Request pursuant to the Hague Convention, dated March 18, 2024 (ECF No. 100) and in reply to the responsive letter of SKAT, dated March 19, 2024 (ECF No. 101).

For the reasons set forth below, the Court should overrule SKAT's objections to the proposed Letter of Request and issue it with minor changes identified below.

**SKAT Fundamentally Misunderstands McGee's Request.**  The proposed Letter of Request seeks the production of two narrow categories of documents: (1) documents responsive to Request Nos. 1 to 3; and (2) 58 specifically identified documents in Schedule A to the Letter of Request sought via Request No. 4.  *See* Letter of Request § 8(a); *id.*, Exh. 1 (setting out four document requests and Schedule A).  SKAT suggests that the Letter of Request seeks "close to 1,000 documents" that "McGee already has."  SKAT Ltr. at 2-3.  This is simply false.

SKAT's confusion seems to stem from its misunderstanding about what documents the Letter of Request seeks to have SØIK *authenticate*.  The Letter of Request is clear that it seeks to have SØIK authenticate: (1) documents that SØIK produces in response to the Letter of Request; and (2) documents previously made available by SØIK and that have already been provided by SØIK.  Letter of Request § 10.

**McGee's Requests Are Within the Substantive Parameters Set By the Court.**  The Court has ruled on the scope of discovery to taken from SKAT. ECF No. 88.  McGee's requests fall squarely within those parameters.

SKAT is incorrect that the Letter of Request seeks the same communications that the Court has already held are irrelevant.  Simply comparing Request Nos. 1 through 3 to the Court's prior ruling (ECF No. 88), and even to what SKAT itself agreed to produce, confirms that Request Nos.

The Honorable Naomi Reice Buchwald
March 20, 2024
Page 2

1 through 3 are within what the Court held was the proper scope of discovery. *Compare, e.g.,* Request No. 1 *with* ECF No. 88 at 5.

SKAT claims that Request Nos. 2 and 3 of the proposed Letter of Requests are an attempted end-run around the Court's discovery order (ECF No. 88), where similar document requests directed to SKAT were in contention. But Request Nos. 2 and 3 are consistent with that order. The Court found SKAT's suggestion "to produce documents related to Section 8(f) is entirely reasonable," and confirmed that whether documents were "related to" Section 8(f) should be based on the definition of "concerning" in this Court's local rules. ECF No. 88 at 5. Communications between SKAT and SØIK regarding McGee, Stein, and Lhote's compliance with the Settlement Agreement and the negotiation of the Settlement Agreement fall squarely within that framework. As the Court stated in its order, "the [Settlement] Agreement makes clear that SKAT may respond truthfully to any inquiries made as part of an investigation by SØIK." *Id.* at 3. Such communications would be "related to Section 8(f)" if, for example, they improperly characterized McGee, Stein, or Lhote's negotiations as lacking good faith—which would be in direct conflict with SKAT's obligations under Section 8(f). In other words, as Section 8(f) required SKAT to communicate with SØIK that the Settlement Agreement "reflects good-faith negotiation by the" parties, what SKAT and SØIK said on the subject of the negotiation of the Settlement Agreement is "related to Section 8(f)."

To the extent the Court views Request Nos. 1 to 3 differently, McGee can provide a revised version of the proposed Letter of Request to confirm it seeks documents concerning and related to Section 8(f)—that is, written communications concerning the terms of the Settlement Agreement, negotiation by the parties to the Settlement Agreement, cooperation by the parties to the Settlement Agreement in the recovery of additional funds, and the interests of SKAT in connection with the Settlement Agreement. McGee is in no way seeking to circumvent the Court's prior order.

**Statements by SØIK Concerning Its Lack of Knowledge of the Settlement Agreement Are Relevant.** SKAT also suggests that communications with SØIK representatives that reflect SØIK had no knowledge of the Settlement Agreement are irrelevant. That contention is disingenuous. For example, SKAT cannot reasonably contest that the admission by a SØIK representative that they have "no knowledge of any details" of the Settlement Agreement, "including who is involved" does not bear on whether SKAT informed SØIK in writing of the Settlement Agreement per the express obligations of Section 8(f). *See* Exh. B at 0001970. This is even more true when scrutinizing what SKAT calls its "section 8(f) communications to the SØIK prosecutor who signed [the] indictments," which SKAT does not attach to its letter. These communications plainly fail SKAT's obligations under Section 8(f). There are many reasons for this, but the most important is that these communications simply did not bring the Settlement Agreement and its terms to SØIK's attention or make any of the other required representations. *See* attached Exh. C (STEIN_LHOTE0001199-1202, providing in the original Danish and with the English translation).[1] The very purpose of discovery in this case is to determine whether SKAT

---

[1] The attached Exhibits C and D have been designated "Confidential" under the protective order (ECF No. 86), and are therefore being filed under seal with a copy being provided to the Court via e-mail.

The Honorable Naomi Reice Buchwald
March 20, 2024
Page 3

met or breached its obligations. SKAT should not be permitted to deny McGee information that speaks directly to that issue, particularly where SKAT has not produced documents showing that it met its Section 8(f) obligations. What SØIK said about the Settlement Agreement—including whether it even had a copy—is crucial evidence for McGee to obtain and he is entitled to that information. In short, the information is relevant and discoverable.

**The Time Period of the Documents Requested.**  As for the time period of the documents sought, Request Nos. 1 to 3 are expressly limited to the time period that the Court approved: March 2019 to June 2021.

The sole exception to this are approximately fifteen specific documents listed in Schedule A to the Letter of Request sought via Request No. 4.  Of those, four are misdated and were documents created before June 2021 or concern SØIK's interrogations of Stein, Lhote, or McGee, all of which occurred between January and March 2021. *See* Letter of Request, Sch. A (documents 36-1-0-5-24; 36-2-0-115-140; 36-2-0-141-249; 36-2-0-250-253).

As for the handful that fall outside of this time period, SKAT's position is both extreme and hypocritical.  SKAT strenuously argued that only documents from March 2019 to June 2021 should be produced.  But when it came time to produce documents, SKAT chose to produce a single letter from SKAT to SØIK from April 2023 (attached here in the original Danish and in translated form as Exhibit D, SKAT_MAPLEPOINT_00000929-930).  Notably, SKAT sent that letter to SØIK came after Stein and Lhote filed this action asserting that SKAT failed to comply with Section 8(f).  In the letter, SKAT seems to recognize that its compliance with Section 8(f) is questionable at best and that it is only doing so in April 2023.

That is, when it served its interests, SKAT was perfectly willing to produce post-June 2021 documents, and when doing so, selected only one such communication with SØIK that it seems to believe helps it in this action.  At the same time, it is withholding other post-June 2021 communications.  SKAT's double-standard on the discoverable time period—i.e, insisting that McGee, Stein, and Lhote should be denied post-June 2021 materials, but ignoring that limitation when it suits SKAT—simply cannot be supported, and McGee submits such conduct provides a more than sufficient reason to permit McGee to seek merely 11 communications that post-date June 2021.[2]

**The Timing of McGee's Request is Reasonable.**  SKAT's assertion that McGee's Request was unreasonably delayed is unsubstantiated and misplaced.  As an initial matter, the timing comes within the case deadlines. The parties initially agreed that the last day to seek requests under the Hague Convention would be March 13, 2024.  The Court then extended that deadline to March 18, 2024.  *See* ECF No. 97.  McGee complied with that schedule, which is alone sufficient to reject SKAT's "untimeliness" assertion.

---

[2] McGee, Stein, and Lhote expect to meet and confer with SKAT about whether there remains a good faith basis for SKAT's failure to produce its post-June 2021 communications with SØIK and, if necessary, raise this discovery dispute with the Court in the ordinary course.

The Honorable Naomi Reice Buchwald
March 20, 2024
Page 4

  Beyond that, SKAT fails to explain how or why McGee should have acted earlier. McGee acted reasonably and diligently in submitting its proposed Letter of Request. For example, SØIK did not provide access to the documents McGee seeks to have authenticated through Exhibit 2 to the Letter of Request until recently. None of those materials were provided to McGee until January 2024, with more provided in February and more again earlier this month. SKAT's document productions occurred in late January 2024—the vast majority of which are in Danish—followed by document productions on February 14 and March 1 which consisted of translated versions of previously produced documents. McGee acted reasonably and diligently in formulating the proposed Letter of Request after receipt and review of those materials. SKAT's suggestion that McGee should have done so without the benefit of obtaining and reviewing documents from SKAT and SØIK makes no sense. If anything, it would have been unreasonable to propose requests under the Hague Convention without first obtaining and reviewing SKAT and SØIK's productions from January to March, which could have rendered Hague Convention requests unnecessary or more limited. But they did not.

  McGee met the Court ordered deadlines for submitting proposed requests under the Hague Convention relief and the timing of that submission was reasonable. SKAT's assertion as to timeliness should be rejected.

  **SKAT's Proposed Changes to the Letter of Request.** SKAT seeks changes to the description of the case set out in the proposed Letter of Request. *See* SKAT Ltr. at 4 & Exh. 1. McGee has no objection to those proposed changes and consents to them, and can represent that Stein and Lhote also agree.

  If the Court orders issuance of the Letter of Request, McGee will submit for the Court's signature a revised version of the Letter of Request that incorporates SKAT's proposed changes.

*  *  *

  Based on the foregoing, McGee respectfully requests that the Court issue the revised Letter of Request that will be filed in short order.

              Very truly yours,

              ***/s/ Daniel S. Newman***
              Daniel S. Newman

cc: Counsel of Record
Attachments (Exhs. C–D)