# McKool Smith

Daniel W. Levy
Direct Dial: (212) 402-9412
E-mail: dlevy@mckoolsmith.com

1301 Avenue of the Americas
32nd Floor
New York, New York 10019

Telephone: (212) 402-9400
Facsimile: (212) 402-9444

April 8, 2024

By ECF
The Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
500 Pearl Street, Room 2270
New York, New York  10007

    Re:    <u>Stein and Lhote v. Skatteforvaltningen</u>
            23 Civ. 2508 (NRB)

Dear Judge Buchwald:

    We write on behalf of Plaintiffs-Counterclaim Defendants Matthew Stein and Jerome Lhote.

    This letter responds to the Court's inquiries made via Letter, dated April 1, 2024 (ECF No. 106).  It also addresses the preliminary matters stated in the Court's Letter.

    **Filing of the Amended Complaint.**  The Court's first inquiry concerns the filing of the Amended Complaint and whether leave of court was required.

    The Amended Complaint was properly filed without leave because, pursuant to Rule 15(a)(2) because, a party may amend its pleading "with the opposing party's written consent."  Written consent makes leave of court unnecessary under Rule 15(a)(2).

    Stein and Lhote obtained via stipulation all parties' written consent to file an amended pleading.  ECF No. 91.  Specifically, the parties agreed, by stipulation, that "[a]ny amendment of the pleadings shall be made by March 4, 2024.  *Id.* at ¶ 2; *see also* ECF No. 98.  A stipulation of this sort safely qualifies as written consent to file an amended pleading.  *See, e.g., Adams v. Tops Markets, LLC*, 2023 WL 4828029, at *1 (W.D.N.Y. July 7, 2023) (amended complaint filed pursuant to stipulation was proper under Rule 15(a)(2); later amendments to which opposing

The Honorable Naomi Reice Buchwald
April 8, 2024
Page 2

party had not stipulated were not proper); *Magna Powertrain de Mexico S.A. de C.V. v. Momentive Performance Materials USA LLC*, 2018 WL 1470577, at *5 n.2 (N.D.N.Y. Mar. 23, 2018) (filing of stipulation consenting to filing of amended complaint by itself permitted amended complaint).

Stein and Lhote's pleading was properly filed under Rule 15 and, indeed, no party has suggested to the contrary or that it has been prejudiced by Stein and Lhote's compliance with the stipulations of the parties.

The relevant events confirming that conclusion are as follows:

After the conference before the Court in early November, the parties continued their discussions concerning a schedule for the litigation. In doing so, Stein, Lhote, and McGee were proposing that their answer be part of the same pleading by which amendments to their original pleading by made and parties be added. The parties' discussions also envisioned that the last day to add parties and amend pleadings be 30 days after resolution of the motion to dismiss.

Following the Court's Memorandum and Order, dated February 1, 2024, denying Stein, Lhote, and McGee's motion to dismiss as premature, Stein, Lhote, and McGee had until February 15 to answer SKAT's First Amended Answer, Affirmative Defenses, and Counterclaims (ECF No. 48), pursuant to Rule 12(a)(4).

After receiving the Court's order denying the motion to dismiss, the parties worked on drafting a comprehensive schedule and came to agree on various dates. The parties eventually filed two separate stipulations regarding scheduling. The first, filed on February 15, provided that the last day to answer would be extended to March 4. The Court so ordered the stipulation on February 16. ECF Nos. 89, 90. The second, filed on February 16, provided a comprehensive schedule for various remaining tasks. That stipulation, ECF No. 91, provided that "[a]ny amendment of the pleadings shall be made by March 4, 2024." The date was selected to coincide with the already extended date to answer, so that one comprehensive pleading could be filed. On March 14, the Court "so ordered" the second stipulation *nunc pro tunc* to February 16. ECF No. 98.

The parties filed two stipulations instead of one because they had not completed their discussions about the schedule set out in the second stipulation by February 15. In order to have at least the stipulation extending Stein, Lhote, and McGee's time to answer on file by the applicable February 15 deadline, they proceeded to split the scheduling into two stipulations and arrange for the first one to be on file immediately. The stipulations together embody the parties' intent.

The Honorable Naomi Reice Buchwald
April 8, 2024
Page 3

**The Manner of Filing the First Amended Complaint and Answer to First Amended Counterclaim.** The Court's Letter also referred to the manner in which Stein and Lhote's pleading was filed on ECF. ECF No. 106 at 1.

Stein and Lhote filed the First Amended Complaint and Answer to First Amended Counterclaim on March 4, the last date to do so pursuant to the parties' stipulation. ECF Nos. 91, 98.

When they did so, they filed it using the ECF event "Amended Complaint" and further ensured that it was described appropriately and so that the nature of the pleading was clear:

> FIRST AMENDED COMPLAINT amending [11] Complaint, [48] Amended Answer to Complaints, Counterclaim against Matthew Stein, Jerome Lhote.

*See* ECF No. 92. The next day, March 5, the Clerk's Office directed counsel to refile the document that had been filed the day before. On March 6, counsel refiled the document and ensured that it was described on ECF as appropriately as the prior filing and so that the nature of the pleading was clear:

> ANSWER to [48] Counterclaim., COUNTERCLAIM against Luke McGee, Skatteforvaltningen

ECF No. 94.[1]

Your Honor notes that the title of the document did not appear on the front page. While it is typical that the title of a pleading be on the first page, there is no impropriety under Rule 10(a) or otherwise with its being on the top of the next page. In counsel's experience, it is frequent that the title of a document be on the top of the second page in matters where the caption is large and takes up substantially the entirety of the first page, as in this case. Counsel, of course, did not intend any offense and did not intend to generate any confusion by placing the title at the top of the second page and not on the first page. Counsel apologizes is he did so. Counsel will follow the Court's direction for all future filings.

---

[1] The direction of the Clerk's Office to refile the document did not affect the timeliness of the initial filing. Under Rule 5(d)(4), "[t]he clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice." Fed. R. Civ. P. 5(d)(4); *see, e.g., Rodriguez v. City of New York*, 2011 WL 4344057, at *3 (S.D.N.Y. Sept. 7, 2011).

The Honorable Naomi Reice Buchwald
April 8, 2024
Page 4

**McGee Is Properly Named as a Nominal Defendant.**  The Court's second inquiry concerns the naming of McGee as a nominal defendant.

After SKAT filed its initial Answer, Counterclaims, and Third-Party Complaint, ECF No. 21, the parties submitted various letters concerning Stein and Lhote's contemplated motion to dismiss.  ECF Nos. 37, 40.  In its letter, SKAT asserted that "Stein and Lhote's rescission claims are subject to dismissal if McGee is not joined as a party" and that, unless the parties stipulate to McGee's joinder, SKAT intends to file an amended pleading joining McGee as a counterclaim defendant in accordance with Federal Rule of Civil Procedure 13(h)."  ECF No. 40 at 3.  In its letter, SKAT conceded that it had mis-designated McGee as a third-party defendant and should have joined him as a counterclaim defendant.  *Id.*

Thereafter, SKAT amended its Answer, Counterclaims, and Third-Party Complaint and properly designated McGee.  ECF No. 48.  In that pleading, however, SKAT asserted as an affirmative defense that "Plaintiffs have failed to join all necessary parties."  *See* ECF No. 48 at ¶ 119.  It was unclear why SKAT continued to assert this defense in light of its having already made McGee a party to the case pursuant to Rule 13(h), the solution that it suggested in its pre-motion conference letter.

Stein and Lhote performed extensive research to determine how to proceed in light of SKAT's letter, in which it suggested that McGee's presence as a party to the case was sufficient for the Court to be able to order rescission and its pleading, in which it continued to assert a failure to join all necessary parties.

In doing so, counsel was unable to find a case that dealt with a situation where a party against whom rescission was sought (McGee) was a party *to the action*, but *not* named as a defendant in the count by which rescission was sought. In doing so, counsel also took note of this Court's decision in *Fed. Ins. Co. v. SafeNet, Inc.*, 758 F. Supp. 2d 251, 259 (S.D.N.Y. 2010) ("This Court can afford complete relief among the existing parties.  In its complaint, plaintiff seeks rescission of and declarations regarding the Excess Policies.  The only parties to the Excess Policies are SafeNet and plaintiff, both parties to this action."); *see also Bank of America Corp. v. Lemgruber*, 385 F. Supp. 2d 200, 232-33 (S.D.N.Y. 2005).  Counsel read *SafeNet* and *Lemgruber* as suggesting that making McGee party to the claim for rescission was not necessary if the party was otherwise before the Court such that the Court could provide complete relief.

The Honorable Naomi Reice Buchwald
April 8, 2024
Page 5

      However, in an abundance of caution and in light of SKAT's affirmative defense and not having found applicable Second Circuit precedent on this question, Stein and Lhote joined McGee as a nominal defendant in order to make both SKAT and McGee named defendants to the count by which Stein and Lhote seek rescission.  ECF No. 92 at ¶¶ 1, 17.

      Stein and Lhote submit that this was appropriate and that naming McGee as a nominal defendant was appropriate under the circumstances.  *See Rubenstein v. Cosmos Holdings, Inc.*, 2020 WL 3893347, at *1 (S.D.N.Y. July 10, 2020) (naming a nominal defendant "solely to have all necessary parties before th[e] Court"); *Connell v. Johnson*, 2020 WL 2748439, at *1 (S.D.N.Y. May 27, 2020) ("Plaintiff . . . brings this action 'in the right and for the benefit of [defendant], which is named as a defendant solely to bring all necessary parties before the Court.'").

      Neither SKAT nor McGee has suggested to the contrary and neither is prejudiced by the filing of Stein and Lhote's amended pleading.

*   *   *

      Counsel is available at the Court's convenience to clarify any aspect of the answers to the Court's inquiries.

      Respectfully submitted,

      /s/

      Daniel W. Levy

cc:    All Counsel (by ECF)