

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: +1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Marc A. Weinstein
Partner
Direct Dial: +1 (212) 837-6460
Direct Fax: +1 (212) 299-6460
marc.weinstein@hugheshubbard.com

<u>BY ECF</u>

Honorable Naomi Reice Buchwald  April 8, 2024
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    <u>*Stein et al. v. Skatteforvaltningen*, No. 23-cv-02508 (NRB)</u>

Dear Judge Buchwald:

    We write on behalf of defendant/counterclaim plaintiff Skatteforvaltningen ("SKAT") in response to plaintiffs/counterclaim defendants Matthew Stein and Jerome Lhote's April 7, 2024 letter (ECF No. 109) responding to the Court's April 1, 2024 letter (ECF No. 106).

    Contrary to plaintiffs' counsel's assertion, SKAT did not consent, in writing or otherwise, to the amended complaint plaintiffs filed on March 4, 2024 (ECF No. 94), and as such, under Federal Rule of Civil Procedure 15(a)(2), plaintiffs were required to obtain the Court's leave to amend their pleading.

    Under Federal Rule of Civil Procedure 16(b)(3)(A), the scheduling order that the Court is required to enter in this action "must limit the time to . . . amend the pleadings." As such, the proposed stipulated scheduling order the parties submitted, and the Court entered, included a March 4, 2024 deadline for "[a]ny amendment of the pleadings." (ECF No. 98.) By stipulating to this deadline, SKAT did not, as plaintiffs argue, give written consent to whatever amendments plaintiffs might wish to make sight unseen. *See Pacific Marine Center, Inc. v. Silva*, No. 1:09 cv 1409 LJO-GSA (E.D. Cal. July 30, 2010) ("The Court is not persuaded by Plaintiffs' arguments that Defendants gave their implied consent [to the amended pleading] by signing a stipulation to change the scheduling order . . . ."). And "nothing in" the Court's stipulated scheduling order "reliev[ed]" plaintiffs "of their obligations under Rule 15." *Id.*

    The cases on which plaintiffs rely are not to the contrary, as in each the opposing party stipulated to the filing of an amended pleading, not a scheduling order setting a deadline for such amendments. *See Adams v. Tops Mkts., LLC*, No. 21-CV-753 (JLS)(HKS), 2023 WL 4828029, at *1 (W.D.N.Y. July 7, 2023) (Plaintiff "filed her first amended complaint with Defendant's written consent, pursuant to a stipulation."); *Magna Powertrain de Mexico S.A. v. Momentive Performance Materials USA LLC*, No. 1:16-CV-0718 (GTS/CFH), 2018 WL 1470577, at 5 n.2 (N.D.N.Y. Mar. 23, 2018) (parties filed stipulation "consenting to the filing of the Amended Complaint").

Respectfully submitted,

/s/ Marc A. Weinstein
Marc A. Weinstein

cc: all counsel of record (via ECF)