# MᴄKᴏᴏʟ Sᴍɪᴛʜ

Daniel W. Levy
Direct Dial: (212) 402-9412
dlevy@mckoolsmith.com

1301 Avenue of the Americas
32nd Floor
New York, NY 10019

Telephone: (212) 402-9400
Facsimile: (212) 402-9444

April 11, 2024

By ECF

The Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
500 Pearl Street, Room 2270
New York, New York  10007

> RE:   Stein and Lhote v. Skatteforvaltningen
>          23 Civ. 2508 (NRB)

Dear Judge Buchwald:

We write on behalf of Matthew Stein and Jerome Lhote.

By letter, ECF No. 111, Stein and Lhote had previously requested until today, April 11, 2024, to file a letter in reply to SKAT's letter, ECF No. 110.

We recognize that the Court has not yet acted on Stein and Lhote's application.  In an abundance of caution, we file this letter within the period originally requested by Stein and Lhote, so that, if the Court grants Stein and Lhote's application, permits the filing of this letter, and agrees to consider it, it will have been filed within the time period requested by Stein and Lhote themselves.

We hope that the Court appreciates the good faith reasons for the filing of this letter prior to the Court's acting on Stein and Lhote's application and while it remains pending.

**SKAT Consented to Plaintiffs Filing An Amended Complaint.**  SKAT asserts that, as a matter of fact, it did not consent to the filing of an amended complaint.  ECF No. 110 at 1.  The history of the parties' discussions demonstrates that, indeed, it did.

After the conference before the Court in early November, the parties continued their discussions concerning a schedule for the litigation.  Those discussions had begun before the conference on November 2, 2023.  Over the course of the discussions, Stein, Lhote, and McGee repeatedly sought to have SKAT agree that the last date to amend pleadings and to file their answer to SKAT's counterclaims would be 30 days after the Court's decision on Stein, Lhote, and McGee's motion to dismiss.  When SKAT suggested during these discussions that Stein, Lhote, and McGee might not need to amend their pleadings, Stein, Lhote, and McGee indicated that SKAT had failed to take into account that "Matt, Jerome, and Luke may need to answer SKAT's counterclaims" and, "[a]s a result, it is far more efficient to have any answer be part of

McKool Smith
A Professional Corporation • Attorneys
Austin  |  Dallas  |  Houston  |  Los Angeles  |  Marshall  |  New York  |  Washington

The Honorable Naomi Reice Buchwald
April 11, 2024
Page 2

the same pleading by which pleadings are amended and parties added."  Thereafter, all parties continued to propose that Stein, Lhote, and McGee would have 30 days after the decision on the motion to dismiss to file amended pleadings.  *See, e.g.*, E-mails, dated Nov. 27, Dec. 4, and Dec. 15, 2023 (attached as Exh. A).

Those discussions continued into January and the same terms were repeatedly incorporated into the parties' scheduling proposals.  *See, e.g.*, E-mail, dated Jan. 21, 2024 (Stein and Lhote's noting that "[w]e had also discussed setting a date for amended pleadings (decision on MTD + 30).  It seems to have gotten omitted."); E-mail, dated Jan. 29, 2024 (SKAT's proposing that "Amendment to Pleadings" be "30 days after a ruling by the court on the Motions to Dismiss") (attached as Exh. B).

Following the Court's Memorandum and Order, dated February 1, 2024, Stein, Lhote, and McGee had until February 15 to answer SKAT's First Amended Answer, Affirmative Defenses, and Counterclaims (ECF No. 48), pursuant to Rule 12(a)(4).  On February 13, 2024, counsel indicated to SKAT that its scheduling proposal of January 29, 2024, was "generally fine," but sought to have SKAT "agree the Answer and any amended pleadings would be due the same day -- March 4."  *See* E-mail, dated Feb. 13, 2024 (attached as Exh. B).  The next day, February 14, 2024, SKAT indicated that it was "fine" with this and one other modification to the proposed schedule.  *See* E-mail, dated Feb. 14, 2024, 4:20 p.m. (attached as Exh. B).

Thereafter, and as set forth more fully in Stein and Lhote's prior letter, ECF No. 109 at 2, the parties filed two stipulations: (1) extending the time to answer to March 4; and (2) a more comprehensive scheduling proposal that provided that "[a]ny amendment of the pleadings shall be made by March 4, 2024."  *See* E-mails, dated Feb. 15 (attached as Exh. B)

SKAT's assertion that that it included the March 4, 2024, deadline for the filing of an amended complaint merely to comply with Rule 16(b)(3)(A) is misleading.  Rule 16(a)(3)(A) requires that a scheduling order "must limit the time . . . to amend the pleadings."  Fed. R. Civ. P. 16(a)(3)(A) (emphasis added).  If SKAT were truly of the view that Stein, Lhote, or McGee could *not* amend the pleadings, SKAT could have so indicated and could have sought to have the scheduling order indicate that Stein, Lhote, and McGee had to seek leave of the Court to file an amended complaint.  SKAT did not and, indeed, acted to the contrary.  It stipulated that "[a]ny amendment of the pleadings shall be made by March 4, 2024."  This was more than sufficient to constitute a written agreement under Rule 15(a)(2).  SKAT should not be permitted to retrade this agreement now.

**SKAT's Single Citation Does Not Detract From the Factual Conclusion That They Consented Pursuant to Rule 15.**  SKAT cites one case in support of its contention that its stipulating, and the Court ordering, that "[a]ny amendment of the pleadings shall be made by March 4, 2024," ECF No. 98 at ¶ 2, was not sufficient to constitute written consent to the filing of the Amended Complaint under Rule 15(a)(2).  ECF No. 110 at 1.

The single case SKAT cites is unpersuasive.  The holding in *Pacific Marine Center v. Silva*, turned on the fact that the applicable scheduling order did not provide a date by which

The Honorable Naomi Reice Buchwald
April 11, 2024
Page 3

pleadings could be amended and provided only that the plaintiff would "forward any proposed amended pleading to [d]efendants" by a specific date. 2010 WL 3034510, at *1 (E.D. Ca. July 30, 2010). This alone was insufficient to be considered consent under Rule 15.

In contrast, the parties' stipulation here provided a date certain by which either party would amend their pleadings. *See* ECF No. 98 at ¶ 2 ("Any amendment of the pleadings shall be made by March 4, 2024."). This is consistent with the cases Stein and Lhote cite, which provide that a stipulation of the sort filed in this case qualifies as written consent under Rule 15. *See, e.g.*, *Adams v. Tops Markets, LLC*, 2023 WL 4828029, at *1 (W.D.N.Y. July 7, 2023) (amended complaint filed pursuant to stipulation was proper under Rule 15(a)(2)); *Magna Powertrain de Mexico S.A. de C.V. v. Momentive Performance Materials USA LLC*, 2018 WL 1470577, at *5 n.2 (N.D.N.Y. Mar. 23, 2018) (filing of stipulation permitted amended complaint).

**SKAT Does Not Suggest That Plaintiffs Named McGee Incorrectly.** Stein and Lhote provided a detailed explanation of why they named McGee as a nominal defendant in the Amended Complaint. ECF No. 109 at 4-5. In response, SKAT did not suggest that the manner that Stein and Lhote proceeded was procedurally incorrect or inconsistent with applicable law. Nor did SKAT assert that, solely by virtue of SKAT's having made McGee a party to this action, the Court could not afford complete relief among the existing parties. Nor did it explain why, after making McGee a party to the action, it continued to assert a failure to join a necessary party. ECF No. 48 at ¶ 119.

SKAT could have clarified its position on this legal issue. Instead, it chose to remain silent. In light of the uncertainty created by SKAT's pleadings, it was appropriate for Stein and Lhote to name McGee as a nominal defendant.

**SKAT Does Not Identify Any Prejudice from the Filing of the Amended Complaint.** Finally, SKAT does not suggest that it was prejudiced in any way by the filing of the Amended Complaint. Had it been of that view, it surely would have said so. Nor does SKAT point to any undue delay, bad faith, or a dilatory motive on the part of Stein and Lhote. And SKAT does not suggest that the claims asserted in the Amended Complaint would not survive a motion to dismiss. Indeed, when Stein and Lhote asserted the very same claims in the original Complaint, SKAT did not move to dismiss.

Accordingly, if the Court is of the view that Stein and Lhote should move for leave to file the Amended Complaint under Rule 15(a)(2), which should be "freely give[n] . . . when justice so requires," Stein and Lhote can do so promptly. *See Hassan v. Fordham Univ.*, 533 F. Supp. 3d 164, 166 (S.D.N.Y. 2021) (setting out standard for leave to amend under Rule 15(a)(2)).

Respectfully submitted,


/s/


Daniel W. Levy