

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: +1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Marc A. Weinstein
Partner
Direct Dial: +1 (212) 837-6460
Direct Fax: +1 (212) 299-6460
marc.weinstein@hugheshubbard.com

<u>BY ECF</u>

Honorable Naomi Reice Buchwald  April 16, 2024
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    <u>Stein et al. v. Skatteforvaltningen</u>, No. 23-cv-02508 (NRB)

Dear Judge Buchwald:

      We write on behalf of defendant/counterclaim plaintiff Skatteforvaltningen ("SKAT"), pursuant to section 2.B of the Court's Individual Practices, to respectfully request a pre-motion conference. Now that the pleadings are closed, SKAT seeks leave to file a motion for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c), (i) dismissing plaintiffs Matthew Stein and Jerome Lhote's claims for partial rescission of the parties' May 28, 2019 settlement agreement and for a declaratory judgment that the June 2021 affidavit of confession of judgment that Stein and Lhote (and counterclaim defendant Luke McGee) executed is unenforceable, and (ii) entering partial judgment on SKAT's counterclaims that Stein, Lhote, and McGee breached the settlement agreement by failing to pay the full settlement amount by the agreement's May 28, 2023 payment deadline.

      Should SKAT's motion be granted, the only issues remaining in this action would be the amount of Stein, Lhote, and McGee's confessed judgment and Stein and Lhote's claim for, at most, nominal damages based on SKAT's purported breach.

      <u>First</u>, plaintiffs Stein and Lhote's breach of contract claim seeking rescission of just the purported "second phase" of the settlement agreement should be dismissed because New York law does not allow partial rescission of a contract unless the contract is divisible, and the settlement agreement unambiguously was not divided into two "phases" as the plaintiffs allege. "A contract may only be partially rescinded if it is divisible," which, in turn, depends "on whether the parties intended all of the contract's parts and the consideration therefore to be common each to the other and interdependent or susceptible of division and apportionment." *Great Am. Ins. Co. v. Zelik*, No. 19-cv-1805 (JSR), 2020 WL 85102, at *4 (S.D.N.Y. Jan. 6, 2020) (internal quotation omitted). Where, as here, "the contract is unambiguous in this respect, the issue of divisibility can be decided as a matter of law." *Samba Enter., LLC v. iMesh, Inc.*, No. 06 Civ. 7660(DC), 2009 WL 705537, at *5 (S.D.N.Y. Mar. 19, 2009).

      The settlement agreement unambiguously is a single, indivisible agreement, wherein SKAT agreed to, among other things, release its claims in return for, among other things, the

settling parties repaying SKAT their net proceeds from the fraudulent tax refund claims.  *Cf. Mun. Cap. Appreciation Partners, I, L.P. v. Page*, 181 F. Supp. 2d 379, 395 (S.D.N.Y. 2002) (settlement agreement was not "severable" where parties "made various interdependent concessions in order to come to a final resolution of their differences").  Thus, SKAT and the settling parties, *i.e.*, the "Covered Parties," agreed "to settle all Settled Matters," *i.e.*, SKAT's claims arising from the fraudulent tax refund claims, "based on the terms and conditions set forth" therein.  (Settlement Agreement Recital D, § 1(bb).)  The agreement expressly confirms that it was the parties' "understanding and a fundamental principle on which" the agreement was "based that the Covered Parties [would be] paying to [SKAT] the full amount of the Net Proceeds . . . that the Covered Parties received" from the fraud under the agreement's terms.  (*Id.* Recital F.)  Thus, the "Final Settlement Amount" the Covered Parties agreed to pay includes the 1.55 billion Danish Kroner ("DKK") "Preliminary Settlement Amount" and any "True-Up Amount," plus interest accrued on those amounts under the agreement.  (*Id.* § 1(q).)  And the Covered Parties' obligation to pay this Final Settlement Amount in full is "*absolute and unconditional*."  (*Id.* § 2(c) (emphasis added).)  By contrast, nothing in the agreement supports plaintiffs' allegations that the parties intended it to be divisible into two phases of independent obligations, a first wherein SKAT agreed to settle its claims against the Covered Parties in exchange for DKK 950 million and a second wherein SKAT agreed to make certain written representations to the Danish prosecutor's office in exchange for an additional DKK 600 million and the True-Up Amount.  (Compl., ECF No. 11, ¶¶ 3-5.)

Second, plaintiffs' partial rescission claim also should be dismissed because the Covered Parties agreed in the settlement agreement that their obligation to pay the Final Settlement Amount, including the payment obligations Stein and Lhote now seek to rescind, is "absolute and unconditional," *i.e.*, the Covered Parties agreed to pay the Final Settlement Amount "regardless of [SKAT's] performance."  *Xerox Corp. v. Bus-Let, Inc.*, No. 18-CV-6725-FPG, 2019 WL 2514855, at *4 (W.D.N.Y. June 18, 2019) (internal quotation omitted).  As such, plaintiffs may not seek rescission, in whole or in part, of their "absolute and unconditional" payment obligations based on SKAT's alleged breach.  *See Wells Fargo Bank Minnesota, N.A. v. Nassau Broad. Partners, L.P.*, No. 01 Civ. 11255(HB), 2003 WL 22339299, at *7 (S.D.N.Y. Oct. 10, 2003) (defendant "never had the right to assert . . . an action" seeking rescission because its payment obligation was "absolute and unconditional").

Third, plaintiffs' claim seeking a declaratory judgment that their 2021 affidavit of confession of judgment is unenforceable fails as a matter of law.  Lhote invokes the 2019 amendment to CPLR § 3218(a) to argue the confession of judgment is invalid as to him because he does not reside in New York, (Compl. ¶¶ 85-89), but that amendment "is inapplicable" here because SKAT has commenced an action seeking entry of his confessed judgment.  *Express Trade Cap. v. Horowitz*, 198 A.D.3d 529, 530 (1st Dep't 2021) (2019 amendment to CPLR § 3218(a) only "concerns entry of a judgment against a nonresident without an action").  And Lhote cannot invoke the 2019 amendment for the further, independent reason that he waived any residency requirement by authorizing entry of the confession of judgment in New York County.  *See Stein v. Skatteforvaltningen*, No. 23 Civ. 2508 (NRB), 2024 WL 382091, at *6 (S.D.N.Y. Feb. 1, 2024) ("Lhote and McGee expressly authorized the entry of th[e] Confession of Judgment in New York County despite living outside the state, which strongly suggests that they intended to waive any residency requirement").

Further, there is nothing to plaintiffs' allegations that the confession of judgment fails to state "a sum for which judgment may be entered," (Compl. ¶ 90), just because the True-Up Amount would be subsequently determined by the methods set forth in the settlement agreement. *See, e.g.*, *Jiras v. McKay*, 202 A.D.2d 640, 641 (2d Dep't 1994) (there is nothing "inherently impermissible in permitting [the] plaintiff . . . to designate the defendant's attorney to fill in the amount due (calculated pursuant to the terms of the [parties'] stipulation) on an otherwise complete affidavit of confession of judgment"). And while plaintiffs provide no explanation for their allegation that their confessed judgment "misstates the facts out of which the claimed debt might arise and the legal basis for any such debt," (Compl. ¶ 90), their affidavits concisely state that the debt arises from their settlement agreement with SKAT.

Finally, it is undisputed that Stein, Lhote and McGee failed to pay the full Final Settlement Amount by the agreement's May 28, 2023 payment deadline. *See Stein*, 2024 WL 382091, at *5 n.11 (noting that "[a]t oral argument," Stein and Lhote's "counsel acknowledged that if SKAT is not found to have materially breached the Settlement Agreement, then Stein, Lhote, and McGee would be in breach for failing to make their requisite payments under the Agreement"). Thus, because their obligation to pay the Final Settlement Amount is "absolute and unconditional," the Court should enter partial judgment on the pleadings that Stein, Lhote and McGee breached the agreement and that SKAT is entitled to entry of their confessed judgments in an amount to be determined by further proceedings, irrespective of their claims and defenses alleging that SKAT materially breached the agreement. *See Xerox Corp.*, 2019 WL 2514855, at *4; *see also Colorado Interstate Corp. v. CIT Grp./Equip. Fin., Inc.*, 993 F.2d 743, 747 (10th Cir. 1993) (by agreeing "to an unconditional obligation to pay rent that was separate from any duty or obligation of" the other parties, plaintiff "[e]ssentially . . . assumed the risk of . . . nonperformance").

\*\*\*

SKAT's counsel is available for a pre-motion conference at the Court's convenience.

Respectfully submitted,

/s/ Marc A. Weinstein
Marc A. Weinstein

cc: all counsel of record (via ECF)