

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: +1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Marc A. Weinstein
Partner
Direct Dial: +1 (212) 837-6460
Direct Fax: +1 (212) 299-6460
marc.weinstein@hugheshubbard.com

BY ECF

Honorable Naomi Reice Buchwald                April 16, 2024
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Stein et al. v. Skatteforvaltningen*, No. 23-cv-02508 (NRB)

Dear Judge Buchwald:

      We write on behalf of defendant/counterclaim plaintiff Skatteforvaltningen ("SKAT") in response to plaintiffs Matthew Stein and Jerome Lhote's April 11, 2024 letter (ECF No. 112) asserting that SKAT provided "written consent," under Federal Rule of Civil Procedure 15(a)(2), for Stein and Lhote to amend their complaint.

      The parties' correspondence, enclosed as Exhibits A and B to plaintiffs' April 11 letter, demonstrates conclusively that SKAT's assertion in its April 9, 2024 letter (ECF No. 110) that it never consented to Stein and Lhote's amended complaint was correct.[1] On November 27, 2023, SKAT informed plaintiffs that, subject to the Court's decision on the then-pending motion to dismiss SKAT's counterclaims, it did not intend to amend its pleading and asked whether plaintiffs intended to do so. (ECF No. 112-1 at 4.) SKAT noted that plaintiffs previously proposed a deadline for such amendments of 30 days after the Court decided the motion to dismiss, but that there should be no need for plaintiffs to amend their complaint in response to the Court's decision on a motion to dismiss SKAT's counterclaims, and for that reason did not even include a date for amendment of pleadings in its proposed case management schedule. (*Id.*) In response, plaintiffs did not answer SKAT's question as to whether they intended to amend, asserting obliquely instead that should the Court deny their motion to dismiss SKAT's counterclaims, it would be more "efficient" for the answer to "be part of the same pleading by which pleadings are amended and parties added." (*Id.* at 3.) As such, in response, SKAT proposed that the deadline for amendments "based on the Court's decision on plaintiffs' motion to dismiss" and answers to SKAT's counterclaims be 30 days after the Court decides the motion.

---

1. Plaintiffs attempt to draw inferences from the fact that SKAT, in its April 9, 2024 letter to the Court, did not take a position on their naming of Luke McGee as a nominal defendant and whether their amended complaint constituted undue delay, bad faith or dilatory motive, resulted in prejudice, or would survive a motion to dismiss. The Court did not invite SKAT to offer its views on those issues. SKAT filed its letter merely to correct the misstatement that SKAT had consented to plaintiffs' filing of an amended complaint.

(*Id.* at 1.)  And as reflected in the stipulated order entered by the Court, the parties subsequently agreed that "[a]ny amendment of the pleadings shall be made by March 4, 2024."  (ECF No. 98.)

  Thus, nothing in the parties' correspondence reflects any written consent by SKAT to plaintiffs' amended complaint.  Rather, SKAT made its position clear early that there was no basis for plaintiffs to amend their complaint.  The parties' simple agreement to insert a deadline for any amendments to the pleadings did not magically convert SKAT's opposition to such an amendment to consent to its filing.  And nothing in the Court's stipulated order relieved plaintiffs of their obligation to comply with Federal Rule of Civil Procedure 15(a)(2) by obtaining written consent or the Court's leave before filing their amended complaint.

         Respectfully submitted,

         /s/ Marc A. Weinstein
         Marc A. Weinstein

cc: all counsel of record (via ECF)