

**Daniel Newman**
Partner
Direct Line: 305-373-9467
Direct Facsimile: 305-995-6437
Daniel.Newman@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AND COUNSELORS AT LAW

One Biscayne Tower
2 South Biscayne Blvd. | 21st Floor
Miami, FL 33131
T: 305.373.9400  F: 305.373.9443
nelsonmullins.com

April 19, 2024

**VIA ECF**

Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      RE:    *Stein et al. v. Skatteforvaltningen*, No. 23-cv-02508 (NRB)

Dear Judge Buchwald:

    We submit this letter behalf of Luke McGee ("McGee") in response to Skatteforvaltningen's ("SKAT") letter request for a pre-motion conference seeking leave to file a motion for judgment on the pleadings. (ECF No. 116). SKAT's request should be denied as the basis for its proposed motion fails.

    **SKAT's Proposed Motion Would Be Premature.** As an initial matter, SKAT's proposed motion for judgment on the pleadings would be premature because the pleadings have not closed. Fed. R. Civ. P. 12(c) provides that a party may move for judgment on the pleadings "[a]fter the pleadings are closed." Plaintiffs filed their First Amended Complaint (ECF No. 92) in this matter on March 4, 2024. The Court inquired about the First Amended Compliant through its letter dated April 1, 2024 (ECF No. 106), and both SKAT and Plaintiffs Matthew Stein and Jerome Lhote submitted letters in response to the Court's inquiry. (*See* ECF Nos. 109, 110, 112, 117). McGee has not yet responded to the First Amended Complaint based on the Court's request for submissions described above. Unless the Court concludes that Plaintiffs are not permitted to file the First Amended Complaint, the pleadings remain open until SKAT and McGee file their respective answers. *Kraus USA, Inc. v. Magarik*, No. 17-cv-6541, 2018 WL 4682016, at *12 (S.D.N.Y. Sept. 28, 2018) (finding pleadings not closed where answer to counterclaim had not been filed).

    **SKAT Was Required to Perform Its Obligations Under the Settlement Agreement and its Breach of That Agreement Relieves McGee of Payment Obligations.** To recover for breach of contract, SKAT must prove: "(1) the existence of an agreement, (2) adequate performance of the contract by [SKAT], (3) breach of contract by [McGee], and (4) damages." *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004). SKAT cannot recover if it cannot prove its performance under the Settlement Agreement. *Id.* Conversely, if "SKAT materially breached the Settlement Agreement" then McGee is "discharged from [his] payment obligations" and "SKAT would not be entitled to <u>any</u> damages."

The Honorable Naomi Reice Buchwald
April 19, 2024
Page 2

Order, dated Feb. 1, 2024 (ECF No. 87 at 15). In other words, SKAT cannot recover unless it proves that it met its end of the bargain by performing its obligations. *Virgin Grp. Holdings Ltd. v. Energy Parametrics & Commc'ns, Inc.*, No. 10 CV 08752 BSJ THK, 2011 WL 4448943, at *1 (S.D.N.Y. Sept. 26, 2011).

SKAT must therefore prove it performed its obligations under Section 8(f). That provision required SKAT to "promptly upon the execution of the Settlement Agreement (1) bring, in writing, the Agreement and its terms to the attention of the Danish prosecutor ("SØIK"); and (2) represent, in writing, (a) that the Agreement reflects the Covered Parties' good-faith negotiation, (b) their cooperation may result in SKAT's recovery of additional funds, and (c) the Agreement is in SKAT's best interests." Order, dated Feb. 1, 2024 (ECF No. 88 at 1–2). Because SKAT failed to perform that obligation, it denied McGee the benefit of the bargain and relieved McGee of his payment obligations.

At the very least, there is a factual dispute as to whether SKAT breached the agreement by failing to perform its obligations under Section 8(f), whether that breach was material, and whether SKAT otherwise adequately performed under the Settlement Agreement. (ECF No. 93 at 8). That factual dispute precludes judgment on the pleadings. *Virgin Grp. Holdings Ltd.*, 2011 WL 4448943, at *1 (finding judgment on the pleadings improper because the plaintiff's performance was in dispute); *Deutsche Bank Nat'l Tr. Co. for Morgan Stanley Structured Tr. I 2007-1 v. Morgan Stanley Mortg. Cap. Holdings LLC*, 289 F. Supp. 3d 484, 513 (S.D.N.Y. 2018) ("It is clear to this Court that the materiality of any particular breach is a question of fact under New York law.").

In short, SKAT's proposed motion for judgment on the pleadings would fail and the Court should deny SKAT's request for pre-motion conference.

**SKAT Was Not Relieved of Its Burden to Prove Performance Under the Settlement Agreement.** SKAT argues that the "absolute and unconditional" language in the Settlement Agreement entitles it to require McGee's strict compliance with the Settlement Agreement despite its prior breach. That argument is misplaced.

SKAT relies on *Xerox Corp. v. Bus-Let, Inc.,* No. 18-CV-6725-FPG, 2019 WL 2514855, at *4 (W.D.N.Y. June 18, 2019) and *Colorado Interstate Corp. v. CIT Grp./Equip. Fin., Inc.*, 993 F.2d 743, 747 (10th Cir. 1993). In those cases, the courts found that ***in the applicable lease agreements, where the lessor has already performed by delivering the leased asset***, an "absolute and unconditional" payment obligation on the lessee (a "hell or high water" clause) can be enforceable. In those cases, the lessee had obtained the benefit of the bargain by obtaining and using the leased asset, triggering the monthly lease payment obligations. *See Xerox*, 2019 WL 2514855, at *4 (finding hell or high water provision enforceable to recover lease payments for machines Xerox delivered). The holdings in those cases are not applicable here. SKAT is not collecting "rent" for an asset it already delivered. McGee's payment obligations arose in consideration for SKAT's taking (or not taking) specific actions in the future. Unlike lessor/lessee cases to which SKAT cites—where the benefit was already provided and the obligation to pay rent in return was triggered—SKAT's failure to perform its contractual obligations means McGee did not receive the benefit of the bargain for which he agreed to make payments.

The Honorable Naomi Reice Buchwald
April 19, 2024
Page 3

Further, the Settlement Agreement must be viewed as a whole. Even in lease agreements, "absolute and unconditional" language should not be viewed in a vacuum as SKAT suggests. Rather, courts look to the contract as a whole to determine whether the payment obligations were truly "unconditional." *See e.g.*, *In re Atl. Computer Sys., Inc.*, 173 B.R. 844, 853 (S.D.N.Y. 1994) ("[A]lthough the hell or high water clause may, taken alone, be clear on its face, viewed in the context of the entire agreement, considerable doubt is cast on the assertedly absolute nature of the provision."). Here, SKAT's obligations and the other payment conditions in the Settlement Agreement "undercut[] the unconditionality of the hell or high water clause and additionally provide[] the textual ambiguity" that create a factual issue. *Id.* For example, the Covered Parties agreement to pay any "true-up" amount was contingent on future determinations regarding the amount of net proceeds. That contingent aspect of the payment obligations "undermines [SKAT's] assertion here that the [Settlement Agreement's] promise to pay was unconditional or unequivocal." *Octagon Asset Management, LLC v. Morgan*, No. 652000/13, 2015 WL 314700, at *2 (N.Y. Sup. Ct. Jan. 16, 2015). SKAT's contractual obligations under Section 8(f) similarly undercut the purported "unconditional" nature of McGee's payment obligations. "At best, questions of fact exist as to this issue," preventing judgment on the pleadings. *Id.*

*Xerox* is further distinguishable in that respect. Unlike here, the hell or high water provision in that case was not undermined by other obligations in the agreement. Instead, the contract provision in *Xerox* expressly confirmed that rent payments would be due "IRRESPECTIVE OF XEROX'S PERFORMANCE OF ITS OBLIGATIONS HEREUNDER." *Xerox*, 2019 WL 2514855, at *2. Further, the lessee agreed to an "exclusive" remedy for the obligation Xerox allegedly failed to perform (maintenance of the machine). The exclusive remedy for Xerox's alleged failure to maintain the machine was to obtain a replacement machine, not to withhold rent payments—which remained due "IRRESPECTIVE OF XEROX'S PERFORMANCE OF ITS OBLIGATIONS." *Id.* That language expressly negating Xerox's other performance obligations is absent from the Settlement Agreement here, and SKAT was instead required to meet its obligations under Section 8(f). And notably, even *Xerox* was resolved on summary judgment, not via judgment on the pleadings. *See id.*

Whether SKAT failed to perform its obligations in section 8(f) of the Settlement Agreement is in dispute and precludes judgment on the pleadings. *Virgin Grp. Holdings*, 2011 WL 4448943, at *1.

Based on the foregoing, the Court should deny SKAT's request for a pre-motion conference.

Very truly yours,

*/s/ Daniel S. Newman*
Daniel S. Newman

cc: Counsel of Record