**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| MATTHEW STEIN and JEROME LHOTE, | Civil Action No. 23-02508 |
| Plaintiffs, | Honorable Naomi Reice Buchwald |
| *v.* | |
| SKATTEFORVALTNINGEN, | **ANSWER & AFFIRMATIVE** |
| Defendant, | **DEFENSES TO FIRST AMENDED** |
| *v.* | **COMPLAINT** |
| LUKE MCGEE, | |
| Nominal-Defendant. | |

---

SKATTEFORVALTNINGEN,

          Counterclaim-Plaintiff,

          *v.*

MATTHEW STEIN, JEROME LHOTE and
LUKE MCGEE,

          Counterclaim-Defendants.

---

Defendant Skatteforvaltningen ("SKAT"), by its undersigned counsel, submits this Answer and Affirmative Defenses in response to Plaintiffs Matthew Stein ("Stein") and Jerome Lhote's ("Lhote") First Amended Complaint (the "Amended Complaint") based on its current knowledge. All allegations in the Amended Complaint not specifically admitted are denied. To the extent the headings in the Amended Complaint are not included in numbered paragraphs, no response is required. To the extent a response is required, SKAT denies the allegations in the headings. With respect to the numbered paragraphs in the Amended Complaint, SKAT answers as follows:

1.      To the extent Paragraph 1 characterizes the Amended Complaint, no answer is required.  To the extent a response is required, SKAT incorporates its denials set forth in the remainder of this Answer and denies the remaining allegations in Paragraph 1, except that SKAT admits it is the agency of the government of Denmark charged with the assessment and collection of Danish taxes.

2.      To the extent Paragraph 2 characterizes or summarizes the Settlement Agreement, SKAT respectfully refers the Court to the May 28, 2019 Settlement Agreement between SKAT and Plaintiffs Stein and Lhote, amongst others (the "Settlement Agreement"), which speaks for itself.  SKAT denies any remaining allegations in Paragraph 2.

3.      To the extent Paragraph 3 characterizes or summarizes the Settlement Agreement, SKAT respectfully refers the Court to the Settlement Agreement, which speaks for itself.  SKAT specifically denies that the Settlement Agreement divides SKAT's and the Covered Parties' obligations into two phases.  SKAT admits that in 2019 the entities and individuals with whom SKAT settled (the "Covered Parties") paid SKAT 950,000,000 Danish Kroner ("DKK").  SKAT denies any remaining allegations in Paragraph 3.

4.      To the extent Paragraph 4 characterizes or summarizes the Settlement Agreement, SKAT respectfully refers the Court to the Settlement Agreement, which speaks for itself.  SKAT specifically denies that the Settlement Agreement divides SKAT's and the Covered Parties' obligations into two phases and denies any remaining allegations in Paragraph 4.

5.      To the extent Paragraph 5 characterizes or summarizes the Settlement Agreement, SKAT respectfully refers the Court to the Settlement Agreement, which speaks for itself.  SKAT specifically denies that the Settlement Agreement divides SKAT's and the Covered Parties' obligations into two phases.  SKAT admits that between June 2020 and April 19, 2022 Plaintiffs

Stein and Lhote and nominal defendant Luke McGee ("McGee") (together, the "Covered Parties'
Designees") paid SKAT approximately DKK 60.4 million pursuant to the Settlement Agreement
but avers that most of this amount was a one-time payment by McGee.  SKAT further admits the
Covered Parties have produced more than 90,000 documents to SKAT.  SKAT denies any
remaining allegations in Paragraph 5.

6.      To the extent Paragraph 6 characterizes or summarizes the Settlement Agreement,
SKAT respectfully refers the Court to the Settlement Agreement, which speaks for itself.  SKAT
denies knowledge or information sufficient to form a belief as to the truth or falsity of the
allegations in Paragraph 6 regarding Plaintiffs' purposes and motivations in entering the
Settlement Agreement, except that SKAT admits that Plaintiffs' attorneys communicated to
SKAT that Plaintiffs were concerned with potential criminal liability in Denmark.  SKAT denies
any remaining allegations in Paragraph 6.

7.      To the extent Paragraph 7 characterizes or summarizes the Settlement Agreement,
SKAT respectfully refers the Court to the Settlement Agreement, which speaks for itself.  SKAT
denies any remaining allegations in Paragraph 7.

8.      To the extent Paragraph 8 characterizes the Amended Complaint, no answer is
required.  To the extent a response is required, SKAT incorporates its denials set forth in the
remainder of this Answer.  To the extent Paragraph 8 characterizes or summarizes the Settlement
Agreement, SKAT respectfully refers the Court to the Settlement Agreement, which speaks for
itself.  SKAT specifically denies that the Settlement Agreement divides SKAT's and the Covered
Parties' obligations into two phases.  SKAT denies that the Plaintiffs are entitled to the relief
described in Paragraph 8 and any remaining allegations in Paragraph 8.

9.      To the extent Paragraph 9 states conclusions of law, no response is required.  To the extent Paragraph 9 characterizes or summarizes the Settlement Agreement, the first Affidavit of Confession of Judgment (the "2019 Affidavit of Confession of Judgment"), and the second Affidavit of Confession of Judgment (the "2021 Affidavit of Confession of Judgment") (together, the "Affidavits of Confessions of Judgment"), SKAT respectfully refers the Court to those documents, which speak for themselves.  SKAT specifically denies that the Settlement Agreement divides SKAT's and the Covered Parties' obligations into two phases and denies any remaining allegations in Paragraph 9, except it admits the Affidavits of Confession of Judgment are to aid SKAT in enforcing the Settlement Agreement.

10.      To the extent Paragraph 10 of the Amended Complaint characterizes or summarizes the 2021 Affidavit of Confession of Judgment, SKAT respectfully refers the Court to that document, which speaks for itself.  SKAT denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 10.

11.      Paragraph 11 states conclusions of law to which no response is required.

12.      SKAT denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 12 concerning Lhote or McGee's residence and present intentions.  To the extent Paragraph 12 states conclusions of law, no response is required.  SKAT denies any remaining allegations in Paragraph 12.

13.      To the extent Paragraph 13 summarizes the Amended Complaint, no answer is required.  To the extent a response is required, SKAT incorporates its denials set forth in the remainder of this Answer.  SKAT denies that the Plaintiffs are entitled to the relief described in Paragraph 13 and denies any remaining allegations in Paragraph 13.

## PARTIES

14.     SKAT denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14.

15.     SKAT denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15.

16.     To the extent Paragraph 16 states conclusions of law, no response is required. SKAT admits it is the agency of the government of Denmark charged with the assessment and collection of Danish taxes.

17.     SKAT denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first and second sentences of Paragraph 17.  To the extent the remaining allegations in Paragraph 17 summarize the Amended Complaint or state conclusions of law, no answer is required.  SKAT denies that the Plaintiffs are entitled to the relief described in Paragraph 17.

## JURISDICTION AND VENUE

18.     To the extent Paragraph 18 characterizes or summarizes the Settlement Agreement, SKAT respectfully refers the Court to the Settlement Agreement, which speaks for itself.  To the extent Paragraph 18 states conclusions of law, no response is required.  SKAT admits this Court has jurisdiction over this action under 28 U.S.C. §§ 1330(a) and 1605(a)(1).

19.     To the extent Paragraph 19 characterizes the allegations in the Amended Complaint or states conclusions of law, no response is required.  To the extent Paragraph 19 contains any factual allegations, SKAT denies them.

20.     To the extent Paragraph 20 states conclusions of law, no response is required. SKAT admits this Court has personal jurisdiction over SKAT under 28 U.S.C. § 1330(b).

21.     To the extent Paragraph 21 states conclusions of law, no response is required. SKAT admits this Court has jurisdiction over this action under 28 U.S.C. § 1367(a).

22.     To the extent Paragraph 22 states conclusions of law, no response is required. SKAT admits this Court has personal jurisdiction over McGee.

23.     To the extent Paragraph 23 states conclusions of law, no response is required. SKAT admits venue in this District is proper under 28 U.S.C. § 1391(f), but denies that SKAT is "doing business" in this District.

24.     To the extent Paragraph 24 characterizes or summarizes the Settlement Agreement, SKAT respectfully refers the Court to the Settlement Agreement, which speaks for itself.  SKAT admits venue in this District is proper.

## FACTUAL ALLEGATIONS

### Background

25.     To the extent Paragraph 25 states conclusions of law, no response is required.

26.     To the extent Paragraph 26 characterizes or summarizes the treaty on double taxation between the United States and Denmark (the "Treaty"),[1] SKAT respectfully refers the Court to the Treaty, which speaks for itself.  To the extent Paragraph 26 of the Amended Complaint states conclusions of law, no response is required.

27.     SKAT denies the allegations in Paragraph 27, except that it admits that in or around Summer 2015 it began an investigation into fraudulent dividend withholding tax refund applications submitted by the Covered Parties, among others.

--------------------

1.   Protocol Amending Tax Convention with Denmark, U.S.-Den., art. 10, ¶ 3(c), May 2, 2006, S. Treaty Doc. No. 109-19 (amending Convention and Protocol Between the United States and Denmark for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income, U.S.-Den., Aug. 19, 1999, S. Treaty Doc. No. 106-12).

28.     SKAT denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28.

29.     SKAT denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 29, except SKAT admits it entered settlement negotiations with the Covered Parties, among others.

30.     SKAT denies the allegations in Paragraph 30, except it admits SKAT and the Covered Parties entered into settlement negotiations in 2017 and entered into the Settlement Agreement in 2019.

31.     SKAT denies the allegations in Paragraph 31, except SKAT admits that it negotiated the Settlement Agreement in good faith and believed at the time that the Covered Parties negotiated the Settlement Agreement in good faith, and that SKAT has brought suits related to the payment of fraudulent dividend withholding tax refund applications against various pension plans, individuals, and/or other entities in the Southern District of New York, the United Kingdom, Malaysia, Dubai, and Canada, among other jurisdictions.

32.     To the extent Paragraph 32 states conclusions of law, no response is required. SKAT denies any remaining allegations in Paragraph 32, and avers that the multidistrict litigation Court denied the defendants' motion to dismiss SKAT's claims as barred by the revenue rule. *In re Skat Tax Refund Scheme Litig.*, 356 F. Supp. 3d 300, 307 (S.D.N.Y. 2019).

33.     SKAT denies the allegations in Paragraph 33, except SKAT admits that it negotiated the Settlement Agreement in good faith and believed at the time that the Covered Parties negotiated the Settlement Agreement in good faith, and that SKAT did not bring suit against the Covered Parties as SKAT and the Covered Parties entered into tolling agreements and were negotiating a potential settlement.

7

34.     SKAT denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 34.  To the extent the second sentence of Paragraph 34 states conclusions of law, no response is required.  To the extent a response is required, SKAT denies the allegations in Paragraph 34, except admits that what Plaintiffs refer to as SØIK (now named the National enhed for Særlig Kriminalitet or NSK) is part of the government of the Kingdom of Denmark with separate functions from those of SKAT.[2]

35.     SKAT denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 35.

36.     SKAT denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36.

37.     SKAT denies the allegations of the first sentence of Paragraph 37, except admits that for some time, Plaintiffs proposed a resolution involving as a condition precedent an undertaking by SØIK not to initiate criminal charges.  SKAT denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence, except admits that following SKAT's rejection of the proposed condition precedent, Plaintiffs continued to negotiate a settlement without such a condition.

38.     To the extent Paragraph 38 characterizes or summarizes the Settlement Agreement, SKAT respectfully refers the Court to the Settlement Agreement, which speaks for itself.  SKAT denies knowledge or information sufficient to form a belief as to the truth or falsity

---

2.   To avoid confusion, SKAT, as the Plaintiffs do, will refer to the NSK as SØIK, its name at the time the parties entered into the Settlement Agreement, in answering the Plaintiffs' allegations.

of the allegations regarding Plaintiffs' motivations described in Paragraph 38.  SKAT denies any

remaining allegations in Paragraph 38.

**The Settlement Agreement**

39.     To the extent Paragraph 39 characterizes or summarizes the Settlement

Agreement, SKAT respectfully refers the Court to the Settlement Agreement, which speaks for

itself.  SKAT denies knowledge or information sufficient to form a belief as to the truth or falsity

of the allegations in the third sentence of Paragraph 39.  SKAT denies any remaining allegations

in Paragraph 39, except it admits it entered into the Settlement Agreement with the Covered

Parties on or about May 28, 2019.

40.     To the extent Paragraph 40 characterizes or summarizes the Settlement

Agreement, SKAT respectfully refers the Court to the Settlement Agreement, which speaks for

itself.  SKAT admits that it believed it had claims against Stein, Lhote, McGee, and others

relating to the payment of tax refund claims.  SKAT denies any remaining allegations in

Paragraph 40.

41.     To the extent Paragraph 41 characterizes or summarizes the Settlement

Agreement, SKAT respectfully refers the Court to the Settlement Agreement, which speaks for

itself.  SKAT denies any remaining allegations in Paragraph 41, except it admits that the

Covered Parties and SKAT entered the Settlement Agreement in part to settle SKAT's claims

without litigation.

42.     To the extent Paragraph 42 characterizes or summarizes the Settlement

Agreement, SKAT respectfully refers the Court to the Settlement Agreement, which speaks for

itself.  SKAT denies any remaining allegations in Paragraph 42.

43.     SKAT admits that it entered into a letter agreement dated May 28, 2019 with the

Plaintiffs and certain other Covered Parties (the "Letter Agreement").  To the extent Paragraph

43 characterizes or summarizes the Settlement Agreement and the Letter Agreement (together, the "Agreements"), SKAT respectfully refers the Court to those documents, which speak for themselves.  SKAT denies any remaining allegations in Paragraph 43.

44.     To the extent Paragraph 44 characterizes or summarizes the Settlement Agreement and Letter Agreement, SKAT respectfully refers the Court to those documents, which speak for themselves.  SKAT admits the Agreements are governed by New York law.

45.     To the extent Paragraph 45 characterizes or summarizes the Settlement Agreement and the Letter Agreement, SKAT respectfully refers the Court to those documents, which speak for themselves.  SKAT specifically denies that the Agreements divide SKAT's and the Covered Parties' obligations into two phases and denies any remaining allegations in Paragraph 45.

**Phase I of the Settlement Agreement**

46.     To the extent Paragraph 46 characterizes or summarizes the Settlement Agreement, SKAT respectfully refers the Court to the Settlement Agreement, which speaks for itself.  SKAT specifically denies that the Settlement Agreement divides SKAT's and the Covered Parties' obligations into two phases.

47.     To the extent Paragraph 47 characterizes or summarizes the Settlement Agreement, SKAT respectfully refers the Court to the Settlement Agreement, which speaks for itself.  SKAT denies any remaining allegations in Paragraph 47.

48.     To the extent Paragraph 48 characterizes or summarizes the Settlement Agreement, SKAT respectfully refers the Court to the Settlement Agreement, which speaks for itself.  SKAT denies any remaining allegations in Paragraph 48.

49.     SKAT admits that by August 8, 2019 the Covered Parties had paid SKAT DKK 950,000,000.  To the extent Paragraph 49 characterizes or summarizes the Settlement

Agreement, SKAT respectfully refers the Court to the Settlement Agreement, which speaks for itself.  SKAT denies any remaining allegations in Paragraph 49.

50.      To the extent Paragraph 50 characterizes or summarizes the Settlement Agreement, SKAT respectfully refers the Court to the Settlement Agreement, which speaks for itself.  SKAT specifically denies that the Settlement Agreement divides SKAT's and the Covered Parties' obligations into two phases and denies any remaining allegations in Paragraph 50, except it admits the Affidavits of Confession of Judgment are to aid SKAT in enforcing the Settlement Agreement.

51.      To the extent Paragraph 51 characterizes or summarizes the 2019 Affidavit of Confession of Judgment, SKAT respectfully refers the Court to that document, which speaks for itself.  SKAT denies any remaining allegations in Paragraph 51, except that it admits the Covered Parties' Designees provided SKAT the 2019 Affidavit of Confession of Judgment on or about August 8, 2019.

52.      To the extent Paragraph 52 characterizes or summarizes the Settlement Agreement, SKAT respectfully refers the Court to the Settlement Agreement, which speaks for itself.  SKAT specifically denies that the Settlement Agreement divides SKAT's and the Covered Parties' obligations into two phases and denies any remaining allegations in Paragraph 52.

**Phase II of the Settlement Agreement**

53.      To the extent Paragraph 53 characterizes or summarizes the Settlement Agreement, SKAT respectfully refers the Court to the Settlement Agreement, which speaks for itself.  SKAT specifically denies that the Settlement Agreement divides SKAT's and the Covered Parties' obligations into two phases and denies any remaining allegations in Paragraph 53.

54.      To the extent Paragraph 54 characterizes or summarizes the Settlement Agreement and Letter Agreement, SKAT respectfully refers the Court to those documents, which

speak for themselves.  SKAT specifically denies that the Agreements divide SKAT's and the Covered Parties' obligations into two phases and denies any remaining allegations in Paragraph 54, except SKAT admits the Covered Parties' Designees must pay SKAT at least DKK 600,000,000 by May 28, 2023.

55.      To the extent Paragraph 55 characterizes or summarizes the Settlement Agreement and the Letter Agreement, SKAT respectfully refers the Court to those documents, which speak for themselves.  SKAT specifically denies that the Agreements divide SKAT's and the Covered Parties' obligations into two phases and denies any remaining allegations in Paragraph 55.

56.      SKAT admits the Covered Parties' Designees have made payments totaling approximately DKK 60.4 million since around June 2020 but avers that most of this amount was from a one-time payment by McGee.  To the extent Paragraph 56 characterizes or summarizes the Settlement Agreement, SKAT respectfully refers the Court to the Settlement Agreement, which speaks for itself.  SKAT specifically denies that the Settlement Agreement divides SKAT's and the Covered Parties' obligations into two phases and denies any remaining allegations in Paragraph 56.

57.      To the extent Paragraph 57 characterizes or summarizes the Settlement Agreement and the Letter Agreement, SKAT respectfully refers the Court to the Agreements, which speak for themselves.  SKAT admits that starting in or about August 2019 through in or about January 2022, the Covered Parties' Designees provided SKAT some quarterly reports required by the Letter Agreement but avers that the Covered Parties' Designees have not provided any of the reports required by the Letter Agreement since January 2022.  SKAT

specifically denies that the Agreements divide SKAT's and the Covered Parties' obligations into two phases and denies any remaining allegations in Paragraph 57.

58.    To the extent Paragraph 58 characterizes or summarizes the Settlement Agreement and the Letter Agreement, SKAT respectfully refers the Court to those documents, which speak for themselves.  SKAT specifically denies that the Agreements divide SKAT's and the Covered Parties' obligations into two phases.  SKAT denies knowledge or information sufficient to form a belief as to the truth or falsity as to the remaining allegations in Paragraph 58, except that it admits the Covered Parties have produced over 90,000 documents to SKAT and Plaintiffs' attorneys have responded to SKAT's requests for the documents produced to SKAT to be used in SKAT's prosecution of claims in its actions in Dubai, the United Kingdom, and the United States.

59.    To the extent Paragraph 59 characterizes or summarizes the Settlement Agreement, SKAT respectfully refers the Court to the Settlement Agreement, which speaks for itself.  SKAT specifically denies that the Settlement Agreement divides SKAT's and the Covered Parties' obligations into two phases and denies any remaining allegations in Paragraph 59.

60.    To the extent Paragraph 60 characterizes or summarizes the Settlement Agreement, SKAT respectfully refers the Court to the Settlement Agreement, which speaks for itself.  SKAT specifically denies that the Settlement Agreement divides SKAT's and the Covered Parties' obligations into two phases.  SKAT denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 60 regarding Plaintiffs' motivations in entering the Settlement Agreement.  SKAT denies any remaining allegations in Paragraph 60.

61.     To the extent Paragraph 61 characterizes or summarizes the Settlement Agreement, SKAT respectfully refers the Court to the Settlement Agreement, which speaks for itself.  SKAT denies any remaining allegations in Paragraph 61.

62.     To the extent Paragraph 62 characterizes or summarizes the Settlement Agreement, SKAT respectfully refers the Court to the Settlement Agreement, which speaks for itself.  SKAT denies any remaining allegations in Paragraph 62.

63.     To the extent Paragraph 63 characterizes or summarizes the Settlement Agreement, SKAT respectfully refers the Court to the Settlement Agreement, which speaks for itself.  SKAT denies any remaining allegations in Paragraph 63.

64.     To the extent Paragraph 64 characterizes or summarizes the Settlement Agreement, SKAT respectfully refers the Court to the Settlement Agreement, which speaks for itself.  SKAT denies any remaining allegations in Paragraph 64.

65.     Paragraph 65 states conclusions of law, to which no response is required.  To the extent Paragraph 65 contains any factual allegations, SKAT denies them.

66.     To the extent Paragraph 66 characterizes or summarizes the Settlement Agreement, SKAT respectfully refers the Court to the Settlement Agreement, which speaks for itself.  SKAT denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 66 regarding Plaintiffs' motivations in entering the Settlement Agreement, except that SKAT admits that SKAT was the victim of the Covered Parties' fraudulent scheme.  SKAT denies any remaining allegations in Paragraph 66.

67.     To the extent Paragraph 67 characterizes or summarizes the Settlement Agreement, SKAT respectfully refers the Court to the Settlement Agreement, which speaks for itself.  SKAT denies any remaining allegations on Paragraph 67.

68. To the extent Paragraph 68 characterizes or summarizes the Settlement Agreement, SKAT respectfully refers the Court to the Settlement Agreement, which speaks for itself. To the extent Paragraph 68 states conclusions of law, no response is required. SKAT denies any remaining allegations in Paragraph 68.

69. To the extent Paragraph 69 characterizes or summarizes the Settlement Agreement, SKAT respectfully refers the Court to the Settlement Agreement, which speaks for itself. SKAT denies any remaining allegations in Paragraph 69.

**Defendant Breaches the Phase II Obligations of the Settlement Agreement**

70. To the extent Paragraph 70 characterizes or summarizes the Settlement Agreement, SKAT respectfully refers the Court to the Settlement Agreement, which speaks for itself. To the extent Paragraph 70 states conclusions of law, no response is required. SKAT denies any remaining allegations in Paragraph 70, but avers that SKAT brought the Settlement Agreement and its terms to SØIK's attention; that SKAT provided a full copy of Section 8(f) to SØIK; and that SKAT stated to SØIK, *inter alia*, that the Settlement Agreement reflected good faith negotiations by the Covered Parties; that the Covered Parties' cooperation may result in the recovery by SKAT of additional funds from third parties; and that the Settlement Agreement was in SKAT's best interest. SKAT further avers that it issued two press releases containing information substantially similar to that described in Section 8(f); shared drafts of these press releases with the Covered Parties' Designees; and provided the Covered Parties' Designees the opportunity to comment on the press releases before they were issued.

71. To the extent Paragraph 71 characterizes or summarizes the Settlement Agreement, SKAT respectfully refers the Court to the Settlement Agreement, which speaks for itself. To the extent Paragraph 71 states conclusions of law, no response is required. SKAT denies any remaining allegations in Paragraph 71.

72.     To the extent Paragraph 72 characterizes or summarizes the Settlement Agreement, SKAT respectfully refers the Court to the Settlement Agreement, which speaks for itself.  To the extent Paragraph 72 states conclusions of law, no response is required.  SKAT denies any remaining allegations in Paragraph 72.

73.     To the extent Paragraph 73 characterizes or summarizes the Settlement Agreement, SKAT respectfully refers the Court to the Settlement Agreement, which speaks for itself.  To the extent Paragraph 73 states conclusions of law, no response is required.  SKAT denies any remaining allegations in Paragraph 73.

74.     To the extent Paragraph 74 characterizes or summarizes the Settlement Agreement, SKAT respectfully refers the Court to the Settlement Agreement, which speaks for itself.  To the extent Paragraph 74 states conclusions of law, no response is required.  SKAT denies any remaining allegations in Paragraph 74.

75.     To the extent Paragraph 75 characterizes or summarizes the Settlement Agreement, SKAT respectfully refers the Court to the Settlement Agreement, which speaks for itself.  To the extent Paragraph 75 states conclusions of law, no response is required.  SKAT specifically denies that the Settlement Agreement divides SKAT's and the Covered Parties' obligations into two phases and denies any remaining allegations in Paragraph 75.

76.     SKAT denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 76.

77.     To the extent Paragraph 77 characterizes or summarizes the Settlement Agreement, SKAT respectfully refers the Court to the Settlement Agreement, which speaks for itself. To the extent Paragraph 77 states conclusions of law, no response is required.  SKAT denies any remaining allegations in Paragraph 77.

78.    To the extent Paragraph 78 characterizes or summarizes any filings submitted to or orders issued by any courts in Denmark, SKAT respectfully refers the Court to those filings and orders, which speak for themselves.  SKAT denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 78.

79.    SKAT denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 79.

80.    To the extent Paragraph 80 characterizes or summarizes correspondence from SOIK to the U.S. Department of Justice, SKAT respectfully refers the Court to that correspondence, which speaks for itself.  SKAT denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 80.

81.    To the extent Paragraph 81 characterizes or summarizes correspondence from SOIK to the U.S. Department of Justice, SKAT respectfully refers the Court to that correspondence, which speaks for itself.  SKAT denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 81.

82.    SKAT denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 82.

**Plaintiffs Are Charged in Denmark**

83.    SKAT denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 83.

84.    SKAT denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 84.

85.    To the extent Paragraph 85 states a conclusion of law, no response is required. SKAT denies knowledge or information sufficient to form a belief as to the truth or falsity of the

remainder of the allegations in Paragraph 85, except SKAT admits it is aware Plaintiffs were indicted in Denmark in 2021.

86.    SKAT denies there is a "fair inference" that "SØIK considered Plaintiffs identically situated to these three other criminal defendants."  SKAT denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 86.

87.    SKAT denies the allegations in Paragraph 87, except that SKAT admits that Stein's U.S. counsel requested the written communications from SKAT to SØIK required by Section 8(f) of the Settlement Agreement.  SKAT denies that the Settlement Agreement required SKAT to provide any written communications to the Covered Parties' Designees.

88.    To the extent Paragraph 88 characterizes or summarizes the Settlement Agreement and the 2021 Affidavit of Confession of Judgment, SKAT respectfully refers the Court to those documents, which speak for themselves.  SKAT admits that the Covered Parties' Designees provided the 2021 Affidavit of Confession of Judgment on or about June 9, 2021, and that the Affidavits of Confession of Judgment are to aid SKAT in enforcing the Settlement Agreement.  SKAT denies any remaining allegations in Paragraph 88.

89.    SKAT denies the allegations in the first sentence of Paragraph 89, and avers that SKAT brought the Settlement Agreement and its terms to SØIK's attention; that SKAT provided a full copy of Section 8(f) to SØIK; and that SKAT stated to SØIK, *inter alia*, that the Settlement Agreement reflected good faith negotiations by the Covered Parties; that the Covered Parties' cooperation may result in the recovery by SKAT of additional funds from third parties; and that the Settlement Agreement was in SKAT's best interest.  SKAT further avers that it issued a press release containing information substantially similar to that described in Section 8(f) immediately

after the execution of the Settlement Agreement; shared drafts of this press release with SOIK and with the Covered Parties' Designees; and provided the Covered Parties' Designees the opportunity to comment on the press release before it was issued.  SKAT denies the allegations in the second sentence of Paragraph 89.   SKAT further avers that it issued a subsequent press release in September 2019 also containing information substantially similar to that described in Section 8(f) and shared drafts of that press release with the Covered Parties' Designees.  To the extent the Paragraph 89 characterizes or summarizes the Settlement Agreement, SKAT respectfully refers the Court to the Settlement Agreement, which speaks for itself.  To the extent Paragraph 89 states conclusions of law, no response is required.

90.     To the extent Paragraph 90 characterizes or summarizes the Settlement Agreement, SKAT respectfully refers the Court to the Settlement Agreement, which speaks for itself.  To the extent Paragraph 90 states conclusions of law, no response is required.  SKAT denies any remaining allegations in Paragraph 90, except it admits that the Settlement Agreement was executed on or about May 28, 2019.

**The 2021 Affidavit of Confession of Judgment Is Invalid and Unenforceable**

91.     To the extent Paragraph 91 characterizes or summarizes the Settlement Agreement and the Affidavits of Confession of Judgment, SKAT respectfully refers the Court to those documents, which speak for themselves.  SKAT denies all remaining allegations in Paragraph 91, except it admits that the Covered Parties' Designees provided SKAT the Affidavits of Confession of Judgment.

92.     SKAT admits the allegations in Paragraph 92.

93.     To the extent Paragraph 93 characterizes or summarizes the 2019 Affidavit of Confession of Judgment, SKAT respectfully refers the Court to that document, which speaks for

itself.  SKAT denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 93.

94.    To the extent Paragraph 94 characterizes or summarizes the 2019 Affidavit of Confession of Judgment, SKAT respectfully refers the Court to that document, which speaks for itself.  SKAT denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 94.

95.    To the extent Paragraph 95 characterizes or summarizes the Settlement Agreement and the 2021 Affidavit of Confession of Judgment, SKAT respectfully refers the Court to those documents, which speaks for themselves.  SKAT denies any remaining allegations in Paragraph 95.

96.    To the extent Paragraph 96 states conclusions of law, no response is required.  To the extent Paragraph 96 contains any factual allegations, SKAT denies them.

97.    To the extent Paragraph 97 states conclusions of law, no response is required. SKAT denies any remaining allegations in Paragraph 97.

98.    SKAT admits that the 2021 Affidavit of Confession stated that Lhote "resides in Orange County, Florida" and that McGee "resides in Philadelphia County, Philadelphia."  SKAT denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 98.

99.    To the extent Paragraph 99 characterizes or summarizes the Settlement Agreement and the 2021 Affidavit of Confession of Judgment, SKAT respectfully refers the Court to those documents, which speak for themselves.  To the extent Paragraph 99 states conclusions of law, no response is required.  SKAT specifically denies that the Settlement Agreement divides SKAT's and the Covered Parties' obligations into two phases.  To the extent

Paragraph 99 contains any factual allegations, SKAT denies them, except SKAT admits that a failure to complete payments required by the Settlement Agreement constitutes an event of default under the agreement.

100.    SKAT denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 100 regarding Lhote or McGee's places of residence. To the extent Paragraph 100 states conclusions of law, no response is required.  SKAT denies any remaining allegations in Paragraph 100.

101.    To the extent Paragraph 101 characterizes or summarizes the Settlement Agreement and the 2021 Affidavit of Confession of Judgment, SKAT respectfully refers the Court to those documents, which speak for themselves.  To the extent Paragraph 101 states conclusions of law, no response is required.  SKAT denies any remaining allegations in Paragraph 101.

102.    Paragraph 102 states conclusions of law to which no response is required.  To the extent Paragraph 102 contains any factual allegations, SKAT denies them.

### FIRST CAUSE OF ACTION
**(Breach of Contract)**

103.    SKAT reasserts and incorporates its responses to all previous Paragraphs as if fully set forth herein.  SKAT denies all remaining allegations in Paragraph 103.

104.    SKAT admits that it entered into the Settlement Agreement and the Letter Agreement with Plaintiffs and McGee, among others, on or about May 28, 2019.

105.    SKAT denies the allegations in Paragraph 105.

106.    SKAT denies the allegations in Paragraph 106.

107.    SKAT denies the allegations in Paragraph 107.

108.    SKAT denies the allegations in Paragraph 108.

109.    SKAT denies the allegations in Paragraph 109.

110.    SKAT denies the allegations in Paragraph 110.

111.    SKAT denies the allegations in Paragraph 111.

112.    SKAT denies the allegations in Paragraph 112.

## SECOND CAUSE OF ACTION
### (28 U.S.C. § 2201 *et seq.*, Declaratory Judgment)

113.    SKAT reasserts and incorporates its responses to all previous Paragraphs as if fully set forth herein.  SKAT denies all remaining allegations in Paragraph 113.

114.    Paragraph 114 states conclusions of law to which no response is required.

115.    Paragraph 115 states conclusions of law to which no response is required.  To the extent Paragraph 115 contains any factual allegations, SKAT denies them.

116.    Paragraph 116 states conclusions of law to which no response is required.  To the extent Paragraph 116 contains any factual allegations, SKAT denies them.

117.    Paragraph 117 states conclusions of law to which no response is required.  To the extent Paragraph 117 contains any factual allegations, SKAT denies them.

## PRAYER FOR RELIEF

SKAT denies that Plaintiffs or Defendant McGee are entitled to any relief whatsoever in this action.  SKAT requests that this Court dismiss all claims asserted against it with prejudice and that the Court award to SKAT reasonable costs and expenses incurred in this action, including counsel fees, expert fees, and such other relief as the Court deems just and proper.

## AFFIRMATIVE AND OTHER DEFENSES

SKAT sets forth the following affirmative and other defenses to the Amended Complaint. In so doing, SKAT does not assume the burden of proving any fact, issue, proposition, or element of a cause of action where such burden properly belongs to the Plaintiffs.  SKAT

22

reserves the right to amend or supplement this Answer with additional defenses upon further

discovery or other investigation concerning these claims.

### FIRST AFFIRMATIVE DEFENSE

118.    The Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

119.    Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, laches,

acquiescence, and/or estoppel.

### THIRD AFFIRMATIVE DEFENSE

120.    Plaintiffs failed to comply with the notice and cure provision in section 11 of the

Settlement Agreement, which under the Agreement is a condition precedent to bringing their

breach of contract claims.

### FOURTH AFFIRMATIVE DEFENSE

121.    Plaintiffs waived any right they had to rescind the Settlement Agreement by

failing to promptly assert their claim.

### FIFTH AFFIRMATIVE DEFENSE

122.    Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

123.    To the extent Plaintiffs have suffered any damages for which the law would

provide a remedy, which SKAT denies, Plaintiffs are not entitled to rescission, in whole or in

part, of the Settlement Agreement.

### SEVENTH AFFIRMATIVE DEFENSE

124.    Plaintiffs are not entitled to rescission of the Settlement Agreement because

assuming *arguendo* that SKAT breached the Settlement Agreement, any such breach was

immaterial and not willful or so substantial and fundamental as to strongly tend to defeat the object of the parties in entering the Settlement Agreement.

### EIGHTH AFFIRMATIVE DEFENSE

125.    Plaintiffs are not entitled to the relief they seek of partial rescission of the Settlement Agreement because the Settlement Agreement is not divisible.

### NINTH AFFIRMATIVE DEFENSE

126.    Plaintiffs are not entitled to the relief they seek of partial rescission of the Settlement Agreement because it would not put the parties back in the same position they would have been in had there been no Settlement Agreement.

### TENTH AFFIRMATIVE DEFENSE

127.    Plaintiffs are not entitled to the relief they seek of partial rescission of the Settlement Agreement because they accepted the benefits of the Settlement Agreement and/or ratified or affirmed the Settlement Agreement after SKAT's alleged breach thereof.

### ELEVENTH AFFIRMATIVE DEFENSE

128.    Plaintiffs would be unjustly enriched if the relief they seek were to be granted.

### TWELFTH AFFIRMATIVE DEFENSE

129.    Plaintiffs have failed to mitigate or attempt to mitigate damages, if in fact any damages have been or will be sustained, and any recovery by Plaintiffs therefore must be diminished or barred.

### THIRTEENTH AFFIRMATIVE DEFENSE

130.    To the extent Plaintiffs have suffered any damages for which the law would provide a remedy, which SKAT denies, any such damages resulted from the acts or omissions of persons or entities other than SKAT.

## FOURTEENTH AFFIRMATIVE DEFENSE

131.    Plaintiffs, as the judgment debtors, lack standing to challenge the enforceability of the Affidavit of Confession of Judgment they executed.

## FIFTEENTH AFFIRMATIVE DEFENSE

132.    Plaintiffs' claims and requested relief are barred by equity and the terms of the Settlement Agreement.

Dated:  New York, New York
        June 5, 2024

Respectfully submitted,

HUGHES HUBBARD & REED LLP

 /s/ Marc A. Weinstein
William R. Maguire
Marc A. Weinstein
Neil J. Oxford
Dustin P. Smith
John T. McGoey
One Battery Park Plaza
New York, New York 10004-1482
(212) 837-6000 (t)
(212) 422-4726 (f)
bill.maguire@hugheshubbard.com
marc.weinstein@hugheshubbard.com
neil.oxford@hugheshubbard.com
dustin.smith@hugheshubbard.com
john.mcgoey@hugheshubbard.com

*Counsel for Defendant / Counterclaim-Plaintiff Skatteforvaltningen (Customs and Tax Administration of the Kingdom of Denmark)*