UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO. 1:23-CV-02508-NRB

MATTHEW STEIN and JEROME LHOTE,

      Plaintiffs,

v.

SKATTEFORVALTNINGEN,

      Defendant,

and

LUKE MCGEE,

      Nominal Defendant.

SKATTEFORVALTNINGEN,

      Counterclaim Plaintiff,

v.

MATTHEW STEIN, JEROME LHOTE, and LUKE MCGEE,

      Counterclaim Defendants.

**NOMINAL DEFENDANT LUKE MCGEE'S
ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Nominal Defendant Luke McGee ("McGee"), through undersigned counsel and pursuant to Fed. R. Civ. P. 12, hereby files his Answer, to the extent required as a nominal defendant, to the allegations in Plaintiffs' First Amended Complaint (ECF No. 94), and alleges:

1. McGee is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 1 of the First Amended Complaint.

2. McGee admits the allegations contained in Paragraph 2 of the First Amended Complaint.

3. To the extent Paragraph 3 characterizes or summarizes the Settlement Agreement or its terms, McGee respectfully refers the Court to the Settlement Agreement (which speaks for itself) and otherwise admits the allegations in Paragraph 3 of the First Amended Complaint.

4. To the extent Paragraph 4 characterizes or summarizes the Settlement Agreement or its terms, McGee respectfully refers the Court to the Settlement Agreement (which speaks for itself) and otherwise admits the allegations in Paragraph 4 of the First Amended Complaint.

5. To the extent Paragraph 5 characterizes or summarizes the Settlement Agreement or its terms, McGee respectfully refers the Court to the Settlement Agreement (which speaks for itself) and otherwise admits the allegations in Paragraph 5 of the First Amended Complaint.

6. McGee admits the allegations contained in Paragraph 6 of the First Amended Complaint.

7. McGee is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 7 of the First Amended Complaint.

8. McGee is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 8 of the First Amended Complaint.

9. To the extent Paragraph 9 characterizes or summarizes the Settlement Agreement or its terms, McGee respectfully refers the Court to the Settlement Agreement (which speaks for itself) and otherwise admits the allegations in Paragraph 9 of the First Amended Complaint.

10. McGee admits that at the time that McGee provided the initial affidavit of confession of judgment in 2019 and in 2021 when McGee provided a further affidavit of confession of judgment, he did not reside in the State of New York. McGee is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 10 of the First Amended Complaint.

11. McGee is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 11 of the First Amended Complaint.

12. McGee is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 12 of the First Amended Complaint.

13. McGee is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 13 of the First Amended Complaint.

## **PARTIES**

14. McGee is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 14 of the First Amended Complaint.

15. McGee is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 15 of the First Amended Complaint.

16. McGee is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 16 of the First Amended Complaint.

17. McGee admits that he is a citizen of the State of Florida, that he was a resident of Philadelphia County, Pennsylvania between August 2019 and June 2021; and that he is named as a Nominal Defendant in the First and Second Causes of Action alleged in the First Amended Complaint. McGee is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 17 of the First Amended Complaint.

## JURISDICTION AND VENUE

18. McGee admits the allegations contained in Paragraph 18 of the First Amended Complaint.

19. McGee admits the allegations contained in Paragraph 19 of the First Amended Complaint.

20. McGee admits the allegations contained in Paragraph 20 of the First Amended Complaint.

21. McGee admits the allegations contained in Paragraph 21 of the First Amended Complaint.

22. McGee admits the allegations contained in Paragraph 22 of the First Amended Complaint.

23. McGee admits the allegations contained in Paragraph 23 of the First Amended Complaint.

24. McGee admits the allegations contained in Paragraph 24 of the First Amended Complaint.

## FACTUAL ALLEGATIONS

25. McGee is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 25 of the First Amended Complaint.

26. McGee is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 26 of the First Amended Complaint.

27. McGee is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 27 of the First Amended Complaint.

28. McGee admits the allegations contained in Paragraph 28 of the First Amended Complaint.

29. McGee admits the allegations contained in Paragraph 29 of the First Amended Complaint.

30. McGee admits the allegations contained in Paragraph 30 of the First Amended Complaint.

31. McGee admits the allegations contained in Paragraph 31 of the First Amended Complaint.

32. McGee is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 32 of the First Amended Complaint.

33. McGee is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 33 of the First Amended Complaint Admitted.

34. McGee admits the allegations contained in Paragraph 34 of the First Amended Complaint.

35. McGee admits the allegations contained in Paragraph 35 of the First Amended Complaint.

36. McGee admits the allegations contained in Paragraph 36 of the First Amended Complaint.

37. McGee admits the allegations contained in Paragraph 37 of the First Amended Complaint.

38. McGee admits the allegations contained in Paragraph 38 of the First Amended Complaint.

39. McGee admits the allegations contained in Paragraph 39 of the First Amended Complaint.

40. McGee admits the allegations contained in Paragraph 40 of the First Amended Complaint.

41. McGee admits the allegations contained in Paragraph 41 of the First Amended Complaint.

42. McGee admits the allegations contained in Paragraph 42 of the First Amended Complaint.

43. McGee admits the allegations contained in Paragraph 43 of the First Amended Complaint.

44. McGee admits the allegations contained in Paragraph 44 of the First Amended Complaint.

45. McGee admits the allegations contained in Paragraph 45 of the First Amended Complaint.

46. To the extent Paragraph 46 characterizes or summarizes the Settlement Agreement or its terms, McGee respectfully refers the Court to the Settlement Agreement (which speaks for itself) and otherwise admits the allegations in Paragraph 46 of the First Amended Complaint.

47. To the extent Paragraph 47 characterizes or summarizes the Settlement Agreement or its terms, McGee respectfully refers the Court to the Settlement Agreement (which speaks for itself) and otherwise admits the allegations in Paragraph 47 of the First Amended Complaint.

48. To the extent Paragraph 48 characterizes or summarizes the Settlement Agreement or its terms, McGee respectfully refers the Court to the Settlement Agreement (which speaks for itself) and otherwise admits the allegations in Paragraph 48 of the First Amended Complaint.

49. McGee admits the allegations contained in Paragraph 49 of the First Amended Complaint.

50. To the extent Paragraph 50 characterizes or summarizes the Settlement Agreement or its terms, McGee respectfully refers the Court to the Settlement Agreement (which speaks for itself) and otherwise admits the allegations in Paragraph 50 of the First Amended Complaint.

51. McGee admits the allegations contained in Paragraph 51 of the First Amended Complaint.

52. McGee admits the allegations contained in Paragraph 52 of the First Amended Complaint.

53. To the extent Paragraph 53 characterizes or summarizes the Settlement Agreement or its terms, McGee respectfully refers the Court to the Settlement Agreement (which speaks for itself) and otherwise admits the allegations in Paragraph 53 of the First Amended Complaint.

54. To the extent Paragraph 54 characterizes or summarizes the Settlement Agreement or its terms, McGee respectfully refers the Court to the Settlement Agreement (which speaks for itself) and otherwise admits the allegations in Paragraph 54 of the First Amended Complaint.

55. To the extent Paragraph 55 characterizes or summarizes the Settlement Agreement or its terms, McGee respectfully refers the Court to the Settlement Agreement (which speaks for itself) and otherwise admits the allegations in Paragraph 55 of the First Amended Complaint.

56. McGee admits the allegations contained in Paragraph 56 of the First Amended Complaint.

57. McGee admits the allegations contained in Paragraph 57 of the First Amended Complaint.

58. McGee admits the allegations contained in Paragraph 58 of the First Amended Complaint.

59. To the extent Paragraph 59 characterizes or summarizes the Settlement Agreement or its terms, McGee respectfully refers the Court to the Settlement Agreement (which speaks for itself) and otherwise admits the allegations in Paragraph 59 of the First Amended Complaint.

60. To the extent Paragraph 60 characterizes or summarizes the Settlement Agreement or its terms, McGee respectfully refers the Court to the Settlement Agreement (which speaks for itself) and otherwise admits the allegations in Paragraph 60 of the First Amended Complaint.

61. To the extent Paragraph 61 characterizes or summarizes the Settlement Agreement or its terms, McGee respectfully refers the Court to the Settlement Agreement (which speaks for itself) and otherwise admits the allegations in Paragraph 61 of the First Amended Complaint.

62. To the extent Paragraph 62 characterizes or summarizes the Settlement Agreement or its terms, McGee respectfully refers the Court to the Settlement Agreement (which speaks for itself) and otherwise admits the allegations in Paragraph 62 of the First Amended Complaint.

63. To the extent Paragraph 63 characterizes or summarizes the Settlement Agreement or its terms, McGee respectfully refers the Court to the Settlement Agreement (which speaks for itself) and otherwise admits the allegations in Paragraph 63 of the First Amended Complaint.

64. To the extent Paragraph 64 characterizes or summarizes the Settlement Agreement or its terms, McGee respectfully refers the Court to the Settlement Agreement (which speaks for itself) and otherwise admits the allegations in Paragraph 64 of the First Amended Complaint.

65. McGee admits the allegations contained in Paragraph 65 of the First Amended Complaint.

66. McGee admits the allegations contained in Paragraph 66 of the First Amended Complaint.

67. McGee admits the allegations contained in Paragraph 67 of the First Amended Complaint.

68. McGee admits the allegations contained in Paragraph 68 of the First Amended Complaint.

69. To the extent Paragraph 69 characterizes or summarizes the Settlement Agreement or its terms, McGee respectfully refers the Court to the Settlement Agreement (which speaks for itself) and otherwise admits the allegations in Paragraph 69 of the First Amended Complaint.

70. McGee admits the allegations contained in Paragraph 70 of the First Amended Complaint.

71. McGee admits the allegations contained in Paragraph 71 of the First Amended Complaint.

72. McGee admits the allegations contained in Paragraph 72 of the First Amended Complaint.

73. McGee admits the allegations contained in Paragraph 73 of the First Amended Complaint.

74. McGee admits the allegations contained in Paragraph 74 of the First Amended Complaint.

75. McGee admits the allegations contained in Paragraph 75 of the First Amended Complaint.

76. McGee is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 76 of the First Amended Complaint.

77. McGee admits the allegations contained in Paragraph 77 of the First Amended Complaint.

78. McGee admits the allegations contained in Paragraph 78 of the First Amended Complaint.

79. McGee admits the allegations contained in Paragraph 79 of the First Amended Complaint.

80. McGee is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 80 of the First Amended Complaint.

81. McGee is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 81 of the First Amended Complaint.

82. McGee is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 82 of the First Amended Complaint.

83. McGee admits the allegations contained in Paragraph 83 of the First Amended Complaint.

84. McGee admits the allegations contained in Paragraph 84 of the First Amended Complaint.

85. McGee admits the allegations contained in Paragraph 85 of the First Amended Complaint.

86. McGee admits the allegations contained in Paragraph 86 of the First Amended Complaint.

87. McGee admits the allegations contained in Paragraph 87 of the First Amended Complaint.

88. McGee admits the allegations contained in Paragraph 88 of the First Amended Complaint.

89. McGee is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 89 of the First Amended Complaint.

90. To the extent Paragraph 90 characterizes or summarizes the Settlement Agreement or its terms, McGee respectfully refers the Court to the Settlement Agreement (which speaks for itself) and otherwise admits the allegations in Paragraph 90 of the First Amended Complaint.

91. To the extent Paragraph 91 characterizes or summarizes the Settlement Agreement or its terms, McGee respectfully refers the Court to the Settlement Agreement (which speaks for itself) and otherwise admits the allegations in Paragraph 91 of the First Amended Complaint.

92. McGee admits the allegations contained in Paragraph 92 of the First Amended Complaint.

93. McGee admits the allegations contained in Paragraph 93 of the First Amended Complaint.

94. McGee admits the allegations contained in Paragraph 94 of the First Amended Complaint.

95. To the extent Paragraph 95 characterizes or summarizes the Settlement Agreement or its terms, McGee respectfully refers the Court to the Settlement Agreement (which speaks for itself) and otherwise admits the allegations in Paragraph 95 of the First Amended Complaint.

96. McGee is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 96 of the First Amended Complaint.

97. McGee is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 97 of the First Amended Complaint.

98. McGee admits the allegations contained in Paragraph 98 of the First Amended Complaint.

99. McGee is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 99 of the First Amended Complaint.

100. McGee is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 100 of the First Amended Complaint.

101. McGee is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 101 of the First Amended Complaint.

102. McGee is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 102 of the First Amended Complaint.

**FIRST CAUSE OF ACTION**
**(Breach of Contract Against**
**Defendant SKAT and Nominal Defendant McGee)**

103. McGee alleges and incorporates his responses to Paragraphs 1 through 102 as if set forth fully herein.

104. McGee admits the allegations contained in Paragraph 104 of the First Amended Complaint.

105. McGee admits the allegations contained in Paragraph 105 of the First Amended Complaint.

106. McGee admits the allegations contained in Paragraph 106 of the First Amended Complaint.

107. McGee admits the allegations contained in Paragraph 107 of the First Amended Complaint.

108. McGee admits the allegations contained in Paragraph 108 of the First Amended Complaint.

109. McGee admits the allegations contained in Paragraph 109 of the First Amended Complaint.

110. McGee admits the allegations contained in Paragraph 110 of the First Amended Complaint.

111. McGee admits the allegations contained in Paragraph 110 of the First Amended Complaint.

112. McGee admits the allegations contained in Paragraph 111 of the First Amended Complaint.

**SECOND CAUSE OF ACTION**
**(28 U.S.C. § 2201 *et seq.*, Declaratory Judgment Against Defendant SKAT and Nominal Defendant McGee)**

113. McGee alleges and incorporates his responses to Paragraphs 1 through 112 as if set forth fully herein.

114. McGee is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 114 of the First Amended Complaint.

115. McGee admits the allegations contained in Paragraph 115 of the First Amended Complaint.

116. McGee admits the allegations contained in Paragraph 116 of the First Amended Complaint.

117. McGee is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 117 of the First Amended Complaint.

Dated: New York, New York
June 6, 2024

                        Respectfully submitted,

                        **NELSON MULLINS RILEY & SCARBOROUGH LLP**

                        */s/ Daniel S. Newman*
                        DANIEL S. NEWMAN
                        SDNY Bar Code: DN0959
                        One Biscayne Tower, 21st Floor
                        2 South Biscayne Boulevard
                        Miami, Florida 33131
                        Tel. 305.373.9400 | Fax 305.373.9443

                        *Counsel for Nominal Defendant / Counterclaim Defendant Luke McGee*