

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Office:+1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Marc A. Weinstein
Partner
Direct Dial: +1 (212) 837-6460
Direct Fax: +1 (212) 299-6460
marc.weinstein@hugheshubbard.com

December 31, 2024

BY ECF

Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

  Re:  *Stein et al. v. Skatteforvaltningen*, No. 23-cv-02508 (NRB)

Dear Judge Buchwald:

  We write on behalf of defendant/counterclaim plaintiff Skatteforvaltningen ("SKAT") to respond to the letter motion (ECF No. 136) filed by plaintiffs/counterclaim defendants Matthew Stein and Jerome Lhote requesting a pre-motion conference regarding various discovery disputes concerning fact discovery, which letter motion counterclaim defendant Luke McGee (collectively with Stein and Lhote, "Movants") joins. (*See* ECF No. 138 at 1.)

  As an initial matter, SKAT notes that Movants raise these fact discovery disputes over two months after the parties reached an impasse in their meet and confer process. The Court should deny the request as untimely.

  Untimeliness aside, as set forth below, Movants by and large seek to relitigate SKAT's legal arguments rather than raise any legitimate deficiencies with SKAT's discovery responses. As the Court recognized in rejecting Movants' earlier discovery contentions, "[Movants'] discovery requests far exceed, in scope and substance, temporally and otherwise, plaintiffs' pled claim." (ECF No. 88 (the "Discovery Order") at 2.) So too here.

**SKAT's Knowledge of the 2019 Amendment to CPLR 3218.**

  SKAT's knowledge of the 2019 amendment to CPLR 3218 has no relevance to the parties' claims or defenses or any issue in this case. Movants argue that if Lhote and McGee's knowledge of the amendment is relevant, "then SKAT's knowledge of the very same issues is also relevant," but they fail to offer any cogent explanation for why that is the case. (ECF No. 136 at 2.) Lhote and McGee's knowledge of the amendment limiting entry of confessions of

judgment, without an action, to debtors with a New York residence is relevant because, as the Court noted, Lhote and McGee may have waived the statute's residency requirement in executing the operative confession of judgment authorizing entry of the confessed judgment in New York County.  (ECF No. 87 at 17.)  SKAT's knowledge of the amendment, by contrast, has nothing to do with whether Lhote and McGee intended to waive the statute's protections.  Nor do Movants argue otherwise.

Rather, Movants offer an inchoate assumption of risk theory under which "if SKAT *did know* of the amendment to CPLR 3218, then it would have knowingly accepted the risks that the renewed confession of judgment might not be enforceable."  (ECF No. 136 at 2.)  But whether SKAT knowingly accepted such a risk (or not) has no bearing on the enforceability of the confession of judgment in this case.  As the Court previously recognized, "New York courts have found that the newly added residency requirement only concerns the entry of judgment against a nonresident 'without an action' and does not apply in cases like this one where a party seeks entry of a confessed judgment by filing an action."  (ECF No. 87 at 17 (citation omitted).)  SKAT's supposed assumption of risk does not change the plain meaning of the CPLR.[1]  Nor is there any merit to Movants' theory that "if SKAT *did not know*" about the amendment "then relief to SKAT associated with [the confession of judgment's] enforceability might be foreclosed because mistakes of law do not entitle a party to equitable relief."  (ECF No. 136 at 2.)  SKAT does not seek equitable relief.

Further, SKAT's counsel's knowledge and legal assessment of the 2019 amendment is an improper and privileged subject.[2]  The decisions on which Movants rely are inapposite, as each concerns *counsel's knowledge of relevant facts*, not counsel's legal knowledge.  *See Veal v. Geraci*, 23 F.3d 722, 724-25 (2d Cir. 1994) (attorney's knowledge of tainted lineup concerning Section 1983 claim); *Tucker v. Am. Int'l Grp., Inc.*, No. 3:09–CV–1499 (CSH), 2012 WL 314866, at *15 (D. Conn. Jan. 31, 2012) ("she is imputed with the knowledge of *the facts* he gained in acting on her behalf in the settlement negotiations" (emphasis added)); *Pereira v. United Jersey Bank*, No. 94 Civ. 1565(LAP), 1997 WL 773716, at *5-6 (S.D.N.Y. Dec. 11, 1997) (in-house counsel's knowledge of "check-kiting" scheme).  Movants' arguments are thus baseless.

**SKAT's Obligations Under Phase II of the Settlement Agreement.**

Contrary to Movants' assertion, SKAT's answer to their interrogatory asking that it "[i]dentify all of SKAT's contractual obligations under the Settlement Agreement that required any actions by SKAT, or SKAT's refraining from any actions, after its receipt of the Initial Cash Payment" (ECF No. 136-1 at 4) was not "unresponsive."  (ECF No. 136 at 3.)  As SKAT explained, "its contractual obligations under the Settlement Agreement are not specifically

---

1. Moreover, Movants' contention that an answer from SKAT would have allegedly "exposed its breach of Section 8(f)" (ECF No. 136 at 2) is not relevant to the 2019 amendment to CPLR 3218 and appears to be an attempt to shoehorn Movants' argument that they would not have executed the 2021 Affidavit of Confession of Judgment had they known of SKAT's alleged failure to comply with Section 8(f).

2. Nor is it relevant that "Lhote and McGee answered deposition questions on this subject and did not assert any privilege."  (ECF No. 136 at 2.)  Movants do not assert that SKAT has waived privilege on the subject, either expressly or impliedly.

triggered by its receipt of the Initial Cash Payment, with the exception of: (i) release of the Covered Parties upon completion of the Initial Cash Payment (§ 4) and (ii) dismissal of claims against" a particular individual (§ 3.a). (ECF No. 136-1 at 4.) SKAT's contention is that there is no other distinction between SKAT's obligations under the Settlement Agreement that turns on its receipt of the Initial Cash Payment. (*See id.*) SKAT's response to Interrogatory No. 21 is proper.

**SKAT's 2022 Communication with SØIK.**

Movants' Interrogatory 6 asking SKAT to "[e]xplain in detail the nature" of a telephone call between SØIK and SKAT seeks irrelevant information concerning nonparties to the Settlement Agreement that is beyond the temporal and substantive scope that the Court set for fact discovery. The telephone call about which Movants inquire occurred on or about February 3, 2022, well outside the March 2019 to June 2021 timeframe the Court set for discovery, *i.e.* the "time period [that] meaningfully encompasses the sole claim of breach alleged in plaintiffs' complaint." (Discovery Order at 4.)

Moreover, the email chain referenced in Interrogatory No. 6 does not concern Movants, but instead is an inquiry by SØIK relating to Guenther Klar, Rajen Shah, Anupe Dhorajiwala, and Graham Horn—nonparties to this action and to the Settlement Agreement. Movants' desire for this information is contrary to the Court's ruling that "since movants are criminal defendants in proceedings commenced by SØIK, movants may not use this case to obtain discovery for use in the criminal case which may not be available to them in that proceeding." (Discovery Order at 5.)

\* \* \*

To the extent the Court grants Movants' request for a pre-motion conference, SKAT notes that its counsel will be on trial in the related MDL proceeding before the Honorable Lewis A. Kaplan, *In re Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litigation*, 18-md-02865 (LAK), starting on January 7, 2025. Judge Kaplan has informed the parties to the trial that the trial will proceed on Monday through Thursday each week until the trial ends.

Respectfully submitted,

/s/ Marc A. Weinstein___
Marc A. Weinstein

cc: all counsel of record (via ECF)