# McKool Smith

Daniel W. Levy
Direct Dial: (212) 402-9412
dlevy@mckoolsmith.com

1301 Avenue of the Americas
32nd Floor
New York, New York 10019

Telephone: (212) 402-9400
Facsimile: (212) 402-9444

January 7, 2025

By ECF
The Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
500 Pearl Street, Room 2270
New York, New York  10007

   RE: Stein and Lhote v. Skatteforvaltningen
      23 Civ. 2508 (NRB)

Dear Judge Buchwald:

 On behalf of Plaintiffs, we respectfully request that the Court permit the filing of this short letter in reply to SKAT's letter, dated December 31, 2024 (ECF No. 139), and that the Court consider it in ruling on the issues raised.

 **Plaintiffs' Letter Is Timely.**  SKAT argues first that Plaintiffs' letter is untimely and, for that reason alone, Plaintiffs' requests should be denied.  *Id.* at 1.  This cannot be.  First, SKAT has not, and cannot, provide any evidence that the passage of time has prejudiced it in any way whatsoever.  The same is true for McGee's letter (ECF No. 138).

 Beyond that, SKAT fails to set out the relevant history in suggesting that Plaintiffs unduly delayed raising these discovery disputes.  The parties initially met and conferred regarding SKAT's responses to interrogatories and requests for admission in mid-August 2024.  In early September, Plaintiffs' set out in great detail the various issues necessary for resolution.  Exh. D at 1-2.  Over the next six or so weeks, Plaintiffs' counsel repeatedly sought a response.  *Id.* at 4, 7, 9.  It was not until mid-October that SKAT provided one.  *Id.* at 10.  In doing so, SKAT indicated that it was still continuing to evaluate its responses to one interrogatory that it would address "in short order" and would consider a stipulation on several other interrogatories as time went on, thereby making it clear that the parties needed to continue to confer for the issues to be ripe for the Court's resolution.  SKAT did not provide any further response until Plaintiffs requested, yet again, that SKAT provide further information when the parties spoke by telephone on December 23, 2024.  *Id.* at 14.  Plaintiffs and McGee attempted, in good faith, to avoid burdening the Court with discovery disputes until it the parties had reached an impasse on the issues to be raised.  That was not until December 23, 2024.  A few days later, Plaintiffs and McGee filed their pre-motion conference letters (ECF Nos. 139-40).  This was timely and, regardless, SKAT was not prejudiced by the manner in which the disputes were raised.

 **There Is No Relitigation.**  With no explanation, SKAT contends that the issues raised by Plaintiffs are an attempt to "relitigate SKAT's legal arguments," ECF No. 139 at 1, as if all of the issues raised have already been ruled upon by the Court.  There is little to this.  For example,

The Honorable Naomi Reice Buchwald
January 7, 2025
Page 2

the Court has never had occasion to determine anything regarding the severability of the Settlement Agreement, which is crucial to Plaintiffs' claim for rescission, and the subject of one of the disputes. In any event, an interrogatory or request for admission seeking an application of law to fact is perfectly appropriate. *See* Fed. R. Civ. P. 33(a)(2), 36(a)(1).

**SKAT's Knowledge of the 2019 Amendment to CPLR 3218 Is Relevant.** Contrary to its suggestion, SKAT's knowledge of the 2019 amendment to CPLR 3218 is relevant to understanding, for example, whether, and to what extent, the parties assumed the risks associated with the 2021 Affidavit of Confession of Judgment, including its unenforceability following the 2019 change in law. SKAT's knowledge here is at least as relevant as Lhote and McGee's.

Indeed, SKAT knows this perfectly well. This is why during, SKAT during Lhote's deposition , SKAT asked Lhote:(1) whether he informed SKAT that the 2021 Affidavit of Confession of Judgment might not be unenforceable; (2) whether Lhote knew whether Lhote's lawyers had a discussion with SKAT that the 2021 Affidavit of Confession of Judgment might not be enforceable; and (3) whether Lhote instructed his lawyers to have a conversation with SKAT about the fact that the 2021 Affidavit of Confession of Judgment might not be enforceable. Exh. E. All of these questions bore on SKAT's knowledge of the change in law. SKAT cannot seriously say now that its knowledge is irrelevant.

As for the privilege claim, SKAT concedes that no attorney-client communication is implicated by these interrogatories. If anything, work product is the only conceivable basis for SKAT to assert a privilege. And, on this, SKAT cannot wriggle out from answering the interrogatory by calling what Plaintiffs seek "counsel's legal knowledge." ECF No. 139 at 2. Whether SKAT's outside lawyers knew of the change in law is a *fact* of significant consequence in this action. It is a fact put at issue by SKAT, Plaintiffs have a great need to know the fact, and SKAT's providing a yes-or-no answer to these interrogatories is both easy and appropriate. Plus, it is far better that this be resolved now than it need to be resolved during trial.

**SKAT Should Be Able To Identify Its Obligations Under the Settlement Agreement.** In arguing that SKAT should not have to identify the obligations of the Settlement Agreement that require, or preclude, actions after receipt of the Initial Cash Payment, SKAT is arguing about an interrogatory that Plaintiffs did not interpose. As they did in their responses, SKAT refers to what "triggers" what. That was not the question asked. The interrogatory is simple: what does the Settlement Agreement require SKAT to do, or not do, after receipt of the Initial Cash Payment. SKAT should be able to answer this interrogatory, which is important for Plaintiffs' rescission claim. Plus, doing so now will avoid unnecessary trial testimony about the agreement.

**SKAT's Communications with SØIK are Relevant.** SKAT states that the telephone call addressed by Interrogatory No. 6 concerns "Guenther Klar, Rajen Shah, Anupe Dhorajiwala, and Graham Horn," and must, therefore, be irrelevant. They misread the interchanges and gravely so. These interchanges began in February 2021 when SØIK inquired about Stein, Lhote, and McGee's cooperation under the Settlement Agreement. A year later, SØIK spoke with SKAT and, as a result of the call, SØIK decided that it no longer needed to know about this aspect of their cooperation. The interrogatory was an easy and appropriate way to find out why.

The Honorable Naomi Reice Buchwald
January 7, 2025
Page 3

                                      Respectfully submitted,

                                                  /s/

                                      Daniel W. Levy

Cc:     All Counsel (by ECF)