LETTER TO THE HONORABLE
NAOMI REICE BUCHWALD,
dated January 7, 2025

# Exhibit D

4911-8942-9257

**Daniel W. Levy**

| | |
|---|---|
| **From:** | Daniel W. Levy |
| **Sent:** | Thursday, September 5, 2024 6:38 PM |
| **To:** | Weinstein, Marc A.; McGoey, John |
| **Cc:** | Rosenkilde, Kiran; Dan Newman; Justin Kaplan (justin.kaplan@nelsonmullins.com); EDGAR A. NEELY IV (edgar.neely@nelsonmullins.com); Olivia Visconti |
| **Subject:** | next steps with RFAs and ROGs |

Marc and John,

After our conversations in mid-August, we have some follow-up questions concerning SKAT's responses to Matt and Jerome's ROGs and RFAs.

**RFAs**

**Rule 36 Compliance:**  Can you please confirm that, for all of the RFAs where SKAT denied knowledge or information sufficient to admit or deny (7, 23-27, 29-30, 32, and 38), SKAT "has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny" these interrogatories?  This is a requirement of Rule 36(a)(4).

**RFAs 1, 5, 43:**  If there were additional writings, we ask that you please identify them by Bates number, as you did with respect to RFA 42.

**RFAs 2-4:**  I don't know if we raised these interrogatories.  They plainly ask if these communications were sent promptly upon execution of the Settlement Agreement.  Your answers are directed at something else.  Please consider whether SKAT will admit or deny the RFA as asked.

**RFAs 17 through 21:**  You asked during our last call for some authority concerning the discoverability over a privilege objection of the knowledge of counsel.  You may wish to consult these cases, among others that you may find, particularly in light of the SKAT 30(b)(6) testimony at 360:18-364:20:

- *Patriarch Partners, LLC v. Axis Ins. Co.*, 758 F. App'x 14, 20 (2d Cir. 2018)

- *Veal v. Geraci*, 23 F.3d 722, 725 (2d Cir. 1994)

- *SEC v. McNulty*, 137 F.3d 732, 739 (2d Cir. 1998)

- *Legacy Cap. 26, LLC v. Chaldean Enter., LLC*, 2023 WL 5530307, at *2 (S.D.N.Y. Aug. 28, 2023)

- *Tucker v. Am. Int'l Grp., Inc.*, 2012 WL 314866, at *15 (D. Conn. Jan. 31, 2012)

- *Pereira v. United Jersey Bank*, 1997 WL 773716, at *5-6 (S.D.N.Y. Dec. 11, 1997)

**RFAs 23-27:**  We would like to put this to rest now, which is the purpose of RFAs, and ask that you let us know whether SKAT would stipulate that, for the purposes of the application of CPLR 3218, Jerome was not a resident of the State of New York or any county in the State of New York starting in or about July 2020 and continuing through the present.  If so, we will prepare one.  We imagine that Luke would want SKAT to enter

1

into a similar stipulation. If he does and SKAT will so stipulate, we can include it in a stipulation to be provided.

**RFA 38:**  Please let us know whether you have had further thinking on admitting this RFA.

**ROGs**

**ROGs 6, 9, 10, 15, 18, 19, 20, and 21:**  Please let us know whether you have had further thinking about these interrogatories and whether SKAT will provide further responses.

**ROG 14:**  During our last call, SKAT explained that SKAT did not intend its response to mean that the alleged DKK 55 million solely funded the dividend received by the Covered Parties, as suggested in ¶ 158. Rather, as you explained, SKAT's allegation is based on an inference about NCB's revenue and its ability to issue dividends in 2014 and 2015. Do we understand this correctly? If not, can you please clarify?

*   *   *

We are happy to set up an additional call to discuss these issues further.

Please let us know.

Best,

DWL

McKool Smith | Daniel W. Levy
Principal | New York | Tel: (212) 402-9412 | Mobile: (347) 578-4176

2

**Daniel W. Levy**

| | |
|---|---|
| **From:** | Daniel W. Levy |
| **Sent:** | Thursday, September 19, 2024 11:53 AM |
| **To:** | Weinstein, Marc A.; McGoey, John |
| **Cc:** | Rosenkilde, Kiran; Dan Newman; Justin Kaplan (justin.kaplan@nelsonmullins.com); EDGAR A. NEELY IV (edgar.neely@nelsonmullins.com); Olivia Visconti |
| **Subject:** | RE: next steps with RFAs and ROGs |

May I ask you to look into this when you can?

Thank you in advance.



Daniel W. Levy
Principal
New York, NY
Tel: (212) 402-9412 | Mobile: (347) 578-4176
dlevy@McKoolSmith.com | www.mckoolsmith.com

NOTICE OF CONFIDENTIALITY: The information contained in and transmitted with this e-mail is SUBJECT TO THE ATTORNEY-CLIENT and ATTORNEY WORK PRODUCT PRIVILEGE and is CONFIDENTIAL. It is intended only for the individual or entity designated above. You are hereby notified that any dissemination, distribution, copying, use or reliance upon the information contained in and transmitted with this e-mail by or to anyone other than the addressee designated above by the sender is unauthorized and strictly prohibited. If you have received this e-mail in error, please notify the sender by reply immediately. Any e-mail erroneously transmitted to you should be immediately destroyed.

**From:** Daniel W. Levy <dlevy@McKoolSmith.com>
**Sent:** Thursday, September 5, 2024 6:38 PM
**To:** Weinstein, Marc A. <marc.weinstein@hugheshubbard.com>; McGoey, John <john.mcgoey@hugheshubbard.com>
**Cc:** Rosenkilde, Kiran <Kiran.Rosenkilde@hugheshubbard.com>; Dan Newman <dan.newman@nelsonmullins.com>; Justin Kaplan (justin.kaplan@nelsonmullins.com) <justin.kaplan@nelsonmullins.com>; EDGAR A. NEELY IV (edgar.neely@nelsonmullins.com) <edgar.neely@nelsonmullins.com>; Olivia Visconti <ovisconti@McKoolSmith.com>
**Subject:** next steps with RFAs and ROGs

Marc and John,

After our conversations in mid-August, we have some follow-up questions concerning SKAT's responses to Matt and Jerome's ROGs and RFAs.

**RFAs**

**Rule 36 Compliance:**  Can you please confirm that, for all of the RFAs where SKAT denied knowledge or information sufficient to admit or deny (7, 23-27, 29-30, 32, and 38), SKAT "has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny" these interrogatories?  This is a requirement of Rule 36(a)(4).

**RFAs 1, 5, 43:**  If there were additional writings, we ask that you please identify them by Bates number, as you did with respect to RFA 42.

1

**RFAs 2-4:** I don't know if we raised these interrogatories. They plainly ask if these communications were sent promptly upon execution of the Settlement Agreement. Your answers are directed at something else. Please consider whether SKAT will admit or deny the RFA as asked.

**RFAs 17 through 21:** You asked during our last call for some authority concerning the discoverability over a privilege objection of the knowledge of counsel. You may wish to consult these cases, among others that you may find, particularly in light of the SKAT 30(b)(6) testimony at 360:18-364:20:

- *Patriarch Partners, LLC v. Axis Ins. Co.*, 758 F. App'x 14, 20 (2d Cir. 2018)

- *Veal v. Geraci*, 23 F.3d 722, 725 (2d Cir. 1994)

- *SEC v. McNulty*, 137 F.3d 732, 739 (2d Cir. 1998)

- *Legacy Cap. 26, LLC v. Chaldean Enter., LLC*, 2023 WL 5530307, at *2 (S.D.N.Y. Aug. 28, 2023)

- *Tucker v. Am. Int'l Grp., Inc.*, 2012 WL 314866, at *15 (D. Conn. Jan. 31, 2012)

- *Pereira v. United Jersey Bank*, 1997 WL 773716, at *5-6 (S.D.N.Y. Dec. 11, 1997)

**RFAs 23-27:** We would like to put this to rest now, which is the purpose of RFAs, and ask that you let us know whether SKAT would stipulate that, for the purposes of the application of CPLR 3218, Jerome was not a resident of the State of New York or any county in the State of New York starting in or about July 2020 and continuing through the present. If so, we will prepare one. We imagine that Luke would want SKAT to enter into a similar stipulation. If he does and SKAT will so stipulate, we can include it in a stipulation to be provided.

**RFA 38:** Please let us know whether you have had further thinking on admitting this RFA.

**ROGs**

**ROGs 6, 9, 10, 15, 18, 19, 20, and 21:** Please let us know whether you have had further thinking about these interrogatories and whether SKAT will provide further responses.

**ROG 14:** During our last call, SKAT explained that SKAT did not intend its response to mean that the alleged DKK 55 million solely funded the dividend received by the Covered Parties, as suggested in ¶ 158. Rather, as you explained, SKAT's allegation is based on an inference about NCB's revenue and its ability to issue dividends in 2014 and 2015. Do we understand this correctly? If not, can you please clarify?

*       *       *

We are happy to set up an additional call to discuss these issues further.

Please let us know.

Best,

DWL

**McKool Smith** | Daniel W. Levy
Principal | New York | Tel: (212) 402-9412 | Mobile: (347) 578-4176

| | |
|---|---|
| **From:** | Daniel W. Levy |
| **To:** | Weinstein, Marc A.; McGoey, John; Rosenkilde, Kiran |
| **Cc:** | Dan Newman; Justin Kaplan (justin.kaplan@nelsonmullins.com); EDGAR A. NEELY IV (edgar.neely@nelsonmullins.com); Olivia Visconti |
| **Subject:** | checking in on a few items |
| **Date:** | Wednesday, October 2, 2024 3:47:09 PM |
| **Attachments:** | image682882.png |
| | image699018.png |

There are a few items in your court that I am checking on:

- our 9/5 e-mail regarding your responses to our interrogatories
- our 9/18 e-mail regarding your request to disclose settlement information
- our 9/22 e-mail regarding the True-Up stipulation
- our 9/23 e-mail regarding material cited in the Landy report

Can you look into these?

If it would help re-forward these e-mails, I can.

If it would help to discuss any/all by phone, we are happy to do that too.

Thank you in advance.



McKool Smith Logo

NOTICE OF CONFIDENTIALITY: The information contained in and transmitted with this e-mail is SUBJECT TO THE ATTORNEY-CLIENT and ATTORNEY WORK PRODUCT PRIVILEGE and is CONFIDENTIAL. It is intended only for the individual or entity designated above. You are hereby notified that any dissemination, distribution, copying, use or reliance upon the information contained in and transmitted with this e-mail by or to anyone other than the addressee designated above by the sender is unauthorized and strictly prohibited. If you have received this e-mail in error, please notify the sender by reply immediately. Any e-mail erroneously transmitted to you should be immediately destroyed.

# Daniel W. Levy

| | |
|---|---|
| **From:** | Weinstein, Marc A. <marc.weinstein@hugheshubbard.com> |
| **Sent:** | Thursday, October 10, 2024 8:01 PM |
| **To:** | Daniel W. Levy; McGoey, John; Rosenkilde, Kiran; Maguire, Bill |
| **Cc:** | Dan Newman; Justin Kaplan (justin.kaplan@nelsonmullins.com); EDGAR A. NEELY IV (edgar.neely@nelsonmullins.com); Olivia Visconti |
| **Subject:** | RE: three aspects of scheduling |

Dan,

Although the fact that the 14th is a court holiday shouldn't impact the exchange of rebuttal reports, we are fine making the exchange date the 15th. We will get back to you shortly on the other pending questions

Best,
Marc

**Marc A. Weinstein** | Partner
Chair, White Collar Defense

**Hughes Hubbard & Reed LLP**
One Battery Park Plaza, 17th floor | New York | NY 10004-1482
Office +1 (212) 837-6460 | Cell +1 (646) 537-5750 | Fax +1 (212) 299-6460

marc.weinstein@hugheshubbard.com

This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender therefore does not accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission. If verification is required please request a hard-copy version.

---

**From:** Daniel W. Levy <dlevy@McKoolSmith.com>
**Sent:** Thursday, October 10, 2024 4:18 PM
**To:** Weinstein, Marc A. <marc.weinstein@hugheshubbard.com>; McGoey, John <john.mcgoey@hugheshubbard.com>; Rosenkilde, Kiran <Kiran.Rosenkilde@hugheshubbard.com>; Maguire, Bill <bill.maguire@hugheshubbard.com>
**Cc:** Dan Newman <dan.newman@nelsonmullins.com>; Justin Kaplan (justin.kaplan@nelsonmullins.com) <justin.kaplan@nelsonmullins.com>; EDGAR A. NEELY IV (edgar.neely@nelsonmullins.com) <edgar.neely@nelsonmullins.com>; Olivia Visconti <ovisconti@McKoolSmith.com>
**Subject:** three aspects of scheduling

**CAUTION: This email was sent by someone outside of the Firm.**

1. We just want to confirm that we are all the same page regarding the date for service of rebuttal expert reports. The last scheduling order requires rebuttal expert reports to be served on or before October 14. Monday is a legal holiday, which would mean that, under Rule 6, the rebuttal expert report is to be served on or before October 15. Agree?

2. We have reached out now several times about SKAT's responses to our RFAs and ROGs. We ask that please respond to our e-mail on or before Wednesday. If you don't intend to respond, please let us know that, so we can just proceed with the court.

1

3. Your e-mail of 9/12 regarding the disclosure of settlement information suggested some time sensitivity.  You also indicated that you would be happy to discuss any questions we had.  We asked you questions by e-mail of 9/18.  We have not heard from you.  Is this no longer an issue?

The other items below are less time-sensitive, but we would very much like to have the materials regarding Mr. Landy's report that we requested and we would like to advance our discussions about the True-Up amount, both the stipulation and hopefully a larger resolution, if you wish to do so.

**McKool Smith** | Daniel W. Levy | Principal
dlevy@McKoolSmith.com | New York, NY | Tel: (212) 402-9412 | Mobile: (347) 578-4176

NOTICE OF CONFIDENTIALITY: The information contained in and transmitted with this e-mail is SUBJECT TO THE ATTORNEY-CLIENT and ATTORNEY WORK PRODUCT PRIVILEGE and is CONFIDENTIAL. It is intended only for the individual or entity designated above. You are hereby notified that any dissemination, distribution, copying, use or reliance upon the information contained in and transmitted with this e-mail by or to anyone other than the addressee designated above by the sender is unauthorized and strictly prohibited. If you have received this e-mail in error, please notify the sender by reply immediately. Any e-mail erroneously transmitted to you should be immediately destroyed.

**From:** Daniel W. Levy <dlevy@McKoolSmith.com>
**Sent:** Wednesday, October 2, 2024 3:47 PM
**To:** Weinstein, Marc A. <marc.weinstein@hugheshubbard.com>; McGoey, John <john.mcgoey@hugheshubbard.com>; Rosenkilde, Kiran <Kiran.Rosenkilde@hugheshubbard.com>
**Cc:** Dan Newman <dan.newman@nelsonmullins.com>; Justin Kaplan (justin.kaplan@nelsonmullins.com) <justin.kaplan@nelsonmullins.com>; EDGAR A. NEELY IV (edgar.neely@nelsonmullins.com) <edgar.neely@nelsonmullins.com>; Olivia Visconti <ovisconti@McKoolSmith.com>
**Subject:** checking in on a few items

There are a few items in your court that I am checking on:

- our 9/5 e-mail regarding your responses to our interrogatories
- our 9/18 e-mail regarding your request to disclose settlement information
- our 9/22 e-mail regarding the True-Up stipulation
- our 9/23 e-mail regarding material cited in the Landy report

Can you look into these?

If it would help re-forward these e-mails, I can.

If it would help to discuss any/all by phone, we are happy to do that too.

Thank you in advance.



Daniel W. Levy
Principal
New York, NY
Tel: (212) 402-9412 | Mobile: (347) 578-4176
dlevy@McKoolSmith.com | www.mckoolsmith.com

NOTICE OF CONFIDENTIALITY: The information contained in and transmitted with this e-mail is SUBJECT TO THE ATTORNEY-CLIENT and ATTORNEY WORK PRODUCT PRIVILEGE and is CONFIDENTIAL. It is intended only for the individual or entity designated above. You are hereby notified that any dissemination, distribution, copying, use or reliance upon the information contained in and transmitted with this e-mail by or to anyone other than the addressee designated above by the sender is unauthorized and strictly prohibited. If you have received this e-mail in error, please notify the sender by reply immediately. Any e-mail erroneously transmitted to you should be immediately destroyed.

# Daniel W. Levy

| | |
|---|---|
| **From:** | Rosenkilde, Kiran <Kiran.Rosenkilde@hugheshubbard.com> |
| **Sent:** | Wednesday, October 16, 2024 5:36 PM |
| **To:** | Daniel W. Levy; Weinstein, Marc A.; McGoey, John; Maguire, Bill |
| **Cc:** | Dan Newman; Justin Kaplan (justin.kaplan@nelsonmullins.com); EDGAR A. NEELY IV (edgar.neely@nelsonmullins.com); Olivia Visconti |
| **Subject:** | RE: three aspects of scheduling |

Dan,

SKAT's responses to item two in your email below are as follows:

- Rule 36 compliance: as we stated during the August 13/14 meet and confers, SKAT has complied with Rule 36.

- RFAs 1, 5, 43: SKAT denied these RFAs and stands on its response. SKAT is not required to provide additional information with its response.

- RFAs 2-4: SKAT's responses speak for themselves and so too do the documents on which these RFAs are based.

- RFAs 17-21: SKAT maintains its view that its counsel's legal assessment of issues relevant to this litigation is not a proper subject of discovery.

- RFAs 23-27: As the parties get closer to a trial date, SKAT will be willing to consider a proposed stipulation.

- RFA 38: SKAT denied knowledge or information sufficient to admit or deny this Request. The financial statements which you have provided do not provide sufficient information to admit or deny this Request.

- Interrogatories 6, 9, 10, 18, 19, 20, 21: You have asked whether SKAT has had further thinking about these interrogatories and whether SKAT will provide further responses. SKAT has considered these interrogatories further and stands on its responses.

- Interrogatory 15: We are continuing to evaluate this response and will address this response separately in short order.

- Interrogatory 14: As we explained at the August 13/14 meet and confer, this is not a tracing exercise and SKAT did not mean to suggest it as such– meaning that SKAT is not alleging that the *same* kroner that NCB received in fees can be traced as the same kroner the bank issued as dividends to the Covered Parties.

Regards,

Kiran

**Kiran H. Rosenkilde** | Associate
He/Him

**Hughes Hubbard & Reed LLP**
One Battery Park Plaza, 16th floor | New York | NY 10004-1482
Office +1 (212) 837-6044 | Cell +1 (332) 220-6003
Kiran.Rosenkilde@hugheshubbard.com | bio

This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-

mail from your system. E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender therefore does not accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission. If verification is required please request a hard-copy version.

**From:** Daniel W. Levy <dlevy@McKoolSmith.com>
**Sent:** Thursday, October 10, 2024 4:18 PM
**To:** Weinstein, Marc A. <marc.weinstein@hugheshubbard.com>; McGoey, John <john.mcgoey@hugheshubbard.com>; Rosenkilde, Kiran <Kiran.Rosenkilde@hugheshubbard.com>; Maguire, Bill <bill.maguire@hugheshubbard.com>
**Cc:** Dan Newman <dan.newman@nelsonmullins.com>; Justin Kaplan (justin.kaplan@nelsonmullins.com) <justin.kaplan@nelsonmullins.com>; EDGAR A. NEELY IV (edgar.neely@nelsonmullins.com) <edgar.neely@nelsonmullins.com>; Olivia Visconti <ovisconti@McKoolSmith.com>
**Subject:** three aspects of scheduling

**CAUTION: This email was sent by someone outside of the Firm.**

1. We just want to confirm that we are all the same page regarding the date for service of rebuttal expert reports. The last scheduling order requires rebuttal expert reports to be served on or before October 14. Monday is a legal holiday, which would mean that, under Rule 6, the rebuttal expert report is to be served on or before October 15. Agree?

2. We have reached out now several times about SKAT's responses to our RFAs and ROGs. We ask that please respond to our e-mail on or before Wednesday. If you don't intend to respond, please let us know that, so we can just proceed with the court.

3. Your e-mail of 9/12 regarding the disclosure of settlement information suggested some time sensitivity. You also indicated that you would be happy to discuss any questions we had. We asked you questions by e-mail of 9/18. We have not heard from you. Is this no longer an issue?

The other items below are less time-sensitive, but we would very much like to have the materials regarding Mr. Landy's report that we requested and we would like to advance our discussions about the True-Up amount, both the stipulation and hopefully a larger resolution, if you wish to do so.


**McKool Smith** | Daniel W. Levy | Principal
dlevy@McKoolSmith.com | New York, NY | Tel: (212) 402-9724 | Mobile: (347) 578-4176

NOTICE OF CONFIDENTIALITY: The information contained in and transmitted with this e-mail is SUBJECT TO THE ATTORNEY-CLIENT and ATTORNEY WORK PRODUCT PRIVILEGE and is CONFIDENTIAL. It is intended only for the individual or entity designated above. You are hereby notified that any dissemination, distribution, copying, use or reliance upon the information contained in and transmitted with this e-mail by or to anyone other than the addressee designated above by the sender is unauthorized and strictly prohibited. If you have received this e-mail in error, please notify the sender by reply immediately. Any e-mail erroneously transmitted to you should be immediately destroyed.

**From:** Daniel W. Levy <dlevy@McKoolSmith.com>
**Sent:** Wednesday, October 2, 2024 3:47 PM
**To:** Weinstein, Marc A. <marc.weinstein@hugheshubbard.com>; McGoey, John <john.mcgoey@hugheshubbard.com>; Rosenkilde, Kiran <Kiran.Rosenkilde@hugheshubbard.com>
**Cc:** Dan Newman <dan.newman@nelsonmullins.com>; Justin Kaplan (justin.kaplan@nelsonmullins.com) <justin.kaplan@nelsonmullins.com>; EDGAR A. NEELY IV (edgar.neely@nelsonmullins.com) <edgar.neely@nelsonmullins.com>; Olivia Visconti <ovisconti@McKoolSmith.com>
**Subject:** checking in on a few items

There are a few items in your court that I am checking on:

2

- our 9/5 e-mail regarding your responses to our interrogatories
- our 9/18 e-mail regarding your request to disclose settlement information
- our 9/22 e-mail regarding the True-Up stipulation
- our 9/23 e-mail regarding material cited in the Landy report

Can you look into these?

If it would help re-forward these e-mails, I can.

If it would help to discuss any/all by phone, we are happy to do that too.

Thank you in advance.



Daniel W. Levy
Principal
New York, NY
Tel: (212) 402-9412 | Mobile: (347) 578-4176
dlevy@McKoolSmith.com | www.mckoolsmith.com

NOTICE OF CONFIDENTIALITY: The information contained in and transmitted with this e-mail is SUBJECT TO THE ATTORNEY-CLIENT and ATTORNEY WORK PRODUCT PRIVILEGE and is CONFIDENTIAL. It is intended only for the individual or entity designated above. You are hereby notified that any dissemination, distribution, copying, use or reliance upon the information contained in and transmitted with this e-mail by or to anyone other than the addressee designated above by the sender is unauthorized and strictly prohibited. If you have received this e-mail in error, please notify the sender by reply immediately. Any e-mail erroneously transmitted to you should be immediately destroyed.

# Daniel W. Levy

| | |
|---|---|
| **From:** | Daniel W. Levy |
| **Sent:** | Monday, December 16, 2024 5:41 PM |
| **To:** | Weinstein, Marc A. |
| **Cc:** | Oxford, Neil; Smith, Dustin; Rosenkilde, Kiran; Dan Newman; Justin Kaplan; EDGAR A. NEELY IV; Olivia Visconti |
| **Subject:** | RE: Stein v. SKAT - next steps |

We will happily consider whatever draft you send us tomorrow and revert promptly.

Anything about items 1 and 2 below?

**McKool Smith** | Daniel W. Levy | Principal
dlevy@McKoolSmith.com | New York, NY | Tel: (212) 402-9412 | Mobile: (347) 578-4176

NOTICE OF CONFIDENTIALITY: The information contained in and transmitted with this e-mail is SUBJECT TO THE ATTORNEY-CLIENT and ATTORNEY WORK PRODUCT PRIVILEGE and is CONFIDENTIAL. It is intended only for the individual or entity designated above. You are hereby notified that any dissemination, distribution, copying, use or reliance upon the information contained in and transmitted with this e-mail by or to anyone other than the addressee designated above by the sender is unauthorized and strictly prohibited. If you have received this e-mail in error, please notify the sender by reply immediately. Any e-mail erroneously transmitted to you should be immediately destroyed.

---

**From:** Weinstein, Marc A. <marc.weinstein@hugheshubbard.com>
**Sent:** Monday, December 16, 2024 4:52 PM
**To:** Daniel W. Levy <dlevy@McKoolSmith.com>
**Cc:** Oxford, Neil <neil.oxford@hugheshubbard.com>; Smith, Dustin <dustin.smith@hugheshubbard.com>; Rosenkilde, Kiran <Kiran.Rosenkilde@hugheshubbard.com>; Dan Newman <dan.newman@nelsonmullins.com>; Justin Kaplan <justin.kaplan@nelsonmullins.com>; EDGAR A. NEELY IV <edgar.neely@nelsonmullins.com>; Olivia Visconti <ovisconti@McKoolSmith.com>
**Subject:** Re: Stein v. SKAT - next steps

Dan:

Thanks for reaching out.  Rather than seeking a conference, we'd like to send you a proposed path forward to present to the court.  It can be a joint proposal or a joint letter with competing proposals. We can get you something tomorrow.

Regards,
Marc


**Marc A. Weinstein** | Partner
Chair, White Collar Defense

**Hughes Hubbard & Reed LLP**
One Battery Park Plaza, 17th floor | New York | NY 10004-1482
Office +1 (212) 837-6460 | Cell +1 (646) 537-5750 | Fax +1 (212) 299-6460
marc.weinstein@hugheshubbard.com

This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-

1

mail from your system. E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender therefore does not accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission. If verification is required please request a hard-copy version.

On Dec 14, 2024, at 3:17 PM, Daniel W. Levy <dlevy@mckoolsmith.com> wrote:

**CAUTION: This email was sent by someone outside of the Firm.**

We trust that you saw the judge's order asking for a status report.

We propose that we ask the judge to have a conference promptly so that we can discuss scheduling a trial, pre-trial submissions, etc.

Two specific issues to consider:

1. Have you had any further thinking about our last e-mail regarding the True-Up stipulation? I recall that the last communication was our e-mail of 10/18 asking some questions about it. See attached.

2. Have you had any further thinking about interrogatories and requests for admission? Your last e-mail (attached) suggested that you were still thinking about one final issue. We would like to bottom out on this promptly.

If I am incorrect about the last communications on these subjects, please do correct my error.

If it would help to schedule a discussion, please propose some times on Tuesday through Friday of next week.

Best,

DWL



NOTICE OF CONFIDENTIALITY: The information contained in and transmitted with this e-mail is SUBJECT TO THE ATTORNEY-CLIENT and ATTORNEY WORK PRODUCT PRIVILEGE and is CONFIDENTIAL. It is intended only for the individual or entity designated above. You are hereby notified that any dissemination, distribution, copying, use or reliance upon the information contained in and transmitted with this e-mail by or to anyone other than the addressee designated above by the sender is unauthorized and strictly prohibited. If you have received this e-mail in error, please notify the sender by reply immediately. Any e-mail erroneously transmitted to you should be immediately destroyed.

\<mime-attachment\>
\<mime-attachment\>