**Christensen, Mette (MCH063)**

| | |
|---|---|
| **Fra:** | Ickovic, Allison (CRM) <Allison.Ickovic@usdoj.gov> |
| **Sendt:** | 19. januar 2021 16:31 |
| **Til:** | Winther, Stine (SWI007) |
| **Cc:** | Mikita, Erin (CRM); Mittelman, Reena (CRM); Sanning, Christian Peter Dalgaard (CSA013); Callisen, Rasmus Sander (RSJ003); rigsadvokaten@ankl.dk |
| **Emne:** | RE: Denmark - STEIN, MATTHEW RICHARD ET AL. (Danish Ref.: RA-2020-1900120-24, RA-2020-1900120-25, RA-2020-1900120-26; U.S. Ref.: CRM-182-71537) |

Thank you for the update, Stine!

Wishing you and your colleagues a happy New Year as well, and will await the supplemental request information.

Thank you

Allison

Allison Ickovic
Trial Attorney
Money Laundering and Asset Recovery Section (International Unit)
1400 New York Ave. N.W.
10th Floor
Washington, D.C. 20005
202.305.4234 -desk
202.679.1892  -cell

,

Allison

---

**From:** SWI007@politi.dk <SWI007@politi.dk>
**Sent:** Monday, January 18, 2021 11:08 AM
**To:** Ickovic, Allison (CRM) <Allison.Ickovic@CRM.USDOJ.GOV>
**Cc:** Mikita, Erin (CRM) <Erin.Mikita@CRM.USDOJ.GOV>; Mittelman, Reena (CRM) <Reena.Mittelman@CRM.USDOJ.GOV>; CSA013@politi.dk; RSJ003@politi.dk; rigsadvokaten@ankl.dk
**Subject:** SV: Denmark - STEIN, MATTHEW RICHARD ET AL. (Danish Ref.: RA-2020-1900120-24, RA-2020-1900120-25, RA-2020-1900120-26; U.S. Ref.: CRM-182-71537)

Dear Allison,

Happy New Year. I hope you are doing well.

You may have noted that we have not yet sent you our supplementary request for legal assistance.

The reason for this is that one of the suspects has been interviewed and the interview is now been transcribed and translated into Danish. Interviews with other suspects has been scheduled in the near future.

We have also sent a request to Skattestyrelsen (SKAT) concerning the content of the settlement and Skattestyrelsen's compensation claims at present

When the supplementary request is final and has been sent to the interpreter I will let you know.

1

23 Civ. 2508 (NRB)
**PLAINTIFFS' EXHIBIT**
**12**

                    CONFIDENTIAL

Kind regards
Stine

**Stine Winther**
Senior Specialist Prosecutor
Asset Recovery Office

Tlf.: +45 61126979
E-mail: swi007@politi.dk



**STATSADVOKATEN**

**State Prosecutor for Serious**
**Economic and International Crime**
Kampmannsgade 1
1604 København V
Tlf.: +45 7268 9000
Fax: +45 4515 0119
E-mail: saoek@ankl.dk
www.anklagemyndigheden.dk

---

**Fra:** Ickovic, Allison (CRM) <Allison.Ickovic@usdoj.gov>
**Sendt:** 30. november 2020 19:37
**Til:** Winther, Stine (SWI007) <SWI007@politi.dk>
**Cc:** Mikita, Erin (CRM) <Erin.Mikita@usdoj.gov>; Mittelman, Reena (CRM) <Reena.Mittelman@usdoj.gov>; Sanning, Christian Peter Dalgaard (CSA013) <CSA013@politi.dk>; Callisen, Rasmus Sander (RSJ003) <RSJ003@politi.dk>
**Emne:** RE: Denmark - STEIN, MATTHEW RICHARD ET AL. (Danish Ref.: RA-2020-1900120-24, RA-2020-1900120-25, RA-2020-1900120-26; U.S. Ref.: CRM-182-71537)

Dear Stine,

No, a global settlement would be assurances that the defendants weren't promised immunity from prosecution. What you state doesn't sound like it is problematic, but we would need to let the Judge know if SKAT collected a percentage of the loss amount, and if so, how much, and if it was from any of the defendants at issue in this request. If we were to try and collect more than the loss amount or more than a defendant was personally liable for, I think we could face pushback from our Judge under recent US case law, even though I understand what you are saying under Danish law. If you are able to put as many of the details as you know about the global settlement in your response, I can try and turn this into an affidavit for your approval.

Thanks,

Allison

Allison Ickovic
Trial Attorney
Money Laundering and Asset Recovery Section (International Unit)
1400 New York Ave. N.W.
10th Floor
Washington, D.C. 20005
202.305.4234 -desk
202.679.1892  -cell

STEIN_LHOTE0001967                                                                CONFIDENTIAL

21-804-03-3

**From:** SWI007@politi.dk <SWI007@politi.dk>
**Sent:** Monday, November 23, 2020 10:17 AM
**To:** Ickovic, Allison (CRM) <Allison.Ickovic@CRM.USDOJ.GOV>
**Cc:** Mikita, Erin (CRM) <Erin.Mikita@CRM.USDOJ.GOV>; Mittelman, Reena (CRM)
<Reena.Mittelman@CRM.USDOJ.GOV>; CSA013@politi.dk; RSJ003@politi.dk
**Subject:** SV: Denmark - STEIN, MATTHEW RICHARD ET AL. (Danish Ref.: RA-2020-1900120-24, RA-2020-1900120-25,
RA-2020-1900120-26; U.S. Ref.: CRM-182-71537)

Dear Allison,

Thank you so much for your reply. It's great that the approaches are so alike.

Regarding the estimate for how long the case in Denmark including appeals could take
I need to check this with the prosecutor assigned to the case (Anders Møllmann).

Regarding the settlement: I am not familiar with the concept "global settlement"
SKAT may have giving assurances that they will only collect $X amount from this group of potential defendants
(under certain circumstances or with certain reservations), but SKAT has not given assurances that those defendants
do not face prosecution (this is not possible according to Danish law). The press release regarding the settlement
confirms this.

Could it be a 'global settlement' despite the fact that SKAT has not given assurances that the group of potential
defendants do not face prosecution? If so, I need to look into that.

Please note that according to Danish law it is possible to confiscate proceeds from crime, even though the victim
does not seek compensation, and also in the situation that the proceeds from crime exceed the claim for
compensation. The reason for this is, that crime must not pay.

You also mentioned an affidavit. We will of cause be willing to give you one. However, we do not use affidavits in
criminal cases in Denmark. Could you please send me an example of an affidavit?

Kind regards
Stine

**Stine Winther**
Senior Specialist Prosecutor
Asset Recovery Office

Tlf.: +45 61126979
E-mail: swi007@politi.dk



**STATSADVOKATEN**

**State Prosecutor for Serious**
**Economic and International Crime**
Kampmannsgade 1
1604 København V
Tlf.: +45 7268 9000
Fax: +45 4515 0119

STEIN_LHOTE0001968                                                                CONFIDENTIAL

21-804-03-4

E-mail: saoek@ankl.dk
www.anklagemyndigheden.dk

**Fra:** Ickovic, Allison (CRM) <Allison.Ickovic@usdoj.gov>
**Sendt:** 20. november 2020 17:41
**Til:** Winther, Stine (SWI007) <SWI007@politi.dk>
**Cc:** Mikita, Erin (CRM) <Erin.Mikita@usdoj.gov>; Mittelman, Reena (CRM) <Reena.Mittelman@usdoj.gov>
**Emne:** RE: Denmark - STEIN, MATTHEW RICHARD ET AL. (Danish Ref.: RA-2020-1900120-24, RA-2020-1900120-25, RA-2020-1900120-26; U.S. Ref.: CRM-182-71537)

Dear Stine,

The answers below are in purple.  These are excellent questions!  I hope you have a wonderful weekend.

Allison


Allison Ickovic
Trial Attorney
Money Laundering and Asset Recovery Section (International Unit)
1400 New York Ave. N.W.
10th Floor
Washington, D.C. 20005
202.305.4234 -desk
202.679.1892  -cell



**From:** SWI007@politi.dk <SWI007@politi.dk>
**Sent:** Friday, November 20, 2020 4:57 AM
**To:** Ickovic, Allison (CRM) <Allison.Ickovic@CRM.USDOJ.GOV>
**Cc:** Mikita, Erin (CRM) <Erin.Mikita@CRM.USDOJ.GOV>; Mittelman, Reena (CRM) <Reena.Mittelman@CRM.USDOJ.GOV>
**Subject:** SV: Denmark - STEIN, MATTHEW RICHARD ET AL. (Danish Ref.: RA-2020-1900120-24, RA-2020-1900120-25, RA-2020-1900120-26; U.S. Ref.: CRM-182-71537)

Dear Allison,

Before I send the supplementary request to translation, I have a few questions regarding US law. I apologies in advance for any inconvenience this may cause.

1) How do the US authorities secure the seizure of real estate? In Denmark we register the seizure in the Land Register making sure that real estate cannot be sold without our acceptance. The suspect is allowed to use the real estate until it has been sold on a forced auction. The auction will take place after the final conviction unless the suspect agrees to sell the real estate beforehand. In this situation the proceeds from the sale will be held in an account belonging to the police.

Our process is parallel to yours; seizures are registered in the County Recorder's Office, so a sale cannot go through without agreement or the Court's, because there is a recorded lien on the sale that prevents it.  The suspect is allowed to use the real estate until a forced auction, which takes place after final conviction (meaning that there is no longer a possibility of appeal, service of notice, and the Court's approval).  If the suspect agrees to sell the real estate beforehand, we conduct an interlocutory sale, with the funds held in the Seized Asset Deposit Fund at the Department of Justice.  Rental income is also escrowed into this account, to the extent that there is any.  If there are loans, and defendant defaults, that can trigger a foreclosure action.  We would file a motion for surplusage, with the sale proceeds after the liens going into the seized asset deposit fund, but accrued interest and attorney's fees can eat into recovery.  Again, we try and get ahead of this with an equity

4

21-804-03-5

analysis pre-seizure, but this is a difficult issue we face as it's difficult to force a sale for nonpayment until it is about to go into foreclosure anyway, as defendant will argue cash flow issues, promise to catch up, etc.

2) How do the US authorities secure the seizure of cars? In Denmark the police will storage the car until final conviction (as with real estate, the suspect may give consent to sell it beforehand). Is it possible for the US authorities to sell the car before final conviction, and if not, who will pay for the storage of the car?

We conduct a pre-seizure analysis of cars, and we store the cars until final conviction absent agreement by the suspect (which is rarely given). Costs are deducted from proceeds, which is why we conduct a pre-seizure analysis. Generally speaking, we would pay for costs for cars in our jurisdiction, but the seizing agency (the US Marshall's Service) would conduct an analysis and give an estimate of costs. If our expected return from sale is not sufficient, because costs of storage and car loans for example, constitute a large chunk of the equity or may even put us in a loss position, we may decline to seize the cars. Can you give an estimate for how long the case in Denmark (including appeals?) could take? I know it's hard to give a firm estimate but even a rough one will be useful in conducting the equity analysis.

3) The State Prosecutor for Serious Economic and International Crime (SEIC) investigates a number of cases concerning presumed fraud committed against the Danish tax authorities (SKAT). The total amount that has been defrauded from SKAT is more than DKK 12.000.000.000 (~ USD 1,912,000,000). SEIC is aware that SKAT has reached a settlement with an unknown number of parties regarding the amount of DKK 2.900.000.000 (~ USD 462,000,000) related to 61 US pension plans. SEIC are not in possession of the settlement and has no knowledge of any details in it, including who is involved, besides the amount and the number of pension plans. The reason for this is a non-disclosure clause in the settlement. Is the settlement an obstacle in relation to our request for seizure made against the suspects in the US? It should be noted that if/when the case goes to court, SKAT will have to present the claim for compensation, including the amount thereof. If they have received money from the defendants, the claim will be deducted accordingly.

No, it is not a bar, **as long as it is not a "global settlement"**, where SKAT gave assurances that they will only collect $X amount from this group of potential defendants, and gave assurances that those defendants do not face further prosecution. We face this situation all the time, where for example, in a stock case, SEC will reach a civil resolution, or a defense contracting case will have a parallel civil and criminal case. There may be a parallel criminal prosecution and forfeiture, but unless there is a global settlement it is not a bar. But, you can be sure that defendants may cite to the global settlement as an argument against forfeiture, so we will have to be prepared with an affidavit from you or another prosecutor as to the known details and assurances that it is not a global settlement. We will also have to give assurances that if money is received from the defendants, by virtue of the settlement, or forfeiture by Danish authorities in other jurisdictions, that we will do the math accordingly. We can't "double count." Because our application is "ex parte" where the other side doesn't get served with notice of our application until the Judge enters it, we will need to front this issue with the affidavit in our application for restraint. I also think it would be nearly impossible for defendants to cite to the settlement without creating a lot of legal briefing; they would have to disclose the details to the Judge; we would oppose without disclosure to us, that portion would be sealed, etc.

Many thanks in advance.
Kind regards

**Stine Winther**
Senior Specialist Prosecutor
Asset Recovery Office

Tlf.: +45 61126979
E-mail: swi007@politi.dk



STATSADVOKATEN

5

     CONFIDENTIAL

21-804-03-6

**State Prosecutor for Serious**
**Economic and International Crime**
Kampmannsgade 1
1604 København V
Tlf.: +45 7268 9000
Fax: +45 4515 0119
E-mail: saoek@ankl.dk
www.anklagemyndigheden.dk

**Fra:** Ickovic, Allison (CRM) <Allison.Ickovic@usdoj.gov>
**Sendt:** 13. november 2020 16:35
**Til:** Winther, Stine (SWI007) <SWI007@politi.dk>
**Cc:** Mikita, Erin (CRM) <Erin.Mikita@usdoj.gov>
**Emne:** RE: Denmark - STEIN, MATTHEW RICHARD ET AL. (Danish Ref.: RA-2020-1900120-24, RA-2020-1900120-25, RA-2020-1900120-26; U.S. Ref.: CRM-182-71537)

Dear Stine,

A supplementary request is fine. Will you please copy me on it so I can start working on it right away?

Thank you, and I hope you have a good weekend.

Allison

Allison Ickovic
Trial Attorney
Money Laundering and Asset Recovery Section (International Unit)
1400 New York Ave. N.W.
10th Floor
Washington, D.C. 20005
202.305.4234 -desk
202.679.1892  -cell

**From:** SWI007@politi.dk <SWI007@politi.dk>
**Sent:** Friday, November 13, 2020 8:16 AM
**To:** Ickovic, Allison (CRM) <Allison.Ickovic@CRM.USDOJ.GOV>
**Subject:** VS: Denmark - STEIN, MATTHEW RICHARD ET AL. (Danish Ref.: RA-2020-1900120-24, RA-2020-1900120-25, RA-2020-1900120-26; U.S. Ref.: CRM-182-71537)
**Importance:** High

Dear Allison,

Again, thank you for the thorough explanation below.

We have been working on an extensive description of the case and will also attach several appendices.

Before we translate the documents, I would like to know whether you prefer 1) a new request that replaces the one previously submitted, or 2) a request that complements the one previously submitted.

Kind regards

**Stine Winther**
Senior Specialist Prosecutor
Asset Recovery Office

STEIN_LHOTE0001971                                                          CONFIDENTIAL

21-804-03-7

Tlf.: +45 61126979
E-mail: swi007@politi.dk



**STATSADVOKATEN**

**State Prosecutor for Serious
Economic and International Crime**
Kampmannsgade 1
1604 København V
Tlf.: +45 7268 9000
Fax: +45 4515 0119
E-mail: saoek@ankl.dk
www.anklagemyndigheden.dk

**Fra:** Ickovic, Allison (CRM) <Allison.Ickovic@usdoj.gov>
**Sendt:** 4. september 2020 18:09
**Til:** Mikita, Erin (CRM) <Erin.Mikita@usdoj.gov>; Winther, Stine (SWI007) <SWI007@politi.dk>
**Cc:** Tullin, Marie (MTU002) <MTU002@politi.dk>; Hansen, Niels Vejlby (NVH001) <NVH001@politi.dk>; Shepard, Joseph (CRM) <Joseph.Shepard@usdoj.gov>; Twilley, Tiffany (CRM) <Tiffany.Twilley@usdoj.gov>; rigsadvokaten@ankl.dk; Erlandsen, Katinka (KER002) <KER002@politi.dk>; Møllmann, Anders (AMO039) <AMO039@politi.dk>; Mittelman, Reena (CRM) <Reena.Mittelman@usdoj.gov>; Winther, Stine (SWI007) <SWI007@politi.dk>
**Emne:** RE: Denmark - STEIN, MATTHEW RICHARD ET AL. (Danish Ref.: RA-2020-1900120-24, RA-2020-1900120-25, RA-2020-1900120-26; U.S. Ref.: CRM-182-71537)

Dear Ms. Stine,

Thank you very much for your forbearance. I have just been assigned this case, and will answer your office's August 13 email as best as I can. I also have a few questions about your case. First, let me explain our asset recovery process. The way I see it, you have a few options.

First, I understand Denmark has requested the exchange of information under Article 26 of the US-Danish Tax Treaty. You may also have considered and rejected the option of requesting MCAR (Mutual Collection Assistance) under Article 26 of the same. For the individuals that are the subject of the Stein et al. MLATS, the fact that three are US citizens (although Jeremy Lhote is a dual citizen of France and the US) is an absolute bar for MCAR assistance. But, if SKAT has tax assessments against other individuals that are part of this dividend refund scheme, that may be an option to consider. For example, if the companies which defendants used to receive the dividends mentioned in the MLAT are not US companies, that may be an option. Nominee transfers may be another. First, in order to move forward on that, the tax would have to be "finally determined" – i.e., there is an assessment, and the taxpayer has had the opportunity to dispute its collection in Denmark. I do not know whether that is the case. I spoke with IRS last week about this option: there are other matters to consider, but as a preliminary matter have you considered this option and made a decision whether to pursue this option?

The second option is a US criminal tax case charging these three individuals. USDOJ Tax Division would handle this. The charging process is long, but it is an option. Have you brought this to the Tax Division? One thing I have considered is that US tax policy is always to collect US tax first (this affects both options). Also, due to the facts of the case, it may be that the taxpayers paid tax on the dividend income and would file a refund claim with the US tax authorities. If they evaded that tax, then the US would collect that first against the assets. If you would like to consider this option, I'd discuss with Tax Division and then you. I'm happy to facilitate this even if our office would end up not being directly involved. I worked for them for several years and then handled criminal tax cases (among other kinds) for a US Attorney's office so I am quite familiar with their process. Frankly, it's likely to be longer than ours, but they are quite effective.

STEIN_LHOTE0001972

CONFIDENTIAL

21-804-03-8

Finally, (but not least), there's the 2467 option. This is what I would need to execute this, and there are some open questions:

1) I need a restraint order signed by a Judge. The MLAT mentions this, and that the restraint is lawful according to Danish rules, but our courts require more. It's best to have a certified copy (not a printout from a docket, but a copy with the Court's seal). I need to explain to our Court the due process rules and rules of criminal procedure in Denmark allowing for the restraint of assets, and I provide an appendix with a copy of those laws in English for our court. Our court will want to know whether these individuals had an opportunity to challenge the restraint of the assets in Denmark. If they didn't, because the filing was done under seal, most judges will require me to unseal the Danish order for the limited purpose of serving the defendants in the United States, so that is something to be aware of. If the Denmark order is a "speaking order", which alleges sources and methods of the criminal investigation you'd rather the defendants not know, I'd actually recommend getting a clean copy of the order referring to the earlier sealed order and ordering the restraint. I can provide a sample if you would like.

2) Its really best if I can show that the money in the assets we seek to restrain is "dirty." At the restraint stage, we typically have to show probable cause that the funds in an account are proceeds of crime(we can do this, for example, easily with drug dealers who don't have other sources of income. With politicians, we can do this if they file public disclosure or tax returns saying they don't have any assets but their account balances are far in excess. With these individuals I would want to show example of specific wire transfers that came from proceeds of the Dividend tax refund scam. For example, if SKAT deposited X amount on Y date, and shortly thereafter or better yet on the same day wire transfers totaling that amount. If wires are going out to offshore accounts linked to the circular flow of funds and sale/buy back of the "the bogus stocks", then that's another way. In the US, the government isn't tied to a specific accounting method, there's good case law that we can use whichever accounting method results in showing that the money is proceeds of crime. So there's first in first out, last in first out, intermediate balance rule, etc. If you have other ideas or maybe a conversation on the phone to brainstorm would be useful, please let me know.

3) I would need to seek supervisory approval to restrain assets that we don't know are proceeds of crime. There's plenty of litigation risk, and I'm not certain I'd get approval, but I have a few ideas on ways to overcome this:

   a) A statement/affidavit from someone in your office that states something like due to the sophisticated international structure of the scam with offshore entities where there is banking secrecy, and the fact that some of the information that might provide for tracing has come from the use of tax treaties which do not allow the disclosure of that information for this Court proceeding (which would be true), and the use of FINCEN information which carries the same restrictions, we are unable to trace. In addition, the defendants, who are the owners of banks, have moved the proceeds offshore (if this is true and you think the laundered money is outside Denmark and the US, perhaps in Dubai or elsewhere). Thus, there are no proceeds which can be recovered in this jurisdiction, and it would be unlikely to be able to recover the proceeds in other jurisdictions. ETc. we can work on the language later if we go this route.

   b) Danish law allows for the restraint of substitute assets, or money that may be "clean" at the restraining order stage. We'd need copies of that law in English for the Court and to brief this for our management and Court.

      a. If we go this route because we can't trace, then we'd need to really explain the rights that these defendants have to challenge the restraint in Denmark thoroughly.

Once I have enough facts to write up a motion for the Court, the first step is to write a memo to our Assistant Attorney General (or his delegate) – then once the AAG or his delegate approves the memo, we present an ex parte application to our Court. If they are sealed, we have to provide justification. It may be difficult to justify sealing this, because there's open litigation in the Southern District of New York, several news articles, a public guilty plea by the bank, and the defendants know through IRS that they are being investigated. I'd need other reasons to seal, but we can discuss this later, and I have a few ideas already.

The memo approval stage can take some time. The reason for this is the AAG's decision (or his delegate) *is not subject to review by the U.S. district court*, except for issues of due process. Frankly, our judges don't like not having judicial discretion to approve or deny (as is the case with any judge, so we are careful as an institution to thoroughly vet these applications for legal issues.

                                    CONFIDENTIAL

21-804-03-9

Factors that can make approval quicker are for me to have the full facts such that even if something isn't in the memo, I know the answer. I typically get a lot of detailed questions on these. If the defendants have put a house up for sale or have drained bank accounts or are fleeing the jurisdiction or suspect they may be indicted soon, that is another factor that would result in quicker approval. A factor that will weigh against quick approval that this does look like a tax case, because SKAT was defrauded, and because these are called cum-ex dividend tax avoidance. These strategies can range from criminal to civil cases. Here, because the bank falsely represented they owned Danish stocks when they did not, so it may be an easier case. But, I need to be able to show that this could not turn into a civil tax case: ie, at the time they received the dividends they did not own the stocks, and they never owned the stocks (criminal), versus "engaged in a complicated sale-leaseback structure and manipulated differences between purchase and settlement date to obfuscate ownership of the stocks" (possibly civil, as I am aware you know that some cum-ex dividend cases have civil resolutions). I would need to walk my management and the DC judge through a representative transaction (I often include diagrams), naming the involved institutions.

I would also need a thorough procedural history. North Channel Bank pled guilty and accepted a fine; is there a deferred prosecution agreement? May I see a copy of the document? I would prefer English as would my colleagues, but I can read German. I know you've tried several recovery options. First, there's the litigation in the Southern District Court against the individual US pension plans. Second, I understand there's a recovery action with Dubai against the tax promotor, Sanjay Shah, and some recent developments where the court in Dubai rejected the Danish request for lack of evidence, but Denmark has appealed. Third, I've read there is a UK criminal case? Or other recovery action. Finally, there may be a restraint request involving Germany and Belgium. I would need to be candid with our Court about the status of the various recovery attempts (probably two paragraphs). Also any criminal cases (I know bankers were arrested in Germany). I would need to state that we would not collect amounts in excess of the amount recovered. And I'd need to know the amounts recovered and/or restrained now. The Court would require me to update them if recovery in one jurisdiction has been successful, even partially. I'd likely be required in a case like this to file status reports every 3-6 months. Also, it's entirely possible that I can think of another recovery option based on the North Channel Bank agreement, but I'd need to see it.

As to the fine North Channel Bank paid, it's US law that a fine doesn't count against forfeiture. But, I'd need to know whether North Channel Bank paid, and the Danish law that probably states the same thing.

Finally, you asked about restitution. Restitution to SKAT is an option in a US parallel criminal tax case, but not a 2467 case. That statute applies to forfeiture and money judgments.

Even though the obvious charge that would fit in a 2467 case such as this are tax charges, we would not go this route because in tax cases there is no forfeiture, only restitution, which can't be implemented. I've heard that it's important that this isn't presented as a tax case. Perhaps a discussion either email or over the phone would help me better understand why, as I would not want to say anything in my filing that would undercut your recovery efforts or prosecutions elsewhere. Even where we charge tax, we'd typically also charge wire fraud and theft of government property in cases such as this, both of which have forfeiture.

Thank you, and I look forward to working with you. Please don't hesitate to let me know any questions, suggestions, or objections you may have.

Allison

Allison Ickovic
Trial Attorney
Money Laundering and Asset Recovery Section (International Unit)
1400 New York Ave. N.W.
10th Floor
Washington, D.C. 20005
202.305.4234 -desk
202.679.1892  -cell

STEIN_LHOTE0001974                                                                CONFIDENTIAL

**From:** AJB002@politi.dk <AJB002@politi.dk>
**Sent:** Friday, September 4, 2020 3:34 AM
**To:** Mikita, Erin (CRM) <Erin.Mikita@CRM.USDOJ.GOV>; Ickovic, Allison (CRM) <Allison.Ickovic@CRM.USDOJ.GOV>
**Cc:** MTU002@politi.dk; NVH001@politi.dk; Shepard, Joseph (CRM) <Joseph.Shepard@CRM.USDOJ.GOV>; Twilley, Tiffany (CRM) <Tiffany.Twilley@CRM.USDOJ.GOV>; rigsadvokaten@ankl.dk; KER002@politi.dk; AMO039@politi.dk; Mittelman, Reena (CRM) <Reena.Mittelman@CRM.USDOJ.GOV>; SWI007@politi.dk
**Subject:** SV: Denmark - STEIN, MATTHEW RICHARD ET AL. (Danish Ref.: RA-2020-1900120-24, RA-2020-1900120-25, RA-2020-1900120-26; U.S. Ref.: CRM-182-71537)

Dear Erin and Allison

May I in return then introduces my colleague Stine Winther. She is the new team leader at the Asset Recovery Office here and has taken over the case from me on the asset recovery aspect of this case.

I kindly ask that future communication includes her (and not me).

Before "checking out" I just wish to thank you Erin (and Reena) for our teamwork and your patience ☺

Best of luck in the future.


Kind regards

**Andreas Juul Bjørn**
Prosecutor

**Tlf.:** +45 61129807
**E-mail:** ajb002@politi.dk




**STATSADVOKATEN**


**State Prosecutor for Serious**
**Economic and International Crime**
Kampmannsgade 1
1604 København V
Tlf.: +45 7268 9000
Fax: +45 4515 0119
E-mail: saoek@ankl.dk
www.anklagemyndigheden.dk

**Fra:** Mikita, Erin (CRM) <Erin.Mikita@usdoj.gov>
**Sendt:** 3. september 2020 21:22
**Til:** Bjørn, Andreas Juul (AJB002) <AJB002@politi.dk>
**Cc:** Tullin, Marie (MTU002) <MTU002@politi.dk>; Hansen, Niels Vejlby (NVH001) <NVH001@politi.dk>; Shepard, Joseph (CRM) <Joseph.Shepard@usdoj.gov>; Twilley, Tiffany (CRM) <Tiffany.Twilley@usdoj.gov>; rigsadvokaten@ankl.dk; Erlandsen, Katinka (KER002) <KER002@politi.dk>; Møllmann, Anders (AMO039) <AMO039@politi.dk>; Mittelman, Reena (CRM) <Reena.Mittelman@usdoj.gov>; Ickovic, Allison (CRM)

STEIN_LHOTE0001975

CONFIDENTIAL

<Allison.Ickovic@usdoj.gov>
**Emne:** RE: Denmark - STEIN, MATTHEW RICHARD ET AL. (Danish Ref.: RA-2020-1900120-24, RA-2020-1900120-25, RA-2020-1900120-26; U.S. Ref.: CRM-182-71537)

Dear Andreas,

I hope this email finds you well.

Allow me to introduce via email my colleague Allison Ickovic from the DOJ Money Laundering and Asset Recovery Section who is now handling your requests in connection with this matter. Allison, Reena, and I have been engaged in discussions with our supervisors and other U.S. government colleagues regarding the execution of your requests. Allison has some initial questions regarding the case, which I will let her follow up with.

I apologize for the delay in getting back to you on this – we all look forward to working together on this!

Best regards,
Erin

---

**From:** Mikita, Erin (CRM) <Erin.Mikita@CRM.USDOJ.GOV>
**Sent:** Friday, August 14, 2020 7:53 AM
**To:** AJB002@politi.dk
**Cc:** MTU002@politi.dk; NVH001@politi.dk; Shepard, Joseph (CRM) <Joseph.Shepard@CRM.USDOJ.GOV>; Twilley, Tiffany (CRM) <Tiffany.Twilley@CRM.USDOJ.GOV>; rigsadvokaten@ankl.dk; KER002@politi.dk; AMO039@politi.dk; Mittelman, Reena (CRM) <Reena.Mittelman@CRM.USDOJ.GOV>
**Subject:** RE: Denmark - STEIN, MATTHEW RICHARD ET AL. (Danish Ref.: RA-2020-1900120-24, RA-2020-1900120-25, RA-2020-1900120-26; U.S. Ref.: CRM-182-71537)

Dear Andreas,

Thank you for reaching out, and my apologies for the delay in getting back to you. Both OIA and MLARS understand the significance of this case for Denmark, and I assure you that we are working on it.

Unfortunately, the MLARS attorney previously-assigned to handle this matter left the office, and it was reassigned to a new attorney (who is excellent, responsive, and well-versed in tax-related matters) this week. She is reviewing the matter now and already has some ideas, and we are speaking early next week about strategy. I will revert to you as soon as we speak and loop her into this email exchange.

Best regards, and have a nice weekend,
Erin

---

**From:** AJB002@politi.dk <AJB002@politi.dk>
**Sent:** Thursday, August 13, 2020 7:40 AM
**To:** Mikita, Erin (CRM) <Erin.Mikita@CRM.USDOJ.GOV>
**Cc:** MTU002@politi.dk; NVH001@politi.dk; Shepard, Joseph (CRM) <Joseph.Shepard@CRM.USDOJ.GOV>; Twilley, Tiffany (CRM) <Tiffany.Twilley@CRM.USDOJ.GOV>; rigsadvokaten@ankl.dk; KER002@politi.dk; AMO039@politi.dk; Mittelman, Reena (CRM) <Reena.Mittelman@CRM.USDOJ.GOV>
**Subject:** SV: Denmark - STEIN, MATTHEW RICHARD ET AL. (Danish Ref.: RA-2020-1900120-24, RA-2020-1900120-25, RA-2020-1900120-26; U.S. Ref.: CRM-182-71537)

Dear Erin,

In your below email dated 13 July 2020 you wrote that you were referring our request to the DOJ Money Laundering and Asset Recovery Section (MLARS). We have since not hear anything regarding the restraint effort. Would it be possible for you to provide us with the contact information for the person or persons at MLARS who are handling our request? We would very much like an update on the process of the restraint effort. Also is it possible that you or

STEIN_LHOTE0001976                                                                                                    CONFIDENTIAL

MLARS in general terms specify the steps/process you in the U.S. need to go through and maybe give a time estimate for the process?

We are grateful for your help in this matter but we would also like to once again emphasize that it cannot be stress enough how important and high profile this case is in Denmark. The case has the attention of both politicians and the media. The later have in a documentary shown that the suspects have the real estate that we seek to seize. It is harmful to the sense of justice for the Danish population to know that the suspects have expensive real estate when they are suspected of defrauding the Danish state of approximately USD 164.203.690,-.  Also at this point in time the suspects has been made aware of the charges through the agents of the IRS. We therefore fear that the suspects now may escalate their efforts to conceal their assets.

And just to clarify on our earlier correspondence regarding what the purpose of the restraint is (subsequent confiscation, victim compensation, cost of the case or fines imposed). We do have valued-based confiscation in Denmark. In the scope of Danish law the strategy for our asset recovery effort is to get a restraint on as many assets as possible and then when we get a conviction we have the following possibilities **1)** Try and prove that specific assets are directly proceeds of crime **2)** In a confiscation order get a judge to estimate how much each suspect has gained as proceed of crime. This estimated amount will then be a frame (and not concerning a specified individualized asset). It is then possible for the state of Denmark to afterwards use seized assets as fulfillment of that confiscation-frame. **3)** Value-based confiscation. Get a court order that states that a specified assets has to be confiscated. It is not required to prove that that assets is directly proceeds of crime. **4)** Get a court order that states that a specified assets has to be use as fulfillment for victim compensation, cost of the case or fines imposed. We would be grateful if you could guide us to which approach best translates to U.S. law?

@Reena: Anders will get back to you with a response to the question in your email dated 30 July 2020.

Best,

Andreas

**Andreas Juul Bjørn**
Prosecutor

Tlf.: +45 61129807
E-mail: ajb002@politi.dk



**STATSADVOKATEN**

**State Prosecutor for Serious
Economic and International Crime**
Kampmannsgade 1
1604 København V
Tlf.: +45 7268 9000
Fax: +45 4515 0119
E-mail: saoek@ankl.dk
www.anklagemyndigheden.dk

**Fra:** Mikita, Erin (CRM) <Erin.Mikita@usdoj.gov>
**Sendt:** 19. juli 2020 22:45
**Til:** Bjørn, Andreas Juul (AJB002) <AJB002@politi.dk>

STEIN_LHOTE0001977                                                        CONFIDENTIAL

21-804-03-13

Cc: Tullin, Marie (MTU002) <MTU002@politi.dk>; Hansen, Niels Vejlby (NVH001) <NVH001@politi.dk>; Stassen, Martin Vedel (MST020) <MST020@politi.dk>; Shepard, Joseph (CRM) <Joseph.Shepard@usdoj.gov>; Twilley, Tiffany (CRM) <Tiffany.Twilley@usdoj.gov>; rigsadvokaten@ankl.dk; Erlandsen, Katinka (KER002) <KER002@politi.dk>; Møllmann, Anders (AMO039) <AMO039@politi.dk>; Mittelman, Reena (CRM) <Reena.Mittelman@usdoj.gov>
Emne: RE: Denmark - STEIN, MATTHEW RICHARD ET AL. (Danish Ref.: RA-2020-1900120-24, RA-2020-1900120-25, RA-2020-1900120-26; U.S. Ref.: CRM-182-71537)

Dear Andreas,

Thank you for the response, and my apologies for the delay.

I appreciate the confirmation on the bullet points and understand what you are saying about proceeds traceable to crime – this is what you expect at this stage and the reason for which you are seeking the restraint. Should you not be able to prove traceable proceeds, you want to be able to consider other options, such as fines, victim compensation, and the costs of the case and are wondering if we can restrain for these things.

I will have to confirm with MLARS, but I believe the short answer is no – we cannot restrain for these purposes, as we would not be able to enforce a fine or a request for costs. We would also likely not be able to enforce an order for victim compensation, though I think we could consider whether something might be possible.

That said, we could stay in communication, and if it appears that you will not be able to prove traceable proceeds, we could work together to come up with some resolution. For example, we have something under U.S. law called substitute assets. Basically, if we are unable to locate a defendant's criminal proceeds because the defendant has taken some action to hide or dissipate them, we are able to forfeit other assets belonging to the defendant even if they are not related to the crime. I understand that this is similar in some other countries to "value-based" confiscation. Also, we have flexibility in our system when we have defendant consent, should that become an option at a later stage of the process.

If there is anything specific you want to address at this point, please let me know. Otherwise, I will pass along all of this information to MLARS, and we will consult going forward.

Best regards,
Erin

---

From: AJB002@politi.dk <AJB002@politi.dk>
Sent: Tuesday, July 14, 2020 6:51 AM
To: Mikita, Erin (CRM) <Erin.Mikita@CRM.USDOJ.GOV>
Cc: MTU002@politi.dk; NVH001@politi.dk; MST020@politi.dk; Shepard, Joseph (CRM) <Joseph.Shepard@CRM.USDOJ.GOV>; Twilley, Tiffany (CRM) <Tiffany.Twilley@CRM.USDOJ.GOV>; rigsadvokaten@ankl.dk; KER002@politi.dk; AMO039@politi.dk; Mittelman, Reena (CRM) <Reena.Mittelman@CRM.USDOJ.GOV>
Subject: SV: Denmark - STEIN, MATTHEW RICHARD ET AL. (Danish Ref.: RA-2020-1900120-24, RA-2020-1900120-25, RA-2020-1900120-26; U.S. Ref.: CRM-182-71537)

Dear Erin,

Since Anders is away I will answer your question.

Yes the below stated bullet points are correct. However please note that the request for restraint dos not only refer to the restraint for the purpose of subsequent confiscation of proceeds of crime. This is of course our main concern. It is what we expect to find and what we expect to be able to prove in court and thus get a confiscation order when we get a conviction. But if during the process our investigation shows that we cannot prove in court that a specific value e.g. some money in a bank account is in fact the proceeds of crime it is possible according to Danish law to take some seized e.g. money to cover for fines imposed, to cover claims for compensation from the aggravated part or cover the cost of the case in the event of a conviction (and the convicted part has to cover the expenses). We have mention in our request for mutual legal assistance that we also seek the values seized for these other

13

                                                                    CONFIDENTIAL

mentioned future purposes. This is of course only feasible if it possible according to U.S. law. The UN Convention on Transnational Organized Crime dos not specifically mention mutual legal assistance for the purpose of covering fines imposed, to cover claims for compensation from the aggravated part or to cover the costs of the case in the event of conviction. However it is stated in article 18, section 3(i) that mutual legal assistance may be requested for any other type of assistance (other than those mention in section 3 a-h) as long as it is not contrary to the domestic law in the requested state. Our court orders stated that the restraint is in accordance with Danish law for the purposes of confiscation but also to cover imposed fines, compensation for aggravated part and to cover the cost of the case. We therefore hope that you are willing and able to secure the restraint for these purposes as well?

The translation of the court orders for the restraint of the real properties are in progress. We will send them to you hopefully this week or the next.

Best regards

**Andreas Juul Bjørn**
Prosecutor

Tlf.: +45 61129807
E-mail: ajb002@politi.dk



**STATSADVOKATEN**

**State Prosecutor for Serious
Economic and International Crime**
Kampmannsgade 1
1604 København V
Tlf.: +45 7268 9000
Fax: +45 4515 0119
E-mail: saoek@ankl.dk
www.anklagemyndigheden.dk

---

**Fra:** Mikita, Erin (CRM) <Erin.Mikita@usdoj.gov>
**Sendt:** 13. juli 2020 20:52
**Til:** Møllmann, Anders (AMO039) <AMO039@politi.dk>; Mittelman, Reena (CRM) <Reena.Mittelman@usdoj.gov>
**Cc:** Tullin, Marie (MTU002) <MTU002@politi.dk>; Hansen, Niels Vejlby (NVH001) <NVH001@politi.dk>; Stassen, Martin Vedel (MST020) <MST020@politi.dk>; Bjørn, Andreas Juul (AJB002) <AJB002@politi.dk>; Shepard, Joseph (CRM) <Joseph.Shepard@usdoj.gov>; Twilley, Tiffany (CRM) <Tiffany.Twilley@usdoj.gov>; rigsadvokaten@ankl.dk; Erlandsen, Katinka (KER002) <KER002@politi.dk>
**Emne:** RE: Denmark - STEIN, MATTHEW RICHARD ET AL. (Danish Ref.: RA-2020-1900120-24, RA-2020-1900120-25, RA-2020-1900120-26; U.S. Ref.: CRM-182-71537)

Dear colleagues,

I am drafting a formal letter referring this matter to my colleagues at the DOJ Money Laundering and Asset Recovery Section (MLARS).

MLARS will likely have additional questions about the basis for restraining the assets and the connection between the assets and the crimes, but as a starting point, could you please tell me if the below statements are accurate for purposes of my referral:
- Based on information obtained in the course of their investigation, Danish authorities suspect that accounts held by Stein, Lhote, and McGee at TD Bank (Delaware); Santander Bank (Delaware); First Republic Bank

14

STEIN_LHOTE0001979                                                                    CONFIDENTIAL

(California); JP Morgan Chase Bank (New York); and City National Bank (California) may contain proceeds of the criminal conduct under investigation.

- Information obtained during the Danish investigation has indicated that Stein and his ███████████ own a property located at ████████████████████████████, which may have been purchased with proceeds of the criminal conduct under investigation.
- Information obtained during the Danish investigation has indicated that Lhôte and his ███████████ ██████ own a property located at ████████████████████████, which may have been purchased with proceeds of the criminal conduct under investigation.

Best regards,
Erin

---

**From:** Mikita, Erin (CRM) <Erin.Mikita@CRM.USDOJ.GOV>
**Sent:** Sunday, July 12, 2020 4:54 PM
**To:** AMO039@politi.dk; Mittelman, Reena (CRM) <Reena.Mittelman@CRM.USDOJ.GOV>
**Cc:** MTU002@politi.dk; NVH001@politi.dk; MST020@politi.dk; AJB002@politi.dk; Shepard, Joseph (CRM) <Joseph.Shepard@CRM.USDOJ.GOV>; Twilley, Tiffany (CRM) <Tiffany.Twilley@CRM.USDOJ.GOV>; rigsadvokaten@ankl.dk; KER002@politi.dk
**Subject:** RE: Denmark - STEIN, MATTHEW RICHARD ET AL. (Danish Ref.: RA-2020-1900120-24, RA-2020-1900120-25, RA-2020-1900120-26; U.S. Ref.: CRM-182-71537)

Dear Anders,

Thank you very much for this incredibly helpful information and clarification – this should resolve the majority of the outstanding questions.

In terms of the restraining orders, please have the orders for the restraint of the real properties translated. I will consult with my colleagues before asking you to do the translation for the orders for the bank accounts. As those orders do not provide specific bank account numbers, I would like to get clarification from my colleagues on whether they are sufficient for our purposes before you go to the trouble and cost of translation.

I will revert shortly to this group. I understand you are leaving on (or have already left on) vacation – I very much hope you enjoy your time away.

Best regards,
Erin

---

**From:** AMO039@politi.dk <AMO039@politi.dk>
**Sent:** Thursday, July 9, 2020 4:45 AM
**To:** Mikita, Erin (CRM) <Erin.Mikita@CRM.USDOJ.GOV>; Mittelman, Reena (CRM) <Reena.Mittelman@CRM.USDOJ.GOV>
**Cc:** MTU002@politi.dk; NVH001@politi.dk; MST020@politi.dk; AJB002@politi.dk; Shepard, Joseph (CRM) <Joseph.Shepard@CRM.USDOJ.GOV>; Twilley, Tiffany (CRM) <Tiffany.Twilley@CRM.USDOJ.GOV>; rigsadvokaten@ankl.dk; KER002@politi.dk
**Subject:** SV: Denmark - STEIN, MATTHEW RICHARD ET AL. (Danish Ref.: RA-2020-1900120-24, RA-2020-1900120-25, RA-2020-1900120-26; U.S. Ref.: CRM-182-71537)

Dear Erin,

Thank you for your e-mail. It is indeed the most strange of times. I hope that you and yours stay safe.

So as not to confuse our mail threads I will answer Reena's mail regarding bank records in a separate mail even though the issues overlap somewhat.

15

                                                                          CONFIDENTIAL

21-804-03-16

1.  We agree that the mutual legal assistance agreement between the United States and Denmark does not provide for the restraint/forfeiture of assets. The basis for restraint must therefore be found elsewhere. Despite the USA not being a party to the Council of Europe's Convention of 20 April 1959 on Mutual Legal Assistance in Criminal Matters, US and Danish authorities have in the past provided mutual legal assistance to each other based on the principles of that convention and our present requests therefore also refer to those principles. As another possible legal basis you refer to the UN Convention on Transnational Organized Crime which both Denmark and the USA have ratified. Article 18 of that convention states that mutual legal assistance may entail executing seizures and freezing. We have revisited the different requirements for the use of the UN Convention on Transnational Organized Crime and it is our assessment that the criminal offense in question is covered by the Convention. **We therefore clarify that our request concerning the restraint of assets is also submitted with reference to the UN Convention on Transnational Organized Crime.** We apologize for the inconvenience.

2.  We wish to clearly stress that our investigation and the charge against the suspects is for fraud; <u>not</u> tax fraud nor tax evasion. The charge is for contravention of the section (s. 279) in the Danish Criminal Code regarding fraud in general. The suspects established an elaborate system to produce documents with false contents which they then used to create a mistake inducing the aggrieved party to pay out a large amount of money causing that party a loss in the same amount. The aggrieved party happens to be the tax authorities of Denmark, but that does not make it a case of tax evasion or tax fraud. **It is extremely important for us that your office does not treat our request as an investigation concerning tax evasion or tax fraud.**

3.  We do have court orders mandating us to seize the bank accounts and the real estate. They are however not translated into English yet. I have attached the Danish versions (even though I realize that this may not be of much use to you). Should we have them translated and forward the translations to you at this time?

We very much appreciate the dedicated assistance you, Reena, and your colleagues are providing us on this case! It is of great value to our investigation and our endeavors to recover some of the money lost as a result of the fraud.

Best,
Anders

**Anders Møllmann**
Senior Specialist Prosecutor, PhD

Phone: +45 6112 8086
E-mail: AMO039@politi.dk



**STATE PROSECUTOR**

FOR SERIOUS ECONOMIC AND
INTERNATIONAL CRIME

**State Prosecutor for Serious Economic and International Crime**
Kampmannsgade 1
1604 Copenhagen V
Phone: +45 7268 9000
Fax: +45 4515 0119
E-mail: saoek@ankl.dk
www.anklagemyndigheden.dk

**Fra:** Mikita, Erin (CRM) <Erin.Mikita@usdoj.gov>
**Sendt:** 8. juli 2020 00:21
**Til:** Mittelman, Reena (CRM) <Reena.Mittelman@usdoj.gov>; Møllmann, Anders (AMO039) <AMO039@politi.dk>
**Cc:** Tullin, Marie (MTU002) <MTU002@politi.dk>; Hansen, Niels Vejlby (NVH001) <NVH001@politi.dk>; Stassen, Martin Vedel (MST020) <MST020@politi.dk>; Bjørn, Andreas Juul (AJB002) <AJB002@politi.dk>; Shepard, Joseph

STEIN_LHOTE0001981                                                                 CONFIDENTIAL

21-804-03-17

(CRM) <Joseph.Shepard@usdoj.gov>; Twilley, Tiffany (CRM) <Tiffany.Twilley@usdoj.gov>; rigsadvokaten@ankl.dk; Erlandsen, Katinka (KER002) <KER002@politi.dk>
Emne: RE: Denmark - STEIN, MATTHEW RICHARD ET AL. (Danish Ref.: RA-2020-1900120-24, RA-2020-1900120-25, RA-2020-1900120-26; U.S. Ref.: CRM-182-71537)

Dear Anders,

Thank you for reaching out on this, and my apologies for the delay. I hope you and your colleagues are doing well in these most strange times.

I am consulting with our DOJ Money Laundering and Asset Recovery Section (MLARS) regarding the execution of these requests, and our U.S. Marshals Service (USMS) is looking into the status and value of the assets that are mentioned in the requests.

For your background, the U.S. law the allows us to restrain and forfeit assets on behalf of a foreign country is Title 28, United States Code, Section 2467.

There are a few preliminary issues we will need to address in determining how to proceed:
1. The mutual legal assistance agreement between the United States and Denmark does not provide for the restraint/forfeiture of assets. Accordingly, we will need to look to another basis for restraint, such as a multilateral convention like the UN Convention on Transnational Organized Crime or the UN Convention Against Illicit Traffic in Narcotic Drugs and Psychotropic Substances. There may also be a way to read our statute broadly enough to facilitate a restraint or forfeiture in the event we do not fall squarely under one of these conventions. We are discussing this internally to come up with the best path forward.
2. From my initial read of your requests, I understand that you are investigating tax fraud, not just tax evasion. We do not have a basis under U.S. law to restrain or forfeit assets in connection with a pure tax evasion case domestically. Accordingly, we cannot restrain or forfeit assets for a foreign country based on a pure tax evasion case. I have asked my MLARS colleagues to review the facts to confirm that we have what we refer to as "dual forfeitability."
3. Our statute requires our foreign partners to provide a court-issued restraining order or orders for any assets located in the United States for which restraint is sought. Please let me know if I have missed something, but it appears that, though your requests reference orders by the Court in Lyngby for the restraint of the assets, they doe not provide copies of the orders. If you already have obtained the orders and can provide copies, please send them to me. If you have not obtained the orders yet, please hold off for now as we address the two above issues and our USMS provides us with information regarding the assets. I would not want you to do the extra work of obtaining the orders if we ultimately determine that a bank account is empty or a real property has been sold.

I will revert shortly. Please know that I am aware of how significant this specific case is for Denmark. In addition, please know that I am very interested in general in finding a way to restrain and forfeit assets for Denmark. I am grateful for all of the assistance your colleagues have provided in our restraint and forfeiture matters and will do whatever I can to move this forward.

Best regards,
Erin

From: Mittelman, Reena (CRM) <Reena.Mittelman@CRM.USDOJ.GOV>
Sent: Friday, July 3, 2020 11:08 AM
To: AMO039@politi.dk; Mikita, Erin (CRM) <Erin.Mikita@CRM.USDOJ.GOV>
Cc: MTU002@politi.dk; NVH001@politi.dk; MST020@politi.dk; AJB002@politi.dk; Shepard, Joseph (CRM) <Joseph.Shepard@CRM.USDOJ.GOV>; Twilley, Tiffany (CRM) <Tiffany.Twilley@CRM.USDOJ.GOV>; rigsadvokaten@ankl.dk; KER002@politi.dk
Subject: RE: Denmark - STEIN, MATTHEW RICHARD ET AL. (Danish Ref.: RA-2020-1900120-24, RA-2020-1900120-25, RA-2020-1900120-26; U.S. Ref.: CRM-182-71537)

Dear Anders,

STEIN_LHOTE0001982                                                                                           CONFIDENTIAL

Thank you!

Speaking only with regard to the bank records parts of the requests: We will file any court applications under seal and seek a non-disclosure order.  By filing under seal, the existence and contents of the court application are unavailable to the public unless otherwise ordered by the court.  If the court grants the non-disclosure portion of the order, my office will be authorized not only to subpoena the banks to produce the records, but also to order the banks not to notify any person(s) or entity(ies) of the subpoena or its contents for a period of two years from the date of the court's order.  Two years from the date of the court's order, the court application and order will be publicly available, and the banks will be allowed to disclose the subpoena and its contents to the account holder(s), beneficiaries, and others.  If Danish authorities need an extension of the two-year, non-disclosure period, please let us know and provide a detailed explanation.

I hope that is helpful.  Please let me know if you have any questions.

Best,

Reena

Reena T. Mittelman
Trial Attorney
Office of International Affairs
Criminal Division | U.S. Department of Justice
1301 New York Avenue, N.W.
Washington, D.C. 20530
Telephone: (202) 514-1141
Email: reena.mittelman@usdoj.gov

---

**From:** AMO039@politi.dk <AMO039@politi.dk>
**Sent:** Friday, July 3, 2020 7:35 AM
**To:** Mittelman, Reena (CRM) <Reena.Mittelman@CRM.USDOJ.GOV>; Mikita, Erin (CRM) <Erin.Mikita@CRM.USDOJ.GOV>
**Cc:** MTU002@politi.dk; NVH001@politi.dk; MST020@politi.dk; AJB002@politi.dk; Shepard, Joseph (CRM) <Joseph.Shepard@CRM.USDOJ.GOV>; Twilley, Tiffany (CRM) <Tiffany.Twilley@CRM.USDOJ.GOV>; rigsadvokaten@ankl.dk; KER002@politi.dk
**Subject:** SV: Denmark - STEIN, MATTHEW RICHARD ET AL. (Danish Ref.: RA-2020-1900120-24, RA-2020-1900120-25, RA-2020-1900120-26; U.S. Ref.: CRM-182-71537)

Dear Reena,

Thank you for your reply. We are not familiar with the particulars of the US court process, including the implications of filing applications under seal, but the short answer is that we do seek confidentiality of these requests.

Under Danish criminal procedure, the suspects would be made aware of the freezing/forfeiture orders, but only after they have been executed/secured.

I hope this answers your question and please let us know if you need anything further from us in this respect.

We wish you all a happy Independence Day!

Best,
Anders

Anders Møllmann
Senior Specialist Prosecutor, PhD

STEIN_LHOTE0001983                                                                              CONFIDENTIAL

Phone: +45 6112 8086
E-mail: AMO039@politi.dk



**STATE PROSECUTOR**

FOR SERIOUS ECONOMIC AND
INTERNATIONAL CRIME

**State Prosecutor for Serious
Economic and International
Crime**
Kampmannsgade 1
1604 Copenhagen V
Phone: +45 7268 9000
Fax: +45 4515 0119
E-mail: saoek@ankl.dk
www.anklagemyndigheden.dk

**Fra:** Mittelman, Reena (CRM) <Reena.Mittelman@usdoj.gov>
**Sendt:** 2. juli 2020 21:55
**Til:** Møllmann, Anders (AMO039) <AMO039@politi.dk>; Mikita, Erin (CRM) <Erin.Mikita@usdoj.gov>
**Cc:** Tullin, Marie (MTU002) <MTU002@politi.dk>; Hansen, Niels Vejlby (NVH001) <NVH001@politi.dk>; Stassen,
Martin Vedel (MST020) <MST020@politi.dk>; Bjørn, Andreas Juul (AJB002) <AJB002@politi.dk>; Shepard, Joseph
(CRM) <Joseph.Shepard@usdoj.gov>; Twilley, Tiffany (CRM) <Tiffany.Twilley@usdoj.gov>; rigsadvokaten@ankl.dk
**Emne:** RE: Denmark - STEIN, MATTHEW RICHARD ET AL. (Danish Ref.: RA-2020-1900120-24, RA-2020-1900120-25,
RA-2020-1900120-26; U.S. Ref.: CRM-182-71537)

Dear Anders,

Hope you are well!

I defer to Erin regarding the status of the forfeiture parts of the requests. With regard to the bank records
components of the requests, I hope to file the court application next week. Do Danish authorities seek
confidentiality of these three MLA requests, such that we should (a) file any court applications under seal and (b)
seek a non-disclosure order from the court mandating that our application to execute the requests be treated as
confidential and unavailable to the public for two years and that we may order the banks not to disclose any
information regarding the requests to the account holder(s) or others for two years?

Please note that our office will be closed tomorrow (Friday) for a national holiday, but I will be monitoring email in
case anything urgent comes up.

Best,

Reena

Reena T. Mittelman
Trial Attorney
Office of International Affairs
Criminal Division | U.S. Department of Justice
1301 New York Avenue, N.W.
Washington, D.C. 20530
Telephone: (202) 514-1141
Email: reena.mittelman@usdoj.gov

STEIN_LHOTE0001984                                                          CONFIDENTIAL

21-804-03-20

**From:** AMO039@politi.dk <AMO039@politi.dk>
**Sent:** Wednesday, July 1, 2020 9:45 AM
**To:** Mittelman, Reena (CRM) <Reena.Mittelman@CRM.USDOJ.GOV>; Mikita, Erin (CRM)
<Erin.Mikita@CRM.USDOJ.GOV>
**Cc:** MTU002@politi.dk; NVH001@politi.dk; MST020@politi.dk; AJB002@politi.dk; Shepard, Joseph (CRM)
<Joseph.Shepard@CRM.USDOJ.GOV>; Twilley, Tiffany (CRM) <Tiffany.Twilley@CRM.USDOJ.GOV>;
rigsadvokaten@ankl.dk
**Subject:** SV: Denmark - STEIN, MATTHEW RICHARD ET AL. (Danish Ref.: RA-2020-1900120-24, RA-2020-1900120-25,
RA-2020-1900120-26; U.S. Ref.: CRM-182-71537)

Good morning Reena and Erin,

I hope you are staying well and safe at your end.

Could you kindly give me a short status on our asset recovery requests and, if possible, a time frame as to when we
might expect the forfeiture parts of the requests to be executed? We are, unsurprisingly, slightly concerned that the
assets in question may be transferred from our targets before the requests are executed.

Best,
Anders

Kind regards

**Anders Møllmann**
Senior Specialist Prosecutor, PhD

Phone: +45 6112 8086
E-mail: AMO039@politi.dk



**STATE PROSECUTOR**

FOR SERIOUS ECONOMIC AND
INTERNATIONAL CRIME

**State Prosecutor for Serious
Economic and International
Crime**
Kampmannsgade 1
1604 Copenhagen V
Phone: +45 7268 9000
Fax: +45 4515 0119
E-mail: saoek@ankl.dk
www.anklagemyndigheden.dk

---

**Fra:** Mittelman, Reena (CRM) <Reena.Mittelman@usdoj.gov>
**Sendt:** 10. juni 2020 00:45
**Til:** Bjørn, Andreas Juul (AJB002) <AJB002@politi.dk>; Twilley, Tiffany (CRM) <Tiffany.Twilley@usdoj.gov>; Mikita,
Erin (CRM) <Erin.Mikita@usdoj.gov>; Shepard, Joseph (CRM) <Joseph.Shepard@usdoj.gov>
**Cc:** Tullin, Marie (MTU002) <MTU002@politi.dk>; Hansen, Niels Vejlby (NVH001) <NVH001@politi.dk>; Møllmann,
Anders (AMO039) <AMO039@politi.dk>; Stassen, Martin Vedel (MST020) <MST020@politi.dk>
**Emne:** RE: Denmark - STEIN, MATTHEW RICHARD ET AL. (Danish Ref.: RA-2020-1900120-24, RA-2020-1900120-25,
RA-2020-1900120-26; U.S. Ref.: CRM-182-71537)

Thank you, Andreas.  That answers my questions for now.  We will follow up with any further questions.

Best,

Reena

STEIN_LHOTE0001985                                                                                 CONFIDENTIAL

21-804-03-21

Reena T. Mittelman
Trial Attorney
Office of International Affairs
Criminal Division | U.S. Department of Justice
1301 New York Avenue, N.W.
Washington, D.C. 20530
Telephone: (202) 514-1141
Email: reena.mittelman@usdoj.gov

---

**From:** AJB002@politi.dk <AJB002@politi.dk>
**Sent:** Monday, June 8, 2020 3:36 AM
**To:** Mittelman, Reena (CRM) <Reena.Mittelman@CRM.USDOJ.GOV>; Twilley, Tiffany (CRM) <Tiffany.Twilley@CRM.USDOJ.GOV>; Mikita, Erin (CRM) <Erin.Mikita@CRM.USDOJ.GOV>; Shepard, Joseph (CRM) <Joseph.Shepard@CRM.USDOJ.GOV>
**Cc:** MTU002@politi.dk; NVH001@politi.dk; AMO039@politi.dk; MST020@politi.dk
**Subject:** SV: Denmark - STEIN, MATTHEW RICHARD ET AL. (Danish Ref.: RA-2020-1900120-24, RA-2020-1900120-25, RA-2020-1900120-26; U.S. Ref.: CRM-182-71537)

Dear all,

First of all many thanks for the greetings regard our Constitution Day.


Specific bank account numbers
We do have knowledge of some specific bank accounts. However the information has been given to us through the Financial Intelligence Units (FIU) in Denmark and the U.S. We are therefore only permitted to use the information as intelligence and cannot disseminate the information without the consent of the FIU in the U.S.

We can try and get consent if you would like us to? I don't know if it may be easier for you to talk directly with them?


Time period for bank records
The Danish court orders have not restriction regarding the time period of the bank records. We would be grateful for as much information as possible. The investigation concerns criminal activity from April 2014. We are therefore looking into the flow through the bank accounts from that point in time to see where the proceeds of the crime as gone. If possible we are interested in bank records from April 2014 until now. I apologies that this was not made clear in the requests.


I hope this was a satisfactory answer to your questions and once again thank you for your time and effort.

In future corresponding regarding asset recovery I kindly ask that you include the team leader of the Asset Recovery Office. (Mr.) Martin Vedel Stassen, Senior Specialist Prosecutor – copied in here.


Kind regards

**Andreas Juul Bjørn**
Prosecutor

Tlf.: +45 61129807
E-mail: ajb002@politi.dk

STEIN_LHOTE0001986                                                                 CONFIDENTIAL



**STATSADVOKATEN**

**State Prosecutor for Serious
Economic and International Crime**
Kampmannsgade 1
1604 København V
Tlf.: +45 7268 9000
Fax: +45 4515 0119
E-mail: saoek@ankl.dk
www.anklagemyndigheden.dk

---

**Fra:** Mittelman, Reena (CRM) <Reena.Mittelman@usdoj.gov>
**Sendt:** 5. juni 2020 00:56
**Til:** rigsadvokaten@ankl.dk; Bjørn, Andreas Juul (AJB002) <AJB002@politi.dk>; Tullin, Marie (MTU002) <MTU002@politi.dk>; Hansen, Niels Vejlby (NVH001) <NVH001@politi.dk>; Møllmann, Anders (AMO039) <AMO039@politi.dk>
**Cc:** Twilley, Tiffany (CRM) <Tiffany.Twilley@usdoj.gov>; Mikita, Erin (CRM) <Erin.Mikita@usdoj.gov>; Shepard, Joseph (CRM) <Joseph.Shepard@usdoj.gov>
**Emne:** RE: Denmark - STEIN, MATTHEW RICHARD ET AL. (Danish Ref.: RA-2020-1900120-24, RA-2020-1900120-25, RA-2020-1900120-26; U.S. Ref.: CRM-182-71537)

Dear all,

Wishing you a happy Constitution Day!

I am writing to follow up regarding the three asset recovery requests in the North Channel Bank case (Danish Ref.: RA-2020-1900120-24, RA-2020-1900120-25, and RA-2020-1900120-26). My OIA colleague Erin Mikita—copied here—is working on the forfeiture-related components of the requests, so as a preliminary matter, I wanted to put you and Erin in touch. I am working on the components of the requests seeking bank records. So that we can coordinate properly, please include me, Erin, and International Affairs Specialists Tiffany Twilley and Joseph Shepard (copied) on correspondence regarding these requests.

I have included the following Danish authorities on this email – please let us know whether we should include anyone else in correspondence regarding these requests:

- Director of Public Prosecutions (rigsadvokaten@ankl.dk)
- Andreas Juul Bjorn, Prosecutor, State Prosecutor for Serious Economic and International Crime (ajb002@politi.dk)
- Marie Tullin, Senior Specialist Prosecutor, State Prosecutor for Serious Economic and International Crime (mtu002@politi.dk)
- Niels Vejlby Hansen, Deputy State Prosecutor, State Prosecutor for Serious Economic and International Crime (NVH001@politi.dk)
- Anders Møllmann, Senior Specialist Prosecutor, State Prosecutor for Serious Economic and International Crime (AMO039@politi.dk)

I also have a question for you: In terms of bank records, Section I.b.1 of the requests seek the following with regard to any of Mr. Stein's, Mr. McGee's, and Mr. Lhôte's accounts at TD Bank, Santander Bank, First Republic Bank, JPMorgan Chase Bank, and City National Bank: "all account information and other written material, including account opening documents, transaction lists and account statements, underlying transaction documentation and IP-addresses relating to accounts, custody accounts and safe deposit boxes." In order to obtain these records, if they exist, we will need to first file an application with a U.S. court that sets forth the facts of the crime under investigation, describes how those facts are known, and establishes a clear connection between the crime and the evidence sought. Can you please provide a specific date range for which you are seeking these bank records, so that we may explain to the court why records are sought for that precise time period? Additionally, are there any bank

                                                          CONFIDENTIAL

21-804-03-23

account numbers you could provide us in connection with these records? Assuming the court grants our application, we can ask the banks to produce records for accounts held in the names of Mr. Stein, Mr. McGee, and Mr. Lhôte, but any account numbers we can provide to the banks will help facilitate the search for responsive records.

Erin and I will be in touch with you if we have further questions.

Best regards,

Reena

Reena T. Mittelman
Trial Attorney
Office of International Affairs
Criminal Division | U.S. Department of Justice
1301 New York Avenue, N.W.
Washington, D.C. 20530
Telephone: (202) 514-1141
Email: reena.mittelman@usdoj.gov

---

**From:** RAD FP Sikker <rigsadvokaten@ankl.dk>
**Sent:** Tuesday, May 5, 2020 3:47 AM
**To:** MLA, OIA (CRM) <OIA.MLA@CRM.USDOJ.GOV>
**Subject:** 3 Letters of Request for legal assistance (RA-2020-1900120-24, RA-2020-1900120-25 and RA-2020-1900120-26)

Please find enclosed three requests regarding legal assistance concerning a Danish criminal case regarding fraud committed against the Danish tax
authorities for an amount of DKK 1.13 billion (equivalent to USD 164,203,690).

The requests are connected to a previous request, which were forwarded 2 December 2019 (CRM 182-71537 / RA-2019-1900120-64).

Best regards,

**Sune Løvtrup (Mr)**
Deputy Chief Prosecutor
International Affairs

Phone:+ 45 30 32 67 44
E-mail: slo@ankl.dk
www.anklagemyndigheden.dk



DIRECTOR OF
PUBLIC PROSECUTIONS

**Director of Public Prosecutions**
Frederiksholms Kanal 16
DK-1220 Copenhagen K
Phone: + 45 72 68 90 00
Fax: + 45 7268 9004

STEIN_LHOTE0001988                                                                    CONFIDENTIAL