# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | SUITE 7110
NEW YORK, NEW YORK 10118
TEL (212) 763-0883 | FAX (212) 564-0883
WWW.KAPLANHECKER.COM

DIRECT DIAL   212.763.0883
DIRECT EMAIL  mmiller@kaplanhecker.com

April 21, 2021

TRANSMITTAL VIA NYBORG & RØRDAM

Anders Møllmann, Senior Specialist Prosecutor
Danish State Prosecutor for Serious Economic and International Crime
Kampmannsgade 1
1604 Copenhagen, Denmark

  *Re:  Matthew Stein and Jérôme Lhote*

Dear Mr. Møllmann:

  On April 13, 2021, the Danish State Prosecutor for Serious Economic and International Crime ("SØIK") announced it was filing charges in connection with certain historical dividend tax reclaims. As you know, our clients, Matthew Stein and Jérôme Lhote, are among the individuals charged.

  The announcement followed shortly after the voluntary participation of Messrs. Stein and Lhote in interviews conducted by you and your colleagues over the course of several days last month (the "Interviews"). During the Interviews, it was unclear whether SØIK had been made aware of the terms of the settlement agreement that Messrs. Stein and Lhote, along with other settling individuals and entities (collectively, the "Covered Parties"), entered into with the Danish tax authorities at Skatteforvaltningen ("SKAT") on May 28, 2019 (the "Settlement Agreement"). Section 8f of the Settlement Agreement required SKAT to inform SØIK in writing of the Settlement Agreement and its terms, as well as that the Agreement reflected "good-faith negotiation by the Covered Parties, that the Covered Parties' cooperation may result in the recovery by [SKAT] of additional funds from third parties and that this Agreement is in the best interests of [SKAT]." (*See* Settlement Agreement, Section 8f.) But to ensure that SØIK has full visibility into the Settlement Agreement and its terms, a copy of the Settlement Agreement is attached hereto as Exhibit A.[1]

  A "fundamental principle on which th[e] Agreement is based" was the Covered Parties' understanding that they were agreeing to repay SKAT the "full amount of the Net Proceeds" that

---

[1]  As SØIK is a "law enforcement authority investigating Reclaim Applications or related matters," Section 8e(ii) of the Settlement Agreement permits Messrs. Stein and Lhote to provide the Settlement Agreement to SØIK. (*See* Settlement Agreement, Section 8e(ii).)

23 Civ. 2508 (NRB)
**PLAINTIFFS' EXHIBIT**
**13**

**CONFIDENTIAL**

Anders Møllmann, SØIK                                                                April 21, 2021

"the Covered Parties received directly or indirectly from Reclaim Applications…."[2] (*See* Settlement Agreement, Recital F.)

Since entering the Settlement Agreement, the Covered Parties—and in particular, the Covered Parties' Designees, Messrs. Stein and Lhote and Luke McGee—have engaged in significant, ongoing efforts to sell certain illiquid assets in order to facilitate expeditious repayment of the Net Proceeds to SKAT. Those asset liquidation efforts have been documented and explained in regular updates provided to SKAT's counsel. To date, the Covered Parties have paid 1,008,525,626.36 DKK to SKAT, as detailed in Exhibit B.

In addition to agreeing to repay the total Net Proceeds, the Covered Parties also agreed in the Settlement Agreement "to use their best efforts and full cooperation to assist SKAT" in proceedings against other parties that have not reached any settlement with SKAT over their submission of dividend tax reclaims. (*See* Settlement Agreement, Recital E.) In conformity with that obligation, the Covered Parties' Designees have expended substantial time and resources supporting SKAT's requests for assistance in its prosecution of claims against other parties in actions currently pending in Dubai, the United Kingdom, and the United States.[3]

Since entry into the Settlement Agreement, the Covered Parties, including Messrs. Stein and Lhote, have acted in conformity with its terms. Going forward, the Covered Parties are committed to continuing their work to ensure full repayment of the Net Proceeds to complete their obligations under the Settlement Agreement.

Please let me know if we can address any questions concerning the information set forth above. We would welcome the opportunity to provide you with additional detail regarding our clients' ongoing fulfilment of their obligations under the Settlement Agreement with SKAT.

Sincerely,

Marshall L. Miller

Attachments

cc:    Hanne Rahbæk, Esq.

---

[2]  Capitalized terms not defined herein have the meaning assigned to them in the Settlement Agreement.

[3]  At the Covered Parties' Designees' direction, their lawyers have, among other steps, reviewed and produced over 90,000 documents in SKAT's pending suits against non-settling parties in the United States. Over the past several months, the Covered Parties' Designees and their counsel have also researched and answered numerous substantive questions that SKAT's U.S. counsel has raised in connection with SKAT's prosecution of claims against other parties.

STEIN_LHOTE0001164                                                        CONFIDENTIAL

# Exhibit B

STEIN_LHOTE0001405

CONFIDENTIAL

CONFIDENTIAL

**May 29, 2019 Settlement Agreement with SKAT**

**List of Payments Made and SKAT Confirmations as of April 21, 2021**

| Payment Amount to SKAT | Date of Receipt of Payment Confirmation from SKAT |
|---|---|
| 496,749,199.00 DKK | 6/11/2019 |
| 3,250,800.51 DKK | 6/11/2019 |
| 7,435,005.05 DKK | 7/24/2019 |
| 130,867,013.56 DKK | 7/24/2019 |
| 53,198,724.13 DKK | 7/26/2019 |
| 40,199,976.12 DKK | 7/30/2019 |
| 9,855,189.96 DKK | 7/30/2019 |
| 163,676,643.94 DKK | 8/8/2019 |
| 44,767,448.00 DKK | 8/8/2019 |
| 30,799,787.14 DKK | 6/3/2020 |
| 4,507,895.00 DKK | 7/21/2020 |
| 3,301,560.00 DKK | 1/29/2021 |
| 19,916,383.95 DKK | 3/23/2021 |

**Total**: **1,008,525,626.36 DKK**

                                                                 CONFIDENTIAL