30-803-00-1
~~08-800-00-1~~

Retten i København

Dato: 16-03-2020
Jnr.: SØK-10177-00037-19
Sagsbehandler: MVF

STATSADVOKATEN FOR SÆRLIG
ØKONOMISK OG INTERNATIONAL
KRIMINALITET

KAMPMANNSGADE 1
1604 KØBENHAVN V

TELEFON 72 68 90 00
FAX 45 15 00 16

E-mail: saoek@ankl.dk
www.anklagemyndigheden.dk
www.politi.dk

## Retsanmodning om beslaglæggelse
(K168a)

Der anmodes i medfør af retsplejelovens § 29, stk. 3, nr. 4, om, at retsmø-
det afholdes for lukkede døre, idet sagens behandling i et offentligt retsmøde
må antages på afgørende måde at hindre sagens oplysning.

Vedr.:                   Mistanke om bedrageri mod Kongeriget Danmark

Til sagen mod:           Matthew Richard Stein
                         Født ▮▮▮▮▮▮▮
                         Statsborger i USA
                         Pasnr. ▮▮▮▮▮▮ (udløb 9. Juni 2019)
                         ▮▮▮▮▮▮▮▮
                         ▮▮▮▮▮▮▮ (sidst kendte adresse)

Der er mistænkt for at have begået bedrageri af særlig grov beskaffenhed
efter straffelovens §279, jf. §286, stk. 2, jf. §306, ved i perioden 2013-2015

23 Civ. 2508 (NRB)
**PLAINTIFFS' EXHIBIT**
**14**

30-803-00-2
~~08-800-00-2~~

I forening og efter forudgående aftale eller fælles forståelse med flere fysiske
og juridiske personer, med henblik på at skaffe sig og andre uberettiget vin-
ding, tilrettelagde og eksekverede et system, hvori sigtedes medgernings-
mand, North Channel Bank GmbH & Co. KG, hvis sag er afgjort særskilt, regi-
strerede fiktive aktie- og pengebevægelser og udfærdigede dokumenter (Di-
vidend Credit Advices) indeholdende urigtige oplysninger om udbetaling af
udbytte fra danske aktier, som de sigtede eller disses medgerningsmænd i
284 tilfælde på vegne af 27 amerikanske "401 K pension plans" anvendte til
at bringe ansatte i Skattestyrelsen (tidligere SKAT) i en vildfarelse om, at de
amerikanske "401 K pension plans" havde fået indeholdt udbytteskat i Dan-
mark og derved var berettiget til refusion heraf, alt hvorved Skattestyrelsen
(tidligere SKAT) bestemtes til at udbetale ikke under 1,1 mia. kr. og derved
led et tilsvarende formuetab.

Under henvisning til retsplejelovens § 802, stk. 1 og stk. 2 jf. § 806, stk. 2,
forelægger Statsadvokaten for Særlig Økonomisk og International Kriminalitet
sag med henblik på at opnå rettens kendelse om, at betingelserne efter dansk
ret er opfyldt for beslaglæggelse af følgende:

50% af ejendom:

| | |
|---|---|
| Adresse: | ███████████████████████████ |
| Parcel-nummer: | ████████ |
| Ejer 1: | Matthew Stein |
| Ejer 2: | ████████████ |
| Salgsdato: | ██████ |
| Salgspris: | █████ |
| Grundareal: | 1938 m2 |
| Byggeår: | 1899 |
| Sælger: | ████████████████ |
| Optaget lån: | ██████ |
| Långiver: | █████ |

hos Matthew Stein, der er mistænkt for overtrædelse af § §279, jf. §286, stk.
2, jf. §306.

Beslaglæggelse findes nødvendig for at sikre udbytte fra den strafbare hand-
ling, krav på konfiskation samt bødekrav.

CONFIDENTIAL

STEIN_LHOTE0010323

30-803-00-3
~~08 800 00 3~~

Baggrund for anmodningen er følgende: SKAT (nu Skattestyrelsen) an-
meldte d. 24. august 2015, at der var mistanke om bedrageri af særlig grov
beskaffenhed for DKK 9,6 mia.

Den 24. august 2016 anmeldte SKAT endvidere, at der yderligere var mis-
tanke om bedrageri af særlig grov beskaffenhed for DKK 3,2 mia., samt for-
søg på bedrageri af særlig grov beskaffenhed for DKK 533 mio.
Mistanken var i begge anmeldelser rettet mod en række personer, reclaim
agents, custodians, selskaber samt forskellige pensionsplaner.
Statsadvokaten for Særlig Økonomisk og International Kriminalitet har efter-
følgende konstateret, at der var mistanke om bedrageri for yderligere DKK
100 mio.
Således var der er tale om bedrageri for DKK 3,3 mia. samt forsøg på DKK
533 mio. i anden anmeldelse.

En række enkeltmandsejede pensionsfonde ved navn 401 K i USA bragte,
ved særdeles organiseret brug af falske dokumenter, SKAT i en vildfarelse
om, at pensionsplanerne ejede aktier i en række danske børsnoterede sel-
skaber, på det tidspunkt, hvor de danske børsnoterede selskaber udbetalte
udbytte til sine ejere (aktionærerne).

Bedrageriet skete ved, at pensionsplanerne senest på dagen for generalfor-
samlingen i et dansk børsnoteret selskab købte aktier via en "broker" af én
af ni sælgere, som alle var selskaber hjemmehørende i enten British Virgin
Islands, Dubai, Belize eller Cayman Islands.
Pensionsplanen finansierede købet ved, på samme dag som penge og ak-
tier skulle afregnes, at udlåne den eksakt samme mængde aktier til en tred-
jepart der agerede "lender". Selskabet der agerede "lender" var altid samme
selskab hjemmehørende på Cayman Islands. Sælgeren af aktierne, der på
salgsdagen ikke havde aktier på depot, skaffede disse aktier på afregnings-
dagen, ved at låne den eksakt samme mængde aktier af lenderen.

Efterfølgende blev samtlige handler og låneaftaler rullet tilbage, hvorved der
for ingen af parterne skete hverken kurstab eller en kursgevinst.

Samtlige parter var kunder i North Channel Bank GmbH & Co KG der i samt-
lige handler agerede som depotbank (Custodian).

CONFIDENTIAL                                                                          STEIN_LHOTE0010324

30-803-00-4
~~08-800-00-4~~

North Channel Bank GmbH & Co KG udstedte i forbindelse med aktiehand-
lerne Dividend Credit Advices, der af Tax Reclaim Agents blev sendt til SKAT
på vegne af pensionsplanerne.

Danske børsnoterede selskaber kender ikke nødvendigvis identiteten eller
bopælslandet på alle deres aktionærer. Ved udbetaling af udbytte udbetales
en del af udbyttet (73%) direkte til aktionærerne via banker, mens de reste-
rende 27% indbetales til SKAT.

Efterforskningen har vist, at der formentlig er gennemført fiktive handler
med ikke-eksisterende aktier i danske børsnoterede selskaber omkring skæ-
ringsdato for udbetaling af udbytte.

På baggrund af dobbeltbeskatningsoverenskomsten mellem Danmark og
USA, har det over for SKAT således fremstået, at en række enkeltmands-
ejede pensionsplaner i USA har haft ret til, at få refunderet den tilbageholdte
udbytteskat (27%), som blev indbetalt af danske børsnoterede selskaber
til SKAT.

Det bemærkes i den forbindelse, at pensionsplanerne i USA formentlig ikke
har modtaget et udbyttebeløb (73%) fra de danske børsnoterede selskaber.

Det er Statsadvokaten for Særlig Økonomisk og International Kriminalitets
opfattelse, at handlerne er sket efter forudgående aftale og fælles forstå-
else, på baggrund af fiktive handler med aktier, med det formål at udfær-
dige dokumentation, der kunne fremsendes til SKAT, med henblik på, at få
udbetalt tilbageholdt udbytteskat, som de ikke var berettiget til.

Det er Statsadvokaten for Særlig Økonomisk og International Kriminalitets
opfattelse, at initiativet til oprettelse af North Channel Bank GmbH og Co KG
som depotbank, samt indledning af forretningsforbindelserne med kunderne
udgik fra bankens ejere.

Efterforskningen har vist, at den ene af tre ultimative ejere (Ultimate Benefi-
cial Owners) af North Channel Bank er:

Matthew Richard Stein
Født ▇▇▇▇▇▇▇▇
Statsborger i USA

STEIN_LHOTE0010325

30-803-00-5
~~08-800-00-5~~

Pasnr. ▮▮▮▮▮ (udløb 9. juni 2019)

▮▮▮▮▮▮

▮▮▮▮▮▮ (sidst kendte adresse)

Efterforskningen har vist, at Matthew Stein som én ud af tre personer har været initiativtager og samtidigt spillet en vigtig rolle i planlægningen og eksekveringen af bedrageriet mod Kongeriget Danmark.

Store pengebeløb på flere mio. USD (p.t. ikke endeligt opgjort), stammende fra den tilbagesøgte udbytteskat, er tilgået Matthew Stein og dennes selskaber.

Statsadvokaten for Særlig Økonomisk og International Kriminalitet håber på de amerikanske myndigheders velvillige bistand i denne alvorlige sag.

/. Ejendomsoplysninger med ejerforhold er vedlagt.

/. Dom mod North Channel Bank fra Retten i Glostrup er vedlagt.

M. V. Fischer
politiassistent

CONFIDENTIAL

STEIN_LHOTE0010326

## Harvey – Translation

Files
GRP 30-803-00-01 - STEIN_LHOTE0010322.pdf

Query
en

Response
Page 1
30-803-00-1

8-800-00-+

The Court 1 Copenhagen

Date: 16-03-2020

Case: SOK-10177-00037-19

Case Handler:

MVF

THE SPECIAL PROSECUTOR FOR ECONOMIC AND INTERNATIONAL CRIME

KAMPMANNSGADE 1

1604 COPENHAGEN V

PHONE 72 68 90 00

FAX 45 15 00 16

E-mail: saoek@ankl.dk

www.anklagemyndigheden.dk

www.politi.dk

Request for Seizure

(K168a)

It is requested pursuant to section 29, subsection 3, no. 4 of the Administration of Justice Act, that the court hearing be held behind closed doors, as the public hearing of the case is assumed to decisively hinder the clarification of the case.

Re:

Suspicion of fraud against the Kingdom of Denmark

In the case against:

Matthew Richard Stein

Born ▮▮▮▮▮▮▮, in the USA

CONFIDENTIAL

Citizen of the USA

Passport No. BM (issued June 9, 2019)



[REDACTED] (last known address)

Suspected of having committed fraud of a particularly serious nature under section 279 of the Penal Code, cf. section 286, subsection 2, cf. section 306, during the period 2013-2015

CONFIDENTIAL

STEIN_LHOTE0010322

Page 2

30-803-00-2

8-800-00-2

In association and after prior agreement or mutual understanding with several physical and legal persons, with the aim of obtaining unjustified profit for themselves and others, they organized and executed a system in which the accused's co-conspirator, North Channel Bank GmbH & Co. KG, whose case has been decided separately, registered fictitious stock and money movements and issued documents (Dividend Credit Advices) containing false information about the payment of dividends from Danish stocks, which the accused or their co-conspirators used in 284 instances on behalf of 27 American "401 K pension plans" to mislead employees at the Tax Administration (formerly SKAT) into believing that the American "401 K pension plans" had had dividend tax withheld in Denmark and were therefore entitled to a refund, thereby causing the Tax Administration (formerly SKAT) to pay out no less than 1.1 billion DKK, resulting in a corresponding financial loss.

With reference to the Administration of Justice Act § 802, subsection 1 and subsection 2 cf. § 806, subsection 2, the Public Prosecutor for Special Economic and International Crime presents the case with the aim of obtaining a court order that the conditions under Danish law are met for the seizure of the following:

50% of property: Address: [REDACTED]                                    Parcel number:
[REDACTED]

Owner 1:  Matthew Stein

Owner 2: [REDACTED]

Sale date: [REDACTED]

Sale price: [REDACTED]

Land area:  1938 m2

Year built:  1899

Seller: [REDACTED]

Recorded loan: [REDACTED]

Lender:  — [REDACTED]

from Matthew Stein, who is suspected of violating §§279, cf. §286, subsection 2, cf. §306.

Seizure is deemed necessary to secure the proceeds from the criminal act, claims for confiscation, and compensation claims.

CONFIDENTIAL

CONFIDENTIAL

STEIN_LHOTE0010323

Page 3

**Background for the request is as follows:**

SKAT (now the Danish Tax Agency) reported on August 24, 2015, that there was suspicion of fraud of particularly severe nature amounting to DKK 9.6 billion.

On August 24, 2016, SKAT further reported that there was additional suspicion of fraud of particularly severe nature amounting to DKK 3.2 billion, as well as an attempt at fraud of particularly severe nature amounting to DKK 533 million.

The suspicion in both reports was directed against a number of individuals, reclaim agents, custodians, companies, and various pension plans.

The State Prosecutor for Serious Economic and International Crime subsequently determined that there was suspicion of fraud for an additional DKK 100 million.

Thus, there was fraud amounting to DKK 3.3 billion and an attempt of DKK 533 million in the second report.

A number of individually owned pension funds named 401 Ki USA, through highly organized use of false documents, misled SKAT into believing that the pension plans owned shares in a number of Danish publicly listed companies at the time when these companies paid dividends to their owners (shareholders).

The fraud occurred by the pension plans purchasing shares via a "broker" from one of nine sellers, all of which were companies domiciled in either the British Virgin Islands, Dubai, Belize, or the Cayman Islands, on the day of the general meeting of a Danish publicly listed company.

The pension plan financed the purchase by, on the same day as the money and shares were to be settled, lending the exact same amount of shares to a third party acting as a "lender." The company acting as the "lender" was always the same company domiciled in the Cayman Islands. The seller of the shares, who did not have shares in the depot on the day of the sale, obtained these shares on the settlement day by borrowing the exact same amount of shares from the lender.

Subsequently, all transactions and loan agreements were rolled back, resulting in neither party experiencing any loss or gain in share value.

All parties were clients of North Channel Bank GmbH & Co KG, which acted as the custodian in all transactions.

CONFIDENTIAL

STEIN_LHOTE0010324

Page 4

North Channel Bank GmbH & Co KG issued Dividend Credit Advices in connection with stock transactions, which were sent to the Danish Tax Authority (SKAT) by Tax Reclaim Agents on behalf of the pension plans.

Danish publicly listed companies do not necessarily know the identity or residence of all their shareholders. When dividends are paid out, a portion of the dividend (73%) is paid directly to the shareholders via banks, while the remaining 27% is paid to SKAT.

The investigation has shown that there have likely been fictitious transactions involving non-existent shares in Danish publicly listed companies around the dividend payment date.

Based on the double taxation agreement between Denmark and the USA, it was presented to SKAT that a number of individually owned pension plans in the USA were entitled to a refund of the withheld dividend tax (27%) that was paid by the Danish publicly listed companies to SKAT.

    CONFIDENTIAL

It is noted in this context that the pension plans in the USA likely did not receive a dividend amount (73%) from the Danish publicly listed companies.

The Office of the Special Prosecutor for Serious Economic and International Crime believes that the transactions were carried out based on prior agreement and mutual understanding, involving fictitious stock transactions, with the aim of producing documentation that could be submitted to SKAT to obtain a refund of withheld dividend tax to which they were not entitled.

The Office of the Special Prosecutor for Serious Economic and International Crime believes that the initiative to establish North Channel Bank GmbH & Co KG as a custodian bank, as well as the initiation of business relationships with customers, originated from the bank's owners.

The investigation has shown that one of the three ultimate beneficial owners of North Channel Bank is:

Matthew Richard Stein  Born            in the USA  Citizen of the USA

CONFIDENTIAL

STEIN_LHOTE0010325
Page 5
30-803-00-5

8-800-90-5

Passport No. BM (expires June 9, 2079)

The investigation has shown that Matthew Stein, as one of three individuals, has been an initiator and has simultaneously played an important role in the planning and execution of the fraud against the Kingdom of Denmark.

Large sums of money amounting to several million USD (currently not definitively calculated), originating from the reclaimed dividend tax, have been transferred to Matthew Stein and his companies.

The Public Prosecutor for Special Economic and International Crime hopes for the cooperative assistance of the American authorities in this serious matter.

/. Property information with ownership details is attached.

/. Judgment against North Channel Bank from the Court in Glostrup is attached.

M. V. Fischer

Police Assistant

CONFIDENTIAL

STEIN_LHOTE0010326

CONFIDENTIAL

Retten i Lyngby

Dato: 23-04-2020
J.nr.: SØK-10177-00037-19
Sagsbehandler: MVF

STATSADVOKATEN FOR SÆRLIG
ØKONOMISK OG INTERNATIONAL
KRIMINALITET

KAMPMANNSGADE 1
1604 KØBENHAVN V

TELEFON 72 68 90 00
FAX 45 15 00 16

E-mail: saoek@ankl.dk
www.anklagemyndigheden.dk
www.politi.dk

## Retsanmodning om edition og beslaglæggelse
## (K168)

Der anmodes i medfør af retsplejelovens § 29, stk. 3, nr. 4, om, at retsmø
det afholdes for lukkede døre, idet sagens behandling i et offentligt retsmø-
de må antages på afgørende måde at hindre sagens oplysning.

Vedr.                   Edition og beslaglæggelse af bankkonti i U.S.A i
                        forbindelse med mistanke om bedrageri mod
                        Kongeriget Danmark

Til sagen mod           Luke Beneville McGee
                        Født              i USA
                        Statsborger i USA

Der er mistænkt for at have begået bedrageri af særlig grov beskaffenhed
efter straffelovens § 279, jf. §286, stk. 2, jf. § 306, ved i perioden 2013-
2015 i forening og efter forudgående aftale eller fælles forståelse med flere
fysiske og juridiske personer, med henblik på at skaffe sig og andre uberet-
tiget vinding, tilrettelagde og eksekverede et system, hvori sigtedes med-
gerningsmand, North Channel Bank GmbH & Co. KG, hvis sag er afgjort

STEIN_LHOTE0011916                                    CONFIDENTIAL

særskilt, registrerede fiktive aktie- og pengebevægelser og udfærdigede do-
kumenter (Dividend Credit Advice) indeholdende urigtige oplysninger om ud-
betaling af udbytte fra danske aktier, som de sigtede eller disses medger-
ningsmænd i 284 tilfælde på vegne af 27 amerikanske "401 K pension
plans" anvendte til at bringe ansatte i Skattestyrelsen (tidligere SKAT) i en
vildfarelse om, at de amerikanske "401 K pension plans" havde fået inde-
holdt udbytteskat i Danmark og derved var berettiget til refusion heraf, alt
hvorved Skattestyrelsen (tidligere SKAT) bestemtes til at udbetale ikke under
DKK 1,1 mia. og derved led et tilsvarende formuetab.

Under henvisning til retsplejelovens § 806, stk. 2, jf. § 802, stk. 1 og stk. 2
forelægger Statsadvokaten for Særlig Økonomisk og International Kriminali-
tet sag med henblik på, at retten ved kendelse fastslår, at betingelserne ef-
ter dansk ret er opfyldt for at beslaglægge følgende

1) Konti med indestående på op til i alt DKK 1,1 mia. i nedenstående
   pengeinstitutter i U.S.A.

- TD Bank
  Wilmington, Delaware
  U.S.A

- Santander Bank
  Wilmington, Delaware
  U.S.A

- First Republic Bank
  San Francisco, California
  U.S.A

- JPMorgan Chase Bank
  New York, New York
  U.S.A

- City National Bank
  Los Angeles, California
  U.S.A

Som den amerikanske statsborger, Luke McGee, bosat i U.S.A, der med ri-
melig grund er mistænkt for at have begået bedrageri af særlig grov beskaf-

STEIN_LHOTE0011917                                                                    CONFIDENTIAL

30-805-00-3
08-802-00-3

fenhed efter straffelovens § 279, jf. § 286, stk. 2, jf. § 306, ifølge kildeop-
lysninger, hvor kildens identitet er Statsadvokaten for Særlig Økonomisk og
International Kriminalitet bekendt, er indehaver af eller har rådighed over
(som begunstiget, som fuldmagtshaver eller som bemyndiget).

Beslaglæggelserne ønskes som led i efterforskningen mod den pågælden-
de, idet der findes grund til at antage, at genstande eller værdier bør beslag-
læggelse eller kan tjene som bevis, samt til sikring for det offentliges krav på
sagsomkostninger og bødekrav.

Der anmodes om, at ovennævnte banker pålægges tavshedspligt i medfør
af retsplejelovens § 189 med hensyn til viden om sagen.

Det bemærkes, at ovennævnte banker i U.S.A. ikke har haft adgang til at ud-
tale sig, idet rettens afgørelse skal danne grundlag for en international rets-
anmodning om edition og beslaglæggelse, jf. retsplejelovens § 806, stk. 7,
sidste punktum.

Baggrund for anmodningen er følgende:

SKAT (nu Skattestyrelsen) anmeldte d. 24. august 2015, at der var mistan-
ke om bedrageri af særlig grov beskaffenhed for DKK 9,6 mia.

Den 24. august 2016 anmeldte SKAT endvidere, at der yderligere var mis-
tanke om bedrageri af særlig grov beskaffenhed for DKK 3,2 mia., samt for-
søg på bedrageri af særlig grov beskaffenhed for DKK 533 mio.
Mistanken var i begge anmeldelser rettet mod en række personer, reclaim
agents, custodians, selskaber samt forskellige pensionsplaner.
Statsadvokaten for Særlig Økonomisk og International Kriminalitet har efter-
følgende konstateret, at der var mistanke om bedrageri for yderligere DKK
100 mio.
Således var der er tale om bedrageri for DKK 3,3 mia. samt forsøg på DKK
533 mio. i anden anmeldelse.

En række enkeltmandsejede pensionsfonde ved navn 401 K i USA bragte,
ved særdeles organiseret brug af falske dokumenter, SKAT i en vildfarelse
om, at pensionsplanerne ejede aktier i en række danske børsnoterede sel-

STEIN_LHOTE0011918                                                    CONFIDENTIAL

skaber, på det tidspunkt, hvor de danske børsnoterede selskaber udbetalte udbytte til sine ejere (aktionærerne).

Bedrageriet skete ved, at pensionsplanerne senest på dagen for generalforsamlingen i et dansk børsnoteret selskab købte aktier via en "broker" af én af ni sælgere, som alle var selskaber hjemmehørende i enten British Virgin Islands, Dubai, Belize eller Cayman Islands.

Pensionsplanen finansierede købet ved, på samme dag som penge og aktier skulle afregnes, at udlåne den eksakt samme mængde aktier til en tredjepart der agerede "lender". Selskabet der agerede "lender" var altid samme selskab hjemmehørende på Cayman Islands. Sælgeren af aktierne, der på salgsdagen ikke havde aktier på depot, skaffede disse aktier på afregningsdagen, ved at låne den eksakt samme mængde aktier af lenderen.

Efterfølgende blev samtlige handler og låneaftaler rullet tilbage, hvorved der for ingen af parterne skete hverken kurstab eller en kursgevinst.

Samtlige parter var kunder i North Channel Bank GmbH & Co KG der i samtlige handler agerede som depotbank (Custodian).

North Channel Bank GmbH & Co KG udstedte i forbindelse med aktiehandlerne Dividend Credit Advices, der af Tax Reclaim Agents blev sendt til SKAT på vegne af pensionsplanerne.

Danske børsnoterede selskaber kender ikke nødvendigvis identiteten eller bopælslandet på alle deres aktionærer. Ved udbetaling af udbytte udbetales en del af udbyttet (73%) direkte til aktionærerne via banker, mens de resterende 27% indbetales til SKAT.

Efterforskningen har vist, at der formentlig er gennemført fiktive handler med ikke-eksisterende aktier i danske børsnoterede selskaber omkring skæringsdato for udbetaling af udbytte.

På baggrund af dobbeltbeskatningsoverenskomsten mellem Danmark og USA, har det over for SKAT således fremstået, at en række enkeltmandsejede pensionsplaner i USA har haft ret til, at få refunderet den tilbageholdte udbytteskat (27%), som blev indbetalt af de danske børsnoterede selskaber til SKAT.

CONFIDENTIAL

Det bemærkes i den forbindelse, at pensionsplanerne i USA formentlig ikke har modtaget et udbyttebeløb (73%) fra de danske børsnoterede selskaber.

Det er Statsadvokaten for Særlig Økonomisk og International Kriminalitets opfattelse, at handlerne er sket efter forudgående aftale og fælles forståelse, på baggrund af fiktive handler med aktier, med det formål at udfærdige dokumentation, der kunne fremsendes til SKAT, med henblik på, at få udbetalt tilbageholdt udbytteskat, som de ikke var berettiget til.

Det er Statsadvokaten for Særlig Økonomisk og International Kriminalitets opfattelse, at initiativet til oprettelse af North Channel Bank GmbH og Co KG som depotbank, samt indledning af forretningsforbindelserne med kunderne udgik fra bankens ejere.

Efterforskningen har vist, at den ene af de ultimative ejere (Ultimate Beneficial Owners) af North Channel Bank er

Luke Beneville McGee
Født                 i USA
Statsborger i USA

Efterforskningen har vist, at ovenstående som én af tre personer har været initiatvtager og samtidigt spillet en vigtig rolle i planlægningen og eksekveringen af bedrageriet mod Kongeriget Danmark.

Store pengebeløb på flere mio. USD (p.t. ikke endeligt opgjort), stammende fra den tilbagesøgte udbytteskat, er tilgået LukeMcGee og dennes selskaber.

Statsadvokaten for Særlig Økonomisk og International Kriminalitet håber på de amerikanske myndigheders velvillige bistand i denne alvorlige sag.


Mads V. Fischer
politiassistent

STEIN_LHOTE0011920

CONFIDENTIAL

## Harvey – Translation

Files
TEMPSTEIN0475154.pdf

Query
en

Response
Page 1
30-805-00-1

$8-802-00—-+

The Court in Lyngby

Date: 23-04-2020

Case No.: SOK-10177-00037-19

Case Handler: MVF

THE PROSECUTOR FOR SPECIAL

ECONOMIC AND INTERNATIONAL

CRIME

KAMPMANNSGADE 1

1604 COPENHAGEN V

PHONE 72 68 90 00

FAX 45 15 00 16

E-mail: saoek@ankl.dk

www.anklagemyndigheden.dk

                    CONFIDENTIAL

Request for court order for edition and seizure

www.politi.dk

(K168)

It is requested in accordance with section 29, subsection 3, no. 4 of the Administration of Justice Act, that the court session be held behind closed doors, as the public hearing of the case is assumed to decisively hinder the clarification of the case.

Regarding:

Edition and seizure of bank accounts

in

U.S.A

in connection with suspicion of

fraud against

the Kingdom of Denmark

In the case against:

Luke Beneville McGee

Born ▊▊▊▊, in the USA

Citizen of the USA

He is suspected of having committed fraud of a particularly serious nature according to section 279 of the Penal Code, cf. section 286, subsection 2, cf. section 306, by

in the period 2013-2015, in association and after prior agreement or common understanding with several physical and legal persons, with the aim of obtaining unjustified gain for himself and others, organized and executed a system in which the accused's accomplice, North Channel Bank GmbH & Co. KG, whose case has been decided

Page 2

30-805-00-2

98-802-002

Specifically, registered fictitious stock and money movements and issued documents (Dividend Credit Advice) containing false information about the payment of dividends from Danish shares, which the accused or their accomplices in 284 instances on behalf of 27 American "401 K pension plans" used to mislead employees of the Tax Administration (formerly SKAT) into believing that the American "401 K pension plans" had had dividend tax withheld in Denmark and were therefore entitled to a refund, thereby causing the Tax Administration (formerly SKAT) to pay out not less than DKK 1.1 billion and thus suffer a corresponding financial loss.

With reference to the Administration of Justice Act § 806, subsection 2, cf. § 802, subsection 1 and subsection 2, the Public Prosecutor for Special Economic and International Crime presents the case with a view to the court determining by order that the conditions under Danish law are met to seize the following:

1) Accounts with balances up to a total of DKK 1.1 billion in the following financial institutions in the USA:
- TD Bank
  Wilmington, Delaware
  USA
- Santander Bank
  Wilmington, Delaware
  USA
- First Republic Bank
  San Francisco, California
  USA
- JPMorgan Chase Bank
  New York, New York
  USA
- City National Bank
  Los Angeles, California
  USA

As the American citizen, Luke McGee, residing in the USA, who is reasonably suspected of having committed fraud of a particularly serious nature.

Page 3

Conviction under the Penal Code § 279, cf.

§ 286, subsection 2, cf.

§ 306, according to source information, where the source's identity is known to the Public Prosecutor for Special Economic and International Crime, is the holder of or has control over (as beneficiary, as proxy, or as authorized).

The seizures are considered part of the investigation against the accused, as there is reason to believe that objects or values are subject to seizure or can serve as evidence, as well as to secure the public's claim for legal costs and damages.

It is requested that the aforementioned banks be imposed with a duty of confidentiality pursuant to the Administration of Justice Act § 189 regarding knowledge of the case.

It is noted that the aforementioned banks have had the opportunity to express themselves, as the court's decision will form the basis for an international legal request for the production and seizure of documents, cf. the Administration of Justice Act § 806, subsection 7, last sentence.

CONFIDENTIAL

The background for the request is as follows:

On August 24, 2015, SKAT (now the Danish Tax Agency) reported suspicions of particularly serious fraud amounting to DKK 9.6 billion.

On August 24, 2016, SKAT further reported additional suspicions of particularly serious fraud amounting to DKK 3.2 billion, as well as attempted fraud of particularly serious nature amounting to DKK 533 million.

The suspicion in both reports was directed against a number of individuals, reclaim agents, custodians, companies, and various pension plans.

The Public Prosecutor for Special Economic and International Crime subsequently found that there was suspicion of additional fraud amounting to DKK 100 million.

Thus, there was fraud amounting to DKK 3.3 billion and attempted fraud of DKK 533 million in the second report.

A number of individually owned pension funds named 401 K in the USA, through highly organized use of false documents, misled SKAT into believing that the pension plans owned shares in a number of Danish listed companies.

Page 4

30-805-00-4

98-802-00-4

created, at the time when the Danish publicly listed companies paid dividends to their owners (the shareholders).

The fraud occurred by the pension plans, on the day of the general meeting in a Danish publicly listed company, buying shares via a "broker" from one of nine sellers, all of which were companies domiciled in either the British Virgin Islands, Dubai, Belize, or the Cayman Islands.

The pension plan financed the purchase by, on the same day as the money and shares were to be settled, lending the exact same amount of shares to a third party acting as the "lender." The company acting as the "lender" was always the same company domiciled in the Cayman Islands. The seller of the shares, who did not have shares in the depot on the day of the sale, obtained these shares on the settlement day by borrowing the exact same amount of shares from the lender.

Subsequently, all trades and loan agreements were rolled back, so none of the parties incurred either a loss or a gain.

All parties were customers of North Channel Bank GmbH & Co KG, which in all trades acted as the custodian bank.

 CONFIDENTIAL

North Channel Bank GmbH & Co KG issued Dividend Credit Advices in connection with the share trades, which were sent to SKAT by Tax Reclaim Agents on behalf of the pension plans.

Danish publicly listed companies do not necessarily know the identity or country of residence of all their shareholders. When paying dividends, a portion of the dividend (73%) is paid directly to the shareholders via banks, while the remaining 27% is paid to SKAT.

The investigation has shown that there have likely been fictitious trades with non-existent shares in Danish publicly listed companies around the record date for dividend payments.

Based on the double taxation agreement between Denmark and the USA, it appeared to SKAT that a number of individually owned pension plans in the USA were entitled to have the withheld dividend tax (27%) refunded, which was paid by the Danish publicly listed companies to SKAT.

Page 5

30-805-00-5

8-802-00-5

It is noted in this context that pension plans in the USA likely have not received a dividend amount (73%) from the Danish listed companies

It is the opinion of the Public Prosecutor for Special Economic and International Crime that the transactions were made based on prior agreement and mutual understanding, on the basis of fictitious stock trades, with the purpose of producing documentation that could be submitted to SKAT (the Danish tax authority) with the aim of obtaining a refund of withheld dividend tax, which they were not entitled to.

It is the opinion of the Public Prosecutor for Special Economic and International Crime that the initiative to establish North Channel Bank GmbH & Co KG as a custodian bank, as well as the initiation of business relationships with the customers, originated from the bank's owners.

The investigation has shown that one of the ultimate beneficial owners of North Channel Bank is

Luke Beneville McGee

Born ▇▇▇▇▇▇▇, in the USA

Citizen of the USA

The investigation has shown that the above-mentioned individual, as one of three persons, has been an initiator and simultaneously played an important role in the planning and execution of the fraud against the Kingdom of Denmark.

Large sums of money amounting to several million USD (currently not finally calculated), originating from the reclaimed dividend tax, have been transferred to Luke McGee and his companies.

STEIN_LHOTE0011914                                                    CONFIDENTIAL

The Public Prosecutor for Special Economic and International Crime hopes for the cooperation of the American authorities in this serious matter.

Mads V. Fischer

Police Assistant

STEIN_LHOTE0011915

CONFIDENTIAL

FIU-FinCen

Date: 27th March 2020

STATE PROSECUTOR FOR
SERIOUS ECONOMIC AND
INTERNATIONAL CRIME

**FIU  DENMARK**
KAMPMANNSGADE 1
DK - 1804 COPENHAGEN

TELEPHONE +45 45 15 47 10
FAX NO. +45 45 15 01 19

E-mail: fiu@politi.dk
www.hvidvask.dk
www.anklagemyndigheden.dk

**Your reference:** New request for information
**Our reference:** ORI-00055-2020 / SØK-10177-00034-19

Dear Colleagues,

The Danish State Prosecutor for Serious Economic and International Crime is cur-
rently conducting a major investigation case in relation to serious fraud whereby the
state of Denmark has been defrauded sums for not less than DKK 12.4 billion
equivalent to approximately EUR 1.67 billion or, approximately USD 1.81 billion.

Thorough investigative work has revealed that three persons with American citizen-
ships are presumably the culprits behind this criminal plot committed over a period
of years. Therefore, we turn to you asking for your assistance to provide us with the
requested information needed for the preparation of an ILOR.

Due to the great political awareness this investigation has in our country and the
importance it has for our government as such, we kindly ask you to treat this re-
quest as a matter of urgency.

Background:
By means of a particularly well organized use of false documents, several America-
based pension funds - all in the forms of sole proprietorships - have been capable of
misleading the Danish tax authorities to believe that the former were the rightful re-
ceivers of huge amounts of tax dividends from Denmark.

The pension funds in question appeared to the Danish tax authorities as the actual
owners of shares in a number of companies listed on the Danish stock exchange at
the time when these companies paid dividends to their shareholders. Fictive trades
in non-existing shares made this appear passable.

                                                                    **CONFIDENTIAL**

Investigation has revealed that the fictive trades in non-existing shares in the listed Danish companies presumably took place just before deadline for payment of dividends.

Due to the double taxation agreement between our two nations, the Danish tax authorities thus erroneously thought that the aforementioned pension funds were entitled to receive a 27% dividend tax - this being the rate that was paid by the listed Danish companies to the Danish tax authorities.

Hence, the Danish State Prosecutor for Serious Economic and International Crime is convinced that these trades have taken place by prior agreements between the involved parties and that documents have been issued and sent to the Danish tax authorities with the purpose of being reimbursed with what was truly an unjustifiable claim for payment of tax dividend.

The Danish State Prosecutor for Serious Economic and International Crime is convinced that the initiative to establish the Germany-based banking institution of North Channel Bank GmbH and Co KG as a custodian as well as the initiation of business relationships came from the owners of the bank.

Investigation has shown that the ultimate beneficial owners of North Channel Bank GmbH and Co KG are the three American citizens:



Matthew Richard Stein
Born ▮▮▮▮        in New York, USA
US Passport no. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮        (last known address)

Jerome Lhôte
Born ▮▮▮▮        in France
US Passport no. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮        (last known address)

Luke Beneville McGee
Born ▮▮▮▮        in Pennsylvania, USA
US Passport no. ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮        (last known address)

STEIN_LHOTE0001858                                                    CONFIDENTIAL

Investigation has shown that these three persons are the initiators and the master-minds behind the planning and the perpetration of the fraud to a not-previously seen extend against the Kingdom of Denmark. Huge sums deriving from the unjustifiably paid tax dividends have been allocated to Matthew Stein, Jerome Lhôthe respectively Luke McGee.

The Danish State Prosecutor for Serious Economic and International Crime is now taking preliminary steps to prepare an ILOR regarding a disclosure of information in relation to bank arrangements held by Matthew Stein, Jerome Lhôthe and Luke McGee with American banking institutions.

Therefore, we kindly ask you to inform us in which American banking institutions Matthew Stein, Jerome Lhôthe and Luke McGee have or have had their bank accounts. We are interested in any available information in relation to accounts that are either presently active, emptied or dormant or accounts that have been terminated within the last five years.

In your reply to this request, please state reference no. SØK-10177-00034-19 and address it for the attention of Deputy Public Prosecutor, Helle Blendstrup Soerensen.,

Information disseminated to FIU-Denmark will be used for intelligence purposes, only.

Best regards

FIU-Denmark

                    CONFIDENTIAL

NYBORG ∷ RØRDAM
ADVOKATFIRMA

Københavns Byret
Domhuset
Nytorv 25
1450  København K

**HANNE RAHBÆK**
Advokat (H)

33 38 70 07
hr@nrlaw.dk

Sendt pr. e-mail: kobenhavn@domstol.dk
Cc.: saoek@ankl.dk, amo039@politi.dk og
csa013@politi.dk

Sekretær
Janni Trinhammer
33 38 70 06
jtr@nrlaw.dk

J.nr. 102404-001
D01928320

21. januar 2021

**Kæreskrift – Rettens j.nr. SS90-8713/2020 og SS90-8714/2020 – SØK-10177-00087-19 – Anklagemyndigheden mod Matthew Stein og Jerome Lhote**

I ovennævnte sag har jeg som beskikket advokat for Matthew Stein og Jerome Lhote den 8. januar 2021 modtaget to kendelser om beslaglæggelse afsagt af Københavns Byret den 2. april 2020 vedrørende mine ovennævnte klienter.

SØIK har i skrivelsen af 8. januar 2021 oplyst, at kendelserne kan påkæres til Østre Landsret.

Jeg skal herved påkære kendelserne vedrørende beslaglæggelse af ejendom i New York. Københavns Byret anfører i kendelserne, at betingelserne efter dansk ret for at beslaglægge ejendom tilhørende mine klienter er opfyldt.

Kendelserne påkæres med påstand om, at Østre Landsret konstaterer, at betingelserne for beslaglæggelse efter dansk ret ikke er opfyldt.

Jeg skal opfordre Statsadvokaten for Særlig Økonomisk og International Kriminalitet til at bekræfte, at gennemførelsen af beslaglæggelse i USA stilles i bero, til Østre Landsret har truffet afgørelse i sagerne.

Store Kongensgade 77          1264 København K          Telefon: 33 12 45 40          www.nrlaw.dk
Partnerselskab               Danske Bank: 3001 3154 079 041                               CVR-nr.  35 47 11 97

CONFIDENTIAL

NYBORG ∷ RØRDAM
ADVOKATFIRMA

Indledningsvis bemærkes, at sagsmaterialet i vedrørende beslaglæggelser og edition er belagt med forsvarerpålæg efter retsplejelovens § 729 a, hvorfor jeg ikke har haft mulighed for at drøfte spørgsmålene med mine klienter og kun i begrænset omfang indhente relevante oplysninger fra disse. Dette vanskeliggør et kæremål og øger i betragtelig grad risikoen for, at der gøres uret over for mine klienter.

Jeg kan konstatere, at mine klienter sigtes for overtrædelse af straffelovens § 279, jf. § 286, stk. 2.

Jeg kan samtidig konstatere, at det fremgår af bemærkningerne i kendelsen, at *"beslaglæggelse findes nødvendig for at sikre udbytte fra den strafbare handling, krav på konfiskation, erstatning samt bødekrav."*

**Sagens faktum:**

Kendelserne udspringer af den såkaldte udbyttesag, hvor der er er søgt om udbytterefusion af en række selskaber og pensionskasser.

Det fremgår af sagen, at mine klienter sigtes for overtrædelse af straffelovens § 279, jf. § 286, stk. 2. Der er aftalt afhøring af mine klienter inden for de kommende uger. Jeg kan oplyse, at mine klienter nægter sig skyldige.

Uanset dette har mine klienter med en række andre aktører den 29. maj 2019 indgået et forlig med Skattestyrelsen til fuld og endelig afgørelse af ethvert krav mellem blandt andet mine klienter og SKAT. Forliget er fortroligt, men har været genstand for massiv offentlig omtale og er gennemgået af Rigsrevisionen i vedhæftede notat fra januar 2020.

Det fremgår af Rigsrevisionens redegørelse, at forliget er indgået efter henvendelse fra pensionskasserne og efter årelange forhandlinger med involvering af advokater fra flere forskellige af de involverede parter.

Forliget er i detaljer beskrevet i pkt. IV i Rigsrevisionens redegørelse om Skattestyrelsens forlig med 61 amerikanske pensionsplaner m.fl.

Det fremgår af beskrivelsen, at sagen er forligt i forhold til de pågældende mod, at der tilbagebetales 1,6 mia. kr. til den danske stat (pkt. 16).

Rigsrevisionen redegør nærmere for strategien bag det indgåede forlig samt det forligsbeløb, som man nåede frem til. Beløbet er fastsat ud fra en forudsætning om, at parter-

Dok 102404-001/ D01928320

2 af 5

CONFIDENTIAL

STEIN_LHOTE0010343

NYBORG ⋮⋮ RØRDAM
ADVOKATFIRMA

ne skal fralægge sig det udbytte, som man har modtaget.

Rigsrevisionen gennemgår herefter (pkt. 19 – 21) de vilkår, der er i aftalen om pligt til samarbejde. Det fremgår i forbindelse hermed, at forligspartnerne som en del af samar-bejdsforpligtelsen skal dokumentere, hvilke andre aktører, der har modtaget en andel af det beløb, som pensionsplanerne har tilbagesøgt. Der er herudover en forpligtelse til at samarbejde med skattestyrelsen og Kammeradvokaten i forhold til de øvrige civile søgsmål, som skattestyrelsen har anlagt forskellige steder i verden.

Der er i punkterne 22-27 redegjort nærmere for den betalingsaftale, som er indgået med SKAT. Det fremgår eksplicit af pkt. 24, at en del af dette beløb ifølge forligsaftalen *"vil blive finansieret ved salget af en tysk bank, hvor tre af forligsparterne er hovedaktionæ-rer."*

Statsadvokaten for Særlig Økonomisk og International Kriminalitet opfordres til at be-kræfte, at man anser Matthew Stein og Jerome Lhote som to af de tre hovedaktionærer i den tyske bank (North Channel Bank).

Det fremgår af pkt. 29, at skattestyrelsen har forpligtet sig til at frafalde alle civile krav, som styrelsen har mod forligsparterne, for det fulde refusionsbeløb.

Endelig fremgår det af pkt. 31, at der er indbetalt et beløb på 950 mio. kr. ud af forligs-summen på minimum 1,6 mia. kr. De resterende minimum 650 mio. kr. forventes indbe-talt inden for en 4-årig periode.

**Anbringender:**

Det er på den baggrund min opfattelse, at kendelserne om beslaglæggelse er afsagt på baggrund af mangelfulde oplysninger, idet det ovenstående faktum ikke er indgået i de faktiske oplysninger, som retten havde til rådighed ved afsigelsen af kendelserne.

Det gøres gældende, at betingelserne for at afsige kendelse om beslaglæggelse efter dansk ret ikke er opfyldt.

Indledningsvis bemærkes, at der ikke er indikationer i sagen for, at mine klienter skulle have et ønske om at undslå sig fra et erstatningsansvar. Tværtimod har man sammen med andre investorer selv rettet henvendelse til Kammeradvokaten med henblik på at indgå forlig i sagen. Man har sammen med andre allerede betalt et meget stort beløb på omkring 1 mia. kr. og har forpligtet sig til at betale yderligere beløb efter en aftalt tids-

CONFIDENTIAL                                                                    STEIN_LHOTE0010344

NYBORG ∷ RØRDAM
ADVOKATFIRMA

ramme.

Samtidig har man undergivet sig en samarbejdsforpligtelse, blandt andet således at
SKAT stilles bedst muligt i de omfattende sagsanlæg, som er påbegyndt mange forskelli-
ge steder i verden, blandt andet i London og i New York.

Med forliget og samarbejdsforpligtelsen gøres det derfor gældende, at beslaglæggelse
ikke er nødvendig, da mine klienter sammen med andre allerede er i gang med og har
vist vilje til at opfylde det forlig, som er indgået med SKAT.

Det gøres i den forbindelse gældende, at de aftaler, som er indgået mellem den danske
stat og private aktører, skal respekteres og har retskraft også i forhold til andre statslige
aktører.

Når man ser på de krav, som beslaglæggelsen angives at skulle dække, er der ikke no-
get grundlag for dette.

**Udbytte fra den strafbare handling, erstatning og konfiskation:**

Det fremgår af Rigsrevisionens redegørelse, at forliget indebærer, at de omfattede skal
fralægge sig et beløb svarende til den berigelse, som de har modtaget (udbytte fra den
strafbare handling). Det betyder, at der ikke er noget grundlag for udbyttekonfiskation,
idet man allerede har fralagt sig berigelsen.

I forhold til spørgsmålet om erstatning er dette også fuldt ud afklaret ved det indgåede
forlig, som er indgået til endelig afgørelse af krav mellem den danske stat og de, som er
omfattet af forliget.

**Bødekrav:**

Sigtelsen mod mine klienter er efter straffelovens 279, jf. § 286.

Der er mig bekendt ikke eksempler på i retspraksis, at der i sådanne sager fastsættes en
bødestraf.

Det gøres derfor gældende, at den rent hypotetiske mulighed for at kunne pålægge en
bøde ikke er et tilstrækkeligt grundlag for at kunne foretage beslaglæggelse.

CONFIDENTIAL

STEIN_LHOTE0010345

NYBORG ∷ RØRDAM
ADVOKATFIRMA

**Sagsomkostninger:**

Der er under sagen alene sagsomkostninger til undertegnede som beskikket advokat.

Jeg blev beskikket som advokat for mine klienter i oktober 2020 og Retten i Lyngby har fastholdt, at beskikkelsen vedrører mig personlig og ikke kan udstrækkes til at en eller flere af mine kollegaer kan arbejde med på sagen.

Det må på den baggrund være relativt sikkert, at en beslaglæggelse til dækning af sags-omkostninger er ikke proportional.

**Sagens behandling:**

Såfremt Statsadvokaten for Særlig Økonomisk og International Kriminalitet ønsker at fastholde kendelsen om beslaglæggelse af mine klienters aktiver, skal jeg venligst bede om, at der berammes mundtlig forhandling af spørgsmålet snarest muligt.

Jeg skal tage forbehold for at fremsætte krav om erstatning, såfremt en eventuel beslag-læggelse berør mine klienters forhold på en sådan måde, at de pådrages et tab.

En kopi af dette brev er samtidig hermed sendt til Statsadvokaten for Særlig Økonomisk og International Kriminalitet til orientering.


Med venlig hilsen
Hanne Rahbæk

CONFIDENTIAL

STEIN_LHOTE0010346

NYBORG :: RØRDAM

LAW FIRM

Copenhagen City Court

The courthouse

Nytorv 25

1450 Copenhagen K

HANNE RAHBÆK

Lawyer (H)

33 38 70 07

hr@nrlaw.dk

Sent by e-mail: kobenhavn@domstol.dk Cc.:

saoek@ankl.dk, amo039@politi.dk and

csa013@politi.dk

Secretary

Janni Trinhammer

33 38 70 06

jtr@nrlaw.dk

J.nr. 102404-001

D01928320

January 21, 2021

Appeal - The court's j.nr. SS90-8713/2020 and SS90-8714/2020 - SØK-1017700087-19 -
Prosecution against Matthew Stein and Jerome Lhote

In the above-mentioned case, as appointed attorney for Matthew Stein and Jerome
Lhote, I received two seizure orders issued by the City Court of Copenhagen on 2
April 2020 regarding my above-mentioned clients.

In the letter of 8 January 2021, SØIK has stated that the rulings can be appealed to Østre
High Court.

I hereby appeal against the orders for the seizure of property in New York. In the rulings, the
City Court of Copenhagen states that the conditions under Danish law for seizing property
belonging to my clients are met.

The orders are appealed against with a request that the Eastern High Court finds that the
conditions for seizure under Danish law are not met.

I would like to call on the State Prosecutor for Serious Economic and International Crime to confirm that
the execution of the seizure in the United States will be put on hold until the Eastern High Court has
ruled on the cases.

Store Kongensgade 77           1264 Copenhagen K         Phone: 33 12 45 40       www.nrlaw.dk

Partnership                    Danske Bank: 3001 3154 079 041                     CVR No. 35 47 11 97

STEIN LHOTE0010342

NYBORG :: RØRDAM
LAW FIRM

At the outset, it should be noted that the case material in relation to seizures and disclosure is subject to a defence order pursuant to section 729a of the Administration of Justice Act, which is why I have not had the opportunity to discuss the issues with my clients and only to a limited extent obtain relevant information from them. This makes it more difficult to appeal and significantly increases the risk of being wronged by my clients.

I can confirm that my clients are charged with violation of section 279 of the Danish Criminal Code, cf. section 286(2).

At the same time, I note that it is clear from the comments in the order that "seizure is found necessary to secure the proceeds of the criminal act, a claim for confiscation, compensation and a claim for a fine."

The facts of the case:

The rulings stem from the so-called dividend case, where a number of companies and pension funds have applied for dividend refunds.

It appears from the case that my clients are charged with violation of section 279 of the Danish Criminal Code, cf. section 286(2). Questioning of my clients has been agreed within the coming weeks. I can inform you that my clients deny their guilt.

Regardless of this, my clients with a number of other players have on 29 May 2019 entered into a settlement with the Danish Tax Agency for a full and final settlement of any claim between, among others, my clients and SKAT. The settlement is confidential, but has been the subject of massive publicity and has been reviewed by the National Audit Office in the attached memorandum from January 2020.

It appears from Rigsrevisionen's report that the settlement was reached following a request from the pension funds and after years of negotiations involving lawyers from several different parties involved.

The settlement is described in detail in item IV of the Danish National Audit Office's report on the Danish Tax Agency's settlement with 61 US pension plans and others.

It appears from the description that the case has been settled in relation to the parties concerned in return for the repayment of DKK 1.6 billion to the Danish state (item 16).

Rigsrevisionen gives a more detailed account of the strategy behind the settlement reached and the settlement amount that was reached. The amount is determined on the assumption that the parties

CONFIDENTIAL                                                                                    STEIN_LHOTE0010343

NYBORG :: RØRDAM
LAW FIRM

shall forfeit the dividends received.

Rigsrevisionen then reviews (items 19 - 21) the terms of the agreement on the duty of cooperation. In this connection, it appears that, as part of the cooperation obligation, the conciliation partners must document which other actors have received a share of the amount recovered by the pension plans. In addition, there is an obligation to cooperate with the Danish Tax Agency and the Attorney General in relation to the other civil actions that the

Danish Tax Agency has brought in various parts of the world.

Items 22-27 describe in more detail the payment agreement entered into with SKAT. It is explicitly stated in paragraph 24 that, according to the settlement agreement, part of this amount "will be financed by the sale of a German bank in which three of the parties to the settlement are the main shareholders".

r. "

The State Prosecutor for Serious Economic and International Crime is urged to confirm that it considers Matthew Stein and Jerome Lhote to be two of the three main shareholders of the German bank (North Channel Bank).

It appears from paragraph 29 that the Danish Tax Agency has undertaken to waive all civil claims that the Agency has against the parties to the settlement for the full amount of the refund.

Finally, it appears from item 31 that an amount of DKK 950 million has been paid out of the settlement sum of at least DKK 1.6 billion. The remaining minimum DKK 650 million is expected to be paid within a 4-year period.

Pleas:

Against this background, I am of the opinion that the seizure orders were made on the basis of inadequate information, as the above fact was not included in the factual information available to the court when the orders were issued.

It is argued that the conditions for making a seizure order under Danish law is not met.

At the outset, it should be noted that there are no indications in the case that my clients wish to avoid liability. On the contrary, together with other investors, they have contacted the Attorney General with a view to reaching a settlement in the case. Together with others, they have already paid a very large amount of around DKK 1 billion and have committed to pay additional amounts after an agreed timeframe.

CONFIDENTIAL                                                                    STEIN_LHOTE0010344

NYBORG :: RØRDAM
LAW FIRM

frame.

At the same time, they have submitted to a duty of cooperation, among other things so that SKAT is in the best possible position in the extensive legal proceedings that have been initiated in many different places in the world, including in London and New York.

With the settlement and the obligation to cooperate, it is therefore argued that seizure is not necessary, as my clients, together with others, are already in the process of fulfilling and have shown a willingness to comply with the settlement that has been entered into with SKAT.

In this connection, it is argued that the agreements entered into between the Danish state and private actors must be respected and have legal force also in relation to other state actors.

When looking at the claims that the seizure is supposed to cover, there is no basis for this.

Proceeds of the offence, compensation and confiscation:

It appears from Rigsrevisionen's statement that the settlement means that the covered parties must waive an amount corresponding to the enrichment they have received (proceeds from the criminal offence). This means that there is no basis for confiscation of dividends, as the enrichment has already been waived.

In relation to the question of damages, this has also been fully clarified by the settlement that has been reached for the final settlement of claims between the Danish state and those who are covered by the settlement.

Fine requirements:

The charge against my clients is under section 279 of the Danish Criminal Code, cf. section 286.

To my knowledge, there are no examples in case law of such cases laying down a fines.

It is therefore argued that the purely hypothetical possibility of imposing a fine is not a sufficient basis for seizing.

Doc 102404-001/ D01928320                                              4 of 5

CONFIDENTIAL                                              STEIN_LHOTE0010345

NYBORG :: RØRDAM

LAW FIRM

Expenses:

During the proceedings, there are only legal costs for the undersigned as an appointed lawyer.

I was appointed as a lawyer for my clients in October 2020 and the Court of Lyngby has maintained that the appointment concerns me personally and cannot be extended to one or more of my colleagues to work on the case.

Against this background, it must be relatively certain that a seizure to cover legal costs is not proportionate.

Consideration of the case:

If the State Prosecutor for Serious Economic and International Crime wishes to uphold the order for the seizure of my clients' assets, I would kindly ask that an oral hearing on the matter be scheduled as soon as possible.

I reserve the right to make a claim for compensation if a possible seizure affects my clients' circumstances in such a way that they incur a loss.

A copy of this letter has been sent to the State Prosecutor for Serious Economic and International Crime for information.


Best regards

Hanne Rahbæk

CONFIDENTIAL                                                        STEIN_LHOTE0010346

København Byret

Adv. SØK-10177-00037-19

**Udskrift af retsbogen for afdelingen for grundlovsforhør m.m.**

Den 2. april 2020 kl. 10.00 blev Københavns Byret sat i Kendelses-
afdelingen af dommer Mette Undall-Behrend. Protokolfører var Maja Ejls-
kov.

Retsmødet var offentligt.

Der foretoges sag
SS 90-8714/2020
Foranstaltning
under efterforskning
kode 008714-T001

**Retsanmodning om beslaglæggelse**

Andreas Laursen mødte for anklagemyndigheden og fremlagde anmodning
med bilag.

Anklageren anmodede om dørlukning i medfør af retsplejelovens § 29, stk.
3, nr. 4, og henviste til retsmødets formål.

Der var ingen repræsentant for pressen til stede.

Retten afsagde

**KENDELSE:**

Sagens behandling i et offentligt retsmøde må antages på afgørende måde at
hindre sagens oplysning, jf. retsplejelovens § 29, stk. 3, nr. 4, hvorfor

**bestemmes:**

Dørene lukkes.

Anklageren redegjorde for sagen og anmodede om, at retten ved kendelse
fastslår, at betingelserne efter dansk ret for at beslaglægge følgende med re-
spekt for eksisterende rettigheder:

50% af ejendom:

| | |
|---|---|
| Adresse: | █████████████████████ |
| Parcel-nummer: | █████ |
| Ejer 1: | Matthew Stein |
| Ejer 2: | ████████████ |

    CONFIDENTIAL

Salgsdato: ███████
Salgspris: ███████
Grundareal: 1938 m2
Byggeår:    1899
Sælger: ███████████
Optaget lån: ████████
Långiver: ███████

hos Matthew Richard Stein, der er mistænkt for overtrædelse af § 279, jf. §
286, stk. 2.

Beslaglæggelse findes nødvendig for at sikre udbytte fra den strafbare handling, krav på konfiskation, erstatning samt bødekrav.

Retten afsagde

### KENDELSE:

North Channel Bank GmbH & Co. KG har den 23. september 2019 ved Retten i Glostrup vedtaget en bøde på 110.000.000 kr. for overtrædelse af straffelovens § 279, jf. § 286, stk. 2, jf. § 306, i forbindelse med bankens medvirken til uretmæssig tilbagebetaling af udbytteskat. Bøden blev opgjort under hensyn til størrelsen af det beløb, som banken havde opnået i fortjeneste ved den uretmæssige unddragelse af betaling af udbytteskat på 1,1 mia kr. Denne fortjeneste var opgjort til 55 mio kr.

Bankens direktør forklarede i retsmødet, at banken er ejet af tre hovedaktionærer bosiddende i New York. Det er sagens bilag 39-17-00-134f bekræftet, at Matthew Richard Stein var en af disse ejere i den omhandlede periode 2013-2015.

Efter de foreliggende oplysninger, herunder også pågældendes modtagelse af mailkorrespondance i bl.a. november 2013, finder retten, at den pågældende som en af tre ultimative ejere af banken med rimelig grund er mistænkt for overtrædelse af den anførte lovbestemmelse.

Efter det af anklageren oplyste om formålet med beslaglæggelsen findes betingelserne efter dansk ret for at foretage beslaglæggelse i medfør af retsplejelovens § 802, stk. 1 og 2, opfyldt, hvorfor det

### bestemmes:

Betingelserne efter dansk ret for at beslaglægge med respekt for eksisterende rettigheder

50% af ejendom:

Adresse: 
Parcel-nummer: 
Ejer 1:       Matthew Stein
Ejer 2: 
Salgsdato: 
Salgspris: 
Grundareal:       1938 m2
Byggeår:   1899
Sælger: 
Optaget lån: 
Långiver: 

hos Matthew Richard Stein, der er mistænkt for overtrædelse af § 279, jf. § 286, stk. 2,

er opfyldt.

Dørene åbnedes.

Retten hævet.


Mette Undall-Behrend


**Udskriftens rigtighed bekræftes.**
**Københavns Byret, den 22. april 2020**


Maja Ejlskov Hildebrandt

STEIN_LHOTE0001823                                                      CONFIDENTIAL

Harvey – Translation

Files
GRP 05-800-00-01 - STEIN_LHOTE0001821.pdf

Query
en

Response
Page 1
Copenhagen City Court

Adv. S@K-10177-00037-19

Transcript of the court record for the department for constitutional hearings, etc.

On April 2, 2020, at 10:00 AM, the Copenhagen City Court was convened in the Ruling Department by Judge Mette Undall-Behrend. The court clerk was Maja Ejls- kov.

The court session was public

The case was:

SS 90-8714/2020

Measure

under investigation

code 008714-T001

Court request for seizure

Andreas Laursen appeared for the prosecution and presented the request with attachments.

The prosecutor requested a closed session pursuant to section 29, subsection 3, number 4 of the Administration of Justice Act, and referred to the purpose of the court session.

There was no representative of the press present.

The court issued

RULING:

The handling of the case in a public court session is assumed to decisively hinder the clarification of the case, cf. section 29, subsection 3, number 4 of the Administration of Justice Act, therefore it is determined:

The doors are closed.

The prosecutor explained the case and requested that the court, by ruling, establish that the conditions under Danish law for seizing the following with respect to existing rights are met:

50% of the property:

Address:

███████████████████████

                                                CONFIDENTIAL

Parcel number: ███████

Owner 1:

Matthew Stein

Owner 2:

███████████

STEIN_LHOTE0001821

CONFIDENTIAL

Page 2

05-800-00-2

Page 2/3

Sale Date: ██████

Sale Price:

███████

Land Area: 1938 m2

Year Built:

1899

Seller:

████████████

Recorded Loan:

███████

Lender:

████████

regarding Matthew Richard Stein, who is suspected of violating § 279, cf. § 286, subsection 2.

Seizure is deemed necessary to secure the proceeds from the criminal act, claims for confiscation, compensation, and fines.

The court issued

ORDER:

North Channel Bank GmbH & Co. KG was on September 23, 2019, by the Court in Glostrup, imposed a fine of 110,000,000 DKK for violation of the Penal Code § 279, cf. § 286, subsection 2, cf. § 306, in connection with the bank's involvement in the wrongful refund of dividend tax. The fine was calculated considering the amount the bank had gained in profit from the wrongful evasion of dividend tax amounting to 1.1 billion DKK. This profit was calculated to be 55 million DKK.

The bank's director explained in court that the bank is owned by three main shareholders residing in New York. It is confirmed in case document 39-17-00-134f that Matthew Richard Stein was one of these owners during the period in question, 2013-2015.

    CONFIDENTIAL

Based on the available information, including the recipient's receipt of email correspondence in, among other things, November 2013, the court finds that the recipient, as one of the three ultimate owners of the bank, is reasonably suspected of violating the cited legal provision.

Based on the prosecutor's information about the purpose of the seizure, the conditions under Danish law for conducting a seizure pursuant to the Administration of Justice Act § 802, subsections 1 and 2, are met, and therefore it is

determined:

The conditions under Danish law for seizing with respect to existing rights

50% of property:

STEIN_LHOTE0001822

CONFIDENTIAL

Page 3
05-800-00-3

Page 3/3

Address:

Parcel Number:

Owner 1:

Matthew Stein

Owner 2:

Sale Date:

Sale Price:

Land Area:

1938 m2

Year Built:

1899

Seller:

Recorded Loan:

Lender:

    CONFIDENTIAL

███████

regarding Matthew Richard Stein, who is suspected of violating § 279, cf. § 286, subsection 2,

is fulfilled.

The doors are opened.

The court adjourns.

Mette Undall-Behrend

The accuracy of the transcript is confirmed.

Copenhagen City Court, April 22, 2020

Maja Ejlskov Hildebrandt

STEIN_LHOTE0001823

CONFIDENTIAL

    CONFIDENTIAL

21-809-00-5

♔

**STATSADVOKATEN**

Østre Landsret
12. afdeling

Dato: 04.02.2021
J.nr.: SØK-10177-00037-19
Sagsbehandler: CSA

STATSADVOKATEN FOR SÆRLIG
ØKONOMISK OG INTERNATIONAL
KRIMINALITET

**SPORINGSGRUPPEN**
KAMPMANNSGADE 1
1604 KØBENHAVN V

TELEFON 72 68 90 00

E-mail: saoek@anki.dk
www.anklagemyndigheden.dk
www.politi.dk

# Kæresvarskrift

### (i Landsrettens sag.nr. S-0201-21, S-0202-21 og S-0203-21)

Der afgives samlet kæresvarskrift for alle tre sager, idet sagerne efter SØIK's opfattelse materielt er ens, og idet advokat Hanne Rahbæks kæreskrifter af 21. januar 2021 i det væsentligste er indholdsmæssigt identiske.

**Påstand**

Anklagemyndigheden nedlægger principal påstand om afvisning af kæremålet og subsidiært stadfæstelse af byretternes afgørelse.

Sagsfremstillingen og anklagemyndighedens anbringender i nærværende kæresvarskrift relaterer sig dog alene til anklagemyndighedens principale påstand, idet Østre Landsret anmodes om indledningsvis at tage stilling til, hvorvidt kæremålet skal afvises som følge af, at kærefristen er overskredet.

Såfremt landsretten måtte beslutte at fremme kæremålet, skal anklagemyndigheden anmode Østre Landsret om at fastsætte en ny frist med henblik på, at anklagemyndigheden kan fremsende et supplerende kæresvarskrift.

**Supplerende sagsfremstilling**

Statsadvokaten for Særlig Økonomisk og International Kriminalitet (SØIK) indgav ved mail af 16. marts 2020 til Kobenhavns Byret to anmodninger om,

STEIN_LHOTE0001902                                                          CONFIDENTIAL

at der blev afsagt kendelser om, at betingelserne efter dansk ret var opfyldt, for at der kan beslaglægges 50 % ejendommene beliggende

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Parcel-nummer: ▮▮▮▮
Ejer 1: Matthew Stein
Ejer 2: ▮▮▮▮▮▮
Salgsdato: ▮▮▮▮
Salgspris: ▮▮▮
Grundareal: 1938 m2
Byggeår: 1899
Sælger: ▮▮▮▮▮▮▮

hos Matthew Stein,

og

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Ejer 1: Jerome Lhote
Ejer 2: ▮▮▮▮▮▮
Salgsdato: ▮▮▮▮
Byggeår: ▮
Sælger: ▮▮▮▮▮▮▮

hos Jerome Lhote.

Kobenhavns Byret afsagde kendelse den 2. april 2020 (SS 90-8714/2020 og SS 90-8713/2020) om, at betingelserne for beslaglæggelse var opfyldt efter dansk ret.

SØIK sendte endvidere ved mail af 23. april 2020 to anmodninger til Retten i Lyngby om, at der blev afsagt kendelser om, at betingelserne efter dansk ret var opfyldt for, at der på konti tilhørende henholdsvis Mathew Stein og Jerome Lhôte samt en tredje mistænkt, Luke McGee, kunne beslaglægges et beløb for op til 1,1 mia. kr.

Retten i Lyngby afsagde kendelser den 24. april 2020 (1-1329/2020 og 1-1330/2020) om, at betingelserne for beslaglæggelse var opfyldt efter dansk ret.

CONFIDENTIAL

21-809-00-7

Alle fire kendelser skulle danne baggrund for internationale retsanmodninger til USA. Beslaglæggelserne er ikke effektueret.

Advokat Hanne Rahbæk blev beskikket som forsvarer for Matthew Stein og Jerome Lhôte den 30. september 2020. Den 9. oktober 2020 fik advokat Hanne Rahbæk adgang til samtlige daværende bilag i sagen via et system, som hedder Filkassen, jf. bilag A. I fremsendelsesmailen var bl.a. vedhæftet en oversigt over samtlige bilag, jf. bilag A.1. Advokat Hanne Rahbæks sekretær, Janni Trinhammer, bekræftede den 12. oktober 2020, at samtlige bilag nu var hentet fra Filkassen, jf. bilag B.

Kendelserne afsagt af henholdsvis retten i Lyngby og Københavns Byret var bilageret ind i sagen under gruppe 5.09 og gruppe 5.10. Overskrifterne på disse gruppenumre er henholdsvis 'KENDELSER - BESLAGLÆGGELSE MATTHEW STEIN' og 'KENDELSER – BESLAGLÆGGELSE JEROME LHOTE'.

STATSADVOKATEN FOR SÆRLIG ØKONOMISK OG INTERNATIONAL KRIMINALITET

SIDE 3

Advokat Hanne Rahbæk har således haft adgang til kendelserne senest siden 12. oktober 2020.

Den 8. januar 2021 sendte SØIK kendelserne til de beskikkede forsvarer i hovedsagen på ny, fordi de tillige blev bilageret ind på en særskilt 'sporingssag' hos SØIK. Sporingssager er sager, som behandles af sporingsgruppen i SØIK, og hvor der foretages finansiel efterforskning med henblik på beslaglæggelse af aktiver til sikring af bestemte krav i straffesager.

Advokat Hanne Rahbæk kærede kendelserne den 21. januar 2021 og den 26. januar 2021 blev sagens akter sendt til Østre Landsret.

## Anbringender

Ad afvisningspåstanden

Det følger af retsplejelovens § 969, at afgørelser skal kæres inden 14 dage fra de er afsagt, dog således, at retsplejelovens § 910 finder anvendelse. Retsplejelovens § 910, stk. 2 har følgende ordlyd:

> *Landsretten kan dog tillade anken, hvis den part, der anker, sandsynliggør, at den pågældende først efter udløb af ankefristen er blevet bekendt med den omstændighed, som anken støttes på, eller at overskridelse af fristen i øvrigt skyldes grunde, som ikke kan tilregnes den pågældende. Ankemeddelelsen skal iværksættes in-*

    CONFIDENTIAL

> *den 14 dage efter, at den, der anker, er blevet bekendt med anke-*
> *grunden, eller efter, at de omstændigheder, som har medført*
> *overskridelsen af fristen, ikke længere er til stede. Ankemeddelel-*
> *sen skal indeholde oplysning om begrundelsen for overskridelsen*
> *af fristen.*

Advokat Hanne Rahbæk fik adgang til at gøre sig bekendt med kendelserne fra den 9. oktober 2020, og hun fik en oversigt over samtlige bilag i sagen, hvoraf det tydeligt var fremhævet, at der var indhentet kendelser som vedrørte hendes klient. Den omstændighed, at der allerede på daværende tidspunkt var et overordentligt stort antal bilag, er ikke en omstændighed, der undskylder, at advokat Hanne Rahbæk ikke var eller burde være bekendt med kendelserne fra et tidligere tidspunkt end den 8. januar 2021, hvor SØIK igen sendte kendelserne til de beskikkede forsvarer i sagen.

STATSADVOKATEN FOR SÆRLIG ØKONOMISK OG INTERNATIONAL KRIMINALITET

SIDE 4

Det må kunne forventes, at en forsvarer, når vedkommende får adgang til et meget stort antal bilag i en sag som denne, der efterforskningsmæssigt har verseret i en længere årrække, gør sig særligt umage med at gøre sig bekendt med, om der er bilag, som har særlig relevans for forsvarerens egen klient eller klienter. Det er helt sædvanligt, at der forud for beskikkelsen af en forsvarer er foretaget flere forskellige former for indledende processkridt herunder sær-ligt edition og beslaglæggelser, og det må følgelig være en naturlig forpligtelse for en forsvarer, når denne får adgang til sagens bilag, som noget af det første at kigge efter denne form for efterforskningsskridt og i den sammenhæng vur-dere, om sådanne kendelser skal kæres eller alternativt indbringes for retten efter retsplejelovens § 807 c.

Det er således anklagemyndighedens opfattelse, at kærefristen er overskredet, og at denne overskridelse ikke skyldes grunde, som ikke kan tilregnes advokat Hanne Rahbæk.

På denne baggrund er det SØIK's opfattelse, at kæremålet skal afvises.

Christian Dalgaard Sanning
Specialanklager

CONFIDENTIAL

## Harvey – Translation

Files
GRP 21-803-00-05 - STEIN_LHOTE0001902.pdf

Query
en

Response
Page 1
21-803-00-5

w

PROSECUTOR

Date: 04.02.2021

Eastern High Court

Case No.: SOK-10177-00037-19

12th Division

Case Handler: CSA

PROSECUTOR FOR SPECIAL

ECONOMIC AND INTERNATIONAL

CRIME

TRACKING GROUP

KAMPMANNSGADE 1

1604 COPENHAGEN V

PHONE 72 68 90 00

E-mail: saoek@ankl.dk

www.anklagemyndigheden.dk

Response to Appeal

(in the High Court cases no. S-0201-21, S-0202-21, and S-0203-21)

A combined response to the appeal is given for all three cases, as SOIK believes the cases are materially identical, and as attorney Hanne Rahbek's appeals dated January 21, 2021, are essentially identical in content.

Claim

The prosecution submits a principal claim for the dismissal of the appeal and a subsidiary claim for the affirmation of the lower courts' decisions.

                                                                                           CONFIDENTIAL

The case presentation and the prosecution's arguments in the present response to the appeal relate solely to the prosecution's principal claim, as the Eastern High Court is requested to initially determine whether the appeal should be dismissed due to the appeal deadline being exceeded.

Should the High Court decide to proceed with the appeal, the prosecution requests the Eastern High Court to set a new deadline to allow the prosecution to submit a supplementary response to the appeal.

Supplementary Case Presentation

The Prosecutor for Special Economic and International Crime (SOIK) submitted two requests to the Copenhagen City Court via email on March 16, 2020,

STEIN_LHOTE0001902

CONFIDENTIAL
Page 2
21-803-00-6

that rulings were made that the conditions under Danish law were met,

for the seizure of 50% of the properties located at

Parcel number:

Owner 1: Matthew Stein

Owner 2:

Sale date:

Sale price:

Land area: 1938 m2

Year built: 1899

THE PROSECUTOR FOR SPECIAL

ECONOMIC AND INTERNATIONAL

CRIME

against Matthew Stein,

PAGE 2

and

Owner 1:

Jerome Lhote

Owner 2:

                                          CONFIDENTIAL

Sale date: ▋▋▋▋

Year built: ▋▋

Seller: ▋▋▋▋▋▋▋▋▋▋

against Jerome Lhote.

The Copenhagen City Court issued a ruling on April 2, 2020 (SS 90-8714/2020 and SS 90-8713/2020) that the conditions for seizure were met under Danish law.

SQIK also sent two requests by email on April 23, 2020, to the Court in Lyngby for rulings that the conditions under Danish law were met for the seizure of amounts up to 1.1 billion DKK in accounts belonging to Matthew Stein, Jerome Lhote, and a third suspect, Luke McGee.

The Court in Lyngby issued rulings on April 24, 2020 (1-1329/2020 and 1-1330/2020) that the conditions for seizure were met under Danish law.

STEIN_LHOTE0001903

CONFIDENTIAL

Page 3
21-803-00-7

All four rulings were to form the basis for international legal requests to the USA. The seizures have not been executed.

Attorney Hanne Rahbeek was appointed as the defense lawyer for Matthew Stein and Jerome Lhéte on September 30, 2020, On October 9, 2020, attorney Hanne Rahbek gained access to all the existing documents in the case via a system called Filkassen, see Exhibit A. The forwarding email included, among other things, an overview of all the documents, see Exhibit A.1. Attorney Hanne Rahbek's secretary, Janni Trinhammer, confirmed on October 12, 2020, that all documents had now been retrieved from Filkassen, see Exhibit B.

THE PROSECUTOR FOR SPECIAL ECONOMIC AND INTERNATIONAL CRIMES

The rulings issued by the courts in Lyngby and Copenhagen City Court were filed into the case under group 5.09 and group 5.10. The headings for these group numbers are respectively "RULINGS - SEIZURE MATTHEW STEIN" and "RULINGS - SEIZURE JEROME LHOTE."

Attorney Hanne Rahbeek has thus had access to the rulings at the latest since October 12, 2020.

On January 8, 2021, SOIK sent the rulings to the appointed defense lawyers in the main case again, because they were also filed into a separate 'tracking case' at SOIK. Tracking cases are cases handled by the tracking group in SOIK, where financial investigations are conducted with the aim of seizing assets to secure specific claims in criminal cases.

Attorney Hanne Rahbeek appealed the rulings on January 21, 2021, and on January 26, 2021, the case files were sent to the Eastern High Court.

Arguments

Regarding the motion for dismissal

According to Section 969 of the Administration of Justice Act, decisions must be appealed within 14 days from the date they are issued, however, Section 910 of the Administration of Justice Act also applies. Section 910, subsection 2 of the Administration of Justice Act reads as follows:

The High Court may, however, allow the appeal if the party appealing can demonstrate that they only became aware of the circumstance on which the appeal is based after the expiration of the appeal period, or that the

CONFIDENTIAL

delay in filing the appeal is due to reasons that cannot be attributed to the party in question. The appeal notice must be implemented in...

STEIN_LHOTE0001904

CONFIDENTIAL

Page 4
21-803-00-8

14 days after the appellant has become aware of the grounds for appeal, or after the circumstances that caused the deadline to be exceeded are no longer present. The appeal notice must include information on the reason for exceeding the deadline.

Attorney Hanne Rahbeek was granted access to familiarize herself with the rulings from October 9, 2020, and she received an overview of all the documents in the case, clearly highlighting that rulings concerning her client had been obtained. The fact that there was already an extraordinarily large number of documents at that time does not excuse the fact that Attorney Hanne Rahbeek was not or should not have been aware of the rulings from an earlier date than January 8, 2021, when SOIK again sent the rulings to the appointed defense attorneys in the case.

PAGE 4

It must be expected that a defense attorney, when given access to a very large number of documents in a case like this, which has been under investigation for many years, makes a special effort to familiarize themselves with whether there are documents that are particularly relevant to their own client or clients. It is entirely customary that several different forms of preliminary procedural steps, including particularly editions and seizures, have been taken before the appointment of a defense attorney, and it must naturally be an obligation for a defense attorney, when given access to the case documents, to first look for this type of investigative step and in that context assess whether such rulings should be appealed or alternatively brought before the court under section 807 c of the Administration of Justice Act.

Thus, it is the prosecution's opinion that the appeal deadline has been exceeded, and that this exceedance is not due to reasons that cannot be attributed to Attorney Hanne Rahbeek.

On this basis, it is SOIK's opinion that the appeal should be dismissed.

Christian Dalgaard Sanning  Special Prosecutor

STEIN_LHOTE0001905

CONFIDENTIAL

CONFIDENTIAL