Message

| | |
|---|---|
| **From**: | Bettina Spang [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=CFF572A2B9044C0D9018247288F92B15-W27654] |
| **Sent**: | 1/28/2021 9:07:51 AM |
| **To**: | Camilla Lindrum Bay [camilla.bay@sktst.dk] |
| **Subject**: | VS: Anmodning om yderligere oplysninger |
| **Attachments**: | Brev til Skattestyrelsen_anmodning om yderligere oplysninger.pdf |

Venlig hilsen

**Bettina Spang**
Chefkonsulent
Ledelsessekretariat Særlig Kontrol

+45 72 37 44 69
Bettina.Spang@sktst.dk

 **SKATTE**
STYRELSEN

Skattestyrelsen
Helgeshøj Allé 9, 2630 Taastrup
www.sktst.dk

Sådan behandler vi persondata
Skattestyrelsen er en del af Skatteforvaltningen

**Fra:** SWI007@politi.dk <SWI007@politi.dk>
**Sendt:** 28. januar 2021 06:59
**Til:** Bettina Spang <Bettina.Spang@sktst.dk>
**Emne:** Anmodning om yderligere oplysninger

Denne e-mail kommer fra internettet og er således ikke nødvendigvis fra en intern kilde selvom afsenderadresse kan indikere det.

Vedhæftet fremsendes SØIK's anmodning om yderligere oplysninger vedr. Skattestyrelsens forligsaftale.

Jeg skal beklage den korte frist, der skyldes et igangværende kæremål.

Med venlig hilsen

**Stine Winther**
specialanklager

Mobil: +45 61 12 69 79
Mail: swi007@politi.dk

CONFIDENTIAL                                         SKAT_MAPLEPOINT_00000720






**STATSADVOKATEN**

Statsadvokaten for Særlig Økonomisk og International Kriminalitet

Kampmannsgade 1
DK-1604 København V
Tlf.:   +45 72 68 90 00
Fax:   +45 4515 0016
Mail:  saoek@ankl.dk

SKAT_MAPLEPOINT_00000721



**STATSADVOKATEN**

Skattestyrelsen

Dato: 28. januar 2021
J.nr.: SØK-10177-00037-19
Sagsbehandler: SWI

STATSADVOKATEN FOR SÆRLIG
ØKONOMISK OG INTERNATIONAL
KRIMINALITET

KAMPMANNSGADE 1
1604 KØBENHAVN V

TELEFON 72 68 90 00

E-mail: saoek@ankl.dk
www.anklagemyndigheden.dk
www.politi.dk

## Anmodning om yderligere oplysninger vedr. Skattestyrelsens forlig

Under henvisning til Skattestyrelsens brev af 19. januar 2021 skal SØIK anmode Skattestyrelsen om at besvare følgende spørgsmål:

10. Har Skattestyrelsen fortsat et erstatningskrav på baggrund af påståede aktiebesiddelser i beholdning hos den tyske bank North Channel Bank, og i så fald mod hvem og med hvilket beløb?

11. Agter Skattestyrelsen at nedlægge erstatningskravet under en eventuel straffesag omhandlende de påståede aktiebesiddelser i beholdning hos North Channel Bank, hvis forligsaftalen ikke kan anses for at være misligholdt på dette tidspunkt?

12. Af Rigsrevisionens notat fra januar 2020 om Skattestyrelsens forlig med 61 pensionsplaner mfl. fra maj 2019 (punkt 20) fremgår, at Skattestyrelsens amerikanske repræsentanter i samarbejde med Kammeradvokaten skal gennemgå en mængde materiale og på baggrund af dette fastslå det endelige forligsbeløb. Er dette arbejde udført, og har det i givet fald givet en ændring i det samlede erstatningskrav?

13. I samme notat (punkt 22) fremgår, at forligssummen på 1,6 mia. kr. skal falde i flere rater: En straksbetaling på 950 mio. kr. og en restbetaling på 650 mio. kr., som skal afvikles inden for en periode på op til 4 år. Af samme notat (punkt 24) fremgår, at minimum 50 mio. kr. af restbeløbet på 650

     SKAT_MAPLEPOINT_00000722

mio. kr. skal betales direkte af den tyske bank (North Channel Bank). Har banken indbetalt et beløb og i så fald hvor meget?

14. Det fremgår endvidere af notatet (punkt 24), at bankens hovedaktionærer hæfter for betalingen af det resterende beløb, dog maksimalt 600 mio. kr. Hvad er Skattestyrelsens samlede erstatningskrav mod de tre hovedaktionærer på nuværende tidspunkt på baggrund af ejerskabet af og påståede aktiebesiddelser i beholdning hos den tyske bank North Channel Bank?

15. Hvilke refusioner af udbytteskat er omfattet af forliget? Skattestyrelsen bedes anføre dette ved angivelse af SKAT's bundtnumre. Alternativt anmodes Skattestyrelsen om at fremsende analysen og det underliggende materiale som omtalt ovenfor i spørgsmål 12.

16. Har forligsparterne aftalt efter hvilke principper, fordringerne skal nedskrives? I den forbindelse bedes det oplyst, om indbetalerne har oplyst hvilke fordringer, indbetalingerne skal nedskrives på, eller er dette op til Skattestyrelsen? Herudover bedes det angivet, hvilke fordringer der indtil nu er nedskrevet.

17. Hvilket lands lov regulerer forliget?

18. Er de øvrige forligsparter (forligsparterne ud over Skattestyrelsen) fortsat repræsenteret ved advokat i USA i forbindelse med opfyldelse af forliget?

19. Er der løbende kontakt mellem de øvrige forligsparters advokater og Skattestyrelsens advokat i USA?

20. Har de øvrige forligsparter bidraget med dokumenter til brug for inddrivelse af Skattestyrelsens krav mod personer eller enheder, der ikke er omfattet af forliget?

21. Har de øvrige forligsparter samtykket i benyttelse af materiale til brug for inddrivelse af Skattestyrelsens krav mod personer eller enheder, der ikke er omfattet af forliget?

22. Har de øvrige forligsparter bidraget med oplysninger og besvaret spørgsmål fra Skattestyrelsen til identifikation af og til brug for inddrivelse af Skattestyrelsens krav mod personer eller enheder, der ikke er omfattet af forliget?

23. Har de øvrige forligsparter besvaret forespørgsler og fremlagt dokumentation for egne økonomiske forhold?

24. Har Skattestyrelsen eller Skattestyrelsens amerikanske advokatforbindelse været inddraget i drøftelser om eller modtaget oplysninger om eller i øvrigt kommet i besiddelse af oplysninger om, hvilke bestræbelser der udfoldes for at opfylde forliget?

STATSADVOKATEN FOR SÆRLIG ØKONOMISK OG INTERNATIONAL KRIMINALITET

SIDE 2

Spørgsmålene skal ses i sammenhæng med spørgsmål 9 i SØIK's brev af 6. januar 2021. Det bemærkes, at besvarelsen af spørgsmålene 10-24 er afgørende for SØIK's finansielle efterforskning i sagen.

Som led i efterforskningen har SØIK indhentet flere beslaglæggelseskendelser. På baggrund af Skattestyrelsens besvarelse af 19. januar 2021 kan det konstateres, at flere af kendelserne er rettet mod personer, som er omfattet af forligsaftalen. Idet disse beslaglæggelseskendelser nu er kæret til landsretten under henvisning til forligsaftalen, skal jeg anmode om at modtage svar på spørgsmål 10 til 24 snarest muligt og meget gerne <u>senest den 3. februar 2021</u>.

Skattestyrelsens besvarelse vil blive fremsendt til forsvarerne i sagen med forsvarerpålæg efter retsplejelovens § 729a, stk. 4, hvorfor forsvarerne i sagen ikke på nuværende tidspunkt må videregive oplysningerne til deres klienter. Forsvarerpålægget vil senest blive ophævet, efter de tiltalte har afgivet forklaring under en eventuel hovedforhandling, jf. bestemmelsens sidste pkt.

For god ordens skyld gør jeg opmærksom på, at der kan komme supplerende spørgsmål fra både SØIK og forsvarerne på baggrund af Skattestyrelsens besvarelse.

Såfremt Skattestyrelsen har spørgsmål til denne anmodning, kan henvendelse rettes til specialanklager Stine Winther, tlf. 61126979 eller via e-mail: swi007@politi.dk.

Med venlig hilsen

Malene Stage Christensen
vicestatsadvokat, fg.

Message

| | |
|---|---|
| **From:** | Bettina Spang [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=CFFS72A2B9044COD9018247288F92B15-W27654]. |
| **Sent:** | 1/28/2021 9:07:51 AM |
| **To:** | Camilla Lindrum Bay [camilla.bay@sktst.dk] |
| **Subject:** | FW: Request for additional information |
| **Attachments:** | Letter to the Danish Tax Agency_request for additional information.pdf |

Best regards

**Bettina Spang**
Chief Consultant
Executive Secretariat Special Audit

+45 72 37 44 69
Bettina.Spang@sktst.dk



The Danish Tax Agency
Helgeshøj Allé 9, 2630 Taastrup
www.sktst.dk

This is how we handle personal data
The Danish Tax Agency is a part of the Danish Tax Administration

**From:** SWI007@politi.dk <SWI007@politi.dk>
**Sent:** 28 January 2021 06:59
**To:** Bettina Spang <Bettina.Spang@sktst.dk>
**Subject:** Request for additional information

This email comes from the internet and is therefore not necessarily from an internal source even though the sender address can indicate that.

Forwarded here as attachment is SØIK's request for additional information regarding the Danish Tax Agency's settlement agreement.

I apologize for the short deadline, which is due to an ongoing appeal.

With best regards

Stine Winther
Special Prosecutor

Mobile: +45 61 12 69 79
Email: swi007@politi.dk



**STATSADVOKATEN**

The Public Prosecutor for Special Financial and International Crimes

Kampmannsgade  1
DK-1604 K0benhavn V
Tel.:    +45 72 68 90 00
Fax:    +4545150016
Email:  saoek@ankl.dk



STATSADVOKATEN

The Danish Tax Agency

Date: 28 January 2021
J.nr.: SØK-10177-00037-19
Case Handler: SWI

THE PUBLIC PROSECUTOR FOR
SPECIAL FINANCIAL AND
INTERNATIONAL CRIMES

KAMPMANNSGADE 1
1604 KØBENHAVN V

TELEPHONE 72 68 90 00

E-mail: saoek@ankl.dk
www.anklagemyndigheden.dk
www.politi.dk

## Request for Additional Information regarding the Danish Tax Agency's Settlement

With reference to the Danish Tax Agency's letter of 19 January 2021, SØIK must request the Danish Tax Agency to respond to the following questions:

10. Is the Danish Tax Agency continuing a compensation claim based on the alleged shareholdings held by the German bank North Channel Bank, and if so against whom and for what amount?

11. Does the Danish Tax Agency intend to drop the compensation claim in the event of any possible criminal case concerning the alleged shareholdings held by North Channel Bank, if the settlement agreement cannot be considered to have been breached at this time?

12. From the National Audit Office's note on January 2020 about the Danish Tax Agency's settlement of May 2019 with 61 pension plans etc., (point 20), it appears that the Danish Tax Agency's US counsel in cooperation with Kammeradvokaten shall review a quantity of material and based on this determine the final settlement amount. Has this task been completed and has this in any case resulted in an adjustment to the compensation claim?

13. In the same note (point 22) it appears that the settlement sum is expected in several installments: an immediate payment of DKK 950 million and a residual payment of DKK 650 million, which must be settled within a period of four years. From the same note (point 24) it appears that a minimum of DKK 50 million of the DKK 650 million residual amount must

be paid directly by the German bank (North Channel Bank). Has the bank paid an amount, and if so, how much?

14. It appears further from the note (point 24) that the bank's main shareholders are liable for payment of the residual amount, but to a maximum of DKK 600 million. What is the Danish Tax Agency's total compensation claim against the three main shareholders at the current time based on the ownership of and alleged shareholdings held by the German bank North Channel Bank?

15. Which dividend tax refunds are covered by the settlement? The Danish Tax Agency is asked to please specify this by indication of SKAT's batch numbers. Alternatively the Danish Tax Agency is asked to forward the analysis and the underlying material that is referenced in question 12.

16. Have the settlement parties agreed under which principles the claims shall be set off? In this context, information is requested as to whether the payers have indicated which claims the repayments shall be set off against, or is this up to the Danish Tax Agency? Additionally, please specify which claims have been set off thus far.

17. Which national law governs the settlement?

18. Are the settlement parties (the settlement parties in addition to the Danish Tax Agency) still represented by legal counsel in the US in connection with fulfillment of the settlement?

19. Is there on-going contact between the additional settlement parties and the Danish Tax Agency's legal counsel in the US?

20. Have the other settlement parties helped contribute documents for use in the prosecution of the Danish Tax Agency's claims against individuals or entities not covered by the settlement?

21. Have the other settlement parties consented to the use of materials in the prosecution of the Danish Tax Agency's claims against individuals or entities not covered by the settlement?

22. Have the other settlement parties helped contribute information and answer questions from the Danish Tax Agency for the identification of and prosecution of the Danish Tax Agency's claims against individuals or entities not covered by the settlement?

23. Have the other settlement parties answered questions and presented documentation of their own financial circumstances?

24. Has the Danish Tax Agency or the Danish Tax Agency's US legal counsel been involved in discussions about, or received information about, or otherwise come into possession of information about what efforts are being made to fulfill the settlement?

The questions are to be read in conjunction with question 9 in SØIK's letter of 6 January 2021. It should be noted that the response to questions 10-24 are crucial to SØIK's financial investigation in the case.

As part of the investigation SØIK has obtained several seizure orders. Based on the Danish Tax Agency's response of 19 January 2021 it can be confirmed that several of the orders are directed against individuals who are included in the settlement agreement. Since these seizure orders are now appealed to the higher regional court with reference to the settlement agreement, I must request that a response to question 10 be received as soon as possible and no later than 3 February 2021.

The Danish Tax Agency's response will be forwarded to the defendants in the case under defense order [attorney's eyes only] in accordance with the Civil Procedure Code's § 729a(4), whereby the defense in the case may at no point in time forward the information to their clients.  The defense order will be lifted at the latest after the defendants have given explanation in any main hearing, cf. last clause of the provision.

THE PUBLIC PROSECUTOR FOR
SPECIAL FINANCIAL AND
INTERNATIONAL CRIMES

PAGE 3

For the sake of good order, I would like to point out that there may be supplemental questions from both SØIK and the defense based on the Danish Tax Agency's response.

If the Danish Tax Agency has questions regarding this request, inquiries can be directed to the Special Prosecutor Stine Winther, tel. 61126979 or via email: swi007@politi.dk.

With best regards

Malene Stage Christensen
Deputy Prosecutor, acting.