# REBUTTAL EXPERT REPORT OF LASSE LUND MADSEN

## Comments on Attorney Per Justesen's Report of September 6, 2024

### October 15, 2024

## 1. ASSIGNMENT

In connection with the case *Stein and Lhote v. Skatteforvaltningen*, 23 Civ. 2508 (NRB), I have been tasked by attorneys for Plaintiffs Matthew Stein and Jerome Lhote and Nominal Defendant Luke McGee to evaluate and comment on the report made by Attorney Per Justesen ("Justesen Report").

With all due respect to Mr. Justesen, in certain significant respects that I describe below, his report does not provide an accurate or comprehensive picture of Danish law and his opinions regarding Danish law are not accurate or reliable. The following comments and elaborations will address this in more detail. I do not address here every last aspect of Mr. Justesen's report, but rather direct this rebuttal report to only the most significant disagreements on matters of Danish law that I have with the Justesen Report.

For ease of organization and reference, I have largely set forth below my comments on the Justesen Report in the order in which they are presented in the Justesen Report. Paragraph number references are, except where otherwise indicated, to the correspondingly numbered reference to the Justesen Report. In commenting on the Justesen Report, I refer on occasion to my initial report, dated September 6, 2024 ("Madsen Report").

The terms of my engagement, as described on page 1 of my initial report, have not changed.

## 2. MY COMMENTS

### 2.1 JUSTESEN REPORT SECTION I (PARAGRAPHS 12-41)

In paragraphs 17 through 22, the Justesen Report discusses the concept of "preliminary charge" under Danish law. It correctly notes in paragraph 18 that the decision with respect to this stage of a criminal case is made by the police and that, in larger cases, it is made in cooperation with

1



23 Civ. 2508 (NRB)
PLAINTIFFS' EXHIBIT
301

the prosecution. I describe this more fully on pages 2 through 3, among other places, in my initial report.

It should be noted that in my initial report, I have described the Danish terms "sigtelse" and "sigtet" as "charge" or "charged" in slight contrast to the Justesen Report's use of the English terms "preliminary charge" and "preliminarily charged." There do not appear to be any substantive disagreements between Mr. Justesen's understanding and my understanding of these terms. We both mean the stage of a criminal case **prior to indictment** by the prosecution.

In general, this stage of a Danish criminal case requires a concrete suspicion of a certain strength to charge someone. It is inherently difficult to put into legal formula how much or how little is needed, as it is a concrete assessment made from case to case.[1]

We both use the English terms "indict" and "indictment" similarly. We both mean the process by which the prosecution initiates in court formal charges that are set out in a written charging instrument (in Danish: "anklageskrift").

In paragraph 26 of, and Appendix 5 to, the Justesen Report, there is a reference to the prosecution's description of the charging procedure on its website, including the references to the material by which the Prosecution Service describes the decision-making authority allocated to it and refers to the idea that "a victim in a criminal case cannot decide whether to take you to court," by which it means that a victim does not have the authority to decide whether a person is to be indicted.

Beyond that, the statement on the prosecution authority's website expresses the so-called prosecution principle, whereby it is solely up to the prosecution to make the decision of whether someone is to be indicted. The prosecution principle is predicated on section 718 of the Administration of Justice Act, which is further described in, among other places, section 2.1 of my initial report.[2] This must be seen in the context of section 719 of the Administration of Justice Act, which states that the power to prosecute is basically with the director of police (there are 12 directors of police who are the head of both the local police and the local public prosecutor's office,

---

[1] In discussing the decision to charge in paragraph 19 and in note 2, Mr. Justesen refers to Gorm Toftegaard Nielsen and the seventh edition of his influential work THE COURSE OF THE CRIMINAL CASE. Gorm Toftegaard Nielsen was previously a professor at Aarhus University. I took over his professorship in 2017. He was my mentor for many years and supervised my Ph.D. dissertation in 2007. I have continued the authorship of several of his works and I fully endorse the praise he receives in note 2. The seventh and recently published eighth editions of THE COURSE OF THE CRIMINAL CASE were co-authored with my colleague Associate Professor Nicolaj Sivan Holst. Cf. Justesen Report, Appendix 1 (providing sections of 7th ed.). There are no substantive changes between the seventh and eighth editions with respect to the section cited by Mr. Justesen, which is a largely uncontroversial proposition of Danish law.

[2] The full text of Danish statutes referred to in this rebuttal report and in my initial report are included in an amended version of Attachment C to my initial report that is included with this rebuttal report.

cf. here Madsen's Rep. 3). It should be noted that section 719 is also mentioned in the Justesen Report, cf. paragraph 23.

For the purposes of this case, the principle of prosecution is properly understood only in conjunction with the principle of opportunity, which is described more fully in section 3 of my initial report. This context is not developed in detail in the Justesen Report and, as a result, it is, in this very crucial regard, neither accurate nor comprehensive. In paragraph 29, the Justesen Report states the following:

> Section 96 (1) of the Administration of Justice Act imposes a **duty** on the Prosecution Service to file an indictment if the conditions for a conviction are met (emphasis added).

The Justesen Report also refers here to the so-called objectivity principle in relation to which the Justesen Report cites Section 96 (2) in paragraph 28 and whereby the prosecution is obliged to act objectively (". . . thereby ensuring not only that the guilty are brought to justice but also that the innocent are not prosecuted"). This is a well-established concept in Danish law and is also assumed to apply to the police.[3]

In my opinion, it is not accurate when Mr. Justesen – without any reservations – derives a legal **duty** or **obligation** to indict when the necessary evidence is present and the standard for indictment is otherwise met. In doing so, Mr. Justesen does not take into account the discretion afforded to the prosecution under Danish law.

The objectivity principle must be seen in conjunction with the principle of opportunity. In paragraph 30, the Justesen Report cites Hans Gammeltoft-Hansen's book CRIMINAL PROCEDURE I (2d ed. 1998). The Justesen Report seems to derive support from the cited material for the proposition that the prosecution does not have discretion to refrain from indicting.

This is incorrect. On the very next page of the work that the Justesen Report cites, Gammeltoft-Hansen explicitly states the following:

> By Act No. 385/1987 on the Fight Against Economic Crime, the possibility was created to use the discontinuation of prosecution **to a somewhat greater extent than the principles described above** (emphasis added). According to section 721, subsection 1, no. 3, (full or partial) discontinuation of prosecution may take place if the difficulties, costs, and processing times of the case do not reasonably correspond to the significance of the case and the expected penalty.[4]

The provision of law cited by Gammeltoft-Hansen, section 721, subsection 1, no. 3, subsequently moved without amendment to subsection 1, no. 4, provides, as I have previously noted, that

---

[3] Michael Kistrup *et al.*, THE CRIMINAL PROCESS 168 (4th ed. 2023), p. 128 f.

[4] Subsection 3 has since been moved to subsection 4, but there has been no substantive change in the provision.

"prosecution in a case can be completely or partially abandoned in cases . . . where the conduct of the case would entail difficulties, costs, or processing times that are not reasonably proportionate to the significance of the case and the penalty that can be expected to be imposed." Madsen Rep. 14.[5]

As stated in my initial report, primarily in Section 3 and pages 10 through 16, Danish criminal procedure requires application of the principle of opportunity, which the aforementioned passage in Gammeltoft-Hansen also emphasizes.  As described on pages 10-11 of my initial report, then-professor Stephan Hurwitz (and later Denmark's first ombudsman) even stated that it is "most appropriate to characterize the duty to prosecute as relative."[6]  Similarly, then-professor Bernhard Gomard has stated that with "a better choice of words, the raising of an indictment can be described as facultative."[7] Thus, it cannot be correctly stated that, in all cases, there is a formal legal obligation to prosecute if the evidence is deemed by the prosecution to be present.  The Justesen Report is, therefore, incorrect in stating in paragraph 31 that "[t]he Prosecution Service's decision to prosecute is thus determined **solely** on whether the prosecution believes it has sufficient evidence to obtain a conviction" (emphasis added).

Section 721, subsection 1, number 4 (formerly 3) of the Administration of Justice Act explicitly allows for the case to be closed and prosecution to be discontinued, i.e., for no indictment to be filed, based on a variety of considerations, even if the evidence, in the prosecution's assessment, would suffice for a conviction.  Section 721, subsection 1, number 4 explicitly permits the prosecution to exercise its discretion to determine the reasonable proportionality between, on the one hand, the importance of the case and the expected penalty and, on the other, "difficulties, costs, or processing times."  Section 721, subsection 1, number 4, by its terms requires the prosecution to engage in a process of balancing, or weighing, one set of considerations (the importance of a case and the expected penalty) against another set of considerations (difficulties, costs or processing times).

Michael Kistrup *et al.*, THE CRIMINAL PROCESS (4th ed. 2023), at page 129, supports this view. This treatise indicates that "[t]here is thus no general rule against taking action in response to a detected crime, **but section 721, subsection 1, number 4, nevertheless provides the**

---

[5] The Justesen Report in paragraph 48 translates the Danish statute slightly differently as: "Prosecution in a matter may be wholly or partially abandoned in cases where . . . [t]he pursuit of the case would involve difficulties, costs or processing times that are not proportionate to the importance of the case and the expected penalty."  We are both referring to the same Danish statutory language.

[6] Stephan Hurwitz, THE DANISH CRIMINAL PROCEDURE 218 (3d ed. 1959).

[7] Bernhard Gomard, STUDIES IN THE DANISH CRIMINAL PROCESS 96 (1976).

**possibility to drop charges for resource reasons, even if there is a presumption of guilt**" (emphasis added).[8]

Paragraphs 36 to 41 of the Justesen Report broadly concerns the prosecutor's obligation to present mitigating circumstances to the court during the main hearing, what a US lawyer would refer to as the trial. From that discussion, the Justesen Report express in paragraph 45 the opinion, in general, that only the court can consider mitigating circumstances, such as efforts by a person to provide restitution or to cooperate, and that these factors cannot be taken into consideration by the prosecution in deciding whether to drop charges or whether to not indict. In my opinion, this is incorrect, which I will elaborate on below in connection with my comments on paragraph 45 of the Justesen Report.

In paragraph 41 of the Justesen Report, there is some lack of clarity. First, it is stated that all cases of economic crime are decided by the court and that they are not jury trials ("All criminal cases about economic crime are decided by the court. There are no jury trials."). It is a bit unclear what the Justesen Report means by the text in the first sentence ("decided by the court"). An actual determination of penal sanctions can only occur in court, but the prosecution can decide on its own that the case should not be pursued under section 721 of the Administration of Justice Act, for example, just as the prosecution can issue a waiver of prosecution, which formally has the character of a sanction, albeit a very mild one, and which in reality is a kind of warning, as I discuss on page 12 of my initial report. But the fact that it is formally a sanction is the reason why a waiver of prosecution typically requires an admission, as I described below in section 2.2.

Regarding the second sentence ("There are no jury trials"), it should be clarified that, although jurors do not participate in the decision of cases of economic crime, lay judges still participate in all cases where there is a possibility of more than 30 days of imprisonment that are not confession cases, which also applies to cases of economic crime, cf. section 686, subsection 2 of the Administration of Justice Act. In these cases, in addition to a legal judge, two lay judges participate, cf. section 12, subsection 6 of the Administration of Justice Act.

Furthermore, according to section 12, subsection 7 of the Administration of Justice Act, it is possible to appoint both a legal reserve judge and a reserve lay judge in cases of longer duration, which is not infrequently the case in larger cases of economic crime. In such cases, it is even possible to appoint both an additional legal judge and lay judges (thus a total of 2 legal judges

---

[8] This specific citation can also be found in paragraph 67 of the Justesen Report. It is noteworthy that the Justesen Report does not include it during its review of the principle of objectivity.

and 3 lay judges), but unlike subsection 7, they form a formal part of the court's composition and thus participate in the decision on the question of guilt and any determination of penalty.

It is noted that in all cases with a judge and lay judges, each has one vote in the decision on the question of guilt and sanctions, cf. section 881 of the Administration of Justice Act.

## 2.2 JUSTESEN REPORT SECTION II (PARAGRAPHS 42-44)

This section briefly addresses section 749 of the Administration of Justice Act. I have no comments on this, except that for the sake of good order, it should be emphasized that the provision is irrelevant to the present case, as it can only be applied if no charge has been made in a case, which is not the case here.

As soon as a person has been charged, the case can only be decided either by prosecution (by sending an indictment, cf. sections 834 and 835 of the Administration of Justice Act) or by dropping charges according to section 721 of the Administration of Justice Act or an out-of-court waiver of prosecution according to section 722 of the Administration of Justice Act (alternatively an in-court waiver of prosecution with conditions according to section 723).

As stated in my report (p. 11), a waiver of prosecution requires that the accused confess or, at least, acknowledge all the factual circumstances and their guilt must be considered beyond doubt.

Therefore, the rule in the Administration of Justice Act regarding the dropping of charges, whereby the prosecution completely or partially drops the charges, is the provision most pertinent to this case under consideration. The debate here is primarily about the extent to which the prosecution – under the principle of opportunity – has the discretion to drop the case wholly or partially due to difficulties, costs or processing times when weighed against the importance of the case and the expected penalty, cf. Administration of Justice Act § 721, subsection 1, no. 4.

## 2.3 JUSTESEN REPORT SECTION III (PARAGRAPHS 45-78)

In paragraph 45, the Justesen Report explicitly *says no* to the prosecution's having discretionary authority to consider a preliminary charged person's having compensated the victim and such a person's cooperation with the authorities under the principle of opportunity in such a way that, based on these considerations, the prosecution does not indict who has provided compensation and cooperated, even though the evidence is deemed sufficient. The Justesen Report states that only the court can decide on this. This is not accurate or reflective of the Danish law.

As mentioned, Administration of Justice Act § 721, subsection 1, no. 4, already unequivocally allows for the dropping of charges in a case wholly or partially in situations where "the conduct of the case would entail difficulties, costs, or processing times that are not reasonably proportionate to the significance of the case and the penalty that can be expected to be imposed." As stated in

6

my report, this involves a balancing act between considerations of difficulties, costs, and processing times on one side and the expected penalty on the other.

The court can, under the Penal Code § 82, nos. 10 and 11, consider compensation and cooperation with the authorities as mitigating factors when determining the penalty.  But there is nothing to prevent the prosecution from also considering these factors **before** indicting.  The legal framework even presupposes that the prosecution **should** consider these factors because, in its assessment of the expected penalty under the balancing act in section 721, subsection 1, no. 4, it must take into account any reduction in penalty that can reasonably be expected to be had under section 82, subsection 1, nos. 10 and 11, of the Penal Code.

Let me illustrate this with a hypothetical example:

> S, a foreign national, is preliminary charged with extensive economic crime for which the penalty is typically up to 6 years in prison.
>
> Conducting the case involves a resource expenditure with a total value of X.
>
> The resource expenditure X must be weighed against an expected penalty of 6 years if only the nature of the crime and the amount defrauded are considered.
>
> However, S has repaid the defrauded amount to the victim and has also assisted the police in solving the case against co-perpetrator T.
>
> This is expected to result in a penalty "discount" for S of a total of 3 years.
>
> Therefore, the balancing should be X (the value of which remains unchanged) against an expected penalty of 3 and **not** 6 years.
>
> Thus, to get a comprehensive and accurate assessment of the expected penalty level, it is necessary for the prosecution, in its discretionary balancing under Administration of Justice Act § 721, subsection 1, no. 4, to consider relevant mitigating circumstances.
>
> Otherwise, it is not possible to provide a qualified estimate of what the expected penalty is likely to be.  And it is even possible under the law to completely close the case because the assessment concludes that the resource expenditure and difficulties in conducting the case – typically because it involves foreign nationals – overall make it the most rational decision under the circumstances.

As stated in my report on p. 11, the case involving vandalism of a bust belonging to the Danish Art Academy (formally owned by the Danish art council Akademiraadet) is a recent and publicly well-known example in which the prosecution explicitly gave a waiver of charges under Administration of Justice Act § 722, subsection 2, with specific reference to the age of the case and the fact that a settlement had been reached.  This provision is in itself perhaps the clearest example of the application of the principle of opportunity and of the discretion afforded to the

prosecution. The prosecution explicitly included in the discretionary assessment under the opportunity principle that a settlement had been reached between the parties. It would make no sense if it were only permissible to do so under the opportunity principle, as expressed under Administration of Justice Act § 722, subsection 2, but not under section 722, subsection 1, no. 5 or section 721, subsection 1, No. 4. Therefore also this recent case seems to illustrate that it is incorrect when the Justesen Report unreservedly claims that the prosecution cannot consider a settlement by which the accused pays restitution in its consideration of the question of whether to indict.

As a former special prosecutor in economic crime, I have often made significant reductions in larger cases of economic crime. As stated in my report on p. 15 with reference to Report No. 1066 of 1986, the typical scenario is that cases are partially reduced, but often to a significant extent. As stated in Report No. 1066 of 1986, p. 192 (cited in Madsen Rep. 15), it is assumed that there may be prunings from, for example, 4 to 1-2 years in prison, which converted into a percentage corresponds to the case being cut by 50-75%. This often happens in agreement with the defense attorney. Such plea bargaining-like arrangements are by no means unusual in Danish law, as I describe in my report on pp.12-13 with reference to U 2016.1236 H and in section 4.1 on pp. 17-18. I discuss this further below in section 2.4.

But I have also, in some cases, completely closed tax and duty fraud cases. It has been well-documented over decades that insufficient resources are allocated to the investigation in respect to the allocated personnel to deal with these cases of economic crime cases. As a prosecutor – especially in one of the 12 local police districts – one must sometimes make some significant choices because it is simply not possible to indict all cases. A complete abandonment of prosecution was certainly not the typical solution, but it did occur. In such cases, it was based upon an overall assessment on my part. The cases were frequently older and close to the statute of limitations (the statute of limitations in major cases of economic crime is 10 years). Cases with such a long processing time would, if there was a conviction, lead to a lower sentence, cf. Penal Code § 82, subsection 1, no. 13. It was included in my assessment that old cases entail evidentiary difficulties, but, in addition, I also emphasized that, based on resource considerations, it would not be reasonable to carry out such an old case, which could be expected to end up with a significant lower sentencing than usual. At the same time, I took into account that there are enforcement mechanisms available other than the criminal law. Thus, for example, evaded taxes would still have to be repaid in any case.

The point here is that the prosecution is provided by statute, section 721, subsection 1, no. 4, with significant discretion to determine how to balance difficulties, costs, and processing times against the significance of a case and the penalty that can be expected to be imposed. In doing so it is not always clear as whether the case is dropped with reference to 721, subsection 1, no. 2 or 4 (cf. Madsen Rep. 12). In my experience, there is a tendency to use no. 2, where in reality it should

be no. 4.  This is probably due to the fact that no. 2 often is considered to be a less controversial reason to prune or drop a case.

In Denmark's history, the most extensive and prolonged case of economic crime (referred to in the Danish press and public as "Operation Greed"), which spanned 3.5 years over 153 court days in the district court and which is currently pending in the high court, charges have been brought against several individuals for producing fictitious invoices (via a so-called invoice factory).  As alleged, hundreds of companies (so-called A-companies) have employed this scheme to unlawfully reduce their VAT and taxable income.[9]  Remarkably, the prosecution has chosen not to charge any of the responsible individuals in the A-companies, even though it must be assumed that there was a criminal and evidentiary basis for doing so, which is supported by the following passage in the district court's judgment of August 18, 2022:

> It is evident from witness statements and documentation in several reviewed A-companies that their invoices from B-companies were actually used with SKAT.  Based on the overall evidence, it must also be assumed that the purpose of issuing the fictitious invoices was for them to be included in the A-companies' accounts, which they were suitable for.  The fictitious invoices were thus intended to be deducted in the A-companies' VAT accounts and in their accounts, making it appear as if the work that might have been performed was not done in the A-companies but in the B-companies.  This way, the A-companies avoided paying A-tax and AM-contributions for the wages they might have paid to those who might have performed the work.  It must therefore be assumed that the non-reviewed A-companies in this situation also did not report A-tax or AM-contributions.  There must also be a high probability that all the A-companies actually used the fictitious invoices in their VAT accounts and business accounts, as they paid a significant commission for the invoices, and many received multiple invoices.

> The court thus finds that the A-companies must be considered to have extensively used the fictitious invoices with SKAT, and that there is therefore, in principle, a basis for conviction for aiding and abetting VAT and tax fraud in relation to 1a-4a and 6a-12a to the extent specified below.

Although it is not publicly known what the basis for not charging the responsible owners of the A-companies is, it is fair to infer, under the circumstances, that the prosecution made a choice to

---

[9] A summary of the case, including the number of court days and other measures of the resources consumed by the case is available here: Steen Schat-Holm & Astrid Søndberg, *Operation Greed: Historic Case of Tax Fraud and Money Laundering to be Settled Today*, TV2 (Aug. 18, 2022), https://nyheder.tv2.dk/samfund/2022-08-18-operation-greed-historisk-sag-om-skattesvindel-og-hvidvask-afgoeres-i-dag.

focus the charges on certain individuals while excluding others, despite there being significant evidentiary grounds on which others could have been charged.

The Justesen Report explicitly recognizes that section 721, subsection 1, no. 4, requires a balancing of one set of considerations against another set of considerations. It does so in a variety of context, the clearest being in paragraph 55 (emphasis added):

> As can be seen, the prosecutor has the option of dropping the prosecution based on resource considerations, but even then a **balance** must also be made in relation to the importance of the case and the expected punishment.

However, the conclusion that the Justesen Report draws in paragraph 58 from the circumstances associated with Stein, *et al.*, is far too categorical. The statement is, in its general and unreserved form, quite simply not correct:

> In my opinion, the investigation and eventual charges against Stein, Lhôte and McGee **could not** have been dropped under subsection (4) because there are not resource constraints in pursuing an economic crime of this magnitude and for which the Danish government was the victim, the case is too important to the country to be dropped, and the potential penalties are significant (emphasis added).

The prosecution surely had the legal authority under section 721, subsection 1, no. 4, to not indict Stein, *et al.*, based on all of the circumstances present and after weighing the difficulties, costs, and processing times against the significance of the case and the penalty that could be expected to be imposed. The furthest that Mr. Justesen could reasonably go is to indicate that, based on what he knows about the case and his experience, he **would have** proceeded to indict Stein, *et al.* But, as mentioned above, it is simply incorrect to state that "the investigation and eventual charges against Stein, Lhôte and McGee **could not** have been dropped under" section 721, subsection 1, no. 4.

It should be noted that the core area of in which the drafters of section 721, subsection 1, no. 4, intended it to apply is larger cases of economic crime, cf. Madsen Rep. 14. As stated there, the provision rests on Report No. 1066 of 1986, a report which concerned combating economic crime.

The Justesen Report is also incorrect to refer only to "resource constraints" as a reason that could have justified the prosecution's exercise of discretion in favor of not indicting Stein, *et al.* Many circumstances fairly fall within the rubric of "difficulties, costs or processing times."

These include, among other factors that might be relevant to the prosecution in considering how to proceed with respect to Stein, *et al.*, the challenges, delays, and expenses associated with: (1) locating those to be prosecuted; (2) extraditing those to be prosecuted; (3) obtaining evidence and other law enforcement assistance from numerous foreign countries; (4) trying those to be prosecuted in a single trial of significant length; (5) conducting multiple trials of significant length if all those to be prosecuted could not be made to participate in a single trial and the implications for the rights of defendants under those circumstances; (6) recovering assets and obtaining

restitution in order to remedy any harm as a result of the conduct to be prosecuted, including the extent to which Stein, *et al.*, had agreed to cooperate in this effort; and (7) investigating a complicated set of facts, including the extent to which Stein, *et al.*, had agreed to cooperate in this effort.

It is important also to note that "processing times" requires consideration of not just resources available to the prosecution, but also the rights of a defendant.  The committee that drafted the language eventually embodied in sections 721 and 722 was aware that the discretion provided to the prosecution bore on the rights and interests of suspects and defendants.  In proposing these changes, the Committee noted that the need for the prosecution to have greater discretion "applies not least in cases of economic crime, where one must try to counteract the situation that the completion of the cases takes years due to the complicated nature of the investigation, so that the accused and possibly the accused for a very long time must live with the uncertainty and pressure that the investigation and sentencing of a criminal case entails."  Combating Economic Crime, Opinion No. 1066 at 188-89 (1986) (cited in Madsen Rep. 4 n.11).  It is well established under Danish law, and it is confirmed by the European Convention on Human Rights (the "Convention"), art. 6, subsection 1, that a defendant has a right to a speedy trial.[10]  In criminal cases, the relevant starting point for the assessment is from when the person is "charged", which is an autonomous concept under the Convention, which, depending on the circumstances, is counted from before the time of the formal charge, if the police's initial investigation has noticeably affected the situation of the later indicted person.  A Danish judge of the European Court of Human Rights for 10 years, Jon Fridrik Kjølbro,[11] describes this in his text THE EUROPEAN CONVENTION ON HUMAN RIGHTS FOR PRACTITIONERS 789 (6th ed.), as follows:

> In criminal cases, the relevant period begins at the time when there is an "accusation of a crime," that is, from the moment when the complainant must be considered "charged" in the sense of the Convention.  This is an independent Convention concept.  The court has defined the term "charge" as an official notification to a person from a competent authority, containing an accusation that the person has committed a criminal offense, and has stated that this

---

[10] European Convention on Human Rights art. 6 ("In the determination of his civil rights and obligations or of any criminal charge against him, everyone is entitled to a fair and public hearing within a reasonable time by an independent and impartial tribunal established by law.") (available here: https://www.echr.coe.int/documents/d/echr/convention_eng).

[11] Kjølbro is now a judge in The Eastern High Court.

> definition corresponds to an assessment of whether the suspect's situation has been significantly affected.
>
> This point in time can very well – and will most often – precede the case being brought before the courts. The period will generally begin to run from the moment the complainant is arrested, or questioned as a suspect, or when charges are brought.

The Convention is incorporated in Danish law [12] and must, therefore, be respected. Thus, someone who is charged under Danish law has a right to be indicted within a reasonable period of time.  In making the balancing decision under section 721, subsection 1, no. 4, a prosecutor may also consider expectations of the length of time between preliminary charge and indictment and expectations of the length of time between indictment and trial as factors to balance against the significance of a case and the expected penalty.  These considerations could be particularly impactful in a case involving defendants, witnesses, and evidence located outside of Denmark and evidence that is in languages that are foreign to the prosecution, defense counsel, defendants, and the court, which will necessarily protract the length of the proceedings.

All in all, the possibility to not indict was available to the prosecution in the Stein, *et al.* case, regardless of whether it is not the typical procedure.  However, particularly given the difficulties in prosecuting non-EU citizens and the exorbitant costs associated with the dividend case as a whole, among other facts, it can indeed, in my opinion, be argued that, under the circumstances, it would even have been the most rational choice not to indict.

It should be noted that the protective consideration underlying the criminalization of enrichment crimes, including fraud as set out in section 279 of the Penal Code, is the protection of assets by punishing the achievement of an unjustified gain, whereby others suffer a loss of property.  But it lies in this that the punitive need is reduced if the gains are repaid to the wronged party.  Therefore, in the case of property crimes and financial crimes, it seems particularly relevant to include such a repayment in the assessment pursuant to section 721, subsection 1, no. 4, of whether it will still be reasonable to initiate an extensive, resource-intensive and temporally long-lasting criminal prosecution when there is no longer a loss for the aggrieved party.

The prosecutors in the case made a different choice. They are within their rights to do so, but it is wrong to claim that they had no other options.

## 2.4  Justesen Report Section IV (Paragraphs 79-86)

This section of the Justesen Report relatively briefly addresses the issue of plea bargaining. When it states that "there is no formal plea bargaining in the Danish criminal system," it is correct in the sense that we do not have a formalized system that corresponds one-to-one with the American system, but as detailed in my initial report at pp. 17-23, the situation in Denmark has

---

[12] Law No. 285 29/04/1992 (available here: https://www.retsinformation.dk/eli/lta/1992/285).

undergone significant legal development in the direction of the American system over the last four decades, although there are still differences, as described in my initial report on p.22.

As mentioned above in section 2.3 and in my initial report on pp. 12-13 with reference to U 2016.1236 H, it is also undoubtedly common for prosecutors to enter into plea bargaining-like agreements with defense attorneys before charges are brought, whereby the prosecution drops certain charges in exchange for the defendant admitting to others. Similarly, the Justesen Report refers in paragraph 79 to Professor Jørn Vestergaard's CRIMINAL PROCEDURE – FUNDAMENTALS OF DANISH CRIMINAL JUSTICE (2d ed. 2018), which on pages 164 ff., includes the following:

> The actual effect of the preliminarily charged person agreeing through his defense counsel to plead guilty to a part of the preliminary charge will then be that the Prosecution Service will drop the rest. This also applies to a certain extent with regard to matters that the prosecutor had reasonably good prospects of being able to prove.

Such agreements are largely based on resource considerations and the matters that the prosecution, as part of this, abandons prosecution of naturally never come to court.

## 3. CONCLUSION

The Justesen Report has not led me to change my conclusions and views on the case.

There is no doubt that section 721, subsection 1, no. 4 of the Administration of Justice Act provides the legal basis for the prosecution, in exercising its discretion, to drop, or not indict, a case based on its balancing of difficulties, costs, or processing times as against the significance of the case and the penalty that can be expected to be imposed.

There can also be no doubt that, in this assessment, the prosecution can consider whether the accused has compensated the victim or has cooperated with the authorities. This is because the difficulties, costs, or processing times in conducting the case must be weighed against the expected punishment, and since these considerations (compensation and cooperation) will, all else being equal, lead to a more lenient sentencing, the prosecution must already take this into account before indicting to make a fair and usable estimate of the expected punishment.

It is quite common for the prosecution to make significant reductions in the case based on the considerations set forth in section 721, subsection 1, no. 4. This often happens based on plea bargaining-like agreements with the defense attorney. As stated in Report No. 1066 of 1986, p. 192 (cited in Madsen Rep. 15), it is assumed that there may be prunings that converted into a percentage corresponds to the case being cut by 50-75%.

Although it is not typical for the prosecution to drop a case in its entirety, even though the law allows for this possibility, there is nothing typical about this case when it comes to difficulties,

costs, and processing times, which can easily be described as exorbitant and unprecedented in Denmark.

One additional atypical feature of this case is that it involves the prosecution of foreign nationals, which has historically proven difficult in Denmark, especially when it comes to citizens outside the EU, as the issue of extradition often gives rise to complications, such as application of the rule of specialty in matters of extradition, and long delays. The circumstances concerning the extradition of a related defendant, Sanjay Shah, described in Appendix 10 of the Justesen Report, highlight how protracted these proceedings have been and the many impediments that the prosecution has had to overcome, even before a hearing could be had. I have personal experience with a case where the United States wanted a Danish citizen extradited for fraud. Based on publicly available information, the individual has been very much sought after by the US authorities, but, based on publicly available information, he has to my knowledge still not been extradited after more than 10 years. This puts the difficulty of conducting such cases into perspective, which, along with the exorbitant resources associated with conducting the case, could have been considered by the prosecution.[13]

The Justesen Report highlights that the conviction of Anthony Mark Patterson in paragraph 57, which ended with a conviction of 8 years in prison, constitutes the longest sentencing in a case of economic crime in Danish legal history. The prosecution undoubtedly also views the case against the plaintiffs in this case with great seriousness, which follows from the fact that the prosecution has invoked the relatively rarely used provision in section 88, subsection 1, 2d sentence of the Penal Code. Cf. Madsen Rep. 25. But on that basis, it is very difficult to see that the prosecution has in any way taken into account the settlement reached between the plaintiffs and SKAT.

Ultimately, it is solely up to the prosecution to decide whether or not to indict. But to claim in this case that they had no options other than to indict is incorrect. The prosecution in this case could

---

[13] This person, Poul Thorsen, was charged in the United States with having stolen money awarded to Danish governmental institutions for research relating to infant disabilities, autism, and genetic disorders. The charges were announced in 2011, *Autism Researcher Indicted for Stealing Grant Money*, United States Attorney's Office, Northern District of Georgia (Apr. 13, 2011), https://www.justice.gov/archive/usao/gan/press/2011/04-13-11.html. Thorsen's fugitive status is described here https://oig.hhs.gov/fraud/fugitives/poul-thorsen/.

have chosen another solution. It is established that there is a legal basis for this in section 721, subsection 1, no. 4 of the Administration of Justice Act.

I reserve the right to supplement or modify the statements and opinions set forth above as a result of the receipt and review of additional information.

Dated: October 15, 2024

Lasse Lund Madsen

**AMENDED ATTACHMENT C: Danish Statutory References**

# ADMINISTRATION OF JUSTICE ACT

**§ 12.**

I afgørelsen af sager ved byretterne deltager, medmindre andet er bestemt, 1 dommer. Præsidenten træffer efter forhandling med rettens øvrige dommere bestemmelse om sagernes fordeling mellem dommerne og om sagernes administrative behandling.

[…]

*Stk. 6.* I domsmandssager tiltrædes retten af 2 domsmænd, jf. dog stk. 8.

*Stk. 7.* Hvis hovedforhandlingen i en nævninge- eller domsmandssag antages at ville blive af længere varighed, kan rettens præsident efter indstilling fra rettens formand bestemme, at suppleanter for dommeren eller dommerne og nævningerne eller domsmændene skal overvære hovedforhandlingen. Suppleanterne deltager ikke i rettens rådslagninger og afstemninger, men kan efter retsformandens bestemmelse overvære disse. I øvrigt finder reglerne om nævninger og domsmænd tilsvarende anvendelse på suppleanter for disse. En suppleant tiltræder retten, hvis en af dommerne, nævningerne eller domsmændene bliver forhindret i at medvirke ved sagens behandling og pådømmelse.

*Stk. 8.* I domsmandssager om økonomisk kriminalitet, der forventes at have en længere varighed, kan rettens præsident efter indstilling fra rettens formand bestemme, at retten sammensættes af 2 dommere og 3 domsmænd. Stk. 7 finder ikke anvendelse.


**Section 12.**

Unless otherwise provided, one judge shall take part in the decision of cases before the district courts. The president, after consultation with the other judges of the court, shall decide on the assignment of cases to the judges and on the administrative proceedings of cases.

[…]

*Subsection 6.* In cases involving lay judges, the court shall be joined by two lay judges, cf. however Subsection 8.

*Subsection 7.* If the main hearing in a jury or lay judge case is likely to be of a longer duration, the president of the court may, on the recommendation of the presiding judge, decide that alternates for the judge or judges and the jurors or lay judges shall attend the main hearing. The alternates do not participate in the court's deliberations and votes but may attend these at the discretion of the presiding judge. Otherwise, the rules on jurors and lay judges shall apply correspondingly to their alternates. An alternate shall join the court if one of the judges, jurors or lay judges is prevented from participating in the proceedings and adjudication of the case.

*Subsection 8.* In financial crime cases that are expected to have a longer duration, the president of the court may, on the recommendation of the presiding judge, decide that the court shall be composed of two judges and three lay judges. Subsection 7 shall not apply.

## § 96.

De offentlige anklageres opgave er i forbindelse med politiet at forfølge forbrydelser efter reglerne i denne lov.

*Stk. 2.* De offentlige anklagere skal fremme enhver sag med den hurtighed, som sagens beskaffenhed tillader, og derved ikke blot påse, at strafskyldige drages til ansvar, men også at forfølgning af uskyldige ikke finder sted.

## Section 96.

The task of the public prosecutors is to prosecute crimes in accordance with the rules of this law.

*Subsection 2.* The public prosecutors must prosecute every case with the speed that the nature of the case allows, ensuring not only that the guilty are brought to justice but also that the innocent are not prosecuted.

## § 98.

Justitsministeren er de offentlige anklagere overordnet og fører tilsyn med disse.

*Stk. 2.* Justitsministeren kan fastsætte bestemmelser om de offentlige anklageres udførelse af deres opgaver.

*Stk. 3.* Justitsministeren kan give de offentlige anklagere pålæg vedrørende behandlingen af konkrete sager, herunder om at begynde eller fortsætte, undlade eller standse forfølgning. Et pålæg i medfør af denne bestemmelse om at begynde eller fortsætte, undlade eller standse forfølgning skal være skriftligt og ledsaget af en begrundelse. Endvidere skal Folketingets formand skriftligt underrettes om pålægget. Hvis de hensyn, der er nævnt i § 729 c, stk. 1, gør det påkrævet, kan underretning udsættes. Pålægget betragtes i relation til aktindsigt i medfør af §§ 729 a-d som materiale, politiet har tilvejebragt til brug for sagen.

*Stk. 4.* Justitsministeren behandler klager over afgørelser truffet af rigsadvokaten som 1. instans, jf. dog bestemmelsen i § 1018 e, stk. 4.

## Section 98.

The Minister of Justice is the superior of the public prosecutors and supervises them.

*Subsection 2.* The Minister of Justice may issue regulations on the performance of the public prosecutors' duties.

*Subsection 3.* The Minister of Justice may give the public prosecutors instructions regarding the handling of specific cases, including to begin or continue, refrain from, or stop prosecution. An instruction under this provision to begin or continue, refrain from, or stop prosecution must be in writing and accompanied by a justification. Furthermore, the Speaker of the Folketing [Danish parliament] must be notified in writing of the instruction. If the considerations mentioned in Section 729 c, subsection 1, make it necessary, the notification may be postponed. The instruction is considered, in relation to access to documents under Sections 729 a-d, as material the police have obtained for the case.

*Subsection 4.* The Minister for Justice will handle complaints about decisions taken by the Director of Public Prosecutions as first instance, cf. however, the provision in Section 1018 e, Subsection 4.

## § 104.

Politidirektørerne og de offentlige anklagere, der er ansat hos disse, samt andre ansatte, der bemyndiges hertil, varetager udførelsen af straffesager ved byretterne jf. dog § 101, stk. 1, og § 103, stk. 2. Statsadvokaten kan i særlige tilfælde bestemme, at udførelsen af en straffesag, der behandles ved byretten under medvirken af nævninger eller under medvirken af domsmænd som følge af tiltaltes beslutning efter § 687, skal varetages af statsadvokaten.

*Stk. 2.* Rigsadvokaten kan bemyndige også andre til at virke som anklager ved byretten i en enkelt sag.

*Stk. 3.* Statsadvokaten kan pålægge en politidirektør at overtage behandlingen af en eller flere sager, der henhører under en anden politidirektør.

## Section 104.

The chiefs of police and the public prosecutors employed by them, as well as other employees authorized to do so, carry out criminal proceedings before the district courts, cf. however, section 101, subsection 1, and section 103, subsection 2. In special cases, the State Prosecutor may decide that the conduct of a criminal case dealt with by the District Court with the assistance of jury or with the assistance of judges as a result of the defendant's decision under section 687, shall be handled by the State Prosecutor.

*Subsection 2.* The Director of Public Prosecutions may also authorize others to act as prosecutors before the District Court in a single case.

*Subsection 3.* The State Prosecutor may order a chief of police to take over the handling of one or more cases that fall under another chief of police.

## § 110.

Landet inddeles i 12 politikredse. Justitsministeren kan foretage forandringer i politikredsenes område, medmindre forandringen indebærer oprettelse eller nedlæggelse af en politikreds.

*Stk. 2.* Hver politikreds ledes af en politidirektør, der har ansvar for politiets virksomhed i politikredsen.

## Section 110.

The country is divided into 12 police districts. The Minister of Justice may make changes in the police districts' area, unless the change involves the establishment or abolition of a police district.

*Subsection 2.* Each police district is led by a chief of police who is responsible for the police's activities in the police district.

## § 110 a.

National Enhed for Særlig Kriminalitet varetager for hele landet efterforskningen og strafforfølgningen af forbrydelser, hvor der er grund til at antage, at overtrædelsen har et særlig betydeligt omfang, er et led i organiseret kriminalitet, indebærer komplekst samarbejde med udenlandske retshåndhævende myndigheder, er udført ved anvendelse af særegne metoder eller på anden måde er af særlig kvalificeret karakter. Sager efter straffelovens § 110 c anses for omfattet af 1. pkt., medmindre sagen behandles af Politiets Efterretningstjeneste.

*Stk. 2.* National Enhed for Særlig Kriminalitet ledes af en politidirektør, der har ansvar for enhedens virksomhed.

3

*Stk. 3.* Justitsministeren kan fastsætte nærmere regler om, hvilke kriminalitetsområder der er omfattet af stk. 1.

### Section 110 a.

The National Special Crime Unit carries out the investigation and prosecution of crimes for the entire country where there is reason to believe that the violation has a particularly significant scope, is part of organized crime, involves complex cooperation with foreign law enforcement authorities, is carried out using special methods or is otherwise of a particularly qualified nature. Cases under Section 110 c of the Criminal Code are considered covered by the first subsection, unless the case is processed by the Danish Police Intelligence Service.

*Subsection 2.* The National Special Crime Unit is led by a chief of police responsible for the entity's business.

*Subsection 3.* The Minister of Justice may lay down detailed rules on which crime areas are covered by subsection 1.

### § 686.

Straffesager behandles i 1. instans ved byretterne.

*Stk. 2.* Domsmænd medvirker i straffesager, hvor der bliver spørgsmål om højere straf end bøde, eller som i øvrigt skønnes at være af særlig indgribende betydning for tiltalte eller af særlig offentlig interesse, medmindre andet følger af stk. 3 og 4. Domsmænd medvirker endvidere, hvis sådan behandling er foreskrevet efter regler i andre love.

### Section 686.

Criminal proceedings are dealt with in the first instance before the district courts.

*Subsection 2.* Lay judges shall participate in criminal proceedings in which a penalty greater than a fine is involved or which are otherwise deemed to be of particular seriousness for the defendant or of particular public interest, unless otherwise provided in Subsections 3 and 4. Lay judges also participate if such proceedings are prescribed by rules in other laws.

### § 718.

Retterne træder inden for strafferetsplejens område kun i virksomhed efter begæring af anklagemyndigheden eller en privat påtaleberettiget.

### Section 718.

In the field of criminal procedure, the courts shall act only at the request of the public prosecutor or a private prosecutor.

### § 719.

Offentlig påtale tilkommer politidirektøren, medmindre andet følger af denne lov eller regler fastsat i medfør af denne lov.

*Stk. 2.* Statsadvokaten påtaler ankesager ved landsret.

*Stk. 3.* Justitsministeren eller den, som justitsministeren bemyndiger dertil, fastsætter i øvrigt nærmere regler om påtalens fordeling mellem rigsadvokaten, statsadvokaterne og politidirektørerne.

**Section 719.**

Public prosecution shall be accorded to the chiefs of police, unless otherwise provided for by this Act or rules established pursuant to this Act.

*Subsection 2.* The State Prosecutor prosecutes appeals at the High Court.

*Subsection 3 .*The Minister for Justice or the person authorized by the Minister of Justice shall also lay down detailed rules on the distribution of prosecutions between the Director of Public Prosecutions, the State Prosecutors and the chiefs of police.


**§ 721.**

Påtale i en sag kan helt eller delvis opgives i tilfælde,

1) hvor sigtelsen har vist sig grundløs,

2) hvor videre forfølgning i øvrigt ikke kan ventes at føre til, at sigtede findes skyldig,

3) hvor straffelovens §§ 10 b eller 89 ville være anvendelig, hvis sigtede var at finde skyldig, når det skønnes, at ingen eller kun en ubetydelig straf ville blive idømt, og at domfældelse heller ikke i øvrigt vil være af væsentlig betydning, eller

4) hvor sagens gennemførelse vil medføre vanskeligheder, omkostninger eller behandlingstider, som ikke står i rimeligt forhold til sagens betydning og den straf, som i givet fald kan forventes idømt.

*Stk. 2.* Justitsministeren eller den, som justitsministeren bemyndiger dertil, fastsætter nærmere regler om kompetencen til at opgive påtale.


**Section 721.**

Prosecution in a case can be completely or partially abandoned in cases

1) where the charge has proved unfounded,

2) where further prosecution, moreover, cannot be expected to lead to the accused being found guilty,

3) where Criminal Code Sections 10 b or 89 would be applicable if the accused were to be found guilty, when it is estimated that no or only a negligible penalty would be imposed and that conviction would not be of significant importance either, or

4) where the conduct of the case would entail difficulties, costs, or processing times that are not reasonably proportionate to the significance of the case and the penalty that can be expected to be imposed.

*Subsection 2.* The Minister of Justice or the person authorized by the Minister of Justice shall lay down detailed rules on the power waive prosecution.


**§ 722.**

Tiltale i en sag kan helt eller delvis frafaldes i tilfælde,

1) hvor den påsigtede lovovertrædelse efter loven ikke kan medføre højere straf end bøde og forholdet er af ringe strafværdighed,

2) hvor det i medfør af § 723, stk. 1, fastsættes som vilkår, at sigtede undergives indsatser efter § 32 og kapitel 5 i barnets lov,

3) hvor sigtede var under 18 år på gerningstidspunktet, og der fastsættes vilkår efter § 723, stk. 1,

4) hvor straffelovens § 10 b eller § 89 er anvendelig, når det skønnes, at ingen eller kun en ubetydelig straf ville blive idømt, og at domfældelse heller ikke i øvrigt vil være af væsentlig betydning,

5) hvor sagens gennemførelse vil medføre vanskeligheder, omkostninger eller behandlingstider, som ikke står i rimeligt forhold til sagens betydning og den straf, som i givet fald kan forventes idømt,

6) hvor lovgivningen indeholder særlig hjemmel for, at tiltale kan frafaldes, eller

7) hvor dette følger af bestemmelser fastsat af justitsministeren eller rigsadvokaten.

*Stk. 2.* I andre tilfælde kan tiltale kun frafaldes, hvis der foreligger særlig formildende omstændigheder eller andre særlige forhold, og påtale ikke kan anses for påkrævet af almene hensyn.

*Stk. 3.* Justitsministeren eller den, som justitsministeren bemyndiger dertil, fastsætter nærmere regler om kompetencen til at frafalde tiltale.

## Section 722.

Indictments in a case may be waived in whole or in part in cases

1) where the alleged offense is not punishable by law by more than a fine and the offense is of low severity,

2) where, pursuant to Section 723, subsection 1, it is stipulated as a condition that the accused is subject to measures under Section 32 and Chapter 5 of the Children's Act,

3) where the accused was under 18 years of age at the time of the crime, and conditions are established in accordance with section 723, subsection 1,

4) where the Criminal Code Section 10 b or Section 89 is applicable, when it is estimated that no or only an insignificant penalty would be imposed, and that conviction would not be of significant importance either,

5) where the conduct of the case would entail difficulties, costs, or processing times that are not reasonably proportionate to the significance of the case and the penalty that can be expected to be imposed,

6) where the legislation contains special legal basis for the indictment to be waived, or

7) where this follows from provisions laid down by the Minister of Justice or the Director of Public Prosecutions.

*Subsection 2.* In other cases, charges may only be waived if there are special mitigating circumstances or other special conditions and prosecution cannot be considered necessary for public reasons.

*Subsection 3.* The Minister for Justice or the person authorized by the Minister of Justice shall lay down detailed rules on the jurisdiction to waive charges.

## § 723.

Som vilkår for et tiltalefrafald kan fastsættes,

1) at sigtede vedtager at betale en bøde eller indgår på konfiskation, og

2) samme vilkår som i betingede domme.

*Stk. 2.* Vilkår kan kun fastsættes, såfremt den sigtede i retten har afgivet en uforbeholden tilståelse, hvis rigtighed bestyrkes ved de i øvrigt foreliggende omstændigheder.

*Stk. 3.* Vilkårene fastsættes af den myndighed, der har adgang til at frafalde tiltalen. Vilkårene skal godkendes af retten.

*Stk. 4.* Såfremt et vilkår overtrædes, kan sagen genoptages.

### Section 723.

As conditions for a waiver, it may be established

1) that the defendant should undertake to pay a fine or agrees to confiscation, and

2) that the same terms as in conditional judgments should apply.

*Subsection 2.* Terms may only be determined if the defendant in court has made an unreserved confession, the accuracy of which is strengthened by the circumstances at hand.

*Subsection 3.* The terms shall be determined by the authority that has access to waive the charge. The terms must be approved by the court.

*Subsection 4.* If a term is violated, the case can be resumed.

### § 724.

Ved afgørelse om påtaleopgivelse eller tiltalefrafald underrettes sigtede, forurettede eller, hvis forurettede er afgået ved døden, forurettedes nære pårørende. Det samme gælder andre, der må antages at have en rimelig interesse heri. En afgørelse om påtaleopgivelse kan påklages til den overordnede anklagemyndighed efter reglerne i kapitel 10. Sigtede kan efter samme regler klage over en afgørelse om tiltalefrafald.

*Stk. 2.* Er der truffet afgørelse om påtaleopgivelse eller tiltalefrafald, kan strafforfølgning mod den, der har været sigtet, kun fortsættes efter den overordnede anklagemyndigheds bestemmelse, hvis afgørelsen er meddelt den pågældende med Digital Post eller med anbefalet brev inden 4 måneder fra afgørelsens dato, medmindre sigtedes forhold har hindret rettidig meddelelse eller betingelserne for genoptagelse efter § 975 er til stede.

*Stk. 3.* Anses påtale for opgivet efter § 718 b, stk. 2 eller 3, kan den overordnede anklagemyndighed uanset stk. 2 kun træffe bestemmelse om, at strafforfølgning skal fortsættes, hvis betingelserne for genoptagelse i § 975 er opfyldt.

### Section 724.

In the event of a decision to drop or dismiss charges, the defendant, the injured party or, if the injured party is deceased, the injured party's close relatives are informed. The same applies to others who may be assumed to have a reasonable interest in it. A decision on a waiver may be appealed to the superior prosecuting authority in accordance with the rules laid down in Chapter 10. Under the same rules, defendants may appeal against a decision on a waiver of charges.

*Subsection 2.* If a decision has been made to drop or dismiss charges, criminal prosecution against the person who has been charged may only be continued in accordance with the superior prosecution authority's provision, if the decision has been notified to the person in question by Digital Post or by registered letter within 4 months from the date of the decision, unless the defendant's circumstances have prevented timely notification or the conditions for resumption under section 975 are present.

*Subsection 3.* If the prosecution is considered abandoned under section 718 b, subsection 2 or 3, the chief public prosecutor may, notwithstanding subsection 2, only decide that the prosecution is to be continued if the conditions for resumption in section 975 are met.

## § 729.

Under ordet »part«, hvor dette i denne lov anvendes i bestemmelser, der ikke særlig angår borgerlige sager, skal også den sigtede i en straffesag anses for indbefattet.

## Section 729.

Under the word "party", where this is used in provisions that do not concern civil proceedings in particular, the accused person in criminal proceedings shall also be considered included.

## § 729 a.

Sigtede er berettiget til at vælge en forsvarer, jf. § 730. Offentlig forsvarer beskikkes efter reglerne i §§ 731-735.

*Stk. 2.* Retten meddeler forsvareren kopi af indførsler i retsbøgerne vedrørende sagen. Forsvareren kan gøre sigtede bekendt med kopierne, medmindre andet følger af §§ 748 og 856. Retten kan pålægge forsvareren ikke at overlevere kopierne til sigtede eller andre, hvis det må befrygtes, at kopierne vil blive benyttet på retsstridig måde.

*Stk. 3.* Forsvareren har adgang til at gøre sig bekendt med det materiale, som politiet har tilvejebragt til brug for den sag, som sigtelsen angår. Forsvareren skal have udleveret kopi af materialet, i det omfang det uden ulempe kan kopieres. Forsvareren må ikke uden politiets samtykke overlevere det modtagne materiale til sigtede eller andre. Politiet giver samtykke, hvis det findes ubetænkeligt. Med hensyn til materiale, der er omfattet af § 871, stk. 1 og stk. 2, nr. 5, kan samtykke dog kun nægtes af de i stk. 4 nævnte grunde.

*Stk. 4.* Hvis det er nødvendigt af hensyn til fremmede magter, til statens sikkerhed, til sagens opklaring, til tredjemand, herunder til et vidnes sikkerhed, eller til efterforskningen af en anden verserende sag om en lovovertrædelse, som efter loven kan straffes med fængsel i 6 år eller derover, eller som udgør en forsætlig overtrædelse af straffelovens kapitler 12 eller 13, kan politiet give forsvareren pålæg om ikke at videregive de oplysninger, som forsvareren har modtaget fra politiet. Pålægget kan udstrækkes, indtil tiltalte har afgivet forklaring under hovedforhandlingen.

## Section 729 a.

The accused is entitled to choose a defense counsel, cf. Section 730. Public defender appointed in accordance with the rules laid down in Sections 731-735.

*Subsection 2.* The court shall notify the defense counsel of a copy of entries in the court records concerning the case. The defense counsel may make the defendant aware of the copies, unless otherwise specified by Sections 748 and 856. The court may order the defense counsel not to hand over the copies to the accused or others if it is feared that the copies will be used unlawfully.

*Subsection 3.* The defense counsel has access to familiarize themselves with the material that the police has provided for use in the case that the prosecution concerns. The defense counsel must be given a copy of the material to the extent that it can be copied without inconvenience. The defense counsel must not hand over the received material to the defendant or any others without the consent of the police. The police will give consent if it is considered harmless. However, with regard to materials covered by section 871, subsection 1 and subsection 2, no. 5, consent may only be denied for the reasons referred to in subsection 4.

*Subsection 4.* If it is necessary for the sake of foreign powers, for the security of the state, for the resolution of the case, to third parties, including for the safety of a witness, or for the investigation of another pending case of an offense, which under the law can be punished by imprisonment for 6 years or more, or which constitutes an intentional violation of chapters 12 or 13 of the Criminal Code, the police may order the defense counsel not to disclose the information received from the police. The order can be extended until the defendant has given an explanation during the main hearing.

### § 729 b.

En sigtet uden forsvarer skal efter anmodning have adgang til hos politiet at gøre sig bekendt med indførsler i retsbøgerne vedrørende sagen, medmindre andet følger af §§ 748 og 856. Politiet udleverer efter anmodning kopi af indførslerne til sigtede, medmindre det må befrygtes, at kopierne vil blive benyttet på retsstridig måde.

*Stk. 2.* En sigtet uden forsvarer skal endvidere efter anmodning have adgang til at gøre sig bekendt med det materiale, som politiet har tilvejebragt til brug for den sag, som sigtelsen angår. Politiet kan dog afslå anmodningen af de i § 729 a, stk. 4, nævnte grunde. En begrænsning i sigtedes aktindsigt bortfalder senest inden hovedforhandlingen eller et retsmøde med henblik på sagens behandling i medfør af § 831 eller sagens afslutning ved tiltalefrafald. Politiet udleverer efter anmodning kopi af materialet til sigtede, hvis det findes ubetænkeligt. Med hensyn til materiale, der er omfattet af § 871, stk. 1 og stk. 2, nr. 5, kan udlevering dog kun nægtes af de i § 729 a, stk. 4, nævnte grunde.

### Section 729 b.

An accused without a defense counsel shall, upon request, have access via the police to familiarize themselves with entries in the legal books concerning the case, unless otherwise provided for in Sections 748 and 856. Upon request, the police shall provide copies of the entries to the accused, unless it is feared that the copies will be used in an unlawful manner.

*Subsection 2.* A defendant without a defense counsel shall also, upon request, have access to familiarize themselves with the material that the police have provided for use in the case to which the charge relates. However, the police may refuse the request for the reasons referred to in section 729 a, subsection 4. A restriction on the defendant's access to documents lapses no later than before the main hearing or a hearing about the case's processing pursuant to Section 831 or case closure by dismissal of charges. Upon request, the police will provide a copy of the material to the defendant if it considered harmless. However, with regard to materials covered by section 871, subsection 1 and subsection 2, no. 5, consent may only be denied for the reasons referred to in Section 729 subsection 4.

### § 729 c.

Retten kan efter anmodning fra politiet bestemme, at reglerne om forsvarerens og sigtedes ret til aktindsigt efter §§ 729 a og 729 b fraviges, hvis det er påkrævet af hensyn til

1) fremmede magter,
2) statens sikkerhed,
3) sagens opklaring,
4) tredjemands liv eller helbred,

5) efterforskning af en anden verserende sag om en lovovertrædelse, som efter loven kan straffes med fængsel i 6 år eller derover, eller som udgør en forsætlig overtrædelse af straffelovens kapitler 12 eller 13, eller

6) beskyttelse af fortrolige oplysninger om politiets efterforskningsmetoder.

*Stk. 2.* Afgørelse efter stk. 1 kan ikke træffes, hvis det giver anledning til væsentlige betænkeligheder for varetagelsen af sigtedes forsvar.

*Stk. 3.* Gør hensyn som nævnt i stk. 1 sig kun gældende for en del af materialet, skal forsvareren eller sigtede gøres bekendt med det øvrige indhold af materialet.

*Stk. 4.* Afgørelsen træffes ved kendelse. I kendelsen anføres de konkrete omstændigheder i sagen, der begrunder en fravigelse fra §§ 729 a og 729 b. Træffer retten afgørelse om, at fravigelsen skal gælde indtil videre, skal retten på ny vurdere fravigelsen, før hovedforhandlingen indledes. Træffer retten afgørelse om, at fravigelsen skal gælde i et nærmere fastsat tidsrum, kan afgørelsen forlænges ved senere kendelse. Rettens afgørelse kan kæres.

*Stk. 5.* Inden retten træffer afgørelse, skal der beskikkes en advokat for sigtede, og advokaten skal have lejlighed til at udtale sig. Advokaten beskikkes fra den særlige kreds af advokater, der er nævnt i stk. 6. Advokaten skal underrettes om alle retsmøder, der afholdes med henblik på at opnå rettens kendelse om fravigelse fra §§ 729 a og 729 b, og er berettiget til at overvære disse samt til at gøre sig bekendt med det materiale, som politiet har tilvejebragt til brug for den sag, som sigtelsen angår. § 785, stk. 1, 2.-5. pkt., og stk. 2, finder tilsvarende anvendelse.

*Stk. 6.* Justitsministeren antager for hver landsrets område et antal advokater, der kan beskikkes efter stk. 5. Justitsministeren fastsætter nærmere regler om de pågældende advokater, herunder om vagtordninger, om vederlag for at stå til rådighed og om sikkerhedsmæssige spørgsmål.

**Section 729 c.**

The court may, at the request of the police, decide that the rules on the defense counsel's and accused's right of access to documents pursuant to Sections 729 a and 729 b are waived if required out of consideration for

1) foreign powers,

2) national security,

3) the resolution of the case,

4) the life or health of third parties,

5) investigation of another pending case of an offense, which under the law can be punished by imprisonment for 6 years or more, or which constitutes a willful violation of Penal Code chapters 12 or 13, or

6) protection of confidential information about police investigation methods.

*Subsection 2.* No decision in accordance with subsection 1 can be made if it gives rise to significant concerns for the conduct of the accused's defense.

*Subsection 3.* If the considerations referred to in subsection 1 only apply to a part of the material, the defense counsel or defendant must be made aware of the other contents of the material.

*Subsection 4.* The decision is made by order. The ruling states the specific circumstances of the case that justify a derogation from Sections 729 a and 729 b. If the court decides that the derogation shall apply until further notice, the court shall reassess the derogation before the main hearing commences. If the court decides that the derogation shall apply for a specifically

determined period of time, the decision may be extended by subsequent order. The court's decision may be appealed.

*Subsection 5.* Before the court makes a decision, a lawyer must be appointed for the defendant, and the lawyer must have the opportunity to comment. The lawyer shall be appointed from the specific circle of lawyers referred to in subsection 6. The lawyer must be informed of all hearings held in order to obtain the court's order on derogation from Sections 729 a and 729 b, and is entitled to attend these as well as to familiarize themselves with the material that the police have provided for use in the case to which the charge relates. Section 785, subsection 1, items 2-5, and subsection 2, shall apply mutatis mutandis.

*Subsection 6.* The Minister of Justice assumes for each High Court area a number of lawyers who can be appointed in accordance with subsection 5. The Minister of Justice shall lay down detailed rules on the lawyers concerned, including regarding on-call arrangements, remuneration for being available and security issues.

## § 729 d.

Når sagen er endeligt afsluttet, kan den, der har været sigtet, forlange at blive gjort bekendt med dokumenter, der vedrører sagen, herunder indførsler i retsbøgerne, efter reglerne i denne paragraf.

*Stk. 2.* Retten til aktindsigt omfatter ikke interne dokumenter. Som interne dokumenter anses

1) dokumenter, der ikke er afgivet til udenforstående,

2) voteringsprotokoller og andre referater af rettens rådslagninger og afstemninger og

3) brevveksling mellem forskellige enheder inden for politiet og anklagemyndigheden.

*Stk. 3.* Dokumenter omfattet af stk. 2, der afgives til udenforstående, mister deres interne karakter, medmindre afgivelsen sker af retlige grunde, til forskningsmæssig brug eller af andre lignende grunde.

*Stk. 4.* Retten til aktindsigt kan begrænses, i det omfang

1) ansøgeren efter reglerne i denne lovs anden og fjerde bog har været afskåret fra at gøre sig bekendt med oplysninger i sagen,

2) det er af afgørende betydning for statens sikkerhed, medmindre ansøgerens interesse i at kunne benytte kendskab til sagens dokumenter til varetagelse af sit tarv taler imod,

3) fortrolighed følger af EU-retlige eller folkeretlige forpligtelser,

4) ansøgerens interesse i at kunne benytte kendskab til sagens dokumenter til varetagelse af sit tarv findes at burde vige for afgørende hensyn til forholdet til fremmede magter eller mellemfolkelige institutioner eller

5) ansøgerens interesse i at kunne benytte kendskab til sagens dokumenter til varetagelse af sit tarv findes at burde vige for hensynet til forebyggelse, opklaring og forfølgning af lovovertrædelser eller for særlige hensyn til beskyttelse af medsigtede, vidner eller andre.

*Stk. 5.* Anmodning om aktindsigt indgives til politidirektøren. Politidirektørens afgørelse kan påklages til den overordnede anklagemyndighed efter reglerne i kapitel 10.

*Stk. 6.* Politidirektøren afgør snarest, om en anmodning om aktindsigt kan imødekommes. En anmodning om aktindsigt skal færdigbehandles inden 7 arbejdsdage efter modtagelsen, medmindre dette på grund af f.eks. sagens omfang eller kompleksitet undtagelsesvis ikke er muligt. Ansøgeren skal i givet fald underrettes om grunden til fristoverskridelsen og om, hvornår anmodningen kan forventes færdigbehandlet.

*Stk. 7.* Politidirektøren afgør, om aktindsigt skal gives i form af gennemsyn eller udlevering af kopi.

*Stk. 8.* Personnummer er ikke omfattet af retten til aktindsigt.

**Section 729 d.**

Once the case has been finally closed, the accused may require to be made aware of documents relating to the case, including entries in the legal records, in accordance with the rules laid down in this section.

*Subsection 2.* The right of access to documents does not include internal documents. Internal documents are considered as

1) documents that have not been submitted to outsiders,

2) voting protocols and other minutes of the court's consultations and votes and

3) exchange of letters between various units within the police and the prosecution.

*Subsection 3.* Documents covered by subsection 2 that are submitted to outsiders lose their internal character, unless the submission is for legal reasons, for research use or for other similar reasons.

*Subsection 4.* The right of access to documents may be limited to the extent that

1) the applicant, under the rules of this law's second and fourth book, has been prevented from familiarizing himself with information in the case,

2) it is essential for national security, unless the applicant's interest in being able to use knowledge of the documents of the case to safeguard their interests dictates otherwise,

3) confidentiality follows from EU or international law obligations,

4) the applicant's interest in being able to use knowledge of the documents in the case to safeguard his or her interests is deemed to outweigh essential considerations of relations with foreign powers or international institutions; or

5) the applicant's interest in being able to use knowledge of the documents of the case for the protection of its best interests is deemed to outweigh the interests of prevention, resolution and prosecution of offenses or for special reasons for the protection of intentions, witnesses or others.

*Subsection 5.* A request for access to documents shall be submitted to the chief of police. The chief of police's decision may be appealed to the superior public prosecutor's office in accordance with the rules laid down in Chapter 10.

*Subsection 6.* The chief of police will decide as soon as possible whether a request for access to documents can be granted. A request for access to documents must be finalized within 7 working days of receipt, unless this is exceptionally not possible due to, for example, the scope or complexity of the case. The applicant shall, where appropriate, be informed of the reason for missing the deadline and of when the request can be expected to be finalized.

*Subsection 7.* The chief of police determines whether access to documents should be given in the form of a review or distribution of copies.

*Subsection 8.* Civil registration numbers are not covered by the right of access to documents.

**§ 747.**

Retsmøde afholdes, når der fremsættes anmodning om foranstaltninger, som kræver rettens medvirken.

*Stk. 2.* Efter anmodning afholdes endvidere retsmøde, når det er påkrævet for at sikre bevis, som

1) det ellers må befrygtes vil gå tabt,

2) ikke uden væsentlig ulempe eller forsinkelse vil kunne føres for den dømmende ret eller

3) må antages at være af betydning for efterforskningen eller af hensyn til en offentlig interesse.

*Stk. 3.* Retsmøde med henblik på at sikre bevis kan endvidere afholdes efter anmodning, hvis

1) sigtede er varetægtsfængslet, herunder i isolation,

2) sikringen af bevis vil kunne få betydning for spørgsmålet om varetægtsfængslingens eller isolationens ophævelse og

3) væsentlige praktiske hensyn ikke taler imod.

*Stk. 4.* Imødekommer retten en anmodning efter stk. 3, skal retsmødet afholdes snarest og så vidt muligt inden for 2 uger fra rettens modtagelse af anmodningen. Det samme gælder en anmodning efter stk. 2, hvis anmodningen indeholder begæring herom.

**Section 747.**

A hearing is held when a request is made for measures requiring the participation of the court.

*Subsection 2.* On request, a hearing shall also be held when required to secure evidence that

1) otherwise is feared may be lost,

2) not without significant disadvantage or delay can be brought before the court of judgment or

3) may be assumed to be of importance to the investigation or for the sake of a public interest.

*Subsection 3.* A hearing with a view to securing evidence may also be held upon request, if

1) defendants are in custody, including in isolation,

2) the securing of evidence could have an impact on the issue of the termination of custody or isolation and

3) significant practical considerations do not indicate otherwise.

*Subsection 4.* If the court meets a request in accordance with subsection 3, the hearing must be held as soon as possible and, as far as possible, within 2 weeks of the court's receipt of the request. The same shall apply to a request under subsection 2, if the request contains an application to this effect.

**§ 749.**

Politiet afviser en indgivet anmeldelse, hvis der ikke findes grundlag for at indlede efterforskning.

*Stk. 2.* Er der ikke grundlag for at fortsætte en påbegyndt efterforskning, kan beslutningen om at indstille efterforskningen træffes af politiet, såfremt der ikke har været rejst sigtelse. Er sigtelse rejst, finder bestemmelserne i § 721 og § 722 anvendelse.

*Stk. 3.* Afvises anmeldelsen, eller indstilles efterforskningen, underrettes den forurettede eller, hvis den forurettede er afgået ved døden, den forurettedes nære pårørende. Det samme gælder andre, der må antages at have en rimelig interesse heri. Afgørelsen kan påklages til den overordnede anklagemyndighed efter reglerne i kapitel 10.

**Section 749.**

The police will reject a submitted report if there is no basis for initiating an investigation.

*Subsection 2.* If there is no basis for continuing an ongoing investigation, the decision to discontinue the investigation can be made by the police if no charges have been brought. If the charge has been raised, the provisions of Section 721 and Section 722 apply.

*Subsection 3.* If the report is rejected or the investigation is discontinued, the victim or, if the victim is deceased, the victim's close relatives shall be informed. The same applies to others who may be assumed to have a reasonable interest in it. The decision may be appealed to the superior public prosecutor's office in accordance with the rules laid down in Chapter 10.

**§ 752.**

Inden politiet afhører en sigtet, skal han udtrykkeligt gøres bekendt med sigtelsen og med, at han ikke er forpligtet til at udtale sig. Det skal af rapporten fremgå, at disse regler er iagttaget.

*Stk. 2.* Justitsministeren fastsætter regler om, i hvilke tilfælde kommunalbestyrelsen skal underrettes om og have adgang til at overvære afhøringen af sigtede under 18 år. For mistænkte personer under 15 år gælder bestemmelsen i § 821 d.

*Stk. 3.* Spørgsmål til en sigtet må ikke stilles således, at noget, der er benægtet eller ikke erkendt, forudsættes tilstået. Løfter, urigtige foregivender eller trusler må ikke anvendes.

*Stk. 4.* Afhøringen må ikke forlænges alene for at opnå en tilståelse. Ved afhøringer, der ikke er ganske kortvarige, anføres i rapporten tidspunkterne for afhøringens begyndelse og afslutning.

*Stk. 5.* Sigtede må ikke rådføre sig med sin forsvarer eller andre angående den umiddelbare besvarelse af et stillet spørgsmål.

**Section 752.**

Before the police interrogate an accused person, he must be explicitly made aware of the charge and that he is not obliged to make a statement. The report must state that these rules have been observed.

*Subsection 2.* The Minister for Justice shall lay down rules on the cases in which the Municipal Council must be informed of and have access to attend the questioning of the defendant under 18 years of age. For suspected persons under 15 years of age, the provision in Section 821 d applies.

*Subsection 3.* Questions to a defendant must not be made in a way that anything denied or not admitted is assumed to be confessed. Promises, false pretenses or threats must not be used.

*Subsection 4.* The questioning must not be extended for the sole purpose of obtaining a confession. For questionings that are not relatively brief, the report shall state the dates and times of the commencement and termination of the questioning.

*Subsection 5.* The defendant may not consult with their defense counsel or others regarding the immediate answer to a question asked.

**§ 802.**

Genstande, som en mistænkt har rådighed over, kan beslaglægges, såfremt

1) den pågældende med rimelig grund er mistænkt for en lovovertrædelse, der er undergivet offentlig påtale, og

2) der er grund til at antage, at genstanden kan tjene som bevis eller bør konfiskeres, jf. dog stk. 2, eller ved lovovertrædelsen er fravendt nogen, som kan kræve den tilbage.

*Stk. 2.* Gods, som en mistænkt ejer, kan beslaglægges, såfremt

1) den pågældende med rimelig grund er mistænkt for en lovovertrædelse, der er undergivet offentlig påtale, og

2) beslaglæggelse anses for nødvendig for at sikre

a) det offentliges krav på sagsomkostninger, krav på konfiskation efter straffelovens § 75, stk. 1, 1. pkt., 2. led, og 2. pkt., og stk. 3, § 76 a, stk. 5, og § 77 a, 2. pkt., bødekrav eller forurettedes krav på erstatning i sagen eller

b) krav, der er under inddrivelse hos restanceinddrivelsesmyndigheden, uanset om gælden har tilknytning til den sag, som mistanken angår.


**Section 802.**

Items available to a suspect may be seized if

1) the person concerned is reasonably suspected of an offense that is subject to public prosecution, and

2) there is reason to believe that the object may serve as evidence or should be confiscated, cf. subsection 2, or the offense has deprived someone who can reclaim it.

*Section 2.* Goods, as a suspected owner, may be seized if

1) the person concerned is reasonably suspected of an offense that is subject to public prosecution, and

2) seizure is considered necessary to ensure

a) the public's claim to legal costs, claim to confiscation under the Danish Criminal Code Section 75, subsection 1, item 1, 2nd point, item 2, and item 2, and subsection 3, Section 76 a, subsection 5, and Section 77 a, item 2, fine claims or the injured party's claim to compensation in the case or

b) claims being recovered by the debt recovery authority, irrespective of whether the debt is related to the case to which the suspicion concerns.


**§ 834.**

Anklagemyndigheden rejser tiltale ved et anklageskrift, som skal indeholde

1) navnet på den ret, ved hvilken sagen anlægges,

2) tiltaltes navn og adresse samt så vidt muligt personnummer eller lignende og

3) oplysninger om det forhold, der rejses tiltale for.

*Stk. 2.* Oplysninger efter stk. 1, nr. 3, skal omfatte

1) den regel, der påstås overtrådt, og forbrydelsens kendetegn, som de fremgår af reglen,

2) forbrydelsens navn, hvis loven indeholder angivelse heraf,

3) straffehjemmelen,

4) en kort beskrivelse af det forhold, der rejses tiltale for, med sådan angivelse af tid, sted, genstand, udførelsesmåde og andre nærmere omstændigheder, som er nødvendig for en tilstrækkelig og tydelig beskrivelse, og

5) i givet fald de strafforhøjelses- eller strafnedsættelsesgrunde, der vil blive påberåbt.

*Stk. 3.* Alternativt, herunder subsidiær, tiltale er tilladt.

*Stk. 4.* Anklageskriftet må ikke indeholde en fortegnelse over beviser, der agtes ført, eller en redegørelse for sagens retlige spørgsmål.

## Section 834.

The Prosecutor's Office charges an indictment, which must contain

1) the name of the court before which the case is brought,

2) the defendant's name and address as well as, where possible, the civil registration number or similar and

3) information about the circumstances for which charges are brought.

*Subsection 2.* Information in accordance with subsection 1, no. 3, shall include

1) the rule that has allegedly been violated and the characteristics of the crime as they appear in the rule,

2) the name of the crime, if the law contains indication thereof,

3) the criminal offense,

4) a brief description of the fact that is brought to trial, with such indication of the time, place, object, mode of execution and other specific circumstances necessary for a sufficient and clear description; and

5) where appropriate, the grounds for punishment or reduction of sentences that will be invoked.

*Subsection 3.* Alternative, including subsidiary, charges are permitted.

*Subsection 4.* The indictment must not contain a record of evidence intended to be kept or an account of the legal issues of the case.

## § 835.

Anklagemyndigheden indleverer anklageskriftet til retten. Ved indleveringen er straffesagen indledt ved retten.

*Stk. 2.* Anklagemyndigheden sender kopi af anklageskriftet til tiltalte straks efter indledning af sagen. Retten skal senest samtidig med forkyndelse af indkaldelse, jf. § 844, stk. 2, forkynde kopi af anklageskriftet for den pågældende.

*Stk. 3.* Anklagemyndigheden eller retten sender kopi af anklageskriftet til forsvareren straks efter indledning af sagen, eller så snart forsvareren er beskikket for tiltalte.

## Section 835.

The prosecutor submits the indictment to the court. At the time of submission, the criminal proceedings have been initiated in court.

*Subsection 2.* The prosecution will send a copy of the indictment to the defendant immediately after the case opens. The court must, no later than at the same time as the service of the summons, cf. section 844, subsection 2, serve a copy of the indictment for the person concerned.

*Subsection 3.* The Prosecutor's Office or the Court shall send a copy of the indictment to the defense counsel immediately after the commencement of the proceedings or as soon as the defense counsel is appointed to the accused.

### § 881.

Ved afstemninger har hver dommer og hver domsmand 1 stemme. I sager, der behandles efter § 12, stk. 8, har, hvis undtagelsesvis kun 1 dommer medvirker, denne 2 stemmer. På samme måde har hver domsmand 1½ stemme, hvis der undtagelsesvis kun medvirker 2 domsmænd.

*Stk. 2.* Ved afstemning skal skyldsspørgsmålet sondres fra spørgsmålet om straffen og bringes til afstemning først. Stemmes der særskilt om strafforhøjelses- eller strafnedsættelsesgrunde, bliver stemmerne fra de medlemmer af retten, som har erklæret sig mod tiltaltes skyld, men er forblevet i mindretal, at regne til gunst for tiltalte.

### Section 881.

Each judge and each lay judge have one vote. In cases heard under Section 12(8), if, exceptionally, only one judge participates, he or she shall have two votes. Similarly, each lay judge has 1½ votes if, exceptionally, only two lay judges participate.

*Subsection 2.* When voting, the question of guilt must be separated from the question of the sentence and voted on first. If a separate vote is taken on grounds for increasing or reducing the sentence, the votes of those members of the court who have declared that they do not believe the defendant is guilty but remain in a minority shall be counted in favor of the defendant.

### § 883.

Dommen skal, for så vidt den ikke går ud på sagens afvisning, enten domfælde eller frifinde.

*Stk. 2.* Frifindelse skal ske, når
1) forholdet ikke er undergivet offentlig påtale,
2) forfølgningen opgives,
3) forholdet er forældet eller
4) tiltalte ikke findes skyldig.

*Stk. 3.* Retten kan ikke domfælde for noget forhold, der ikke omfattes af tiltalen.

### Section 883.

Insofar as it is not based on the dismissal of the case, the judge must either rule for conviction or acquittal.

*Subsection 2.* Acquittal must occur when
1) the offense is not subject to public prosecution,
2) the prosecution is abandoned,
3) the offense is time-barred or
4) the defendant is found not guilty.

*Subsection 3.* The court cannot convict for any offense not covered by the indictment.

# PENAL CODE

**§ 50.**
Bøde tilfalder statskassen.
*Stk. 2.* Bøde kan idømmes som tillægsstraf til anden strafart, når tiltalte ved lovovertrædelsen har opnået eller tilsigtet at opnå økonomisk vinding for sig selv eller andre.
*Stk. 3.* Den bødefældte kan ikke kræve bøden betalt eller erstattet af andre.

**Section 50.**
Fines accrue to the Treasury.
*Subsection 2.* Fines may be imposed as additional penalty to another type of penalty when the defendant in the offense has obtained or intended to obtain financial gain for themselves or others.
*Subsection 3.* The fined person cannot demand to have the fine paid or reimbursed by others.

**§ 80.**
Ved straffens fastsættelse skal der under hensyntagen til ensartethed i retsanvendelsen lægges vægt på lovovertrædelsens grovhed og på oplysninger om gerningsmanden.
Stk. 2. Ved vurderingen af lovovertrædelsens grovhed skal der tages hensyn til den med lovovertrædelsen forbundne skade, fare og krænkelse samt til, hvad gerningsmanden indså eller burde have indset herom. Ved vurderingen af oplysninger om gerningsmanden skal der tages hensyn til dennes almindelige personlige og sociale forhold, dennes forhold før og efter gerningen samt dennes bevæggrunde til gerningen.
Stk. 3. Ved vurderingen efter stk. 2 kan det ikke indgå som formildende omstændighed, at gerningen har baggrund i tro, kulturelle forhold el. lign.

**Section 80.**
(1) When determining a sentence, consideration must be given to the gravity of the offence and information on the offender, while ensuring consistency in the application of the law.
(2) When assessing the gravity of the offence, the injury, damage, danger and infringement pertaining to the offence and what the offender realised or should have realised must be taken into account. When assessing information on the offender, his general personal and social circumstances, his situation before and after the act and his motives for committing the act must be taken into account.
(3) When an assessment is made under subsection (2), it cannot be considered a mitigating circumstance that the act was based on religious faith, cultural values or similar.

**§ 82.**
Det skal ved straffens fastsættelse i almindelighed indgå som formildende omstændighed […]
10) at gerningsmanden har givet oplysninger, som er afgørende for opklaringen af strafbare handlinger begået af andre;
11) at gerningsmanden har genoprettet eller søgt at genoprette den skade, der er forvoldt ved den strafbare handling;
[…]

13) at der er gået så lang tid, siden den strafbare handling blev foretaget, at anvendelse af den sædvanlige straf er unødvendig.

**Section 82.**
It should generally be considered a mitigating circumstance during sentencing, […]
(10) that the perpetrator has provided information that is crucial for the clarification of criminal acts committed by others;
(11) that the perpetrator has remedied or attempted to remedy the damage caused by the criminal act;
[…]
(13) that such long time has passed since the criminal act was committed that the imposition of a usual sentence is unnecessary.

**§ 88.**
(1) Har nogen ved en eller flere handlinger begået flere lovovertrædelser, fastsættes der for disse en fælles straf inden for den foreskrevne strafferamme eller, hvis flere strafferammer kommer i betragtning, den strengeste af disse. Under særdeles skærpende omstændigheder kan straffen overstige den højeste for nogen af lovovertrædelserne foreskrevne straf med indtil det halve.

**Section 88.**
(1) If a person has committed several offences by one or more acts, a concurrent sentence for such offences must be imposed within the limits of the prescribed minimum and maximum penalties, or, if several penalty limits may apply, the most severe penalty limit. In highly aggravating circumstances, the penalty can exceed the most severe penalty prescribed for any of the offences by up to half.

**§ 110 f.**
(1) De i dette kapitel omhandlede forbrydelser er i alle tilfælde genstand for offentlig påtale, der sker efter justitsministerens påbud.

**Section 110 f.**
(1) All offences mentioned in this Part are subject to public prosecution to be initiated at the order of the Minister of Justice.

**§ 118 a.**
(1) De i §§ 111-115 og 118 omhandlede forbrydelser er i alle tilfælde genstand for offentlig påtale, der sker efter justitsministerens påbud.

**Section 118 a.**
(1) All offences mentioned in sections 111-115 and 118 are subject to public prosecution, which must be instituted at the order of the Minister of Justice.

**§ 191.**

Den, som i strid med lovgivningen om euforiserende stoffer til et større antal personer eller mod betydeligt vederlag eller under andre særligt skærpende omstændigheder overdrager euforiserende stoffer, straffes med fængsel indtil 10 år. Angår overdragelsen en betydelig mængde særlig farligt eller skadeligt stof, eller har overdragelsen af et sådant stof i øvrigt haft en særligt farlig karakter, kan straffen stige til fængsel i 16 år.

Stk. 2. På samme måde straffes den, der i strid med lovgivningen om euforiserende stoffer indfører, udfører, køber, udleverer, modtager, fremstiller, forarbejder eller besidder sådanne stoffer med forsæt til at overdrage dem som nævnt i stk. 1.

**Section 191.**

(1) Any person who, contrary to the legislation on controlled substances, delivers a controlled substance to multiple individuals or for a significant payment or in other particularly aggravating circumstances is sentenced to imprisonment for a term not exceeding ten years. If the substance delivered is a considerable quantity of a particularly dangerous or harmful substance, or if the delivery transaction has otherwise been of a particularly dangerous nature, the sentence can increase to imprisonment for a term not exceeding 16 years.

(2) The same penalty is imposed on any person who imports, exports, purchases, transfers, receives, produces, processes or possesses any such substance contrary to the legislation on controlled substances with intent to deliver the substance as referred to in subsection (1).

**§ 279.**

(1) For bedrageri straffes den, som, for derigennem at skaffe sig eller andre uberettiget vinding, ved retsstridigt at fremkalde, bestyrke eller udnytte en vildfarelse bestemmer en anden til en handling eller undladelse, hvorved der påføres denne eller nogen, for hvem handlingen eller undladelsen bliver afgørende, et formuetab.

**Section 279.**

(1) A person is guilty of fraud if, by wrongfully creating, confirming or exploiting a mistake to obtain an unlawful gain for himself or others, he induces another person to perform or fail to perform an act and thereby inflicts a property loss on such other person or someone to whom the performance or failure becomes essential.

**§ 286.**

Straffen kan stige til fængsel indtil 6 år, når de i §§ 276, 276 a, 281 og 282 nævnte forbrydelser er af særligt grov beskaffenhed navnlig på grund af udførelsesmåden, eller fordi forbrydelsen er udført af flere i forening eller under medtagelse af våben eller andet farligt redskab eller middel, eller på grund af de stjålne genstandes betydelige værdi eller de forhold, under hvilke de befandt sig, eller fordi der er tale om tyveri begået som led i organiseret indbrudskriminalitet, eller fordi der er tale om systematisk eller organiseret afpresning, eller når et større antal forbrydelser er begået.

Stk. 2. Straffen kan stige til fængsel indtil 8 år, når de i §§ 278-280 og 283 nævnte forbrydelser er af særligt grov beskaffenhed navnlig på grund af udførelsesmåden, eller fordi forbrydelsen er

udført af flere i forening, eller som følge af omfanget af den opnåede eller tilsigtede vinding, eller når et større antal forbrydelser er begået.

**Section 286.**

(1) The sentence can increase to imprisonment for a term not exceeding six years if any of the offences referred to in sections 276, 276 a, 281 and 282 are of a particularly aggravating nature, especially because of the method used or because the offence was committed jointly by several persons or by a person who was armed with a weapon or another dangerous tool or piece of equipment, or because of the significant value of the property stolen or the conditions under which it was kept, or because the theft was a constituent element of organised burglary, or because it was systematic or organised blackmail, or when several offences have been committed.

(2) The sentence can increase to imprisonment for a term not exceeding eight years if any of the offences referred to in sections 278-280 and 283 are of a particularly aggravating nature, especially because of the method used, because the offence was committed jointly by several persons or due to the scope of the gain made or intended, or when several offences have been committed.

**§ 289.**

Med fængsel indtil 8 år straffes den, som for derigennem at skaffe sig eller andre uberettiget vinding gør sig skyldig i overtrædelse af særligt grov karakter af skatte-, told-, afgifts- eller tilskudslovgivningen eller af § 289 a.

Stk. 2. Bestemmelsen i stk. 1 finder kun anvendelse, hvis der i den i stk. 1 nævnte lovgivning er henvist til denne bestemmelse.

Stk. 3. Ved udmåling af tillægsbøde efter § 50, stk. 2, i forbindelse med overtrædelse af stk. 1 skal der lægges vægt på, om forbrydelsen er af særlig grov beskaffenhed navnlig på grund af udførelsesmåden, eller fordi forbrydelsen er udført af flere i forening, eller når et større antal forbrydelser er begået.

**Section 289.**

(1) Imprisonment for a term not exceeding eight years is imposed on any person who is guilty of a violation of the legislation on taxes, customs, duties or subsidies or of section 289a committed in a particularly aggravating manner to obtain an unlawful gain for himself or others.

(2) The provision of subsection (1) only applies if a reference to this provision has been inserted into the legislation referred to in subsection (1).

(3) When determining a supplementary fine under section 50(2) for violation of subsection (1), it must be taken into consideration whether the offence was of a particularly aggravating nature, especially due to the method used or because the offence was committed jointly by several persons, or when several offences have been committed.

**§ 291.**

Den, der ødelægger, beskadiger eller bortskaffer ting, der tilhører en anden, straffes med bøde eller fængsel indtil 1 år og 6 måneder.

Stk. 2. Øves der hærværk af betydeligt omfang eller af mere systematisk eller organiseret karakter, eller er gerningsmanden tidligere fundet skyldig efter nærværende paragraf eller efter

§ 180, § 181, § 183, stk. 1 og 2, § 184, stk. 1, § 193 eller § 194, kan straffen stige til fængsel i 6 år.

**Section 291.**
(1) Any person who destroys, damages or removes any property belonging to another person is sentenced to a fine or imprisonment for a term not exceeding one year and six months.
(2) In case of serious criminal damage or criminal damage in a systematic or organised manner, or if the offender has previously been convicted under this section 291 or under section 180, section 181, section 183(1) and (2), section 184(1), section 193 or section 194, the sentence may increase to imprisonment for six years.

**§ 305.**
De i § 291, stk. 1 og 3, § 293, stk. 2, § 298 og § 299 omhandlede lovovertrædelser påtales kun efter den forurettedes begæring, medmindre almene hensyn kræver påtale.
Stk. 2. De i § 294 omhandlede lovovertrædelser er undergivet privat påtale.

**Section 305.**
(1) The offences mentioned in section 291(1) and (3), section 293(2), section 298 and section 299 are prosecuted only upon request from the victim, unless justified for reasons of public interest.
(2) The offences mentioned in section 294 are subject to private prosecution.

# OTHER LEGAL PROVISIONS

**Tax Control Act:**

**§ 86.**
I sager om overtrædelse af bestemmelserne i kapitel 9, der ikke skønnes at ville medføre højere straf end bøde, kan told- og skatteforvaltningen i et bødeforelæg tilkendegive den sigtede, at sagen kan afgøres uden retssag, hvis sigtede erklærer sig skyldig i overtrædelsen og erklærer sig rede til inden en nærmere angiven frist, der efter begæring kan forlænges, at betale den i bødeforelægget angivne bøde.
*Stk. 2.* Retsplejelovens § 834 om indholdet af et anklageskrift finder anvendelse på tilkendegivelsen efter stk. 1.
*Stk. 3.* Vedtager sigtede bøden, bortfalder videre strafferetlig forfølgning. Vedtagelsen har samme gentagelsesvirkning som en dom.
*Stk. 4.* Bøder i sager, der afgøres administrativt, opkræves af told- og skatteforvaltningen.

**Section 86.**
In cases of infringement of the provisions of Chapter 9, which are not deemed to result in higher penalties than fines, the Danish Customs and Tax Administration may, in a fine notice, inform the defendant that the case can be settled without trial, if the defendant pleads guilty to the infringement and declares themselves ready to pay the amount specified in the fine, upon request.

*Subsection 2.* Section 834 of the Civil Procedure Code on the content of an indictment shall apply to the declaration in accordance with subsection 1.

*Subsection 3.* If the fine is charged, further criminal prosecution will lapse. Adoption has the same repercussion as a judgment.

*Subsection 4.* Fines in cases that are decided administratively are charged by the Customs and Tax Administration.

## § 88.

I sager om overtrædelse af §§ 82-84 a, der kan afgøres administrativt, jf. § 86, finder § 752, stk. 1, i retsplejeloven anvendelse.

*Stk. 2.* En sigtet uden forsvarer i en sag, der kan afgøres administrativt, har samme ret til aktindsigt i sin egen sag, som en forsvarer har efter § 3 i lov om adgang til forsvarerbistand under en administrativ skatte- eller afgiftsstraffesag.

## Section 88.

In cases of violation of Sections 82-84 a, which can be decided administratively, cf. Section 86, section 752, subsection 1, of the Administration of Justice Act applies.

*Subsection 2.* A defendant without a defense counsel in a case that can be decided administratively has the same right of access to his own case as a defense counsel has under section 3 of the law on access to defense assistance during an administrative tax penalty case.

## The Danish Collection Act:

## § 18.

Skønnes en overtrædelse ikke at ville medføre højere straf end bøde, kan told- og skatteforvaltningen tilkendegive den pågældende, at sagen kan afgøres uden retslig forfølgning, såfremt den pågældende erkender sig skyldig i overtrædelsen og erklærer sig rede til inden for en nærmere angivet frist, der efter ansøgning kan forlænges, at betale en bøde, der er angivet i tilkendegivelsen. § 752, stk. 1, i lov om rettens pleje finder tilsvarende anvendelse.

*Stk. 2.* Med hensyn til den tilkendegivelse, som er nævnt i stk. 1, finder bestemmelsen om tiltalerejsning i retsplejelovens § 895 tilsvarende anvendelse.

## Section 18.

If a violation is not considered to result in a higher penalty than a fine, the Danish Customs and Tax Administration may inform the person concerned that the case may be settled without legal prosecution, if the person in question acknowledges guilt of the violation and declares themselves ready to pay a fine (by a specified deadline which can be extended upon application), which is stated in the notification. Section 752, subsection 1, of the Care of the Courts Act shall apply mutatis mutandis.

*Subsection 2.* With regard to the statement referred to in subsection 1, the provision on appeal in Section 895 of the Administration of Justice Act shall apply mutatis mutandis.

**The Legal Security Act:**

**Chapter 3**
***Relationship to criminal justice in the implementation of coercive measures***

**§ 9.**
Hvis en enkeltperson eller juridisk person med rimelig grund mistænkes for at have begået en strafbar lovovertrædelse, kan tvangsindgreb over for den mistænkte med henblik på at tilvejebringe oplysninger om det eller de forhold, som mistanken omfatter, alene gennemføres efter reglerne i retsplejeloven om strafferetsplejen.
*Stk. 2.* Reglen i stk. 1 gælder ikke, hvis tvangsindgrebet gennemføres med henblik på at tilvejebringe oplysninger til brug for behandlingen af andre spørgsmål end fastsættelse af straf.
*Stk. 3.* Reglerne i stk. 1 og 2 finder tilsvarende anvendelse, hvis der i sagen rettes et tvangsindgreb mod andre end den mistænkte.
*Stk. 4.* Den mistænkte kan meddele samtykke til fravigelse af stk. 1 og 3. Samtykket skal være skriftligt og skal meddeles på et frivilligt, specifikt og informeret grundlag. Et samtykke kan til enhver tid tilbagekaldes. Meddeler den mistænkte samtykke til fravigelse af stk. 1 og 3, finder reglerne i §§ 2-8 tilsvarende anvendelse ved de i § 1, stk. 1, nævnte tvangsindgreb.

**Section 9.**
If an individual or legal person is reasonably suspected of having committed a criminal offense, coercive measures against the suspect in order to provide information about the facts or circumstances that the suspicion concerns can only be carried out under the rules of the Criminal Procedure Act.
*Subsection 2.* The rule referred to in subsection 1 shall not apply where the compulsory intervention is conducted in order to provide information for the treatment of issues other than the establishment of punishment.
*Subsection 3.* The rules laid down in subsections 1 and 2 shall apply mutatis mutandis if a coercive measure is directed against anyone other than the suspect.
*Subsection 4.* The suspect may grant consent to the derogation of p subsections 1 and 3. The consent must be in writing and must be communicated on a voluntary, specific and informed basis. Consent may be revoked at any time. If the suspect consents to the derogation of subsections 1 and 3, the rules in Sections 2-8 shall apply mutatis mutandis in the case of the forced intervention referred to in section 1, subsection 1.

**Chapter 4**
***The right not to incriminate oneself, etc.***

**§ 10.**
Hvis der er konkret mistanke om, at en enkeltperson eller juridisk person har begået en lovovertrædelse, der kan medføre straf, gælder bestemmelser i lovgivningen m.v. om pligt til at meddele oplysninger til myndigheden ikke i forhold til den mistænkte, medmindre det kan udelukkes, at de oplysninger, som søges tilvejebragt, kan have betydning for bedømmelsen af den formodede lovovertrædelse.
*Stk. 2.* I forhold til andre end den mistænkte gælder bestemmelser i lovgivningen m.v. om pligt til at meddele oplysninger, i det omfang oplysningerne søges tilvejebragt til brug for behandlingen af andre spørgsmål end fastsættelse af straf.
*Stk. 3.* En myndighed skal vejlede den mistænkte om, at vedkommende ikke har pligt til at meddele oplysninger, som kan have betydning for bedømmelsen af den formodede lovovertrædelse. Hvis den mistænkte meddeler samtykke til at afgive oplysninger, finder reglerne i § 9, stk. 4, 2. og 3. pkt., tilsvarende anvendelse.
*Stk. 4.* Den mistænkte kan meddele samtykke til anvendelse af en oplysningspligt over for andre med henblik på at tilvejebringe oplysninger til brug for en straffesag mod den mistænkte. Reglerne i § 9, stk. 4, 2. og 3. pkt., finder tilsvarende anvendelse.

**Section 10.**
If there is a concrete suspicion that an individual or legal person has committed an offense that may result in punishment, provisions in legislation etc. on the duty to provide information to the authority do not apply in relation to the suspect, unless it can be excluded that the information sought to be obtained may be of importance to the assessment of the suspected offense.
*Subsection 2.* In relation to anyone other than the suspect, provisions in legislation etc. on the duty to provide information shall apply to the extent that the information is sought to be provided for use in the treatment of issues other than the establishment of punishment.
*Subsection 3.* An authority shall advise the suspect that the suspect is not obliged to communicate information that may affect the assessment of the suspected offense. If the suspect gives consent to provide information, the rules in section 9, subsection 4, items 2 and 3, shall apply mutatis mutandis.
*Subsection 4.* The suspect may give consent to the use of a duty of disclosure to others in order to provide information for the purpose of criminal proceedings against the suspect. The rules in section 9, subsection 4, items 2 and 3 shall apply mutatis mutandis.

**The Danish Competition Act:**
**Chapter 8**
***Penalty and leniency provisions***

**§ 23 a.**
En virksomhed kan gøres ansvarlig og hæfter for civile bøder, der pålægges en anden virksomhed inden for samme økonomiske enhed for overtrædelser af § 6 eller § 11 eller EUF-traktatens artikel 101 eller 102.

*Stk. 2.* Er en virksomhedssammenslutning ikke solvent og kan den derfor ikke betale en bøde, den er blevet pålagt for overtrædelse af § 6 eller § 11 eller EUF-traktatens artikel 101 eller 102, udmålt på grundlag af medlemsvirksomhedernes omsætning, skal sammenslutningen inden for en frist fastsat af Konkurrence- og Forbrugerstyrelsen indkalde bidrag fra medlemsvirksomhederne til betaling af bøden.

*Stk. 3.* Har medlemsvirksomhederne ikke inden for fristen fuldt ud opfyldt forpligtelsen til at betale bidragene efter stk. 2, kan Konkurrence- og Forbrugerstyrelsen opkræve restbeløbet direkte hos enhver af de virksomheder, hvis repræsentanter var medlemmer af sammenslutningens besluttende organer, da overtrædelsen blev begået.

*Stk. 4.* Efter at Konkurrence- og Forbrugerstyrelsen har krævet betaling i henhold til stk. 3, kan styrelsen også, hvor det er nødvendigt for at sikre fuld betaling af bøden, kræve betaling af udestående bødebeløb hos ethvert medlem af sammenslutningen, der var aktiv på det marked, hvor overtrædelsen fandt sted. Der kan dog ikke kræves betaling af medlemsvirksomheder, som påviser, at de ikke har gennemført sammenslutningens beslutning om en overtrædelse, og som enten ikke har haft kendskab til dennes eksistens eller aktivt har taget afstand fra den, inden Konkurrence- og Forbrugerstyrelsens undersøgelse blev indledt.

**Section 23 a.**

(1) An undertaking may be held liable and responsible for civil fines imposed on another undertaking within the same economic entity for infringements of Section 6 or 11 of this Act or Articles 101 or 102 TFEU.

(2) If an association of undertakings is not solvent and therefore cannot pay a fine imposed on it for infringement of Section 6 or 11 of this Act or Articles 101 or 102 TFEU, measured on the basis of the turnover of the member undertakings, the association must, within a time limit fixed by the Competition and Consumer Authority, call for contributions from the member undertakings to payment of the fine.

(3) If the member undertakings have not fully fulfilled the obligation to pay the contributions pursuant to subsection (2) above within the time limit, the Competition and Consumer Authority may collect the outstanding amount directly from any of the undertakings whose representatives were members of the association's decision-making bodies when the infringement was committed.

(4) After the Competition and Consumer Authority has required payment in accordance with subsection (3) above, the authority may also, where necessary to ensure full payment of the fine, require payment of the outstanding amount from any member of the association that was active in the market in which the infringement took place. However, payment shall not be required from member undertakings that show that they did not implement the association's infringing decision and either were not aware of its existence or have actively distanced themselves from it before the Competition and Consumer Authority's investigation was initiated.