UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MATTHEW STEIN and JEROME LHOTE,

                    Plaintiffs,

        v.

SKATTEFORVALTNINGEN,

                    Defendant,

        and

LUKE MCGEE,

                Nominal Defendant.

23 Civ. 2508 (NRB)

---

SKATTEFORVALTNINGEN,

              Counterclaim Plaintiff,

        v.

MATTHEW STEIN, JEROME LHOTE, and
LUKE MCGEE,

             Counterclaim Defendants.

---

### DEFENDANT/COUNTERCLAIM PLAINTIFF SKATTEFORVALTNINGEN'S RESPONSES AND OBJECTIONS TO NOMINAL DEFENDANT/COUNTERCLAIM DEFENDANT LUKE MCGEE'S REQUESTS FOR ADMISSION

       Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York (the "Local Rules"), Defendant/Counterclaim-Plaintiff Skatteforvaltningen ("SKAT") hereby responds and objects to Nominal Defendant/Counterclaim Defendant Luke McGee's Requests for Admission, dated June 14, 2024 (the "Requests," and each a "Request").

### RESERVATION OF RIGHTS

       The responses and objections set forth herein are based on documents and information currently available to SKAT.  Accordingly, the responses are provided without prejudice to



23 Civ. 2508 (NRB)
PLAINTIFFS' EXHIBIT
**402**

SKAT's right to produce evidence of any subsequently discovered facts, documents, or interpretations thereof; to modify, change, or amend its responses in accordance with Federal Rule of Civil Procedure 36; or to raise any additional objections as necessary and appropriate.

In responding to the Requests, the inadvertent identification or disclosure of information, documents, or materials protected from discovery by the attorney-client privilege, work-product immunity, litigation privilege, or any other applicable privilege, protection, immunity, or claim of confidentiality protecting documents or information from disclosure, shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such information, documents, or materials, the subject matter thereof, or the information contained therein; nor shall such inadvertent disclosure constitute a waiver of SKAT's right to object to the use of the information, document, or materials, or the information contained therein during this or any other proceeding. Accordingly, any response or objection inconsistent with the foregoing is, and shall be construed to be, entirely inadvertent and shall not constitute a waiver of any applicable privilege, protection, or immunity.

In making these responses and objections to the Requests, SKAT does not in any way waive or intend to waive, but rather intends to preserve and is preserving:

      a.    all objections on the grounds of competency, relevance, materiality, privilege, admissibility, or any other proper grounds, to the use or admissibility into evidence, in whole or in part, of any of SKAT's responses to the Requests, or the subject matter thereof;

      b.    all objections to vagueness, ambiguity, undue burden; and

      c.      all rights to object on any ground to any request for further responses to these or any other Requests, or to discovery requests involving or related to the subject matter of the Requests.

The fact that SKAT provides a response to any particular Request does not constitute an admission or acknowledgement that the Request is proper, that the admission it seeks is within the proper bounds of discovery, or that other Requests for similar admissions will be treated in a similar fashion.  Furthermore, in accordance with Federal Rule of Civil Procedure 36(b), any and all responses to the Requests provided by SKAT are for the purposes of discovery in this litigation only, and are not responses for any other purpose, nor may they be used against SKAT in any other proceeding.

## OBJECTIONS TO THE DEFINITIONS AND INSTRUCTIONS

SKAT objects to the definition of "SKAT" to the extent it includes SKAT's unidentified past and present "officers, directors, affiliates, brokers, agents, representatives, employees, servants," and all persons working directly or indirectly on its behalf.  SKAT further objects to the definition of "SKAT" to the extent it includes "any successor agency or component of the Kingdom of Denmark."  The Requests incorporating this definition are vague, ambiguous, overbroad, and unduly burdensome.

SKAT objects to the definition of "SØIK" to the extent it includes SØIK's unidentified past and present "officers, directors, affiliates, brokers, agents, representatives, employees, servants, and all persons acting directly or indirectly under their control on its behalf."  The Requests incorporating this definition are vague, ambiguous, overbroad, and unduly burdensome.

SKAT objects to the Instructions to the extent that they purport to impose requirements or obligations on SKAT that are inconsistent with or broader than those imposed by the Federal Rules of Civil Procedure, the Local Rules, and applicable case law.  SKAT expressly disclaims

any obligation to comply with the Instructions to the extent they go beyond what is required by
any of the foregoing.

**OBJECTIONS AND RESPONSES**



**Request No. 2:**

Admit that STEIN_MAPLEPOINT_00000027 was not sent promptly upon execution of
the Settlement Agreement.

**Response to Request No. 2:**

Admitted that the correspondence in SKAT_MAPLEPOINT_00000027 is dated May 15,
2019, which was not after May 28, 2019, the date of execution of the Settlement
Agreement.

**Request No. 3A[1]**

Admit that SKAT_MAPLEPOINT_00000040 was not sent promptly upon execution of
the Settlement Agreement.

**Response to Request No. 3A**

Admitted that the correspondence in SKAT_MAPLEPOINT_00000040 is dated May 21,
2019, which was not after May 28, 2019, the date of execution of the Settlement
Agreement.

---

[1] McGee's Requests include two successive Requests both identified as "Request for Admission No. 3."
Accordingly, for ease of review, SKAT has labeled these Requests Nos. 3A and 3B.

**Request No. 3B**

Admit that SKAT_MAPLEPOINT_00000072-73 was not sent promptly upon execution of the Settlement Agreement.

**Response to Request No. 3B**

Admitted that the correspondence in SKAT_MAPLEPOINT_00000072-73 is dated May 21, 2019 and May 23, 2019, which were not after May 28, 2019, the date of execution of the Settlement Agreement.



**Request No. 10:**

Admit that SKAT did not provide a final copy of the language of Section 8(f) of the Settlement Agreement to SØIK at any time prior to January 1, 2021.

**Response to Request No. 10:**

Denied, except admitted only that SKAT did not provide to SØIK the final sentence of Section 8(f) (which reads "Upon request by SØIK, Skatteforvaltningen may provide and/or disclose the entirety of this Agreement to SØIK.") prior to January 1, 2021.

**Request No. 11:**

Admit that prior to January 1, 2021, SKAT did not inform SOIK, either orally or in writing, that, in substance, pursuant to Section 8(f) of the Settlement Agreement, it "may provide and/or disclose the entirety of [the Settlement Agreement] to SOIK" "upon request by SOIK." pursuant to Section 8(f) of the Settlement Agreement.

**Response to Request No. 11:**

Admit that prior to January 1, 2021, SKAT did not inform SØIK in writing that pursuant to Section 8(f) of the Settlement Agreement, it "may provide and/or disclose the entirety of [the Settlement Agreement] to SØIK" "upon request by SØIK," and deny knowledge or information sufficient to specifically admit or deny whether it did so orally prior to January 1, 2021.

**Request No. 12:**

Admit that, prior to March 24, 2023, SKAT did not provide a copy of the Settlement Agreement to SØIK.

**Response to Request No. 12:**

Admitted.

**Request No. 13:**

Admit that SKAT, in substance and in part, did not provide SØIK with a copy of the Settlement Agreement in response to SØIK's requests in or about January and February 2021.

**Response to Request No. 13:**

Admitted.

**Request No. 14:**

Admit that SKAT did not provide SØIK with a copy of the Settlement Agreement in response to SØIK's request in or about January and February 2021.

**Response to Request No. 14:**

Admitted.

**Request No. 15:**

Admit that no provision of the Settlement Agreement requires the Covered Parties or the Covered Parties' Designees to provide the Settlement Agreement to SØIK.

**Response to Request No. 15:**

Admitted that no provision of the Settlement Agreement requires any party to the Agreement to provide the Settlement Agreement to SØIK.





**Request No. 18:**

Admit that STEIN_LHOTE0001467 was sent, at least in part, in response to requests from Kaplan Hecker & Fink for information concerning SKAT's compliance with Section 8(f) of the Settlement Agreement.

**Response to Request No. 18:**

Admitted.

**Request No. 19:**

Admit that STEIN_LHOTE0001467 was sent, at least in part, in response to the requests for information set out in e-mails, dated April 17, 2021, and April 23, 2021, from Kaplan Hecker & Fink, set out in STEIN_LHOTE0001411.

**Response to Request No. 19:**

Admitted.

**Request No. 20:**

Admit that SKAT collected and/or gathered the documents attached to SKAT_MAPLEPOINT_00000453 and/or SKAT_MAPLEPOINT_00000583, at least in part, in response to the request for information set out in the e-mail, dated April 17, 2021, from Kaplan Hecker & Fink, set out in STEIN_LHOTE0001411.

**Response to Request No. 20:**

Denied.







**Request No. 33:**

Admit that, in or about February 2021, Kaplan Hecker & Fink requested, in substance, that SKAT provide a written communication to SØIK concerning, in substance, the extent of the cooperation efforts of the Covered Parties' Designees under the Settlement Agreement.

**Response to Request No. 33:**

Admitted.

**Request No. 34:**

Admit that, in or about February 2021, SKAT's counsel represented, in substance, that SKAT was uncomfortable making and/or not willing to make a written communication to SØIK concerning, in substance, the extent of the cooperation efforts of the Covered Parties' Designees under the Settlement Agreement.

**Response to Request No. 34:**

Admit only that, following the February 2021 request by Kaplan Hecker & Fink, SKAT did not send a written communication to SØIK concerning the extent of the cooperation efforts of the Covered Parties' Designees under the Settlement Agreement, and deny knowledge or information sufficient to admit or deny the characterization of SKAT's counsel's referenced communication.

**<u>Request No. 35:</u>**

Admit that SKAT does not claim that the Covered Parties' Designees have failed to comply with their cooperation obligations under Section 7 of the Settlement Agreement.

**<u>Response to Request No. 35:</u>**

Admit that SKAT has not asserted a counterclaim based on the Covered Parties' Designees' failure to comply with their cooperation obligations under Section 7 of the Settlement Agreement.

**<u>Request No. 36:</u>**

Admit that the fees sought in paragraph 158 of SKAT's First Amended Answer, Affirmative Defenses, and Counterclaims are contained, at least in part, within the fees sought in paragraph 161 of the same.

**<u>Response to Request No. 36:</u>**

Admitted that, to the extent that the Court awards SKAT the full amount of damages it seeks in both paragraphs 158 and 161 of the First Amended Answer, Affirmative Defenses, and Counterclaims, then the total award of damages should be reduced by DKK 1,912,698 due to overlap between those two categories.









Dated: New York, New York
       July 23, 2024

HUGHES HUBBARD & REED LLP

By:  /s/ Marc A. Weinstein
      William R. Maguire
      Marc A. Weinstein
      Neil J. Oxford
      Dustin P. Smith
      John T. McGoey

One Battery Park Plaza
New York, New York 10004-1482
Telephone:  (212) 837-6000
Fax:  (212) 422-4726
bill.maguire@hugheshubbard.com
marc.weinstein@hugheshubbard.com
neil.oxford@hugheshubbard.com
dustin.smith@hugheshubbard.com
john.mcgoey@hugheshubbard.com

*Counsel for Defendant/Counterclaim-Plaintiff*
*Skatteforvaltningen*

15