

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: +1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Marc A. Weinstein
Partner
Direct Dial: +1 (212) 837-6460
Direct Fax: +1 (212) 299-6460
marc.weinstein@hugheshubbard.com

BY ECF

Honorable Naomi Reice Buchwald    April 7, 2025
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    <u>Stein et al. v. Skatteforvaltningen</u>, No. 23-cv-02508 (NRB)

Dear Judge Buchwald:

    Defendant/counterclaim plaintiff Skatteforvaltningen ("SKAT") respectfully submits this letter motion to seal the contemporaneously filed Declaration of Marc A. Weinstein in Support of SKAT's Proposed Findings of Fact and Conclusions of Law (the "Weinstein Declaration"), including certain exhibits thereto, and the Statement of Marc Landy (the "Landy Statement").

    This action arises out of a dispute between SKAT and Matthew Stein, Jerome Lhote, and Luke McGee concerning the parties' respective performance under a May 2019 settlement agreement. But Stein, Lhote, and McGee were not the only ones who settled with SKAT in the agreement. The settlement also resolved SKAT's claims against dozens of other individuals and entities whose performance under agreement is not at issue. Under the agreement, all the settling parties, called the "Covered Parties," collectively were required to pay SKAT 950 million Danish Kroner ("DKK") within a few months after the agreement was executed, and Stein, Lhote, and McGee alone were required to pay SKAT at least an additional DKK 600 million no later than May 2023. There is no dispute that the Covered Parties collectively paid the DKK 950 million initial payment and that aside from Stein, Lhote, and McGee, the rest of the Covered Parties' performance under the agreement is complete (and the same with respect to SKAT's performance with respect to them).

    On May 25, 2023, the Court issued an order directing Stein and Lhote to file publicly a copy of the settlement agreement and related materials, which previously had been submitted under seal, with, among other things, the names of the other Covered Parties, aside from Stein, Lhote, and McGee, redacted. (ECF No. 46.) In advance of the April 7, 2025 deadline for the parties to submit their witness statements and proposed findings of fact and conclusions of law, SKAT's counsel and Stein, Lhote, and McGee's counsel met and conferred concerning material the parties had designated confidential during discovery under the stipulated protective order in this case. During that meet and confer process, Stein, Lhote, and McGee's counsel requested that SKAT file under seal the names of the Covered Parties, except Stein, Lhote, and McGee.

   As such, SKAT respectfully requests that the Court permit it to redact the names of the Covered Parties, except for Stein, Lhote, and McGee, in the publicly filed versions of the Weinstein Declaration, Landy Statement and the exhibits to the Weinstein Declaration. Under section 8 of the settlement agreement, the parties agreed that the agreement "is, and is intended to be maintained as, confidential to the fullest extent possible" under applicable law and "to use their respective best efforts to maintain such confidentiality." Further, while section 8(b) permitted SKAT to disclose publicly certain of the agreement's terms, such as the amount of the settlement and the number of Covered Parties, that provision specifically carved out "the identities of the Covered Parties." With respect to the Covered Parties who are individuals (as opposed to entities) their identities are irrelevant to the present dispute and "honoring" their "express wish for confidentiality may facilitate settlement, which courts are bound to encourage." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004). The identities of the Covered Parties that are pension plans are relevant to determining the true-up amount that Stein, Lhote and McGee are obligated to pay SKAT under the agreement based on the amount of the net proceeds the plans received, but they too are non-parties to this action whose identities the settlement agreement requires SKAT to maintain as confidential to the extent possible. *Cf. Farris v. Avon Prods., Inc.*, No. 23-CV-02023 (LAK)(SN), 2024 WL 4441811, at *1, 4 (S.D.N.Y. Oct. 7, 2024) (finding it "appropriate to redact the non-party entity name and associated settlement amount" from motion "for approval of settlements between Plaintiff and certain settling defendants").

   For the reasons set forth above, SKAT respectfully requests that the Court grant SKAT leave to file the Weinstein Declaration, Landy Statement and certain of the exhibits to the Weinstein Declaration under seal.

Respectfully submitted,

/s/ Marc A. Weinstein
Marc A. Weinstein

cc: all counsel of record (via ECF)