# Exhibit 524

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW STEIN and JEROME LHOTE, | 23 Civ. 2508 (NRB) |
| Plaintiffs, | |
| v. | |
| SKATTEFORVALTNINGEN, | |
| Defendant, | |
| LUKE MCGEE, | |
| Nominal-Defendant. | |

| |
|---|
| SKATTEFORVALTNINGEN, |
| Counterclaim Plaintiff, |
| v. |
| MATTHEW STEIN, JEROME LHOTE, and LUKE MCGEE |
| Counterclaim Defendants. |

### JEROME LHOTE'S OBJECTIONS AND RESPONSES TO SKATTEFORVALTNINGEN'S FIRST REQUESTS FOR ADMISSION

Pursuant to Rules 26, 36, and 37 of the Federal Rules of Civil Procedure and Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Plaintiff-Counterclaim Defendant Jerome Lhote ("Lhote"), through his undersigned counsel, hereby responds and objects to the definitions, instructions, and requests of Defendant-Counterclaim Plaintiff Skatteforvaltningen ("Defendant" or "SKAT") set out in Defendant/Counterclaim Plaintiff Skatteforvaltningen's First Requests for Admission to

Plaintiff/Counterclaim-Defendant Jerome Lhote, dated June 14, 2024 (collectively, the "Requests") as follows:

## GENERAL OBJECTIONS

1.      Lhote objects to the Requests to the extent that they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure (the "Federal Rules"), the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), or any other applicable rule of law.

2.      Lhote objects to the Requests to the extent that they seek information that is protected from disclosure by any applicable privilege, protection, or immunity, foreign or domestic, including but not limited to the attorney-client privilege, the attorney work-product doctrine, and the common interest doctrine.

3.      Any inadvertent disclosure of any privileged or otherwise protected information shall not be deemed or construed to constitute a waiver of any privilege, protection, or right of Lhote, including without limitation the attorney-client privilege, the attorney work-product doctrine, the common interest doctrine, or any other applicable privilege, protection, or immunity.  Lhote reserves the right to claw back any inadvertently produced information that is protected by the attorney-client privilege, the attorney work-product doctrine, the common interest doctrine, or any other applicable privilege, protection, or immunity.

4.      Lhote objects to the Requests to the extent that they seek discovery of information that is publicly available or equally available to Defendant.

5.      Lhote objects to the Requests to the extent that any specific Request is cumulative, redundant, or duplicative of any other Requests on the grounds that such a Request is overbroad and unduly burdensome.

6.     Lhote objects to the Requests to the extent they are vague, ambiguous, overbroad, oppressive, harassing, unduly burdensome, or employ imprecise descriptions of the information sought such that they lack the requisite specificity.

7.     Lhote objects to the Requests to the extent they request speculation or the disclosure of information not within Lhote's first-hand knowledge or control and not reasonably available to Lhote.  Lhote's responses are based upon his understanding of available information.

8.     Lhote objects to the Requests to the extent that they incorporate, reference, or rely upon factual assumptions or characterizations that are incorrect, speculative, or unsubstantiated. Any response provided by Lhote in response to the Requests shall not be deemed an admission, concession, or acquiescence to the accuracy of any assumption or characterization implied, incorporated, referred to, or relied upon in the Requests.

9.     Lhote objects to the Requests to the extent that they seek discovery of information that is not relevant to any party's claims or defenses or not proportional to the needs of the case within the meaning of Rule 26(b)(1).

10.     Lhote also objects to the Requests as exceeding the scope of permissible discovery under Federal Rule 26(b)(1) to the extent that the burden or expense imposed by any Request outweighs its likely benefit.

11.     Lhote objects to the Requests to the extent that they purport to require unreasonably costly and/or time-consuming measures to locate and produce responsive information.  Lhote will construe each Request to require only a reasonable search of the reasonably accessible files of Lhote s in which Lhote would reasonably expect to find information responsive to such Request, and Lhote objects to any Request as unduly burdensome to the extent that it purports to require anything else.

12.     These Responses are made based on Lhote's understanding and interpretation of each of the Requests.  If SKAT subsequently asserts any interpretation which differs from that of Lhote, Lhote reserves the right to supplement these objections and responses.

13.     The specific responses set forth below are based upon information presently available to Lhote after a reasonably diligent search.  Lhote reserves the right at any time to revise, correct, add to, or clarify the specific responses set forth below.

14.     Lhote is providing these responses without any waiver of or prejudice to their right, at any later time, to raise objections to: (a) any further demand or discovery involving or relating to the matters raised in the Requests; or (b) the relevance, materiality, or admissibility of: (i) the Request or any part thereof; or (ii) statements made in this Response to the Request or any part thereof.

15.     Any production of information shall be without waiver of any of the General or Specific Objections set forth herein and shall not be construed as an agreement that Lhote will agree to a similar or analogous approach in response to other Requests for similar information.

16.     Lhote makes these responses based upon the knowledge as of the date of these responses, and will supplement them only to the extent required by applicable law, regulation, rule or court order.  Lhote hereby reserves the right to introduce into evidence at trial, hearing or other proceedings in this action information discovered subsequent to the date of these responses.

17.     Each of the foregoing General Objections is incorporated by reference into each specific response below, even if not expressly stated herein.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      Each objection to a Definition or Instruction applies to that specified Definition or Instruction and to any Definition, Instruction, or Request that incorporates that Definition or Instruction.

2.      Lhote objects to the definition of "North Channel Bank" as overbroad.  Lhote's Responses interpret and use the term "North Channel Bank" to mean only North Channel Bank GmbH & Co. KG.

3.      Lhote objects to the definition of "True-Up Amount" as vague and ambiguous because the Settlement Agreement does not contain a definition, or reference to, any such term in Section 2(c)(iii).  Lhote's Responses interpret and use the term "True-Up Amount" as it is defined in Section 2(e)(iii) of the Settlement Agreement.

4.      Lhote objects to the definition of "You," and "Your" to the extent it purports to use a definition or rule of construction broader than set forth in the Local Rules, in contravention of Local Civil Rule 26.3(a).

## RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSION

**REQUEST NO. 1:**

Admit that You hired legal counsel by the end of 2016 in relation to a criminal investigation concerning the Danish Refunds.

**RESPONSE:**

Lhote objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because the hiring of legal counsel in 2016 is outside of the relevant time period and irrelevant to any of SKAT's alleged claims and defenses.

Subject to and without waiving the foregoing objections: Lhote objects to this Request on the grounds that it is outside the scope of Rule 26(b)(1) and, therefore, he will not respond to this Request.

**REQUEST NO. 2:**

Admit that You did not provide the Settlement Agreement to SØIK prior to April 21, 2021.

**RESPONSE:**

Lhote objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because whether or not Lhote provided the Settlement Agreement to SØIK prior to April 21, 2021 has no bearing on SKAT's alleged claims or defenses.

Subject to and without waiving the foregoing objections: ADMITTED.

**REQUEST NO. 3:**

Admit that, prior to filing this lawsuit, You did not inform SKAT that the 2019 Affidavit of Confession of Judgment was unenforceable for any reason.

**RESPONSE:**

Lhote objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because the validity of the 2019 Affidavit of Confession of Judgment is not at issue. The 2019 Affidavit of Confession of Judgment was, in effect, superseded by the 2021 Affidavit of Confession of Judgment and it expired by its terms pursuant to CPLR 3218 on or about May 28, 2022.

Subject to and without waiving the foregoing objections: ADMITTED.

**REQUEST NO. 4:**

Admit that, prior to filing this lawsuit, You did not inform SKAT that the 2021 Affidavit of Confession of Judgment was unenforceable for any reason.

**RESPONSE:**

Lhote objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1).

Subject to and without waiving the foregoing objections: ADMITTED.

**REQUEST NO. 5:**

Admit that by no later than April 30, 2022, You believed that SKAT was in breach of the Settlement Agreement.

**RESPONSE:**

Lhote objects to this Request to the extent that it is vague, ambiguous and lacks the requisite specificity, including with regard to the term "believed." Lhote further objects to the extent that it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or protection from disclosure.

Subject to and without waiving the foregoing objections: ADMITTED.

**REQUEST NO. 6:**

Admit that, when You executed the 2019 Affidavit of Confession of Judgment, You believed it was enforceable.

**RESPONSE:**

Lhote objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because the validity of the 2019 Affidavit of Confession of Judgment is not at issue. The 2019 Affidavit of Confession of Judgment was, in effect, superseded by the 2021 Affidavit of Confession of

Judgment and it expired by its terms pursuant to CPLR 3218 on or about May 28, 2022. Lhote further objects to this Request to the extent that it is vague, ambiguous and lacks the requisite specificity, including with regard to the term "believed." Lhote further objects to the extent that it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or protection from disclosure.

Subject to and without waiving the foregoing objections: ADMITTED.

**REQUEST NO. 7:**

Admit that, when You executed the 2021 Affidavit of Confession of Judgment, You believed it was enforceable.

**RESPONSE:**

Lhote objects to this Request to the extent that it is vague, ambiguous and lacks the requisite specificity, including with regard to the term "believed." Lhote further objects to the extent that it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or protection from disclosure.

Subject to and without waiving the foregoing objections: Lhote cannot admit or deny this Request. As stated during Lhote's deposition on May 16, 2024 and after a further diligent effort to recall, Lhote has no present recollection as to whether he believed the 2021 Affidavit of Confession of Judgment was enforceable at the time it was executed. However, as testified, Lhote was advised that his "being a Florida resident may affect the validity of the document." *See* Lhote Dep. 16:1-18:20.

**REQUEST NO. 8:**

Admit that the total payments made to SKAT by the Covered Parties under the Settlement Agreement was 1,010,424,596.57 DKK.

8

**RESPONSE:**

Subject to and without waiving the foregoing objections: ADMITTED.

**REQUEST NO. 9:**

Admit that the Tenth Quarterly Progress Report was the last status report concerning

Illiquid Assets sent on Your behalf to SKAT.

**RESPONSE:**

Lhote objects to the Request to the extent that it seeks discovery of information that is not

relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT

does not allege any breach of the Settlement Agreement related to the quarterly progress reports

or Illiquid Assets.

Subject to and without waiving the foregoing objections: ADMITTED.

**REQUEST NO. 10:**

Admit that You did not notify SKAT of its purported breach of the Settlement Agreement

prior to commencing this litigation.

**RESPONSE:**

Lhote objects to the Request to the extent that it seeks discovery of information that is not

relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because

informing SKAT of the purported breach of the Settlement Agreement would have been futile.

Subject to and without waiving the foregoing objections: ADMITTED.

**REQUEST NO. 11:**

Admit that prior to commencing this litigation, You did not provide to SKAT written

notice of its purported breach pursuant to Section 11 of the Settlement Agreement.

**RESPONSE:**

Lhote objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because informing SKAT of the purported breach would have been futile.

Subject to and without waiving the foregoing objections: ADMITTED.

**REQUEST NO. 12:**

Admit that prior to commencing this litigation, You did not provide to SKAT an opportunity to cure pursuant to Section 11 of the Settlement Agreement.

**RESPONSE:**

Lhote objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because informing SKAT of the purported breach would have been futile.

Subject to and without waiving the foregoing objections: ADMITTED.

**REQUEST NO. 13:**

Admit that Bech-Bruun has not asserted any claim for set-off, apportionment, contribution, or common-law indemnification against You.

**RESPONSE:**

Lhote objects to this Request to the extent that it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or protection from disclosure.

Subject to and without waiving the foregoing objections: ADMITTED.  Lhote further responds that Bech Bruun has not asserted as of the date hereof, any "claim for set-off, apportionment, contribution, common-law indemnification or similar claims against any Covered Party."  Settlement Agreement § 4(d).

10

**REQUEST NO. 14:**

Admit that prior to bringing this lawsuit, You never raised with or requested from SKAT an adjustment of amounts due by You to SKAT under the Settlement Agreement related to judgments obtained by SKAT against any third party or judgment credits.

**RESPONSE:**

Subject to and without waiving the foregoing objections: ADMITTED.  Lhote further responds that Lhote was not aware that SKAT had recovered funds from any other persons or entities until after approximately November 20, 2023, when the Danish court decision concerning Bech Bruun was issued and became public.  Lhote is also unaware of any amounts that SKAT has recovered from other persons or entities besides Bech Bruun and SKAT itself was unable to identify the other parties from which it has recovered its claimed losses.

**REQUEST NO. 15:**

Admit that You continued negotiations with SKAT regarding the True-Up calculation up to and following the date on which this lawsuit was commenced.

**RESPONSE:**

Lhote objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because the timing of the negotiation of the True-Up calculation is irrelevant to SKAT's claims.  Lhote further objects to this Request to the extent that it seeks an admission concerning negotiations pursuant to Federal Rule of Evidence Rule 408 that are inadmissible because they are "statement[s] made during compromise negotiations about the claim."

Subject to and without waiving the foregoing objections: ADMITTED.

11

**REQUEST NO. 16:**

Admit that North Channel Bank did not distribute any dividends for the business year 2016.

**RESPONSE:**

Lhote objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous and do not fall within the scope of discovery.

Subject to and without waiving the foregoing objections: Lhote objects to this Request on the grounds that it is outside the scope of Rule 26(b)(1) and, therefore, he will not respond to this Request.

**REQUEST NO. 17:**

Admit that North Channel Bank did not distribute any dividends for the business year 2017.

**RESPONSE:**

Lhote objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous and do not fall within the scope of discovery.

Subject to and without waiving the foregoing objections: Lhote objects to this Request on the grounds that it is outside the scope of Rule 26(b)(1) and, therefore, he will not respond to this Request.

12

**REQUEST NO. 18:**

Admit that North Channel Bank did not distribute any dividends for the business year 2018.

**RESPONSE:**

Lhote objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous and do not fall within the scope of discovery.

Subject to and without waiving the foregoing objections: Lhote objects to this Request on the grounds that it is outside the scope of Rule 26(b)(1) and, therefore, he will not respond to this Request.

**REQUEST NO. 19:**

Admit that North Channel Bank distributed a dividend in the amount of EUR 3,753,481.84 for the business year 2014 to its two shareholders, Oban Beteiligungsgesellschaft mbH and North Channel GmbH, pro rata in the amount of each shareholder's ownership Interest in North Channel Bank.

**RESPONSE:**

Lhote objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous and do not fall within the scope of discovery.

Subject to and without waiving the foregoing objections: Lhote objects to this Request on the grounds that it is outside the scope of Rule 26(b)(1) and, therefore, he will not respond to this Request.

**REQUEST NO. 20:**

Admit that North Channel GmbH and Oban Beteiligungsgesellschaft mbH had ownership Interests of 99.99% and .01%, respectively, in North Channel Bank for the business year 2014.

**RESPONSE:**

Lhote objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous and do not fall within the scope of discovery.

Subject to and without waiving the foregoing objections: Lhote objects to this Request on the grounds that it is outside the scope of Rule 26(b)(1) and, therefore, he will not respond to this Request.

**REQUEST NO. 21:**

Admit that North Channel Bank distributed a dividend in the amount of EUR 5,476,134.35 for the business year 2015 to its two shareholders, Oban Beteiligungsgesellschaft mbH and North Channel GmbH, pro rata in the amount of each shareholder's ownership Interest in North Channel Bank.

**RESPONSE:**

Lhote objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense,

and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous and do not fall within the scope of discovery.

Subject to and without waiving the foregoing objections: Lhote objects to this Request on the grounds that it is outside the scope of Rule 26(b)(1) and, therefore, he will not respond to this Request.

**REQUEST NO. 22:**

Admit that North Channel GmbH and Oban Beteiligungsgesellschaft mbH had ownership Interests of 99.99% and .01%, respectively, in North Channel Bank for the business year 2015.

**RESPONSE:**

Lhote objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous and do not fall within the scope of discovery.

Subject to and without waiving the foregoing objections: Lhote objects to this Request on the grounds that it is outside the scope of Rule 26(b)(1) and, therefore, he will not respond to this Request.

**REQUEST NO. 23:**

Admit that the correspondence produced in this litigation by Matthew Stein and You, within the Bates range STEIN_LHOTE0000001-0009988, between representatives of SOIK and counsel for any of Stein, You and/or McGee are authentic documents.

**RESPONSE:**

Lhote objects to this Request to the extent that it is vague, ambiguous, and lacks the requisite specificity because it does not identify the "correspondence" SKAT seeks to

authenticate. Lhote further objects because the Bates range STEIN_LHOTE0000001-0009988 does not exclusively contain "correspondence" between representatives of SOIK and counsel for any of Stein, Lhote, and/or McGee.

Subject to and without waiving the foregoing objections: Lhote lacks sufficient information to admit or deny this request because it is unclear which correspondence SKAT seeks to authenticate. Upon further specification by SKAT of the correspondence SKAT seeks to authenticate, Lhote will endeavor to respond to this Request.

**REQUEST NO. 24:**

Admit that Your counsel produced the spreadsheets listed in Appendix A to SKAT.

**RESPONSE:**

Lhote objects to this Request to the extent that it seeks an admission concerning documents that contain statements made pursuant to Federal Rule of Evidence Rule 408 and, as a result, are inadmissible. Lhote further directs SKAT to the correspondence by which the spreadsheets listed in Appendix A were provided, which indicate that, pursuant to Wachtell, Lipton, Rosen & Katz's "prior discussions" with SKAT's counsel, "the [s]preadsheets are to be treated as strictly confidential, and may not be used for any purpose other than the true-up process, or in any proceeding, without the prior express consent of the Covered Parties' Designees." *See* STEIN_LHOTE0006709-STEIN_LHOTE0006712; STEIN_LHOTE0007002-STEIN_LHOTE0007005; STEIN_LHOTE0007539- STEIN_LHOTE0007542; STEIN_LHOTE0008166-STEIN_LHOTE0008167.

Subject to and without waiving the foregoing objections: ADMITTED.

**REQUEST NO. 25:**

Admit that Your counsel produced the spreadsheets listed in Appendix A to SKAT on behalf of the Covered Parties.

16

**RESPONSE:**

Lhote objects to this Request to the extent that it seeks an admission concerning

documents that contain statements made pursuant to Federal Rule of Evidence Rule 408 and, as a

result, are inadmissible. Lhote further directs SKAT to the correspondence by which the

spreadsheets listed in Appendix A were provided, which indicate that, pursuant to Wachtell,

Lipton, Rosen & Katz's "prior discussions" with SKAT's counsel, "the [s]preadsheets are to be

treated as strictly confidential, and may not be used for any purpose other than the true-up

process, or in any proceeding, without the prior express consent of the Covered Parties'

Designees." *See* STEIN_LHOTE0006709-STEIN_LHOTE0006712; STEIN_LHOTE0007002-

STEIN_LHOTE0007005; STEIN_LHOTE0007539- STEIN_LHOTE0007542;

STEIN_LHOTE0008166-STEIN_LHOTE0008167.

Subject to and without waiving the foregoing objections: DENIED. Lhote responds that

the spreadsheets identified in Appendix A were produced on behalf of the Covered Parties'

Designees, not the Covered Parties.

**REQUEST NO. 26:**

Admit that Your counsel produced the spreadsheets listed in Appendix A to SKAT on

behalf of the Covered Parties pursuant to Section 2(e) of the Settlement Agreement as part of the

process to determine the True-Up Amount.

**RESPONSE:**

Lhote objects to this Request to the extent that it seeks an admission concerning

documents that contain statements made pursuant to Federal Rule of Evidence Rule 408 and, as a

result, are inadmissible. Lhote further directs SKAT to the correspondence by which the

spreadsheets listed in Appendix A were provided, which indicate that, pursuant to Wachtell,

Lipton, Rosen & Katz's "prior discussions" with SKAT's counsel, "the [s]preadsheets are to be

17

treated as strictly confidential, and may not be used for any purpose other than the true-up

process, or in any proceeding, without the prior express consent of the Covered Parties'

Designees." *See* STEIN_LHOTE0006709-STEIN_LHOTE0006712; STEIN_LHOTE0007002-

STEIN_LHOTE0007005; STEIN_LHOTE0007539- STEIN_LHOTE0007542;

STEIN_LHOTE0008166-STEIN_LHOTE0008167.

Subject to and without waiving the foregoing objections: DENIED.  Lhote responds that

the spreadsheets identified in Appendix A were produced on behalf of the Covered Parties'

Designees, not the Covered Parties.

**REQUEST NO. 27:**

Admit that, for each Plan listed in Appendix A, the corresponding spreadsheet listed in

Appendix A includes the Covered Parties' calculation of that Plan's Net Proceeds.

**RESPONSE:**

Lhote objects to this Request to the extent that it seeks an admission concerning

documents that contain statements made pursuant to Federal Rule of Evidence Rule 408 and, as a

result, are inadmissible.  Lhote further directs SKAT to the correspondence by which the

spreadsheets listed in Appendix A were provided, which indicate that, pursuant to Wachtell,

Lipton, Rosen & Katz's "prior discussions" with SKAT's counsel, "the [s]preadsheets are to be

treated as strictly confidential, and may not be used for any purpose other than the true-up

process, or in any proceeding, without the prior express consent of the Covered Parties'

Designees." *See* STEIN_LHOTE0006709-STEIN_LHOTE0006712; STEIN_LHOTE0007002-

STEIN_LHOTE0007005; STEIN_LHOTE0007539- STEIN_LHOTE0007542;

STEIN_LHOTE0008166-STEIN_LHOTE0008167.

Subject to and without waiving the foregoing objections: ADMITTED.

18

**REQUEST NO. 28:**

Admit that the Plans listed in Appendix B purported to engage in trading in both Danish and Belgian securities while using Solo Capital as a custodian.

**RESPONSE:**

Subject to and without waiving the foregoing objections: ADMITTED.

**REQUEST NO. 29:**

Admit that, as reflected in the spreadsheets listed in Appendix A, in calculating the Net Proceeds for the Plans listed in Appendix B, the Covered Parties attributed fees paid to Solo Capital between purported trading in Danish securities and purported trading in Belgian securities.

**RESPONSE:**

Lhote objects to this Request to the extent that it seeks an admission concerning documents that contain statements made pursuant to Federal Rule of Evidence Rule 408 and, as a result, are inadmissible.  Lhote further directs SKAT to the correspondence by which the spreadsheets listed in Appendix A were provided, which indicate that, pursuant to Wachtell, Lipton, Rosen & Katz's "prior discussions" with SKAT's counsel, "the [s]preadsheets are to be treated as strictly confidential, and may not be used for any purpose other than the true-up process, or in any proceeding, without the prior express consent of the Covered Parties' Designees." *See* STEIN_LHOTE0006709-STEIN_LHOTE0006712; STEIN_LHOTE0007002-STEIN_LHOTE0007005; STEIN_LHOTE0007539- STEIN_LHOTE0007542; STEIN_LHOTE0008166-STEIN_LHOTE0008167.  Lhote further objects to this Request to the extent that it incorrectly suggests the Covered Parties, instead of the Covered Parties' Designees, "attributed fees."

Subject to and without waiving the foregoing objections: ADMITTED.

19

**REQUEST NO. 30:**

Admit that, as reflected in the spreadsheets listed in Appendix A, in calculating the Net Proceeds for the Plans listed in Appendix B, the Covered Parties only sought to deduct from Net Proceeds fees that were attributed to Danish (rather than Belgian) purported trading.

**RESPONSE:**

Lhote objects to this Request to the extent that it seeks an admission concerning documents that contain statements made pursuant to Federal Rule of Evidence Rule 408 and, as a result, are inadmissible. Lhote further directs SKAT to the correspondence by which the spreadsheets listed in Appendix A were provided, which indicate that, pursuant to Wachtell, Lipton, Rosen & Katz's "prior discussions" with SKAT's counsel, "the [s]preadsheets are to be treated as strictly confidential, and may not be used for any purpose other than the true-up process, or in any proceeding, without the prior express consent of the Covered Parties' Designees." *See* STEIN_LHOTE0006709-STEIN_LHOTE0006712; STEIN_LHOTE0007002-STEIN_LHOTE0007005; STEIN_LHOTE0007539- STEIN_LHOTE0007542; STEIN_LHOTE0008166-STEIN_LHOTE0008167. Lhote further objects to this Request to the extent that it incorrectly suggests the Covered Parties, instead of the Covered Parties' Designees, "sought to deduct."

Subject to and without waiving the foregoing objections: ADMITTED.

**REQUEST NO. 31:**

Admit that, as reflected in the spreadsheets listed in Appendix A, in calculating the Net Proceeds for the Plans listed in Appendix C, the Covered Parties calculated fees paid to Ganymede by multiplying Gross Refund Amounts by 66.67%.

**RESPONSE:**

Lhote objects to this Request to the extent that it seeks an admission concerning documents that contain statements made pursuant to Federal Rule of Evidence Rule 408 and, as a result, are inadmissible. Lhote further directs SKAT to the correspondence by which the spreadsheets listed in Appendix A were provided, which indicate that, pursuant to Wachtell, Lipton, Rosen & Katz's "prior discussions" with SKAT's counsel, "the [s]preadsheets are to be treated as strictly confidential, and may not be used for any purpose other than the true-up process, or in any proceeding, without the prior express consent of the Covered Parties' Designees." *See* STEIN_LHOTE0006709-STEIN_LHOTE0006712; STEIN_LHOTE0007002-STEIN_LHOTE0007005; STEIN_LHOTE0007539- STEIN_LHOTE0007542; STEIN_LHOTE0008166-STEIN_LHOTE0008167. Lhote further objects to this Request to the extent that it incorrectly suggests the Covered Parties, instead of the Covered Parties' Designees, "calculated fees."

Subject to and without waiving the foregoing objections: ADMITTED.

**REQUEST NO. 32:**

Admit that, as reflected in certain spreadsheets listed in Appendix A, in calculating the Net Proceeds, the Covered Parties deducted fees paid by certain Plans to North Channel Bank in the aggregate amount of approximately DKK 24,966,021.

**RESPONSE:**

Lhote objects to this Request to the extent that it seeks an admission concerning documents that contain statements made pursuant to Federal Rule of Evidence Rule 408 and, as a result, are inadmissible. Lhote further directs SKAT to the correspondence by which the spreadsheets listed in Appendix A were provided, which indicate that, pursuant to Wachtell, Lipton, Rosen & Katz's "prior discussions" with SKAT's counsel, "the [s]preadsheets are to be

21

treated as strictly confidential, and may not be used for any purpose other than the true-up

process, or in any proceeding, without the prior express consent of the Covered Parties'

Designees." *See* STEIN_LHOTE0006709-STEIN_LHOTE0006712; STEIN_LHOTE0007002-

STEIN_LHOTE0007005; STEIN_LHOTE0007539- STEIN_LHOTE0007542;

STEIN_LHOTE0008166-STEIN_LHOTE0008167.  Lhote further objects to this Request to the

extent that it is vague, ambiguous and lacks the requisite specificity, including with regard to the

term "certain Plans."  Lhote further objects to this Request to the extent that it incorrectly

suggests the Covered Parties, instead of the Covered Parties' Designees, "deducted fees."

Subject to and without waiving the foregoing objections: Lhote lacks sufficient

information to admit or deny this request because it is unclear which "certain Plans" SKAT is

referring to and how SKAT has calculated the approximately DKK 24,966,021.  Upon further

specification by SKAT of the "certain Plans" and the methodology used for calculating the

approximately DKK 24,966,021, Lhote will endeavor to respond to this Request.

**REQUEST NO. 33:**

Admit that, for any Plans' purported transactions in Danish and Belgian shares with

North Channel Bank as a custodian, the counterparties to the Plans' transactions were customers

of North Channel Bank.

**RESPONSE:**

Lhote objects to the Request to the extent that it seeks discovery of information that is not

relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT's

allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense,

and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees

to North Channel Bank" are frivolous and do not fall within the scope of discovery.

Subject to and without waiving the foregoing objections: ADMITTED.

**REQUEST NO. 34:**

Admit that, for any Plans' purported transactions in Danish and Belgian shares with North Channel Bank as a custodian, the counterparties to the Plans' transactions paid fees to North Channel Bank in connection with those transactions.

**RESPONSE:**

Lhote objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous and do not fall within the scope of discovery.

Subject to and without waiving the foregoing objections: ADMITTED.

**REQUEST NO. 35:**

Admit that, in 2014, You had a direct or indirect Interest in/over North Channel Bank GmbH & Co. KGCompany, S.a.r.l.

**RESPONSE:**

Lhote objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous and do not fall within the scope of discovery.  Lhote further objects to this Request to the extent that it is vague, ambiguous and lacks the requisite specificity, including with regard to the term "North Channel Bank GmbH & Co. KGCompany, S.a.r.l."

23

Subject to and without waiving the foregoing objections: DENIED to the extent that North Channel Bank GmbH & Co. KGCompany, S.a.r.l. does not exist.  Lhote objects to this Request to the extent it refers to North Channel Bank GmbH & Co. KG on the grounds that it is outside the scope of Rule 26(b)(1) and, therefore, he will not respond to this Request.

**REQUEST NO. 36:**

Admit that, in 2014, You had a direct or indirect Interest in/over Oban Verwaltungs GmbH.

**RESPONSE:**

Lhote objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous and do not fall within the scope of discovery.

Subject to and without waiving the foregoing objections: Lhote objects to this Request on the grounds that it is outside the scope of Rule 26(b)(1) and, therefore, he will not respond to this Request.

**REQUEST NO. 37:**

Admit that, in 2014, You had a direct or indirect Interest in/over North Channel GmbH.

**RESPONSE:**

Lhote objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous and do not fall within the scope of discovery.

24

Subject to and without waiving the foregoing objections: Lhote objects to this Request on the grounds that it is outside the scope of Rule 26(b)(1) and, therefore, he will not respond to this Request.

**REQUEST NO. 38:**

Admit that, in 2014, You had a direct or indirect Interest in/over Oban Holding GmbH & Co. KG aA.

**RESPONSE:**

Lhote objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous and do not fall within the scope of discovery.

Subject to and without waiving the foregoing objections: Lhote objects to this Request on the grounds that it is outside the scope of Rule 26(b)(1) and, therefore, he will not respond to this Request.

**REQUEST NO. 39:**

Admit that, in 2014, You had a direct or indirect Interest in/over Oban Beteiligungs GmbH.

**RESPONSE:**

Lhote objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous and do not fall within the scope of discovery.

Subject to and without waiving the foregoing objections: Lhote objects to this Request on the grounds that it is outside the scope of Rule 26(b)(1) and, therefore, he will not respond to this Request.

**REQUEST NO. 40:**

Admit that, in 2014, You had a direct or indirect Interest in/over Oban Luxembourg Company, S.a.r.l.

**RESPONSE:**

Lhote objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous and do not fall within the scope of discovery.

Subject to and without waiving the foregoing objections: Lhote objects to this Request on the grounds that it is outside the scope of Rule 26(b)(1) and, therefore, he will not respond to this Request.

**REQUEST NO. 41:**

Admit that, in 2014, You had a direct or indirect Interest in/over Oban Holdings LLC.

**RESPONSE:**

Lhote objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous and do not fall within the scope of discovery.

Subject to and without waiving the foregoing objections: Lhote objects to this Request on the grounds that it is outside the scope of Rule 26(b)(1) and, therefore, he will not respond to this Request.

**REQUEST NO. 42:**

Admit that, in 2014, You had a direct or indirect Interest in/over Oban II.

**RESPONSE:**

Lhote objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous and do not fall within the scope of discovery.

Subject to and without waiving the foregoing objections: Lhote objects to this Request on the grounds that it is outside the scope of Rule 26(b)(1) and, therefore, he will not respond to this Request.

**REQUEST NO. 43:**

Admit that, in 2014, You had a direct or indirect Interest in/over Winch Holdings LLC.

**RESPONSE:**

Lhote objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous and do not fall within the scope of discovery.

Subject to and without waiving the foregoing objections: Lhote objects to this Request on the grounds that it is outside the scope of Rule 26(b)(1) and, therefore, he will not respond to this Request.

**REQUEST NO. 44:**

Admit that, in 2015, You had a direct or indirect Interest in/over North Channel Bank GmbH & Co. KGCompany, S.a.r.l.

**RESPONSE:**

Lhote objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous and do not fall within the scope of discovery.  Lhote further objects to this Request to the extent that it is vague, ambiguous and lacks the requisite specificity, including with regard to the term "North Channel Bank GmbH & Co. KGCompany, S.a.r.l."

Subject to and without waiving the foregoing objections: DENIED to the extent that North Channel Bank GmbH & Co. KGCompany, S.a.r.l. does not exist.  Lhote objects to this Request to the extent it refers to North Channel Bank GmbH & Co. KG on the grounds that it is outside the scope of Rule 26(b)(1) and, therefore, he will not respond to this Request.

**REQUEST NO. 45:**

Admit that, in 2015, You had a direct or indirect Interest in/over Oban Verwaltungs GmbH.

**RESPONSE:**

Lhote objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous and do not fall within the scope of discovery.

Subject to and without waiving the foregoing objections: Lhote objects to this Request on the grounds that it is outside the scope of Rule 26(b)(1) and, therefore, he will not respond to this Request.

**REQUEST NO. 46:**

Admit that, in 2015, You had a direct or indirect Interest in/over North Channel GmbH.

**RESPONSE:**

Lhote objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous and do not fall within the scope of discovery.

Subject to and without waiving the foregoing objections: Lhote objects to this Request on the grounds that it is outside the scope of Rule 26(b)(1) and, therefore, he will not respond to this Request.

**REQUEST NO. 47:**

Admit that, in 2015, You had a direct or indirect Interest in/over Oban Holding GmbH & Co. KG aA.

**RESPONSE:**

Lhote objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous and do not fall within the scope of discovery.

Subject to and without waiving the foregoing objections: Lhote objects to this Request on the grounds that it is outside the scope of Rule 26(b)(1) and, therefore, he will not respond to this Request.

**REQUEST NO. 48:**

Admit that, in 2015, You had a direct or indirect Interest in/over Oban Beteiligungs GmbH.

**RESPONSE:**

Lhote objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous and do not fall within the scope of discovery.

Subject to and without waiving the foregoing objections: Lhote objects to this Request on the grounds that it is outside the scope of Rule 26(b)(1) and, therefore, he will not respond to this Request.

**REQUEST NO. 49:**

Admit that, in 2015, You had a direct or indirect Interest in/over Oban Luxembourg Company, S.a.r.l.

**RESPONSE:**

Lhote objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous and do not fall within the scope of discovery.

Subject to and without waiving the foregoing objections: Lhote objects to this Request on the grounds that it is outside the scope of Rule 26(b)(1) and, therefore, he will not respond to this Request.

**REQUEST NO. 50:**

Admit that, in 2015, You had a direct or indirect Interest in/over Oban Holdings LLC.

**RESPONSE:**

Lhote objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous and do not fall within the scope of discovery.

Subject to and without waiving the foregoing objections: Lhote objects to this Request on the grounds that it is outside the scope of Rule 26(b)(1) and, therefore, he will not respond to this Request.

**REQUEST NO. 51:**

Admit that, in 2015, You had a direct or indirect Interest in/over Oban II.

**RESPONSE:**

Lhote objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous and do not fall within the scope of discovery.

Subject to and without waiving the foregoing objections: Lhote objects to this Request on the grounds that it is outside the scope of Rule 26(b)(1) and, therefore, he will not respond to this Request.

**REQUEST NO. 52:**

Admit that, in 2015, You had a direct or indirect Interest in/over Winch Holdings LLC.

**RESPONSE:**

Lhote objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous and do not fall within the scope of discovery.

Subject to and without waiving the foregoing objections: Lhote objects to this Request on the grounds that it is outside the scope of Rule 26(b)(1) and, therefore, he will not respond to this Request.

**REQUEST NO. 53:**

Admit that, in 2014, You, Matthew Stein, and Luke McGee had a combined controlling Interest in/over North Channel Bank GmbH & Co. KGCompany, S.a.r.l.

**RESPONSE:**

Lhote objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous and do not fall within the scope of discovery. Lhote further objects to this Request to the extent that it is vague, ambiguous and lacks the requisite specificity, including with regard to the term "North Channel Bank GmbH & Co. KGCompany, S.a.r.l."

Subject to and without waiving the foregoing objections: DENIED to the extent that North Channel Bank GmbH & Co. KGCompany, S.a.r.l. does not exist. Lhote objects to this Request to the extent it refers to North Channel Bank GmbH & Co. KG on the grounds that it is outside the scope of Rule 26(b)(1) and, therefore, he will not respond to this Request.

**REQUEST NO. 54:**

Admit that, in 2014, You, Matthew Stein, and Luke McGee had a combined controlling Interest in/over Oban Verwaltungs GmbH.

**RESPONSE:**

Lhote objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous and do not fall within the scope of discovery.

Subject to and without waiving the foregoing objections: Lhote objects to this Request on the grounds that it is outside the scope of Rule 26(b)(1) and, therefore, he will not respond to this Request.

**REQUEST NO. 55:**

Admit that, in 2014, You, Matthew Stein, and Luke McGee had a combined controlling Interest in/over North Channel GmbH.

**RESPONSE:**

Lhote objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous and do not fall within the scope of discovery.

Subject to and without waiving the foregoing objections: Lhote objects to this Request on the grounds that it is outside the scope of Rule 26(b)(1) and, therefore, he will not respond to this Request.

**REQUEST NO. 56:**

Admit that, in 2014, You, Matthew Stein, and Luke McGee had a combined controlling Interest in/over Oban Holding GmbH & Co. KG aA.

**RESPONSE:**

Lhote objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged

34

improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous and do not fall within the scope of discovery.

Subject to and without waiving the foregoing objections: Lhote objects to this Request on the grounds that it is outside the scope of Rule 26(b)(1) and, therefore, he will not respond to this Request.

**REQUEST NO. 57:**

Admit that, in 2014, You, Matthew Stein, and Luke McGee had a combined controlling Interest in/over Oban Beteiligungs GmbH.

**RESPONSE:**

Lhote objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous and do not fall within the scope of discovery.

Subject to and without waiving the foregoing objections: Lhote objects to this Request on the grounds that it is outside the scope of Rule 26(b)(1) and, therefore, he will not respond to this Request.

**REQUEST NO. 58:**

Admit that, in 2014, You, Matthew Stein, and Luke McGee had a combined controlling Interest in/over Oban Luxembourg Company, S.a.r.l.

**RESPONSE:**

Lhote objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case within the

meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous and do not fall within the scope of discovery.

Subject to and without waiving the foregoing objections: Lhote objects to this Request on the grounds that it is outside the scope of Rule 26(b)(1) and, therefore, he will not respond to this Request.

**REQUEST NO. 59:**

Admit that, in 2014, You, Matthew Stein, and Luke McGee had a combined controlling Interest in/over Oban Holdings LLC.

**RESPONSE:**

Lhote objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous and do not fall within the scope of discovery.

Subject to and without waiving the foregoing objections: Lhote objects to this Request on the grounds that it is outside the scope of Rule 26(b)(1) and, therefore, he will not respond to this Request.

**REQUEST NO. 60:**

Admit that, in 2014, You, Matthew Stein, and Luke McGee had a combined controlling Interest in/over Oban II.

**RESPONSE:**

Lhote objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous and do not fall within the scope of discovery.

Subject to and without waiving the foregoing objections: Lhote objects to this Request on the grounds that it is outside the scope of Rule 26(b)(1) and, therefore, he will not respond to this Request.

**REQUEST NO. 61:**

Admit that, in 2015, You, Matthew Stein, and Luke McGee had a combined controlling Interest in/over North Channel Bank GmbH & Co. KGCompany, S.a.r.l.

**RESPONSE:**

Lhote objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous and do not fall within the scope of discovery.  Lhote further objects to this Request to the extent that it is vague, ambiguous and lacks the requisite specificity, including with regard to the term "North Channel Bank GmbH & Co. KGCompany, S.a.r.l."

Subject to and without waiving the foregoing objections: DENIED to the extent that North Channel Bank GmbH & Co. KGCompany, S.a.r.l. does not exist.  Lhote objects to this

37

Request to the extent it refers to North Channel Bank GmbH & Co. KG on the grounds that it is outside the scope of Rule 26(b)(1) and, therefore, he will not respond to this Request.

**REQUEST NO. 62:**

Admit that, in 2015, You, Matthew Stein, and Luke McGee had a combined controlling Interest in/over Oban Verwaltungs GmbH.

**RESPONSE:**

Lhote objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous and do not fall within the scope of discovery.

Subject to and without waiving the foregoing objections: Lhote objects to this Request on the grounds that it is outside the scope of Rule 26(b)(1) and, therefore, he will not respond to this Request.

**REQUEST NO. 63:**

Admit that, in 2015, You, Matthew Stein, and Luke McGee had a combined controlling Interest in/over North Channel GmbH.

**RESPONSE:**

Lhote objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged

improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous and do not fall within the scope of discovery.

Subject to and without waiving the foregoing objections: Lhote objects to this Request on the grounds that it is outside the scope of Rule 26(b)(1) and, therefore, he will not respond to this Request.

**REQUEST NO. 64:**

Admit that, in 2015, You, Matthew Stein, and Luke McGee had a combined controlling Interest in/over Oban Holding GmbH & Co. KG aA.

**RESPONSE:**

Lhote objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous and do not fall within the scope of discovery.

Subject to and without waiving the foregoing objections: Lhote objects to this Request on the grounds that it is outside the scope of Rule 26(b)(1) and, therefore, he will not respond to this Request.

**REQUEST NO. 65:**

Admit that, in 2015, You, Matthew Stein, and Luke McGee had a combined controlling Interest in/over Oban Beteiligungs GmbH.

**RESPONSE:**

Lhote objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case within the

39

meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous and do not fall within the scope of discovery.

Subject to and without waiving the foregoing objections: Lhote objects to this Request on the grounds that it is outside the scope of Rule 26(b)(1) and, therefore, he will not respond to this Request.

**REQUEST NO. 66:**

Admit that, in 2015, You, Matthew Stein, and Luke McGee had a combined controlling Interest in/over Oban Luxembourg Company, S.a.r.l.

**RESPONSE:**

Lhote objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous and do not fall within the scope of discovery.

Subject to and without waiving the foregoing objections: Lhote objects to this Request on the grounds that it is outside the scope of Rule 26(b)(1) and, therefore, he will not respond to this Request.

**REQUEST NO. 67:**

Admit that, in 2015, You, Matthew Stein, and Luke McGee had a combined controlling Interest in/over Oban Holdings LLC.

**RESPONSE:**

Lhote objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous and do not fall within the scope of discovery.

Subject to and without waiving the foregoing objections: Lhote objects to this Request on the grounds that it is outside the scope of Rule 26(b)(1) and, therefore, he will not respond to this Request.

**REQUEST NO. 68:**

Admit that, in 2015, You, Matthew Stein, and Luke McGee had a combined controlling Interest in/over Oban II.

**RESPONSE:**

Lhote objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous and do not fall within the scope of discovery.

Subject to and without waiving the foregoing objections: Lhote objects to this Request on the grounds that it is outside the scope of Rule 26(b)(1) and, therefore, he will not respond to this Request.

Dated: New York, New York
      July 23, 2024

MCKOOL SMITH P.C.

/s/

By: _____
     Daniel W. Levy
     dlevy@mckoolsmith.com
     1301 Avenue of the Americas
     32nd Floor
     New York, New York  10011
     Telephone: (212) 402-9400

     *Attorney for Plaintiffs Matthew Stein*
     *and Jerome Lhote*

## <u>CERTIFICATE OF SERVICE</u>

DANIEL W. LEVY, pursuant to Title 28, United States Code, Section 1746, declares under the penalty of perjury:

1.      I am an attorney licensed to practice law in the State of New York and admitted to practice before this Court.  I am principal in the law firm of McKool Smith P.C. and counsel of record for Matthew Stein and Jerome Lhote.

2.      On July 23, 2024, I caused a true and correct copy of the foregoing MATTHEW JEROME LHOTE'S OBJECTIONS AND RESPONSES TO SKATTEFORVALTNINGEN'S FIRST REQUESTS FOR ADMISSION to be served via e-mail upon the following attorneys:

> William R. Maguire
> Marc Alan Weinstein
> Neil John Oxford
> John Thomas McGoey
> Dustin Philip Smith
> Hughes Hubbard & Reed LLP
>
> *Attorneys for Defendant-Counterclaim*
> *Plaintiff Skatteforvaltningen*
>
> Robert H. Pees
> Anne M. Evans
> Ilana R. Roberts
> Akin Gump Strauss Hauer & Feld LLP
>
> Daniel S. Newman
> Justin Kaplan
> Edgar A. Neely
> Nelson Mullins Riley & Scarborough
>
> *Attorneys for Counterclaim Defendant*
> *Luke McGee*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on July 23, 2024, at New York, New York.

/s/

_____

Daniel W. Levy