# Exhibit 525

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CASE NO. 1:23-CV-02508-NRB

MATTHEW STEIN and JEROME LHOTE,

                              Plaintiffs,

        v.

SKATTEFORVALTNINGEN,

                              Defendant,

        and

LUKE MCGEE,

                        Nominal Defendant.

SKATTEFORVALTNINGEN,

                Counterclaim Plaintiff,

        v.

MATTHEW STEIN, JEROME LHOTE, and
LUKE MCGEE,

                Counterclaim Defendants.

**NOMINAL DEFENDANT/COUNTERCLAIM DEFENDANT LUKE MCGEE'S**
**RESPONSES TO SKATTEFORVALTNINGEN'S**
**FIRST REQUESTS FOR ADMISSION TO LUKE MCGEE**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Nominal

Defendant/Counterclaim Defendant Luke McGee ("McGee"), through undersigned counsel,

serves his Responses to Defendant / Counterclaim Plaintiff Skatteforvaltningen's ("Defendant" or "SKAT")  First Requests for Admission to McGee (the "Requests"), responding as follows:

## GENERAL OBJECTIONS

1.      McGee objects to the Requests to the extent that they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure (the "Federal Rules"), the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), or any other applicable rule of law.

2.      McGee objects to the Requests to the extent that they seek information that is protected from disclosure by any applicable privilege, protection, or immunity, foreign or domestic, including but not limited to the attorney-client privilege, the attorney work-product doctrine ("work-product doctrine"), and the common interest doctrine.

3.      McGee objects to the Requests to the extent that any specific Request is cumulative, redundant, or duplicative of any other Requests on the grounds that such a Request is overbroad and unduly burdensome.

4.      McGee objects to the Requests to the extent they are vague, ambiguous, overbroad, oppressive, harassing, unduly burdensome, or employ imprecise descriptions of the information sought such that they lack the requisite specificity.

5.      McGee objects to the Requests to the extent they request.  McGee's responses are based upon his understanding of available information.

6.      McGee objects to the Requests to the extent that they seek discovery of information that is not relevant to any party's claims or defenses or not proportional to the needs of the case within the meaning of Rule 26(b)(1).

7.     McGee also objects to the Requests as exceeding the scope of permissible discovery under Federal Rule 26(b)(1) to the extent that the burden or expense imposed by any Request outweighs its likely benefit.

8.     McGee objects to the Requests to the extent that they purport to require unreasonably costly and/or time-consuming measures to locate and produce responsive information.  McGee will construe each Request to require only a reasonable search of the reasonably accessible files in which McGee would reasonably expect to find information responsive to such Request, and McGee objects to any Request as unduly burdensome to the extent that it purports to require anything else.

9.     The specific responses set forth below are based upon information presently available to McGee after a reasonably diligent search.  McGee reserves the right at any time to revise, correct, add to, or clarify the specific responses set forth below.

10.     McGee is providing these responses without any waiver of or prejudice to their right, at any later time, to raise objections to: (a) any further demand or discovery involving or relating to the matters raised in the Requests; or (b) the relevance, materiality, or admissibility of: (i) the Request or any part thereof; or (ii) statements made in this Response to the Request or any part thereof.

11.     Any production of information shall be without waiver of any of the General or Specific Objections set forth herein and shall not be construed as an agreement that McGee will agree to a similar or analogous approach in response to other Requests for similar information.

12.     McGee makes these responses based upon the knowledge as of the date of these responses, and will supplement them only to the extent required by applicable law, regulation, rule or court order.  McGee hereby reserves the right to introduce into evidence at trial, hearing

3

or other proceedings in this action information discovered subsequent to the date of these responses.

13.      Each of the foregoing General Objections is incorporated by reference into each specific response below, even if not expressly stated herein.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      Each objection to a Definition or Instruction applies to that specified Definition or Instruction and to any Definition, Instruction, or Request that incorporates that Definition or Instruction.

2.      McGee objects to the definition of "North Channel Bank" as overbroad.  McGee's Responses interpret and use the term "North Channel Bank" to mean North Channel Bank GmbH & Co. KG.

3.      McGee objects to the definition of "True-Up Amount" as vague and ambiguous because the Settlement Agreement does not contain a definition, or reference to, any such term in Section 2(c)(iii).  McGee's Responses interpret and use the term "True-Up Amount" as it is defined in Section 2(e)(iii) of the Settlement Agreement.

4.      McGee objects to the definition of "You" or "Your" to the extent it purports to use a definition or rule of construction broader than set forth in the Local Rules, in contravention of Local Civil Rule 26.3(a).

## RESPONSES TO REQUESTS FOR ADMISSION

**Request for Admission No. 1:**

Admit that You never provided the Settlement Agreement to SØIK.

> **RESPONSE: McGee objects to the Request to the extent that it seeks discovery of information that is not relevant any party's claims or defenses within the meaning of Rule 26(b)(1) because whether or not McGee provided the Settlement Agreement to SØIK has no bearing on any party's claims or defenses.**

**Subject to and without waiving the foregoing objections: ADMITTED.**

<u>**Request for Admission No. 2:**</u>

Admit that, prior to your participation in this lawsuit, You did not inform SKAT that the 2019 Affidavit of Confession of Judgment was unenforceable for any reason.

> <u>**RESPONSE:**</u> **McGee objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because the validity of the 2019 Affidavit of Confession of Judgment is not at issue. The 2019 Affidavit of Confession of Judgment was, in effect, superseded by the 2021 Affidavit of Confession of Judgment and it expired by its terms pursuant to CPLR 3218 on or about May 28, 2022.**

> **Subject to and without waiving the foregoing objections: ADMITTED.**

<u>**Request for Admission No. 3:**</u>

Admit that, prior to your participation in this lawsuit, You did not inform SKAT that the 2021 Affidavit of Confession of Judgment was unenforceable for any reason.

> <u>**RESPONSE:**</u> **McGee objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1).**

> **Subject to and without waiving the foregoing objections: ADMITTED.**

<u>**Request for Admission No. 4:**</u>

Admit that, when You executed the 2019 Affidavit of Confession of Judgment, You believed it was enforceable.

> <u>**RESPONSE:**</u> **McGee objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because the validity of the 2019 Affidavit of Confession of Judgment is not at issue. The 2019 Affidavit of Confession of Judgment was, in effect, superseded by the 2021 Affidavit of Confession of Judgment and it expired by its terms pursuant to CPLR 3218 on or about May 28, 2022. McGee further objects to this Request to the extent that it is vague, ambiguous and lacks the requisite specificity, including with regard to the term "believed." McGee further objects to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection from disclosure.**

> **Subject to and without waiving the foregoing objections: McGee cannot admit or deny this Request because he has no present recollection as to whether he believed the 2019 Affidavit of Confession of Judgment was enforceable at the time it was executed.**

**Request for Admission No. 5:**

Admit that, when You executed the 2021 Affidavit of Confession of Judgment, You believed it was enforceable.

> **RESPONSE: McGee objects to this Request to the extent that it is vague, ambiguous and lacks the requisite specificity, including with regard to the term "believed." McGee further objects to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection from disclosure.**
>
> **Subject to and without waiving the foregoing objections: McGee cannot admit or deny this Request because has no present recollection as to whether he believed the 2021 Affidavit of Confession of Judgment was enforceable at the time it was executed.**

**Request for Admission No. 6:**

Admit that the total payments made to SKAT by the Covered Parties under the Settlement Agreement was 1,010,424,596.57 DKK.

> **RESPONSE:**
>
> **Subject to and without waiving the foregoing General Objections: ADMITTED.**

**Request for Admission No. 7:**

Admit that the Tenth Quarterly Progress Report was the last status report concerning Illiquid Assets sent on Your behalf to SKAT.

> **RESPONSE: McGee objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT does not allege any breach of the Settlement Agreement related to the quarterly progress reports or Illiquid Assets.**
>
> **Subject to and without waiving the foregoing objections: McGee cannot admit or deny this Request because he has no present recollection as to the Tenth Quarterly Progress Report was the last status report concerning Illiquid Assets sent on his behalf to SKAT.**

**Request for Admission No. 8:**

Admit that You did not notify SKAT of its purported breach of the Settlement Agreement prior to Your involvement in this litigation.

> **RESPONSE: McGee objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the**

meaning of Rule 26(b)(1) because informing SKAT of the purported breach of the Settlement Agreement would have been futile.

**Subject to and without waiving the foregoing objections: ADMITTED.**

**Request for Admission No. 9:**

Admit that prior to the commencement of this litigation, You did not provide to SKAT written notice of its purported breach pursuant to Section 11 of the Settlement Agreement.

> **RESPONSE: McGee objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because informing SKAT of the purported breach would have been futile.**

> **Subject to and without waiving the foregoing objections: ADMITTED.**

**Request for Admission No. 10:**

Admit that prior to the commencement of this litigation, You did not provide to SKAT an opportunity to cure pursuant to Section 11 of the Settlement Agreement.

> **RESPONSE: McGee objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses because informing SKAT of the purported breach would have been futile.**

> **Subject to and without waiving the foregoing objections: ADMITTED.**

**Request for Admission No. 11:**

Admit that Bech-Bruun has not asserted any claim for set-off, apportionment, contribution, or common-law indemnification against You.

> **RESPONSE: McGee objects to this Request to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection from disclosure.**

> **Subject to and without waiving the foregoing objections: ADMITTED.**

**Request for Admission No. 12:**

Admit that prior to Your participation in this lawsuit, You never raised with or requested from SKAT an adjustment of amounts due by You to SKAT under the Settlement Agreement related to judgments obtained by SKAT against any third party or judgment credits.

> **RESPONSE: Subject to and without waiving the foregoing objections: ADMITTED because McGee was not aware that SKAT had recovered funds from any other persons or entities until after approximately November 20, 2023, when the Danish court decision concerning Bech Bruun was issued and became public. McGee is also**

**unaware of any amounts that SKAT has recovered from other persons or entities besides Bech Bruun and SKAT itself was unable to identify the other parties from which it has recovered its claimed losses.**

## Request for Admission No. 13:

Admit that You continued negotiations with SKAT regarding the True-Up calculation up to and following the date on which this lawsuit was commenced.

> **RESPONSE: McGee objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because the timing of the negotiation of the True-Up calculation is irrelevant to SKAT's claims. McGee further objects to this Request to the extent that it seeks an admission concerning negotiations pursuant to Federal Rule of Evidence Rule 408 that are inadmissible because they are "statement[s] made during compromise negotiations about the claim."**

> **Subject to and without waiving the foregoing objections: ADMITTED.**

## Request for Admission No. 14:

Admit that North Channel Bank did not distribute any dividends for the business year 2016.

> **RESPONSE: McGee objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous and do not fall within the scope of discovery.**

> **Subject to and without waiving the foregoing objections: McGee objects to this Request on the grounds that it is outside the scope of Rule 26(b)(1) and therefore he will not respond to this Request.**

## Request for Admission No. 15:

Admit that North Channel Bank did not distribute any dividends for the business year 2017.

> **RESPONSE: McGee objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous and do not fall within the scope of discovery.**

**Subject to and without waiving the foregoing objections: McGee objects to this Request on the grounds that it is outside the scope of Rule 26(b)(1) and therefore he will not respond to this Request.**

## Request for Admission No. 16:

Admit that North Channel Bank did not distribute any dividends for the business year 2018.

> **RESPONSE: McGee objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous and do not fall within the scope of discovery.**
>
> **Subject to and without waiving the foregoing objections: McGee objects to this Request on the grounds that it is outside the scope of Rule 26(b)(1) and therefore he will not respond to this Request.**

## Request for Admission No. 17:

Admit that North Channel Bank distributed a dividend in the amount of EUR 3,753,481.84 for the business year 2014 to its two shareholders, Oban Beteiligungsgesellschaft mbH and North Channel GmbH, pro rata in the amount of each shareholder's ownership Interest in North Channel Bank.

> **RESPONSE: McGee objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous and do not fall within the scope of discovery.**
>
> **Subject to and without waiving the foregoing objections: McGee objects to this Request on the grounds that it is outside the scope of Rule 26(b)(1) and therefore he will not respond to this Request.**

## Request for Admission No. 18:

Admit that North Channel GmbH and Oban Beteiligungsgesellschaft mbH had ownership Interests of 99.99% and .01%, respectively, in North Channel Bank for the business year 2014.

> **RESPONSE: McGee objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous and do not fall within the scope of discovery.**

**Subject to and without waiving the foregoing objections: McGee objects to this Request on the grounds that it is outside the scope of Rule 26(b)(1) and therefore he will not respond to this Request.**

## Request for Admission No. 19:

Admit that North Channel Bank distributed a dividend in the amount of EUR 5,476,134.35 for the business year 2015 to its two shareholders, Oban Beteiligungsgesellschaft mbH and North Channel GmbH, pro rata in the amount of each shareholder's ownership Interest in North Channel Bank.

> **RESPONSE: McGee objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous and do not fall within the scope of discovery.**

> **Subject to and without waiving the foregoing objections: McGee objects to this Request on the grounds that it is outside the scope of Rule 26(b)(1) and therefore he will not respond to this Request.**

## Request for Admission No. 20:

Admit that North Channel GmbH and Oban Beteiligungsgesellschaft mbH had ownership Interests of 99.99% and .01%, respectively, in North Channel Bank for the business year 2015.

> **RESPONSE: McGee objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous and do not fall within the scope of discovery.**

> **Subject to and without waiving the foregoing objections: McGee objects to this Request on the grounds that it is outside the scope of Rule 26(b)(1) and therefore he will not respond to this Request.**

## Request for Admission No. 21:

Admit that the correspondence produced in this litigation by Matthew Stein and Jerome Lhote, within the Bates range STEIN_LHOTE0000001-0009988, between representatives of SØIK and counsel for any of Stein, Lhote and/or McGee are authentic documents.

> **RESPONSE: McGee objects to this Request to the extent that it is vague, ambiguous, and lacks the requisite specificity because it does not identify the "correspondence" SKAT seeks to authenticate. McGee further objects because the Bates range STEIN_LHOTE0000001-0009988 does not exclusively contain**

"correspondence" between representatives of SØIK and counsel for any of Stein, Lhote, and/or McGee.

Subject to and without waiving the foregoing objections: McGee lacks sufficient information to admit or deny this request.

**Request for Admission No. 22:**

Admit that Your counsel produced the spreadsheets listed in Appendix A to SKAT.

> **RESPONSE:** McGee objects to this Request to the extent that it seeks an admission concerning documents that contain statements made pursuant to Federal Rule of Evidence 408 and, as a result, are inadmissible. McGee further directs SKAT to the correspondence by which the spreadsheets listed in Appendix A were provided, which indicate that, pursuant to Wachtell, Lipton, Rosen & Katz's "prior discussions" with SKAT's counsel, "the [s]preadsheets are to be treated as strictly confidential, and may not be used for any purpose other than the true-up process, or in any proceeding, without the prior express consent of the Covered Parties' Designees." *See* STEIN_LHOTE0006709-STEIN_LHOTE0006712; STEIN_LHOTE0007002-STEIN_LHOTE0007005; STEIN_LHOTE0007539-STEIN_LHOTE0007542; STEIN_LHOTE0008166-STEIN_LHOTE0008167.
>
> Subject to and without waiving the foregoing objections: ADMITTED.

**Request for Admission No. 23:**

Admit that Your counsel produced the spreadsheets listed in Appendix A to SKAT on behalf of the Covered Parties.

> **RESPONSE:** McGee objects to this Request to the extent that it seeks an admission concerning documents that contain statements made pursuant to Federal Rule of Evidence 408 and, as a result, are inadmissible. McGee further directs SKAT to the correspondence by which the spreadsheets listed in Appendix A were provided, which indicate that, pursuant to Wachtell, Lipton, Rosen & Katz's "prior discussions" with SKAT's counsel, "the [s]preadsheets are to be treated as strictly confidential, and may not be used for any purpose other than the true-up process, or in any proceeding, without the prior express consent of the Covered Parties' Designees." *See* STEIN_LHOTE0006709-STEIN_LHOTE0006712; STEIN_LHOTE0007002-STEIN_LHOTE0007005; STEIN_LHOTE0007539-STEIN_LHOTE0007542; STEIN_LHOTE0008166-STEIN_LHOTE0008167.
>
> Subject to and without waiving the foregoing objections: DENIED. McGee responds that the spreadsheets identified in Appendix A were produced on behalf of the Covered Parties' Designees, not the Covered Parties.

**Request for Admission No. 24:**

Admit that Your counsel produced the spreadsheets listed in Appendix A to SKAT on behalf of the Covered Parties pursuant to Section 2(e) of the Settlement Agreement as part of the process to determine the True-Up Amount.

> **RESPONSE: McGee objects to this Request to the extent that it seeks an admission concerning documents that contain statements made pursuant to Federal Rule of Evidence Rule 408 and, as a result, are in inadmissible. McGee further directs SKAT to the correspondence by which the spreadsheets listed in Appendix A were provided, which indicate that, pursuant to Wachtell, Lipton, Rosen & Katz's "prior discussions" with SKAT's counsel, "the [s]preadsheets are to be treated as strictly confidential, and may not be used for any purpose other than the true-up process, or in any proceeding, without the prior express consent of the Covered Parties' Designees."** *See* **STEIN_LHOTE0006709-STEIN_LHOTE0006712; STEIN_LHOTE0007002-STEIN_LHOTE0007005; STEIN_LHOTE0007539-STEIN_LHOTE0007542; STEIN_LHOTE0008166-STEIN_LHOTE0008167.**

> **Subject to and without waiving the foregoing objections: DENIED. McGee responds that the spreadsheets identified in Appendix A were produced on behalf of the Covered Parties' Designees, not the Covered Parties.**

## Request for Admission No. 25:

Admit that, for each Plan listed in Appendix A, the corresponding spreadsheet listed in Appendix A includes the Covered Parties' calculation of that Plan's Net Proceeds.

> **RESPONSE: McGee objects to this Request to the extent that it seeks an admission concerning documents that contain statements made pursuant to Federal Rule of Evidence Rule 408 and, as a result, are in inadmissible. McGee further directs SKAT to the correspondence by which the spreadsheets listed in Appendix A were provided, which indicate that, pursuant to Wachtell, Lipton, Rosen & Katz's "prior discussions" with SKAT's counsel, "the [s]preadsheets are to be treated as strictly confidential, and may not be used for any purpose other than the true-up process, or in any proceeding, without the prior express consent of the Covered Parties' Designees."** *See* **STEIN_LHOTE0006709-STEIN_LHOTE0006712; STEIN_LHOTE0007002-STEIN_LHOTE0007005; STEIN_LHOTE0007539-STEIN_LHOTE0007542; STEIN_LHOTE0008166-STEIN_LHOTE0008167.**

> **Subject to and without waiving the foregoing objections: ADMITTED.**

## Request for Admission No. 26:

Admit that the Plans listed in Appendix B purported to engage in trading in both Danish and Belgian securities while using Solo Capital as a custodian.

> **RESPONSE: Subject to and without waiving the foregoing objections: ADMITTED only as to the following Plans listed in Appendix B: ███████████████████, ██████████████, and ███████████████████. McGee**

**lacks sufficient information to admit or deny this request as to the remainder of the Plans listed in Appendix B.**

<u>**Request for Admission No. 27:**</u>

Admit that, as reflected in the spreadsheets listed in Appendix A, in calculating the Net Proceeds for the Plans listed in Appendix B, the Covered Parties attributed fees paid to Solo Capital between purported trading in Danish securities and purported trading in Belgian securities.

> **<u>RESPONSE:</u> McGee objects to this Request to the extent that it seeks an admission concerning documents that contain statements made pursuant to Federal Rule of Evidence Rule 408 and, as a result, are in inadmissible.  McGee further directs SKAT to the correspondence by which the spreadsheets listed in Appendix A were provided, which indicate that, pursuant to Wachtell, Lipton, Rosen & Katz's "prior discussions" with SKAT's counsel, "the [s]preadsheets are to be treated as strictly confidential, and may not be used for any purpose other than the true-up process, or in any proceeding, without the prior express consent of the Covered Parties' Designees."  *See* STEIN_LHOTE0006709-STEIN_LHOTE0006712; STEIN_LHOTE0007002-STEIN_LHOTE0007005; STEIN_LHOTE0007539-STEIN_LHOTE0007542; STEIN_LHOTE0008166-STEIN_LHOTE0008167.  McGee further objects to this Request to the extent that it incorrectly suggests the Covered Parties, instead of the Covered Parties' Designees, "attributed fees."**
>
> **Subject to and without waiving the foregoing objections: McGee lacks sufficient information to admit or deny this request.**

<u>**Request for Admission No. 28:**</u>

Admit that, as reflected in the spreadsheets listed in Appendix A, in calculating the Net Proceeds for the Plans listed in Appendix B, the Covered Parties only sought to deduct from Net Proceeds fees that were attributed to Danish (rather than Belgian) purported trading.

> **<u>RESPONSE:</u> McGee objects to this Request to the extent that it seeks an admission concerning documents that contain statements made pursuant to Federal Rule of Evidence Rule 408 and, as a result, are in inadmissible.  McGee further directs SKAT to the correspondence by which the spreadsheets listed in Appendix A were provided, which indicate that, pursuant to Wachtell, Lipton, Rosen & Katz's "prior discussions" with SKAT's counsel, "the [s]preadsheets are to be treated as strictly confidential, and may not be used for any purpose other than the true-up process, or in any proceeding, without the prior express consent of the Covered Parties' Designees."  *See* STEIN_LHOTE0006709-STEIN_LHOTE0006712; STEIN_LHOTE0007002-STEIN_LHOTE0007005; STEIN_LHOTE0007539-STEIN_LHOTE0007542; STEIN_LHOTE0008166-STEIN_LHOTE0008167.  McGee further objects to this Request to the extent that it incorrectly suggests the Covered Parties, instead of the Covered Parties' Designees, "sought to deduct."**

**Subject to and without waiving the foregoing objections: McGee lacks sufficient information to admit or deny this request.**

**Request for Admission No. 29:**

Admit that, as reflected in the spreadsheets listed in Appendix A, in calculating the Net Proceeds for the Plans listed in Appendix C, the Covered Parties calculated fees paid to Ganymede by multiplying Gross Refund Amounts by 66.67%.

> **RESPONSE: McGee objects to this Request to the extent that it seeks an admission concerning documents that contain statements made pursuant to Federal Rule of Evidence Rule 408 and, as a result, are in inadmissible.  McGee further directs SKAT to the correspondence by which the spreadsheets listed in Appendix A were provided, which indicate that, pursuant to Wachtell, Lipton, Rosen & Katz's "prior discussions" with SKAT's counsel, "the [s]preadsheets are to be treated as strictly confidential, and may not be used for any purpose other than the true-up process, or in any proceeding, without the prior express consent of the Covered Parties' Designees."  _See_ STEIN_LHOTE0006709-STEIN_LHOTE0006712; STEIN_LHOTE0007002-STEIN_LHOTE0007005; STEIN_LHOTE0007539-STEIN_LHOTE0007542; STEIN_LHOTE0008166-STEIN_LHOTE0008167. McGee further objects to this Request to the extent that it incorrectly suggests the Covered Parties, instead of the Covered Parties' Designees, "calculated fees."**
>
> **Subject to and without waiving the foregoing objections: McGee lacks sufficient information to admit or deny this request.**

**Request for Admission No. 30:**

Admit that, as reflected in certain spreadsheets listed in Appendix A, in calculating the Net Proceeds, the Covered Parties deducted fees paid by certain Plans to North Channel Bank in the aggregate amount of approximately DKK 24,966,021.

> **RESPONSE: McGee objects to this Request to the extent that it seeks an admission concerning documents that contain statements made pursuant to Federal Rule of Evidence Rule 408 and, as a result, are in inadmissible.  McGee further directs SKAT to the correspondence by which the spreadsheets listed in Appendix A were provided, which indicate that, pursuant to Wachtell, Lipton, Rosen & Katz's "prior discussions" with SKAT's counsel, "the [s]preadsheets are to be treated as strictly confidential, and may not be used for any purpose other than the true-up process, or in any proceeding, without the prior express consent of the Covered Parties' Designees."  _See_ STEIN_LHOTE0006709-STEIN_LHOTE0006712; STEIN_LHOTE0007002-STEIN_LHOTE0007005; STEIN_LHOTE0007539-**

**STEIN_LHOTE0007542; STEIN_LHOTE0008166-STEIN_LHOTE0008167. McGee further objects to this Request to the extent that it is vague, ambiguous and lacks the requisite specificity, including with regard to the term "certain Plans." McGee further objects to this Request to the extent that it incorrectly suggests the Covered Parties, instead of the Covered Parties' Designees, "deducted fees."**

**Subject to and without waiving the foregoing objections: McGee lacks sufficient information to admit or deny this request because it is unclear which "certain Plans" SKAT is referring to and how SKAT has calculated the approximately DKK 24,966,021. Upon further specification by SKAT of the "certain Plans" and the methodology used for calculating the approximately DKK 24,966,021, McGee will endeavor to respond to this Request.**

## Request for Admission No. 31:

Admit that, for any Plans' purported transactions in Danish and Belgian shares with North Channel Bank as a custodian, the counterparties to the Plans' transactions were customers of North Channel Bank.

**RESPONSE: McGee objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous and do not fall within the scope of discovery.**

**Subject to and without waiving the foregoing objections: ADMITTED.**

## Request for Admission No. 32:

Admit that, for any Plans' purported transactions in Danish and Belgian shares with North Channel Bank as a custodian, the counterparties to the Plans' transactions paid fees to North Channel Bank in connection with those transactions.

**RESPONSE: McGee objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous and do not fall within the scope of discovery.**

**Subject to and without waiving the foregoing objections: ADMITTED.**

## Request for Admission No. 33:

Admit that, in 2014, You had a direct or indirect Interest in/over North Channel Bank GmbH & Co. KGCompany, S.a.r.l.

**RESPONSE: McGee objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous and do not fall within the scope of discovery. McGee further objects to this Request to the extent that it is vague, ambiguous and lacks the requisite specificity, including with regard to the term "North Channel Bank GmbH & Co. KGCompany, S.a.r.l."**

**Subject to and without waiving the foregoing objections: DENIED to the extent that North Channel Bank GmbH & Co. KGCompany, S.a.r.l. does not exist.**

## Request for Admission No. 34:

Admit that, in 2014, You had a direct or indirect Interest in/over Oban Verwaltungs GmbH.

**RESPONSE: McGee objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous, are mere surplusage, and do not fall within the scope of discovery.**

## Request for Admission No. 35:

Admit that, in 2014, You had a direct or indirect Interest in/over North Channel GmbH.

**RESPONSE: McGee objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous and do not fall within the scope of discovery.**

**Subject to and without waiving the foregoing objections: McGee objects to this Request on the grounds that it is outside the scope of Rule 26(b)(1) and therefore he will not respond to this Request.**

## Request for Admission No. 36:

Admit that, in 2014, You had a direct or indirect Interest in/over Oban Holding GmbH & Co. KG aA.

**RESPONSE: McGee objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of**

**SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous and do not fall within the scope of discovery.**

**Subject to and without waiving the foregoing objections: McGee objects to this Request on the grounds that it is outside the scope of Rule 26(b)(1) and therefore he will not respond to this Request.**

## Request for Admission No. 37:

Admit that, in 2014, You had a direct or indirect Interest in/over Oban Beteiligungs GmbH.

> **RESPONSE: McGee objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous, are mere surplusage, and do not fall within the scope of discovery.**

## Request for Admission No. 38:

Admit that, in 2014, You had a direct or indirect Interest in/over Oban Luxembourg Company, S.a.r.l.

> **RESPONSE: McGee objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous, are mere surplusage, and do not fall within the scope of discovery.**

## Request for Admission No. 39:

Admit that, in 2014, You had a direct or indirect Interest in/over Oban Holdings LLC.

> **RESPONSE: McGee objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous, are mere surplusage, and do not fall within the scope of discovery.**

## Request for Admission No. 40:

Admit that, in 2014, You had a direct or indirect Interest in/over Oban II.

> **RESPONSE: McGee objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous, are mere surplusage, and do not fall within the scope of discovery.**

## Request for Admission No. 41:

Admit that, in 2014, You had a direct or indirect Interest in/over Bowline Management LLC.

> **RESPONSE: McGee objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous, are mere surplusage, and do not fall within the scope of discovery.**

## Request for Admission No. 42:

Admit that, in 2015, You had a direct or indirect Interest in/over North Channel Bank GmbH & Co. KGCompany, S.a.r.l.

> **RESPONSE: McGee objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous, are mere surplusage, and do not fall within the scope of discovery. McGee further objects to this Request to the extent that it is vague, ambiguous and lacks the requisite specificity, including with regard to the term "North Channel Bank GmbH & Co. KGCompany, S.a.r.l."**
>
> **Subject to and without waiving the foregoing objections: DENIED to the extent that North Channel Bank GmbH & Co. KGCompany, S.a.r.l. does not exist.**

## Request for Admission No. 43:

Admit that, in 2015, You had a direct or indirect Interest in/over Oban Verwaltungs GmbH.

> **RESPONSE: McGee objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims**

concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous, are mere surplusage, and do not fall within the scope of discovery.

**Request for Admission No. 44:**

Admit that, in 2015, You had a direct or indirect Interest in/over North Channel GmbH.

>   **RESPONSE: McGee objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous, are mere surplusage, and do not fall within the scope of discovery.**

**Request for Admission No. 45:**

Admit that, in 2015, You had a direct or indirect Interest in/over Oban Holding GmbH & Co. KG aA.

>   **RESPONSE: McGee objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous, are mere surplusage, and do not fall within the scope of discovery.**

**Request for Admission No. 46:**

Admit that, in 2015, You had a direct or indirect Interest in/over Oban Beteiligungs GmbH.

>   **RESPONSE: McGee objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous, are mere surplusage, and do not fall within the scope of discovery.**

**Request for Admission No. 47:**

Admit that, in 2015, You had a direct or indirect Interest in/over Oban Luxembourg Company, S.a.r.l.

>   **RESPONSE: McGee objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the**

**meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous, are mere surplusage, and do not fall within the scope of discovery.**

<u>**Request for Admission No. 48:**</u>

Admit that, in 2015, You had a direct or indirect Interest in/over Oban Holdings LLC.

> **<u>RESPONSE:</u> McGee objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous, are mere surplusage, and do not fall within the scope of discovery.**

<u>**Request for Admission No. 49:**</u>

Admit that, in 2015, You had a direct or indirect Interest in/over Oban II.

> **<u>RESPONSE:</u> McGee objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous, and are mere surplusage, and do not fall within the scope of discovery.**

<u>**Request for Admission No. 50:**</u>

Admit that, in 2015, You had a direct or indirect Interest in/over Bowline Management LLC.

> **<u>RESPONSE:</u> McGee objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous, are mere surplusage, and do not fall within the scope of discovery.**

<u>**Request for Admission No. 51:**</u>

Admit that, in 2014, You, Matthew Stein and Jerome Lhote had a combined controlling Interest in/over North Channel Bank GmbH & Co. KGCompany, S.a.r.l.

**RESPONSE: McGee objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous, are mere surplusage, and do not fall within the scope of discovery. McGee further objects to this Request to the extent that it is vague, ambiguous and lacks the requisite specificity, including with regard to the term "North Channel Bank GmbH & Co. KGCompany, S.a.r.l."**

**Subject to and without waiving the foregoing objections: DENIED to the extent that North Channel Bank GmbH & Co. KGCompany, S.a.r.l. does not exist.**

**Request for Admission No. 52:**

Admit that, in 2014, You, Matthew Stein and Jerome Lhote had a combined controlling Interest in/over Oban Verwaltungs GmbH.

**RESPONSE: McGee objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous, are mere surplusage, and do not fall within the scope of discovery.**

**Request for Admission No. 53:**

Admit that, in 2014, You, Matthew Stein and Jerome Lhote had a combined controlling Interest in/over North Channel GmbH.

**RESPONSE: McGee objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous, are mere surplusage, and do not fall within the scope of discovery.**

**Request for Admission No. 54:**

Admit that, in 2014, You, Matthew Stein and Jerome Lhote had a combined controlling Interest in/over Oban Holding GmbH & Co. KG aA.

**RESPONSE: McGee objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case within the meaning of Rule 26(b)(1) because**

**SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous, are mere surplusage, and do not fall within the scope of discovery.**

<u>Request for Admission No. 55:</u>

Admit that, in 2014, You, Matthew Stein and Jerome Lhote had a combined controlling Interest in/over Oban Beteiligungs GmbH.

> **<u>RESPONSE:</u> McGee objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous, are mere surplusage, and do not fall within the scope of discovery.**

<u>Request for Admission No. 56:</u>

Admit that, in 2014, You, Matthew Stein and Jerome Lhote had a combined controlling Interest in/over Oban Luxembourg Company, S.a.r.l.

> **<u>RESPONSE:</u> McGee objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous, are mere surplusage, and do not fall within the scope of discovery.**

<u>Request for Admission No. 57:</u>

Admit that, in 2014, You, Matthew Stein and Jerome Lhote had a combined controlling Interest in/over Oban Holdings LLC.

> **<u>RESPONSE:</u> McGee objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous, are mere surplusage, and do not fall within the scope of discovery.**

<u>Request for Admission No. 58:</u>

Admit that, in 2014, You, Matthew Stein and Jerome Lhote had a combined controlling Interest in/over Oban II.

**RESPONSE: McGee objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous, are mere surplusage, and do not fall within the scope of discovery.**

<u>**Request for Admission No. 59:**</u>

Admit that, in 2015, You, Matthew Stein and Jerome Lhote had a combined controlling Interest in/over North Channel Bank GmbH & Co. KGCompany, S.a.r.l.

**RESPONSE: McGee objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous, are mere surplusage, and do not fall within the scope of discovery. McGee further objects to this Request to the extent that it is vague, ambiguous and lacks the requisite specificity, including with regard to the term "North Channel Bank GmbH & Co. KGCompany, S.a.r.l,"**

**Subject to and without waiving the foregoing objections: DENIED to the extent that North Channel Bank GmbH & Co. KGCompany, S.a.r.l. does not exist.**

<u>**Request for Admission No. 60:**</u>

Admit that, in 2015, You, Matthew Stein and Jerome Lhote had a combined controlling Interest in/over Oban Verwaltungs GmbH.

**RESPONSE: McGee objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous, are mere surplusage, and do not fall within the scope of discovery.**

<u>**Request for Admission No. 61:**</u>

Admit that, in 2015, You, Matthew Stein and Jerome Lhote had a combined controlling Interest in/over North Channel GmbH.

**RESPONSE: McGee objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer,**

**Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous, are mere surplusage, and do not fall within the scope of discovery.**

**Request for Admission No. 62:**

Admit that, in 2015, You, Matthew Stein and Jerome Lhote had a combined controlling Interest in/over Oban Holding GmbH & Co. KG aA.

> **RESPONSE: McGee objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous, are mere surplusage, and do not fall within the scope of discovery.**

**Request for Admission No. 63:**

Admit that, in 2015, You, Matthew Stein and Jerome Lhote had a combined controlling Interest in/over Oban Beteiligungs GmbH.

> **RESPONSE: McGee objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous, are mere surplusage, and do not fall within the scope of discovery.**

**Request for Admission No. 64:**

Admit that, in 2015, You, Matthew Stein and Jerome Lhote had a combined controlling Interest in/over Oban Luxembourg Company, S.a.r.l.

> **RESPONSE: McGee objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous, are mere surplusage, and do not fall within the scope of discovery.**

**Request for Admission No. 65:**

Admit that, in 2015, You, Matthew Stein and Jerome Lhote had a combined controlling Interest in/over Oban Holdings LLC.

> **RESPONSE: McGee objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous, are mere surplusage, and do not fall within the scope of discovery.**

**Request for Admission No. 66:**

Admit that, in 2015, You, Matthew Stein and Jerome Lhote had a combined controlling Interest in/over Oban II.

> **RESPONSE: McGee objects to the Request to the extent that it seeks discovery of information that is not relevant to any party's claims or defenses and not proportional to the needs of the case within the meaning of Rule 26(b)(1) because SKAT's allegations in paragraphs 158 and 160 of SKAT's First Amended Answer, Affirmative Defense, and Counterclaims concerning the alleged improper deduction of "DKK 55 million paid as fees to North Channel Bank" are frivolous, are mere surplusage, and do not fall within the scope of discovery.**

Dated: New York, New York
      July 23, 2024

          Respectfully submitted,

          **NELSON MULLINS RILEY & SCARBOROUGH LLP**

          */s/ Daniel S. Newman*
          DANIEL S. NEWMAN
          SDNY Bar Code: DN0959
          One Biscayne Tower, 21st Floor
          2 South Biscayne Boulevard
          Miami, Florida 33131
          Tel. 305.373.9400 | Fax 305.373.9443

          *Counsel for Nominal Defendant / Counterclaim Defendant Luke McGee*

## CERTIFICATE OF SERVICE

Pursuant to Title 28, United States Code, Section 1746, I declare the following under the

penalty of perjury:

1.      I am an attorney licensed to practice law in the State of New York and admitted to practice before this Court.  I am partner in the law firm of Nelson Mullins Riley & Scarborough LLP and counsel of record for Nominal Defendant / Counterclaim Defendant Luke McGee.

2.      On July 23, 2024, I caused a true and correct copy of the foregoing to be served via e-mail upon the following attorneys:

> William R. Maguire
> Marc Alan Weinstein
> Neil John Oxford
> John Thomas McGoey
> Dustin Philip Smith
> Hughes Hubbard & Reed LLP
>
> *Attorneys for Defendant-Counterclaim*
> *Plaintiff Skatteforvaltningen*
>
> Daniel W. Levy
> Olivia Visconti
> McKool Smith P.C.
>
> *Attorneys for Plaintiffs-Counterclaim Defendants*
> *Matthew Stein and Jerome Lhote*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on July 23, 2024, at New York, New York.

> */s/ Daniel S. Newman*
> DANIEL S. NEWMAN