# Exhibit 561

# TAX RECLAIM ADVISORY SERVICES AGREEMENT

**Between**

**Ganymede Cayman Limited**

**And**

███████████████

**Dated**

••••••••••••••••••••••••••••••••••

Confidential

**THIS TAX RECLAIM ADVISORY SERVICES AGREEMENT** is made as of the date on the front of this Agreement.

**BETWEEN**

(1) ████████████████████, a pension plan registered in the State of New York, United States of America, whose address is ██████████ ██████████, United States of America (***Client***); and

(2) **GANYMEDE CAYMAN LIMITED** a limited liability company registered in the Cayman Islands with registration number HL-242030 and whose registered office is at Appleby Trust (Cayman) Ltd., Clifton House, 75 Fort Street, PO Box 1350, Grand Cayman KY1-1108, Cayman Islands (***Advisor***),

together the ***Parties*** and each a ***Party***.

**IT IS AGREED**:

In this Agreement the following definitions will apply:

| | |
|---|---|
| ***Business Day*** | means any day when banks are open for business in London; |
| ***Costs*** | means the Refund Agent Fees and the Initial Fees (if any); |
| ***Fee*** | means the fee equal to the Relevant Percentage multiplied by the Net Refund Amount; |
| ***Initial Fees*** | means the fee of €100,000 payable to the Advisor in two installments: (i) €50,000 payable on receipt of the Client's first Refund (irrespective of jurisdiction of the Refund); and (ii) €50,000 payable on receipt of the Client's second Refund (irrespective of jurisdiction of Refund); |
| ***Jurisdiction*** | means the jurisdiction in relation to which tax reclaim services are provided, as listed in Column 1 (*Jurisdiction*) of the table in the Schedule; |
| ***Net Refund Amount*** | means the Refund Amount less any Costs; |
| ***Refund*** | means dividend withholding tax refunds in aggregate equal to the Refund Amount and which are processed by the Refund Agent; |
| ***Refund Agent*** | means the tax reclaim agent as listed in Column 2 (*Refund Agent*) of the table in the Schedule; |
| ***Refund Agent Fees*** | means any amounts payable to the Refund Agent in relation to the collection of the Refund; |
| ***Refund Amount*** | means the amount as listed in Column 3 (*Refund Amount*) of the table in the Schedule or an equivalent amount denominated in a different currency; |

Confidential

| | |
|---|---|
| ***Relevant Percentage*** | means the percentage factor applicable to the Net Refund Amount as listed in Column 4 (*Relevant Percentage*) of the table in the Schedule; and |
| ***Services*** | means tax reclaim advisory services provided by the Advisor, in respect of the relevant Jurisdiction. |

1.  It is agreed that, in accordance with this Agreement, the Advisor will carry out the Services for and on behalf of the Client.

2.  In consideration for carrying out Services for and on behalf of the Client, the Fee is payable by the Client to the Advisor within two (2) Business Days of receipt by the Client of the Refund:

    2.1  the Fee is payable by the Client to the Advisor in respect of the Services provided by the Advisor;

    2.2  if the actual Refund is less than the Refund Amount, then the Fee will be applied to such lower amount. If subsequently a further Refund is made, then further Fees will be paid accordingly; and

    2.3  the Client hereby agrees not to transfer any part of the Refund Amount out of the Client's cash account (*at its custodian*) until such time that the Fee has been settled.

3.  The Client appoints the Advisor on the date of this Agreement and instructs the Advisor to carry out the Services for and on behalf of the Client.

4.  The details listed in the Schedule may be varied from time to time as agreed between the Parties.

5.  The terms of this Agreement shall not be construed so as to affect or prejudice any other right or remedy available to the Parties to this Agreement, above and beyond that contained in this Agreement, in the event of a breach of this Agreement by any Party.

6.  No neglect, delay or indulgence on the Client's or Advisor's part in enforcing the terms of this Agreement shall be construed as a waiver thereof.

7.  Any notice, demand or other communication in connection with this Agreement between the Client and the Advisor:

    7.1  may be served personally, by electronic means or by first class post to the relevant Party at the address at the front of this Agreement (or such other address as it shall previously have been notified to the other Party); and

3

MPSKAT00026701

7.2     notices shall be deemed to have been served three Business Days after having been posted, or if sent by facsimile or other electronic means, one Business Day after transmission.

8.      Any dispute, controversy, proceedings, or claim of whatever nature arising, out of or relating to this Agreement (including non-contractual disputes or claims) or breach of its terms shall be governed by, and this Agreement shall be construed in accordance with, English law. The Courts of England and Wales shall have exclusive jurisdiction to settle any dispute arising out of or in connection with this Agreement or its formation (including non-contractual disputes or claims).

9.      Termination of this Agreement, however caused, shall be without prejudice to any rights or liabilities accrued at the date of termination.

10.     A person who is not a Party to this Agreement shall not have any rights under or in connection with it.

11.     This Agreement may only be amended in writing and signed for and on behalf of the Parties to it.

12.     This Agreement may be executed in any number of counterparts, each of which when executed and delivered shall constitute a duplicate original, but all the counterparts shall together constitute the one Agreement.

This document has been executed as an Agreement and is delivered and takes effect on the date stated at the beginning of it.

**EXECUTED as an AGREEMENT** by
██████████████████████,
acting by

---------------------------------------

Authorised Signatory

---------------------------------------
)
)
)
---------------------------------------
Authorised Signatory

**EXECUTED as an AGREEMENT** by
**GANYMEDE CAYMAN LIMITED,**

---------------------------------------
Director

Confidential

MPSKAT00026702

**SCHEDULE**

| Jurisdiction | Refund Agent | Refund Amount | Relevant Percentage |
|---|---|---|---|
| Denmark | Goal Taxback Limited | DKK 4,657,500 | 66.67% |

This schedule is accurate as at 19 October 2012. It may be amended from time to time and any amendment to this Schedule will be annotated by a reference to the date of amendment, the changes effected and the signature of an authorised signatory of the Advisor.

5

Confidential