# McKool Smith

Daniel W. Levy
Direct Dial: (212) 402-9412
E-mail: dlevy@mckoolsmith.com

1301 Avenue of the Americas
32nd Floor
New York, NY 10019

Telephone: (212) 402-9400
Facsimile: (212) 402-9444

April 25, 2025

By ECF
The Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
500 Pearl Street, Room 2270
New York, New York  10007

      Re:     <u>Stein and Lhote v. Skatteforvaltningen</u>
                    23 Civ. 2508 (NRB)

Dear Judge Buchwald:

      To facilitate the Court's management of the trial of the above-referenced matter, Stein, Lhote, and McGee respectfully submit these objections to the admission of certain testimony proposed to be offered by SKAT.

      The Court may wish to consider these objections to the proposed testimony together with the objections to the admission of various exhibits.  *See* ECF No. 178 at 2-4.  To facilitate this, this letter refers, in some instances, to SKAT's proposed exhibits that are inadmissible for the same reason that the related testimony is inadmissible.

## I.    <u>Gry Ahlefeld-Engel (ECF No. 167)</u>

      **Hearsay Objections:**  Stein, Lhote, and McGee object to the following material in Ms. Ahlefeld Engel's direct testimony because these paragraphs or, where specifically referred to, particular sentences consist of inadmissible hearsay (or hearsay within hearsay) under Rules 801 and 802 of the Federal Rules of Evidence and no exception that would permit their admission applies:

The Honorable Naomi Reice Buchwald
April 25, 2025
Page 2

    ¶ 25

    ¶ 27 (first sentence beginning "On April 24, 2019")

    ¶ 28 (first sentence beginning "In connection with"; second sentence beginning "Although Mr. Fiig's question")

    ¶ 36 & SKAT Exh. 534

    ¶ 37

    ¶ 38

    ¶ 76 & SKAT Exh. 554 (in substantial part)

  **Relevance Objections:** Stein, Lhote, and McGee object to the following material in Ms. Ahlefeld Engel's direct testimony because these paragraphs or, where specifically referred to, particular sentences contain material that is irrelevant under Rule 401 or because the probative value is substantially outweighed by the danger of unfair prejudice, confusion, undue delay, or waste of time that would ensue from the admission of this material:

    ¶ 9 & SKAT Exh. 510

    ¶ 11 (third sentence beginning "I understand")

  **Personal Knowledge Objections:** Stein, Lhote, and McGee object to the following material in Ms. Ahlefeld Engel's direct testimony because these paragraphs or, where specifically referred to, particular sentences are not based on the witness's personal knowledge and consist of speculation, such that the testimony is inadmissible under Rule 602:

    ¶ 9

    ¶ 10

    ¶ 11 (third sentence beginning "I understand")

    ¶ 29 (second sentence beginning "I do not recall the details")

    ¶ 37 (third sentence beginning "Although I do not specifically recall")

The Honorable Naomi Reice Buchwald
April 25, 2025
Page 3

> ¶ 48 (first sentence beginning "Although I cannot recall"; fourth sentence beginning "In addition, I believe this to be the case"; fifth sentence beginning "During this meeting, it is my best belief")
>
> ¶ 60 (second sentence beginning "It is my best belief"; third sentence beginning "The updates would have included")

II. **Steen Bechmann Jacobsen (ECF No. 164)**

**Hearsay Objections:** Stein, Lhote, and McGee object to the following material in Mr. Bechmann's direct testimony because these paragraphs or, where specifically referred to, particular sentences consist of inadmissible hearsay (or hearsay within hearsay) under Rules 801 and 802 and no exception that would permit their admission applies:

> ¶ 14 & SKAT Exh. 556
>
> ¶ 15 (first sentence) & SKAT Exh. 556
>
> ¶ 19(a)

**Personal Knowledge Objections:** Stein, Lhote, and McGee object to the following material in Mr. Bechmann's direct testimony because these paragraphs or, where specifically referred to, particular sentences are not based on the witness's personal knowledge and consist of speculation, such that the testimony is inadmissible under Rule 602:

> ¶ 9
>
> ¶ 19(d) (third sentence beginning "It is clear from this email")
>
> ¶ 21
>
> ¶ 24 (second sentence beginning "I believe I attended the meeting, but do not recall"; fourth sentence beginning "At that point in time")

The Honorable Naomi Reice Buchwald
April 25, 2025
Page 4

### III. <u>Marc E. Landy</u>

**Lack of Foundation, Best Evidence Objections:** Stein, Lhote, and McGee object to the following material in Marc E. Landy's direct testimony because these paragraphs lack foundation under Rule 602, are not proper expert testimony under Rule 702, violate the best evidence rule under Rule 1002, and/or consist of improper summaries under Rule 1006.

There is no spreadsheet, summary chart, or other documents by which Mr. Landy sets out, for the following paragraphs, how the calculations were performed, how the figures provided were arrived at, or the factual basis for the conclusions provided:

> ¶¶ 9, 10, 15 & n.2, 16, 17, 21, 22 & n.9, 23, 26, 28, 29, 30, 31, 33, 35, 36, 40, 41, 42

For similar reasons, Stein, Lhote, and McGee have objected to the admission of SKAT's Exhibits 601-E1, 601-E2, 601-E3, 601-E4, 602-E1, 621-E1, 646-E1, 656-E1. *See* ECF No. 178 at 4.

\*   \*   \*

Counsel for Stein, Lhote, and McGee is available at the Court's convenience to assist in resolution of these objections.

Respectfully submitted,

/s/

Daniel W. Levy

cc:   All Counsel (by ECF)