Message

From: Camilla Lindrum Bay [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=C79291E81DAE42B0BAB250A8013008EA-W26745]
Sent: 4/22/2021 11:37:13 AM
To: Gry Ahlefeld-Engel [gry.ahlefeld-engel@sktst.dk]
Subject: VS: Samlede pakke SØIK
Attachments: Svar til SØIK vedr. forlig med 61 pensionsplaner m.fl (Endelig) [DOK317827058].PDF; Pkt. 8 om fortrolighed [DOK317827057].PDF; Exhibits 2 [DOK317827056].PDF; Exhibit 1 [DOK317827055].PDF; Svar til SØIK vedr. forlig [DOK317827053].pdf; Mail til SØIK [DOK317827337].pdf; Mail til SØIK [DOK317827614].pdf; Anmodning om yderligere oplysninger.msg; Anmodning om yderligere oplysninger vedr. Skattestyrelsens forligsaftale.msg; Anmodning om oplysninger vedr. Skattestyrelsens forlig.msg

Kære Gry

Ny samlet pakke

Venlig hilsen

**Camilla Lindrum Bay**
Fuldmægtig
Ledelsessekretariat Særlig Kontrol

+45 72 37 55 15
Camilla.Bay@sktst.dk



Skattestyrelsen
Helgeshøj Allé 9, 2630 Taastrup
www.sktst.dk

Sådan behandler vi persondata
Skattestyrelsen er en del af Skatteforvaltningen

---

Fra: Camilla Lindrum Bay
Sendt: 21. april 2021 15:20
Til: Gry Ahlefeld-Engel <Gry.Ahlefeld-Engel@SKTST.DK>
Emne: Samlede pakke SØIK

Kære Gry

Vedhæftet en samlet pakke.

I det vedhæftede finder du to breve til SØIK, hvori vi besvarer i alt 24 spørgsmål. I forbindelse med første besvarelse er der som vedhæftede fil fremsendt Exhibits 1 og 2, hvori forligsparterne fremgår. Endvidere er vedhæftet pkt. 8 fra forliget om fortrolighed.

Umiddelbart er der ikke udvekslet andet med SØIK.

SØIK har endvidere den 26. februar 2021 fremsendt anmodning om yderligere oplysninger vedr. Skattestyrelsens forligsaftale, hvori der anmodes om materiale vedrørende Guenther Klar, Rajen Shah, Anupe Dhorajiwala og Graham Horn, som Skattestyrelsen eller Skattestyrelsens rådgivere måtte være i besiddelse af. Denne henvendelse er pt ikke besvaret.

23 Civ. 2508 (NRB)
**PLAINTIFFS' EXHIBIT**
**166**

/Camilla

CONFIDENTIAL SKAT_MAPLEPOINT_00000584

**SKATTESTYRELSEN**

Statsadvokaten for Særlig Økonomisk og International Kriminalitet
Att.: Vicestatsadvokat Malene Stage Christensen og specialanklager Stine Winther

Sendt pr. e-mail: swi007@politi.dk

Ledelsessekretariat Særlig Kontrol

Helgeshøj Allé 9
2630 Taastrup

Telefon 72 22 18 18
Skat.dk

Vores sagsnr. 21-0008933

Dato: 19. januar 2021

## Anmodning om oplysninger vedrørende Skattestyrelsens forlig

Ved brev af 6. januar 2021 har Statsadvokaten for Særlig Økonomisk og International Kriminalitet (SØIK) anmodet Skattestyrelsen om at besvare nedenstående spørgsmål vedrørende det forlig, som Skattestyrelsen indgik i maj 2019 med 61 amerikanske pensionsplaner og en række dertil knyttede personer og selskaber.

SØIK har oplyst at Skattestyrelsens besvarelse skal benyttes til brug for SØIKs videre efterforskning af de anmeldelser, som SØIK har modtaget fra det daværende SKAT (nu Skattestyrelsen) vedrørende formodet bedrageri begået overfor SKAT, hvorved SKAT led et samlet tab på ca. 12,7 mia. kr.

1. Hvilke fysiske og juridiske personer har Skattestyrelsen indgået det omhandlende forlig med?
2. Hvilke refusioner er omfattet af forliget (eksempelvis ved angivelse af SKAT's bundtnumre)?
3. Hvordan er forligssummen sammensat (indgår der eksempelvis erstatning af andre udgifter end den modtagne udbytterefusion)?
4. Hvor stor en andel af den samlede forligssum på 1,6 mia. kr. er indbetalt til Skattestyrelsen, og hvornår er det resterende beløb forfaldent til betaling?
5. Hvilke fordringer er indbetalingerne afskrevet på?
6. Er fordringer ud over forligsbeløbet eftergivet, og i så fald på hvilken måde?
7. Er forliget et udtryk for en endelig afgørelse af den civile sag, eller vil der senere kunne opstå yderligere erstatningskrav rettet mod forligsparterne?
8. Har Skattestyrelsen modtaget sikkerhed for opfyldelse af forliget, herunder garantier, pant eller lignende? Har Skattestyrelsen i givet fald foretaget nogen form for sikringsakt i den forbindelse?
9. Har Skattestyrelsen fortsat et erstatningskrav i sagen, og i så fald mod hvem og med hvilke beløb?

SØIK har endelig anmodet om oplysning om hvilke eventuelle tavshedsklausuler, der er aftalt i forliget.

CONFIDENTIAL                                                                    SKAT_MAPLEPOINT_00000585

*Ad. 1.*

Skattestyrelsen indgik i maj 2019 et forlig med en gruppe på 61 amerikanske pensionsplaner samt en række dertil knyttede selskaber og personer. Der henvises til vedhæftede exhibit 1a – 1c til forligsaftalen. I forhold til denne gruppe af pensionsplaner m.fl. indebar forliget, at Skattestyrelsen frafaldt yderligere krav mod denne gruppe mod, at der til Skattestyrelsen blev betalt et beløb svarende til, hvad der til denne gruppe direkte eller indirekte var udbetalt baseret på de af de 61 pensionsplaner indsendte ansøgninger om refusion.

For en yderligere gruppe på 19 pensionsplaner, der delvist var ejet af personer, der indgik i gruppen omkring de 61 pensionsplaner indebar forliget også, at der i forhold til disse personer skete tilbagebetaling af de beløb, der ud af udbetalingen til de 19 pensionsplaner var tilgået disse personer. Der henvises herom til exhibit 2 til forligsaftalen. Forliget afskar ikke Skattestyrelsen fra at fastholde eller rejse krav overfor de 19 pensionsplaner eller overfor de personer, der var medejere eller lignende af pensionsplanerne og som ikke indgik i gruppen omkring de 61 pensionsplaner. Der er anlagt retssager med de 19 pensionsplaner og disse øvrige personer.

*Ad. 2.*

Forliget omfatter samlede udbetalinger til de 61 pensionsplaner på kr. 2.937.851.407.

Som ovenfor anført har nogle af forligsparterne – ud over at modtage en del af refusionsbeløbet på de cirka 2,9 mia. kr. – også deltaget i tilbagesøgningen af refusionsbeløb via 19 andre amerikanske pensionsplaner, som ikke er en del af forliget. Disse 19 pensionsplaner har selvstændigt tilbagesøgt cirka 1,2 mia. kr.

Forliget omfatter også en opgivelse af krav mod personerne bag de 61 pensionsplaner i forhold til den mindre del de havde modtaget ud af udbetalinger til de 19 pensionsplaner for samlet 1.179.089.882. Dette sker mod tilbagebeting af det mindre beløb, som de pågældende personer direkte eller indirekte har modtaget fra disse ansøgninger.

*Ad. 3.*

Forliget vedrører alene de udbetalte refusioner.

*Ad. 4.*

Skattestyrelsen kan oplyse, at der i relation til forligssummen på 1,6 mia. kr. er indbetalt henholdsvis 950 mio. kr. i 2019 og ca. 35 mio. kr. i 2020.

Resten af forligsbeløbet skal betales over en periode på op til 4 år efter aftalens indgåelse, dvs. senest i maj 2023.

*Ad. 5.*

De indbetalte beløb vil – når den endelige opgørelse af forligsbeløbet foreligger – blive afskrevet på de tilbagebetalingskrav mv., som Skattestyrelsen har mod de enkelte pensionsplaner.

*Ad. 6.*

Forliget indebærer, at Skattestyrelsen mod betaling af forligsbeløbet frafalder yderligere krav mod de 61 pensionsplaner og den dertil hørende kreds af personer og selskaber,

der er forligsparter. Skattestyrelsen har ikke frafaldet krav overfor andre pensionsplaner, personer eller selskaber.

For de 19 pensionsplaner indebærer aftalen, at kravet mod de 19 pensionsplaner m.fl. reduceres med det mindre beløb ud af forligsbeløbet, der kan henføres til udbetalinger til de 19 pensionsplaner.

*Ad. 7.*
Skattestyrelsen kan oplyse, at styrelsen mod at modtage en samlet forligssum på 1,6 mia. kr. (med forbehold for justeringer som følge af forligssummens efterprøvelse) har forpligtet sig til at frafalde alle civile krav, som styrelsen måtte have mod forligsparterne som led i udbyttesagskomplekset, jf. ovenfor under spørgsmål 1.

Dette afskærer dog ikke Skattestyrelsen fra at rejse andre krav overfor forligsparterne eller andre, såfremt det efterfølgende måtte vise sig, at parterne har været involveret i andre ansøgninger om refusion end de i forliget omfattede.

*Ad. 8.*
Skattestyrelsen kan oplyse, at styrelsen ikke har modtaget sikkerhed for opfyldelse af forliget, herunder garantier, pant eller lignende.

I tilfælde af, at der ikke sker betaling af den resterende forligssum har Skattestyrelsen som en del af forliget modtaget en "Confession of judgment" svarende til et retsforlig fra visse af forligsparterne på restbeløbet således disse hæfter direkte og personligt for betaling af den fulde forligssum.

*Ad. 9.*
Skattestyrelsen har forsat et krav i sagen, der modsvarer de fulde udbetalinger, dog således, at kravet vil skulle reduceres med det som følge af forliget modtagne beløb, når det er endeligt opgjort og modtaget. Det endelige forligsbeløb kendes pt. endnu ikke. Skattestyrelsen forfølger aktuelt det samlede krav ved sagsanlæg i USA, Canada, England, Dubai og Malaysia. Kravene i disse sager er kvalificeret forskelligt i de respektive jurisdiktioner men har karakter af hvad, der efter dansk ret vil svare til enten tilbagesøgningskrav eller civile erstatningskrav.

Skattestyrelsens skal endelig i forhold til SØIK´s spørgsmål om eventuelle aftalte tavshedsklausuler henvise til vedhæftede uddrag om fortrolighed (punkt 8) fra selve forligsaftalen.

For god ordens skyld bemærkes slutteligt, at de vedhæftede exhibits samt uddrag fra selve forligsaftalen skal behandles med fortrolighed, hvilket indebærer, at SØIK ikke må videregive oplysningerne udover hvad der følger af forpligtelserne efter retsplejeloven ligesom Skattestyrelsen skal anmode om at blive hørt i tilfælde af fremtidige aktindsigtsbegæringer.

Med venlig hilsen

Steen Bechmann Jacobsen
Fagdirektør

CONFIDENTIAL                                                                                       SKAT_MAPLEPOINT_00000587

Side 4 / 4

CONFIDENTIAL

SKAT_MAPLEPOINT_00000588

8. <u>Confidentiality</u>. The Parties agree that this Agreement is, and is intended to be maintained as, confidential to the fullest extent possible under Danish law, New York law or the law applicable in any jurisdiction in which Skatteforvaltningen seeks to use Cooperation Information and agree to use their respective best efforts to maintain such confidentiality consistent with the terms set forth in this Section 8. No Party shall be permitted to, directly or indirectly, make any generic or specific statement of any type with respect to this Agreement and the settlement contemplated herein, or in any way disclose this Agreement or the contents thereof, provided, however, that:

   a. Skatteforvaltningen may disclose this Agreement or the contents thereof to the Ministry of Taxation and any other Danish governmental committees, commissions, officials, departments, agencies or other bodies to which Skatteforvaltningen believes that disclosure is appropriate for this Agreement to be approved for the sole purpose of seeking authority for the entry into this Agreement by Skatteforvaltningen or if compelled by operation of law or regulation.

   b. Skatteforvaltningen may disclose: (i) the existence of this Agreement; (ii) the nature of the Claims; (iii) the principles set forth in Whereas clause F, *supra*; (iv) the number of Pension Plans involved; (v) the number of Covered Parties; (vi) the amount sought in any Reclaim Applications; (vii) the Final Settlement Amount; (viii) the amount of the Initial Cash Payment; (ix) the fact that the Additional Cash Payment will be paid over time not to exceed three (3) years, unless extended; (x) the provision for Applicable Interest; (xi) the amount of Gross Reclaims; and (xii) the fact that the Covered Parties have an obligation to provide Skatteforvaltningen with full and complete cooperation in its investigation of third parties not subject to any release, but not any other terms of this Agreement, including the identities of the Covered Parties. In the event that Skatteforvaltningen intends to issue a press release, Skatteforvaltningen will give the Covered Parties advance notice and the opportunity to consult on and consent to ( which consent shall not be unreasonably withheld) the wording of such press release before it is made public.

   c. In the event that disclosure of this Agreement or the contents thereof is sought by any person or entity not listed in this Section 8 or any media, press or public interest organization, Skatteforvaltningen shall promptly notify the Covered Parties' Designees in writing of the existence of, and terms and circumstances relating to, any other request for disclosure of this Agreement or the contents thereof, and shall pursue all available measures and remedies to prevent such disclosure, including, without !imitation, bringing any legal or other proceedings to challenge the validity or scope of any such request or requirement for disclosure or seeking a protective order or other appropriate remedy preventing disclosure. Skatteforvaltningen shall consult with the Covered Parties' Designees as to, and the Covered Parties' Designees shall cooperate with respect to, pursuit of such available measures and remedies to prevent disclosure of this Agreement or the contents thereof and Skatteforvaltningen shall not make any such disclosure until all available appeals have been exhausted, except that Skatteforvaltningen may disclose this Agreement to any tribunal hearing Skatteforvaltningen's request to maintain confidentiality. Each Party shall bear its own costs. If Skatteforvaltningen is ultimately compelled to make disclosure of this Agreement, by operation of law or regulation or by a final non-appealable Danish court order or administrative order, Skatteforvaltningen may disclose only the portion of this Agreement that is legally required to be disclosed.

   d. The Covered Parties may disclose this Agreement or the contents thereof to their tax advisors, legal advisors, accountants and financial advisors, provided, in each case, that such recipients agree to keep confidential the terms of this Agreement.

e. The Covered Parties may disclose this Agreement or the contents thereof (i) in the event that such disclosure is compelled by operation of law or regulation or by a final non-appealable court order or administrative order, provided that the Covered Parties give Skatteforvaltningen timely notice of such compelled disclosure and take reasonable steps, consistent with their legal obligations, to avoid, oppose, or limit such disclosure, or (ii) to any law enforcement authority investigating Reclaim Applications or related matters, even if such disclosure is not compelled by operation of law or regulation or by a final non-appealable court order. If the Covered Parties are ultimately compelled to make disclosure of this Agreement, by operation of law or regulation or by a final non-appealable court order or administrative order, the Covered Parties may disclose only the portion of this Agreement that is legally required to be disclosed.

f. Notwithstanding the confidentiality obligations of this Section 8, promptly upon the execution of this Agreement, Skatteforvaltningen will, in writing, bring to the attention of the Danish Public Prosecutor for Serious Economic and International Crime ("SØIK") this Agreement and its terms, and represent, in writing, that this Agreement reflects good-faith negotiation by the Covered Parties, that the Covered Parties' cooperation may result in the recovery by Skatteforvaltningen of additional funds from third parties and that this Agreement is in the best interests of Skatteforvaltningen. Upon request by SØIK, Skatteforvaltningen may provide and/or disclose the entirety of this Agreement to SØIK.

**Exhibit 2:** Covered Parties that are entities (i.e., Pension Plans, pension plan partnerships and partners) in which one or more other persons or entities who are not Covered Parties have an interest

|    | Pension Plans | Partnerships | Partners* |
|----|---------------|--------------|-----------|
| 1. |               |              |           |
| 2. |               |              |           |
| 3. |               |              |           |
| 4. |               |              |           |
| 5. |               |              |           |
| 6. |               |              |           |
| 7. |               |              |           |
| 8. |               |              |           |
| 9. |               |              |           |
| 10.|               |              |           |

-9-



CONFIDENTIAL

SKAT_MAPLEPOINT_00000592

**Exhibit 1: Covered Parties**

**Exhibit 1A: Fully released Pension Plans, pension plan partnerships and partners**

| | Pension Plans | Partnerships | Partners |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |
| 6. | | | |
| 7. | | | |
| 8. | | | |
| 9. | | | |
| 10. | | | |
| 11. | | | |
| 12. | | | |
| 13. | | | |

-2-

14.

15.

16.

17.

18.

19.

20.

21.

22.

23.

24.

25.

26.

27.

28.



CONFIDENTIAL          SKAT_MAPLEPOINT_00000594

Case 1:23-cv-02508-NRB   Document 202-10   Filed 06/17/25   Page 13 of 19

29.

30.

31.

32.

33.

34.

35.

36.

37.

38.

39.

40.

41.

42.

43.





-4-

CONFIDENTIAL

SKAT_MAPLEPOINT_00000595

| 44. | |
| 45. | |
| 46. | |
| 47. | |
| 48. | |
| 49. | |
| 50. | |
| 51. | |
| 52. | |
| 53. | |
| 54. | |
| 55. | |
| 56. | |
| 57. | |
| 58. | |




-5-

| | |
|---|---|
| 59. | ███████████████ |
| 60. | ███████████████ |
| 61. | ███████████████ |

FORTROLIG

CONFIDENTIAL                                                                   SKAT_MAPLEPOINT_00000597

**Exhibit 1B: Fully released individuals**

|  | Individuals |
|---|---|
| 1. | ▮ |
| 2. | ▮ |
| 3. | ▮ |
| 4. | ▮ |
| 5. | ▮ |
| 6. | ▮ |
| 7. | ▮ |
| 8. | ▮ |
| 9. | ▮ |
| 10. | ▮ |
| 11. | ▮ |
| 12. | ▮ |
| 13. | ▮ |
| 14. | ▮ |
| 15. | ▮ |
| 16. | ▮ |
| 17. | ▮ |
| 18. | ▮ |
| 19. | ▮ |
| 20. | ▮ |
| 21. | ▮ |
| 22. | ▮ |
| 23. | ▮ |
| 24. | ▮ |
| 25. | ▮ |
| 26. | ▮ |
| 27. | ▮ |
| 28. | ▮ |
| 29. | ▮ |
| 30. | ▮ |
| 31. | ▮ |
| 32. | ▮ |
| 33. | ▮ |
| 34. | ▮ |
| 35. | ▮ |
| 36. | ▮ |
| 37. | ▮ |
| 38. | ▮ |

CONFIDENTIAL    SKAT_MAPLEPOINT_00000598

<mark>

| # | |
|---|---|
| 39. | |
| 40. | |
| 41. | |
| 42. | |
| 43. | |
| 44. | |
| 45. | |
| 46. | |
| 47. | |
| 48. | |
| 49. | |
| 50. | |
| 51. | |
| 52. | |
| 53. | |
| 54. | |
| 55. | |
| 56. | |



**Exhibit 1C: Partially released individual**

The following individual is partially released, only for his interest in parties listed on Exhibit 2.



-8-

| | |
|---|---|
| From: | Bettina Spang |
| Sent: | Tue, 19 Jan 2021 09:16:46 +0000 |
| To: | swi007@politi.dk |
| Cc: | Bettina Spang |
| Subject: | Anmodning fra SØIK vedr. forlig |

Til SØIK:

Hermed fremsendes Skattestyrelsens besvarelse af d.d. af jeres anmodning nedenfor.

Venlig hilsen

**Bettina Spang**
Chefkonsulent
Ledelsessekretariat Særlig Kontrol

+45 72 37 44 69
Bettina.Spang@sktst.dk



Skattestyrelsen
Helgeshøj Allé 9, 2630 Taastrup
www.sktst.dk

Sådan behandler vi persondata
Skattestyrelsen er en del af Skatteforvaltningen

---

**Fra:** SWI007@politi.dk <SWI007@politi.dk>
**Sendt:** 6. januar 2021 10:03
**Til:** Camilla Lindrum Bay <Camilla.Bay@sktst.dk>
**Emne:** Anmodning om oplysninger vedr. Skattestyrelsens forlig

> Denne e-mail kommer fra internettet og er således ikke nødvendigvis fra en intern kilde selvom afsenderadresse kan indikere det.

Vedhæftet fremsendes Statsadvokaten for Særlig Økonomisk og International Kriminalitets anmodning af 6. januar 2021 om oplysninger vedr. Skattestyrelsens forlig.

Jeg skal anmode om at modtage Skattestyrelsens svar snarest muligt, og meget gerne inden den 15. januar 2021.

Med venlig hilsen

Stine Winther
specialanklager

Mobil: +45 61 12 69 79

Mail: swi007@politi.dk



**STATSADVOKATEN**

Statsadvokaten for Særlig Økonomisk og International Kriminalitet

Kampmannsgade 1
DK-1604 København V
Tlf.:   +45 72 68 90 00
Fax:   +45 4515 0016
Mail: saoek@ankl.dk