05-01-00-1

Retten i Lyngby



Den 16. februar 2017 blev retten sat af dommer Seerup.

Retsmødet var offentligt.

Rettens nr. 1-835/2017
Politiets nr. SØK-76141-00005-15

**Beslaglæggelse**

Ingen var mødt.

Der blev fremlagt anmodning af 10. februar 2017 om beslaglæggelse.

Advokat Jakob Lund Poulsen har haft lejlighed til at udtale sig.

Anklagemyndigheden har under henvisning til retsmødets formål anmodet
om dørlukning, jf. retsplejelovens § 29, stk. 3, nr. 4.

Retten afsagde

**Kendelse**

Sagens behandling i et offentligt retsmøde må antages på afgørende måde at
hindre sagens oplysning, jf. retsplejelovens § 29, stk. 3, nr. 4, hvorfor

**bestemmes:**

Dørene lukkes.

Anklageren har anmodet om, at retten afgør, at betingelserne for at fremsæt-
te begæring over for de kompetente myndigheder i Tyskland om beslaglæg-
gelse er opfyldt efter dansk ret, jf. retsplejelovens § 802, vedrørende beslag-
læggelse af nedennævnte:

indestående på konti, depoter og bokse hos

   **North Channel Bank GmbH & Co KG**
   **Erthalstrasse 1**
   **Bonifaziusturm B**
   **55118 Mainz**
   **Tyskland,**

som har selskabsnummer HRA 41054, jf. Handelsregister des Amtsgerichts
Mainz, Abl. A,

som følgende 27 amerikanske pension plans med tilhørende kontonumre

941 73274

23 Civ. 2508 (NRB)
PLAINTIFFS' EXHIBIT
**210-R**

STEIN_LHOTE0012117                                                    CONFIDENTIAL

05-01-00-2

side 2



er registreret til, indehaver af eller har rådighed over.

Det er Statsadvokaten for Særlig Økonomisk og International Kriminalitets opfattelse, at eventuelle indeståender bør konfiskeres, ligesom beslaglæggelse anses for nødvendig for at sikre krav i sagen, jf. retsplejelovens § 802, stk. 1 og stk. 2.

Anklagemyndigheden har til støtte for anmodningen oplyst, at

"SKAT har i efteråret 2015 anmeldt, at der var mistanke om bedrageri af særlig grov beskaffenhed for ikke under 9,1 milliarder kroner.

Mistanken er rettet mod en række personer, reclaim agents, custodians, selskaber, amerikanske pension plans og malaysiske Labuan-selskaber. De mistænkte er blandt andre Sanjay Shah samt tre reclaim agents, Syntax GIS Ltd., Acupay System LLC, Goal TaxBack Ltd. og fire custodians

CONFIDENTIAL

side 3

Solo Capital Partners LLP, Old Park Lane Capital PLC, Telesto Markets LLP, West Point Derivatives Ltd.

De er mistænkt for bedrageri af særlig grov beskaffenhed medfør af straffelovens § 279, jf. § 286, stk. 2, ved i perioden fra 2012-2015 i 3.262 tilfælde retsstridigt at have tilbagesøgt og fået refunderet indeholdt danske udbytteskatter i henhold til dobbeltbeskatningsoverenskomsten mellem Danmark og henholdsvis USA og Malaysia, alt hvorved 187 amerikanske 401k pension plans og 24 mistænkte malaysiske –Labuan-selskaber bragte ansatte i SKAT i en vildfarelse om, at de 187 ameri-kanske 401k pension plans og 24 mistænkte malaysiske Labuan-selska-ber på tidspunktet for de danske selskabers deklarering af udbytte var retmæssig ejere af aktier og havde fået indeholdt udbytteskat i SKAT svarende til de tilbagesøgte beløb, og dermed bestemte den danske stat til at udbetale til sig ikke under 9,1 milliarder danske kroner.

Dette mistankegrundlag er baseret på SKAT's første anmeldelse fra au-gust 2015.

SKAT har den 24. august 2016 anmeldt yderligere bedrageri af særlig grov beskaffenhed for 3,2 milliarder kroner samt forsøg på 553 millioner kroner. Statsadvokaten for Særlig Økonomisk og International Krimina-litet har efterfølgende konstateret, at der er mistanke om bedrageri for yderligere 100 millioner kroner, således at der er tale om bedrageri for 3,3 milliarder kroner og forsøg på 553 millioner kroner.

Samlet er der således mistanke om bedrageri af særlig grov beskaffenhed for ikke under 12,4 milliarder kroner og forsøg på 553 millioner kroner.

Mistanken mod North Channel Bank GmbH & Co KG

De tre allerede mistænkte reclaim agents, Syntax GIS Ltd., Acupay Sy-stem LLC, Goal TaxBack Ltd., har på vegne af klienter tilbagesøgt cirka 2 milliarder af de 3,3 milliarder kroner, hvor Goal TaxBack tegner sig for cirka 1,7 milliarder kroner.

Nu mistænkte Koi Associates Ltd. har tilbagesøgt cirka 1,2 milliarder kroner for de to custodians, nu mistænkte North Channel Bank GmbH & Co KG og nu mistænkte Lindisfarne Partners LLP.

North Channel Bank GmbH & Co KG har i alt tilbagesøgt cirka 1,1 mil-liarder kroner, mens Linidsfarne Partners LLP i alt har tilbagesøgt cirka 921 millioner kroner.

North Channel Bank GmbH & Co KG er i foråret 2016 på vegne af det tyske finanstilsyn, Die Bundesanstalt für Finansdienstleistungafsicht (BaFin) blevet undersøgt af revisionsfirmaet KPMG. Revisionsfirmaet

KPMG skulle undersøge bankens ageren i forhold til 567 kundetransaktioner i blandt andet danske aktier i 2014. Revisionsfirmaet har udfærdiget en rapport, som Statsadvokaten for Særlig Økonomisk og International Kriminalitet har modtaget gennem JIT-samarbejdet.

Ifølge revisionsfirmaet KPMG's rapport havde North Channel Bank GmbH & Co KG kun 39 kunder, hvoraf de 25 kunder var amerikanske pension plans. Hovedparten af de amerikanske pension plans fik oprettet depot i North Channel Bank GmbH & Co KG i perioden fra slutningen af marts 2014 til slutningen af april 2014.

North Channel Bank GmbH & Co KG har på vegne af de amerikanske pension plans udfærdiget Dividend Credit Advices til brug for tilbagesøgning af udbytteskat i Danmark. Der henvises til bilag 6, som eksempel på dette.

På den baggrund er det Statsadvokaten for Særlig Økonomisk og International Kriminalitets opfattelse, at der er anvendt samme fremgangsmåde, som ved de øvrige custodians i denne sag, idet reclaim agenterne Syntax GIS Ltd., Acupay System LLC, Goal TaxBack Ltd. og Koi Associates Ltd. på vegne af North Channel Bank GmbH & Co KG har tilbagesøgt udbytteskat.

Den af SKAT tilbagebetalte udbytteskat er herefter via reclaim agenternes konti overført til North Channel Bank GmbH & Co KG. Som eksempel kan nævnes, at SKAT har udbetalt cirka 104 millioner kroner til Acupay System LLC i 2014 og 2015. Acupay har videresendt i alt cirka 158 millioner kroner til kunderelaterede konti i North Channel Bank GmbH & Co KG. At Acupay System LLC har overført mere til kontiene i North Channel Bank GmbH & Co KG end det SKAT har udbetalt skyldes formentlig, at der også er overført udbetalt udbytteskat fra andre lande. Der henvises til bilag 11 herom.

På den baggrund er det Statsadvokaten for Særlig Økonomisk og International Kriminalitets opfattelse, at der er anvendt samme fremgangsmåde, som ved de øvrige custodians i denne sag, idet reclaim agenterne Syntax GIS Ltd., Acupay System LLC, Goal TaxBack Ltd. og Koi Associates Ltd. på vegne af North Channel Bank GmbH & Co KG har tilbagesøgt udbytteskat.

Det er Statsadvokaten for Særlig Økonomisk og International Kriminalitets opfattelse, at der nu også er tilstrækkeligt mistankegrundlag for North Channel Bank GmbH & Co KG, idet der er tale om samme fremgangsmåde, som tidligere anført i sagen vedrørende øvrige mistænkte custodians.

 CONFIDENTIAL

05-01-00-5

side 5

Mistankegrundlag mod de 27 amerikanske pension plans

Det bemærkes indledningsvist, at 2 af de 27 amerikanske pension plans
allerede er omfattet af det mistankegrundlag, som er mod 187 ameri-
kanske 401k pension plans, der er anført oven for.

Det fremgår af KPMG's rapport, at hovedparten af de 27 amerikanske
pension plans er blevet oprettet 2-3 måneder før de har oprettet konti i
North Channel Bank GmbH & Co KG i marts og april 2014. Det vil sige,
at de amerikanske pension plans er oprettet i starten af 2014.

De anførte kontonumre for hver amerikansk pension plan er det konto-
nummer, som er anført over for SKAT i forbindelse med udbetaling af
refusion af udbytteskat.

De 27 amerikanske pension plans har modtaget refusion af udbytteskat
på cirka 1,1 milliarder kroner på deres konti i North Channel Bank
GmbH & Co KG. Derved skulle de 27 amerikanske pension plans have
været berettiget til et bruttoudbytte på cirka 4,2 milliarder kroner. Heraf
skulle de have fået cirka 3,1 milliarder kroner udbetalt i nettoudbytte fra
de danske selskaber, som de skulle have ejet aktier i.

For at have være berettiget til cirka 4,2 milliarder kroner i bruttoudbytte
skal de 27 amerikanske pension plans have ejet danske aktier til en værdi
af cirka 185 milliarder kroner. Der henvises til bilag 12.

Det bemærkes, at alle 27 amerikanske pension plans repræsenteres af
███████████████████████, som også indgår i det oprindelige
mistankegrundlag mod de 187 amerikanske pension plans. Således er
North Channel Bank GmbH & Co KG's kontaktpersoner kun ████████
███████████████, ligesom materiale fra banken ikke blev
sendt til pensionsplanerne, men til ████████████████. Endvidere var alle
betalingsinstrukser for de amerikanske pension plans udstedt af ████████
██████████, som formentlig er den samme person, som nævnt oven
for.

Det bemærkes desuden, at alle de amerikanske pension plans er registre-
ret i banken under et EIN (Employer Identification Number), hvilket ef-
ter statsadvokatens opfattelse må betyde, at der alene er en person i hver
pension plan. På den baggrund forekommer det ganske usandsynligt, at
pensionsplanerne har formået at have en samlet kapital på 185 milliarder
kroner til køb af danske aktier.

På den baggrund er det Statsadvokaten for Særlig Økonomisk Kriminali-
tets opfattelse, at der er et tilstrækkeligt mistankegrund mod både North
Channel Bank GmbH & Co KG samt de 25 nye amerikanske 401k pensi-
on plans."

  CONFIDENTIAL

05-01-00-6

side 6

Retten afsagde

**Kendelse:**

Efter de foreliggende oplysninger, herunder information fra SKAT om tilbage-
gesøgt udbytteskat, informationer fra rapport udarbejdet i foråret 2016 af
KPMG for det tyske finanstilsyn og informationer om pengestrømme ind-
hentet ved edition hos Dexia Bank S.A. + ING Luxembourg S.A i Luxem-
bourg, personsammenfaldet med hensyn til allerede mistænkte amerikanske
pension plans og de nye, mistænkte amerikanske pension plans samt størrel-
se af de tilbagesøgte skatter, finder retten, at North Channel Bank GmbH &
Co KG og de 27 amerikanske pension plans anført i begæringen med rimelig
grund er mistænkt for en lovovertrædelse, der kan medføre fængselsstraf, og
at der er grund til at antage, at eventuelle indestående bør konfiskeres, lige-
som beslaglæggelse anses for nødvendig for at sikre krav i sagen. Betingel-
serne for at foretage beslaglæggelse i medfør af retsplejelovens § 802, stk. 1,
og stk. 2, er derfor opfyldt, hvorfor

**bestemmes:**

Betingelserne efter dansk ret er til stede for at foretage beslaglæggelse af:

indestående på konti, depoter og bokse hos

**North Channel Bank GmbH & Co KG**



som har selskabsnummer HRA 41054, jf. Handelsregister des Amtsgerichts
Mainz, Abl. A,

som følgende 27 amerikanske pension plans med tilhørende kontonumre



    CONFIDENTIAL



er registreret til, indehaver af eller har rådighed over.

Dørene blev åbnet.

Sagen sluttet.

Retten hævet

Dommer

05-01-00-8

Retten i Lyngby



Den 16. februar 2017 blev retten sat af dommer Seerup.

Retsmødet var offentligt.

Rettens nr. 1-836/2017
Politiets nr. SØK-76141-00005-15

**Ransagning**

Ingen var mødt.

Der blev fremlagt anmodning af 10. februar 2017 om ransagning.

Advokat Jakob Lund Poulsen har haft lejlighed til at udtale sig.

Anklagemyndigheden har under henvisning til retsmødets formål anmodet
om dørlukning, jf. retsplejelovens § 29, stk. 3, nr. 4.

Retten afsagde

**Kendelse**

Sagens behandling i et offentligt retsmøde må antages på afgørende måde at
hindre sagens oplysning, jf. retsplejelovens § 29, stk. 3, nr. 4, hvorfor

**bestemmes:**

Dørene lukkes.

Anklagemyndigheden har anmodet om, at Retten i Lyngby påser, at betin-
gelserne for at fremsætte begæring over for de kompetente myndigheder i Tysk-
land om ransagning af husrum, andre lokaliteter eller genstande hos følgende
den tyske bank:

**North Channel Bank GmbH & Co KG**



som har selskabsnummer HRA 41054, jf. Handelsregister des Amtsgerichts
Mainz, Abl. A.

Det er Statsadvokaten for Særlig Økonomisk og International Kriminalitets
opfattelse, at ransagningen må antages at være af væsentlig betydning for ef-
terforskningen, ligesom der er bestemte grunde til at antage, at bevis i sagen
eller genstande, der kan beslaglægges, kan findes ved ransagningen.

Sid 15244

STEIN_LHOTE0012124

CONFIDENTIAL

05-01-00-9

side 2

Det er således statsadvokatens opfattelse, at der ved ransagningen af North
Channel Banks lokaliteter, computere og diverse lagringsmedier, vil kunne
findes skriftligt og elektronisk materiale, herunder kontrakter, notater, regn-
skabs- og bogføringsmateriale, fakturaer med tilhørende bilag, arbejdspapi-
rer, korrespondance (e-mails og øvrig elektronisk kommunikation), aftaler,
mødereferater, dagbøger samt øvrige dokumenter i relation til de mistænkte,
der kan tjene som bevis i sagen eller tjene som genstand for beslaglæggelse.

Anklagemyndigheden har til støtte for begæringen oplyst følgende:

"SKAT har i efteråret 2015 anmeldt, at der var mistanke om bedrageri af
særlig grov beskaffenhed for ikke under 9,1 milliarder kroner.

Mistanken er rettet mod en række personer, reclaim agents, custodians,
selskaber, amerikanske pension-plans og malaysiske Labuan-selskaber.
De mistænkte er blandt andre Sanjay Shah samt tre reclaim agents, Syn-
tax GIS Ltd., Acupay System LLC, Goal TaxBack Ltd. og fire custodians
Solo Capital Partners LLP, Old Park Lane Capital PLC, Telesto Markets
LLP, West Point Derivatives Ltd.

De er mistænkt for bedrageri af særlig grov beskaffenhed medfør af
straffelovens § 279, jf. § 286, stk. 2, ved i perioden fra 2012-2015 i
3.262 tilfælde retsstridigt at have tilbagesøgt og fået refunderet indeholdt
danske udbytteskatter i henhold til dobbeltbeskatningsoverenskomsten
mellem Danmark og henholdsvis USA og Malaysia, alt hvorved 187
amerikanske 401k pension plans og 24 mistænkte malaysiske –Labuan-
selskaber bragte ansatte i SKAT i en vildfarelse om, at de 187 ameri-
kanske 401k pension plans og 24 mistænkte malaysiske Labuan-selska-
ber på tidspunktet for de danske selskabers deklarering af udbytte var
retmæssig ejere af aktier og havde fået indeholdt udbytteskat i SKAT
svarende til de tilbagesøgte beløb, og dermed bestemte den danske stat
til at udbetale til sig ikke under 9,1 milliarder danske kroner.

Dette mistankegrundlag er baseret på SKAT's første anmeldelse fra au-
gust 2015.

SKAT har den 24. august 2016 anmeldt yderligere bedrageri af særlig
grov beskaffenhed for 3,2 milliarder kroner samt forsøg på 553 millioner
kroner. Statsadvokaten for Særlig Økonomisk og International Krimina-
litet har efterfølgende konstateret, at der er mistanke om bedrageri for
yderligere 100 millioner kroner, således at der er tale om bedrageri for
3,3 milliarder kroner og forsøg på 553 millioner kroner.

Samlet er der således mistanke om bedrageri af særlig grov beskaffenhed
for ikke under 12,4 milliarder kroner og forsøg på 553 millioner kroner.

STEIN_LHOTE0012125                                                    CONFIDENTIAL

05-01-00-10

side 3

Mistanken mod North Channel Bank GmbH & Co KG

De tre allerede mistænkte reclaim agents, Syntax GIS Ltd., Acupay Sy-
stem LLC, Goal TaxBack Ltd., har på vegne af klienter tilbagesøgt cirka
2 milliarder af de 3,3 milliarder kroner, hvor Goal TaxBack tegner sig
for cirka 1,7 milliarder kroner

Nu mistænkte Koi Associates Ltd. har tilbagesøgt cirka 1,2 milliarder
kroner for de to custodians, nu mistænkte North Channel Bank GmbH &
Co KG og nu mistænkte Lindisfarne Partners LLP.

North Channel Bank GmbH & Co KG har i alt tilbagesøgt cirka 1,1 mil-
liarder kroner, mens Linidsfarne Partners LLP i alt har tilbagesøgt cirka
921 millioner kroner.

North Channel Bank GmbH & Co KG er i foråret 2016 på vegne af det
tyske finanstilsyn, Die Bundesanstalt für Finansdienstleistungafsicht
(BaFin) blevet undersøgt af revisionsfirmaet KPMG. Revisionsfirmaet
KPMG skulle undersøge bankens ageren i forhold til 567 kundetransak-
tioner i blandt andet danske aktier i 2014. Revisionsfirmaet har udfærdi-
get en rapport, som Statsadvokaten for Særlig Økonomisk og Internatio-
nal Kriminalitet har modtaget gennem JIT-samarbejdet.

Ifølge revisionsfirmaet KPMG's rapport havde North Channel Bank
GmbH & Co KG kun 39 kunder, hvoraf de 25 kunder var amerikanske
pension plans. Hovedparten af de amerikanske pension plans fik oprettet
depot i North Channel Bank GmbH & Co KG i perioden fra slutningen
af marts 2014 til slutningen af april 2014.

North Channel Bank GmbH & Co KG har på vegne af de amerikanske
pension plans udfærdiget Dividend Credit Advices til brug for tilbage-
søgning af udbytteskat i Danmark. Der henvises til bilag 6, som eksem-
pel på dette.

På den baggrund er det Statsadvokaten for Særlig Økonomisk og Interna-
tional Kriminalitets opfattelse, at der er anvendt samme fremgangsmåde,
som ved de øvrige custodiers i denne sag, idet reclaim agenterne Syntax
GIS Ltd., Acupay System LLC, Goal TaxBack Ltd. og Koi Associates
Ltd. på vegne af North Channel Bank GmbH & Co KG har tilbagesøgt
udbytteskat.

Den af SKAT tilbagebetalte udbytteskat er herefter via reclaim agenter-
nes konti overført til North Channel Bank GmbH & Co KG. Som eksem-
pel kan nævnes, at SKAT har udbetalt cirka 104 millioner kroner til
Acupay System LLC i 2014 og 2015. Acupay har videresendt i alt cirka
158 millioner kroner til kunderelaterede konti i North Channel Bank
GmbH & Co KG. At Acupay System LLC har overført mere til kontiene

STEIN_LHOTE0012126                                                    CONFIDENTIAL

05-01-00-11

side 4

i North Channel Bank GmbH & Co KG end det SKAT har udbetalt skyl-
des formentlig, at der også er overført udbetalt udbytteskat fra andre lan-
de."

Retten afsagde

Kendelse

Efter de foreliggende oplysninger, herunder information fra SKAT om
tilbagesøgt udbytteskat, informationer fra rapport udarbejdet i foråret 2016
af KPMG for det tyske finanstilsyn og informationer om pengestrømme
indhentet ved edition hos Dexia Bank S.A. + ING Luxembourg S.A i
Luxembourg, finder retten, at North Channel Bank GmbH & Co KG med
rimelig grund er mistænkt for en lovovertrædelse, der kan medføre
fængselsstraf, og at der er bestemte grunde til at antage, at bevis i sagen
eller genstande, der kan beslaglægges, kan findes ved ransagningen. En
ransagning må derfor, antages at være af væsentlig betydning for
efterforskningen. Betingelserne i retsplejelovens § 794, stk. 1 og 2, jf. §
793, er derfor opfyldt, hvorfor

bestemmes:

Betingelserne efter dansk ret er til stede for, at politiet må foretage
ransagning af husrum, andre lokaliteter eller genstande hos følgende tyske
bank:

**North Channel Bank GmbH & Co KG**



som har selskabsnummer HRA 41054, jf. Handelsregister des Amtsgerichts
Mainz, Abl. A.

Dørene blev åbnet.

Sagen sluttet.



Dommer

STEIN_LHOTE0012127                                                    CONFIDENTIAL

05-01-00-12

Retten i Lyngby



Den 20. februar 2017 blev retten sat af dommer Seerup.

Retsmødet var offentligt.

Rettens nr. 1-872/2017
Politiets nr. SØK-76141-00005-15

**Foranstaltning under efterforskning**

**Edition**

Ingen var mødt.

Der blev fremlagt anmodning af 14. februar 2017 om edition.

Advokat Jakob Lund Poulsen har haft lejlighed til at udtale sig.

Anklagemyndigheden har under henvisning til retsmødets formål anmodet om dørlukning, jf. retsplejelovens § 29, stk. 3, nr. 4.

Retten afsagde

**Kendelse**

Sagens behandling i et offentligt retsmøde må antages på afgørende måde at hindre sagens oplysning, jf. retsplejelovens § 29, stk. 3, nr. 4, hvorfor

**bestemmes:**

Dørene lukkes.

Anklageren har anmodet om, at retten påser, at betingelserne for at fremsætte begæring om edition er opfyldt efter dansk ret, jf. retsplejelovens § 804 og § 805, således at det pålægges de kompetente tyske myndigheder til Statsadvokaten for Særlig Økonomisk og International Kriminalitet at udlevere:

> - samtlige oplysninger om følgende mistænkte bank og 27 amerikanske 401k pension plans, der er kontohavere i banken, herunder regnskaber for 2012-2015, aktieudbytte, bankkonti, kontoudskrifter, skatteindbetalinger og selvangivelser, oprettelsestidspunkt, ejerstruktur, direktion, medarbejdere, kontaktoplysninger, e-mail, adresse, telefonnummer samt bankforbindelser og konti:

Den mistænkte bank:

**North Channel Bank GmbH & Co KG**

Sal 02142

                                                                 CONFIDENTIAL

side 2



selskabsnummer HRA 41054, jf. Handelsregister des Amtsgerichts Ma-
inz, Abl. A,

De mistænkte 27 amerikanske pension plans med tilhørende kontonumre:



STEIN_LHOTE0012129                                              CONFIDENTIAL

05-01-00-14

side 3



Det bemærkes, at North Channel Bank GmbH & Co KG samt de 27 ameri-
kanske 401k pension plans ikke har haft adgang til at udtale sig, idet rettens
afgørelse skal danne grundlag for en international retsanmodning om editi-
on, jf. retsplejelovens § 806, stk. 7.

Anklagemyndigheden har til støtte for begæringen oplyst følgende:

"North Channel Bank GmbH & Co KG og de oven for nævnte 27 ameri-
kanske 401k pension plans er mistænkt for bedrageri af særlig grov be-
skaffenhed medfør af straffelovens § 279, jf. § 286, stk. 2, ved i perioden
fra 2014-2015 i forening og efter forudgående aftale uberettiget at have
tilbagesøgt og fået refunderet indeholdt danske udbytteskatter i henhold
til dobbeltbeskatningsoverenskomsten mellem Danmark og USA, alt
hvorved 27 amerikanske 401k pension plans i forening med blandt andre
North Channel Bank GmbH & Co KG bragte ansatte i SKAT i en vildfa-
relse om, at de 27 amerikanske 401k pension plans på tidspunktet for de
danske selskabers deklarering af udbytte var retmæssig ejere af aktier og
havde fået indeholdt udbytteskat i SKAT svarende til de tilbagesøgte be-
løb, og dermed bestemte den danske stat til at udbetale til sig ikke under
1.135.477.448 danske kroner til konti i North Channel Bank GmbH &
Co KG.

SKAT har i efteråret 2015 anmeldt, at der var mistanke om bedrageri af
særlig grov beskaffenhed for ikke under 9,1 milliarder kroner.

Mistanken er rettet mod en række personer, reclaim agents, custodians,
selskaber, amerikanske pension plans og malaysiske Labuan-selskaber.
De mistænkte er blandt andre Sanjay Shah samt tre reclaim agents, Syn-
tax GIS Ltd., Acupay System LLC, Goal TaxBack Ltd. og fire custodians

CONFIDENTIAL

05-01-00-15

side 4

Solo Capital Partners LLP, Old Park Lane Capital PLC, Telesto Markets LLP, West Point Derivatives Ltd.

De er mistænkt for bedrageri af særlig grov beskaffenhed medfør af straffelovens § 279, jf. § 286, stk. 2, ved i perioden fra 2012-2015 i 3.262 tilfælde retsstridigt at have tilbagesøgt og fået refunderet indeholdt danske udbytteskatter i henhold til dobbeltbeskatningsoverenskomsten mellem Danmark og henholdsvis USA og Malaysia, alt hvorved 187 amerikanske 401k pension plans og 24 mistænkte malaysiske Labuan-selskaber bragte ansatte i SKAT i en vildfarelse om, at de 187 amerikanske 401k pension plans og 24 mistænkte malaysiske Labuan-selskaber på tidspunktet for de danske selskabers deklarering af udbytte var retmæssig ejere af aktier og havde fået indeholdt udbytteskat i SKAT svarende til de tilbagesøgte beløb, og dermed bestemte den danske stat til at udbetale til sig ikke under 9,1 milliarder danske kroner.

Dette mistankegrundlag er baseret på SKAT's første anmeldelse fra august 2015.

SKAT har den 24. august 2016 anmeldt yderligere bedrageri af særlig grov beskaffenhed for 3,2 milliarder kroner samt forsøg på 553 millioner kroner. Statsadvokaten for Særlig Økonomisk og International Kriminalitet har efterfølgende konstateret, at der er mistanke om bedrageri for yderligere 100 millioner kroner, således at der er tale om bedrageri for 3,3 milliarder kroner og forsøg på 553 millioner kroner.

Samlet er der således mistanke om bedrageri af særlig grov beskaffenhed for ikke under 12,4 milliarder kroner og forsøg på 553 millioner kroner.

Mistankegrundlag mod North Channel Bank GmbH & Co KG

De tre allerede mistænkte reclaim agents, Syntax GIS Ltd., Acupay System LLC, Goal TaxBack Ltd., har på vegne af klienter tilbagesøgt cirka 2 milliarder af de 3,3 milliarder kroner, hvor Goal TaxBack tegner sig for cirka 1,7 milliarder kroner.

Nu mistænkte Koi Associates Ltd. har tilbagesøgt cirka 1,2 milliarder kroner for de to custodians, nu mistænkte North Channel Bank GmbH & Co KG og nu mistænkte Lindisfarne Partners LLP.

North Channel Bank GmbH & Co KG har i alt tilbagesøgt cirka 1,1 milliarder kroner, mens Lindisfarne Partners LLP i alt har tilbagesøgt cirka 921 millioner kroner.

North Channel Bank GmbH & Co KG er i foråret 2016 på vegne af det tyske finanstilsyn, Die Bundesanstalt für Finansdienstleistungafsicht (BaFin) blevet undersøgt af revisionsfirmaet KPMG. Revisionsfirmaet

STEIN_LHOTE0012131                                              CONFIDENTIAL

05-01-00-16

side 5

KPMG skulle undersøge bankens ageren i forhold til 567 kundetransaktioner i blandt andet danske aktier i 2014. Revisionsfirmaet har udfærdiget en rapport, som Statsadvokaten for Særlig Økonomisk og International Kriminalitet har modtaget gennem JIT-samarbejdet.

Ifølge revisionsfirmaet KPMG's rapport havde North Channel Bank GmbH & Co KG kun 39 kunder, hvoraf de 25 kunder var amerikanske pension plans. Hovedparten af de amerikanske pension plans fik oprettet depot i North Channel Bank GmbH & Co KG i perioden fra slutningen af marts 2014 til slutningen af april 2014.

Det fremgår desuden af KPMG's rapport, at de aktietransaktioner, der skulle være gennemført, ikke fremstod som normal investeringsspekulation, men derimod som skattespekulation.

North Channel Bank GmbH & Co KG har på vegne af de amerikanske pension plans udfærdiget Dividend Credit Advices til brug for tilbagesøgning af udbytteskat i Danmark. Der henvises til bilag 6, som eksempel på dette.

Den af SKAT tilbagebetalte udbytteskat er herefter via reclaim agenternes konti overført til North Channel Bank GmbH & Co KG. Som eksempel kan nævnes, at SKAT har udbetalt cirka 104 millioner kroner til Acupay System LLC i 2014 og 2015. Acupay har videresendt i alt cirka 158 millioner kroner til kunderelaterede konti i North Channel Bank GmbH & Co KG. At Acupay System LLC har overført mere til kontiene i North Channel Bank GmbH & Co KG end det SKAT har udbetalt skyldes formentlig, at der også er overført udbetalt udbytteskat fra andre lande. Der henvises til bilag 11 herom.

På den baggrund er det Statsadvokaten for Særlig Økonomisk og International Kriminalitets opfattelse, at der er anvendt samme fremgangsmåde, som ved de øvrige custodians i denne sag, idet reclaim agenterne Syntax GIS Ltd., Acupay System LLC, Goal TaxBack Ltd. og Koi Associates Ltd. på vegne af North Channel Bank GmbH & Co KG har tilbagesøgt udbytteskat.

Det er Statsadvokaten for Særlig Økonomisk og International Kriminalitets opfattelse, at der nu også er tilstrækkeligt mistankegrundlag for North Channel Bank GmbH & Co KG, idet der er tale om samme fremgangsmåde, som tidligere anført i sagen vedrørende øvrige mistænkte custodians.

Mistankegrundlag mod de 27 amerikanske pension plans

Det bemærkes indledningsvist, at 2 af de 27 amerikanske pension plans allerede er omfattet af det mistankegrundlag, som er mod 187 ameri-

CONFIDENTIAL

05-01-00-17

side 6

kanske 401k pension plans, der er anført oven for.

Det fremgår af KPMG's rapport, at hovedparten af de 27 amerikanske pension plans er blevet oprettet 2-3 måneder før de har oprettet konti i North Channel Bank GmbH & Co KG i marts og april 2014. Det vil sige, at de amerikanske pension plans er oprettet i starten af 2014.

De anførte kontonumre for hver amerikansk pension plan er det konto-nummer, som er anført over for SKAT i forbindelse med udbetaling af refusion af udbytteskat.

De 27 amerikanske pension plans har modtaget refusion af udbytteskat på cirka 1,1 milliarder kroner på deres konti i North Channel Bank GmbH & Co KG. Derved skulle de 27 amerikanske pension plans have været berettiget til et bruttoudbytte på cirka 4,2 milliarder kroner. Heraf skulle de have fået cirka 3,1 milliarder kroner udbetalt i nettoudbytte fra de danske selskaber, som de skulle have ejet aktier i.

For at have være berettiget til cirka 4,2 milliarder kroner i bruttoudbytte skal de 27 amerikanske pension plans have ejet danske aktier til en værdi af cirka 185 milliarder kroner. Der henvises til bilag 12.

Det bemærkes, at alle 27 amerikanske pension plans repræsenteres af ▮▮▮▮▮▮▮▮▮▮▮▮, som også indgår i det oprindelige mistankegrundlag mod de 187 amerikanske pension plans. Således er North Channel Bank GmbH & Co KG's kontaktpersoner kun ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮, ligesom materiale fra banken ikke blev sendt til pensionsplanerne, men til ▮▮▮▮▮▮▮▮▮. Endvidere var alle betalingsinstrukser for de amerikanske pension plans udstedt af ▮▮▮▮ ▮▮▮▮▮▮▮▮▮ som formentlig er den samme person, som nævnt oven for.

Det bemærkes desuden, at alle de amerikanske pension plans er registre-ret i banken under et EIN (Employer Identification Number), hvilket ef-ter statsadvokatens opfattelse må betyde, at der alene er en person i hver pension plan. På den baggrund forekommer det ganske usandsynligt, at pensionsplanerne har formået at have en samlet kapital på 185 milliarder kroner til køb af danske aktier.

På den baggrund er det Statsadvokaten for Særlig Økonomisk Kriminali-tets opfattelse, at der er et tilstrækkeligt mistankegrund mod både North Channel Bank GmbH & Co KG samt de 25 nye amerikanske 401k pensi-on plans."

Retten afsagde

**Kendelse**

CONFIDENTIAL

05-01-00-18

side 7

Efter de foreliggende oplysninger, herunder information fra SKAT om tilbagesøgt udbytteskat, informationer fra rapport udarbejdet i foråret 2016 af KPMG for det tyske finanstilsyn og informationer om pengestrømme indhentet ved edition hos Dexia Bank S.A. + ING Luxembourg S.A i Luxembourg, personsammenfaldet med hensyn til allerede mistænkte amerikanske pension plans og de nye, mistænkte amerikanske pension plans samt størrelse af de tilbagesøgte skatter, finder retten, at North Channel Bank GmbH & Co KG og de 27 amerikanske pension plans anført i begæringen med rimelig grund er mistænkt for en lovovertrædelse, og at der er der grund til at antage, at de i begæringen anførte oplysninger kan tjene som bevis i sagen.

Betingelserne for at fremsætte begæring om edition er opfyldt efter dansk ret, jf. retsplejelovens § 804 og § 805, hvorfor

**bestemmes:**

Betingelserne efter dansk ret er til stede for at pålægge de kompetente tyske myndigheder til Statsadvokaten for Særlig Økonomisk og International Kriminalitet at udlevere:

  - samtlige oplysninger om følgende mistænkte bank og 27 amerikanske 401k pension plans, der er kontohavere i banken, herunder regnskaber for 2012-2015, aktieudbytte, bankkonti, kontoudskrifter, skatteindbetalinger og selvangivelser, oprettelsestidspunkt, ejerstruktur, direktion, medarbejdere, kontaktoplysninger, e-mail, adresse, telefonnummer samt bankforbindelser og konti:

Den mistænkte bank:

**North Channel Bank GmbH & Co KG**



selskabsnummer HRA 41054, jf. Handelsregister des Amtsgerichts Mainz, Abl. A,

De mistænkte 27 amerikanske pension plans med tilhørende kontonumre:



CONFIDENTIAL

05-01-00-19

side 8



STEIN_LHOTE0012135

CONFIDENTIAL

side 9



Dørene blev åbnet.

Sagen sluttet.

Dommer

CONFIDENTIAL

05-01-00-1

District Court of Lyngby

[logo:] DISTRICT COURT
IN LYNGBY
COURTS OF DENMARK

On February 16, 2017, the court was convened by Judge Seerup.

The hearing was public.

Court No. 1-835/2017
Police No. SØK-76141-00005-15

**Seizure**

No one was present.

A request was submitted from February 10, 2017 for seizure.

Lawyer Jakob Lund Poulsen has had the opportunity to comment.

With reference to the purpose of the hearing, the Public Prosecutor's Office has that the doors be closed, cf. Section 29, Subsection 3, No. of the Administration of Justice Act. 4.

The court ruled

**Order**

The processing of the case at a public hearing must be assumed to prevent the disclosure of the case in a decisive way, cf. Section 29, Subsection 3, No. 4 of the Administration of Justice Act, which is why it is

**determined:**

The doors are closed.

The Prosecutor has requested that the court rule that the conditions for making a request to the competent authorities in Germany for seizure are met under Danish law, cf. Section 802 of the Administration of Justice Act, regarding the seizure of the below:

deposits in accounts, custody accounts and safe deposit boxes at

**North Channel Bank GmbH & Co KG**



with company number HRA 41054, cf. Trade Register des Amtsgerichts Mainz, Abl. A,

as the following 27 US pension plans with associated account numbers

**CONFIDENTIAL**

05-01-00-2

**page 2**

[illegible]



are registered to, holder of, or has access to.

It is the opinion of the State Attorney for Special Financial and International Crime that any deposits should be confiscated, just as seizure is considered necessary to secure claims in the case, cf. Section 802 of the Administration of Justice Act, paragraphs 1 and 2.

In support of the request, the Prosecutor's Office has stated that

"In the fall of 2015, SKAT (Danish Tax Agency) reported that fraud of a particularly serious nature was suspected of no less than DKK 9.1 billion.

The suspicion is directed at a number of people, reclaim agents, custodians, corporations, US pension plans and Malaysian Labuan companies.
The suspects include Sanjay Shah as well as three reclaim agents, Syntax GIS Ltd., Acupay System LLC, Goal TaxBack Ltd. and four custodians

CONFIDENTIAL

Solo Capital Partners LLP, Old Park Lane Capital PLC, Telesto Markets LLP, West Point Derivatives Ltd.

They are suspected of fraud of a particularly serious nature pursuant to Section 279 of the Criminal Code, cf. Section 286, paragraph 2, in the period from 2012-2015 in 3,262 instances, by unlawfully recovering and having been refunded withheld Danish dividend taxes in accordance with the double taxation agreement between Denmark and the USA and Malaysia, respectively, whereby 187 US 401k pension plans and 24 suspected Malaysian Labuan companies misled employees of SKAT into believing that the 187 American 401k pension plans and 24 suspected Malaysian Labuan companies at the time of the Danish companies' declaration of dividends were beneficial owners of shares and had had dividend tax withheld by SKAT corresponding to the recovered amounts, and thus the Danish state decided to pay out to them no less than 9.1 billion Danish kroner.

This suspicion basis is based on SKAT's first report from August 2015.

On August 24, 2016, SKAT reported further fraud of a particularly serious nature of DKK 3.2 billion and attempts of DKK 553 million. The State Attorney for Special Financial and International Crime has subsequently found that there is suspicion of fraud of another DKK 100 million, so that it amounts to fraud of DKK 3.3 billion and attempts of DKK 553 million.

Overall, there is thus suspicion of fraud of a particularly serious nature for no less than DKK 12.4 billion and attempts of DKK 553 million.

Suspicion directed at North Channel Bank GmbH & Co KG

The three already suspected reclaim agents, Syntax GIS Ltd., Acupay System LLC, Goal TaxBack Ltd., have on behalf of clients recovered approximately 2 billion of the DKK 3.3 billion, with Goal TaxBack accounting for approximately DKK 1.7 billion.

Now suspected Koi Associates Ltd. has recovered approximately DKK 1.2 billion for the two custodians, now suspected North Channel Bank GmbH & Co KG and now suspected Lindisfarne Partners LLP.

North Channel Bank GmbH & Co KG has recovered approximately DKK 1.1 billion in total, while Linidsfame Partners LLP has recovered approximately DKK 921 million in total.

In the spring of 2016, North Channel Bank GmbH & Co KG, on behalf of the German Federal Financial Supervisory Authority (BaFin), was investigated by the audit firm KPMG. The audit firm

     CONFIDENTIAL

KPMG was to investigate the bank's actions in relation to 567 customer transactions in Danish shares in 2014, among other things. The audit firm has prepared a report received by the State Prosecutor for Special Financial and International Crime through the JIT cooperation.

According to KPMG's report, North Channel Bank GmbH & Co KG had only 39 customers, 25 of which were US pension plans. The majority of the US pension plans were established in North Channel Bank GmbH & Co KG during the period from late March 2014 to late April 2014.

On behalf of the US pension plans, North Channel Bank GmbH & Co KG prepared Dividend Credit Advices for use in recovering dividend tax in Denmark. Please refer to Appendix 6 as an example of this.

On this basis, it is the view of the State Attorney for Special Financial and International Crime that the same procedure has been used as for the other custodians in this case, since the reclaim agents Syntax GIS Ltd., Acupay System LLC, Goal TaxBack Ltd. and Koi Associates Ltd. on behalf of North Channel Bank GmbH & Co KG have recovered dividend tax.

The dividend tax repaid by SKAT has subsequently been transferred via the reclaim agents' accounts to North Channel Bank GmbH & Co KG. As an example, SKAT has paid out approximately DKK 104 million to Acupay System LLC in 2014 and 2015. Acupay has forwarded a total of approximately DKK 158 million to customer related accounts at North Channel Bank GmbH & Co KG. The fact that Acupay System LLC has transferred more to the accounts in North Channel Bank GmbH & Co KG than what SKAT has paid is probably due to the fact that dividend tax has also been transferred from other countries. Please refer to Appendix 11 in this regard.

On this basis, it is the view of the State Attorney for Special Financial and International Crime that the same procedure has been used as for the other custodians in this case, since the reclaim agents Syntax GIS Ltd., Acupay System LLC, Goal TaxBack Ltd. and Koi Associates Ltd. on behalf of North Channel Bank GmbH & Co KG have recovered dividend tax.

It is the view of the State Prosecutor for Special Financial and International Crime that there are now also sufficient grounds for suspicion about North Channel Bank GmbH & Co KG, as this is the same procedure as previously stated in the case regarding other suspected custodians.

CONFIDENTIAL

05-01-00-5

page 5

Grounds for suspicion against the 27 US pension plans

Firstly, it is noted that 2 of the 27 US pension plans are already covered by the grounds for suspicion directed against 187 US 401k pension plans listed above.

KPMG's report states that the majority of the 27 US pension plans were set up 2-3 months before they created accounts at North Channel Bank GmbH & Co KG in March and April 2014. This means that the US pension plans were established in early 2014.

The account numbers listed for each US pension plan are the account numbers provided to SKAT in connection with the payment of a refund of dividend tax.

The 27 US pension plans have received a refund of dividend tax of approximately DKK 1.1 billion in their accounts at North Channel Bank GmbH & Co KG. In doing so, the 27 US pension plans should have been entitled to a gross dividend of approximately DKK 4.2 billion. Of these, they should have received approximately DKK 3.1 billion in net dividends from the Danish companies in which they should have owned shares.

In order to be entitled to approximately DKK 4.2 billion in gross dividends, the 27 US pension plans must have owned Danish shares worth approx. DKK 185 billion. Refer to Appendix 12.

It is noted that all 27 US pension plans are represented by ████████ ████████████████, who also form part of the original grounds for suspicion against the 187 US pension plans. Thus, North Channel Bank GmbH & Co KG's contacts are only ████████████ ████████████, just as materials from the bank were not sent to the pension plans, but to ████████████████. Furthermore, all payment instructions for the US pension plans were issued by ████████ ████████ who is presumably the same person as mentioned above.

It is also noted that all the US pension plans are registered with the bank under an EIN (Employer Identification Number), which in the opinion of the Attorney General must mean that there is only one person in each pension plan. On this basis, it seems quite unlikely that pension plans have managed to have a total capital of DKK 185 billion for the purchase of Danish shares.

On this basis, it is the view of the State Attorney for Special Financial Crime that there are sufficient grounds for suspicion of both North Channel Bank GmbH & Co KG and the 25 new US 401k pension plans."

CONFIDENTIAL

05-01-00-6

**page 6**

The court ruled

**Order:**

Based on the available information, including information from SKAT on
recovered dividend tax, information from the report prepared in the spring of
2016 by KPMG for the German Financial Supervision Authority and
information on cash flows obtained at the time of publication at Dexia Bank
S.A. + ING Luxembourg S.A in Luxembourg, the coincidence of persons with
regard to already suspected US pension plans and the new, suspected US
pension plans as well as the size of the recovered taxes, the court finds that
North Channel Bank GmbH & Co KG and the 27 US pension plans listed in the
application are reasonably suspected of an offense, that could result in
imprisonment, and that there is reason to assume, that any deposits should be is
confiscated, just as seizure is considered necessary to secure claims in the case.
The conditions for seizure under the Administration of Justice Act § 802,
paragraph 1, and paragraph 2, are therefore met, which is why the following is

**determined:**

The conditions under Danish law are met in order to seize;

deposits in accounts, custody accounts and safe deposit boxes at

**North Channel Bank GmbH & Co KG**



with company number HRA 41054, cf. Trade Register des Amtsgerichts
Mainz, Abl. A,

as the following 27 US pension plans with associated account numbers



CONFIDENTIAL

05-01-00-7

page 7



are registered to, holder of, or has access to.

The doors were opened.

Case closed.

Court adjourned

[signature]
Seerup
Judge

                                              CONFIDENTIAL

05-01-00-8

District Court of Lyngby

[logo:] DISTRICT COURT
IN LYNGBY
COURTS OF DENMARK

On February 16, 2017, the court was convened by Judge Seerup.

The hearing was public.

Court No. 1-836/2017
Police No. SØK-76141-00005-15

**Search**

No one was present.

A request was submitted from February 10, 2017 for a search.

Lawyer Jakob Lund Poulsen has had the opportunity to comment.

With reference to the purpose of the hearing, the Public Prosecutor's Office has that the doors be closed, cf. Section 29, Subsection 3, No. of the Administration of Justice Act. 4.

The court ruled

**Order**



The processing of the case at a public hearing must be assumed to prevent the disclosure of the case in a decisive way, cf. Section 29, Subsection 3, No. 4 of the Administration of Justice Act, which is why it is

**determined:**

The doors are closed.

The Public Prosecutor's Office has requested that the Court of Lyngby ensure that the conditions for making an application to the competent authorities in Germany for the search of domestic premises, other locations or objects at the following German bank:

**North Channel Bank GmbH & Co KG**

with company number HRA 41054, cf. Trade Register des Amtsgerichts Mainz, Abl. A.

It is the view of the State Attorney for Special Financial and International Crime that the search must be assumed to be of significant importance to the investigation, just as there are specific reasons to assume that evidence in the case or objects that can be seized can be found in the search.

CONFIDENTIAL

05-01-00-9

page 2

[illegible]

This is the opinion of the Attorney General that in searching North Channel
Bank's premises, computers and various storage media, it will be possible to
find written and electronic materials, including contracts, notes, accounting and
bookkeeping materials; invoices with associated appendices; working papers,
correspondence (e-mails and other electronic communications); contracts,
meeting minutes, diaries and other documents in relation to the suspects, that
may serve as evidence in the case or serve as the subject of seizure.

In support of the request, the Prosecutor's Office has stated the following:

"In the fall of 2015, SKAT (Danish Tax Agency) reported that fraud of a
particularly serious nature was suspected of no less than DKK 9.1 billion.

The suspicion is directed at a number of people, reclaim agents,
custodians, corporations, US pension plans and Malaysian Labuan
companies. The suspects include Sanjay Shah as well as three reclaim
agents, Syntax GIS Ltd., Acupay System LLC. Goal TaxBack Ltd. and
four custodians Solo Capital Partners LLP. Old Park Lane Capital PLC,
Telesto Markets LLP, West Point Derivatives Ltd.

They are suspected of fraud of a particularly serious nature pursuant to
Section 279 of the Criminal Code, cf. Section 286, paragraph 2, in the
period from 2012-2015 in 3,262 instances, by unlawfully recovering and
having been refunded withheld Danish dividend taxes in accordance with
the double taxation agreement between Denmark and the USA and
Malaysia, respectively, whereby 187 US 401k pension plans and 24
suspected Malaysian Labuan companies misled employees of SKAT into
believing that the 187 American 401k pension plans and 24 suspected
Malaysian Labuan companies at the time of the Danish companies'
declaration of dividends were beneficial owners of shares and had had
dividend tax withheld by SKAT corresponding to the recovered amounts,
and thus the Danish state decided to pay out to them no less than 9.1
billion Danish kroner.

These grounds for suspicion are based on SKAT's first report from August
2015.

On August 24, 2016, SKAT reported further fraud of a particularly
serious nature of DKK 3.2 billion and attempts of DKK 553 million. The
State Attorney for Special Financial and International Crime has
subsequently found that there is suspicion of fraud of another DKK 100
million, so that it amounts to fraud of DKK 3.3 billion and attempts of
DKK 553 million.

Overall, there is thus suspicion of fraud of a particularly *serious* nature for no

05-01-00-10

less than DKK 12.4 billion and attempts of DKK 553 million.

Suspicion directed at North Channel Bank GmbH & Co KG

The three already suspected reclaim agents, Syntax GIS Ltd., Acupay System LLC, Goal TaxBack Ltd., have on behalf of clients recovered approximately 2 billion of the DKK 3.3 billion, with Goal TaxBack accounting for approximately DKK 1.7 billion.

Now suspected Koi Associates Ltd. has recovered approximately DKK 1.2 billion for the two custodians, now suspected North Channel Bank GmbH & Co KG and now suspected Lindisfarne Partners LLP.

North Channel Bank GmbH & Co KG has in total recovered approximately DKK 1.1 billion, while Linidsfame Partners LLP has recovered a total of approximately DKK 921 million.

North Channel Bank GmbH & Co KG, in the spring of 2016 on behalf of the German financial supervisory authority, (BaFin) was investigated by the audit firm KPMG. The audit firm KPMG was to investigate the bank's actions in relation to 567 customer transactions in Danish shares in 2014, among other things. The audit firm has prepared a report received by the State Prosecutor for Special Financial and International Crime through the JIT cooperation.

According to KPMG's report, North Channel Bank GmbH & Co KG had only 39 customers, 25 of which were US pension plans. The majority of the US pension plans were established in North Channel Bank GmbH & Co KG during the period from late March 2014 to late April 2014.

On behalf of the US pension plans, North Channel Bank GmbH & Co KG prepared Dividend Credit Advices for use in recovering dividend tax in Denmark. Please refer to Appendix 6 as an example of this.

On this basis, it is the view of the State Attorney for Special Financial and International Crime that the same procedure has been used as for the other custodians in this case, since the reclaim agents Syntax GIS Ltd., Acupay System LLC, Goal TaxBack Ltd. and Koi Associates Ltd. on behalf of North Channel Bank GmbH & Co KG have recovered dividend tax.

The dividend tax repaid by SKAT has subsequently been transferred via the reclaim agents' accounts to North Channel Bank GmbH & Co KG. As an example, SKAT has paid out approximately DKK 104 million to Acupay System LLC in 2014 and 2015. Acupay has forwarded a total of approximately DKK 158 million to customer related accounts at North Channel Bank GmbH & Co KG. The fact that Acupay System LLC has

CONFIDENTIAL

05-01-00-11

**page 4**

transferred more to the accounts in North Channel Bank GmbH & Co
KG than what SKAT has paid is probably due to the fact that dividend
tax has also been transferred from other countries."

The court ruled

**Order**

Based on the available information, including information from SKAT on
recovered dividend tax, information from the report prepared in the spring of
2016 by KPMG for the German Financial Supervision Authority and
information on cash flows obtained at the time of publication at Dexia Bank
S.A. + ING Luxembourg S.A in Luxembourg, the court finds that North
Channel Bank GmbH & Co KG is reasonably suspected of an offense that
could result in imprisonment, and that there are specific reasons to assume,
that evidence in the case or objects, that can be seized, can be found in the
search. A search may therefore be assumed to be of significant importance to
the investigation. The conditions in Section 794, subsections 1 and 2 of the
Administration of Justice Act, cf. Section 793, are therefore met, which is
why the following is

**determined:**

The conditions under Danish law are in place for the police to carry out
searches of domestic premises, other locations or objects at the following
German bank:

**North Channel Bank GmbH & Co KG**



with company number HRA 41054, cf. Trade Register des Amtsgerichts
Mainz, Abl. A.

The doors were opened.

Case closed.

Court adjourned.

[signature]
Seerup
Judge

STEIN_LHOTE0012127                                                                  CONFIDENTIAL

05-01-00-12

District Court of Lyngby

[logo:] DISTRICT COURT
IN LYNGBY
COURTS OF DENMARK

On February 20, 2017, the court was convened by Judge Seerup.

The hearing was public.

Court No. 1-872/2017
Police No. SØK-76141-00005-15

**Measure under investigation**

**Discovery of documents**

No one was present.

A request was submitted from February 14, 2017 for the discovery of documents.

Lawyer Jakob Lund Poulsen has had the opportunity to comment.

With reference to the purpose of the hearing, the Public Prosecutor's Office has that the doors be closed, cf. Administration of Justice Act, Section 29, Subsection 3, No. 4.

The court ruled

**Order**

The processing of the case at a public hearing must be assumed to prevent the disclosure of the case in a decisive way, cf. Section 29, Subsection 3, No. 4 of the Administration of Justice Act, which is why it is

**determined:**

The doors are closed.

The Prosecutor has requested that the Court ensure that the conditions for submitting a request for a publication are met under Danish law, cf. Section 804 and Section 805 of the Administration of Justice Act, so that it is imposed on the competent German authorities to hand over to the State Prosecutor for Special Financial and International Crime:

> - all information about the following suspected bank and 27 US 401k pension plans that are account holders at the bank, including financial statements for 2012-2015, share dividends, bank accounts, bank statements, tax deposits and tax returns, the time of establishment, ownership structure, executive management, employees, contact details, email, address, telephone number and bank connections and accounts:

The suspected bank:

CONFIDENTIAL

**North Channel Bank GmbH & Co KG**



company number HRA 41054, cf. Trade Register des Amtsgerichts Mainz, Abl. A,

The suspected 27 US pension plans with associated account numbers:



**CONFIDENTIAL**

05-01-00-14

**page 3**



It is noted that North Channel Bank GmbH & Co KG and the 27 US 401k pension plans have not had access to comment, as the court's decision must form the basis for an international legal request for discovery, cf. the Administration of Justice Act § 806, subsection, 7.

In support of the request, the Prosecutor's Office has stated the following:

"North Channel Bank GmbH & Co KG and the above mentioned 27 US 401k pension plans are suspected of fraud of a particularly serious nature pursuant to the Penal Code § 279, cf. Section 286, paragraph 2, in the period from 2014-2015 jointly and by prior agreement, by having unlawfully recovered and having been refunded withheld Danish dividend taxes in accordance with the double taxation agreement between Denmark and the United States, whereby 27 US 401k pension plans together with North Channel Bank GmbH & Co KG, among others, misled employees of SKAT into believing that the 27 American 401k pension plans at the time of the Danish companies' declaration of dividend were beneficial owners of shares and had had dividend tax withheld by SKAT corresponding to the recovered amounts, and thus the Danish state decided to pay out to them no less than DKK 1,135,477,448 to accounts in North Channel Bank GmbH & Co KG.

In the fall of 2015, SKAT (Danish Tax Agency) reported that fraud of a particularly serious nature was suspected of no less than DKK 9.1 billion.

The suspicion is directed at a number of people, reclaim agents, custodians, corporations, US pension plans and Malaysian Labuan companies. The suspects include Sanjay Shah as well as three reclaim agents, Syntax GIS

     CONFIDENTIAL

Ltd., Acupay System LLC, Goal TaxBack Ltd. and four custodians Solo Capital Partners LLP, Old Park Lane Capital PLC, Telesto Markets LLP, West Point Derivatives Ltd.

They are suspected of fraud of a particularly serious nature pursuant to Section 279 of the Criminal Code, cf. Section 286, paragraph 2, in the period from 2012-2015 in 3,262 instances, by unlawfully recovering and having been refunded withheld Danish dividend taxes in accordance with the double taxation agreement between Denmark and the USA and Malaysia, respectively, whereby 187 US 401k pension plans and 24 suspected Malaysian Labuan companies misled employees of SKAT into believing that the 187 American 401k pension plans and 24 suspected Malaysian Labuan companies at the time of the Danish companies' declaration of dividends were beneficial owners of shares and had had dividend tax withheld by SKAT corresponding to the recovered amounts, and thus the Danish state decided to pay out to them no less than 9.1 billion Danish kroner.

These grounds for suspicion are based on SKAT's first report from August 2015.

On August 24, 2016, SKAT reported further fraud of a particularly serious nature of DKK 3.2 billion and attempts of DKK 553 million. The State Attorney for Special Financial and International Crime has subsequently found that there is suspicion of fraud of another DKK 100 million, so that it amounts to fraud of DKK 3.3 billion and attempts of DKK 553 million.

Overall, there is thus suspicion of fraud of a particularly serious nature for no less than DKK 12.4 billion and attempts of DKK 553 million.

Grounds for suspicion against North Channel Bank GmbH & Co KG

The three already suspected reclaim agents, Syntax GIS Ltd., Acupay System LLC, Goal TaxBack Ltd., have on behalf of clients recovered approximately 2 billion of the DKK 3.3 billion, with Goal TaxBack accounting for approximately DKK 1.7 billion.

Now suspected Koi Associates Ltd. has recovered approximately DKK 1.2 billion for the two custodians, now suspected North Channel Bank GmbH & Co KG and now suspected Lindisfarne Partners LLP.

North Channel Bank GmbH & Co KG has recovered approximately DKK 1.1 billion in total, while Lindisfarne Partners LLP has recovered approximately DKK 921 million in total.

In the spring of 2016, North Channel Bank GmbH & Co KG, on behalf of the German Federal Financial Supervisory Authority (BaFin), was

CONFIDENTIAL

investigated by the audit firm KPMG. The audit firm

KPMG was to investigate the bank's actions in relation to 567 customer transactions in Danish shares in 2014, among other things. The audit firm has prepared a report received by the State Prosecutor for Special Financial and International Crime through the JIT cooperation.

According to KPMG's report, North Channel Bank GmbH & Co KG had only 39 customers, 25 of which were US pension plans. The majority of the US pension plans were established in North Channel Bank GmbH & Co KG during the period from late March 2014 to late April 2014.

It is also stated in KPMG's report that the share transactions that were supposedly carried out did not appear to be normal investment speculation, but rather as tax speculation.

On behalf of the US pension plans, North Channel Bank GmbH & Co KG prepared Dividend Credit Advices for use in recovering dividend tax in Denmark. Please refer to Appendix 6 as an example of this.

The dividend tax repaid by SKAT has subsequently been transferred via the reclaim agents' accounts to North Channel Bank GmbH & Co KG. As an example, SKAT has paid out approximately DKK 104 million to Acupay System LLC in 2014 and 2015. Acupay has forwarded a total of approximately DKK 158 million to customer related accounts at North Channel Bank GmbH & Co KG. The fact that Acupay System LLC has transferred more to the accounts in North Channel Bank GmbH & Co KG than what SKAT has paid is probably due to the fact that dividend tax has also been transferred from other countries. Please refer to Appendix 11 for this.

On this basis, it is the view of the State Attorney for Special Financial and International Crime that the same procedure has been used as for the other custodians in this case, since the reclaim agents Syntax GIS Ltd., Acupay System LLC, Goal TaxBack Ltd. and Koi Associates Ltd. on behalf of North Channel Bank GmbH & Co KG have recovered dividend tax.

It is the view of the State Prosecutor for Special Financial and International Crime that there are now also sufficient grounds for suspicion about North Channel Bank GmbH & Co KG, as this is the same procedure as previously stated in the case regarding other suspected custodians.

Grounds for suspicion against the 27 US pension plans

Firstly, it is noted that 2 of the 27 US pension plans are already covered by

05-01-00-17

page 6

the grounds for suspicion directed against 187 US 401k pension plans
listed above.

KPMG's report states that the majority of the 27 US pension plans were set
up 2-3 months before they created accounts at North Channel Bank GmbH
& Co KG in March and April 2014. This means that the US pension plans
were established in early 2014.

The account numbers listed for each US pension plan are the account
numbers provided to SKAT in connection with the payment of a refund of
dividend tax.

The 27 US pension plans have received a refund of dividend tax of
approximately DKK 1.1 billion in their accounts at North Channel Bank
GmbH & Co KG. In doing so, the 27 US pension plans should have been
entitled to a gross dividend of approximately DKK 4.2 billion. Of these,
they should have received approximately DKK 3.1 billion in net
dividends from the Danish companies in which they should have owned
shares.

In order to be entitled to approximately DKK 4.2 billion in gross
dividends, the 27 US pension plans must have owned Danish shares worth
approx. DKK 185 billion. Refer to Appendix 12.

It is noted that all 27 US pension plans are represented by ███████
████████████████ who also form part of the original grounds
for suspicion against the 187 US pension plans. Thus, North Channel Bank
GmbH & Co KG's contacts are only ████████████████████████,
just as materials from the bank were not sent to the pension plans, but to
████████████. Furthermore, all payment instructions for the US
pension plans were issued by ████████████████, who is presumably
the same person as mentioned above.

It is also noted that all the US pension plans are registered with the bank
under an EIN (Employer Identification Number), which in the opinion of
the Attorney General must mean that there is only one person in each
pension plan. On this basis, it seems quite unlikely that pension plans have
managed to have a total capital of DKK 185 billion for the purchase of
Danish shares.

On this basis, it is the view of the State Attorney for Special Financial Crime
that there are sufficient grounds for suspicion of both North Channel Bank
GmbH & Co KG and the 25 new US 401k pension plans."

The court ruled

05-01-00-18

**page 7**

**Order**

Based on the available information, including information from SKAT on recovered dividend tax, information from the report prepared in the spring of 2016 by KPMG for the German Financial Supervision Authority and information on cash flows obtained at the time of publication at Dexia Bank S.A. + ING Luxembourg S.A in Luxembourg, the coincidence of persons with regard to already suspected US pension plans and the new, suspected US pension plans as well as the size of the recovered taxes, the court finds that North Channel Bank GmbH & Co KG and the 27 US pension plans listed in the application are reasonably suspected of an offense, and that there is reason to assume that the information specified in the request may serve as evidence in the case.

The conditions for submitting a request for discovery are met under Danish law, cf. Section 804 and Section 805 of the Administration of Justice Act, which is why the following is

**determined:**

The conditions under Danish law are in place to require the competent German authorities to hand over to the State Prosecutor for Special Financial and International Crime:

    - - all information about the following suspected bank and 27 US 401k pension plans that are account holders at the bank, including financial statements for 2012-2015, share dividends, bank accounts, bank statements, tax deposits and tax returns, the time of establishment, ownership structure, executive management, employees, contact details, email, address, telephone number and bank connections and accounts:

The suspected bank:

**North Channel Bank GmbH & Co KG**



company number HRA 41054, cf. Trade Register des Amtsgerichts Mainz, Abl. A,

The suspected 27 US pension plans with associated account numbers:



CONFIDENTIAL



05-01-00-20

page **9**



The doors were opened.

Case closed.

Court adjourned.

[signature]
Seerup
Judge

CONFIDENTIAL



**TRANSPERFECT**

City of New York, State of New York, County of New York

I, Jacqueline Yorke, hereby certify that the document "**210 - 2017.02.16 Danish Seizure Orders**" is, to the best of my knowledge and belief, a true and accurate translation from Danish into English.

_____
Jacqueline Yorke

Sworn to before me this
April 25, 2025

_____
Signature, Notary Public

**WENDY POON**
Notary Public - State of New York
No. 01PO0000184
Qualified in Queens County
My Commission Expires February 02, 20 27

_____
Stamp, Notary Public

LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS
1250 BROADWAY, 32ND FLOOR, NEW YORK, NY 10001  |  T 212.400.8840  |  F 212.689.1059  |  WWW.TRANSPERFECT.COM
OFFICES IN 90 CITIES WORLDWIDE