

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: +1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Neil Oxford
Partner
Direct Dial: +1 (212) 837-6843
Direct Fax: +1 (212) 299-6843
neil.oxford@hugheshubbard.com

May 4, 2026

**VIA ECF**

Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Stein, et al. v. Skatteforvaltningen*, No. 23-cv-02508 (NRB)

Dear Judge Buchwald:

We write on behalf of Skatteforvaltningen ("SKAT"), in response to Jerome Lhote's ("Lhote") and Matthew Stein's ("Stein") April 29, 2026 letter requesting a pre-motion conference for leave to file a motion to stay or dismiss this action (ECF No. 275) (the "Lhote/Stein Letter").  The relief contemplated by the Lhote/Stein Letter is merely the latest tactic to delay responding to SKAT's discovery requests, which have been outstanding for almost six months, and to avoid the identification of assets available to satisfy this Court's October 9, 2025 judgment (the "Judgment").

Lhote's French bankruptcy filing demonstrates his continued pattern of gamesmanship to avoid his obligations, first under his settlement agreement with SKAT and now under the Judgment.  Lhote originally sought to commence a dual French restructuring proceeding that would combine his personal debts (principally to SKAT) with the debts of Lhote's hastily-convened sole proprietorship, an entity that he registered in September 2025 that had no reported business activity, no revenue, and no employees, yet he declared a failure in need of restructuring the very next month, having incurred liabilities of 186,000 Euros to support the restructuring filing.  (Exs. 1 & 2 at 1[1]).  The purpose of the filing was transparent to the judicial officials that oversaw the French bankruptcy proceeding, with the Judicial Trustee referring to the proceeding as a "case of international fraud" and the First Deputy Public Prosecutor asserting that Lhote "is attempting to evade the full force of U.S. law."  (Exs. 3 & 4 at 2).  It is notable that Lhote did not inform SKAT or this Court of the commencement of, or any developments related to, his French bankruptcy filings prior to the April 15, 2026 conference and subsequent letters—in a transparent

---

1.   Exhibit 1 is a copy of an October 15, 2025 judgment rendered in Lhote's French bankruptcy proceeding and Exhibit 2 is a translation thereof, prepared with the assistance of DeepL, an AI translation program.  SKAT has provided similar translations of all other French-language exhibits annexed to this letter.  SKAT will provide certified translations at the Court's request.

but doomed attempt to claim that SKAT is somehow time-barred from even submitting a claim in the French proceedings.[2]

Even more outrageous still is the attempt to extend relief sought to Stein, who has no apparent connection to France other than being a co-conspirator of Lhote, and is listed by Mr. Lhote as a creditor of his (not a debtor of SKAT) for an amount greater than Lhote owes SKAT. Unsurprisingly, the French court rejected Lhote's attempts to extend the French proceedings to Stein.  (Exs. 3 & 4 at 2-3.)

The Court should deny Lhote and Stein's request for leave to file a motion as their request is unsupported and briefing on the matter would be futile and only serve to delay further any meaningful discovery.

*First*, the stay that Lhote and Stein seek from the court is statutorily prescribed in chapter 15 of the United States Bankruptcy Code and requires the commencement of a chapter 15 proceeding by the appropriate representative of the French bankruptcy proceeding prior to being considered by this Court.[3]  "Congress intended that chapter 15 be the 'exclusive door to ancillary assistance to foreign proceedings' with the goal of controlling such cases in one court.  8 Collier on Bankruptcy ¶ 1509.03 (16th 2026) (quoting H.R. Rep. No. 109-31, 109th Cong., 1st Sess. 110 (2005)); *see also Orchard Enter. NY, Inc. v. Megabop Recs. Ltd.*, No. 09 CIV 9607 (GBD), 2011 WL 832881, at *3 (S.D.N.Y. Mar. 4, 2011) (denying request for stay where defendant "failed to satisfy the strict statutory requirement for recognition under Chapter 15."); *United States v. J.A. Jones Constr. Grp., LLC*, 333 B.R. 637, 639 (E.D.N.Y. 2005) ("In the absence of recognition under chapter 15, this Court has no authority to consider Mr. Breton's request for a stay.").  Lhote and Stein are attempting to make an end-run around the procedures, standards, and protections that chapter 15 requires.  Unless and until a chapter 15 filing is made—by the French bankruptcy Judicial Trustee, not by Lhote or Stein—and recognized by a U.S. bankruptcy court, the relief sought is improper.

*Second,* Lhote and Stein's appeals to principles of comity do not supersede the requirements of chapter 15 and are insufficient to support a stay.  It is telling that all but two of the cases that Lhote and Stein cite to request international comity pre-date the 2005 enactment of chapter 15.  (*See* Lhote/Stein Letter at 2-3.)  The two exceptions—*Moyal v. Münsterland Gruppe GmbH & Co. KG*, 539 F. Supp. 3d 305 (S.D.N.Y. 2021) and *Oui Financing LLC v. Dellar*, No. 12 Civ. 7744 (RA), 2013 WL 5568732 (S.D.N.Y. Oct. 9, 2013)—address competing proceedings to determine liability and therefore implicate policy concerns inapplicable to this case, where there is a final judgment.  In *Moyal*, while litigating damages on a breach of contract claim, the defendant commenced proceedings under the German Insolvency Act.  Thus, adjudication of the

---

2.   Counsel for Lhote and Stein continued to engage in the discovery process and discussions with US counsel and agreed at the January 7, 2026 meet-and-confer to produce certain responsive documents despite their new assertions that the French bankruptcy—which was commenced two days after this Court issued its September 22, 2025 Opinion and Order (ECF No. 215) (Exs. 1 & 2 at 1 ("On September 24, 2025, Mr. Jérome, Jean, René, Roger LHOTE filed a declaration of insolvency with the Clerk of the Marseille Commercial Court"))—has served as a bar to any enforcement actions since before the new year.

3.   *See generally* 11 U.S.C. §§ 1501-1532; *see also* 11 U.S.C. § 1520(a)(1) (extending the automatic stay provisions of section 362 of the Bankruptcy Code to foreign debtors upon recognition of a foreign main proceeding); *id.* § 1521(a)(2) (staying execution against a debtor's assets upon recognition of either a foreign main or nonmain proceeding).

creditor's claim remained open, which fell within the purview of the German court.  In *Oui Financing*, the creditor, after receiving notice that the borrower was subject to a French *procedure de sauvegarde* in the Paris Commercial Court, nonetheless commenced a lawsuit in the U.S.  Here, far from "prevent[ing] an 'end-run' around the foreign bankruptcy proceeding by a creditor seeking to collect a claim against a foreign debtor through a U.S. court proceeding instead of through the foreign bankruptcy case," *Moyal*, 539 F. Supp. 3d at 308, judgment debtors are seeking to use a dubious foreign bankruptcy proceeding as an end-run around the enforcement of a valid judgment of this Court.  Applying principles of comity to stay this action when there is a final judgment would thus flip the notion of comity on its head.

*Third,* Lhote and Stein's statements that Lhote's French bankruptcy proceedings are entitled to preclusive effective as to SKAT's enforcement efforts are likewise unsupported.  Stein and Lhote provide no citation for their blanket assertions that a French statute "foreclose[s] [creditors] from pursuing any claims, including the judgment in the above-referenced action, against Mr. Lhote anywhere outside the French bankruptcy court, including here in the U.S." (Lhote/Stein Letter at 1-2.)  Lhote and Stein also suggest, again without support, that the French proceedings—of which Lhote is the only identified debtor (Exs. 5 & 6)—similarly bar any enforcement action against Stein.  (Lhote/Stein Letter at 2 ("We are also advised that these restrictions under French law apply equally to Mr. Stein, given that he is a co-debtor of certain debts of Mr. Lhote and therefore is similarly statutorily protected.").)  What they fail to mention, however, is that, pursuant to a January 7, 2026 judgment of the Marseille Commercial Court, it appears that Lhote requested extension of the French proceedings to Stein (indicating that the alleged restrictions do not automatically apply to Mr. Stein), that the relief was opposed by the First Deputy Public Prosecutor, that relief was not granted, and instead Lhote's proceedings were converted from a receivership to a liquidation.  (Exs. 3 & 4 at 2-3.)

Finally, the request to file a motion to dismiss is nonsensical.  The case against Lhote and Stein has been resolved in SKAT's favor with a judgment entered.  There is nothing to move to dismiss.[4]

* * * *

To the extent deemed necessary, SKAT's counsel is available for a pre-motion conference at the Court's convenience.

Respectfully submitted,

*/s/* Neil Oxford
Neil Oxford

cc:  All counsel of record (via ECF)

---

4.  SKAT disagrees that it is precluded from taking any further action because the deadline to file a claim in Lhote's French bankruptcy proceedings has lapsed, and has filed a challenge in the French bankruptcy proceedings on this issue.  SKAT also disputes that it actually received the notice attached to the Lhote/Stein Letter as Exhibit 1, and Lhote and Stein have failed to produce any evidence of actual receipt.