# Exhibit 1

Rôle n° 2025P01714                                                          Page n° 1

Copie de la présente décision
Ne peut être délivrée que par le greffier

*La Minute du présent jugement est signée par le Président du délibéré et le Greffier.*
**TRIBUNAL DES ACTIVITES ECONOMIQUES DE MARSEILLE**

<u>**Jugement du Mercredi 15 Octobre 2025**</u>

N° RG : 2025P01714

Monsieur Jérome, Jean, René, Roger LHOTE
26 Chemin d'Aubagne
13600 CEYRESTE
R.C.S Marseille : 988 078 325 - 2025 A 4669
(Comparant par Maître Daniel TARASCONI, Avocat au barreau de Marseille)

**COMPOSITION DU TRIBUNAL**

Décision contradictoire et en premier ressort.

Débats, clôture des débats et mise en délibéré lors de l'audience du Mercredi 1er Octobre 2025 en Chambre du Conseil où siégeaient M. ATTAS, Président, M. DAUMONT, M. PORTELLI, Juges, assistés de Mme Amandine HERBICH, Greffier-Audiencier.

La cause ayant été communiquée au Ministère Public.

En présence du Ministère public représenté par M. Jean Pascal VIOLET, Premier Vice-Procureur.

Délibérée par les mêmes juges.

Prononcée en application de l'article 452 du Code de Procédure Civile à l'audience du Mercredi 15 Octobre 2025 par M. ATTAS, Juge, assisté de Mme Amandine HERBICH, Greffier-Audiencier.

À la date du 24 Septembre 2025, Monsieur Jérome, Jean, René, Roger LHOTE a procédé à la déclaration de cessation des paiements, en application des dispositions des articles L.631-1 à L.631-4 du Code de Commerce, au Greffe du Tribunal des Activités Economiques de Marseille. Le déclarant est immatriculé au Registre du Commerce et des Sociétés de Marseille sous le n° 988 078 325 - 2025 A 4669 et exerce une activité d'achat et vente de biens ayant connus un succès aux États-Unis et non présents en France et en Europe, les produits sont variés mais principalement des gadgets ou accessoires, les produits seront vendus à travers plusieurs circuits (grossiste, détails mais aussi vente à distance (amazon)), conseil en entreprises sous la forme d'une EIRL avec siège social 26 Chemin d'Aubagne 13600 CEYRESTE ;

La déclarante et les représentants du Comité d'Entreprise ou, à défaut, les délégués du personnel ont été appelés à comparaître en Chambre du Conseil selon convocation qui leur a été adressée ;

ATTENDU que Monsieur Jérome, Jean, René, Roger LHOTE a comparu et expliqué les motifs de sa déclaration de cessation des paiements ; qu'il indique notamment au Tribunal qu'il n'emploie aucun salarié ; qu'il ignore le montant de son chiffre d'affaires ; qu'il estime son passif professionnel à la somme d'environ 186 000 € ; qu'il rencontre des difficultés avec son expert-comptable ; qu'il est actuellement en train de réactiver son activité de conseil aux États-Unis, c'est la raison pour laquelle

Rôle n° 2025P01714                                                                      Page n° 2

Copie de la présente décision
Ne peut être délivrée que par le greffier

*La Minute du présent jugement est signée par le Président du délibéré et le Greffier.*
c'est son conseil qui s'occupe du dossier ; qu'il existe de sérieuses possibilités de redressement ; que par conséquent, elle sollicite l'ouverture d'une procédure de redressement judiciaire ;

ATTENDU que Monsieur le Premier Vice-Procureur de la République propose soit de renvoyer la déclaration de cessation des paiements afin que le débiteur s'explique en personne, soit d'ouvrir une procédure de redressement judiciaire, qui sera surement convertie dans deux mois ;

ATTENDU que conformément aux dispositions des articles 450 et 726 du Code de Procédure Civile, après avoir indiqué la date de la décision, laquelle est mentionnée sur le répertoire général des affaires, le Tribunal a mis l'affaire en délibéré ;

**SUR QUOI**

ATTENDU que Monsieur Jérome, Jean, René, Roger LHOTE est un entrepreneur individuel au sens du Livre V, Titre II, Chapitre VI, section 3 du Code de commerce ; que Monsieur Jérome, Jean, René, Roger LHOTE étant locataire, il n'est pas éligible à la procédure de rétablissement professionnel ; que dans ces conditions, il entre dans le champ d'application des nouvelles dispositions des articles L. 681-1 et suivants du Code de commerce ;

ATTENDU que l'article L. 681-1 du Code de commerce dispose que *« Toute demande d'ouverture d'une procédure prévue aux titres II à IV du présent livre ou d'une procédure de surendettement prévue au livre VII du code de la consommation à l'égard d'un entrepreneur individuel relevant du statut défini à la section 3 du chapitre VI du titre II du livre V du présent code est portée devant le tribunal compétent pour connaître des procédures prévues aux titres II à IV du présent livre.*
*Sous réserve des règles propres au rétablissement professionnel, le tribunal, saisi d'une telle demande, apprécie à la fois :*
*1° Si les conditions d'ouverture d'une procédure prévue aux titres II à IV du présent livre sont réunies, en fonction de la situation du patrimoine professionnel de l'entrepreneur individuel ;*
*2° Si les conditions prévues à l'article L. 711-1 du code de la consommation sont réunies, en fonction de l'actif du patrimoine personnel et de l'ensemble des dettes exigibles ou à échoir dont le recouvrement peut être poursuivi sur cet actif. »* ;

ATTENDU qu'il a été établi supra que Monsieur Jérome, Jean, René, Roger LHOTE remplit les conditions de l'état de cessation des paiements au sens du Livre VI du Code de commerce, puisque son passif exigible au titre de son activité professionnel est d'environ 186 000 € ;

ATTENDU que l'article L. 711-1 du Code de la consommation dispose que *« Le bénéfice des mesures de traitement des situations de surendettement est ouvert aux personnes physiques de bonne foi.*
*La situation de surendettement est caractérisée par l'impossibilité manifeste de faire face à l'ensemble de ses dettes, professionnelles et non professionnelles, exigibles et à échoir. Le seul fait d'être propriétaire de sa résidence principale dont la valeur estimée à la date du dépôt du dossier de surendettement est égale ou supérieure au montant de l'ensemble des dettes professionnelles et non professionnelles exigibles et à échoir ne fait pas obstacle à la caractérisation de la situation de surendettement.*
*L'impossibilité de faire face à un engagement de cautionner ou d'acquitter solidairement la dette d'un entrepreneur individuel ou d'une société caractérise également une situation de surendettement. »* ;

ATTENDU que Monsieur Jérome, Jean, René, Roger LHOTE est effectivement logé à titre à gratuit au 26 Chemin d'Aubagne 13600 CEYRESTE ; que pour autant, Monsieur Jérome, Jean, René, Roger LHOTE est manifestement dans l'impossibilité de faire face à l'ensemble de ses dettes, au vu des

Copie de la présente décision
Ne peut être délivrée que par le greffier

*La Minute du présent jugement est signée par le Président du délibéré et le Greffier.*
éléments du débat ; que le débiteur est donc dans une situation de surendettement personnel en sus de l'état de cessation des paiements professionnels ;

ATTENDU qu'il échet dans ces conditions d'ouvrir une procédure dite bipatrimoniale de redressement judiciaire incluant son patrimoine professionnel et son patrimoine personnel, en statuant dans les termes ci-après ;

## PAR CES MOTIFS

LE TRIBUNAL DES ACTIVITES ECONOMIQUES DE MARSEILLE
Après en avoir délibéré conformément à la Loi,

*Vu les dispositions des articles L. 681-1 et suivants du Code de commerce,*
*Vu les dispositions de l'article L. 711-1 du Code de la consommation,*

**Constate l'état de cessation des paiements de Monsieur Jérome, Jean, René, Roger LHOTE,**

**Constate l'état de surendettement personnel de Monsieur Jérome, Jean, René, Roger LHOTE,**

*En conséquence,*
**Ouvre une procédure de redressement judiciaire dite bipatrimoniale,** en application des dispositions des articles L. 631-1 et suivants du Code de Commerce, à l'égard de **Monsieur Jérome, Jean, René, Roger LHOTE sise au 26 Chemin d'Aubagne 13600 CEYRESTE** ;

Désigne **M. RUFFIER**, en qualité de Juge Commissaire, **M. DIARRA**, en qualité de Juge Commissaire Suppléant et en cas d'empêchement Monsieur le Président du Tribunal des Activités Economiques de Marseille ;

Désigne la **SCP J.P LOUIS & A. LAGEAT, Mandat Conduit Par Maître J.P LOUIS 30 Cours Lieutaud 13001 MARSEILLE** en qualité de Mandataire Judiciaire ;

Désigne **Maître Stéphane LECOMTE 191 Boulevard De La Valbarelle 13011 MARSEILLE**, en qualité de Commissaire de justice, aux fins de réaliser l'inventaire et la prisée du patrimoine du débiteur ainsi que des garanties qui le grèvent, le débiteur ou ses ayants droits connus, présents ou appelés, conformément à l'article L.622-6 du Code de commerce ;

Dit que le débiteur devra remettre à la personne désignée l'inventaire la liste des biens gagés, nantis, ou placés sous sujétion douanière ainsi que celle des biens qu'il détient en dépôt en location, ou crédit-bail, ou sous réserve de propriété ou, plus généralement, qui sont susceptibles d'être revendiqués par des tiers ;

Dit que cette liste sera annexée à l'inventaire et comportera, après vérification de la présence de ces biens sur ces lieux, la description précise des biens, leur référence ou la référence du contrat, la valeur du ou des matériels objet du contrat, les montants des sommes restants dues, la valeur résiduelle du matériel ;

Enjoint au Commissaire de justice de déposer ledit inventaire au Greffe du Tribunal des Activités Economiques de Marseille dans un délai maximum de trois semaines à compter de la présente décision et de le communiquer au Mandataire Judiciaire ci-dessus désigné ;

Copie de la présente décision
Ne peut être délivrée que par le greffier

*La Minute du présent jugement est signée par le Président du délibéré et le Greffier.*
Dit que le présente décision sera communiquée à **Maître Stéphane LECOMTE 191 Boulevard De La Valbarelle 13011 MARSEILLE** désigné en qualité de Commissaire de justice par tous moyens, par les soins du Greffe ;

Invite les salariés de l'entreprise à désigner au sein de celle-ci, dans les 10 jours du prononcé du présent jugement, un représentant, dans les conditions des dispositions de l'article L. 621-4 du Code de Commerce auquel fait référence l'article L. 631-9 du Code de commerce ;

Ordonne le dépôt immédiat au Greffe du procès verbal de désignation du représentant des salariés ou à défaut du procès verbal de carence ;

Dit que le débiteur établira dans les huit jours de la présente décision la liste de ses créanciers, du montant de ses dettes et des principaux contrats en cours ainsi que des instances en cours auxquelles il est partie ;

Dit que cette liste sera remise aux organes de la procédure et déposée au greffe par le débiteur;

Fixe provisoirement au **30 Juin 2025** la date de cessation des paiements ;

Fixe la fin de la période d'observation au **15 Avril 2026** ;

*De même suite,*
Dit que le débiteur comparaîtra en Chambre du conseil à l'audience du **Mercredi 03 Décembre 2025 à 08 heures 30 en Salle A** afin de vérifier, au vu de son rapport, si les capacités financières sont suffisantes et lui permettent d'assurer le financement de son activité et statuer sur le mérite de la poursuite de la période d'observation ou l'éventuelle conversion en liquidation judiciaire, en enjoignant à **Monsieur Jérome, Jean, René, Roger LHOTE** de produire lors de cette audience :
**- le bilan comptable de son dernier exercice, certifié par son expert-comptable,**
**- une situation comptable de la période d'observation arrêtée à la date la plus proche possible de l'audience, certifiée par son expert-comptable,**
**- l'attestation de son expert comptable relative à l'absence de dette de l'article L. 622-17 du Code de Commerce,**
**- et de justifier de ce que les frais inhérents à sa procédure de redressement judiciaire ont été réglés au Greffe du Tribunal des Activités Economiques de Marseille,**
**étant rappelé qu'à tout moment de la période d'observation le Tribunal, à la demande du débiteur, des mandataires désignés, du ministère public ou d'office, peut ordonner la cessation partielle de l'activité ou prononcer la liquidation judiciaire si le redressement judiciaire est manifestement impossible ;**

**Dit que les éléments réclamés par le Tribunal en vue de ladite audience ainsi que le rapport du débiteur, conforme à l'article L. 631-15 du Code de commerce, devront être remis au mandataire désigné au moins 3 semaines avant la date de l'audience ;**

**Dit que l'absence de justifications par le débiteur de ses capacités financières suffisantes pour permettre le financement de son activité durant la période d'observation pourra entraîner d'office la conversion en liquidation judiciaire, le débiteur étant d'ores et déjà invité à présenter ses observations sur le mérite de la poursuite de la période d'observation et l'éventuelle conversion en liquidation judiciaire en application de l'article R.631-3 du Code de Commerce ;**

**Dit que le présent jugement tient lieu de convocation à ladite audience ;**

Copie de la présente décision
Ne peut être délivrée que par le greffier

*La Minute du présent jugement est signée par le Président du délibéré et le Greffier.*
Impartit aux créanciers conformément à l'article R. 622-24 du Code de commerce, pour la déclaration de leur créance, un délai de deux mois à compter de la publication au BODACC du présent jugement ;

Fixe à dix mois, à compter du terme du délai imparti aux créanciers pour déclarer leur créance, le délai pour l'établissement de la liste des créances déclarées, conformément aux articles L. 624-1 et R. 624-2 du Code de commerce ;

Dit que la publicité du présent jugement interviendra sans délai nonobstant toute voie de recours ;

Ordonne l'exécution provisoire des dispositions du présent jugement conformément à la loi ;

Dit les dépens, de la présente instance, à la charge de Monsieur Jérome, Jean, René, Roger LHOTE ;

Ainsi jugé et prononcé en application de l'article 452 du Code de Procédure Civile par le Tribunal des Activités Economiques de Marseille, le Mercredi 15 Octobre 2025 ;
LE GREFFIER AUDIENCIER                          POUR LE PRÉSIDENT EMPÉCHÉ
                                                                          M. ATTAS