# Exhibit 2

Role No.                                                                    Page No.
2025P01714                                                                  1

Copy of this decision
May only be issued by the clerk

*This judgment is signed by the Presiding Judge and the Clerk.*
**MARSEILLE COMMERCIAL COURT**

**Judgment of Wednesday, October 15, 2025**

Case No.:
2025P0l714                    Mr. Jérome, Jean, René, Roger LHOTE 26
                              Chemin d'Aubagne
                              13600 CEYRESTE
                              Marseille Commercial Register: 988 078 325 - 2025 A 4669
                              (Represented by Maître Daniel TARASCONI, Attorney at Law, Marseille
                              Bar)

                              **COMPOSITION OF THE COURT**

                              Adversarial decision in first instance.

                              Hearing, closing of arguments, and adjournment for deliberation at the
                              hearing held on Wednesday, October 1, 2025, in the Council Chamber,
                              where the following presided:
                              Mr. ATTAS, Presiding Judge, Mr. DAUMONT, and Mr. PORTELLI,
                              Judges, assisted by Ms. Amandine HERBICH, Court Clerk.

                              The case having been referred to the Public Prosecutor's Office.

                              In the presence of the Public Prosecutor's Office, represented by Mr.
                              Jean Pascal VIOLET, First Deputy Prosecutor.

                              Deliberated by the same judges.

                              Rendered pursuant to Article 452 of the Code of Civil Procedure at the
                              hearing on Wednesday, October 15, 2025, by Mr. ATTAS, Judge,
                              assisted by Ms. Amandine HERBICH, Clerk of the Court.

On September 24, 2025, Mr. Jérome, Jean, René, Roger LHOTE filed a declaration of insolvency with
the Clerk of the Marseille Commercial Court, pursuant to Articles L.631-1 through L.631-4 of the
*Commercial* Code. The declarant is registered with the Marseille Trade and Companies Register under
No. 988 078 325 - 2025 A 4669 and engages in the purchase and sale of goods that have been
successful in the United States but are not currently available in France or Europe; the products are
varied but consist mainly of gadgets or accessories, The products will be sold through various channels
(wholesale, retail, and online sales (Amazon)), and business consulting services are provided as a sole
proprietorship (EIRL) with its registered office at 26 Chemin d'Aubagne, 13600 CEYRESTE;

The petitioner and the representatives of the Works Council or, in their absence, the employee
representatives were summoned to appear before the Court in chambers pursuant to the summons sent
to them;

WHEREAS Mr. Jérome, Jean, René, Roger LHOTE appeared and explained the reasons for his
declaration of insolvency; that he specifically informed the Court that he employs no staff; that he does
not know the amount of his revenue; that he estimates his business liabilities at approximately 186,000
francs; that he is experiencing difficulties with his accountant; that he is currently in the process of
reactivating his consulting business in the United States, which is why

Role No.                                                                 Page No.
2025P01714                                                               2

Copy of this decision
May only be issued by the clerk

*The minutes of this judgment are signed by the Presiding Judge and the Clerk.*
her counsel is handling the case; that there are serious prospects for recovery; that, consequently, she requests the opening of a reorganization proceeding;

WHEREAS the First Deputy Public Prosecutor proposes either to defer the declaration of insolvency so that the debtor may explain himself in person, or to open judicial reorganization proceedings, which will likely be converted within two months;

WHEREAS, in accordance with the provisions of Articles 450 and 726 of the Code of Civil Procedure, after setting the date for the decision—which is recorded in the general case register—the Court has adjourned the case for deliberation;

WHEREUPON

WHEREAS Mr. Jérome, Jean, René, Roger LHOTE is a sole proprietor within the meaning of Book V, Title II, Chapter VI, Section 3 of the Commercial Code; whereas Mr. Jérome, Jean, René, Roger LHOTE, being a tenant, is not eligible for the professional rehabilitation procedure; whereas, under these circumstances, he falls within the scope of the new provisions of Articles L. 681-1 et seq. of the Commercial Code;

WHEREAS Article L. 681-1 of the Commercial Code provides that *"Any application to initiate proceedings provided for in Titles II through IV of this Book or debt relief proceedings provided for in Book VII of the Consumer Code with respect to a sole proprietor falling under the status defined in Section 3 of Chapter VI of Title II of Book V of this Code shall be brought before the court competent to hear the proceedings provided for in Titles II through IV of this Book.*
*Subject to the specific rules governing professional rehabilitation, the court hearing such a request shall assess both:*
*(1) If the conditions for initiating proceedings under Titles II through IV of this Book are met, based on the status of the sole proprietor's business assets;*
*2° If the conditions set forth in Article L. 711-1 of the Consumer Code are met, based on the assets of the personal estate and the total of all debts due or to become due, the recovery of which may be pursued against those assets." ;*

WHEREAS it has been established above that Mr. Jérome, Jean, René, Roger LHOTE meets the criteria for a state of insolvency within the meaning of Book VI of the Commercial Code, since his current liabilities arising from his professional activity amount to approximately £186,000;

WHEREAS Article L. 711-1 of the Consumer Code provides that *"The benefits of measures for the resolution of situations of over-indebtedness are available to natural persons of* good faith."
*A situation of excessive debt is characterized by a clear inability to meet all of one's debts—both business and personal, whether due or not yet due. The sole fact of owning one's primary residence, whose estimated value as of the date the over-indebtedness filing is submitted is equal to or greater than the total amount of all business and non-business debts, both due and future, does not preclude a determination of over-indebtedness.*
*The inability to meet an obligation to act as a guarantor or to pay jointly and severally for the debt of a sole proprietor or a corporation also constitutes a situation of over-indebtedness."*

WHEREAS Mr. Jérome, Jean, René, Roger LHOTE is currently residing rent-free at 26 Chemin d'Aubagne, 13600 CEYRESTE; and whereas, nevertheless, Mr. Jérome, Jean, René, Roger LHOTE is clearly unable to meet all of his debts, in view of the

Role No.                                                                                      Page 3
2025P01714

Copy of this decision
May only be issued by the clerk

*The minutes of this judgment are signed by the Presiding Judge and the Clerk.*
facts of the case; that the debtor is therefore in a situation of personal over-indebtedness in addition to the state of business insolvency;

WHEREAS, under these circumstances, it is appropriate to initiate a so-called "bipatrimonial" judicial reorganization proceeding encompassing both his business and personal assets, ruling as follows;

FOR THESE REASONS

THE MARSEILLE COMMERCIAL COURT
Having deliberated in accordance with the Law,

*Pursuant to the provisions of Articles L. 681-1 et seq. of the Commercial Code, Pursuant to the provisions of Article L. 711-1 of the Consumer Code,*

**Finds that Mr. Jérome, Jean, René, Roger LHOTE is in a state of insolvency, Finds that Mr.**

**Jérome, Jean, René, Roger LHOTE is in a state of personal over-indebtedness,**

*Consequently,*
**Opens a so-called "bipatrimonial" receivership proceeding,** pursuant to the provisions of Articles L. 631-1 et seq. of the Commercial Code, with respect to **Mr. Jérome, Jean, René, Roger LHOTE, located at 26 Chemin d'Aubagne, 13600 CEYRESTE**;

Appoints **Mr. RUFFIER** as the Insolvency Judge, *Mr.* DIARRA as the Alternate Insolvency Judge, and, in the event of their inability to serve, the President of the Marseille Commercial Court;

Appoints the law firm SCP **J.P. LOUIS & A. LAGEAT, represented by Maître J.P. LOUIS, 30 Cours Lieutaud, 13001 MARSEILLE**, as Judicial Administrator;

Appoints **Maître Stéphane LECOMTE, 191 Boulevard De La Valbarelle, 13011 MARSEILLE,** as Judicial Officer, for the purpose of conducting an inventory and valuation of the debtor's assets as well as the encumbrances thereon, the debtor or his known, present, or future beneficiaries, in accordance with Article L.622-6 of the Commercial Code;

States that the debtor must provide the designated person with an inventory listing the assets that are pledged, encumbered, or subject to customs control, as well as those assets that the debtor holds in custody, under a lease, under a finance lease, subject to retention of title, or, more generally, that are likely to be claimed by third parties;

Orders that this list be attached to the inventory and, following verification of the presence of these assets on the premises, include a detailed description of the assets, their reference number or the contract reference, the value of the equipment covered by the contract, the amounts still owed, and the residual value of the equipment;

Orders the Judicial Commissioner to file said inventory with the Clerk of the Court of Economic Activities in Marseille within a maximum of three weeks from the date of this decision and to communicate it to the Judicial Administrator designated above;

Role No.                                                                              Page No.
2025P01714                                                                            4

Copy of this decision
May only be issued by the clerk


*This judgment is signed by the Presiding Judge and the Clerk.*
Orders that this decision be communicated to Maître Stéphane LECOMTE, 191 Boulevard De La Valbarelle, **13011** MARSEILLE, appointed as Judicial Commissioner, by any means, through the Registry;

Orders the employees of the company to appoint, from among themselves, within 10 days of the pronouncement of this judgment, a representative, in accordance with the provisions of Article L. 621-4 of the Commercial Code, to which Article L. 631-9 of the Commercial Code refers;

Orders the immediate filing with the Clerk's Office of the minutes appointing the employees' representative or, failing that, the minutes of non-appointment;

Orders the debtor to prepare, within eight days of this decision, a list of its creditors, the amounts of its debts, and the principal outstanding contracts, as well as any pending proceedings to which it is a party;

Orders that this list be submitted to the parties to the proceedings and filed with the court clerk by

the debtor; Provisionally sets **June 30**, **2025,** as the date of cessation of payments;

Sets the end of the observation period as April 15, 2026;


*Furthermore,*
Orders that the debtor appear before the Court in chambers at the hearing on Wednesday, December 3, **2025,** at 8:30 a.m. in Courtroom A to verify, in light of his report, whether his financial capacity is sufficient to ensure the financing of his business and to rule on the merits of continuing the observation period or the possible conversion to judicial liquidation, ordering Mr. Jérome, Jean, René, Roger LHOTE to produce at this hearing:
- the balance sheet for its most recent fiscal year, certified by its certified public accountant,
- a financial statement for the observation period ending as close as possible to the date of the hearing, certified by his certified public accountant,
- a certificate from his certified public accountant confirming the absence of debt as provided for in Article L. 622-17 of the Commercial Code,
- and to provide proof that the costs associated with his receivership proceedings have been paid to the Clerk of the Court of Economic Activities in Marseille,
Noting that at any time during the observation period, the Court may, at the request of the debtor, the appointed representatives, the public prosecutor, or on its own initiative, order a partial cessation of operations or order judicial liquidation if judicial reorganization is manifestly impossible;

Holds that the documents requested by the Court for the aforementioned hearing, as well as the **debtor's** report in accordance **with Article L. 631-15 of** the Commercial Code, must be **submitted to** the appointed representative at least three weeks prior to the date of the hearing;

Orders that the debtor's failure to demonstrate sufficient financial capacity to finance its operations during the observation period may result in the automatic conversion to judicial liquidation, the debtor is hereby invited to submit its observations on the merits of continuing the observation period and the possible conversion to **judicial** liquidation pursuant **to Article R.631-3 of** the Commercial Code;

Orders that this judgment shall serve as a summons to the said hearing;

Role No.                                                                                       Page No.
2025P01714                                                                                     5

Copy of this decision
May only be issued by the clerk

*This judgment is signed by the Presiding Judge and the Clerk.*

Creditors are hereby given, in accordance with Article R. 622-24 of the Commercial Code, a period of two months from the publication of this judgment in the BODACC to file their claims;

Sets the deadline for drawing up the list of filed claims at ten months from the end of the period allotted to creditors to file their claims, in accordance with Articles L. 624-1 and R. 624-2 of the Commercial Code;

Orders that this judgment be published without delay notwithstanding any right of appeal; Orders the

provisional enforcement of the provisions of this judgment in accordance with the law;

Orders Mr. Jérome, Jean, René, and Roger LHOTE to pay the costs of this proceeding;

So ruled and pronounced pursuant to Article 452 of the Code of Civil Procedure by the Marseille Commercial Court on Wednesday, October 15, 2025;

THE COURT CLERK                                        FOR THE PRESIDENT, WHO IS
UNABLE TO ATTEND

                                                       Mr. ATTAS

CERTIFIED COPY