# Exhibit 3

Rôle n° 2025L04151                                           Page n° 1

Copie de la présente décision
Ne peut être délivrée que par le greffier

**TRIBUNAL DES ACTIVITES ECONOMIQUES DE MARSEILLE**

**Jugement du 07 Janvier 2026**

Réf : L0003075
N° PCL : 2025J01088
N° RG : 2025L04151

Monsieur Jérôme, Jean, René, Roger LHOTE
26 Chemin d'Aubagne
13600 CEYRESTE
RCS Marseille : 988 078 325 – 2025 A 4669
(Comparant par Maître Daniel TARASCONI, Avocat au barreau de Marseille)

***Mandataire Judiciaire :***

SCP J.P LOUIS & A.LAGEAT
M andat conduit par Maître J.P LOUIS
30 Cours Lieutaud
13001 MARSEILLE
(Représenté par Maître Adrien JOLY, Mandataire judiciaire salarié)

**COMPOSITION DU TRIBUNAL**

Décision contradictoire et en premier ressort.

Débats, clôture des débats et mise en délibéré lors de l'audience du Mercredi 10 Décembre 2025 en Chambre du Conseil où siégeaient, M. BROSSIER, Président, M. BRAVAIS, M. PORTELLI, Juges, assistés de Madame Fabienne CHELLI, Greffier Audiencier.

La cause ayant été communiquée au Ministère Public.

En présence du Ministère public représenté par M. VIOLET, Premier Vice-Procureur de la République.

Délibérée par les mêmes juges.

Prononcée en application de l'article 452 du Code de Procédure Civile à l'audience du Mercredi 07 Janvier 2026 par M BROSSIER, Juge, assistés de Madame Fabienne CHELLI, Greffier Audiencier.

*La Minute du présent jugement est signée par le Président du délibéré et le Greffier.*

Rôle n° 2025L04151                                                                              Page n° 2

Copie de la présente décision
Ne peut être délivrée que par le greffier

ATTENDU que par jugement en date du 15 octobre 2025, le Tribunal des Activités Economiques de Marseille a ouvert une procédure de redressement judiciaire prévue par les dispositions des articles L. 631-1 et suivants du Code de commerce à l'égard de Monsieur Jérôme, Jean, René, Roger LHOTE ; qu'il a désigné M. RUFFIER en qualité de Juge-Commissaire (sauf cas de remplacement), et la SCP J.P LOUIS & A.LAGEAT, mandat conduit par Maître J.P LOUIS, en qualité de Mandataire Judiciaire ; qu'il a ouvert une période d'observation jusqu'au 15 Avril 2026, a dit que le débiteur comparaîtra en Chambre du Conseil à l'audience du 3 décembre 2025 à 08 heures 30 en salle A afin de vérifier, au vu, de son rapport, si les capacités financières sont suffisantes et lui permettent d'assurer le financement de son activité et statuer sur le mérite de la poursuite de la période d'observation ou l'éventuelle conversion en liquidation judiciaire, et a dit que ce jugement tient lieu de convocation à ladite audience ; que l'instance a été renvoyée au contradictoire des parties à l'audience du 10 Décembre 2025 à 08 heures 30 en Salle A ;

ATTENDU que le 1er Décembre 2025, Monsieur le Juge-Commissaire a déposé au Greffe son rapport sur le déroulement de la période d'observation, conformément aux dispositions de l'article R.662-12 du Code de Commerce ;

ATTENDU que Maître J.P LOUIS ès qualités expose oralement les termes de son rapport et est très dubitatif face à une personne immatriculée au Registre du Commerce et des Sociétés de Marseille en Septembre 2025 avec une ouverture de redressement judiciaire le 15 Octobre 2025 et un endettement de 1,6 millions € ; qu'il a connaissance de procédures ouvertes à l'encontre de ce Monsieur au Danemark et aux Etats-Unis ; qu'aucun activité n'est déclarée ; que, dans ces conditions, il n'y a aucune raison de maintenir une telle activité aujourd'hui ; qu'il sollicite donc la conversion de la procédure de redressement en liquidation judiciaire ;

ATTENDU que Monsieur Jérôme, Jean, René, Roger LHOTE exerce l'activité de Conseil en matière patrimoniale ; qu'il a été attrait devant le Tribunal des Activités Economiques de Marseille par un créancier en Septembre 2025 et c'est immatriculé dès ce moment pour la suite de la procédure ;

ATTENDU que Maître J.P LOUIS ès qualités considère être face à une escroquerie internationale ;

ATTENDU que le Président de la Chambre demande que lui soit remis l'attestation d'absence de dette nouvelle, la situation de trésorerie et l'attestation d'assurance ;

ATTENDU que Monsieur Jérôme, Jean, René, Roger LHOTE n'a pas ces pièces à présenter au Tribunal ; qu'il pense qu'une extension de procédure à l'égard de Monsieur STEIN permettra d'apporter des éclaircissements en raison de leur solidarité parfaite ;

ATTENDU que Monsieur le Premier Vice-Procureur de la République considère que les éléments sont remplis pour la conversion de la procédure de redressement en liquidation judiciaire ; que le débiteur tente d'échapper aux foudres de la justice américaine ;

*La Minute du présent jugement est signée par le Président du délibéré et le Greffier.*

Rôle n° 2025L04151                                                    Page n° 3

Copie de la présente décision
Ne peut être délivrée que par le greffier

ATTENDU que conformément aux dispositions des articles 450 et 726 du Code de Procédure Civile, après avoir indiqué la date de la décision, laquelle est mentionnée sur le répertoire général des affaires, le Tribunal a mis l'affaire en délibéré ;

**SUR QUOI**

ATTENDU qu'il ressort des éléments de la cause que l'entreprise n'est pas à même de présenter un plan permettant d'apurer le passif ; qu'il apparaît ainsi à l'évidence au Tribunal que l'entreprise n'est plus viable et qu'aucune solution de redressement n'est possible ; qu'il y a donc lieu dès à présent, en application des dispositions des articles L.631-1 et L.631-15 du Code de commerce, de prononcer la conversion de la procédure de redressement judiciaire en Liquidation Judiciaire de Monsieur Jérôme, Jean, René, Roger LHOTE prévue par les dispositions des articles L.640-1 à L.644-6 du Code de commerce ;

ATTENDU qu'il échet de constater que Monsieur Jérôme, Jean, René, Roger LHOTE étant défaillant à l'audience de ce jour, le Tribunal ne dispose d'aucun élément pour déterminer si les conditions d'application de la liquidation judiciaire simplifiée sont remplies ; qu'en conséquence, il convient de constater que le Tribunal ne peut se prononcer sur l'application de la procédure de liquidation judiciaire simplifiée à l'égard de Monsieur Jérôme, Jean, René, Roger LHOTE et de dire et juger que le Mandataire Liquidateur devra établir, dans le mois de sa désignation, un rapport sur la situation du débiteur, et de même suite, par application de l'article R.644-1 du Code de commerce, le déposer au Greffe dans ce même délai ;

**PAR CES MOTIFS**

LE TRIBUNAL DES ACTIVITES ECONOMIQUES DE MARSEILLE,
Après en avoir délibéré conformément à la Loi,
Advenant l'audience de ce jour,

**Prononce la conversion du redressement judiciaire en Liquidation Judiciaire**, prévue par les dispositions des articles L.640-1 à L.644-6 du Code de commerce, à l'égard de de **Monsieur Jérôme, Jean, René, Roger LHOTE 26 Chemin d'Aubagne 13600 CEYRESTE ;**

*Vu les dispositions des articles L.641-2 et R.641-10 du Code de commerce,*
Dit et juge que la SCP J.P LOUIS & A.LAGEAT, mandat conduit par Maître J.P LOUIS devra établir, dans le mois de sa désignation, un rapport sur la situation du débiteur, et de même suite, par application de l'article R.644-1 du Code de commerce, le déposer au Greffe dans ce même délai ;

Maintient **M. RUFFIER** en qualité de Juge-Commissaire ;

Nomme la **SCP J.P LOUIS & A. LAGEAT, mandat conduit par Maître J.P LOUIS** Mandataire judiciaire en qualité de liquidateur ;

Fixe à douze mois à compter de ce jour le délai imparti au liquidateur pour déposer la liste des créances déclarées, conformément aux dispositions de l'article L.624-1 et L.631-18 du Code

*La Minute du présent jugement est signée par le Président du délibéré et le Greffier.*

Rôle n° 2025L04151                                                                Page n° 4

Copie de la présente décision
Ne peut être délivrée que par le greffier

de commerce, sous réserve de la décision qui sera prise par le juge commissaire sur le fondement de l'article L.641-4 du Code de commerce et de l'article R.641-27 alinéa 2 du Code de commerce ;

Dit que la publicité du présent jugement sera effectuée sans délai nonobstant toute voie de recours ;

Ordonne l'exécution provisoire des dispositions du présent jugement conformément à la loi ;

Dit les dépens, de la présente instance, Toutes Taxes Comprises, en frais privilégiés de la procédure collective ;

Ainsi jugé et prononcé en application de l'article 452 du Code de Procédure Civile par le Tribunal des activités économiques de Marseille, le Mercredi 07 Janvier 2026 ;

LE GREFFIER AUDIENCIER                                        LE PRESIDENT

*La Minute du présent jugement est signée par le Président du délibéré et le Greffier.*