# Exhibit 4

Role No.                                                                                                      Page No.
2025L04151                                                                                                   1

Copy of this decision<br>May only be issued by the clerk

**MARSEILLE COMMERCIAL COURT**

**<u>Judgment of January 7, 2026</u>**

Ref: L0003075
Case No.: 2025J01088
Case No.:
2025L04151

Mr. Jérôme, Jean, René, Roger LHOTE 26
Chemin d'Aubagne
13600 CEYRESTE
Marseille Commercial Register: 988 078 325 — 2025 A 4669
(Represented by Maître Daniel TARASCONI, Attorney at Law,
Marseille Bar)

***Judicial Trustee***:

SCP J.P. LOUIS & A. LAGEAT
Mandate handled by Maître J.P. LOUIS
30 Cours Lieutaud
13001 MARSEILLE
(Represented by Maître Adrien JOLY, salaried judicial
administrator)

**COMPOSITION OF THE COURT**

Adversarial decision in first instance.

Presentation of arguments, closing of arguments, and
adjournment for deliberation at the hearing held on Wednesday,
December 10, 2025, in the Council Chamber, where the
following presided: Mr. BROSSIER, President; Mr. BRAVAIS
and Mr. PORTELLI, Judges; assisted by Ms. Fabienne CHELLI,
Court Clerk.

The case having been referred to the Public Prosecutor's Office.

In the presence of the Public Prosecutor's Office, represented by
Mr. VIOLET, First Deputy Public Prosecutor.

Deliberated by the same judges.

Rendered pursuant to Article 452 of the Code of Civil Procedure
at the hearing on Wednesday, January 7, 2026, by Judge
BROSSIER, assisted by Ms. Fabienne CHELLI, Court Clerk.

*This judgment is signed by the Presiding Judge and the Clerk.*

Role No.                                                          Page No.
2025L04151                                                       2

Copy of this decision
May only be issued by the clerk

WHEREAS, by judgment dated October 15, 2025, the Marseille Commercial Court initiated reorganization proceedings under the provisions of Articles L. 631-1 et seq. of the Commercial Code with respect to Mr. Jérôme, Jean, René, Roger LHOTE; that it appointed Mr. RUFFIER as the Supervising Judge (unless replaced), and the law firm SCP J.P. LOUIS & A.LAGEAT, led by Maître J.P. LOUIS, as the Judicial Administrator; that it has opened an observation period until April 15, 2026, and ordered that the debtor appear in the Chamber of Council at the hearing on December 3, 2025, at 8:30 a.m. in Courtroom A in order to verify, upon review his report, whether the debtor's financial capacity is sufficient to ensure the financing of its business and to rule on the merits of continuing the observation period or its possible conversion to judicial liquidation, and ordered that this judgment shall serve as a summons to the said hearing; that the proceedings were adjourned for the parties to present their arguments at the hearing on December 10, 2025, at 8:30 a.m. in Courtroom A;

WHEREAS on December 1, 2025, the Receiver filed his report on the conduct of the observation period with the Court Clerk's Office, in accordance with the provisions of Article R.662-12 of the Commercial Code;

WHEREAS Attorney J.P. LOUIS, in his professional capacity, presented the contents of his report orally and expressed serious doubts regarding an individual registered with the Marseille Trade and Companies Register in September 2025, who was placed under receivership on October 15, 2025, and whose debt amounted to 1.6 million C; that he is aware of proceedings initiated against this individual in Denmark and the United States; that no business activity is reported; that, under these circumstances, there is no reason to maintain such an activity today; that he therefore requests the conversion of the receivership proceedings into judicial liquidation;

WHEREAS Mr. Jérôme, Jean, René, Roger LHOTE works as a wealth management advisor; whereas he was sued by a creditor in the Marseille Commercial Court in September 2025 and has been registered with the court since that time for the purposes of the proceedings;

WHEREAS Attorney J.P. LOUIS, in his professional capacity, considers this to be a case of international fraud;

WHEREAS the President of the Chamber requests that he be provided with a certificate of no new debt, a cash flow statement, and an insurance certificate;

WHEREAS Mr. Jérôme, Jean, René, Roger LHOTE does not have these documents to present to the Court; and whereas he believes that extending the proceedings to include Mr. STEIN will provide clarification due to their full joint and several liability;

WHEREAS the First Deputy Public Prosecutor considers that the conditions for converting the reorganization proceedings into judicial liquidation have been met; and that the debtor is attempting to evade the full force of U.S. law;

*The official record of this judgment is signed by the Presiding Judge and the Clerk.*

Role No.                                                                                       Page No. 3
2025L04151

Copy of this decision
May only be issued by the clerk

WHEREAS, in accordance with the provisions of Articles 450 and 726 of the Code of Civil Procedure, after stating the date of the decision, which is recorded in the general case register, the Court has reserved its decision;

## WHEREUPON

WHEREAS it is apparent from the facts of the case that the company is unable to present a plan to settle its liabilities; whereas it is thus clear to the Court that the company is no longer viable and that no restructuring solution is possible; that it is therefore appropriate, pursuant to the provisions of Articles L.631-1 and L.631-15 of the Commercial Code, to order the conversion of the judicial reorganization proceedings into judicial liquidation of Mr. Jérôme, Jean, René, Roger LHOTE, as provided for by the provisions of Articles L.640-1 through L.644-6 of the Commercial Code;

WHEREAS it must be noted that Mr. Jérôme, Jean, René, Roger LHOTE being absent from today's hearing, the Court has no basis for determining whether the conditions for applying the simplified judicial liquidation procedure have been met; that, consequently, it must be noted that the Court cannot rule on the application of the simplified judicial liquidation procedure with respect to Mr. Jérôme, Jean, René, Roger LHOTE, and to order that the Liquidator must, within one month of his appointment, prepare a report on the debtor's financial situation and, pursuant to Article R.644-1 of the Commercial Code, file it with the Court Clerk's Office within the same timeframe;

## FOR THESE REASONS

THE MARSEILLE ECONOMIC ACTIVITIES COURT,
Having deliberated in accordance with the law, following
today's hearing,

**Orders the conversion of the receivership into judicial liquidation,** as provided for in Articles L.640-1 through L.644-6 of the Commercial Code, with respect to **Mr. Jérôme, Jean, René, Roger LHOTE, 26 Chemin d'Aubagne, 13600 CEYRESTE**;

*Pursuant to the provisions of Articles L.641-2 and R.641-10 of the Commercial Code,*
Orders that SCP J.P. LOUIS & A. LAGEAT, represented by Maître J.P. LOUIS, shall prepare, within one month of its appointment, a report on the debtor's financial situation and, pursuant to Article R.644-1 of the Commercial Code, file it with the Court Clerk's Office within the same timeframe;

Confirms **Mr. RUFFIER** as the Supervising Judge;

Appoints SCP **J.P. LOUIS & A. LAGEAT, with Maître J.P. LOUIS acting** as the judicial representative, as liquidator;

Sets the deadline for the liquidator to file the list of filed claims at twelve months from today, in accordance with the provisions of Articles L.624-1 and L.631-18 of the Commercial Code,

*The record of this judgment is signed by the Presiding Judge and the Clerk.*

Role No.                                                                          Page No. 4
2025L04151

Copy of this decision
May only be issued by the clerk


of Commerce, subject to the decision to be made by the bankruptcy judge pursuant to Article L.641-4 of the Commercial Code and Article R.641-27, paragraph 2, of the Commercial Code;

Orders that this judgment be published without delay notwithstanding any right of appeal;

Orders the provisional enforcement of the provisions of this judgment in accordance with the law;

Orders the costs of the present proceedings, including all taxes, to be treated as privileged costs of the insolvency proceedings;

So judged and pronounced pursuant to Article 452 of the Code of Civil Procedure by the Marseille Commercial Court on Wednesday, January 7, 2026;
THE COURT CLERK                                                    THE       PRESIDING JUDGE

*The record of this judgment is signed by the Presiding Judge and the Clerk.*