

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Office:+1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Marc A. Weinstein
Partner
Direct Dial: +1 (212) 837-6460
Direct Fax: +1 (212) 299-6460
marc.weinstein@hugheshubbard.com

June 24, 2026

**VIA ECF**

Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    *Stein et al. v. Skatteforvaltningen*, No. 23-cv-02508 (NRB)

Dear Judge Buchwald:

We write on behalf of Defendant/Counterclaim-Plaintiff Skatteforvaltningen ("SKAT") in accordance with section 2.C.1 of the Court's Individual Practices to outline the substantive arguments set forth in SKAT's Memorandum of Law in Support of its Motion by Order to Show Cause for Contempt and Turnover of Property Pursuant to Federal Rule of Civil Procedure 69 and the New York Civil Practice Law and Rules ("CPLR") §§ 5225(a) and 5251 directed to Counterclaim Defendant Luke McGee ("McGee").

On December 4, 2025, SKAT served McGee with a restraining notice pursuant to CPLR § 5222 (the "Restraining Notice"). The Restraining Notice prohibited—and continues to prohibit—McGee from making or suffering any sale, assignment, transfer of or interference with property in which he has an interest. CPLR § 5222(b). In flagrant disregard of the Restraining Notice, McGee has received more than $1.6 million, sold assets, and transferred more than $1.3 million out of his accounts. Additionally, in September and December 2025, McGee personally borrowed $3.75 million, directed the proceeds be distributed directly to third parties for his benefit, and subsequently secured the loan by mortgaging his home in Palm Beach, Florida. SKAT brings this motion by order to show cause to halt McGee's repeated and ongoing violations of the Restraining Notice and to recover the funds and assets he currently holds before SKAT is left with an empty bag after ordinary motion practice concludes.

I.    The Court Should Hold McGee in Contempt for His Repeated and Ongoing Violations of the Restraining Notice

McGee's conduct warrants the Court's exercise of its contempt power under CPLR § 5251, which authorizes contempt sanctions for a judgment debtor's disobedience of a restraining notice. *Benthos Master Fund, Ltd. v. Etra*, No. 20-cv-3384, 2022 WL 17819592, at

*14 (S.D.N.Y. Dec. 20, 2022).  Contempt is warranted where "(1) the order the contemnor failed to comply with is clear and unambiguous; (2) the proof of noncompliance is clear and convincing; and (3) the alleged contemnor has not diligently attempted to comply in a reasonable manner." *Id.*  Each requirement is satisfied here.

*First*, the Restraining Notice is clear and unambiguous.  It prohibits McGee from disposing of or interfering with any non-exempt property in which he has, or later acquires, an interest, including funds and assets held in his bank, investment, and digital asset accounts, and those funds he personally borrowed in December 2025.

*Second*, the record clearly and convincingly establishes that McGee violated the Restraining Notice.  Since service thereof, McGee has received more than $1.6 million into his accounts, sold assets, and transferred over $1.3 million out of his accounts—none of which he paid to SKAT.  McGee also directed $1.25 million of his personal loan proceeds be transferred directly to third parties for his benefit.  Moreover, to secure that loan, McGee encumbered his Palm Beach mansion with a $3.75 million mortgage.

*Third*, McGee has not made any reasonable, diligent effort to comply.  Between December 2025 and April 2026, McGee paid more than $200,000 in personal credit card bills, paid approximately $90,000 in unspecified payroll payments, and transferred more than $1.8 million to various law firms, including a firm that has not appeared in this or any other related action, and liquidated several of his investment and digital asset holdings.

Accordingly, SKAT requests that the Court hold McGee in contempt for his ongoing violations of the Restraining Notice and order him to:  (i) comply with the Restraining Notice; (ii) demand that the law firm to which he directed Quadrant Management LLC transfer funds from his loan proceeds return that money to him; (iii) obtain the Court's approval prior to making any sale, assignment, payment, transfer or interference with property in which he has an interest; (iv) produce to SKAT each month account statements for all accounts in which he has an interest; and (v) direct the sender of any future funds he is due personally to deposit those funds in accounts held in his name alone.  These sanctions are reasonable and properly coercive. *See Benthos Master Fund*, 2022 WL 17819592, at *17.

II.  The Court Should Order McGee to Turn Over Funds and Property in Partial Satisfaction of the Judgment

SKAT also seeks an order directing McGee to turn over:  (i) all funds and proceeds held in his accounts following liquidation, directly to SKAT; and (ii) other personal property in partial satisfaction of the Judgment.

SKAT readily satisfies CPLR § 5225(a).  That provision permits a judgment creditor to obtain a court order directing a judgment debtor to turn over property in which the debtor has an interest.  To obtain that relief, the judgment creditor need only establish that the judgment debtor possesses, and has an interest in, the property at issue. *See 245 Park Member LLC v. HNA Grp. (Int'l) Co. Ltd.*, 674 F. Supp. 3d 28, 39 (S.D.N.Y. 2023), *aff'd*, No. 23-842, 2024 WL 1506798 (2d Cir. Apr. 8, 2024).  SKAT satisfies that standard with respect to the property subject to this motion.

- **<u>McGee's Cash Accounts.</u>**  New York courts routinely order judgment debtors to turn over funds held in bank accounts, including accounts located outside New York, directly to creditors to satisfy a judgment.  *Gryphon Domestic VI, LLC v. APP Int'l Fin. Co., B.V.*, 836 N.Y.S.2d 4, 12 (1st Dept. 2007).  McGee admits he owns thirteen savings, checking and money-market accounts, all of which are subject to turnover.  SKAT is entitled to those funds regardless of McGee's assertion that certain accounts are jointly held with his wife.  *Signature Bank v. HSBC Bank USA, N.A.*, 889 N.Y.S.2d 242, 244 (2d Dept. 2009).  SKAT, upon McGee's demand for and the return of funds from the law firm he directed they be transferred to, is also entitled to turn over of the funds McGee receives from that firm.

- **<u>McGee's Investment Accounts.</u>**  New York courts routinely order judgment debtors to turn over assets and funds held in investment accounts directly to a creditor to satisfy a judgment.  *See Keawsri v. Ramen-Ya Inc.*, No. 17-cv-02406, 2022 WL 17813236, at *2 (S.D.N.Y. Dec. 19, 2022).  McGee admits he owns eight investment, brokerage and retirement accounts, all of which are subject to turnover.  SKAT is entitled to the funds in McGee's identified retirement accounts because those funds are statutorily non-exempt: all contributions to those accounts post-date SKAT's claims against McGee and therefore fall outside the protections of CPLR § 5205(c).  *See* CPLR § 5205(c)(5).

- **<u>McGee's Digital Asset Accounts.</u>**  New York courts recognize that cryptocurrency is personal property subject to turnover under CPLR § 5225.  *See New Era Lending LLC v. Cavallino Auto Servs. LLC*, No. CV-003613-16/NY, 2024 WL 4097368, at *2 (NYC Civ. Ct. Aug. 29, 2024); *245 Park Member*, 2024 WL 1506798, at *2.  McGee admits he owns two digital-asset accounts, the contents of which are subject to turnover.

- **<u>McGee's Vehicles.</u>**  New York courts routinely order judgment debtors to turn over vehicles for sale at auction to satisfy a judgment.  *See Freeman v. Giuliani*, No. 24-mc-00353, 2024 WL 4546883, at *8 (S.D.N.Y. Oct. 22, 2024).  McGee admits he owns at least five vehicles, all of which are subject to turnover regardless of their location.  *See Koehler v. Bank of Bermuda Ltd.*, 12 N.Y.3d 533, 540 (2009).

- **<u>McGee's Future Payroll Payments.</u>**  New York courts may order a debtor to turn over contingent contractual rights, including earned future income, in partial satisfaction of a judgment.  *In re Breslin Realty Dev. Corp. v. Smith & De Groat, Inc.*, No. 14-008594, 2015 WL 2441885, at *5 (Sup. Ct., Nassau Cnty. Jan. 8, 2015).  McGee receives regular payments from three entities, all of which are subject to turnover.  SKAT is entitled to all non-exempt funds McGee receives from these sources going forward, and McGee bears the burden of establishing any claimed exemption.  *See Swig v. Properties Asset Mgmt. Servs., LLC*, 924 N.Y.S.2d 368, 369 (1st Dept. 2011).

For the reasons set forth in SKAT's Memorandum of Law and summarized above, SKAT requests that the Court order McGee to show cause why he should not be held in contempt for violating the Restraining Notice and why the Court should not direct McGee to turn over all funds and proceeds in his identified accounts following liquidation directly to SKAT, and to turn over other personal property in partial satisfaction of the Judgment.

4

Respectfully submitted,


/s/ Marc A. Weinstein
Marc A. Weinstein

cc:    All counsel of record (via ECF)