

**FOLEY & LARDNER LLP**

2 SOUTH BISCAYNE BOULEVARD
SUITE 1900
MIAMI, FL 33131
305.482.8400 TEL
305.482.8600 FAX
**FOLEY.COM**

WRITER'S DIRECT LINE
Vanessa.Johannes@foley.com

July 17, 2026

<u>**Via ECF**</u>
Honorable Naomi Reice Buchwald
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 21A
New York, New York 10007

RE:    *Stein et al. v. Skatteforvaltningen*, **Case No. 23-cv-02508 (NRB) (the "Action")**

Dear Judge Buchwald:

We represent non-party Gabrielle McGee and submit this letter on a limited appearance to request a pre-motion conference on a motion pursuant to the Federal Rule of Civil Procedure 54(b) to vacate or modify the Court's July 9, 2026 Order to Show Cause (the "Show Cause Order"; ECF No. 310) to the extent it requires Mrs. McGee to appear and show cause before this Court or otherwise subjects her to coercive relief in this action for want of personal jurisdiction.[1]

SKAT's motion is yet another example of its improper, overreaching, and needlessly aggressive and intrusive judgment-enforcement tactics. Gabrielle McGee—Mr. McGee's wife— is not a party to this case, is not a judgment debtor, and resides in Palm Beach, Florida—over 1,200 miles beyond this Court's jurisdiction. And yet SKAT seeks now to hale her into federal court here, from far beyond the Court's jurisdictional reach, and to restrain and turnover assets she owns jointly with her husband as tenancy by the entireties. That is improper and flies in the face of Mrs. McGee's due process rights. Because there is no personal jurisdiction—which SKAT does not even attempt to establish in its papers—the Court cannot compel her to appear, cannot require her to show cause, and therefore should vacate or modify the Show Cause Order, which should be rejected as to Mrs. McGee.

## I.    An Order to Show Cause May Only Issue if the Movant Establishes Personal Jurisdiction.

Federal Rule of Civil Procedure 54(b) empowers a court to vacate, revise or modify non-final orders.  *See Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 212 (2d Cir. 2010).

---

[1] Mrs. McGee's limited appearance for this purpose does not waive any objection to personal jurisdiction and does not confer personal jurisdiction on this Court. *Townsend Farms, Inc. v. Goknur Gida Maddeleri Enerji Imalate Ithalat Ihracat Ticaret Ve Sanayi A.Ş.*, No. 20-MC-75, 2020 WL 7260513, at *3 (S.D.N.Y. Dec. 9, 2020) ("A party may appear in an action for the purpose of challenging personal jurisdiction without submitting itself to jurisdiction by making the challenge."). Mrs. McGee reserves all rights to further oppose the relief sought at the appropriate time.

AUSTIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DENVER | DETROIT | HOUSTON | JACKSONVILLE | LOS ANGELES
MADISON | MEXICO CITY | MIAMI | MILWAUKEE | NEW YORK | ORLANDO | RALEIGH | SACRAMENTO | SALT LAKE CITY
SAN DIEGO | SAN FRANCISCO | SILICON VALLEY | TALLAHASSEE | TAMPA | TOKYO | WASHINGTON, D.C.



A court may not issue an order to show cause absent personal jurisdiction. *See Glynn v. Gonda*, No. 06 CIV. 5447, 2006 WL 2109457, at *1 (S.D.N.Y. July 26, 2006) (Buchwald, J.) (denying order to show cause because, among other reasons, "plaintiff has not made even a *prima facie* showing that this Court can exercise personal jurisdiction over any of the real defendants in this action").[2]

Since Mrs. McGee is a permanent Florida resident, there is no general personal jurisdiction here in New York. For specific personal jurisdiction, courts conduct a two-step analysis: first determining whether New York's long-arm statute, N.Y. C.P.L.R. § 302, authorizes jurisdiction, and then assessing whether exercising that jurisdiction satisfies the constitutional due process requirements of the Fourteenth Amendment. New York's long-arm statute, CPLR 302, authorizes specific personal jurisdiction over a nondomiciliary "[a]s to a cause of action arising from" four categories of conduct: (1) transacting any business within New York or contracting anywhere to supply goods or services in the state; (2) committing a tortious act within New York; (3) committing a tortious act outside New York that causes injury within the state, provided the defendant either regularly conducts business in New York or reasonably should have expected the act to have consequences in New York and derives substantial revenue from interstate or international commerce; or (4) owning, using, or possessing real property within New York. Critically, jurisdiction under CPLR 302 is specific—it extends only to claims that **arise from** the enumerated conduct, not to unrelated claims. *Daou v. BLC Bank, S.A.L.*, 42 F.4th 120, 130 (2d Cir. 2022) (upholding dismissal for lack of personal jurisdiction because claims "did not *arise from* that bank's transactions of business in New York for purposes of § 302(a)(1)"). The Fourteenth Amendment due process test has two parts: sufficient minimum contacts with the jurisdiction (*i.e.*, purposeful availment by the individual over whom jurisdiction is sought), and reasonableness. *Okla. Firefighters Pension & Ret. Sys. v. Banco Santander (Mexico) S.A. Institucion de Banca Multiple*, 92 F.4th 450, 456 (2d Cir. 2024).

## II.    The Show Cause Order Should Be Vacated or Modified as to Mrs. McGee Because SKAT Has Not—and Cannot—Establish Personal Jurisdiction over Mrs. McGee.

The Order to Show Cause should be vacated as to Mrs. McGee because—just like in *Glynn*—SKAT's papers do not come close to making a *prima facie* showing of personal jurisdiction over Mrs. McGee. Indeed, they do not even attempt to grapple with either the long arm statute or due process requirements. The memorandum in support asserts that certain bank

---

[2] New York's judgment enforcement rules—which SKAT seeks to invoke here—also, naturally, require personal jurisdiction over the party (or non-party) sought to be restrained. Indeed, the New York Court of Appeals has observed that "personal jurisdiction is the linchpin of authority" under New York's judgment enforcement rules. *Commonwealth of N. Mariana Islands v. Canadian Imperial Bank of Com.*, 21 N.Y.3d 55, 64 (2013); *see Wasserman Media Grp., LLC v. Bender*, No. 10 Civ. 8783, 2012 WL 1506181, at *3 (S.D.N.Y. Apr. 26, 2012) (motion for turnover against non-parties denied where "petitioner overlooks the rudimentary concept of personal jurisdiction"); *Telecom Bus. Sol., LLC v. Terra Towers Corp.*, No. 22-cv-1761, 2025 WL 3172319, at *3 n. 28 (S.D.N.Y. Nov. 13, 2025) (declining to order turnover where "there is no indication that . . . jurisdictional requirements are satisfied here."); *Saregama India, Ltd. v. Mosley*, 2012 WL 955520, at *3 (S.D.N.Y. Mar. 20, 2012) ("As Judgment Creditors provide no evidence that the Garnishees were served properly, this Court lacks jurisdiction to order them to turn over property in their possession.").



accounts and vehicles are purportedly "jointly" owned by Mr. and Mrs. McGee and then asserts, in a single bare sentence, that "Gabrielle McGee should be ordered to appear in this proceeding and show cause why any such property should not be turned over to SKAT in its entirety." But SKAT never identifies any jurisdictional basis for compelling Mrs. McGee to appear here. It alleges no New York contacts by Mrs. McGee, no conduct by Mrs. McGee within the ambit of CPLR 302 and no basis for exercising jurisdiction consistent with due process.

That is because there is no personal jurisdiction over Mrs. McGee. She is a non-party Florida permanent resident who has no substantial contacts with New York. Hailing her into court here—hundreds of miles from her permanent residence in Florida—would not comport with traditional notions of fair play and substantial justice, and would therefore infringe on her Fourteenth Amendment due process rights. *LaBarbera v. Audax Const. Corp.*, 971 F. Supp. 2d 273, 282 (E.D.N.Y. 2013) (to "allow Plaintiffs to circumvent personal jurisdiction and service requirements" was "an outcome seemingly at odds with federal and state service requirements as well as notions of fundamental fairness"); *see also Waldman v. Palestine Liberation Org.*, 171 F.4th 575, 592 (2d Cir. 2026) ("[E]nforcing a judgment of a court lacking personal jurisdiction violates due process.").

Accordingly, the Court should modify or vacate the Order to Show Cause insofar as it is directed to Gabrielle McGee or otherwise requires her to appear, respond, or submit to relief in this action.

Since this issue logically must and should be addressed before Mrs. McGee responds to the Show Cause Order, we respectfully request that the Court adjourn Mrs. McGee's response deadline (currently scheduled for July 23, 2026) *sine die*, to be reset only if necessary after the Court rules on the jurisdictional issue. We also respectfully request an adjournment of the hearing currently scheduled for August 13, 2026[3] until a date in September or October 2026 on which the parties, their counsel and the Court are available, to permit time to resolve this jurisdictional question.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

*/s/ Vanessa Singh Johannes*
Vanessa Singh Johannes

---

[3] Moreover, Mrs. McGee is unavailable to appear on August 13th due to a conflicting personal matter that cannot be moved.