UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
MATTHEW STEIN and JEROME LHOTE,

Plaintiffs/Counterclaim-Defendants,

- against -

SKATTEFORVALTNINGEN

Defendant/Counterclaim-Plaintiff,

- against -

LUKE MCGEE

Nominal Defendant/Counterclaim-Defendant.
----------------------------------------X

**MEMORANDUM AND ORDER**

23 Civ. 2508(NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

This Memorandum and Order is addressed solely to issues pertaining to non-party Gabrielle McGee. As part of the efforts by counterclaim-plaintiff Skatteforvaltningen ("SKAT") to collect on a $163,984,894.05 judgment (the "Judgment") it obtained against counterclaim-defendant Luke McGee ("McGee") and his co-defendants related to the breach of a 2019 Settlement Agreement (the "Settlement Agreement"), SKAT sought and obtained an Order to Show Cause for Contempt and for Turnover of Property (the "OSC") directed at McGee. ECF No. 290. While the OSC ordered that McGee's wife, Gabrielle McGee, be served with copies of the OSC and related papers, the ordering paragraphs did not seek any relief against Mrs. McGee individually.

Initially, the Court assumed that SKAT sought an order directing service of the OSC on Mrs. McGee -- a non-party -- to provide her notice of the relief sought against the judgment debtor Luke McGee. For example, the Court was aware of other cases, such as Citibank (S. Dakota), N.A. v. Island Federal Credit Union, which recognized the rights of "joint owners" where the court denied an application for a turnover order with respect to a jointly held bank account because not all account owners were named as parties to the action. 740 N.Y.S.2d 546, 547 (App. Term 2001).

However, following the filing of an opposition brief on behalf of Mrs. McGee, it became clear that SKAT was actually seeking a ruling that Mrs. McGee was subject to personal jurisdiction in this Court and in the state of New York. In SKAT's reply brief in support of its OSC, it asserted that the forum selection clause of the Settlement Agreement provided the basis for this Court to assert personal jurisdiction over Mrs. McGee. ECF No. 298 at 18-19. The portion of the Settlement Agreement relied on by SKAT reads as follows:

> The Parties agree that the exclusive forum for the resolution of any dispute arising out of, in connection with or relating to this Agreement, including any dispute not resolved pursuant to the procedures set forth in Section 10 hereof, shall be the federal and state courts of the State of New York . . . Each party hereby knowingly, voluntarily, irrevocably and unconditionally for itself and its respective property (i) submits to the exclusive jurisdiction of the New York Courts,

> (ii) waives any objection as to laying venue in the New York Courts, and (iii) waives any right to a trial by jury in New York Courts. The parties further agree that any such dispute shall in the first instance be brought in the United States District Court for the Southern District of New York . . . .

Settlement Agreement at 15-16. For the reasons set forth below, the Court rejects the contention that Mrs. McGee is subject to personal jurisdiction in New York.

The following relevant facts are not in dispute:

1) Mrs. McGee has been a permanent resident of Florida for many years, ECF No. 318 at 5-8;

2) Mrs. McGee is not a judgment debtor;

3) Mrs. McGee, as a "covered party" under Section 4(a) of the 2019 Settlement Agreement, received a general release (some seven years ago) before the underlying litigation was even commenced, see Settlement Agreement at 8; ECF No. 151; and

4) Mrs. McGee, who had no affirmative obligations under the Settlement Agreement, never violated it, see id.

Given these undisputed facts, SKAT's reliance on the forum selection clause in the Settlement Agreement as a predicate to an assertion of jurisdiction over Mrs. McGee is entirely without merit. The Settlement Agreement's forum selection clause applies only to a "dispute arising out of, in connection with or relating to this [Settlement] Agreement . . . ." Settlement Agreement at 15. Significantly, under the terms of the Settlement Agreement, SKAT agreed that after the "completion of the Initial Cash

Payment," which occurred in August 2019, it "shall forever and finally generally release, waive and discharge the Covered Parties . . . ." Id. at 8. There is "no dispute arising out of, in connection with or relating to the Settlement Agreement" pertaining to Mrs. McGee. Mrs. McGee had no affirmative obligations under the Settlement Agreement and never violated it. Critically, as a Covered Party, Mrs. McGee received a General Release from SKAT in August 2019 following the Initial Cash Payment. Significant, as well, is that Mrs. McGee is not a judgment debtor.

Finally, SKAT has not engaged in a serious analysis of whether New York's Long Arm Statute (CPLR § 302) provided a basis to assert personal jurisdiction over Mrs. McGee, who, as noted, has been a permanent resident of Florida for many years. See ECF No. 318 at 5.

For the foregoing reasons, the Court finds that it lacks personal jurisdiction over Mrs. McGee.

Dated: November 12, 2026
New York, New York

Naomi Reice Buchwald

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE